# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------- x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (___)
:
                   Debtors.[1] : (Joint Administration Pending)
:
----------------------------------- x

### DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 362, AND 365 ENFORCING PROTECTIONS OF BANKRUPTCY CODE SECTION 362 AND BANKRUPTCY TERMINATION PROVISIONS OF BANKRUPTCY CODE SECTION 365

        Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), hereby move (this "Motion") this Court for entry of an order, pursuant to sections 105(a), 362, 365, and 541 of title 11 of the United States Code (the "Bankruptcy Code"), (i) enforcing the Bankruptcy Code's automatic stay provisions and bankruptcy termination provisions, and the protections thereunder, with respect to the Debtors and (ii) granting related relief as further described herein. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Pleadings (the "First Day Declaration"),[2] filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 362, 365, and 541 of the Bankruptcy Code.

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.      Quiksilver is one of the world's leading outdoor sports lifestyle companies.  The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

8.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors seek entry of an order enforcing the Bankruptcy Code's automatic stay provisions and bankruptcy termination provisions to aid in the administration of the Debtors' Chapter 11 Cases and to ensure that their business is not disrupted. Due to the global nature of the Debtors' business and their dealings with non-U.S. contract counterparties, such counterparties to contracts with the Debtors may be unfamiliar with the protections provided to the Debtors by the Bankruptcy Code. Therefore, the order requested is necessary and appropriate to apprise non-U.S. contract counterparties of the automatic stay protections applied to the Debtors and their assets under Bankruptcy Code section 362. Moreover, upon learning of the commencement of the Debtors' Chapter 11 Cases, such non-U.S. counterparties to executory contracts or unexpired leases with the Debtors may try to terminate such executory contracts or unexpired leases pursuant to bankruptcy termination provisions contained therein – which would be in direct contravention of Bankruptcy Code section 365.

10.  For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest, and therefore, should be granted.

**BASIS FOR RELIEF**

11.  The Debtors have developed valuable business relationships with numerous entities located outside of the United States, including from China, South Korea, India, Taiwan, Indonesia, and Australia, among several other countries. These non-U.S. entities include vendors and other counterparties to contracts with the Debtors and are critical to the manufacturing, distribution, and sale of the Debtors' sportswear, footwear, accessories, and other products, and to the overall success of the Debtors' business operations. Indeed, the vast majority of the Debtors' key vendors and suppliers are located abroad. Should such non-U.S.

contract counterparties take action against the Debtors on account of prepetition claims or cease performance under prepetition agreements, the effect on the Debtors' operations would be catastrophic, and the Debtors' ability to successfully reorganize would be severely limited.

12. The Debtors believe that many of these foreign creditors and contract counterparties are unfamiliar with the provisions of the Bankruptcy Code, and in particular, the self-executing nature of the automatic stay provisions under Bankruptcy Code section 362 and the protections afforded chapter 11 debtors under Bankruptcy Code section 365. For this reason, the Debtors seek this Court's assistance in clarifying the fundamental rights and protections to which the Debtors are entitled pursuant to sections 362 and 365 of the Bankruptcy Code. The Debtors, at their sole discretion, may provide the order to such foreign creditors and counterparties to contracts with the Debtors to ensure that those parties are apprised of the commencement of the Chapter 11 Cases, the imposition of the automatic stay, and the protections to which the Debtors are entitled pursuant to sections 362 and 365 of the Bankruptcy Code.

13. As a result of the commencement of the Debtors' Chapter 11 Cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all persons and all governmental units from, among other things, (a) commencing or continuing any judicial, administrative, or other proceeding against the Debtors that was or could have been commenced before the Debtors' Chapter 11 Cases were commenced or recovering upon a claim against any of the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases and (b) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Chapter 11 Cases. See 11 U.S.C. § 362(a).

14. The injunctions contained in section 362 of the Bankruptcy Code are self-executing. They constitute fundamental debtor protections which, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the "breathing spell" that is essential to the Debtors' ability to reorganize successfully. See, e.g., Olick v. Northampton Cnty. Tax Claim Bureau (In re Olick), 504 F. App'x 189, 193 (3d Cir. 2012) ("The automatic stay gives debtors a 'breathing spell' from creditors by stopping all collection efforts." (citation omitted)); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The automatic stay . . . gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions. [It] permits a bankrupt to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy.").

15. These protections extend to protect a debtor's property wherever it is located and by whomever held. See, e.g., Underwood v. Hilliard (In re Rimsat, Ltd.), 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's in rem jurisdiction over property of the estate permits injunctions against foreign proceedings pursuant to the automatic stay); Hong Kong and Shanghai Banking Corp. v. Simon (In re Simon), 153 F.3d 991, 996 (9th Cir. 1998) (bankruptcy court may protect estate property wherever located by issuing a discharge injunction under section 524 of the Bankruptcy Code). See also 11 U.S.C. § 541(a) ("The commencement of a case under section 301 . . . of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held . . . ." (emphasis added)).

16. In addition, section 365(e)(1)(B) of the Bankruptcy Code protects debtors from disruptions to their business operations by prohibiting counterparties that have entered into executory contracts or unexpired leases with a debtor from terminating such contracts because of

a debtor's bankruptcy filing. To that end, Bankruptcy Code section 365(e)(1)(A)-(B) provides that (subject to certain exceptions set forth under section 365(e)):

> [n]otwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on –
> (A) the insolvency or financial condition of the debtor at any time before the closing of the case; [or]
> (B) the commencement of a case under this title . . . .

11 U.S.C. § 365(e)(1). Accordingly, section 365(e) of the Bankruptcy Code protects chapter 11 debtors by invalidating bankruptcy termination provisions (often referred to as "*ipso facto*" clauses) that otherwise purport to terminate a contract based upon (a) the insolvency or financial condition of a debtor at any time before the closing of its chapter 11 case(s) or (b) the commencement of a debtor's chapter 11 case. Similar to the automatic stay protections under Bankruptcy Code section 362, the protections arising under Bankruptcy Code section 365 are automatic upon the commencement of a chapter 11 case, and broad in scope. See In re W.R. Grace & Co., 475 B.R. 34, 152-53 (D. Del. 2012) (finding that it is well-established that *ipso facto* clauses are unenforceable as a matter of law under the Bankruptcy Code and "the ban on *ipso facto* clauses has been interpreted to be much broader than the confines of §§ 541(c) and 365(e)(1)."), aff'd, 729 F.3d 332 (3d Cir. 2013).

17.     Notwithstanding the fundamental and self-executing nature of sections 362 and 365 of the Bankruptcy Code, not all parties affected (or potentially affected) by the commencement of a chapter 11 case are aware of the Bankruptcy Code provisions set forth herein. Nor are all parties cognizant of their significance and impact. Indeed, experience has

7

shown that it is often necessary to advise third parties of the existence and effect of sections 362 and 365 of the Bankruptcy Code through a separate bankruptcy court order.

18.     Such an order is particularly appropriate here in these Chapter 11 Cases. The Debtors have material business relationships with key non-U.S. creditors and contract counterparties whom the Debtors believe likely are not aware of the provisions of the Bankruptcy Code and the significant and necessary protections provided to the Debtors under sections 362 and 365 of the Bankruptcy Code.  Accordingly, the Debtors believe that, absent an order enforcing the automatic stay protections of Bankruptcy Code section 362 and the bankruptcy termination provisions of Bankruptcy Code section 365, such parties may take precipitous action against the Debtors and/or the property of the estates.  Moreover, the relief requested in this Motion will (to the benefit of the Debtors and their stakeholders) ensure that such contract counterparties will not try to unilaterally terminate their contracts with the Debtors, and likely increase the chance that such contract counterparties will continue to perform under their respective executory contracts and unexpired leases.

## APPLICABLE AUTHORITY

19.     The court's general equitable powers are codified in section 105(a) of the Bankruptcy Code.  Section 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a). Included among such equitable powers is the bankruptcy court's broad authority to issue injunctions to enforce the automatic stay, or even to reinstate a lapsed automatic stay.  See Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 701 (3d Cir. 1989) (finding court has authority to reimpose a lapsed stay).

20. Notwithstanding the fundamental nature of the automatic stay and *ipso facto* protections, and the fact that they arise as a matter of law upon the commencement of a chapter 11 case, not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of the aforementioned Bankruptcy Code provisions. Nor are all parties cognizant of the significance and impact of these provisions. Indeed, experience has shown that it is often necessary to advise third parties of the existence and effect of the automatic stay and the invalidation of ipso facto provisions, particularly in cases in which the debtor conducts significant business in foreign jurisdictions. Occasionally, it is necessary to commence proceedings in the bankruptcy court to enforce these provisions. Accordingly, it is not uncommon for a bankruptcy court to issue an order embodying and restating the provisions of sections 362 and 365 of the Bankruptcy Code.

21. Thus, even though an order of the sort sought by this Motion is not necessary to trigger the protections afforded the Debtors by sections 362 and 365 of the Bankruptcy Code, the entry of such an order, and the ability to enforce such order in foreign jurisdictions, will be helpful for the Debtors in persuading their creditors, particularly their foreign creditors, of the existence and broad scope of these protections. In particular, the Debtors believe that the automatic and self-executing nature of these protections may not be recognized by foreign creditors unless embodied in an order of this Court. Thus, the granting of the relief requested will help ensure that (i) the non-debtor parties to unexpired leases and executory contracts with the Debtors will continue to perform and will not unilaterally terminate their contracts, and (ii) creditors do not seize the Debtors' assets or take any other action in violation of the automatic stay. Accordingly, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, which substantially restates the

applicable provisions of sections 362 and 365 of the Bankruptcy Code as applicable to all creditors and parties in interest. Granting the relief requested herein will facilitate a smooth and orderly transition into chapter 11 and minimize the disruption of the Debtors' business affairs.

22. Similar relief has been granted in other large chapter 11 cases by courts in this district and other districts. See, e.g., In re Dendreon Corp., Case No. 14-12515 (LSS) (Bankr. D. Del. Nov. 10, 2014); In re Savient Pharmaceuticals, Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Oct. 16, 2013); In re iBAHN Corp., Case No. 13-12285 (PJW) (Bankr. D. Del. Sept. 9, 2013); In re Prince Sports, Inc., Case No. 12-11439 (KJC) (Bankr. D. Del. May 2, 2012); see also Nautilus Holdings Limited, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 23, 2014); In re Excel Maritime Carriers Ltd., Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. July 3, 2013).[3]

## NOTICE

23. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; (f) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; and (g) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:   Wilmington, Delaware
         September 9, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li (*pro hac vice admission pending*)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons (*pro hac vice admission pending*)
Jessica S. Kumar (*pro hac vice admission pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

- and -

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (I.D. No. 2436)
Jeffrey N. Pomerantz (*pro hac vice admission pending*)
John A. Morris (*pro hac vice admission pending*)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Fax: (302) 652-4400

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
QUIKSILVER, INC., et al.,                                      :   Case No. 15-11880 (___)
                                                               :
                                      Debtors.¹                :   (Jointly Administered)
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   Related Docket No. __
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 362, AND 365
ENFORCING PROTECTIONS OF BANKRUPTCY CODE SECTION 362
AND BANKRUPTCY TERMINATION PROVISIONS OF
<u>BANKRUPTCY CODE SECTION 365</u>**

Upon the motion (the "<u>Motion</u>")² of the Debtors for entry of an order (this "<u>Order</u>"), (i) enforcing the Bankruptcy Code's automatic stay provisions and bankruptcy termination provisions, and the protections thereunder, with respect to the Debtors; and (ii) granting related relief as further described therein; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, by virtue of the commencement of the Chapter 11 Cases, to be afforded the protections of, *inter alia*, the automatic stay under Bankruptcy Code section 362 and the bankruptcy termination provisions under Bankruptcy Code section 365.

3. The automatic stay is applicable to the Debtors and the property of the estates, wherever located, and all parties that are creditors of the Debtors or counterparties to contracts with the Debtors are stayed from bringing actions against the Debtors or property of the estates in this or any other jurisdiction.

4. Each provision of Bankruptcy Code section 362(a), including as set forth below, is currently in effect with respect to the Debtors:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities and Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

5. All persons and entities (including those that act on their behalf) shall continue to perform under, and shall not terminate, any executory contract or unexpired lease with the Debtors without further order of this Court notwithstanding a contractual default by the Debtors that is a breach of a provision relating to (a) the insolvency or financial condition of the Debtors at any time before the closing of the Debtors' Chapter 11 Cases or (b) the commencement of the Debtors' Chapter 11 Cases.

6. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party, including those of the Debtors, under section 362 and 365 of the Bankruptcy Code; specifically, this Order shall not affect the exceptions to the automatic stay contained in Bankruptcy Code section 362(b), or the right of any party in interest to seek relief from the automatic stay in accordance with Bankruptcy Code section 362(d).

7. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of this Motion.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4

        9.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

       _____, 2015

       _____
       UNITED STATES BANKRUPTCY JUDGE