## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

In re:                            :       Chapter 11
                             :

QUIKSILVER, INC., *et al.*,         :       Case No. 15-11880 (___)
                             :

                 Debtors.[1]    :       (Joint Administration Pending)
                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), hereby move (this "Motion") the Court for entry of an interim order (the "Interim Order") and a final order substantially similar to the Interim Order, but on a final basis (the "Final Order"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies (as defined herein); (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance (as defined herein); and (iii) prohibiting

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

the Utility Companies from altering, refusing or discontinuing service to or discriminating against the Debtors solely on the basis of the commencement of these cases, a debt that is owed by the Debtors for services rendered prior to the Petition Date (as defined herein), or on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"),[2] filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 366.  Such relief is also warranted under Bankruptcy Rules 6003 and 6004.

3.      Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## BACKGROUND

4.        On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.

5.        The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.        To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.        Quiksilver is one of the world's leading outdoor sports lifestyle companies.  The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**RELIEF REQUESTED**

9.      By this Motion, pursuant to Bankruptcy Code sections 105(a) and 366, the Debtors request entry of (i) the Interim Order (a) approving the Debtors' proposed form of adequate assurance of postpetition payment to their utilities, as that term is used in Bankruptcy Code section 366 (the "Utility Companies"); (b) approving procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; (c) prohibiting the Utility Companies from altering, refusing or discontinuing service to or discriminating against the Debtors solely on the basis of the commencement of the Chapter 11 Cases or a debt that is owed by the Debtors for services rendered prior to the Petition Date, or on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance pending entry of the Final Order; and (d) scheduling a hearing on this Motion to consider granting the relief requested herein on a final basis (the "Final Hearing"); and, after the Final Hearing, (ii) the Final Order, granting the relief requested herein on a final basis.

10.      In addition, the Debtors request entry of orders (a) authorizing all applicable banks and other financial institutions (collectively, the "Banks"), when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers, on account of the Utility Services, whether such checks or other requests were submitted before, on, or after the Petition Date; (b) authorizing the Banks to rely on the representations of the Debtors as to which checks are subject to this Motion, provided that any such Bank shall not have any liability to any party for relying on such direction and representations by the Debtors; (c) providing that the Banks shall, at the

4

direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Utility Services that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and that any such Bank shall not have any liability to any party for relying on such direction by the Debtors; and (d) authorizing the Debtors to issue new postpetition checks or effect new postpetition fund transfers to replace any checks, drafts and other forms of payment which may be inadvertently dishonored or rejected.

11.    The relief requested herein should not (a) be construed as a request to assume, or for authority to assume, any executory contract under section 365 of the Bankruptcy Code or otherwise, (b) waive, affect, or impair any of the Debtors' rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, (d) be otherwise enforceable by any third party other than the Banks, or (e) impair the Debtors' ability to contest or object to any claims, including Utility Services, asserted against the Debtors on any ground permitted by applicable law.

12.    The Debtors propose to serve a copy of any interim order granting this Motion within three (3) business days after entry thereof to the notice parties identified below.  The Debtors further request that the Court (a) set a deadline for filing objections to the Motion and entry of the Final Order thereon, (b) set a final hearing on the Motion, and (c) enter the Final Order on this Motion at or after such final hearing.

13.    For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

14.     In connection with the normal operations of their business and the management of their property, the Debtors obtain electric, gas, water, sewer, telecommunications and other similar services (collectively, the "Utility Services") from the Utility Companies listed on Schedule 1 to the proposed Interim Order (the "Utility Company List").[3] The relief requested herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Company List.[4]

15.     The Debtors' average monthly expenditure for all Utility Services from the Utility Companies listed on the Utility Company List is approximately $350,000. As of the Petition Date, the Debtors estimate that approximately $420,000 in utility costs have accrued and remain outstanding on account of the Utility Company listed on the Utility Company List.

16.     Many of the Utility Services provided to the Debtors by the Utility Companies are critical to the conduct of the Debtors' business, including their ability to operate their retail and wholesale stores and related facilities, the Debtors' primary source of revenue. Accordingly, preserving the Utility Services on an uninterrupted basis is essential to the Debtors' ongoing operations and, therefore, to preserving and maximizing the value of the estates. Thus, it is critical that Utility Services continue uninterrupted during the Chapter 11 Cases.

---

[3]     For certain properties leased by the Debtors, certain utility services, such as electric, gas, water and sewer, are paid for in connection with the Debtors' lease payments. The providers of such utility services are not included on the Utility Company List.

[4]     While the Debtors have exercised their reasonable best efforts to list all of their Utility Companies on the Utility Company List, it is possible that certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtors reserve the right, pursuant to the terms and conditions of this Motion and without further order of the Court, to amend the Utility Company List to add any Utility Companies that were omitted therefrom, and upon advance written notice to such entities, to request that the relief requested herein apply to such entities as well. In addition, the Debtors reserve the right to argue that any of the entities now or hereafter listed on the Utility Company List are not "utilities" within the meaning of Bankruptcy Code section 366.

A.      **The Proposed Adequate Assurance**

17.     The Debtors fully intend to pay all undisputed postpetition obligations owed to the Utility Companies in a timely manner. Additionally, the Debtors propose that, to provide additional assurance of payment for future services to the Utility Companies following the Petition Date, on or before the date that is twenty (20) days after the Petition Date, the Debtors will (i) establish a newly-created, interest-bearing, segregated account (the "Utility Deposit Account") and (ii) for each Utility Company listed on the Utility Company List, place a deposit equal to the Debtors' estimated aggregate cost for two (2) weeks of Utility Service, calculated based upon a historical average (the "Utility Deposit") into such Utility Deposit Account.[5]

18.     In addition, the Debtors seek authority to reduce the Utility Deposit to the extent that it includes an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their discretion, should be removed from the Utility Company List or (ii) that is already held by a Utility Company as a deposit or prepayment.

19.     The Debtors estimate, based on the average two (2) week cost of the Utility Services, that the aggregate Utility Deposit will be approximately $165,000.[6]

---

[5]    Except as set forth herein, this average is based upon a historical average over the past three (3) months.  For an abbreviated number of Utility Companies the Debtors' records do not extend three months, however, and the Debtors have utilized a more limited period, which the Debtors submit is necessary and proper under the circumstances.

[6]    Certain Utility Companies, for each of whom $0 of adequate assurance is indicated on the Utility Company List, hold in each case prepetition deposits in the ordinary course of business that exceed the average two (2) week cost of their respective Utility Services. Therefore, the Debtors believe that no additional adequate assurance is necessary in relation to these Utility Companies. As such, the Utility Deposit reflects a reduction from the approximately $7,000 average two (2) week cost of the Utility Services to reflect these deposits.

**B.        Adequacy of the Proposed Adequate Assurance**

20.        The Debtors submit that the Utility Deposit, coupled with the Debtors' anticipated financial ability to pay for postpetition services provided by the Utility Companies, constitutes adequate assurance to the Utility Companies (the "Proposed Adequate Assurance"). Accordingly, upon entry of the Interim Order, any Utility Company that fails to request additional adequate assurance (an "Additional Assurance Request") or file an Objection (as defined below) to this Motion, as described below, shall be deemed to have been provided with adequate assurance of payment as required by Bankruptcy Code section 366 and shall be prohibited from altering, refusing or discontinuing Utility Services, including as a result of unpaid charges for prepetition Utility Services. In addition, such Utility Company will further be deemed to have waived any right to seek additional adequate assurance during the course of the Chapter 11 Cases, except as provided in Bankruptcy Code section 366(c)(3). If, however, a Utility Company believes adequate assurance beyond that proposed is necessary, the Debtors submit that the Utility Company must make an Additional Assurance Request pursuant to the Adequate Assurance Procedures described below.

**C.        Adequate Assurance Procedures**

21.        In light of the adverse consequences to the Debtors of any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose the following procedures (the "Adequate Assurance Procedures") to resolve Additional Assurance Requests in an orderly and fair manner:

> (a)        Within five (5) business days after the date of entry of the Interim Order, the Debtors will mail a copy of the Interim Order to the Utility Companies on the Utility Company List.

(b)       If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) Quicksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities:  (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (vii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) counsel to any committee appointed in these Chapter 11 Cases; and (ix) the parties listed in the consolidated list of the thirty (30) largest unsecured creditors as filed by the Debtors in the Chapter 11 Cases or if any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee (collectively, the "Adequate Assurance Notice Parties").

(c)       Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history to such Utility Company, including whether the Utility Company holds any deposits or other security, and, if so, in what amount; (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and (vi) be served upon the Adequate Assurance Notice Parties in the manner set forth above.

(d)       Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have until the later of (i) twenty (20) days from the receipt of such Additional Assurance Request and (ii) thirty (30) days from the Petition Date (the "Resolution Period") to negotiate with the requesting Utility Company and resolve its Additional Assurance Request.

(e)    The Debtors may resolve any Additional Assurance Request, Objection or Determination Motion (as defined below) by mutual agreement with the Utility Company and may, in connection with any such agreement, modify the amount contributed to the Utility Deposit Account for the benefit of such Utility Company and/or provide the Utility Company with an alternative form of adequate assurance of payment, without further order of this Court, if the Debtors believe that such additional assurance is reasonable; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available upon demand to any official committee appointed in the Chapter 11 Cases and to the U.S. Trustee.

(f)    Should the Debtors be unable to reach a mutual resolution with respect to an Additional Assurance Request within the Resolution Period, the Debtors shall file a motion with the Court seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "Determination Motion") and, if the Determination Motion is not withdrawn, the Court will determine the adequacy of the Proposed Adequate Assurance with respect to that Utility Company.

**D.    Objection Deadline and Final Hearing Date**

22.    Bankruptcy Code section 366 arguably places the burden to provide adequate assurance that is satisfactory to the Utility Companies on the Debtors. Similarly, if a Utility Company does not accept any proposed adequate assurance, section 366 arguably places the burden to seek court review of the adequacy of the proposed adequate assurance on the Debtors.

23.    Such an interpretation of section 366 is subject to potential abuse by a Utility Company. For example, on the 19th day following the Petition Date, a Utility Company could announce that the Debtors' Proposed Adequate Assurance is not acceptable, demand an unreasonably large deposit alleging payment risk from the Debtors and threaten to terminate Utility Service the next day unless the Debtors comply with its demand. This would effectively leave the Debtors confronted with two equally oppressive and potentially costly choices: succumb to a Utility Company's last-minute demands for an unreasonably large deposit or face the cessation of essential services at the risk of irreparable disruption to their business.

24.     To avoid this untenable outcome, the Debtors propose that any Utility

Company that objects to this Motion, including the Adequate Assurance Procedures, must file a

written objection (an "Objection") and serve such Objection on the Adequate Assurance Notice

Parties so that it is actually received by 4:00 p.m. (prevailing Eastern time) on the day that is

fourteen (14) days following the Petition Date. To resolve any Objection within thirty (30) days

following the Petition Date, the Debtors request that the Court schedule the Final Hearing on any

unresolved Objections approximately twenty-five (25) days after the Petition Date.

**E.     Subsequent Modifications of Utility Company List and Procedures for Subsequently
         Identified Utility Companies**

25.     Although the Debtors have made a good-faith effort to identify all of the

Debtors' providers of Utility Services and include them on the Utility Company List, certain

Utility Companies that currently provide Utility Services to the Debtors may have been

inadvertently omitted. To the extent that the Debtors identify additional Utility Companies, the

Debtors seek authority, in their sole discretion, to amend or supplement the Utility Company

List. The Debtors will file any such amendments and serve copies of the Motion and the order(s)

(if and when entered) on such newly-identified Utility Companies (each a "Subsequently

Identified Utility Company").

26.     The Debtors request that any entered orders relating to this Motion be

binding on all Utility Companies, regardless of when such Utility Company was added to the

Utility Company List; provided, however, that if additional parties are added, the Debtors will

increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility

Services provided by such Subsequently Identified Utility Company to the Debtors, provided,

however, that no Utility Deposit shall be made for any Subsequently Identified Utility Company

that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services

in excess of unpaid charges for pre-petition utility service.  In addition, if a Subsequently Identified Utility Company holds a deposit or prepayment that is less than two weeks of Utility Services, the portion of the Utility Deposit for that Subsequently Identified Utility Company shall be reduced by the amount of any prepetition deposit or prepayment in excess of unpaid charges for pre-petition utility service.

27.    In addition, subject to the Adequate Assurance Procedures, any Subsequently Identified Utility Company shall have the right to make an Additional Assurance Request on the Adequate Assurance Notice Parties. If no Additional Assurance Request is properly filed pursuant to the Adequate Assurance Procedures, the provisions of the Interim Order or Final Order, whichever is in effect, shall apply to the Subsequently Identified Utility Company. Should any Subsequently Identified Utility Company make an Additional Assurance Request, the Debtors request that such Subsequently Identified Utility Company be prohibited from discontinuing, altering or refusing service to the Debtors, including as a result of unpaid charges for prepetition services, pending resolution of such request.

28.    The Debtors maintain that the relief requested herein strikes a fair balance between protecting (i) the rights of the Utility Companies and the rights of the Debtors under the Bankruptcy Code and (ii) the need for the Debtors to continue to receive, for the benefit of their estates, the Utility Services upon which they depend. The Debtors do not believe that the Utility Companies will be prejudiced by the Proposed Adequate Assurance, the requirement to provide the Debtors with uninterrupted access to Utility Services and the procedures for resolving Objections to the Proposed Adequate Assurance.

29.    In the event that any Utility Company files and/or serves an Additional Assurance Request, the Debtors request that such Additional Assurance Request be treated as a

12

request under Bankruptcy Code section 366(c)(3) and shall be granted, if at all, only after the

Court adjudicates any disputes between the parties following a Utility Company making such

request and scheduling such request for hearing, on notice, in accordance with the provisions of

the Bankruptcy Code, including section 366(c)(3), and the Federal Rules of Bankruptcy

Procedure.

**F.      Prohibition on Altering, Refusing or Discontinuing Service**

30.      Pending the entry of the Interim and Final Orders with respect to this

Motion and pending resolution of any Additional Assurance Request, Objection or

Determination Motion, the Utility Companies, including the Subsequently Identified Utility

Companies, shall be prohibited from (i) discriminating against the Debtors, (ii) altering, refusing

or discontinuing service to the Debtors or (iii) requiring payment of a deposit or other security

for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the

Debtors' bankruptcy filings or any outstanding prepetition invoices.

## APPLICABLE AUTHORITY

**A.      The Proposed Adequate Assurance Provides Utility Companies With Adequate
Assurance of Payment**

31.      Bankruptcy Code section 366(a) provides:

Except as provided in subsections (b) and (c) of this section, a
utility may not alter, refuse, or discontinue service to, or
discriminate against, the trustee or the debtor solely on the basis of
the commencement of a case under this title or that a debt owed by
the debtor to such utility for service rendered before the order for
relief was not paid when due.

11 U.S.C. § 366(a). Bankruptcy Code section 366(b) goes on to provide, however, that:

Such utility may alter, refuse, or discontinue service if neither the
trustee nor the debtor, within 20 days after the date of the order for
relief, furnishes adequate assurance of payment, in the form of a
deposit or other security, for service after such date.

13

Id. § 366(b).

32.     The policy underlying section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306; see also In re Jones, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting Begley v. Philadelphia Elec. Co., 760 F.2d 46, 49 (3d Cir. 1985)). As set forth herein, the relief requested in this Motion is consistent with the Bankruptcy Code's policy goals.

33.     Specifically, under section 366(b) of the Bankruptcy Code, a debtor must furnish what it considers to be adequate assurance of payment within twenty (20) days after the entry of the order for relief in the form of a deposit or other security for postpetition service. Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to include, among other things, "a cash deposit." 11 U.S.C. § 366(c)(1)(A)(i). Here, the Debtors propose to place a deposit equal to two (2) weeks of Utility Services into the Utility Deposit Account for the benefit of any Utility Company that requests a Utility Deposit. See In re Great Atl. & Pac. Tea Co., No. 11-1338, 2011 WL 5546954, at *2, *5, *10 (S.D.N.Y. Nov. 14, 2011) (affirming bankruptcy court's finding that utility providers were adequately assured payment through a two-week cash deposit). Accordingly, the Proposed Adequate Assurance provides the Utility Companies with adequate assurance of payment consistent with the requirements of section 366(c)(1)(A)(i) of the Bankruptcy Code.

**B.      The Debtors' Proposed Adequate Assurance Procedures Properly Balance the
Interests of the Utility Companies and Those of the Debtors and Their Estates**

34.     The Court should also approve the Debtors' proposed Adequate Assurance
Procedures because they provide the Utility Companies with a fair and orderly process for
seeking modification of the Proposed Adequate Assurance while protecting the Debtors from
being required to address additional assurance requests in a disorganized manner and at a time
when the Debtors' efforts could be more productively focused on the seamless continuation of
their operations in chapter 11.

35.     In fact, the Adequate Assurance Procedures are merely a practical
manifestation of the policy goal embodied in Bankruptcy Code section 366. Congress enacted
section 366 to protect a debtor from utility service cutoffs upon a bankruptcy filing while, at the
same time, providing utility companies with adequate assurance that the debtor will pay for
postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N.
5963, 6306. Thus, section 366 protects a debtor in possession by enjoining utilities from altering,
refusing or discontinuing services solely on account of unpaid prepetition amounts for a period
of thirty (30) days after the bankruptcy filing. Section 366 also protects utility companies by
permitting them to alter, refuse or discontinue service after thirty (30) days if the debtors in
possession have not furnished "adequate assurance" of payment.

36.     Here, notwithstanding a determination that the Debtors' Proposed
Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies
believe they have under sections 366(b) and (c)(2) are wholly preserved under the Adequate
Assurance Procedures. See In re Circuit City Stores, Inc., Case No. 08-35653, 2009 WL 484553,
at *6 (Bankr. E.D. Va. Jan. 14, 2009) (adopting similar adequate assurance procedures and
holding that "notwithstanding the Court's determination on an interim basis that the adequate

assurance proposed by the Debtors constitutes sufficient adequate assurance under § 366(b),

utility companies . . . may also exercise their rights under § 366(c)(2), in accordance with the

Procedures established by the Court"). The Utility Companies still may choose, in accordance

with the established Adequate Assurance Procedures, to request modification of the Proposed

Adequate Assurance. See id. On the other hand, the Adequate Assurance Procedures "avoid a

haphazard and chaotic process whereby each utility could make extortionate, last-minute

demands for adequate assurance which the Debtors would be pressured to pay under the threat of

losing critical utility service." Id.

      37.     In short, the Adequate Assurance Procedures ensure all parties act in good

faith when exercising their rights under Bankruptcy Code section 366. Therefore, because the

Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366,

this Court should grant the relief requested here. Similar procedures have been approved by this

District in other cases. See, e.g., In re Energy Future Holdings Corp., Case No. 14-10979 (CSS)

(Bankr. D. Del. June 4, 2014); In re Savient Pharm., Inc., Case No. 13-12680 (MFW) (Bankr. D.

Del. Nov. 19, 2013); In re Exide Techs., Case No. 13-11482 (KJC) (Bankr. D. Del. July 11,

2013); In re Synagro Techs., Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. May 28, 2013); In

re ICL Holding Co., Inc., Case No. 12-13319 (KG) (Bankr. D. Del. Jan. 10, 2013).[7]

      38.     For these reasons, the Debtors submit that the relief requested herein is in

the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore,

should be granted.

---

[7]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of
these orders, however, are available on request.

## IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

39.     Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003; see also In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm).  The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions.  In that context, the court has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  See, e.g., Norfolk S. Ry. Co. v. City of Pittsburgh, 235 Fed. App'x 907, 910 (3d Cir. 2007) (citing Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)).  Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  See, e.g., Acierno v. New Castle County, 40 F.3d 645, 653-55 (3d Cir. 1994).  The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

40.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request

that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

41.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## NOTICE

42.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; (f) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; and (g) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

43.     No previous request for the relief sought herein has been made to this Court or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief sought herein on an interim basis and granting such other and further relief as may be just and proper.

Dated:    Wilmington, Delaware
          September 9, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/      Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li (*pro hac vice admission pending*)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons (*pro hac vice admission pending*)
Jessica Kumar (*pro hac vice admission pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                    :    Chapter 11
                                                          :
QUIKSILVER, INC., *et al.*,                               :    Case No. 15-11880 (___)
                                                          :
                                  Debtors.[1]             :    (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   **Related Docket No. __**

**INTERIM ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE AND (IV) SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of the Debtors for (A) an interim order (this

"Interim Order"), pursuant to Bankruptcy Code sections 105(a) and 366 and Bankruptcy Rules

6003 and 6004, (i) approving the Debtors' proposed form of adequate assurance of postpetition

payment to the Utility Companies; (ii) establishing procedures for resolving any objections by

the Utility Companies relating to the Proposed Adequate Assurance; (iii) prohibiting the Utility

Companies from altering, refusing or discontinuing service to, or discriminating against, the

Debtors solely on the basis of (a) the commencement of the Chapter 11 Cases, (b) a debt that is

owed by the Debtors for services rendered prior to the Petition Date or (c) on account of any

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

perceived inadequacy of the Debtors' Proposed Adequate Assurance; and (iv) scheduling a

hearing on the Motion to consider granting the relief requested herein on a final basis (the "Final

Hearing"); and (B) a final order granting the relief requested herein on a final basis (the "Final

Order"), all as more fully described in the Motion; and upon consideration of the First Day

Declaration; and due and sufficient notice of the Motion having been given under the particular

circumstances; and it appearing that no other or further notice is necessary; and it appearing that

the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors and other parties in interest; and after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

<strong>ORDERED, ADJUDGED AND DECREED that:</strong>

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Proposed Adequate Assurance constitutes "adequate assurance of

payment" for purposes of Bankruptcy Code section 366.

3.      Within twenty (20) days after the Petition Date, the Debtors will (i)

establish a newly-created, interest-bearing, segregated account (the "Utility Deposit Account")

and (ii) for each Utility Company listed on the Utility Company List, place a deposit for each

Utility Company equal to approximately two (2) weeks of Utility Services (the "Utility Deposit")

into such Utility Deposit Account, provided, however, that no Utility Deposit shall be made for

any Utility Company that already holds a deposit or prepayment equal to or greater than two

weeks of Utility Services. In addition, if a Utility Company holds a deposit or prepayment that is

less than two weeks of Utility Services, the portion of the Utility Deposit for that Utility

Company shall be reduced by the amount of any prepetition deposit or prepayment.

4.      Except as the amount may be reduced by application of the provisions of this Interim Order, the Utility Deposit in the amount of approximately $165,000 shall be deposited in the Utility Deposit Account within twenty (20) days after the Petition Date and shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

5.      The Debtors may reduce the Utility Deposit to the extent that it includes an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their sole discretion, should be removed from the Utility Company List or (ii) that is already being held by a Utility Company as a deposit or prepayment in excess of unpaid charges for pre-petition utility service.

6.      The following procedures (the "Adequate Assurance Procedures") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on an interim basis:

(a)      Within five (5) business days after the date of entry of this Interim Order, the Debtors will mail a copy of this Interim Order to the Utility Companies on the Utility Company List.

(b)      If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) Quicksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities:  (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager;

3

(vii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) counsel to any committee appointed in these Chapter 11 Cases; and (ix) the parties listed in the consolidated list of the thirty (30) largest unsecured creditors as filed by the Debtors in the Chapter 11 Cases or if any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee (collectively, the "Adequate Assurance Notice Parties").

(c)     Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history to such Utility Company, including whether the Utility Company holds any deposits or other security, and, if so, in what amount; (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and (vi) be served upon the Adequate Assurance Notice Parties in the manner set forth above.

(d)     Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have until the later of (i) twenty (20) days from the receipt of such Additional Assurance Request and (ii) thirty (30) days from the Petition Date (the "Resolution Period") to negotiate with the requesting Utility Company and resolve its Additional Assurance Request.

(e)     The Debtors may resolve any Additional Assurance Request, Objection or Determination Motion (as defined below) by mutual agreement with the Utility Company and may, in connection with any such agreement, modify the amount contributed to the Utility Deposit Account for the benefit of such Utility Company and/or provide the Utility Company with an alternative form of adequate assurance of payment, without further order of this Court, if the Debtors believe that such additional assurance is reasonable; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available upon demand to any official committee appointed in the Chapter 11 Cases and to the U.S. Trustee.

(f)     Should the Debtors be unable to reach a mutual resolution with respect to an Additional Assurance Request within the Resolution Period, the Debtors shall file a motion with the Court seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "Determination Motion") and, if the Determination Motion is not withdrawn, the Court will determine the adequacy of the Proposed Adequate Assurance with respect to that Utility Company.

4

7.     The Debtors are authorized, in their sole discretion, to amend or supplement Schedule 1 attached hereto to add or delete any Utility Company, and this Interim Order shall apply to any such Subsequently Identified Utility Company that is added to Schedule 1. The Debtors shall serve a copy of this Interim Order on any Subsequently Identified Utility Company, along with an amended Schedule 1, and such Subsequently Identified Utility Company shall be permitted to make an Additional Assurance Request according to the procedures set forth in paragraph 6 of this Interim Order.

8.     This Interim Order shall be binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Company List; provided that for each additional Utility Company that may be added, the Debtors will increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility Services provided by such Subsequently Identified Utility Company to the Debtors, provided, however, that no Utility Deposit shall be made for any Subsequently Identified Utility Company that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services in excess of unpaid charges for pre-petition utility service. In addition, if a Subsequently Identified Utility Company holds a deposit or prepayment that is less than two weeks of Utility Services, the portion of the Utility Deposit for that Subsequently Identified Utility Company shall be reduced by the amount of any prepetition deposit or prepayment in excess of unpaid charges for pre-petition utility service.

9.     If necessary, the Final Hearing on the Motion is scheduled for _____ ____, 20___ at _____:_____ (prevailing Eastern time), and any objections or responses to the Motion (each, an "Objection") shall be filed and served upon the Adequate

5

Assurance Notice Parties so that the Objection is <u>actually received</u> by 4:00 p.m. (prevailing Eastern time) on the day that is fourteen (14) days following the Petition Date.

10.     If no Objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

11.     The Utility Companies, including Subsequently Identified Utility Companies, are prohibited from altering, refusing or discontinuing service to, or discriminating against, the Debtors on account of unpaid prepetition invoices or due to the commencement of these Chapter 11 Cases, or requiring payment of a deposit or other security for postpetition Utility Services, other than in accordance with the Adequate Assurance Procedures.

12.     Pending both entry of the Final Order and resolution of any Additional Assurance Request, Objection or Determination Motion, the Utility Companies, including the Subsequently Identified Utility Companies, shall be prohibited from (i) discriminating against the Debtors (ii) altering, refusing or discontinuing service to the Debtors or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices.

13.     This Interim Order shall apply to all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Company List.

14.     Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under Bankruptcy Code section 366, whether or not such entity is listed on <u>Schedule 1</u> attached hereto.

15.     This Interim Order is without prejudice to the Debtors' right to contest any amount owed to a Utility Company. Nothing in this Interim Order or the Motion shall be deemed

to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365.

16.     All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Utility Services, whether such checks or other requests were submitted prior to or after the Petition Date.

17.     The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Interim Order or for inadvertently honoring or dishonoring any check or fund transfer.

18.     The Debtor' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Utility Services that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such direction.

19.     To the extent the Debtors have not yet sought to remit payment on account of the Utility Services, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Utility Services.

20.     The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Utility Services to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

21.     Notwithstanding anything to the contrary contained herein, the relief granted in this Interim Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

22.     This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

23.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

24.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

25.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

26.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: Wilmington, Delaware

_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>SCHEDULE 1</u>**

Quiksilver, Inc. *et al.*
Schedule 1 - Utility Service List

| Utility Provider Name | Utility Type | Account Number | Utility Provider Address | | Adequate Assurance |
|---|---|---|---|---|---|
| T-Mobile | Cellular Phone | 942683850 | PO Box 37380 | Albuquerque, NM 87176 | $1,750 |
| Verizon Wireless | Cellular Phone | 270188101-00001 | PO Box 4005 | Acworth, GA 30101 | $6,566 |
| Baltimore Gas and Electric Company (BGE) | Electric | 951821000 | PO Box 13070 | Philadelphia, PA 19101 | $262 |
| City of Miami Beach | Electric | 002931-00 | PO Box 116649 | Atlanta, GA 30368 | $111 |
| City of Miami Beach | Electric | 514520-00 | PO Box 116649 | Atlanta, GA 30368 | $88 |
| City of Miami Beach | Electric | 576871-00 | PO Box 116649 | Atlanta, GA 30368 | $24 |
| City of Pasadena | Electric | 510041-7 | 100 N Garfield Avenue Room N-106 | Pasadena, CA 91101 | $496 |
| City of Santa Monica | Electric | 0804001-01 | 333 Olympic Drive | Santa Monica, CA 90407-2200 | $33 |
| Commonwealth Edison | Electric | 0105167155 | PO Box 6111 | Carol Stream, IL 60197-6111 | $335 |
| Consolidated Edison, Inc. | Electric | 43-6213-2776-0003-0 | PO Box 1702 | New York, NY 10116 | $691 |
| Consolidated Edison, Inc. [1] | Electric | 43-2127-4245-0001-4 | PO Box 1702 | New York, NY 10116 | $0 |
| Consolidated Edison, Inc. [1] | Electric | 44-1103-0815-0100-8 | PO Box 1702 | New York, NY 10116 | $0 |
| Constellation NewEnergy, Inc. | Electric | 1-DUX-474 | 14217 Collections Center Dr. | Chicago, IL 60693 | $3,193 |
| Constellation NewEnergy, Inc. | Electric | 1-DUX-475 | 14217 Collections Center Dr. | Chicago, IL 60693 | $3,163 |
| Duke Energy | Electric | 01991 50297 | PO Box 1004 | Charlotte, NC 28201-1004 | $131 |
| Duke Energy | Electric | 98228 72363 | PO Box 1004 | Charlotte, NC 28201-1004 | $873 |
| Florida Power & Light Company (FPL) | Electric | 10851-87183 | PO Box 029311 | Miami, FL 33188 | $404 |
| Florida Power & Light Company (FPL) | Electric | 17356-95114 | PO Box 029311 | Miami, FL 33188 | $581 |
| Florida Power & Light Company (FPL) | Electric | 19604-81206 | PO Box 029311 | Miami, FL 33188 | $182 |
| Florida Power & Light Company (FPL) | Electric | 20154-98120 | PO Box 029311 | Miami, FL 33188 | $100 |
| Florida Power & Light Company (FPL) | Electric | 23406-77232 | PO Box 029311 | Miami, FL 33188 | $649 |
| Florida Power & Light Company (FPL) | Electric | 26958-13101 | PO Box 029311 | Miami, FL 33188 | $257 |
| Florida Power & Light Company (FPL) | Electric | 35823-08189 | PO Box 029311 | Miami, FL 33188 | $236 |
| Florida Power & Light Company (FPL) | Electric | 36913-65237 | PO Box 029311 | Miami, FL 33188 | $62 |
| Florida Power & Light Company (FPL) | Electric | 40672-06237 | PO Box 029311 | Miami, FL 33188 | $110 |
| Florida Power & Light Company (FPL) | Electric | 57844-84536 | PO Box 029311 | Miami, FL 33188 | $424 |
| Florida Power & Light Company (FPL) | Electric | 58630-71584 | PO Box 029311 | Miami, FL 33188 | $1,190 |
| Florida Power & Light Company (FPL) | Electric | 60367-46144 | PO Box 029311 | Miami, FL 33188 | $4 |
| Florida Power & Light Company (FPL) | Electric | 63800-81247 | PO Box 029311 | Miami, FL 33188 | $274 |
| Florida Power & Light Company (FPL) | Electric | 81341-89268 | PO Box 029311 | Miami, FL 33188 | $771 |
| Florida Power & Light Company (FPL) | Electric | 98661-78222 | PO Box 029311 | Miami, FL 33188 | $474 |
| Gulf Power Company | Electric | 51650-63048 | PO Box 830660 | Birmingham, AL 35283-0660 | $503 |
| Hawaiian Electric Companies | Electric | 201011486671 | PO Box 909 | Honolulu, HI 96808 | $17 |
| Hawaiian Electric Companies | Electric | 201011486697 | PO Box 909 | Honolulu, HI 96808 | $31 |
| Hawaiian Electric Companies | Electric | 201011486705 | PO Box 909 | Honolulu, HI 96808 | $186 |
| Hawaiian Electric Companies | Electric | 201011532482 | PO Box 909 | Honolulu, HI 96808 | $376 |
| Hawaiian Electric Companies | Electric | 202010527333 | PO Box 909 | Honolulu, HI 96808 | $1,593 |
| Jersey Central Power & Light (JCP&L) | Electric | 100 107 763 987 | PO Box 3687 | Akron, OH 44309-3687 | $293 |
| Kauai Island Utility Cooperative | Electric | 990099092-001 | PO Box 29560 | Honolulu, HI 96820-1960 | $702 |
| Kauai Island Utility Cooperative | Electric | 990099092-002 | PO Box 29560 | Honolulu, HI 96820-1960 | $63 |
| Lehi City Utilities | Electric | 40.6021.4.1 | 153 North 100 East Street | Lehi, UT 84043 | $243 |
| Los Angeles Department of Water and Power (LADWP) | Electric | 181 132 0000 | PO Box 30808 | Los Angeles, CA 90030-0890 | $54 |
| Maui Electric Company (MECO) | Electric | 201012105403 | PO Box 1670 | Honolulu, HI 96806 | $1,767 |
| Maui Electric Company (MECO) | Electric | 201012105718 | PO Box 1670 | Honolulu, HI 96806 | $133 |
| Maui Electric Company (MECO) | Electric | 202010374421 | PO Box 1670 | Honolulu, HI 96806 | $397 |
| Maui Electric Company (MECO) | Electric | 202010375246 | PO Box 1670 | Honolulu, HI 96806 | $793 |
| NV Energy | Electric | 30001561991129626 82 | PO Box 30086 | Reno, NV 89520 | $80 |
| NV Energy | Electric | 30001561991161646 65 | PO Box 30086 | Reno, NV 89520 | $498 |
| NV Energy | Electric | 30001561991161648 97 | PO Box 30086 | Reno, NV 89520 | $353 |
| NV Energy | Electric | 30001561991194618 37 | PO Box 30086 | Reno, NV 89520 | $349 |
| Orange and Rockland Utilities, Inc. | Electric | 10351-06034 | PO Box 1004 | Spring Valley, NY  10977 | $372 |
| Orlando Utilities Commission (OUC) | Electric | 3069100001 | PO Box 4901 | Orlando, FL 32802 | $432 |
| Pacific Gas and Electric Company | Electric | 1721145152-5 | PO Box 997300 | Sacramento, CA 95899 | $450 |
| Pacific Gas and Electric Company | Electric | 2105906462-2 | PO Box 997300 | Sacramento, CA 95899 | $1,455 |
| Pacific Gas and Electric Company | Electric | 5836707635-1 | PO Box 997300 | Sacramento, CA 95899 | $8 |
| Pacific Gas and Electric Company | Electric | 6064622371-3 | PO Box 997300 | Sacramento, CA 95899 | $758 |

Quiksilver, Inc. *et al.*
Schedule 1 - Utility Service List

| Utility Provider Name | Utility Type | Account Number | Utility Provider Address | | Adequate Assurance |
|---|---|---|---|---|---|
| Pacific Gas and Electric Company | Electric | 6713031788-5 | PO Box 997300 | Sacramento, CA 95899 | $779 |
| Pacific Gas and Electric Company | Electric | 79227-752985-1 | PO Box 997300 | Sacramento, CA 95899 | $284 |
| Pacific Gas and Electric Company | Electric | 8938437260-6 | PO Box 997300 | Sacramento, CA 95899 | $11 |
| Pacific Gas and Electric Company | Electric | 9983991283-1 | PO Box 997300 | Sacramento, CA 95899 | $580 |
| PacifiCorp | Electric | 98405633-0033 | PO Box 26000 | Portland, OR 97256 | $180 |
| Park City Municipal Corporation | Electric | 3311-006 | PO Box 1480 | Park City, UT 84060 | $87 |
| Sacramento Municipal Utility District | Electric | 3173744 | PO Box 15555 | Sacramento, CA 95852 | $629 |
| Sacramento Municipal Utility District | Electric | 3173745 | PO Box 15555 | Sacramento, CA 95852 | $8 |
| San Diego Gas & Electric (SDG&E) | Electric | 3248 097 077 0 | PO Box 25111 | Santa Ana, CA 92799 | $870 |
| San Diego Gas & Electric (SDG&E) | Electric | 7028 711 254 3 | PO Box 25111 | Santa Ana, CA 92799 | $1,078 |
| San Diego Gas & Electric (SDG&E) | Electric | 8153 716 395 4 | PO Box 25111 | Santa Ana, CA 92799 | $5 |
| Sawnee Electric Membership Corporation (Sawnee EMC) | Electric | 2400475000 | ID 1204 | Birmingham, AL 35246-1204 | $307 |
| SCE&G | Electric | 9-2100-5937-3850 | PO Box 100255 | Columbia, SC 29218 | $298 |
| Seattle City Light | Electric | 1-1624507-394268 | PO Box 34017 | Seattle, WA 98124-1017 | $228 |
| Snohomish County Public Utility District No. 1 | Electric | 2003-1138-9 | PO Box 1100 | Everett, WA 98206 | $160 |
| Southern California Edison (SCE) | Electric | 2-02-260-4128 | PO Box 300 | Rosemead, CA 91772-0001 | $6,519 |
| Southern California Edison (SCE) | Electric | 2-20-044-1954 | PO Box 300 | Rosemead, CA 91772-0001 | $6,033 |
| Southern California Edison (SCE) | Electric | 2-24-446-1703 | PO Box 300 | Rosemead, CA 91772-0001 | $850 |
| Southern California Edison (SCE) | Electric | 2-25-995-1747 | PO Box 300 | Rosemead, CA 91772-0001 | $404 |
| Southern California Edison (SCE) | Electric | 2-26-199-1434 | PO Box 300 | Rosemead, CA 91772-0001 | $900 |
| Southern California Edison (SCE) | Electric | 2-28-020-2631 | PO Box 300 | Rosemead, CA 91772-0001 | $550 |
| Southern California Edison (SCE) | Electric | 2-28-164-1118 | PO Box 300 | Rosemead, CA 91772-0001 | $555 |
| Southern California Edison (SCE) | Electric | 2-28-561-0408 | PO Box 300 | Rosemead, CA 91772-0001 | $494 |
| Southern California Edison (SCE) | Electric | 2-30-282-6870 | PO Box 300 | Rosemead, CA 91772-0001 | $854 |
| Southern California Edison (SCE) | Electric | 2-31-329-8515 | PO Box 300 | Rosemead, CA 91772-0001 | $385 |
| Southern California Edison (SCE) | Electric | 2-33-447-1463 | PO Box 300 | Rosemead, CA 91772-0001 | $340 |
| Southern California Edison (SCE) | Electric | 2-33-447-1471 | PO Box 300 | Rosemead, CA 91772-0001 | $509 |
| Southern California Edison (SCE) | Electric | 2-33-447-1497 | PO Box 300 | Rosemead, CA 91772-0001 | $499 |
| Southern California Edison (SCE) | Electric | 2-33-681-9263 | PO Box 300 | Rosemead, CA 91772-0001 | $44 |
| Southern California Edison (SCE) | Electric | 2-36-293-3418 | PO Box 300 | Rosemead, CA 91772-0001 | $101 |
| Southern California Edison (SCE) | Electric | 2-36-745-1382 | PO Box 300 | Rosemead, CA 91772-0001 | $882 |
| Southern California Edison (SCE) | Electric | 3-012-9187-46 | PO Box 300 | Rosemead, CA 91772-0001 | $6,430 |
| Southern California Edison (SCE) | Electric | 3-015-8332-34 | PO Box 300 | Rosemead, CA 91772-0001 | $6,123 |
| Southern California Edison (SCE) | Electric | 3-041-3304-02 | PO Box 300 | Rosemead, CA 91772-0001 | $1,359 |
| San Francisco Public Utilities Commission (SFPUC) | Electric / Water / Sewer | 6614700000 | PO Box 7369 | San Francisco, CA 94120 | $30 |
| New Jersey Natural Gas Company (NJNG) | Gas | 22-0015-4618-38 | PO Box 11743 | Newark, NJ 07101-4743 | $13 |
| New Jersey Natural Gas Company (NJNG) | Gas | 22-0015-5916-83 | PO Box 11743 | Newark, NJ 07101-4743 | $20 |
| NW Natural | Gas | 1635030-8 | PO Box 6017 | Portland, OR 97228-6017 | $29 |
| Questar Corporation | Gas | 0350097965 | PO Box 45841 | Salt Lake City, UT 84139 | $16 |
| Questar Corporation | Gas | 5913193822 | PO Box 45841 | Salt Lake City, UT 84139 | $18 |
| Southern California Gas Company | Gas | 181-864-7577-0 | PO Box C | Monterey Park, CA 91756 | $392 |
| Southwest Gas Corporation | Gas | 211-6249623-002 | PO Box 98890 | Las Vegas, NV 89103 | $14 |
| The Gas Company | Gas | 031 174 0862 9 | PO Box C | Monterey Park, CA 91756 | $3 |
| Central Hudson Gas & Electric Corporation | Gas / Electric | 8660-2245-03-6 | 284 South Avenue | Poughkeepsie, NY 12601 | $20 |
| Puget Sound Energy | Gas / Electric | 200010182562 | PO Box 91269 | Bellevue, WA 98009 | $20 |
| Bright House Networks | Internet | 0050380206-01 | PO Box 30574 | Tampa, FL 33630 | $59 |
| Time Warner Cable | Internet | 8448 40 009 1510532 | PO Box 60074 | City of Industry, CA 91716 | $3,100 |
| Cisco WebEx, LLC | Network Conferencing / WebEx / Internet Meetings | 231768 | RTP4E, 7025-4 Kit Creek Road | Research Triangle Park, NC 27709 | $50 |
| Industrial Retail Group (IRG) | Network Service | AN1000000360 | PO Box 645096 | Pittsburgh, PA 15264 | $23,615 |
| Consolidated Communications, Inc. | Phone Service | 281-644-4910/0 | PO Box 66523 | Saint Louis, MO 63166 | $96 |
| Gila River Telecommunications | Phone Service | 0217005163 | 7065 West Allison Road | Chandler, AZ 85226-5209 | $61 |
| Granite Telecommunications, LLC | Phone Service | 01419053 | 100 Newport Avenue | Quincy, MA 02171 | $13,852 |
| Hawaiian Telcom, Inc. | Phone Service | 105816124500010 | PO Box 30770 | Honolulu, HI 96820 | $55 |
| Hawaiian Telcom, Inc. | Phone Service | 200000000160023 | PO Box 30770 | Honolulu, HI 96820 | $134 |
| Hawaiian Telcom, Inc. | Phone Service | 200000000325178 | PO Box 30770 | Honolulu, HI 96820 | $69 |
| Hawaiian Telcom, Inc. | Phone Service | 200000000553050 | PO Box 30770 | Honolulu, HI 96820 | $65 |

**Quiksilver, Inc. *et al.***
**Schedule 1 - Utility Service List**

| Utility Provider Name | Utility Type | Account Number | Utility Provider Address | | Adequate Assurance |
|---|---|---|---|---|---|
| PAETEC (Windstream Corporation) | Phone Service | 4000321 | PO Box 9001013 | Louisville, KY 40290-1013 | $3,769 |
| Premiere Global Services, Inc. (PGi) | Phone Service | 697377 | PO Box 404351 | Atlanta, GA 30384 | $305 |
| Salish Networks | Phone Service | 145 | 8825 34th Avenue NE Suite L148 | Quil Ceda Village, WA 98271-8252 | $159 |
| Sprint | Phone Service | 830435733 | 5040 Riverside Drive | Irving, TX 75039 | $16 |
| Verizon | Phone Service | 212.226.1193.252.21.7 | PO Box 15124 | Albany, NY 12212 | $177 |
| Verizon | Phone Service | 212.575.2256.551.74.0 | PO Box 15124 | Albany, NY 12212 | $61 |
| Level 3 Communications, LLC | Phone Service / Fax Service / Internet / Data Line | 0204948609 | 1025 Eldorado Blvd. | Broomfield, CO 80021 | $28,897 |
| MegaPath Inc. | Phone Service / Fax Service / Internet / Data Line | 2889996 | Department 0324 / PO Box 120324 | Dallas, TX 75312-0324 | $114 |
| AT&T | Phone Service / Internet | 951 360-6285 994 9 | PO Box 5025 | Carol Stream, IL 60197-5025 | $115 |
| JT Tech | Phone Service / Internet | N/A | 13715 E. Kronquist Road | Spokane, WA 99217 | $3,516 |
| Verizon California | Phone Service / Internet | 01 2891 1278442154 10 | PO Box 920041 | Dallas, TX 75392 | $630 |
| Arakelian Enterprises, Inc. | Trash Removal and/or Recycling | RV-1320-1 | 14048 Valley Blvd | City of Industry, CA 91716-0009 | $104 |
| CR&R Waste and Recycling Services | Trash Removal and/or Recycling | 32-0005997 7 | PO Box 7183 | Pasadena, CA 91109 | $135 |
| E.J. Harrison & Sons | Trash Removal and/or Recycling | 1-0141673 1 | Dept. Ch. #10544 | Palatine, IL 60055-0544 | $67 |
| IESI NY Corporation (Progressive Waste Solutions) | Trash Removal and/or Recycling | 101023365 | PO Box 660654 | Dallas, TX 75266-0654 | $668 |
| IESI NY Corporation (Progressive Waste Solutions) | Trash Removal and/or Recycling | 101052302 | PO Box 660654 | Dallas, TX 75266-0654 | $95 |
| Keter Environmental Services | Trash Removal and/or Recycling | 1516097 | PO Box 417468 | Boston, MA 02241-7468 | $107 |
| Maui Disposal | Trash Removal and/or Recycling | 0091176 | PO Box 30490 | Honolulu, HI 96820-0490 | $364 |
| Rainbow Environmental Services | Trash Removal and/or Recycling | 62344 | PO Box 78829 | Phoenix, AZ 85062-8829 | $226 |
| Rainbow Environmental Services | Trash Removal and/or Recycling | 183260 | PO Box 78829 | Phoenix, AZ 85062-8829 | $1,012 |
| Rainbow Environmental Services | Trash Removal and/or Recycling | 3-0605-0004945 | PO Box 78829 | Phoenix, AZ 85062-8829 | $216 |
| Recology Golden Gate | Trash Removal and/or Recycling | 010836312 | PO Box 60846 | Los Angeles, CA 90060-0846 | $548 |
| Republic Services, Inc. | Trash Removal and/or Recycling | 3-0620-0105061 | PO Box 78829 | Phoenix, AZ 85062-8829 | $51 |
| Republic Services, Inc. | Trash Removal and/or Recycling | 3-0620-0105792 | PO Box 78829 | Phoenix, AZ 85062-8829 | $107 |
| Royal Waste Services, Inc. | Trash Removal and/or Recycling | 14822 | 187-40 Hollis Avenue | Hollis, NY 11423 | $1,178 |
| Sustainable Solutions Group | Trash Removal and/or Recycling | QUI3612351 | 101 Harmony Lake Drive | Canton, GA 30115 | $157 |
| Trico Disposal, Inc. | Trash Removal and/or Recycling | 01-OT 460089 | 9820 Cherry Avenue | Fontana, CA 92335 | $787 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 3402271 | 24516 Network Place | Chicago, IL 60673 | $109 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 5611021 | 24516 Network Place | Chicago, IL 60673 | $127 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 7300073 | 24516 Network Place | Chicago, IL 60673 | $138 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 7300155 | 24516 Network Place | Chicago, IL 60673 | $205 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 7331126 | 24516 Network Place | Chicago, IL 60673 | $181 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 10420044 | 24516 Network Place | Chicago, IL 60673 | $132 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 10420045 | 24516 Network Place | Chicago, IL 60673 | $99 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 10570112 | 24516 Network Place | Chicago, IL 60673 | $190 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 156-0083802-0156-9 | 9081 Tujunga Avenue | Sun Valley, CA 91352 | $52 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 194-0111011-2194-2 | 2700 Wiles Road | Pompano Beach, FL 33073 | $682 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 194-0129233-2194-2 | 2700 Wiles Road | Pompano Beach, FL 33073 | $127 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 322-0218438-2233-5 | 2700 Wiles Road | Pompano Beach, FL 33073 | $196 |
| Charleston Water System | Water / Sewer | 001330-05-9 | PO Box 568 | Charleston, SC 29402 | $28 |
| Eastern Municipal Water District | Water / Sewer | 229316-04 | PO Box 8301 | Perris, CA 92572-8301 | $9 |
| Mesa Water District | Water / Sewer | 06811000-086180 | PO Box 515474 | Los Angeles, CA 90051-6774 | $8 |
| South Walton Utility Company, Inc. | Water / Sewer | 30239 | 369 Miramar Beach Drive | Miramar Beach, FL 32550 | $15 |
| | | | | | $162,286 |

**Notes:**

(1) The Debtors maintain a prepetition deposit for the utility account that exceeds the estimated cost for two weeks of the related utility service. Therefore, no additional adequate assurance amount has been calculated for the utility account.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (___) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket No. __**

### FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE

Upon the motion (the "Motion")[2] of the Debtors for a final order (this "Order"),

pursuant to Bankruptcy Code sections 105(a) and 366 and Bankruptcy Rules 6003 and 6004, (i)

approving the Debtors' proposed form of adequate assurance of postpetition payment to the

Utility Companies; (ii) establishing procedures for resolving any objections by the Utility

Companies relating to the Proposed Adequate Assurance; and (iii) prohibiting the Utility

Companies from altering, refusing or discontinuing service to, or discriminating against, the

Debtors solely on the basis of (a) the commencement of the Chapter 11 Cases, (b) a debt that is

owed by the Debtors for services rendered prior to the Petition Date or (c) on account of any

perceived inadequacy of the Debtors' Proposed Adequate Assurance; and upon consideration of

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

the First Day Declaration; and due and sufficient notice of the Motion having been given under

the particular circumstances; and it appearing that no other or further notice is necessary; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors and other parties in interest; and after due deliberation thereon; and good

and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.        The Motion is GRANTED as set forth herein.

2.        The Proposed Adequate Assurance constitutes "adequate assurance of

payment" for purposes of Bankruptcy Code section 366.

3.        Except as the amount may be reduced by application of the provisions of

this Order, the Utility Deposit in the amount of approximately $165,000 deposited in the Utility

Deposit Account shall be held for the purpose of providing adequate assurance of payment to

each Utility Company for its postpetition Utility Services to the Debtors.

4.        The Debtors may reduce the Utility Deposit to the extent that it includes

an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their

sole discretion, should be removed from the Utility Company List or (ii) that is already being

held by a Utility Company as a deposit or prepayment in excess of unpaid charges for pre-

petition utility service.

5.        The Utility Companies identified on Schedule 1 annexed hereto (the

"Utility Company List") are prohibited from altering, refusing or discontinuing service to, or

discriminating against, the Debtors on account of unpaid prepetition invoices or due to the

commencement of these Chapter 11 Cases, or requiring payment of a deposit or other security

for postpetition Utility Services, other than the Utility Deposit in the Utility Deposit Account.

2

6.      If an amount relating to postpetition Utility Services provided by a Utility Company is unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account (a "Disbursement Request") by giving notice to (i) Quicksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities:  (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (vii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) counsel to any committee appointed in these Chapter 11 Cases; and (ix) the parties listed in the consolidated list of the thirty (30) largest unsecured creditors as filed by the Debtors in the Chapter 11 Cases or if any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee.  A Disbursement Request shall only be honored on the date that is five (5) business days after the date of the Disbursement Request.

3

7.      Any Utility Company that failed to submit an Additional Assurance Request as set forth in the Interim Order or file an Objection shall be deemed to have adequate assurance of payment that is satisfactory to it within the meaning of Bankruptcy Code section 366 and shall be forbidden from altering, refusing or discontinuing service to the Debtors on account of any prepetition charges, subject to the Utility Company's right to seek modification of adequate assurance under Bankruptcy Code section 366(c)(3).

8.      The Debtors are authorized, in their sole discretion, to amend or supplement Schedule 1 attached hereto to add or delete any Utility Company, and this Order shall apply to any such Subsequently Identified Utility Company that is added to Schedule 1. Such amendment shall be accomplished by filing with this Court a notice and serving the same on the affected Utility Company.

9.      This Order shall be binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Company List, provided that for each additional Utility Company that may be added, the Debtors will increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility Services provided by that Utility Company to the Debtors, provided, however, that no Utility Deposit shall be made for any Utility Company that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services in excess of unpaid charges for pre-petition utility service.  In addition, if a Utility Company holds a deposit or prepayment that is less than two weeks of Utility Services, the portion of the Utility Deposit for that Utility Company shall be reduced by the amount of any prepetition deposit or prepayment in excess of unpaid charges for pre-petition utility service.

10.     Any Utility Company added to the Utility Company List subsequent to the date of the Motion shall have the right to make an Additional Assurance Request in compliance with the Adequate Assurance Procedures.

11.     Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under Bankruptcy Code section 366, whether or not such entity is listed on Schedule 1 attached hereto.

12.     All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Utility Services, whether such checks or other requests were submitted prior to or after the Petition Date.

13.     The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

14.     The Debtor' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Utility Services that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such direction.

15.     To the extent the Debtors have not yet sought to remit payment on account of the Utility Services, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Utility Services.

16.     The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Utility Services to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

17.     Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

18.     This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

19.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

20.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

21.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

## SCHEDULE 1

Quiksilver, Inc. *et al.*
Schedule 1 - Utility Service List

| Utility Provider Name | Utility Type | Account Number | Utility Provider Address | | Adequate Assurance |
|---|---|---|---|---|---|
| T-Mobile | Cellular Phone | 942683850 | PO Box 37380 | Albuquerque, NM 87176 | $1,750 |
| Verizon Wireless | Cellular Phone | 270188101-00001 | PO Box 4005 | Acworth, GA 30101 | $6,566 |
| Baltimore Gas and Electric Company (BGE) | Electric | 951821000 | PO Box 13070 | Philadelphia, PA 19101 | $262 |
| City of Miami Beach | Electric | 002931-00 | PO Box 116649 | Atlanta, GA 30368 | $111 |
| City of Miami Beach | Electric | 514520-00 | PO Box 116649 | Atlanta, GA 30368 | $88 |
| City of Miami Beach | Electric | 576871-00 | PO Box 116649 | Atlanta, GA 30368 | $24 |
| City of Pasadena | Electric | 510041-7 | 100 N Garfield Avenue Room N-106 | Pasadena, CA 91101 | $496 |
| City of Santa Monica | Electric | 0804001-01 | 333 Olympic Drive | Santa Monica, CA 90407-2200 | $33 |
| Commonwealth Edison | Electric | 0105167155 | PO Box 6111 | Carol Stream, IL 60197-6111 | $335 |
| Consolidated Edison, Inc. | Electric | 43-6213-2776-0003-0 | PO Box 1702 | New York, NY 10116 | $691 |
| Consolidated Edison, Inc. [1] | Electric | 43-2127-4245-0001-4 | PO Box 1702 | New York, NY 10116 | $0 |
| Consolidated Edison, Inc. [1] | Electric | 44-1103-0815-0100-8 | PO Box 1702 | New York, NY 10116 | $0 |
| Constellation NewEnergy, Inc. | Electric | 1-DUX-474 | 14217 Collections Center Dr. | Chicago, IL 60693 | $3,193 |
| Constellation NewEnergy, Inc. | Electric | 1-DUX-475 | 14217 Collections Center Dr. | Chicago, IL 60693 | $3,163 |
| Duke Energy | Electric | 01991 50297 | PO Box 1004 | Charlotte, NC 28201-1004 | $131 |
| Duke Energy | Electric | 98228 72363 | PO Box 1004 | Charlotte, NC 28201-1004 | $873 |
| Florida Power & Light Company (FPL) | Electric | 10851-87183 | PO Box 029311 | Miami, FL 33188 | $404 |
| Florida Power & Light Company (FPL) | Electric | 17356-95114 | PO Box 029311 | Miami, FL 33188 | $581 |
| Florida Power & Light Company (FPL) | Electric | 19604-81206 | PO Box 029311 | Miami, FL 33188 | $182 |
| Florida Power & Light Company (FPL) | Electric | 20154-98120 | PO Box 029311 | Miami, FL 33188 | $100 |
| Florida Power & Light Company (FPL) | Electric | 23406-77232 | PO Box 029311 | Miami, FL 33188 | $649 |
| Florida Power & Light Company (FPL) | Electric | 26958-13101 | PO Box 029311 | Miami, FL 33188 | $257 |
| Florida Power & Light Company (FPL) | Electric | 35823-08189 | PO Box 029311 | Miami, FL 33188 | $236 |
| Florida Power & Light Company (FPL) | Electric | 36913-65237 | PO Box 029311 | Miami, FL 33188 | $62 |
| Florida Power & Light Company (FPL) | Electric | 40672-06237 | PO Box 029311 | Miami, FL 33188 | $110 |
| Florida Power & Light Company (FPL) | Electric | 57844-84536 | PO Box 029311 | Miami, FL 33188 | $424 |
| Florida Power & Light Company (FPL) | Electric | 58630-71584 | PO Box 029311 | Miami, FL 33188 | $1,190 |
| Florida Power & Light Company (FPL) | Electric | 60367-46144 | PO Box 029311 | Miami, FL 33188 | $4 |
| Florida Power & Light Company (FPL) | Electric | 63800-81247 | PO Box 029311 | Miami, FL 33188 | $274 |
| Florida Power & Light Company (FPL) | Electric | 81341-89268 | PO Box 029311 | Miami, FL 33188 | $771 |
| Florida Power & Light Company (FPL) | Electric | 98661-78222 | PO Box 029311 | Miami, FL 33188 | $474 |
| Gulf Power Company | Electric | 51650-63048 | PO Box 830660 | Birmingham, AL 35283-0660 | $503 |
| Hawaiian Electric Companies | Electric | 201011486671 | PO Box 909 | Honolulu, HI 96808 | $17 |
| Hawaiian Electric Companies | Electric | 201011486697 | PO Box 909 | Honolulu, HI 96808 | $31 |
| Hawaiian Electric Companies | Electric | 201011486705 | PO Box 909 | Honolulu, HI 96808 | $186 |
| Hawaiian Electric Companies | Electric | 201011532482 | PO Box 909 | Honolulu, HI 96808 | $376 |
| Hawaiian Electric Companies | Electric | 202010527333 | PO Box 909 | Honolulu, HI 96808 | $1,593 |
| Jersey Central Power & Light (JCP&L) | Electric | 100 107 763 987 | PO Box 3687 | Akron, OH 44309-3687 | $293 |
| Kauai Island Utility Cooperative | Electric | 990099092-001 | PO Box 29560 | Honolulu, HI 96820-1960 | $702 |
| Kauai Island Utility Cooperative | Electric | 990099092-002 | PO Box 29560 | Honolulu, HI 96820-1960 | $63 |
| Lehi City Utilities | Electric | 40.6021.4.1 | 153 North 100 East Street | Lehi, UT 84043 | $243 |
| Los Angeles Department of Water and Power (LADWP) | Electric | 181 132 0000 | PO Box 30808 | Los Angeles, CA 90030-0890 | $54 |
| Maui Electric Company (MECO) | Electric | 201012105403 | PO Box 1670 | Honolulu, HI 96806 | $1,767 |
| Maui Electric Company (MECO) | Electric | 201012105718 | PO Box 1670 | Honolulu, HI 96806 | $133 |
| Maui Electric Company (MECO) | Electric | 202010374421 | PO Box 1670 | Honolulu, HI 96806 | $397 |
| Maui Electric Company (MECO) | Electric | 202010375246 | PO Box 1670 | Honolulu, HI 96806 | $793 |
| NV Energy | Electric | 300015619911296682 | PO Box 30086 | Reno, NV 89520 | $80 |
| NV Energy | Electric | 300015619911616464665 | PO Box 30086 | Reno, NV 89520 | $498 |
| NV Energy | Electric | 300015619911616468897 | PO Box 30086 | Reno, NV 89520 | $353 |
| NV Energy | Electric | 300015619911194618837 | PO Box 30086 | Reno, NV 89520 | $349 |
| Orange and Rockland Utilities, Inc. | Electric | 10351-06034 | PO Box 1004 | Spring Valley, NY  10977 | $372 |
| Orlando Utilities Commission (OUC) | Electric | 3069100001 | PO Box 4901 | Orlando, FL 32802 | $432 |
| Pacific Gas and Electric Company | Electric | 1721145152-5 | PO Box 997300 | Sacramento, CA 95899 | $450 |
| Pacific Gas and Electric Company | Electric | 2105906462-2 | PO Box 997300 | Sacramento, CA 95899 | $1,455 |
| Pacific Gas and Electric Company | Electric | 5836707635-1 | PO Box 997300 | Sacramento, CA 95899 | $8 |
| Pacific Gas and Electric Company | Electric | 6064622371-3 | PO Box 997300 | Sacramento, CA 95899 | $758 |

**Quiksilver, Inc. et al.**
**Schedule 1 - Utility Service List**

| Utility Provider Name | Utility Type | Account Number | Utility Provider Address | | Adequate Assurance |
|---|---|---|---|---|---|
| Pacific Gas and Electric Company | Electric | 6713031788-5 | PO Box 997300 | Sacramento, CA 95899 | $779 |
| Pacific Gas and Electric Company | Electric | 79227-752985-1 | PO Box 997300 | Sacramento, CA 95899 | $284 |
| Pacific Gas and Electric Company | Electric | 8938437260-6 | PO Box 997300 | Sacramento, CA 95899 | $11 |
| Pacific Gas and Electric Company | Electric | 9983991283-1 | PO Box 997300 | Sacramento, CA 95899 | $580 |
| PacifiCorp | Electric | 98405633-0033 | PO Box 26000 | Portland, OR 97256 | $180 |
| Park City Municipal Corporation | Electric | 3311-006 | PO Box 1480 | Park City, UT 84060 | $87 |
| Sacramento Municipal Utility District | Electric | 3173744 | PO Box 15555 | Sacramento, CA 95852 | $629 |
| Sacramento Municipal Utility District | Electric | 3173745 | PO Box 15555 | Sacramento, CA 95852 | $8 |
| San Diego Gas & Electric (SDG&E) | Electric | 3248 097 077 0 | PO Box 25111 | Santa Ana, CA 92799 | $870 |
| San Diego Gas & Electric (SDG&E) | Electric | 7028 711 254 3 | PO Box 25111 | Santa Ana, CA 92799 | $1,078 |
| San Diego Gas & Electric (SDG&E) | Electric | 8153 716 395 4 | PO Box 25111 | Santa Ana, CA 92799 | $5 |
| Sawnee Electric Membership Corporation (Sawnee EMC) | Electric | 2400475000 | ID 1204 | Birmingham, AL 35246-1204 | $307 |
| SCE&G | Electric | 9-2100-5937-3850 | PO Box 100255 | Columbia, SC 29218 | $298 |
| Seattle City Light | Electric | 1-1624507-394268 | PO Box 34017 | Seattle, WA 98124-1017 | $228 |
| Snohomish County Public Utility District No. 1 | Electric | 2003-1138-9 | PO Box 1100 | Everett, WA 98206 | $160 |
| Southern California Edison (SCE) | Electric | 2-02-260-4128 | PO Box 300 | Rosemead, CA  91772-0001 | $6,519 |
| Southern California Edison (SCE) | Electric | 2-20-044-1954 | PO Box 300 | Rosemead, CA  91772-0001 | $6,033 |
| Southern California Edison (SCE) | Electric | 2-24-446-1703 | PO Box 300 | Rosemead, CA  91772-0001 | $850 |
| Southern California Edison (SCE) | Electric | 2-25-995-1747 | PO Box 300 | Rosemead, CA  91772-0001 | $404 |
| Southern California Edison (SCE) | Electric | 2-26-199-1434 | PO Box 300 | Rosemead, CA  91772-0001 | $900 |
| Southern California Edison (SCE) | Electric | 2-28-020-2631 | PO Box 300 | Rosemead, CA  91772-0001 | $550 |
| Southern California Edison (SCE) | Electric | 2-28-164-1118 | PO Box 300 | Rosemead, CA  91772-0001 | $555 |
| Southern California Edison (SCE) | Electric | 2-28-561-0408 | PO Box 300 | Rosemead, CA  91772-0001 | $494 |
| Southern California Edison (SCE) | Electric | 2-30-282-6870 | PO Box 300 | Rosemead, CA  91772-0001 | $854 |
| Southern California Edison (SCE) | Electric | 2-31-329-8515 | PO Box 300 | Rosemead, CA  91772-0001 | $385 |
| Southern California Edison (SCE) | Electric | 2-33-447-1463 | PO Box 300 | Rosemead, CA  91772-0001 | $340 |
| Southern California Edison (SCE) | Electric | 2-33-447-1471 | PO Box 300 | Rosemead, CA  91772-0001 | $509 |
| Southern California Edison (SCE) | Electric | 2-33-447-1497 | PO Box 300 | Rosemead, CA  91772-0001 | $499 |
| Southern California Edison (SCE) | Electric | 2-33-681-9263 | PO Box 300 | Rosemead, CA  91772-0001 | $44 |
| Southern California Edison (SCE) | Electric | 2-36-293-3418 | PO Box 300 | Rosemead, CA  91772-0001 | $101 |
| Southern California Edison (SCE) | Electric | 2-36-745-1382 | PO Box 300 | Rosemead, CA  91772-0001 | $882 |
| Southern California Edison (SCE) | Electric | 3-012-9187-46 | PO Box 300 | Rosemead, CA  91772-0001 | $6,430 |
| Southern California Edison (SCE) | Electric | 3-015-8332-34 | PO Box 300 | Rosemead, CA  91772-0001 | $6,123 |
| Southern California Edison (SCE) | Electric | 3-041-3304-02 | PO Box 300 | Rosemead, CA  91772-0001 | $1,359 |
| San Francisco Public Utilities Commission (SFPUC) | Electric / Water / Sewer | 6614700000 | PO Box 7369 | San Francisco, CA 94120 | $30 |
| New Jersey Natural Gas Company (NJNG) | Gas | 22-0015-4618-38 | PO Box 11743 | Newark, NJ 07101-4743 | $13 |
| New Jersey Natural Gas Company (NJNG) | Gas | 22-0015-5916-83 | PO Box 11743 | Newark, NJ 07101-4743 | $20 |
| NW Natural | Gas | 1635030-8 | PO Box 6017 | Portland, OR 97228-6017 | $29 |
| Questar Corporation | Gas | 0350097965 | PO Box 45841 | Salt Lake City, UT 84139 | $16 |
| Questar Corporation | Gas | 5913193822 | PO Box 45841 | Salt Lake City, UT 84139 | $18 |
| Southern California Gas Company | Gas | 181-864-7577-0 | PO Box C | Monterey Park, CA 91756 | $392 |
| Southwest Gas Corporation | Gas | 211-6249623-002 | PO Box 98890 | Las Vegas, NV 89103 | $14 |
| The Gas Company | Gas | 031 174 0862 9 | PO Box C | Monterey Park, CA 91756 | $3 |
| Central Hudson Gas & Electric Corporation | Gas / Electric | 8660-2245-03-6 | 284 South Avenue | Poughkeepsie, NY 12601 | $20 |
| Puget Sound Energy | Gas / Electric | 200010182562 | PO Box 91269 | Bellevue, WA 98009 | $20 |
| Bright House Networks | Internet | 0050380206-01 | PO Box 30574 | Tampa, FL 33630 | $59 |
| Time Warner Cable | Internet | 8448 40 009 1510532 | PO Box 60074 | City of Industry, CA 91716 | $3,100 |
| Cisco WebEx, LLC | Network Conferencing / WebEx / Internet Meetings | 231768 | RTP4E, 7025-4 Kit Creek Road | Research Triangle Park, NC 27709 | $50 |
| Industrial Retail Group (IRG) | Network Service | AN1000000360 | PO Box 645096 | Pittsburgh, PA 15264 | $23,615 |
| Consolidated Communications, Inc. | Phone Service | 281-644-4910/0 | PO Box 66523 | Saint Louis, MO 63166 | $96 |
| Gila River Telecommunications | Phone Service | 0217005163 | 7065 West Allison Road | Chandler, AZ 85226-5209 | $61 |
| Granite Telecommunications, LLC | Phone Service | 01419053 | 100 Newport Avenue | Quincy, MA 02171 | $13,852 |
| Hawaiian Telcom, Inc. | Phone Service | 105816124500010 | PO Box 30770 | Honolulu, HI 96820 | $55 |
| Hawaiian Telcom, Inc. | Phone Service | 200000000160023 | PO Box 30770 | Honolulu, HI 96820 | $134 |
| Hawaiian Telcom, Inc. | Phone Service | 200000000325178 | PO Box 30770 | Honolulu, HI 96820 | $69 |
| Hawaiian Telcom, Inc. | Phone Service | 200000000553050 | PO Box 30770 | Honolulu, HI 96820 | $65 |

**Quiksilver, Inc.** *et al.*
**Schedule 1 - Utility Service List**

| Utility Provider Name | Utility Type | Account Number | Utility Provider Address | | Adequate Assurance |
|---|---|---|---|---|---|
| PAETEC (Windstream Corporation) | Phone Service | 4000321 | PO Box 9001013 | Louisville, KY 40290-1013 | $3,769 |
| Premiere Global Services, Inc. (PGi) | Phone Service | 697377 | PO Box 404351 | Atlanta, GA 30384 | $305 |
| Salish Networks | Phone Service | 145 | 8825 34th Avenue NE Suite L148 | Quil Ceda Village, WA 98271-8252 | $159 |
| Sprint | Phone Service | 830435733 | 5040 Riverside Drive | Irving, TX 75039 | $16 |
| Verizon | Phone Service | 212.226.1193.252.21.7 | PO Box 15124 | Albany, NY 12212 | $177 |
| Verizon | Phone Service | 212.575.2256.551.74.0 | PO Box 15124 | Albany, NY 12212 | $61 |
| Level 3 Communications, LLC | Phone Service / Fax Service / Internet / Data Line | 0204948609 | 1025 Eldorado Blvd. | Broomfield, CO 80021 | $28,897 |
| MegaPath Inc. | Phone Service / Fax Service / Internet / Data Line | 2889996 | Department 0324 / PO Box 120324 | Dallas, TX 75312-0324 | $114 |
| AT&T | Phone Service / Internet | 951 360-6285 994 9 | PO Box 5025 | Carol Stream, IL 60197-5025 | $115 |
| JT Tech | Phone Service / Internet | N/A | 13715 E. Kronquist Road | Spokane, WA 99217 | $3,516 |
| Verizon California | Phone Service / Internet | 01 2891 1278442154 10 | PO Box 920041 | Dallas, TX 75392 | $630 |
| Arakelian Enterprises, Inc. | Trash Removal and/or Recycling | RV-1320-1 | 14048 Valley Blvd | City of Industry, CA 91716-0009 | $104 |
| CR&R Waste and Recycling Services | Trash Removal and/or Recycling | 32-0005997 7 | PO Box 7183 | Pasadena, CA 91109 | $135 |
| E.J. Harrison & Sons | Trash Removal and/or Recycling | 1-0141673 1 | Dept. Ch. #10544 | Palatine, IL 60055-0544 | $67 |
| IESI NY Corporation (Progressive Waste Solutions) | Trash Removal and/or Recycling | 101023365 | PO Box 660654 | Dallas, TX 75266-0654 | $668 |
| IESI NY Corporation (Progressive Waste Solutions) | Trash Removal and/or Recycling | 101052302 | PO Box 660654 | Dallas, TX 75266-0654 | $95 |
| Keter Environmental Services | Trash Removal and/or Recycling | 1516097 | PO Box 417468 | Boston, MA 02241-7468 | $107 |
| Maui Disposal | Trash Removal and/or Recycling | 0091176 | PO Box 30490 | Honolulu, HI 96820-0490 | $364 |
| Rainbow Environmental Services | Trash Removal and/or Recycling | 62344 | PO Box 78829 | Phoenix, AZ 85062-8829 | $226 |
| Rainbow Environmental Services | Trash Removal and/or Recycling | 183260 | PO Box 78829 | Phoenix, AZ 85062-8829 | $1,012 |
| Rainbow Environmental Services | Trash Removal and/or Recycling | 3-0605-0004945 | PO Box 78829 | Phoenix, AZ 85062-8829 | $216 |
| Recology Golden Gate | Trash Removal and/or Recycling | 010836312 | PO Box 60846 | Los Angeles, CA 90060-0846 | $548 |
| Republic Services, Inc. | Trash Removal and/or Recycling | 3-0620-0105061 | PO Box 78829 | Phoenix, AZ 85062-8829 | $51 |
| Republic Services, Inc. | Trash Removal and/or Recycling | 3-0620-0105792 | PO Box 78829 | Phoenix, AZ 85062-8829 | $107 |
| Royal Waste Services, Inc. | Trash Removal and/or Recycling | 14822 | 187-40 Hollis Avenue | Hollis, NY 11423 | $1,178 |
| Sustainable Solutions Group | Trash Removal and/or Recycling | QUI3612351 | 101 Harmony Lake Drive | Canton, GA 30115 | $157 |
| Trico Disposal, Inc. | Trash Removal and/or Recycling | 01-OT 460089 | 9820 Cherry Avenue | Fontana, CA 92335 | $787 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 3402271 | 24516 Network Place | Chicago, IL 60673 | $109 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 5611021 | 24516 Network Place | Chicago, IL 60673 | $127 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 7300073 | 24516 Network Place | Chicago, IL 60673 | $138 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 7300155 | 24516 Network Place | Chicago, IL 60673 | $205 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 7331126 | 24516 Network Place | Chicago, IL 60673 | $181 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 10420044 | 24516 Network Place | Chicago, IL 60673 | $132 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 10420045 | 24516 Network Place | Chicago, IL 60673 | $99 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 10570112 | 24516 Network Place | Chicago, IL 60673 | $190 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 156-0083802-0156-9 | 9081 Tujunga Avenue | Sun Valley, CA 91352 | $52 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 194-0111011-2194-2 | 2700 Wiles Road | Pompano Beach, FL 33073 | $682 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 194-0129233-2194-2 | 2700 Wiles Road | Pompano Beach, FL 33073 | $127 |
| Waste Management, Inc. | Trash Removal and/or Recycling | 322-0218438-2233-5 | 2700 Wiles Road | Pompano Beach, FL 33073 | $196 |
| Charleston Water System | Water / Sewer | 001330-05-9 | PO Box 568 | Charleston, SC 29402 | $28 |
| Eastern Municipal Water District | Water / Sewer | 229316-04 | PO Box 8301 | Perris, CA 92572-8301 | $9 |
| Mesa Water District | Water / Sewer | 06811000-086180 | PO Box 515474 | Los Angeles, CA 90051-6774 | $8 |
| South Walton Utility Company, Inc. | Water / Sewer | 30239 | 369 Miramar Beach Drive | Miramar Beach, FL 32550 | $15 |
| | | | | | $162,286 |

Notes:

(1)  The Debtors maintain a prepetition deposit for the utility account that exceeds the estimated cost for two weeks of the related utility service.  Therefore, no additional adequate assurance amount has been calculated for the utility account.