## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :
In re:                    :
          :
QUIKSILVER, INC., *et al.*,      :
          :
        Debtors.[1]    :
          :
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 15-11880 (____)

(Joint Administration Pending)

**Hearing Date: TBA**
**Objection Deadline: TBA**

### DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365(a) AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 9013-1 AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company") this Court for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing and approving procedures for the rejection of executory contracts (the "Contracts") and unexpired leases (the "Leases") throughout the course of these Chapter 11 Cases (defined herein) and granting authority to take all actions necessary to implement such procedures, including abandonment of the Remaining Property (defined herein). In support of

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

the Motion, the Debtors rely upon and incorporate by reference the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"),[2] filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365, and 554.  Such relief is also warranted under Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 9013-1.

3.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.      Quiksilver is one of the world's leading outdoor sports lifestyle companies.  The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

9.      By this Motion, the Debtors request that the Court enter an order, pursuant to Bankruptcy Code sections 105(a), 365 and 554, Bankruptcy Rules 6006 and 9014, and Local Rule 9013-1, approving procedures for the rejection of Contracts and Leases throughout these Cases, including the abandonment of certain Remaining Property at rejected Leases.

10.     The Debtors request that the following procedures (the "Rejection Procedures") be authorized and approved in connection with the rejection of Contracts and Leases, during the course of the Debtors' Chapter 11 Cases:[3]

(a)     Rejection Notice: The Debtors will file a notice to reject any Contract or Lease, pursuant to Bankruptcy Code section 365 (the "Rejection Notice"), which shall be substantially in the form of Exhibit A attached hereto.  With respect to Contracts or Leases other than Leases of real property (the "Real Property Leases" and Leases other than Real Property Leases, "Personal Property Leases"), the Rejection Notice shall set forth the following information, to the best the Debtors' knowledge, as applicable: (i) the Contract(s) or Personal Property Lease(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s) or Personal Property Lease(s) (the "Contract Counterparty"); (iii) a short description of the type of Contract(s) or Personal Property Lease(s); (iv) the proposed effective date of the rejection for each such Contract(s) or Personal Property Lease(s), which date may not be before the date of filing of the Rejection Notice (the "Contract Rejection Date").  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best the Debtors' knowledge, as applicable: (i) the street address of real property; (ii) the name and address of the landlord (the "Landlord" and, together with Contract Counterparty, the "Counterparty"); (iii) the date on which the Debtors will vacate (or have vacated) the premises; and (iv) proposed effective date of the rejection for each such Real Property Lease(s), which date may not be before the earlier of (x) date of filing of the Rejection Notice and (y) the date the Debtors vacate the premises  and turn over keys, key codes, and security codes, if

---

[3]     Nothing herein shall prohibit the Debtors from filing one or more motions to reject executory contracts or unexpired leases.

any, to the affected Landlord (the "Real Property Lease Rejection Date" and together with the Contract/Lease Rejection Date, the "Rejection Date").

(b) Service of the Rejection Notice: The Debtors will cause the Rejection Notice to be served by United States mail upon the following parties (the "Rejection Notice Parties"): (i) the Counterparty to the Contract or Lease, as applicable (and its counsel, if known), at the last known address available to the Debtors; (ii) with respect to Real Property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (the "U.S. Trustee"); (v) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vii) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (ix) counsel to any committee appointed in these Chapter 11 Cases; and (x) any other parties in interest who are required to be given notice pursuant to Bankruptcy Rule 2002, advising such parties of the Debtors' intent to reject the specified Contract(s) and/or Lease(s), as well as the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

(c) Objection Procedures: Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that such objection is filed with this Court and is actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) calendar days after the date the Rejection Notice is filed: (i) Quicksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street,

Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities:  (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (vii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) counsel to any committee appointed in these Chapter 11 Cases; (ix) any Counterparty to the affected Contract or Lease; and (x) any other parties in interest who are required to be given notice pursuant to Bankruptcy Rule 2002.  Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

(d)     Event of No Objection: Absent an objection being filed in compliance with subparagraph (c) of this paragraph within fourteen (14) calendar days after the date the Rejection Notice is filed, the rejection of such Contract(s) or Lease(s) shall be deemed authorized and approved, with such rejection to be effective as of the Rejection Date, without further notice, hearing or order of this Court unless the Debtors withdraw such Rejection Notice on or prior to the Rejection Date.  Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (the "Remaining Property") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and without waiver of any claim the Landlords may have against the Debtors.

(e)     Unresolved Objections: If a timely objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection (the "Rejection Motion Hearing"). If such objection is overruled or withdrawn, such Contract or Lease shall be rejected with the effective date of rejection to be the Rejection

6

Date or such other dates as the Debtors and the Counterparty(s) have agreed.

(f) <u>Rejection Damages Proofs of Claim</u>: Each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures is required to file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases.  If no proof of claim is timely filed, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

(g) <u>Treatment of Security Deposits</u>. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

11. The Debtors submit that the efficient administration of the Chapter 11 Cases will be significantly aided by approving the foregoing Rejection Procedures.  And in connection those Rejection Procedures, the Debtors request that they be authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by the Court and that entry of the requested order be without prejudice to the Debtors' right to seek further, other or different relief regarding the Contracts or Leases.

12. The relief requested herein should not (a) be construed as a request to assume, or for authority to assume, any executory contract or unexpired lease under section 365 of the Bankruptcy Code or otherwise, (b) waive, affect, or impair any of the Debtors' rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, (d) be otherwise enforceable by any third party other than the Banks, or (e) impair the Debtors' ability to contest or object to any claims,

including any claim for rejection damages, asserted against the Debtors on any ground permitted by applicable law.

## BASIS FOR RELIEF

13.     The Debtors are parties to hundreds of Contracts, which include supply agreements, customer contracts, service contracts and certain sponsorship and licensing agreements, and as part of their restructuring efforts, the Debtors are evaluating these Contracts to determine those which benefit the estate and support the Debtors' going-forward business plans and those that are burdensome or no longer integral to the Debtors' going-forward business plans.

14.     Likewise, the Debtors are parties to numerous  Leases, which include Real Property Leases for the premises occupied by the Debtors in connection with the operation of approximately 85 Company-owned retail stores as well as corporate headquarters and certain other facilities, and Personal Property Leases for the lease of equipment.  The Debtors are evaluating these Leases to determine those which benefit the estate and support the Debtors' going-forward business plans and those that are burdensome or no longer integral to the Debtors' going-forward business plans.

15.     In particular, the Debtors have identified 27 retail store locations which they intend to close during the Chapter 11 Cases.[4]  In addition, the Debtors may determine, in the exercise of their business judgment, to close additional stores or otherwise eliminate operations at certain leased facilities.  Similarly, the Debtors may identify certain Contracts and Personal

---

[4]     Contemporaneous herewith the Debtors have filed the Debtors' Emergency Motion For Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363, And 365 And Bankruptcy Rules 6003 and 6004 Authorizing the Debtors (I) To Assume The Store Closing Agency Agreement And The Excess Inventory Agreement, (II) To Continue (A) Store Closing Sales Pursuant To The Store Closing Agency Agreement And (B) Excess Inventory Sales Pursuant to the Excess Inventory Agency Agreement, And (III) To Sell Assets Free and Clear of Liens, Claims, and Encumbrances.

Property Leases that are no longer needed for the Debtors' business and the rejection of which would reduce administrative expenses.  In that event, absent the relief requested herein, the Debtors may continue to be obligated to pay rent pursuant to the Leases with respect to closed stores even after they have ceased operations at such stores and have no other productive uses for those premises or to pay amounts owing under unnecessary and unprofitable Contracts.  Thus, in the event that the Debtors determine, in their business judgment, that the continued maintenance of the obligations associated with certain Leases or Contracts would no longer be desirable, the prompt elimination of such Lease or Contract obligations would maximize the value of the Debtors' estates.

16.     Because of the sheer volume of Contracts and Leases, the need to minimize the postpetition expenses associated with Leases and Contracts that the Debtors deem to be unnecessary for, or burdensome to, the Debtors' ongoing operations, and the costs attendant to rejecting those Leases and Contracts on a piecemeal basis, the Debtors seek approval of the Rejection Procedures with respect to all Contracts and Leases.

17.     The Debtors believe that the proposed Rejection Procedures are appropriate and consistent with the deferential business judgment standard, as well as the notice requirements of the Bankruptcy Code and Bankruptcy Rules applicable to executory contract assumption or rejection.  Absent the relief requested herein, filing individual motions for rejection would result in substantial costs to, and administrative burdens on, the Debtors' estate, in addition to the burden such approach would place on the Court's docket.  As such, the Debtors submit that the Rejection Procedures are appropriate and necessary to minimize the costs and administrative burden on the Debtors' estates and for purposes of judicial economy.

Accordingly, by the Motion, the Debtors seek this Court's authorization and approval of the

following expedited procedures that have been customarily approved in similar cases.

## APPLICABLE AUTHORITY

**A.      Rejection of the Contracts and Leases is a Sound Exercise of the Debtors' Business Judgment**

18.      Section 365(a) of the Bankruptcy Code provides that a debtor in

possession, "subject to the court's approval, may ... reject any executory contract or unexpired

lease of the debtor." 11 U.S.C. § 365(a).  See Univ. Med. Ctr. v. Sullivan *(In re Univ. Med. Ctr.)*,

973 F.2d 1065, 1075 (3d Cir. 1992).  The principal purpose of section 365(a) is to allow a debtor

in possession or trustee "'to relieve the bankruptcy estate of burdensome agreements which have

not been completely performed.'"  Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.,

83 F.3d 735, 741 (5th Cir. 1996) (quoting Phoenix Exploration, Inc. v. Yaquinto (In re Murexco

Petroleum, Inc.), 15 F.3d 60, 62 (5th Cir. 1994)).  Rejection of an executory contract or

unexpired lease is appropriate where rejection of the contract or lease would benefit the estate.

See L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.), 209 F.3d. 291, 298

(3d Cir. 2000); see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d

Cir. 1989).

19.      The decision to assume or reject an executory contract or unexpired lease

is a matter within the "business judgment" of the debtor.  See NLRB v. Bildisco & Bildisco (In

re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory

contract is simply whether rejection would benefit the estate, the `business judgment' test."); see

also Computer Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.), 293 B.R. 124, 126

(D. Del. 2003); In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003).  The

business judgment standard mandates that a court approve a debtor's business decision unless the

decision is the product of bad faith, whim or caprice.  See In re Trans World Airlines, Inc., 261

B.R. 103, 121 (Bankr. D. Del. 2001); see also Summit Land Co. v. Allen (In re Summit Land

Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstance, court approval

of a debtor's decision to assume or reject an executory contract "should be granted as a matter of

course").  Accordingly, if a debtor's business judgment has been reasonably exercised, a court

should approve the assumption or rejection of an unexpired lease or executory contract.  See Fed.

Mogul, 293 B.R. at 126.

        20.     The Debtors submit that any Contract or Lease that they seek to reject

pursuant to the Rejection Procedures will be a Contract or Lease that is financially burdensome

and unnecessary to the Debtors' operations.  Moreover, prior to rejecting any of the Contracts

and Leases, the Debtors will have ensured that the Contracts and Leases do not have any

marketable value beneficial to the Debtors' estates.  Accordingly, the Debtors will have

determined that continued performance under the Contracts and Leases constitutes an

unnecessary depletion of value of the Debtors' estates and, therefore, rejection of the Contracts

and Leases reflects the Debtors' exercise of sound business judgment.

        21.     In addition, in the exercise of their sound business judgment, the Debtors

may determine to leave certain personal property at the premises of a Real Property Lease

rejected pursuant to the Rejection Procedures. To the extent that the Debtors leave any

Remaining Property at the premises associated with a rejected Lease, the Debtors request that

such Remaining Property be deemed abandoned pursuant to Section 554 of the Bankruptcy

Code.  Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the

trustee may abandon any property of the estate that is burdensome to the estate or that is of

inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Prior to abandoning any

Remaining Property at a rejected Real Property Lease pursuant to the Rejection Procedures, the

Debtors will have determined that the Remaining Property to be abandoned by the Debtors is

either: (i) burdensome to the estate to the extent that removal and storage of this property is

likely to exceed any net proceeds from the property; or (ii) of inconsequential value and benefit

to the estate.  See, e.g., In re Contract Research Solutions, Inc., Case No. 12-11004 KJC, 2013

WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) (finding that abandonment of property was

appropriate when it posed no threat to public safety and did not contravene any law or regulation;

the debtor "need only demonstrate that [it] has exercised sound business judgment in making the

determination to abandon.") (citation omitted).  Accordingly, abandonment of the Remaining

Property reflects the Debtors' exercise of sound business judgment and is in the best interests of

the Debtors, their estates, their creditors and other parties in interest.

           22.      Given the substantial number of Contracts and Leases the Debtors may

seek to reject, obtaining Court approval of each rejection would impose unnecessary burdens on

the Debtors and the Court and result in costs to the Debtors' estates that would correspondingly

decrease the economic benefit of rejection.  For similar reasons, obtaining Court approval of

abandonment of Remaining Property at each rejected Lease would impose unnecessary burdens

on the Debtors' estates and decrease the economic benefit of rejection.   Accordingly, the

Debtors propose to streamline the process as set forth in the Rejection Procedures, consistent

with applicable law, in order to minimize potential costs to the Debtors' estates and reduce the

burden on the Court's docket, while protecting Counterparties and Landlords by providing such

parties notice and an opportunity to object to the proposed rejection.  For the foregoing reasons,

the Debtors submit that the adoption of the Rejection Procedures is in the best interest of their

estates, their creditors and all other parties in interest.

**B.        The Rejection Procedures Provide Reasonable Notice and Hearing**

23.        As a procedural matter, Bankruptcy Rule 9014 provides, in part, that
"reasonable notice and opportunity for hearing shall be afforded the party against whom relief is
sought." <u>See</u> Fed. R. Bankr. P. 9014(a).[5]  The notice and hearing requirements for contested
matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for
hearing are given in light of the particular circumstances. <u>See</u> 11 U.S.C. § 102(1)(A) (defining
"after notice and a hearing" or a similar phrase to mean such notice and an opportunity for a
hearing "as [are] appropriate in the particular circumstances").

24.        The Counterparties will not be prejudiced by the Rejection Procedures
because, prior to receipt of a Rejection Notice, such parties will have received advance notice of
the Debtors' intent to possibly reject their Lease or Contract by notice of this Motion.
Additionally, upon receipt of the Rejection Notice they will receive advance notice of the
effective date of the rejection.  <u>See, e.g.</u>, <u>In re Mid Region Petroleum, Inc.</u>, 111 B.R. 968, 970
(Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee
gave notice to lessor of intent to reject); <u>Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes,
Inc.)</u>, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by
clearly communicating intention to reject).  Additionally, in the case of unexpired leases of
nonresidential real property, the Debtors intend to vacate the premises upon the date specified in
the Rejection Notice, thereby allowing the Landlords to take possession of the property.  <u>See,
e.g.</u>, <u>Adelphia Bus. Solutions, Inc. v. Abnos</u>, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding
bankruptcy court did not abuse its discretion in finding balance of equities favored making

---

[5]        Bankruptcy Rule 9014 is made applicable to a motion to reject by Bankruptcy Rule 6006(a), which provides
that "[a] proceeding to … reject … an executory contract or unexpired lease, other than as part of a plan, is
governed by Rule 9014." Fed. R. Bankr. P. 6006(a).

rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as

tenant's action provided landlord with opportunity to relet premises); In re New Valley Corp.,

Case No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44-46 (D.N.J. Aug. 31, 2000) (holding

bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from

the date the court signed the order authorizing rejection to the date on which the debtor vacated

and the landlord exercised control over the property); In re Amber's Stores, 193 B.R. 819, 827

(Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition

date due to equities of the case where debtor turned over keys and vacated premises and served

motion to reject lease as soon as possible).

          25.     The Debtors submit that the proposed Rejection Procedures balance the

need for an expeditious reduction of burdensome costs to the Debtors' estates while providing

appropriate notice of the proposed rejection to the Counterparties.  The Rejection Procedures are

tailored to minimize potential administrative expenses, maximize the recovery for creditors in

these Chapter 11 Cases and, with respect to the Leases, return control of the affected premises to

the Landlords in a quick and efficient manner.

**C.      Compliance With Bankruptcy Rule 6006(f)**

          26.     Bankruptcy Rule 6006(f), in relevant part, requires that a motion to reject

multiple executory contracts or unexpired leases:

> (1) state in a conspicuous place that parties receiving the omnibus
> motion should locate their names and their contracts or leases
> listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding
> contract or lease;
>
> (3) specify the terms, including the curing of defaults, for each
> requested assumption or assignment;

(4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(6) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors will comply with the foregoing requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

27.    The Rejection Procedures satisfy Bankruptcy Rule 6006(f). The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of parties to the Contracts and Leases.  Counterparties must be able to locate their Contracts or Leases and readily determine whether their Contracts or Leases are being rejected.  Through the Rejection Procedures, the Debtors will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Assumption Notices and the Rejection Notices.

28.    Under the circumstances, given the substantial number of Contracts and Leases the Debtors may seek to assume or reject, obtaining Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estate that may decrease the economic benefits of rejection.  Therefore, the Debtors propose to: (a) streamline the process as set forth in the Rejection Procedures, consistent with applicable law, in order to minimize costs to the Debtors' estates and reduce the burden on the Court's docket while (b) protecting Counterparties to the Contracts and Leases by providing such parties with notice and the opportunity to object to the proposed assumption or rejection and setting a hearing for resolution of any such objections.

29.     Courts in this and other districts have approved substantially similar procedures in other cases.  See e.g., In re RadioShack Corp., Case No. 15-10197 (BLS) (Bankr. D. Del. Feb. 20, 2015); In re The Wet Seal, Inc., Case No. 15-10081 (CSS) (Bankr. D. Del. Feb. 5, 2015); In re Exide Technologies, Case No. 13-11482 (KJC) (Bankr. D. Del. July 11, 2013); In re LCI Holding Co., Inc., et al., Case No. 12-13319 (KG) (Bankr. D. Del. May 6, 2013); In re WP Steel Venture LLC, et al., Case No. 12-11661 (KJC) (Bankr. D. Del. June 21, 2012); In re The Great Atlantic & Pacific Tea Co., Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2011); In re Visteon Corp., et al., Case No. 09-11786 (CSS) (Bankr. D. Del. Jul. 16, 2009); In re Nortel Networks Inc., et al., Case No. 09-10138 (KG) (Bankr. D. Del. Mar. 20, 2009); In re Intermet Corp., Case No. 08-11859 (KG) (Bankr. D. Del. Aug. 20, 2008); In re Sun-Times Media Group, Inc., Case No. 09-11092 (CSS) (Bankr. D. Del. Apr. 28, 2009); In re Leiner Health Products, Inc., Case No. 08-10446 (KJC) (Bankr. D. Del. Apr. 7, 2008); In re Dura Auto. Sys., Inc., Case No. 06-11202 (KJC) (Bankr. D. Del. Dec. 22, 2006); In re Tower Auto., Inc., Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. Mar. 17, 2005); In re Cable & Wireless USA, Inc., Case No. 03-13711 (KJC) (Bankr. D. Del. Jan. 16, 2004); In re Wherehouse Entm't, Inc., Case No. 03-10224 (PJW) (Bankr. D. Del. Feb. 13, 2003).[6]

30.     Accordingly, the Debtors believe adoption of the Rejection Procedures is in the best interest of their estates.

### RESERVATION OF RIGHTS

31.     By the Motion, the Debtors are not seeking to assume or reject any Contract or Lease.  As such, the Court's authorization and approval of the Rejection Procedures

---

[6]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders, however, are available on request.

shall not be deemed to constitute postpetition rejection or assumption of any particular Contract or Lease pursuant to Bankruptcy Code section 365, regardless of whether or not the Debtors ultimately seek to reject such Contract or Lease in accordance with such procedures.  The Debtors are currently in the process of reviewing their Contracts and Leases and reserve all of their rights with respect thereto.

32.    Additionally, nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) an assumption of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365.

## NOTICE

33.    Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; (f) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; and (g) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

34.    No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief sought herein and such other and granting such other and further relief as may be just and proper.

Dated:    Wilmington, Delaware
            September 9, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/       Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li (*pro hac vice admission pending*)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons (*pro hac vice admission pending*)
Jessica Kumar (*pro hac vice admission pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
QUIKSILVER, INC., *et al.*,                                :    Case No. 15-11880 (___)
                                                           :
                                    Debtors.[1]            :    (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF REJECTION OF EXECUTORY CONTRACT
AND/OR UNEXPIRED LEASE**

**PLEASE TAKE NOTICE** that, on [__], 2015, the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order

[Docket No. [__]] (the "Order") on the motion, dated [____], 2015 (the "Motion"),[2] of

Quiksilver, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates,

"Quiksilver" or the "Company") for entry of an order, pursuant to sections 105, 365 and 554 of

title 11 of the United States Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy

Procedure, and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware authorizing and approving

procedures for the Debtors to reject executory contracts (the "Contracts") and unexpired leases

(the "Leases").

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
       Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
       (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
       Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors'
       corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or
       the First Day Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the Bankruptcy Court among other things authorized and approved procedures (the "Rejection Procedures") for the Debtors to reject Contracts and/or Leases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the Debtors hereby provide notice (this "Rejection Notice") of their intent to reject the Contract(s) and/or Lease(s) as set forth on Exhibit 1 attached hereto, effective as of the date set forth for each such Contract or Lease on Exhibit 1 (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Contract(s) and/or Lease(s), you must file and serve a written objection (an "Objection") so that such objection is filed with this Court and is actually received by the following parties (collectively, the "Objection Notice Parties") no later than fourteen (14) calendar days after the date the Debtors filed this Notice Of Rejection Of Executory Contract And/Or Unexpired Lease (the "Response Deadline"): (i) Quicksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities:  (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate

Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn:

Rich Prokosch, Vice President, Account Manager; (vii) agent for the Debtors' prepetition senior

unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode:

EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice

President, Account Manager; (viii) counsel to any committee appointed in these Chapter 11

Cases; (ix) any Counterparty to the affected Contract or Lease; and (x) any other parties in

interest who are required to be given notice pursuant to Bankruptcy Rule 2002.  Any Objection

must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

      **PLEASE TAKE FURTHER NOTICE** that, absent an objection being filed by

the Response Deadline in compliance with the Rejection Procedures, the rejection of such

Contract(s) and/or Lease(s) shall become effective on the Rejection Date without further notice,

hearing or order of this Court unless the Debtors withdraw this Rejection Notice on or prior to

the Response Deadline.

      **PLEASE TAKE FURTHER NOTICE** that, if a timely objection is filed that

cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection

(the "Rejection Motion Hearing").  If such objection is overruled or withdrawn, such Contract(s)

and/or Lease(s) shall be rejected as of the Rejection Date or such other date as the Debtors and

the counterparty to such Contract or Lease have agreed.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

3

**PLEASE TAKE FURTHER NOTICE** that, the counterparty to a Contract or Lease that is rejected pursuant to the Rejection Procedures is required to file a proof of claim for damages relating to the rejection of such Contract or Lease, if any, by the later of (i) 30 days after the Response Deadline, and (ii) any applicable claims bar date established in this Chapter 11 Case.

Dated:    Wilmington, Delaware
          [_____], [_____]

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/*_____
Van C. Durrer, II (I.D. No. 3827)
Annie Li (*pro hac vice admission pending*)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons (*pro hac vice admission pending*)
Jessica Kumar (*pro hac vice admission pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

4

**EXHIBIT 1**

**<u>Proposed Order</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                          :        Chapter 11
:
QUIKSILVER, INC., *et al.*,                     :        Case No. 15-11880 (___)
:
Debtors.[1]                  :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x        **Related Docket No. __**

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365(a) AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 9013-1 AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to

sections 105, 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the

"Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy

Rules"), authorizing and approving procedures for the Debtors to reject executory contracts (the

"Contracts") and unexpired leases (the "Leases"), as more fully set forth in the Motion; and upon

consideration of the First Day Declaration; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors'
corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or
the First Day Declaration.

and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice is necessary; and it appearing that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in

interest; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and upon all the proceedings had before the

Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      The following procedures (the "Rejection Procedures") are authorized and

approved in connection with the rejection of any Contract or Lease of the Debtors during the

Chapter 11 Cases as follows:

> (a)      Rejection Notice: The Debtors will file a notice to reject any Contract or Lease, pursuant to Bankruptcy Code section 365 (the "Rejection Notice"), which shall be substantially in the form of Exhibit A attached to the Motion.  With respect to Contracts or Leases other than Leases of real property (the "Real Property Leases" and Leases other than Real Property Leases, "Personal Property Leases"), the Rejection Notice shall set forth the following information, to the best the Debtors' knowledge, as applicable: (i) the Contract(s) or Personal Property Lease(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s) or Personal Property Lease(s) (the "Contract Counterparty"); (iii) a short description of the type of Contract(s) or Personal Property Lease(s); (iv) the proposed effective date of the rejection for each such Contract(s) or Personal Property Lease(s), which date may not be before the date of filing of the Rejection Notice (the "Contract Rejection Date").  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best the Debtors' knowledge, as applicable: (i) the street address of real property; (ii) the name and address of the landlord (the "Landlord" and, together with Contract Counterparty, the "Counterparty"); (iii) the

2

date on which the Debtors will vacate (or have vacated) the premises; and (iv) proposed effective date of the rejection for each such Real Property Lease(s), which date may not be before the earlier of (x) date of filing of the Rejection Notice and (y) the date the Debtors vacate the premises and turn over keys, key codes, and security codes, if any, to the affected Landlord (the "Real Property Lease Rejection Date" and together with the Contract/Lease Rejection Date, the "Rejection Date").

(b)     Service of the Rejection Notice: The Debtors will cause the Rejection Notice to be served by United States mail upon the following parties (the "Rejection Notice Parties"): (i) the Counterparty to the Contract or Lease, as applicable (and its counsel, if known), at the last known address available to the Debtors; (ii) with respect to Real Property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (v) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vii) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (ix) counsel to any committee appointed in these Chapter 11 Cases; and (x) any other parties in interest who are required to be given notice pursuant to Bankruptcy Rule 2002, advising such parties of the Debtors' intent to reject the specified Contract(s) and/or Lease(s), as well as the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

(c)     Objection Procedures: Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that such objection is filed with this Court and is actually received

by the following parties (the "<u>Objection Notice Parties</u>") no later than fourteen (14) calendar days after the date the Rejection Notice is filed: (i) Quicksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities:   (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (vii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) counsel to any committee appointed in these Chapter 11 Cases; (ix) any Counterparty to the affected Contract or Lease; and (x) any other parties in interest who are required to be given notice pursuant to Bankruptcy Rule 2002.  Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

(d)     <u>Event of No Objection</u>: Absent an objection being filed in compliance with subparagraph (c) of this paragraph within fourteen (14) calendar days after the date the Rejection Notice is filed, the rejection of such Contract(s) or Lease(s) shall be deemed authorized and approved, with such rejection to be effective as of the Rejection Date, without further notice, hearing or order of this Court unless the Debtors withdraw such Rejection Notice on or prior to the Rejection Date.  Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (the "<u>Remaining Property</u>") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and without waiver of any claim the Landlords may have against the Debtors.

(e)    <u>Unresolved Objections</u>: If a timely objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection (the "<u>Rejection Motion Hearing</u>"). If such objection is overruled or withdrawn, such Contract or Lease shall be rejected with the effective date of rejection to be the Rejection Date or such other dates as the Debtors and the Counterparty(s) have agreed.

(f)    <u>Rejection Damages Proofs of Claim</u>: Each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures is required to file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases. If no proof of claim is timely filed, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

(g)    <u>Treatment of Security Deposits</u>. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.    The form of Rejection Notice attached to the Motion as <u>Exhibit A</u> is hereby approved. The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

4.    The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.    Nothing in the Motion or Order shall be deemed to constitute the postpetition assumption or rejection of any executory contract or unexpired lease.

6.    The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

7.      The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Contracts and Leases.

8.      Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11.     Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume any Contract or Lease by separate motion.  Moreover, approval of the Rejection Procedures and this Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

770459-WILSR01A - MSW