## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

QUIKSILVER, INC., *et al.*,

                         Debtors.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:   Chapter 11
:
:   Case No. 15-11880 (___)
:
:   (Joint Administration Pending)
:
:   **Hearing Date: TBA**
:   **Objection Deadline: TBA**

## DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULES 6006 AND 9014 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND/OR CONTRACTS, IF SO LISTED, ON EXHIBIT A ATTACHED HERETO.**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), hereby move (this "Motion") the Court for entry of an order (the "Order"), pursuant to sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject, effective as of the date of the filing of this Motion, those certain executory contracts (the "Contracts" or "Separation Agreements") set forth on Exhibit A attached hereto. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

(the "First Day Declaration"),[2] filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.        The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C § 157(b).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.        The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 365.  Such relief is also warranted under Bankruptcy Rules 6006 and 9014.

3.        Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.        On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.      Quiksilver is one of the world's leading outdoor sports lifestyle companies.  The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**RELIEF REQUESTED**

9.        By this Motion, the Debtors request the entry of an Order under Bankruptcy Code sections 105(a) and 365(a) authorizing the Debtors to reject the Separation Agreements, effective as of the date of the filing of this Motion (the "Rejection Date").

10.        The Debtors currently are performing their review and evaluation of other executory contracts and unexpired leases and subleases that are not the subject of this Motion. As this process continues, the Debtors may identify additional executory contracts or leases to be assumed or rejected.  Accordingly, the Debtors reserve the right to seek to reject additional executory contracts and leases in the future.  This Motion should not be construed as a determination that any executory contracts and leases not listed herein are to be rejected.

11.        The relief requested herein should not (a) be construed as a request to assume, or for authority to assume, any executory contract or unexpired lease under section 365 of the Bankruptcy Code or otherwise, (b) waive, affect, or impair any of the Debtors' rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, (d) be otherwise enforceable by any third party other than the Banks, or (e) impair the Debtors' ability to contest or object to any claims, including rejection damages, asserted against the Debtors on any ground permitted by applicable law.

**BASIS FOR RELIEF**

12.        In an effort to advance the Chapter 11 process for the benefit of the estate and the orderly and the efficient administration of the Chapter 11 Cases, the Debtors and their

advisors have begun a detailed review and evaluation of executory contracts and unexpired leases and subleases.

13.     In connection with this process, and in an exercise of the Debtors' business judgment, the Debtors have determined that it is in the best interest of their estates, their creditors, and all parties in interest for the Debtors to reject the Separation Agreements on Exhibit A attached hereto.[3]  As more fully set forth below, these Separation Agreements are executory contracts, respectively, and are no longer of any utility to the Debtors because the value derived from the Separation Agreements does not exceed the costs and burdens associated with continued performance under them.

## APPLICABLE AUTHORITY

### A.    The Court Should Authorize Rejection of the Separation Agreements

14.     By this Motion, the Debtors seek authority to reject the Separation Agreements listed on Exhibit A to this Motion pursuant to, among other things, section 365 of the Bankruptcy Code.  Section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination to reject an executory contract or unexpired lease is governed by the "business judgment" standard.  In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that debtor's decision to reject is governed by business judgment standard and can only be overturned if decision was product of bad faith, whim, or caprice); In re MF

---

[3]    The Debtors do not waive, and expressly reserve, all of their rights with respect to the Contracts, including their right to object to any claims the counterparties to the Contracts may bring against the Debtors' estates on any ground permitted under the Bankruptcy Code and nonbankruptcy law.  Likewise, the Debtors do not waive, and expressly reserve, (i) any right to argue that a Contract is an unexpired lease and (ii) any rights the Debtors may have under applicable law to seek enforcement of release, noncompete, non-solicitation, and confidentiality terms under applicable law.

Global Holdings Ltd., 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012) ("Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate."); see also In re Market Square Inn, Inc., 978 F.2d 116, 121 (3d Cir. 1992) (assumption or rejection of lease "will be a matter of business judgment by the bankruptcy court"); Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989) (same criterion).  In applying the "business judgment" standard, courts show great deference to the debtor's decision to assume or reject. See Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject executory contract "should be granted as a matter of course").

15.     Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company.'"  Official Comm. of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).  The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing.  See Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

16.     The Separation Agreements are executory contracts under section 365 of the Bankruptcy Code, and in the Debtors' business judgment, their rejection is justified:

17.     <u>First</u>, each of the Separation Agreements constitute executory contracts. Pursuant to the Separation Agreements, the Debtors are subject to demands for the payment of severance or other related benefits to the counterparties of the Separation Agreements.[4]  Those counterparties, in turn, agree to various provisions that were previously beneficial to the Debtors, including releases as well as non-compete, non-solicitation and confidentiality clauses.[5]

18.     <u>Second</u>, the Debtors have satisfied the "business judgment" standard for rejecting the Separation Agreements.  As set forth in this Motion, and as further set forth in the First Day Declaration, the Separation Agreements are financially burdensome, no longer necessary for the Debtors' business operations, and otherwise without value to the Debtors and their estates.  Based upon these considerations – together with the Debtors' need and objective of maximizing and conserving value for their estates for the benefit of all their stakeholders – the Debtors have determined in their business judgment that it is in the best interests of their estates and all parties in interest that the Debtors should limit and no longer be subject to any financial or other ongoing burdens and obligations associated with the Separation Agreements.

**B.     Rejection Should Be Authorized As Of The Petition Date**

19.     The Debtors request that the Rejection Date be authorized as of the Petition Date – the date of the filing of this Motion.  While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts have held that bankruptcy courts may authorize rejection retroactive to a date prior to entry of the order authorizing rejection.  <u>See</u> <u>Republic Underwriters Ins. Co. v. DBSI Republic,</u>

---

[4]     The Debtors do not waive, and expressly reserve, any of their rights with respect to the Separation Agreements, including any right to argue that they are not required to provide certain benefits under applicable law.

[5]     Courts in this district have granted related relief.  <u>See</u> <u>In re Building Materials Holding Corporation</u>, Case No. 12074, 2009 WL 3984337 (Bankr. D. Del. July 14, 2009) (order approving rejection of severance agreements sought in omnibus rejection motion pursuant to section 365 of the Bankruptcy Court).

LLC (In re DBSI, Inc.), 409 B.R. 720, 734 (Bankr. D. Del. 2009) (providing that a bankruptcy court may enter a lease rejection order with an effective date earlier than the date the order is entered); BP Energy Co. v. Bethlehem Steel Corp., Case No. 02-6419, 2002 WL 31548723, at *2-3 (S.D.N.Y. Nov. 15, 2002) (finding that bankruptcy courts' equitable powers allow for retroactive rejection date of executory contracts when favored by "balance of equities"); In re CCI Wireless, LLC, 297 B.R. 133, 140 (D. Colo. 2003) (explaining "section 365 does not . . . prohibit selection of a retroactive date for rejection," and finding authority to "set the effective date of rejection at least as early as the filing date of the motion to reject."); see also In re CB Holding Corp., 448 B.R. 684, 685 (Bankr. D. Del. 2011) (explaining the Court granted the Debtors motion to reject nunc pro tunc to the petition date).  Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

   20. Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary administrative charges or related costs in connection with Separation Agreements that do not provide a benefit to the estate that is equal to or greater than the cost to the estate.  Moreover, the counterparties to the Separation Agreements will not be unduly prejudiced if the rejection is deemed effective as of the Rejection Date because they will receive notice of this Motion and have sufficient opportunity to act accordingly.  Accordingly, the Debtors respectfully submit that it is fair and equitable for the Court to find that the Separation Agreements are rejected as of the Rejection Date, particularly where, as here, retroactive rejection of the Separation Agreements promotes the purposes of section 365 by relieving the estate of additional and unnecessary administrative expenses and other detrimental costs.

## RESERVATION OF RIGHTS

21.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) an assumption of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365.

## NOTICE

22.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; (f) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; and (g) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m).  Notice of this Motion shall also be given to counterparties to the Contracts identified on Exhibit A to this Motion.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:    Wilmington, Delaware
          September 9, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/      Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li (*pro hac vice admission pending*)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons (*pro hac vice admission pending*)
Jessica Kumar (*pro hac vice admission pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

**EXHIBIT A**

**Rejected Contracts and Leases**

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Alvarez, Patricia | Quiksilver, Inc. | Employment | Agreement between Patricia Alvarez and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 2/25/14 | Petition Date |
| Barnes, Maria | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation Agreement between Maria Barnes and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 3/19/15 | Petition Date |
| Bond, David | Quiksilver, Inc. | Employment | Agreement between David Bond and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 9/9/13 | Petition Date |
| Brown, Brigitte | QS Wholesale, Inc. | Separation from Employment | Separation Agreement between Brigitte Brown and QS Wholesale, Inc., including any related addenda, schedules or attachments thereto. | 2/9/15 | Petition Date |
| Chang, Wei-En | QS Wholesale, Inc. | Separation from Employment | Separation Agreement between Wei-En Chang and QS Wholesale, Inc., including any related addenda, schedules or attachments thereto. | 12/1/14 | Petition Date |

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Colby, Robert O. | Quiksilver, Inc. and/or any of its affiliates | Separation from Employment | Separation Agreement between Robert O. Colby and Quiksilver, Inc., and/or any of its affiliated or related entities, including any related addenda, schedules or attachments thereto. | 2/6/15 | Petition Date |
| Devoy, Liam | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Liam Devoy and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 12/9/14 | Petition Date |
| Drake, Nicholas | Quiksilver, Inc. and/or any of its affiliates | Separation from Employment | Separation Agreement between Nicholas Drake  and Quiksilver, Inc., and/or any of its affiliates, including any related addenda, schedules or attachments thereto. | 9/11/14 and revised 10/8/14 | Petition Date |
| Exon, Charles S. | Quiksilver, Inc. | Separation from Employment | Retirement and Transition Agreement between Charles S. Exon and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 10/31/14 | Petition Date |

2

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Finney, Steve | Quiksilver and QS Retail, Inc. | Employment | Agreement between Steve Finney and Quiksilver and QS Retail, Inc., including any related addenda, schedules or attachments thereto. | 4/15/13 | Petition Date |
| Fullerton, Scott | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Scott Fullerton and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 3/20/15 | Petition Date |
| Gobright, Pam | Quiksilver, Inc. | Employment | Agreement between Pam Gobright and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 3/24/14 | Petition Date |
| Graham, John | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between John Graham and Quiksilver  and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 4/1/15 | Petition Date |

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Graham, Kelley | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Kelley Graham and Quiksilver  and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 5/1/15 | Petition Date |
| Gregg, Debi | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Debi Gregg and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 9/10/14 | Petition Date |
| Hardy, Alan | Quiksilver, DC and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Alan Hardy and Quiksilver, DC and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 4/22/15 | Petition Date |
| Hartge, Tom | Quiksilver, Inc. and/or any of its affiliated or related entities | Separation from Employment | Separation Agreement between Tom Hartge  and Quiksilver, Inc., and/or any of its affiliated or related entities, including any related addenda, schedules or attachments thereto. | 7/23/15 | Petition Date |

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Holman, Brad | Quiksilver, Inc. and/or any of its affiliates | Separation from Employment | Separation and Transition from Employment Agreement between Brad Holman and Quiksilver, Inc., and/or any of its affiliates, including any related addenda, schedules or attachments thereto. | 10/10/14 and revised 10/16/14 | Petition Date |
| Jackson, Deanna | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Deanna Jackson and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 3/19/15 | Petition Date |
| Ketner, Kelly | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Kelly Ketner and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 7/21/15 | Petition Date |
| Kutsch, Jennifer | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Jennifer Kutsch and Quiksilver  and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 3/20/15 | Petition Date |

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Lifford, Pam | QS Wholesale, Inc. | Separation from Employment | Separation Agreement between Pam Lifford and QS Wholesale, Inc., including any related addenda, schedules or attachments thereto. | 9/18/14 | Petition Date |
| Lott, Darren | QS Wholesale, Inc. | Separation from Employment | Separation Agreement between Darren Lott and QS Wholesale, Inc., including any related addenda, schedules or attachments thereto. | 10/29/14 | Petition Date |
| Love, Viki | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation Agreement between Viki Love and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 7/22/15 | Petition Date |
| Oberschelp, Robert | Quiksilver, Inc. | Employment | Agreement between Robert Oberschelp and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 10/2/13 | Petition Date |
| O'Neil, Joseph | Quiksilver, Inc. | Employment | Agreement between Joseph O'Neil and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 3/27/14 and revised 4/6/14, 4/6/14, and 4/21/14 | Petition Date |

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Mazzone, Kerstin N. | Quiksilver, Inc. and/or any of its affiliated or related entities | Separation from Employment | Separation Agreement between Kerstin N. Mazzone and Quiksilver, Inc., and/or any of its affiliated or related entities, including any related addenda, schedules or attachments thereto. | 9/25/14 and revised 10/16/14 | Petition Date |
| McKnight, Jr., Robert B. | Quiksilver, Inc. | Separation from Employment | Retirement Agreement between Robert B. McKnight, Jr. and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 10/31/14 | Petition Date |
| Mooney, Andrew P. | Quiksilver, Inc. and/or any of its affiliated or related entities | Separation from Employment | Separation Agreement between Andrew P. Mooney and Quiksilver, Inc., and/or any of its affiliated or related entities, including any related addenda, schedules or attachments thereto. | 3/26/15 | Petition Date |
| Schreiber, Chris | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Chris Schreiber and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 6/2/15 | Petition Date |

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Stern, Lance | Quiksilver, Inc. and/or any of its affiliates | Separation from Employment | Separation and Transition from Employment Agreement between Lance Stern and Quiksilver, Inc., and/or any of its affiliates, including any related addenda, schedules or attachments thereto. | 2/24/15 | Petition Date |
| Swokowski, Steve | Quicksilver and Quiksilver, Inc. | Employment | Agreement between Steve Swokowski and Quicksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 9/26/11 and revised 10/5/11 | Petition Date |
| Vickers, Alan | Quiksilver, Inc. and/or any of its affiliated or related entities | Separation from Employment | Separation Agreement between Alan Vickers and Quiksilver, Inc., and/or any of its affiliated or related entities, including any related addenda, schedules or attachments thereto. | 4/1/15 | Petition Date |
| Vollmer, George | Quicksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between George Vollmer and Quicksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 9/25/14 and revised 12/10/14 | Petition Date |

8

| Contract Counterparty | Debtor Counterparty | Category | Contract Description | Date of Contract | Rejection Date |
|---|---|---|---|---|---|
| Webster, Thomas | Quiksilver and Quiksilver, Inc. | Separation from Employment | Separation and Transition from Employment Agreement between Thomas Webster and Quiksilver and Quiksilver, Inc., including any related addenda, schedules or attachments thereto. | 11/3/14 and revised 1/16/15 | Petition Date |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
QUIKSILVER, INC., et al.,                 :    Case No. 15-11880 (____)
                                          :
                         Debtors.[1]      :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    Related Docket No. __
```

### FIRST OMNIBUS ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULES 6006 AND 9014 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order"), pursuant to Bankruptcy Code sections 105 and 365 and Bankruptcy Rules 6006 and 9014, authorizing the Debtors to reject, effective as of the date of the filing of the Motion, the Contracts set forth on Exhibit A to the Motion; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED.

2.      In accordance with Bankruptcy Code section 365, the Contracts identified on <u>Exhibit A</u> to the Motion are deemed rejected effective as of the date of the filing of the Motion (the "<u>Rejection Date</u>"), which is the Petition Date.

3.      Any counterparty asserting a claim for rejection damages relating to the rejection of the Contracts shall file a proof of claim for rejection damages by the later of (a) thirty (30) days following the entry of this Order or (b) the applicable bar date established by the Court in the Debtors' Chapter 11 Cases.

4.      The Debtors reserve their rights to assume, assign or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights.

5.      The Debtors reserve their rights to challenge any alleged administrative or other claim on any ground that applicable nonbankruptcy law and/or the Bankruptcy Code provide, including, but not limited to, the right to challenge any amount or administrative priority of any claim relating to the Contracts.

6.      This Order is without prejudice to any rights the Debtors may have under applicable law to seek enforcement of release, noncompete, non-solicitation, and confidentiality terms.

7.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

2

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2015


_____
UNITED STATES BANKRUPTCY JUDGE