IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
: 
                Debtors.[1] : (Joint Administration Pending)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF IAN FREDERICKS IN SUPPORT OF THE DEBTORS' MOTION
FOR INTERIM AND FINAL ORDERS PURSUANT TO BANKRUPTCY CODE
SECTIONS 105, 363, 365, AND 554 AND BANKRUPTCY RULES 6003 AND 6004 (I)
AUTHORIZING THE DEBTORS TO ASSUME THE AGREEMENTS;
(II) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING
OR SIMILAR THEMED SALES, WITH SUCH SALES TO BE FREE AND CLEAR
OF ALL LIENS, CLAIMS AND ENCUMBRANCES; AND (III) AUTHORIZING
CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING STORE LOCATIONS**

I, Ian Fredericks, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am Senior Vice President – Strategic Growth/Client Development and Chief Legal Officer of Hilco Merchant Resources, LLC ("Hilco"), located at 5 Revere Drive, Suite 206, Northbrook, Illinois.

2. I submit this declaration ("Declaration") in support of the Debtors' *Motion For Interim and Final Orders Pursuant to Bankruptcy Code Sections 105, 363, 365, and 554 and Bankruptcy Rules 6003 and 6004 (I) Authorizing the Debtors to Assume the Agreements; (II) Authorizing and Approving the Conduct of Store Closing or Similar Themed Sales, With Such*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

*Sales to be Free and Clear of all Liens, Claims and Encumbrances; and (III) Authorizing Customary Bonuses to Employees of Closing Store Locations* (the "Motion").

3. The facts set forth in my Declaration are based upon my personal knowledge, information, and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of Hilco or Hilco Trading, LLC, Hilco's parent company and managing member, under my supervision and direction. If called as a witness, I would testify to the facts set forth in this Declaration. I am authorized by the Debtors to submit this Declaration.

4. In the ordinary course of its business, Hilco and its affiliates maintains a database for purposes of performing "conflicts checks." The database contains information regarding its present and past representations and transactions. I obtained a list of each of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which Hilco or its affiliates has with such entities. Hilco's search of the database identified the connections listed on the attached **Schedule 1**.

**[SIGNATURE PAGE FOLLOWS]**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 9, 2015

By: */s/ Ian S. Fredericks*
Name: Ian S. Fredericks
Title: SVP & CLO

## Schedule 1

### Disclosures

a. Prior to the Petition Date (as defined in the Motion), a joint venture in which Hilco was a participant was engaged (as of September 4, 2015) by Debtor QS Retail, Inc. ("QS Retail") to serve as a retail inventory and fixture ("FF&E") agent on a fee basis for purposes of conducting store closing or similar themed sales, which engagement is the subject of the Motion to which this declaration relates.

b. Prior to the Petition Date, a joint venture in which Hilco was a participant was engaged (as of June 8, 2015) by QS Retail to serve as a retail inventory and fixture agent on a fee basis for purposes of conducting certain "pop-up" store inventory/FF&E promotional sales. Such engagement remains ongoing as of the date hereof and is also the subject of the Motion to which this declaration relates.

c. Prior to the Petition Date, in connection the engagement described in (b) above, Hilco, QS Retail, and Tico Group, LLC entered into a staffing agreement, dated as of June 30, 2015, with respect to the personnel working in the "pop-up stores" and determined the roles, obligations, and responsibilities of such parties in connection with the "pop-up stores."

d. In connection with the engagement described in (b) above, an affiliate of Hilco, Hilco Real Estate, LLC, assisted QS Retail with identifying possible locations for the "pop-up" stores and negotiating agreements to open the "pop-up stores" with the landlords for such locations.

e. Prior to the Petition Date, an affiliate of Hilco, Hilco Enterprise Valuation Services, LLC ("EVS") was engaged to by the following entities to perform appraisals and/or valuations of various assets and aspects of the Debtors' businesses: (i) in 2009, JP Morgan Chase & Co.; (ii) in 2010, Bank of America/Merril Lynch; (iii) in 2013, Bank of America Retail Finance; and (iv) in 2015, Oaktree Capital Management and Centerbridge Partners.