IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | **Related Docket No. 9** |

---

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING THE DEBTORS TO (I) MAINTAIN CUSTOMER PROGRAMS AND (II) HONOR OR PAY RELATED PREPETITION OBLIGATIONS

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") (i) authorizing the Debtors to maintain and administer the Customer Programs and honor the Customer Obligations in the ordinary course of business and in a manner consistent with past practice, (ii) authorizing the Debtors to continue, replace, implement, modify and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further application to the Court, (iii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing, and (iv) granting related relief; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, in their sole discretion, to maintain and administer the Customer Programs and honor prepetition Customer Obligations related thereto in the ordinary course of business and in a manner consistent with past practice.

3. The Debtors are authorized to continue, replace, implement, modify, and/or terminate any of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further application to the Court.

4. The credit card companies, internet vendors, and check processors used by the Debtors are authorized to offset chargebacks, returns, and processing fees on account of customer purchases in the ordinary course of business, whether such purchases were made prior to or after the Petition Date.

5. All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay all prepetition and postpetition checks, drafts, and other forms of payment, including fund transfers, on account of the Customer Obligations, whether such checks or other requests were submitted prior to or after the Petition Date.

6. The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order, and any such bank shall not have any liability to any

party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

7. The Debtors' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Customer Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this Order or for inadvertently failing to follow such direction.

8. To the extent the Debtors have not yet sought to remit payment on account of the Customer Obligations, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Customer Obligations.

9. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Customer Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

10. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute a Customer Obligation; or (v) the assumption of any contract.

11. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of any Customer Program or Customer Obligation.

12. Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these Chapter 11 Cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral). To the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the relief requested in the Motion.

14. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

15. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
_Sept 10_, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

771302.02-WILSR01A - MSW