IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re:                        :   Chapter 11
                              :
QUIKSILVER, INC., *et al.*,   :   Case No. 15-11880 (BLS)
                              :
                  Debtors.[1] :   (Jointly Administered)
                              :
------------------------------x   **Related Docket No. 13**

### ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363(b), 507(a), 541, 1107(a) AND 1108, AND BANKRUPTCY RULES 6003 AND 6004

Upon the motion (the "Motion")[2] of the Debtors for an order (the "Order"), pursuant to Bankruptcy Code sections 105(a), 363(b), 507(a), 541, 1107(a) and 1108, and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, certain prepetition taxes and related obligations and (ii) authorizing and directing the Debtors' banks and financial institutions to receive, process, honor and pay all checks, drafts, transfers or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date in respect of the foregoing; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized, but not directed, to pay all Taxes owing to the Taxing Authorities in the ordinary course of their businesses, whether arising or accrued prior to or after the Petition Date.

3. All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Taxes, whether such checks or other requests were submitted prior to or after the Petition Date.

4. The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

5. The Debtors' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Taxes that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such direction.

6. To the extent the Debtors have not yet sought to remit payment on account of the Taxes, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Taxes.

7. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Taxes to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Taxing Authority.

9. Nothing in the Motion or the Order shall be construed as impairing the Debtors' right to contest the validity, priority or amount of any Taxes allegedly due or owing to any Taxing Authority, and all of the Debtors' rights with respect thereto are hereby reserved.

10. Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12. Notwithstanding Bankruptcy Rule 6004(h), the Order shall be effective and enforceable immediately upon entry hereof.

13. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
Sept 10, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE