IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
QUIKSILVER, INC., *et al.*,        :    Case No. 15-11880 (BLS)
                                   :
                    Debtors.[1]    :    (Jointly Administered)
                                   :
---------------------------------- x    Related Docket No. 14

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) 363(b), 503(b), 506, 1107 AND 1108 AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING PAYMENT OF CERTAIN PREPETITION SHIPPING CHARGES AND IMPORT/EXPORT CHARGES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to Bankruptcy Code sections 105(a), 363(b), 503(b), 506, 1107 and 1108 and Bankruptcy Rules 6003 and 6004, authorizing, but not directing, the Debtors to pay (i) certain prepetition shipping, warehousing, and related charges (the "Shipping Charges") and (ii) certain prepetition customs duties, detention and demurrage fees, tariffs and excise taxes, freight forwarding or consolidation charges and other similar obligations (the "Import/Export Charges"); and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Subject to paragraph 4, the Debtors are authorized, but not directed, to make such payments, either directly or indirectly, to the Distribution Vendors for the obligations owing in respect of the Shipping Charges as the Debtors determine, in the exercise of their business judgment, are necessary or appropriate to (a) the Debtors' operations, including the delivery, distribution or sale of the Debtors' goods to customers or vendors; or (b) satisfy liens, if any, in respect of amounts owed to such Distribution Vendors. The Debtors are authorized, but not directed, to pay the Shipping Charges, in the ordinary course of business, in an aggregate amount of up to $2,000,000, without prejudice to seek additional relief on an emergency basis.

3. The Debtors are authorized, but not directed, to make payments directly or indirectly to the Import/Export Providers for obligations owing in respect of the Import/Export Charges as the Debtors determine, in the exercise of their business judgment, are necessary or appropriate to the Debtors' operations, including the delivery, distribution or sale of the Debtors' goods to customers or vendors. The Debtors are authorized, but not directed, to pay the Import/Export Charges, in the ordinary course of business, in an aggregate amount of up to $1,500,000, without prejudice to seek additional relief on an emergency basis.

4. The Debtors are authorized, in their sole discretion to pay the Shipping Charges on the following terms and conditions:

    (a) The Debtors, in their sole discretion, shall determine which parties, if any, are entitled to payment under this Order subject to the limits imposed on the aggregate payments authorized to be made under this Order;

2

(b) If a party accepts payment under this Order, such party is deemed to have agreed to (i) release any liens it may have on the Debtors' goods or property provided, however, that should such party fail promptly to release such lien and/or interest upon payment by the Debtors, any such lien and/or interest shall be deemed released and expunged, without necessity of further action, and this Order, together with proof of payment, shall be all that is required to evidence such release and expungement, and (ii) subject to subparagraph (d) below, continue to provide goods or services to the Debtors on Customary Trade Terms during the pendency of these Chapter 11 Cases, provided, however, that in the Debtors' business judgment, such Customary Trade Terms are no less favorable than those trade terms, if any, in effect between the Distribution Vendors and the Debtors during the 180 days preceding the Petition Date. "Customary Trade Terms" means (i) the most favorable trade terms and conditions, including credit terms, in effect between the Distribution Vendor and the Debtors during the 180 days preceding the Petition Date[3] or (ii) such other trade terms as the Debtors and the Distribution Vendor may mutually agree upon;

(c) Subject to subparagraph (d), if a party accepts payment under this Order and thereafter does not continue to provide goods or services to the Debtors on the Customary Trade Terms during the pendency of these Chapter 11 Cases, then (i) any payment on a prepetition claim received by such party shall be deemed to be an unauthorized voidable postpetition transfer under Bankruptcy Code Section 549 and, therefore, recoverable by the Debtors in cash upon written request and (ii) subject to subparagraph (f) below, upon recovery by the Debtors, any such prepetition claim shall be reinstated as if the payment had not been made, less the Debtors' reasonable costs in recovering such amounts;

(d) In the event of the assertion of a possessory lien against the Debtors' property that prevents the Debtors from accessing their property without payment of the prepetition claim giving rise to the lien, the Debtors may pay the claim without regard to subparagraphs (b)(ii) and (c) above; and

(e) Prior to paying a prepetition claim under this Order, the Debtors may, in their absolute discretion, settle all or part of such claim for

---

[3] In the event the relationship between the party accepting payment under this Order and the Debtors does not extend to 180 days preceding the Petition Date, the Customary Trade Terms shall mean the terms that the party generally extends to its customers or such terms as are acceptable to the Debtors in the reasonable exercise of their business judgment.

3

less than its face amount without further notice or hearing. In any event, the Debtors may elect to only pay part of a prepetition claim under the authorization granted, leaving the remainder of the claim to be addressed pursuant to their plan of reorganization.

5.   Should the Debtors seek to recover payments under paragraph 4(c) of this Order, nothing in this Order shall preclude a party from contesting such treatment by making a written request (the "Request") to the Debtors to schedule a hearing before this Court. If such a Request is made, the hearing on the Request will be the next scheduled hearing date not less than thirty (30) days after the Debtors received the Request, of which hearing the Debtors will provide notice to the requesting party and other interested parties in accordance with the Bankruptcy Code and the orders of this Court.

6.   All applicable banks and other financial institutions are authorized to rely on the Debtors' direction to pay amounts in accordance with this Order provided that there are sufficient good funds standing to the Debtors' credit in the applicable accounts to make the payments and all applicable banks shall not have any liability to any party for relying on the Debtors' direction.

7.   All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Subject Charges, whether such checks or other requests were submitted prior to or after the Petition Date.

8.   The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any

party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

9. The Debtors' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Subject Charges that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such direction.

10. To the extent the Debtors have not yet sought to remit payment on account of the Subject Charges, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Subject Charges and other payments contemplated by this Order.

11. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Subject Charges to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

12. The authority granted by this Order to pay certain claims shall not be construed as: (a) an admission by the Debtors as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise by the Debtors to pay any claim; (d) an implication or admission by the Debtors that any particular claim would constitute a Subject Charge; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code Section 365; or (f) otherwise affect the Debtors' rights under Bankruptcy Code Section 365 to assume or reject any executory contract with any party subject to this Order.

13. Neither the Debtors nor their officers, directors, attorneys or agents shall have any liability on account of any decision by the Debtors not to pay a Subject Charge, and nothing contained in this order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect a Subject Charge to the extent it is not paid.

14. Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Distribution Vendors or the Import/Export Providers, including the Debtors' rights to (a) cancel or contest any invoice on any grounds, or (b) decline the acceptance of goods and services.

15. Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

16. This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

17. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
       Sept 10, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE