IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:
In re:                              :    Chapter 11
                                    :
QUIKSILVER, INC., *et al.*,         :    Case No. 15-11880 (BLS)
                                    :
                    Debtors.[1]     :    (Jointly Administered)
                                    :
------------------------------------x    Related Docket No. 10

**ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF ORDER PURSUANT TO SECTION 156(c) OF TITLE 28 OF THE UNITED STATES CODE, BANKRUPTCY CODE SECTION 105(a), BANKRUPTCY RULE 2002, AND LOCAL BANKRUPTCY RULE 2002-1(f) AUTHORIZING DEBTORS TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of order (this "Order") pursuant to 28 U.S.C. § 156(c), Bankruptcy Code Section 105(a) Bankruptcy Rule 2002, and Local Bankruptcy Rule 2002-1(f), authorizing Debtors to employ and retain Kurtzman Carson Consultants LLC ("KCC") as Claims and Noticing Agent *nunc pro tunc* to the petition date, all as more fully set forth in the Application; and upon the First Day Declaration; and upon the Gershbein Affidavit; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to employ and retain KCC as Claims and Noticing Agent, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and the Services Agreement.

3. KCC is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, in each case as described in the Application and the Services Agreement.

4. KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk's Office with a certified duplicate thereof upon the request of the Clerk's Office.

5. KCC is authorized to take such other action to comply with all duties set forth in the Application and the Services Agreement.

6. The Debtors are authorized to compensate KCC, subject to compliance with any order of this Court approving the Debtors' (i) entry into their postpetition financing and (ii) use of cash collateral (each a "<u>Financing Order</u>") and any budget approved thereunder (the "<u>Budget</u>"), in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or

otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. KCC shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices for services rendered by KCC in its capacity as Claims and Noticing Agent on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee appointed in these cases, counsel to the agent under the Debtors' prepetition revolving loan facility and postpetition debtor-in-possession revolving loan facility (the "DIP ABL Facility"), and any party who specifically requests service of the monthly invoices.

8. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC under this Order shall be administrative expenses of the Debtors' estates.

9. KCC may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter KCC may hold its retainer under the Services Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

10. Notwithstanding any provision in the Services Agreement, the Debtors shall indemnify KCC solely to the extent set forth below:

> (i) Subject to the provisions of subparagraphs (iii) and (iv) below, the Debtors shall indemnify KCC for any Losses arising from, related to or in connection with their performance of the services described in the Services Agreement;
>
> (ii) KCC shall not be entitled to indemnification, contribution, or reimbursement for services other than the services to be provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

 (iii) Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense that is either (a) judicially determined (the determination having become final) to have arisen from that person's gross negligence or willful misconduct; (b) for a contractual dispute in which the Debtors allege breach of KCC's contractual obligations under the Services Agreement unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by the Application and Order;

 (iv) If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing this chapter 11 case, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including without limitation the advancement of defense costs, KCC must file an application before this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (iv) is intended only to specify the period of time under which the court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution or reimbursement. For the avoidance of doubt, payment on account of any such indemnification, contribution or reimbursement shall be subject to any Financing Order and the Budget.

11. Notwithstanding anything in the Services Agreement to the contrary, KCC's liability shall not be limited to (i) the total amount billed or billable to the Debtors for the portion of the particular work which gave rise to the loss or damage, nor (ii) the total amount

billed to the Debtors and paid to KCC for the services contemplated under the Services Agreement.

12. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

13. In the event KCC is unable to provide the claims and noticing services set forth in this order, KCC will immediately notify the Clerk's Office and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk's Office and Debtors' attorney.

14. The Debtors and Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. KCC shall not cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of the Court; <u>provided, however</u>, that KCC may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the Office of the United States Trustee, counsel to the agent under the DIP ABL Facility, and any official committee of creditors appointed in these cases by facsimile or overnight delivery.

16. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall be subject to the same limitations and restrictions as are provided for under any Financing Order and the Budget. To the extent there is

any conflict between this Order and any Financing Order or the Budget, the terms of such Financing Order or the Budget shall control.

17. In the event of any inconsistency between the Services Agreement, the Application and the Order, the Order shall govern.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware

Sept 10, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE