IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------- x  **Related Docket No. 15**

### INTERIM ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363(b), 1107(a), AND 1108 AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING PAYMENT OF CRITICAL VENDORS

Upon the motion (the "Motion")[2] of the Debtors for interim and final orders, pursuant to sections 105(a), 363(b), 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing, but not directing, the Debtors (i) to pay, in the ordinary course of business, the prepetition claims of certain critical vendors and (ii) directing financial institutions to honor all related checks and electronic payment requests; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtors are hereby authorized but not required to pay, in their sole discretion, without further order of the Court, the Critical Vendor Claims. Notwithstanding the foregoing, payments on account of Critical Vendor Claims shall not exceed $30 million without further order of this Court.

3. The Debtors shall undertake appropriate efforts to cause the Critical Vendors to enter into Trade Agreements with the Debtors substantially in the form of the letter annexed as Exhibit A to the Motion as a condition to payment of their Critical Vendor Claims.

4. The Debtors are authorized, in their sole discretion, to make payment on account of Critical Vendor Claims in the absence of a Trade Agreement after the Debtors have undertaken appropriate efforts to cause the Critical Vendor to execute a Trade Agreement and if the Debtors determine, in their sole discretion, that failure to pay the Critical Vendor Claim presents a material risk of irreparable harm to the Debtors' business and the Debtors and the Critical Vendor mutually agree on trade terms.

5. If a Critical Vendor refuses to supply goods and/or services to the Debtors on Temporary Trade Terms following receipt of payment on its Critical Vendor Claim or fails to comply with any Trade Agreement entered into by such Critical Vendor and the Debtors, the Debtors may, in their sole discretion, and without further order of the Court, (i) declare that any Trade Agreement between the Critical Vendor and the Debtors is terminated and (ii) declare that payments made to the Critical Vendor on account of its Critical Vendor Claim be deemed to have been made in payment of then-outstanding postpetition claims of such Critical Vendor without further order of this Court or action by any person or entity. In the event that such events occur, a Critical Vendor shall then immediately repay to the Debtors any payment made

to it on account of its Critical Vendor Claim to the extent that payments on account of such Critical Vendor Claim exceed the postpetition claims of such Critical Vendor then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or section 503(b)(9) claims, or otherwise.

6. The Debtors may, in their sole discretion, reinstate a terminated Trade Agreement if (i) such determination is subsequently reversed by this Court after notice and a hearing following a motion by the Critical Vendor, for good cause shown, that the determination was materially incorrect; (ii) the underlying default under the Trade Agreement was fully cured by the Critical Vendor not later than five (5) business days following the Debtors' notification to the Critical Vendor that a default had occurred; or (iii) the Debtors, in their discretion, reach a favorable alternative agreement with the Critical Vendor.

7. All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Critical Vendor Claims, whether such checks or other requests were submitted prior to or after the Petition Date.

8. The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

9. The Debtors' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the

Critical Vendor Claims that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such direction.

10. To the extent the Debtors have not yet sought to remit payment on account of the Critical Vendor Claims, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Critical Vendor Claims.

11. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Critical Vendor Claims to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

12. Notwithstanding anything to the contrary contained herein, the relief granted in this Interim Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

13. The Final Hearing, if necessary, on the Motion is scheduled for October 6, 2015 at 10:00 a.m. (prevailing Eastern time), and any objections or responses to the Motion (each, an "Objection") shall be filed and served upon the Notice Parties so that the Objection is <u>actually</u> <u>received</u> by 4:00 p.m. (prevailing Eastern time) on the day that is fourteen (14) days following the Petition Date.

14. If no Objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

15. The provisions contained herein shall not be construed to limit, or in any way affect, the Debtors' ability to contest any claims, including any Critical Vendor Claims, on any ground permitted by applicable law, and neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits.

16. Nothing in this order supersedes or shall be deemed to supersede any limitations, restrictions, covenants, or other obligations of the Debtors under any interim or final order authorizing and approving any postpetition debtor-in-possession financing.

17. Nothing in this order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

18. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

19. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

20. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an Objection, pending the entry of the Final Order by this Court.

21. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
       Sept 10, 2015

                                HONORABLE BRENDAN L. SHANNON
                                CHIEF UNITED STATES BANKRUPTCY JUDGE