# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
                  Debtors.[1] : (Jointly Administered)
:
------------------------------x   Related Docket No. 12

## INTERIM ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE AND (IV) SCHEDULING A FINAL HEARING

Upon the motion (the "Motion")[2] of the Debtors for (A) an interim order (this "Interim Order"), pursuant to Bankruptcy Code sections 105(a) and 366 and Bankruptcy Rules 6003 and 6004, (i) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies; (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; (iii) prohibiting the Utility Companies from altering, refusing or discontinuing service to, or discriminating against, the Debtors solely on the basis of (a) the commencement of the Chapter 11 Cases, (b) a debt that is owed by the Debtors for services rendered prior to the Petition Date or (c) on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance; and (iv) scheduling a

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

hearing on the Motion to consider granting the relief requested herein on a final basis (the "Final Hearing"); and (B) a final order granting the relief requested herein on a final basis (the "Final Order"), all as more fully described in the Motion; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Proposed Adequate Assurance constitutes "adequate assurance of payment" for purposes of Bankruptcy Code section 366.

3. Within twenty (20) days after the Petition Date, the Debtors will (i) establish a newly-created, interest-bearing, segregated account (the "Utility Deposit Account") and (ii) for each Utility Company listed on the Utility Company List, place a deposit for each Utility Company equal to approximately two (2) weeks of Utility Services (the "Utility Deposit") into such Utility Deposit Account, provided, however, that no Utility Deposit shall be made for any Utility Company that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services. In addition, if a Utility Company holds a deposit or prepayment that is less than two weeks of Utility Services, the portion of the Utility Deposit for that Utility Company shall be reduced by the amount of any prepetition deposit or prepayment.

4. Except as the amount may be reduced by application of the provisions of this Interim Order, the Utility Deposit in the amount of approximately $165,000 shall be

2

deposited in the Utility Deposit Account within twenty (20) days after the Petition Date and shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

5.  The Debtors may reduce the Utility Deposit to the extent that it includes an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their sole discretion, should be removed from the Utility Company List or (ii) that is already being held by a Utility Company as a deposit or prepayment in excess of unpaid charges for pre-petition utility service.

6.  The following procedures (the "Adequate Assurance Procedures") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on an interim basis:

    (a)  Within five (5) business days after the date of entry of this Interim Order, the Debtors will mail a copy of this Interim Order to the Utility Companies on the Utility Company List.

    (b)  If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) Quiksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) counsel to the agent for the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) agent for the Debtors' prepetition senior secured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (vii) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, Mailcode: EP-MN-WS3C, 60 Livingston Ave., St. Paul, MN 55107-2292, Attn: Rich Prokosch, Vice President, Account Manager; (viii) counsel to any committee appointed in these

Chapter 11 Cases; and (ix) the parties listed in the consolidated list of the thirty (30) largest unsecured creditors as filed by the Debtors in the Chapter 11 Cases or if any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee (collectively, the "Adequate Assurance Notice Parties").

(c)     Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history to such Utility Company, including whether the Utility Company holds any deposits or other security, and, if so, in what amount; (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and (vi) be served upon the Adequate Assurance Notice Parties in the manner set forth above.

(d)     Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have until the later of (i) twenty (20) days from the receipt of such Additional Assurance Request and (ii) thirty (30) days from the Petition Date (the "Resolution Period") to negotiate with the requesting Utility Company and resolve its Additional Assurance Request.

(e)     The Debtors may resolve any Additional Assurance Request, Objection or Determination Motion (as defined below) by mutual agreement with the Utility Company and may, in connection with any such agreement, modify the amount contributed to the Utility Deposit Account for the benefit of such Utility Company and/or provide the Utility Company with an alternative form of adequate assurance of payment, without further order of this Court, if the Debtors believe that such additional assurance is reasonable; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available upon demand to any official committee appointed in the Chapter 11 Cases and to the U.S. Trustee.

(f)     Should the Debtors be unable to reach a mutual resolution with respect to an Additional Assurance Request within the Resolution Period, the Debtors shall file a motion with the Court seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "Determination Motion") and, if the Determination Motion is not withdrawn, the Court will determine the adequacy of the Proposed Adequate Assurance with respect to that Utility Company.

7.     The Debtors are authorized, in their sole discretion, to amend or supplement Schedule 1 attached hereto to add or delete any Utility Company, and this Interim Order shall apply to any such Subsequently Identified Utility Company that is added to Schedule

1. The Debtors shall serve a copy of this Interim Order on any Subsequently Identified Utility Company, along with an amended Schedule 1, and such Subsequently Identified Utility Company shall be permitted to make an Additional Assurance Request according to the procedures set forth in paragraph 6 of this Interim Order.

8. This Interim Order shall be binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Company List; provided that for each additional Utility Company that may be added, the Debtors will increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility Services provided by such Subsequently Identified Utility Company to the Debtors, provided, however, that no Utility Deposit shall be made for any Subsequently Identified Utility Company that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services in excess of unpaid charges for pre-petition utility service. In addition, if a Subsequently Identified Utility Company holds a deposit or prepayment that is less than two weeks of Utility Services, the portion of the Utility Deposit for that Subsequently Identified Utility Company shall be reduced by the amount of any prepetition deposit or prepayment in excess of unpaid charges for pre-petition utility service.

9. If necessary, the Final Hearing on the Motion is scheduled for ____October  6___, 20_15_ at _10_ : _00 a.m._ (prevailing Eastern time), and any objections or responses to the Motion (each, an "Objection") shall be filed and served upon the Adequate Assurance Notice Parties so that the Objection is actually received by 4:00 p.m. (prevailing Eastern time) on the day that is fourteen (14) days following the Petition Date.

10. If no Objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

11. The Utility Companies, including Subsequently Identified Utility Companies, are prohibited from altering, refusing or discontinuing service to, or discriminating against, the Debtors on account of unpaid prepetition invoices or due to the commencement of these Chapter 11 Cases, or requiring payment of a deposit or other security for postpetition Utility Services, other than in accordance with the Adequate Assurance Procedures.

12. Pending both entry of the Final Order and resolution of any Additional Assurance Request, Objection or Determination Motion, the Utility Companies, including the Subsequently Identified Utility Companies, shall be prohibited from (i) discriminating against the Debtors (ii) altering, refusing or discontinuing service to the Debtors or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices.

13. This Interim Order shall apply to all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Company List.

14. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under Bankruptcy Code section 366, whether or not such entity is listed on <u>Schedule 1</u> attached hereto.

15. This Interim Order is without prejudice to the Debtors' right to contest any amount owed to a Utility Company. Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365.

16. All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all

prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Utility Services, whether such checks or other requests were submitted prior to or after the Petition Date.

17. The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Interim Order or for inadvertently honoring or dishonoring any check or fund transfer.

18. The Debtor' banks shall, at the direction of the Debtors, receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Utility Services that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such direction.

19. To the extent the Debtors have not yet sought to remit payment on account of the Utility Services, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Utility Services.

20. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Utility Services to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

21. Notwithstanding anything to the contrary contained herein, the relief granted in this Interim Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash

collateral approved by this Court in these chapter 11 cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

22. This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

23. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

24. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

25. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

26. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: Wilmington, Delaware
Sept 10, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE