**EXHIBIT B**

**KASS AFFIDAVIT**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
QUIKSILVER, INC., *et al.*,                                 :    Case No. 15-11880 (BLS)
                                                            :
                              Debtors.[1]                   :    Jointly Administered
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF ALBERT KASS IN SUPPORT OF THE DEBTORS' APPLICATION
FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a),
328, AND 1107(b), BANKRUPTCY RULE 2014, AND LOCAL BANKRUPTCY RULE
2014-1 AUTHORIZING DEBTORS TO EMPLOY AND RETAIN KURTZMAN
CARSON CONSULTANTS LLC TO PROVIDE ADMINISTRATIVE SERVICES NUNC
<u>PRO TUNC TO THE PETITION DATE</u>**


STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )


       I, Albert Kass, being duly sworn, state the following under penalty of perjury:

       1.     I am the Executive Vice President of Corporate Restructuring Services of

Kurtzman Carson Consultants LLC ("<u>KCC</u>"), whose offices are located at 2335 Alaska Avenue,

El Segundo, California 90245, telephone number (310) 823-9000.  The matters set forth herein

are made of my own personal knowledge and, if called and sworn as a witness, I could and

would testify competently thereto.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2.      This Affidavit is made in support of the Debtors' application for entry of

an order pursuant to sections 327(a), 328, and 1107(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"),

authorizing the Debtors' employment and retention of KCC to provide certain Administrative

Services in connection with the Debtors' Chapter 11 Cases (the "Application") effective as of the

Petition Date and on the terms and conditions set forth in the Services Agreement attached to the

Application as Exhibit A.[2]

3.      As agent and custodian of the Court records pursuant to title 28 of the

United States Code, section 156(c), KCC will perform at the request of the Office of the Clerk of

the Court (the "Clerk's Office") the noticing and claims related services specified in the

Application.  In addition, at the Debtors' request, KCC will perform the Administrative Services

and such other noticing, claims, technical, administrative and support services as are specified in

the Application.

4.      KCC is a bankruptcy administrator that specializes in providing

comprehensive chapter 11 administrative services including noticing, claims processing,

balloting and other related services critical to the effective administration of chapter 11 cases.

Indeed, KCC has developed efficient and cost-effective methods to handle properly the

voluminous mailings associated with the noticing, claims processing and balloting portions of

chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders and

all parties in interest.  Further, KCC will work with the Clerk's Office to ensure that such

---

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

methodology conforms with all of the Court's procedures, the Local Bankruptcy Rules and the provisions of any orders entered by this Court.

5.      KCC has substantial experience in matters of this size and complexity and has provided similar administrative services in many large bankruptcy cases in this District and other jurisdictions.  See, e.g., In re Cal Dive Int'l, Inc., No. 15-10458 (CSS) (Bankr. D. Del. Mar. 3, 2015); In re FCC Holdings, Inc., No. 14-11987 (CSS) (Bankr. D. Del. Aug. 25, 2014); In re Source Home Entm't, LLC, No. 14-11553 (KG) (Bankr. D. Del. June 24, 2014); In re Dolan Co., No. 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014); In re Sorenson Commc'ns, Inc., No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014); In re Physiotherapy Holdings, Inc., No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013); In re Synagro Techs. Inc., No. 13-11041 (BLS) (Bankr. D. Del. Apr. 24, 2013); In re Otelco Inc., No. 13-10593 (MFW) (Bankr. D. Del. Mar. 26, 2013); In re Ormet Corp., No. 13-10334 (MFW) (Bankr. D. Del. Feb. 27, 2013).[3]

6.      The Debtors have many creditors, and accordingly, KCC may have rendered and may continue to render services to certain of these creditors in matters unrelated to these cases, either as vendors or in cases where KCC serves in a neutral capacity as a bankruptcy claims and noticing agent or class action settlement administrator.  KCC has not and will not represent the separate interests of any such creditor in these cases.  To the best of my knowledge, neither KCC, nor any of its professional personnel, have any relationship with the Debtors that would impair KCC's ability to serve as claims and noticing agent or administrative agent.  KCC has working relationships with certain of the professionals retained by the Debtors and other parties herein, but such relationships are completely unrelated to the Debtors' cases.  Francine Gordon Durrer, a senior director of corporate restructuring services at KCC, is married to Van C.

---

[3]      Because of the voluminous nature of the orders cited herein, they are not attached hereto.  Copies of these orders, however, are available on request.

Durrer, II, a partner with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, proposed

counsel to the Debtors.  In addition, KCC personnel may have relationships with some of the

Debtors' creditors.  Such relationships are, however, of a personal, financial nature and are

wholly unrelated to the Debtors' cases.  KCC has and will continue to represent clients in matters

unrelated to the Debtors' cases and has had and will continue to have relationships in the

ordinary course of its business with certain vendors and professionals in connection with matters

unrelated to these cases.

       7.     KCC is an indirect subsidiary of Computershare Limited.  Computershare

Limited is a financial services and technologies provider for the global securities industry.

Within the Computershare corporate structure, KCC operates as a separate, segregated business

unit.  As such, any relationships that Computershare Limited and its affiliates maintain do not

create an interest of KCC that would be materially adverse to the Debtors' estates or any class of

creditors or equity security holders.

       8.     I authorized our conflicts system to review the name sof all known

potential parties in interest (the "Potential Parties in Interest") in these Chapter 11 Cases,

including (a) the agent for the Debtors' postpetition secured term loan facility; (b) the agent for

the Debtors' prepetition and postpetition ABL loan facilities; (c) the agent for the Debtors'

prepetition senior unsecured notes and senior secured notes; (d) the parties listed in the

consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter

11 Cases; (e) the members of the Debtors' boards of directors and certain senior employees; (f)

the professionals representing the Debtors and other interested parties in the chapter 11 cases; (g)

the United States Bankruptcy Judges for the District of Delaware, the U.S. Trustee, and their

respective key staff members; and (h) other vendors, customers, and potential parties in interest.

The results of the conflicts check were compiled and reviewed by KCC professionals under my supervision. At this time, and as set forth in further detail herein, KCC is not aware of any relationship that would present a disqualifying conflict of interest. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to file promptly a supplemental declaration.

9.      KCC is a "disinterested person," within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that KCC (a) holds no interest adverse to the Debtors or their estates and (b) other than the services currently being provided for the Debtors, KCC has no connection with the Debtors, their creditors, the U.S. Trustee, or other parties in interest in these chapter 11 cases. Moreover, KCC and its professional personnel (i) are not creditors, equity security holders, or insiders of the Debtors; (ii) are not and were not, within two years before the date of the filing of these chapter 11 cases, directors, officers, or employees of the Debtors; and (iii) do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtors.

10.      KCC has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. If KCC's proposed retention and employment is approved by this Court, KCC will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases. KCC may, however, provide services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

5

11.    Subject to the Court's approval, the Debtors have agreed to compensate KCC for certain services rendered in connection with these chapter 11 cases pursuant to the Services Agreement, a true and correct copy of which is attached as Exhibit B to the Application. As referenced in the Application, and in the Services Agreement, the Debtors and KCC have agreed to the fee structure attached to the  Services Agreement.

12.    Prior to the Petition Date, KCC received a retainer in the amount of $30,000 from the Debtors. KCC seeks to apply the retainer to all prepetition invoices and then have the retainer replenished to its original amount, and thereafter, will hold the retainer under the Services Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement. Following termination of the Services Agreement, KCC will return to the Debtors any amount of the retainer that remains.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2015

By: _____

Albert Kass
Executive Vice President of Corporate
Restructuring Services

State of California
County of Los Angeles

Subscribed and sworn to before me on this _____ day of _____, 2015, by Albert Kass, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS my hand and official seal.

Signature _____
Commission # _____
My Comm. Expires _____

LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

756213.01A-LACSR01A - MSW