IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
Debtors.[1] : Jointly Administered
:
:
: **Hrg. Date: Oct. 6, 2015 at 10:00 a.m. (Eastern)**
: **Obj. Due: Sept. 29, 2015 at 4:00 p.m. (Eastern)**
------------------------------- x

**DEBTORS' MOTION FOR ADMINISTRATIVE ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a) AND 331 ESTABLISHING INTERIM
<u>COMPENSATION PROCEDURES</u>**

Quiksilver, Inc. ("<u>ZQK</u>") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>" and, together with their non-Debtor affiliates, "<u>Quiksilver</u>" or the "<u>Company</u>"), hereby move (the "<u>Motion</u>") the Court for entry of an order, pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") establishing procedures for interim compensation and reimbursement of professional expenses during these cases, substantially in the form set forth on Exhibit 1 to the proposed order (the "<u>Interim Compensation Procedures</u>"). In support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 331.

3. Pursuant to Rule 9013-1(f) of the Local Bankruptcy Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in

Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities.  The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., In Support Of Chapter 11 Petitions And First Day Pleadings [Docket No. 20] (the "First Day Declaration").

## RETENTION OF PROFESSIONALS

9. The Debtors will be seeking authority to retain and employ pursuant to Bankruptcy Code section 327: (i) Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") as counsel; (ii) Peter J. Solomon Company ("PJSC"), as investment bankers; (iii) FTI Consulting, Inc. ("FTI"), as restructuring advisors; and (iv) Pachulski Stang Ziehl & Jones LLP ("PSZJ") as special counsel.  The Debtors anticipate that they may need to retain other professionals in these cases pursuant to Bankruptcy Code section 327, which professionals would likewise be subject to the compensation and reimbursement procedures set forth in the Motion.  In addition, any statutory committee of unsecured creditors or equity holders that may be appointed in these cases

(collectively, the "Committees") likely will retain counsel and other professionals pursuant to Bankruptcy Code section 1103 to assist in the performance of its statutory duties (such professionals collectively with Skadden, PJSC, FTI, PSZJ, and any other professionals the Debtors subsequently seek to retain, other than Ordinary Course Professionals (as defined below), the "Professionals").

10. The Debtors will request, in a separate motion, a payment scheme for various ordinary course business professionals whom the Debtors have employed or will employ in the ordinary course of their businesses (the "Ordinary Course Professionals"). The Debtors request that Ordinary Course Professionals not be subject to this Motion.

**RELIEF REQUESTED**

11. By this Motion, the Debtors, pursuant to Bankruptcy Code sections 105(a) and 331, request that the Court establish an orderly, regular process for allowance of compensation and reimbursement of expenses for attorneys and other professionals whose services are authorized by this Court pursuant to Bankruptcy Code section 327 or 1103 and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331. In addition, the Debtors seek entry of an order establishing procedures for reimbursement of reasonable out-of-pocket expenses incurred by members of the Committee. The Debtors' proposed Interim Compensation Procedures are set forth on Exhibit 1 to the proposed order.

12. For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.


**BASIS FOR RELIEF**

13. The proposed Interim Compensation Procedures provide for the monthly payment of 80% of fees and 100% reimbursement of expenses of Professionals.[2]

14. The Interim Compensation Procedures will enable interested parties to closely monitor costs of administration. Moreover, such procedures will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

15. The Debtors further request that each member of any Committee in these cases be permitted to submit statements of expenses (excluding Committee member counsel fees and expenses) and supporting receipts to counsel for the Committee, and counsel for the Committee(s) shall collect and file such requests for reimbursement in accordance with the foregoing procedures for monthly and interim compensation and reimbursement of the Professionals.

16. The Debtors further request that the Court limit the service of notice of hearings to consider interim and final fee applications to: (a) the Notice Parties (as defined in the Interim Compensation Procedures) and (b) all parties who have filed a notice of appearance with the Clerk of this Court and requested such notice. Such notice should reach the parties most active in these cases and will save the expense of undue duplication and mailing.

**APPLICABLE AUTHORITY**

17. Bankruptcy Code section 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

---

[2] All time periods referenced in this motion and attached exhibits shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

11 U.S.C. § 331.

18. Bankruptcy Code section 105(a) provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Id. § 105(a).

19. Procedures for compensating and reimbursing court-approved professionals have been established in other large chapter 11 cases in this District. Such procedures are necessary to avoid having professionals fund the chapter 11 case. See In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727-28 (Bank. D. Del. 2000) (finding that "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently" to avoid imposing an "intolerable burden" and "a significant economic disadvantage" on the Debtors' professionals while permitting Debtors to "better manage their cash flow."). Appropriate factors to consider when deciding whether to approve interim compensation procedures such as those proposed here include: 1) the size of the cases; 2) the hardship that waiting for an extended payment will place on counsel; 3) the ability of counsel to respond to any reassessment proposed under the procedures; and 4) whether the procedure is subject to a noticed hearing. Id. at 730 (citing In re Knudsen Corp., 84 B.R. 668, 672-73 (B.A.P. 9th Cir. 1988)). Here, the Debtors' Chapter 11 Cases are both large and complex and the Professionals have devoted, and likely will continue to devote, significant amounts of time to achieving a successful reorganization of the Debtors.

20. The Debtors submit that the Interim Compensation Procedures requested herein are comparable to those procedures established in other chapter 11 cases filed in this District. See, e.g., In re Synagro Techs., Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. May 23, 2013); In re Exide Techs., Case No. 13-11482 (KJC) (Bankr. D. Del. Jul. 10, 2013); In re

6

Dendreon Corp., Case No. 14-12515 (LSS) (Bankr. D. Del. Dec. 9, 2014); In re Seal 123, Inc., No. 15-10081 (CSS) (Bankr. D. Del. Feb. 10, 2015).[3] Such an order would enable the Court, the U.S. Trustee and all other parties to effectively monitor Professionals' fees and expenses incurred in these cases.

21.    For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

## NOTICE

22.    Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; and (f) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein has been made to this Court or any other court.

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders however, are available on request.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   Wilmington, Delaware
         September 15, 2015

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        */s/ Van C. Durrer, II*
        Van C. Durrer, II (I.D. No. 3827)
        Annie Z. Li
        300 South Grand Avenue, Suite 3400
        Los Angeles, California 90071
        Telephone: (213) 687-5000
        Fax: (213) 687-5600

        - and -

        John K. Lyons
        Jessica S. Kumar
        155 N. Wacker Dr.
        Chicago, Illinois 60606
        Telephone: (312) 407-0700
        Fax: (312) 407-0411

        *Proposed Counsel for Debtors and Debtors in Possession*