IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
QUIKSILVER, INC., et al., : Case No. 15-11880 (BLS)
:
Debtors.[1] : Jointly Administered
:
:
: **Related Docket No. __**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 331
ESTABLISHING INTERIM COMPENSATION PROCEDURES**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order") pursuant to Bankruptcy Code sections 105(a) and 331, establishing procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Interim Compensation Procedures.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all Professionals in these cases shall seek interim compensation in accordance with the procedures set forth in Exhibit 1 attached hereto (the "Interim Compensation Procedures") and the Debtors are authorized to pay such amounts as are authorized by these procedures.

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

4. Each member of any statutory committee ("Committee") appointed in these cases shall be permitted to submit statements of expenses and supporting receipts to counsel for such Committee, which shall collect and submit such requests for reimbursement in accordance with the Interim Compensation Procedures; provided, however, that all Committee members' requests for reimbursement of such Committee members' attorneys' fees or expenses must be made by separate application and scheduled for hearing upon proper notice.

5. All time periods referenced in this Order or the Interim Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. Notwithstanding anything to the contrary contained herein or in the Interim Compensation Procedures, any payment to be made or authorization contained hereunder shall be subject to the same limitations and restrictions as are provided for under any DIP Financing Order or DIP Budget. To the extent there is any conflict between the Interim Compensation Procedures and any DIP Financing Order or DIP Budget, the terms of such DIP Financing Order or DIP Budget shall control.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order or the Interim Compensation Procedures.

Dated:  Wilmington, Delaware

        _____, 2015

        _____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Interim Compensation Procedures

# N THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| QUIKSILVER, INC., et al., | : | Case No. 15-11880 (BLS) |
| Debtors.[1] | : | Jointly Administered |

## QUIKSILVER, INC., ET AL.
## INTERIM COMPENSATION PROCEDURES[2]

     (a)    On or before the twenty-first (21st) day of each month following the month for which compensation is sought, each Professional will serve a fee request (each a "Monthly Fee Request"), which need not include a narrative, but must include time and expense detail, on the following parties (collectively, the "Notice Parties"): (i) Quiksilver, Inc., 5600 Argosy Circle, #100, Huntington Beach, California 92649, Attn: Andrew Bruenjes; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071, Attn: Van C. Durrer, II; (iii) Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Mark S. Kenney; (iv) counsel to the agent under the Debtors' prepetition revolving loan facility and postpetition debtor-in-possession revolving loan facility (the "DIP ABL Facility"), Riemer Braunstein LLP, Seven Times Square, Suite 2506, New York, NY 10036, Attn: Steven Fox; (v) counsel to the agent under the Debtors' postpetition debtor-in-possession term loan facility (the "DIP Term Loan Facility"), Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; and (vi) counsel to any statutory committee that has been appointed in these cases. All Monthly Fee Requests shall comply with title 11 of the United States Code, (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, (the "Bankruptcy Rules"), applicable Third Circuit law, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Operating Guidelines for Chapter 11 Cases, established by the Office of the United States Trustee for the District of Delaware.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Motion for Administrative Order Pursuant to Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures.

(b) Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Request to review the request and object thereto (the "Objection Deadline").  Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Actual Interim Payment") equal to 80% of the fees and 100% of the expenses not subject to an objection.

(c) If any Notice Party objects to a Professional's Monthly Fee Request, the objecting party shall, prior to the Objection Deadline, serve upon the respective Professional and each of the Notice Parties a written notice setting forth the precise nature of the objection and the amount at issue (the "Notice of Objection to Monthly Fee Request").  Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed upon fees and 100% of the agreed upon expenses.  If the parties are unable to reach a resolution of the objection within twenty-one (21) days after service of the Notice of Objection to Monthly Fee Request (the "Resolution Deadline"), the objecting party shall file its objection (the "Objection") with the Court within three (3) business days after the Resolution Deadline and serve such Objection on the respective Professional and each of the Notice Parties.  Thereafter, the Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the amount subject to the Objection (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

(d) Beginning with the period ending December 31, 2015, and at three (3) month intervals thereafter (the "Interim Fee Period"), each of the Professionals must file with the Court and serve on the Notice Parties an interim fee application (the "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Requests served during such Interim Fee Period.  The Interim Fee Application must include a narrative discussion, as well as a summary of the Monthly Fee Requests that are the subject of the application and appropriate time and expense detail.  Each Professional must file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of compensation and reimbursement of expenses.  The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including December 31, 2015.  Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Notice Parties and all parties that have entered their appearance pursuant to Bankruptcy Rule 2002.  Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto.

(e) The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every six (6) months, with the first hearing to be held in either January or February 2016.  The Debtors, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.  Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall be subject to the same limitations and

restrictions as are provided for under any DIP Financing Order[3] or DIP Budget[4]. To the extent there is any conflict between these procedures and any DIP Financing Order or DIP Budget, the terms of such DIP Financing Order or DIP Budget shall control.

(f) Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses with respect to any subsequent Interim Fee Period until such time as the missing Interim Fee Application is filed and served by the Professional.

(g) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(h) Neither the payment of nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor the filing of or failure to file an Objection, will bind any party-in-interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals under these compensation procedures are subject to disgorgement until final allowance by the Court.

(i) At the close of the Chapter 11 Cases, on or before a date and time to be established by the Court, each Professional shall file with the Court and serve on the Notice Parties a request for final Court approval and allowance, on a final basis, of compensation of all fees and reimbursement of expenses sought in the Monthly Fee Applications and the Interim Fee Applications, including all amounts previously withheld (the "Final Fee Application"). Unless otherwise ordered by the Court, each Notice Party will have twenty-one (21) days after filing and service of a Final Fee Application to object to such application. Hearing on the Final Fee Applications shall be held at such time as the Court deems appropriate. A notice of the hearing on its Final Fee Application shall be served by each Professional on all parties who have requested service pursuant to Bankruptcy Rule 2002.

---

[3] "DIP Financing Order" means any order with respect to the Debtors' Motion (the "DIP Motion") For Entry Of Interim And Final Orders Pursuant To Sections 105, 361, 362, 363 And 364 Of The Bankruptcy Code And Bankruptcy Rules 2002, 4001 And 9014 (I) Authorizing The Debtors To (A) Obtain Postpetition Financing On A Super-Priority, Senior Secured Basis And (B) Use Cash Collateral, (II) Granting (A) Liens And Super-Priority Claims And (B) Adequate Protection To Certain Prepetition Lenders, (III) Modifying The Automatic Stay, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief.

[4] "DIP Budget" has the meaning ascribed to such term in the DIP Motion.