# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br>In re:<br><br>QUIKSILVER, INC., *et al.*,<br><br>                    Debtors.[1]<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>Jointly Administered<br><br>**Hearing Date: Oct. 6, 2015 at 10:00 a.m. (EST)**<br>**Obj. Deadline: Sept. 29, 2015 at 4:00 p.m. (EST)** |

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105 AND 521, BANKRUPTCY RULE 1007(c), AND LOCAL
BANKRUPTCY RULE 1007-1(b) EXTENDING TIME FOR DEBTORS
TO FILE SCHEDULES AND STATEMENTS**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), hereby move (this "Motion") this Court for entry of an order, under sections 105 and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), extending the time by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") to fifteen (15) days after the current deadline imposed by Local Bankruptcy Rule 1007-1(b). In support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105 and 521 of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b).

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear,

2

accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20], filed with the Court.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order extending the time by which the Debtors must file their Schedules and Statements to fifteen (15) days after the current deadline imposed by Local Bankruptcy Rule 1007-1(b), which is October 9, 2015, to October 24, 2015 (the "Requested Filing Deadline"), without prejudice to the Debtors' right to request additional time should it become necessary.

3

10. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest, and therefore, should be granted.

**BASIS FOR RELIEF**

11. Under Bankruptcy Code section 521 and Bankruptcy Rule 1007(b), the Debtors are required to file their Schedules and Statements. See Fed. R. Bankr. P. 1007(b). Bankruptcy Rule 1007(c) provides that the Debtors must file the Schedules and Statements within fourteen (14) days after the Petition Date. See 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c).

12. Local Bankruptcy Rule 1007-1(b) automatically extends this deadline for filing the Schedules and Statements to the date that is thirty (30) days after the Petition Date, not including the Petition Date, if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Bankruptcy Rule 1007-2; and (ii) if the total number of creditors in the debtor's case (or the debtors' jointly administered cases) exceeds 200. See Del. Bankr. L.R. 1007-1(b); see also Fed. R. Bankr. P. 9006(a).

13. The Debtors have filed a creditor matrix listing the Debtors' creditors and their addresses in accordance with Local Bankruptcy Rule 1007-2, which, on a consolidated basis, includes far more than 200 creditors. Accordingly, by operation of Local Bankruptcy Rule 1007-1(b), the deadline for the Debtors to file their Schedules and Statements is automatically extended to October 9, 2015, which is thirty (30) days from the Petition Date.

14. This Court has authority to grant the Debtors' requested additional extension under Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other

4

documents . . . may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Similarly, Local Bankruptcy Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor . . . ." Del. Bankr. L.R. 1007-1(b).

15. The Debtors seek an extension of the deadline to file their Schedules and Statements imposed by Bankruptcy Rule 1007(c). Given the substantial burdens already imposed on the Debtors' management by the commencement of these Chapter 11 Cases, the limited number of employees available to collect the information, the competing demands upon such employees, the time and attention the Debtors must devote to the chapter 11 process, and the size and complexity of the Debtors' operations, including the number of claims and contracts required to be included on the Schedules and Statements, the Debtors believe they may be unable to complete their Schedules and Statements by the current deadline imposed by the Bankruptcy Rules.

16. Accordingly, the Debtors submit that "cause" exists to extend the current deadline imposed by Local Bankruptcy Rule 1007-1(b) for an additional fifteen (15) days, until the Requested Filing Deadline. The requested extension will enhance the accuracy of the Debtors' Schedules and Statements and avoid the necessity of substantial subsequent amendments.

17. Courts in this district have routinely granted the same or similar relief as requested in this Motion to chapter 11 debtors. See, e.g., In re Dendreon Corp., Case No. 14-12515 (LSS) (Bankr. D. Del. Nov. 10, 2014); In re Exide Techs., Case No. 13-11482 (KJC)

(Bankr. D. Del. June 10, 2013); <u>In re Synagro Techs., Inc.</u>, Case No. 13-11041 (BLS) (Bankr. D. Del. Apr. 24, 2013).[2]

## NOTICE

18.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; and (f) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19.     No previous request for the relief sought in this Motion has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[2]  Because of the voluminous nature of the orders cited herein, they are not attached to the Motion.  Copies of these orders, however, are available on request.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief sought herein and such other and further relief as may be just and proper.

Dated:   Wilmington, Delaware
         September 17, 2015

>                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>
>                */s/ Van C. Durrer, II*
>                Van C. Durrer, II (I.D. No. 3827)
>                Annie Z. Li
>                300 South Grand Avenue, Suite 3400
>                Los Angeles, California 90071
>                Telephone: (213) 687-5000
>                Fax: (213) 687-5600
>
>                - and -
>
>                John K. Lyons
>                Jessica S. Kumar
>                155 N. Wacker Dr.
>                Chicago, Illinois 60606
>                Telephone: (312) 407-0700
>                Fax: (312) 407-0411
>
>                *Proposed Counsel for Debtors and Debtors in Possession*