IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
                                   :    Chapter 11
In re:                             :
                                   :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,        :
                                   :    Jointly Administered
                   Debtors.[1]     :
                                   :    Hearing Date: Oct. 6, 2015 at 10:00 a.m. (EST)
                                   :    Obj. Deadline: Sept. 29, 2015 at 4:00 p.m. (EST)
---------------------------------- x

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULES 2015.3
AND 9006 AND LOCAL BANKRUPTCY RULE 9006-2 EXTENDING TIME TO FILE
REPORTS OF FINANCIAL INFORMATION UNDER BANKRUPTCY RULE 2015.3 OR
TO SEEK MODIFICATION OF SUCH REPORTING REQUIREMENT**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), hereby move (the "Motion") the Court for entry of an order, under Rules 2015.3 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), granting the Debtors a fifteen (15) day extension of time in which to file their Rule 2015.3 Reports (as defined below) or, alternatively, an extension of time in which to file a motion seeking modification of the Bankruptcy Rule 2015.3 reporting requirement for cause. In support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Rules 2015.3 and 9006 and Local Bankruptcy Rule 9006-2.

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in

2

Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20], filed with the Court.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order granting a fifteen (15) day extension of time to file their reports of financial information on entities in which a chapter 11 estate holds a controlling or substantial interest (the "Rule 2015.3 Reports"), or, alternatively, to file a motion seeking a modification of such reporting requirement for cause.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 2015.3(a) requires the Debtors to file Rule 2015.3 Reports on "the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the state holds a substantial or

controlling interests." Fed. R. Bankr. P. 2015.3(a). The first Rule 2015.3 Reports must be filed "no later than seven days before the first date set for the meeting of creditors under § 341 of the Code." Id. 2015.3(b). The Debtors' section 341 meeting of creditors has not been scheduled yet, but the Debtors expect it will be scheduled for mid to late October 2015. Accordingly, Bankruptcy Rule 2015.3 would require the Debtors to file their first Rule 2015.3 Reports around mid-October 2015.

11. Bankruptcy Rule 9006(b) permits the court, for cause, to enlarge the period of time in which an act required by the Bankruptcy Code must be performed. The factors under consideration by the Debtors include (a) the number of entities and the complexity of their business operations, (b) the time and resources that must be devoted by the Debtors' financial advisors and other professionals to collect, analyze, and present the Rule 2015.3 Reports as prescribed in Official Form 26, and (c) the costs to the Debtors' estates of preparing the Rule 2015.3 Reports.

12. The Company comprises approximately eighty-six (86) entities, approximately seventy-five (75) of which are non-Debtors in which the Debtors hold a substantial or controlling interest.[2]

13. To prepare the Rule 2015.3 Reports, the Debtors must compile information from books, records, and documents relating to a multitude of transactions at numerous locations. Assembling and compiling the financial reports of the value, operations, and profitability of these non-Debtor entities in the very brief time mandated by Rule 2015.3 would pose significant challenges and require the Debtors' employees and advisors to expend considerable resources and time.

---

[2] While a majority of the non-Debtors are active entities, two of them are inactive foreign subsidiaries.

14. Additionally, the Company does not currently prepare and maintain financial reports in the form required by Bankruptcy Rule 2015.3 for each of its non-Debtor affiliates. To create de novo reports would be unduly costly and burdensome to the Debtors.

15. The Debtors' employees and advisors are already engaged in numerous other tasks necessary to these Chapter 11 Cases, including the preparation of various other schedules, reports, and other papers required by the Bankruptcy Code, the Bankruptcy Rules, and the U.S. Securities and Exchange Commission. The combination of these tasks have imposed substantial burdens on the Debtors' management, personnel, and advisors, in addition to the day-to-day operations of the Debtors' businesses.

16. The Debtors submit that the considerations described above amply demonstrate that an extension of time is warranted. Moreover, the Debtors and their advisors are in the process of evaluating the extent to which cause exists for this Court to vary the reporting requirements for the Debtors' Rule 2015.3 Reports, as contemplated under Bankruptcy Rule 2015.3(d).

17. The relief requested herein will not prejudice any party in interest. The Debtors will work cooperatively with the lenders under their debtor-in-possession financing facilities, the United States Trustee, any creditors' committee formed in these Chapter 11 Cases, their professionals and advisors, and other constituents to provide as much of the information required by Bankruptcy Rule 2015.3, including disclosures relating to the Debtors' non-Debtor affiliates, as possible in advance of the Section 341 meeting.

18. Courts in this district have routinely granted the same or similar relief as requested in this Motion to chapter 11 debtors. See, e.g., In re Synagro Tech., Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. May 28, 2013) (31-day extension); In re Exide Techs., Case No.

5

13-11482 (KJC) (Bankr. D. Del. July 22, 2013) (60-day extension); <u>In re Spansion Inc.</u>, Case No. 09-10690 (KJC) (Bankr. D. Del. Mar. 23, 2009) (75-day extension); <u>In re Nortel Networks Inc.</u>, Case No. 09-10138 (KG) (Bankr. D. Del. Feb. 5, 2009) (60-day extension).[3]

**NOTICE**

19. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; and (f) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases.  The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

20. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[3]  Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   Wilmington, Delaware
         September 17, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*