IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------ x
In re:                               :   Chapter 11
                                     :
QUIKSILVER, INC., *et al.*,          :   Case No. 15-11880 (BLS)
                                     :
            Debtors[1].              :   Hrg. Date: 10/6/15 at 10:00 a.m.
                                     :   Obj. Due:  9/29/15 at 4:00 p.m.
                                     :
------------------------------------ x

**DEBTORS' APPLICATION FOR ORDER PURSUANT TO SECTIONS 327(A) AND 329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company") hereby apply (the "Application") to the Court for entry of an order, under sections 327(a) and 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the employment and retention of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co- counsel for the Debtors *nunc pro tunc* to the Petition Date

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

(as defined below). In support of this Application, the Debtors rely on the *Declaration of Laura Davis Jones in Support of Debtors' Application for Order Pursuant to Sections 327(a) and 329, of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co- Counsel for the Debtors Nunc Pro Tunc to the Petition Date* (the "Jones Declaration"), attached hereto as Exhibit A, as well as the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration")[2] filed on the Petition Date. In further support of the Application, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and procedural predicates for the relief requested in this Application are Bankruptcy Code sections 327 and 328, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-2(g).

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that this Court would lack

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

Article III jurisdiction to enter such final order or judgment absent the consent of the of the parties.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate its businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear accessories and related products. The Company began operating in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores,

3

discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20], filed with the Court on the Petition Date.

## RELIEF REQUESTED

9. By this Application, the Debtors seek to employ and retain PSZ&J, effective as of the Petition Date, as its co-counsel to provide legal services as requested by the Debtor. Such services are likely to include litigation and bankruptcy support where necessary.

## BASIS FOR RELIEF

10. The Debtors have filed an application to retain Skadden, Arps, Meagher, & Flom LLP and its affiliates ("Skadden") as its bankruptcy counsel. The Debtors will employ other professionals in these Chapter 11 Cases. Each of these firms will work under the direction of the Debtors' management. The Debtors are committed to minimizing any duplication of services. To that end, PSZJ is prepared to work with other professionals to ensure that there is no duplication of effort or costs.

4

## QUALIFICATIONS OF PROFESSIONAL

11. The Debtors seek to retain PSZ&J as its co-counsel because of PSZ&J's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, litigation and because of the Firm's expertise, experience, and knowledge practicing before this Court.

## PROFESSIONAL COMPENSATION

12. PSZ&J intends to apply for allowance of compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval in accordance with section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the District of Delaware, and any other applicable procedures and orders of the Court.

13. The Firm's hourly rates range from $575 to $1,145 for partners of PSZ&J, $525 to $925 for of counsel members of PSZ&J, $525 for associates of PSZ&J, and $275 to $305 for paraprofessionals of PSZ&J. The Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

14. The hourly rates are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZ&J's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the

DOCS_DE:201833.2 72779/001

client's case. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## NOTICE

15. Notice of the Application will be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the agent for the Debtors' postpetition secured loan facilities; (iii) counsel to the agent for the Debtors' prepetition revolving loan facility; (iv) the agent for Debtors' prepetition senior secured notes; (v) the agent for Debtors' prepetition senior unsecured notes; (vi) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; and (vii) any other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, authorizing the employment and retention of PSZJ, effective as of the Petition Date, on the terms described above and granting such other and further relief as is just and proper.

Dated: September 17, 2015

QUIKSILVER, INC.

(on behalf of itself and the other Debtors)

By: _____
Name: Andrew Bruenjes
Title: Americas Chief Financial Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
: 
Debtors[1]. :
:
x
----------------------------------

**STATEMENT UNDER RULE 2016 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND SECTION 329 OF THE BANKRUPTCY CODE**

1. Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is co- counsel to the above-captioned debtors and debtors in possession (the "Debtors") in this case.

2. Compensation agreed to be paid by the Debtors to PSZ&J is for legal services to be rendered in connection with this case. The Debtors have agreed to pay PSZ&J for the legal services rendered or to be rendered by its various attorneys, paralegals, and case management assistants in connection with these Chapter 11 Cases on the Debtors' behalf. The Debtors also have agreed to reimburse PSZ&J for its actual and necessary expenses incurred in connection with this case.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

3. PSZ&J received a retainer in this case in the amount of $150,000.00.

4. PSZ&J will seek approval of payment of compensation upon the filing of appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

5. The services to be rendered include all those services set forth in the Debtors' *Application for Order Pursuant to Sections 327(A) and 329, of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 And 2016-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Nunc Pro Tunc to the Petition Date* submitted concurrently herewith.

6. PSZ&J further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, and associates of PSZ&J, or (b) any compensation another person or party has received or may have received.

Dated: September 17, 2015      PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-0637
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com

2