# EXHIBIT A

## Jones Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

In re:                     :    Chapter 11
                         :

QUIKSILVER, INC., *et al.*,    :    Case No. 15-11880 (BLS)
                         :

           Debtors[1].    :
                         :
                         x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION OF LAURA DAVIS JONES IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER PURSUANT TO SECTIONS 327(A) AND 329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

LAURA DAVIS JONES, ESQUIRE, hereby declares under penalty of perjury

that the following is true and correct to the best of my knowledge, information and belief:

    1.    I am a partner in the firm of Pachulski Stang Ziehl & Jones LLP

("PSZ&J" or the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware

19801, and have been duly admitted to practice law in the State of Delaware, the United States

District Court for the District of Delaware, the United States Court of Appeals for the Third

Circuit, and the Supreme Court of the United States.  This Declaration is submitted in support of

the *Debtors' Application for Order Pursuant to Sections 327(a) and 329 of the Bankruptcy Code*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and  Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

*and Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 And 2016-1*

*Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-*

*Counsel for the Debtors Nunc Pro Tunc to the Petition Date* (the "Application"),[2] which is being

submitted concurrently herewith.

        2.      PSZ&J is a "disinterested person" as defined under 11 U.S.C. § 101(14).

Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to

ascertain, has any connection with the above-captioned debtors (the "Debtors"), their creditors,

or any other parties in interest herein, or their respective attorneys, except as set forth below.

        3.      The Debtors have retained Skadden and will retain various professionals

(the "Professionals") during the pendency of the Chapter 11 Cases.  In particular, the Debtors

have informed PSZ&J that the Debtors are seeking approval of (i) FTI Consulting, Inc. as

financial advisor, including the Chief Restructuring Officer, (ii) Peter J. Solomon Company as

investment banker, (iii) Kurtzman Carson Consultants LLC as claims agent and administrative

advisor.  PSZ&J will serve as the Debtors' primary counsel of record for all matters in which

Skadden has an actual conflict with the non-debtor party.  In addition, PSZ&J will handle

additional discrete matters as requested or designated by the Debtors, including, but not limited

to, handling requests for injunctive and/or declaratory relief, handling contested claims

reconciliation matters, avoidance actions, and additional case administration matters.  PSZ&J has

discussed the division of responsibilities with the Debtors and Skadden and has informed the

---

[2] Unless otherwise defined herein, capitalized terms used herein shall the meanings ascribed to them in the Application.

Debtors that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts, overlap, and inefficiencies with respect to any other professional retained in these Chapter 11 Cases. PSZ&J has previously worked with the some or all of the Professionals and will continue to work with them on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4.     PSZ&J represents many committees, whose members may be creditors in the Debtors' Chapter 11 Cases; however, PSZ&J is not representing any of those entities in this case and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

5.     PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that PSZ&J, its partners, of counsel and associates:

    a.     are not creditors, equity security holders or insiders of the Debtor;

    b.     are not and were not, within 2 years before the date of the filing of the petitions, a director, officer or employee of the Debtor; and

    c.     do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

6.     PSZ&J and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors

3

of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases. At this time, PSZ&J is not aware of such representations, except as disclosed above. PSZ&J will be in a position to identify with specificity any such persons or entities when lists of all creditors of the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

7.    PSZ&J intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The Firm's hourly rates range from $575 to $1,145 for partners of PSZ&J, $525 to $925 for of counsel members of PSZ&J, $525 for associates of PSZ&J, and $275 to $305 for paraprofessionals of PSZ&J. The Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions. Prior to the Petition Date, PSZ&J received a retainer for the Chapter 11 Case in the amount of $150,000.00.

8.    The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies

4

(including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

9.      No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with the Chapter 11 Cases, except among the partners, of counsel and associates of the Firm.

10.      Pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "2013 UST Guidelines"), the Firm makes certain disclosures herein.

11.      Pursuant to Part D1 of the 2013 UST Guidelines, PSZ&J is seeking employment as co-counsel for the Debtors under section 327 of the Bankruptcy Code and it hereby provides the following responses set forth below:

5

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | PSZ&J represented the client for approximately two weeks during the 12 month period prepetition. The material financial terms for the prepetition engagement remained the same as the engagement was hourly-based subject to economic adjustment.<br><br>The billing rates and material financial terms for the postpetition period remain the same as the prepetition period subject to an annual economic adjustment. The standard hourly rates of PSZ&J are subject to periodic adjustment in accordance with the Firm's practice. | None. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | Yes. Client has approved budget and staffing plan for first budgeted period from the Petition Date through expected confirmation. | In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed circumstances or unanticipated developments. |

6

12.     Pursuant to Part F of the 2013 UST Guidelines, PSZ&J is proposed to serve as co-counsel for the Debtors with Skadden as primary counsel.  Skadden shall have primary responsibility for the services disclosed in its retention application filed with the Court.

13.     No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the partners, of counsel and associates of the Firm.

14.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 17, 2015

Laura Davis Jones, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :

In re:                 :    Chapter 11

                 :

QUIKSILVER, INC., *et al.*,  :    Case No. 15-11880 (BLS)

                 :

        Debtors[1].   :

                 :

                 x

- - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION OF ANDREW BRUENJES IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER PURSUANT TO SECTIONS 327(A) AND 329 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

I, Andrew Bruenjes, declare as follows:

1.    I am the Americas Chief Financial Officer for the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"). I am familiar with the day-to-day operations, business, and financial affairs of the Debtors.

2.    I submit this declaration (the "Bruenjes Declaration") in support of the *Application for Order Pursuant to Sections 327(A) and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 And 2016-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Nunc Pro*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

*Tunc to the Petition Date* (the "Application").[2]    Except as otherwise noted, I have personal

knowledge of the matters set forth herein.

## The Debtors' Selection of PSZ&J as Co-Counsel

3.    Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") is proposed to serve

as co-counsel with Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") as primary counsel.

The Debtors recognize that a comprehensive review process is necessary when selecting and

managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same

client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy

engagements. To that end, the review process utilized by the Debtors here assessed potential co-

counsel based on their expertise in the relevant legal issues and in similar proceedings.    Using

this review process, the Debtors' board of directors recommended that the Debtors retain PSZ&J

to serve as co-counsel with Skadden.    Since that time, PSZ&J has advised the Debtors with

respect to various restructuring issues.

4.    Ultimately, the Debtors retained PSZ&J because of its extensive experience in

corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code, and

in particular with regarding to Delaware practice and procedures.    Thus, I believe that PSZ&J is

well qualified to represent the Debtors as co-counsel in these Chapter 11 Cases in an efficient

and timely manner.

## Rate Structure

5.    In my capacity as Americas Chief Financial Officer, I am responsible for

supervising outside counsel retained by the Debtors in the ordinary course of business. PSZ&J

has informed the Debtors that its rates are consistent between bankruptcy representations,

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

including related transactional and litigation services. PSZ&J has informed the Debtors that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon. The Firm does not maintain separate departments devoted to other legal practices different from the bankruptcy and insolvency areas. The Firm therefore does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates and terms for the Debtors' engagement of PSZ&J. As discussed below, I am also responsible for reviewing the invoices regularly submitted by PSZ&J, and can confirm that the rates PSZ&J charged the Debtors in the prepetition period are the same as the rates PSZ&J charged the Debtors in the postpetition period. PSZ&J has informed the Debtors the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

## Cost Supervision

6.    The Debtors have approved the prospective budget and staffing plan for the period from the Petition Date to the date of expected confirmation of the Plan, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and PSZ&J with Skadden. The Debtors further recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtors will continue, consistent with their ordinary course practices with other non-bankruptcy counsel and other professionals engaged by the Debtors, to timely review the invoices that PSZ&J regularly submits, and, together with PSZ&J and Skadden, periodically amend the budget and staffing plans, as the case develops.

DOCS_DE:201833.2 72779/001

7.     As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

[Remained of page left intentionally blank.]

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  September  17 , 2015

QUIKSILVER, INC.

(on behalf of itself and the other Debtors)

By: _/s/ Andrew Bruenjes_

Name:  Andrew Bruenjes

Title:   Americas Chief Financial Officer

5