**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |
|  | : |  |
|  | : | **Hrg. Date: Oct. 6, 2015 at 10:00 a.m. (Eastern)** |
|  | : | **Obj. Due: Sept. 29, 2015 at 4:00 p.m. (Eastern)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105, 501, 502, 503, AND 1111(a), BANKRUPTCY RULES 2002, 3003(c)(3),
AND 9007, AND LOCAL BANKRUPTCY RULES 1009-2 AND 2002-1(e) (I) SETTING
GENERAL BAR DATE, (II) ESTABLISHING PROCEDURES FOR FILING PROOFS
OF CLAIM, AND (III) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-

Debtor affiliates, "Quiksilver" or the "Company"), hereby move (the "Motion") the Court for

entry of an order, pursuant to sections 105, 501, 502, 503, and 1111(a) of title 11 of the United

States Code (the "Bankruptcy Code"), Rules 2002, 3003(c)(3), and 9007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1009-2 and 2002-1(e) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Bankruptcy Rules") (i) setting a general bar date, (ii)

establishing procedures for filing proofs of claim, and (iii) approving the form and manner of

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

notice thereof.  In support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105, 501, 502, 503, and 1111(a).  Such relief is also warranted under Bankruptcy Rules 2002, 3003(c)(3), and 9007 and Local Bankruptcy Rules 1009-2 and 2002-1(e).

3.      Pursuant to Rule 9013-1(f) of the Local Bankruptcy Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These Chapter 11 Cases are jointly administered.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.     Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia.  Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities.  The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8.     Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., In Support Of Chapter 11 Petitions And First Day Pleadings [Docket No. 20] (the "First Day Declaration").

**RELIEF REQUESTED**

9.     By this Motion, the Debtors seek entry of an order (i) fixing **a date that is at least 28 days after the service of notice of the bar date** as the general bar date (the "General Bar Date") by which certain proofs of claim against the Debtors must be filed; (ii) fixing **a date that is 180 days after the Petition Date, or March 7, 2016** as the governmental bar date (the "Governmental Bar Date") by which proofs of claim against the

3

Debtors must be filed by governmental units, as defined in Bankruptcy Code section 101(27) ("Governmental Units");[2] and (iii) establishing procedures for the notice of the General Bar Date and the Governmental Bar Date.  In addition, this Motion seeks approval of the Debtors' proposed form of notice of the General Bar Date and the Governmental Bar Date (the "Bar Date Notice").  A copy of the proposed form of Bar Date Notice is attached to the proposed Order as Exhibit 1.

10.    The Debtors request that proofs of claims be filed by creditors of any of the Debtors on account of any claim, as defined in Bankruptcy Code section 101(5) arising before the Petition Date (each, a "Claim").  Nevertheless, the Debtors propose that creditors holding or wishing to assert the following types of Claims against the Debtors need not file a proof of claim:

(i)    Claims listed in the Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) priority, (c) nature, (d) classification, or (e) the identity of the Debtor against whom such Claims are scheduled;

(ii)    Claims on account of which a proof of claim has already been properly filed with the Court against the correct Debtor;

(iii)    Requests for payment under Bankruptcy Code sections 503(b) and 507(a)(1) of expenses of administration, **except, however, for requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which 503(b)(9) requests must be filed on or before the General Bar Date**;[3]

(iv)    Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

---

[2]    For the avoidance of doubt, claimants must submit proofs of claim so that such proofs of claim are actually received by KCC (as defined herein) prior to the applicable bar dates requested herein.

[3]    Creditors holding or wishing to assert requests for payment pursuant to Bankruptcy Code section 503(b)(9) are required to properly file a proof of claim on or before the General Bar Date, as further provided herein.

4

(v)         Claims of the Debtors against other Debtors;

(vi)        Claims of or against non-Debtor foreign affiliates;

(vii)       Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii)      Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one Proof of Claim Form on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix)        Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[4]

11.    The Debtors propose, through the Bar Date Notice, to advise holders of potential Claims, including but not limited to any non-Debtor parties to an Agreement (as defined herein), that if they fail to file a request for payment of their Claim by the General Bar Date (or the Governmental Bar Date, as applicable), such holders will be forever barred, estopped, and enjoined in these Chapter 11 Cases from asserting their Claim(s) (or filing a Proof of Claim Form with respect to that claim), and the Debtors and their property, upon confirmation of a chapter 11 plan, will be forever discharged from any and all indebtedness or liability with respect to or arising from that claim, and such holder or creditor shall not be permitted to vote on any plan, participate in any distribution in the Chapter 11 Cases on account of the applicable claim, or receive further notices regarding or on account of that claim.  Without limiting the foregoing, and except as otherwise provided herein, the Debtors propose that any creditor asserting a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code that fails to

---

[4]    Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.

file a Proof of Claim Form in accordance with this Order will not be afforded any priority

treatment on account of that 503(b)(9) Claim, regardless of whether the Debtors have identified

that claim on the schedules as not contingent, not disputed, and not liquidated.

           12.      **Exclusion of Proofs of Interest in Debtors From General Bar Date.**

The Debtors also request that any holder of an interest in any of the Debtors (each an "Interest

Holder"), whose interest is based exclusively upon the ownership of common or preferred stock

of any of the Debtors (an "Interest"), not be required to file a proof of Interest based solely on

account of such Interest Holder's ownership interest in such stock; provided, however, that any

Interest Holder who wishes to assert a Claim against any of the Debtors, including, without

limitation, any Claim based on any transaction in the Debtors' securities and/or any Claim for

damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on

or prior to the General Bar Date; provided further, however, that any Interest Holder that is a

Governmental Unit, who wishes to assert a Claim against any of the Debtors, including, without

limitation, any Claim based on a transaction in the Debtors' securities and/or a Claim for

damages or rescission based on the purchase or sale of the Interest, must file a proof of claim on

or prior to the Governmental Bar Date.[5]

           13.      **Inclusion of Section 503(b)(9) Claims in General Bar Date**.  Any

claimant asserting a Claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9)

Claim") must complete the appropriate box in the Proof of Claim Form (as defined below) and,

thereby, identify the portion of such Claim believed to be entitled to administrative expense

priority treatment under Bankruptcy Code section 503(b)(9).  To the extent that a claimant fails

to identify the existence and amount of its 503(b)(9) Claim on the Proof of Claim Form, the

---

[5]    The Debtors reserve the right to seek relief at a later date requiring Interest Holders to file proofs of Interest.

Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be entitled to seek priority treatment under section 503(b)(9).

14.     **Rejection Bar Date**.  Further, the Debtors request that proofs of claim for any rejection damages claims arising from the rejection of any unexpired lease or executory contract of a Debtor (an "Agreement") during these Bankruptcy Cases be filed by the later of (a) 30 days after the effective date of rejection of such Agreement as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (b) any date set by another order of the Court or (c) the General Bar Date (the "Rejection Bar Date").  Except as further set forth herein, proofs of claim for any other claims that arose prior to the Petition Date with respect to a lease or contract must be filed by the General Bar Date.

15.     **Amended Schedule Bar Date**.  If the Debtors amend the Schedules and Statements to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor or the specific Debtor liable on the claim as reflected therein, then the effected claimant shall have until the later of (i) the General Bar Date or (ii) 30 days after the date that said claimant is served with notice of the amendment to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

16.     **Notice of General Bar Date**.  To provide ample time for mailing thousands of Bar Date Notices, allow the Debtors' creditors a reasonable opportunity to prepare and file proofs of claim, and enable the Debtors to comply with the milestones under their postpetition secured financing facilities for confirmation of a plan of reorganization (the "Milestones"), the Debtors request that this Court fix **a date that is at least 28 days after the**

**service of the Bar Date Notice** as the General Bar Date.[6]  This timing will provide potential

claimants with sufficient notice of the General Bar Date, in excess of the 21 days required by

Bankruptcy Rule 2002(a)(7) .

    17.  In particular, concurrently herewith, the Debtors have filed a motion

seeking a 15-day extension of the deadline to file Schedules and Statements until October 24,

2015.  Notwithstanding such request, the Debtors intend to use their best efforts to file the

Schedules and Statements prior to such deadline.  The Debtors intend to serve the Bar Date

Notice no later than four business days after filing of the Debtors' Schedules and Statements and,

as set forth above, will set the General Bar Date for the date that is at least 28 days after such

service.  Service of the Bar Date Notice and a Proof of Claim Form shall include, but not be

limited to, the following entities:

   (i)   the Office of the United States Trustee for the District of Delaware;

   (ii)   the agent and/or indenture trustee for the Debtors' prepetition secured noteholders;

   (iii)   the agent and/or indenture trustee for the Debtors' prepetition unsecured noteholders;

   (iv)   counsel for the ad hoc group of the Debtors' prepetition unsecured noteholders;

   (v)   all persons or entities that have requested notice of the proceedings in these Chapter 11 Cases in accordance with Bankruptcy Rule 2002;

   (vi)   all persons or entities that have filed Proofs of Claim against the Debtors;

   (vii)   all known creditors and other holders of Claims against the Debtors as of the date of entry of this Order;

---

[6]  Upon a determination of the date of service, the Debtors will insert the date that is 28 days later into the Bar Date Notice where needed.

(viii)    all entities that are party to executory contracts and unexpired leases with the Debtors as of the Petition Date;

(ix)    all vendors that delivered goods to the Debtors within 20 days of the Petition Date;

(x)    all entities known as of the date of entry of this Order that are party to, or have threatened, litigation with the Debtors;

(xi)    all current and former employees of the Debtors (to the extent that the Debtors employed such former employees within the last 3 years and contact information for such employees is available in the Debtors' records);

(xii)    all regulatory authorities that regulate the Debtors' businesses for each state in which the Debtors conduct business;

(xiii)    the Internal Revenue Service;

(xiv)    the Environmental Protection Agency;

(xv)    the Securities and Exchange Commission; and

(xvi)    state attorneys general and state departments of revenue for each state in which the Debtors conduct business.

The Debtors submit that this structure will provide creditors with ample time to file proofs of claim while preserving flexibility for the Debtors to determine when they are able to file Schedules and Statements.

18.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to use their best efforts (i) to mail the Bar Date Notice to all known creditors, and (ii) to publish a notice in a form substantially similar to the Bar Date Notice in the national and international editions of The Wall Street Journal or The New York Times no later than 3 business days after service of the Bar Date Notice.  As a result, as set forth above, creditors of the Debtors will have approximately 28 days' notice of the General Bar Date, thus satisfying Bankruptcy Rule 2002(a)(7).

19.    **Governmental Bar Date**.  The Debtors request that this Court fix **a date that is 180 days after the Petition Date, or March 7, 2016,** as the Governmental Bar Date.

Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), the Debtors request that any Governmental Units that are creditors holding or wishing to assert Claims arising before the Petition Date against any of the Debtors be required to file, on or before the Governmental Bar Date, a separate, completed and executed Proof of Claim Form (as defined below) on account of any such claims in accordance with the procedures set forth below.

20.     **Forms of Proofs of Claim.**  The Debtors propose to serve with the Bar Date Notice a proof of claim form, in the form attached to the proposed Order as Exhibit 2, that is substantially similar to Official Bankruptcy Form No. 10 (the "Proof of Claim Form").[7]  To be considered properly filed, each Proof of Claim Form must (a) be denominated in lawful United States currency, (b) specify the full name of the Debtor against which the claimant asserts the Claim, (c) set forth with specificity the legal and factual basis for the Claim, and (d) have attached to it supporting documentation upon which the claimant will rely to support the Claim.

21.     Claims against multiple Debtors may not be aggregated on a single Proof of Claim Form.  Any creditor or claimant holding or wishing to assert a Claim against more than one Debtor must file a separate Proof of Claim Form in the case of each Debtor against which the creditor or holder of such Claim believes it holds a Claim.  For administrative convenience and cost savings, the Bar Date Notice contains notice of the General Bar Date and the Governmental Bar Date for all the Debtors' cases.  Nevertheless, because each proof of claim must be filed against a particular Debtor, the Bar Date Notice explains the requirement that all proofs of claim name the specific Debtor against which a creditor asserts a claim.  This requirement will make the Debtors' claim analysis more efficient and less costly to their estates.

---

[7]     Official Bankruptcy Form No. 10 has been revised to provide a place for parties to set forth the portion of their claims, if any, which they assert are entitled to administrative expense priority status under Bankruptcy Code section 503(b)(9), as further discussed herein.

22.    **Procedure for Filing Proofs of Claim.**  The Debtors request that, for any

proof of claim to be validly and properly filed, a signed original of the completed Proof of Claim

Form, together with any accompanying documentation,[8] be required to be delivered to Kurtzman

Carson Consultants, LLC ("KCC"), at the address set forth on the Bar Date Notice so as to be

received no later than 5:00 p.m. prevailing Eastern Time on the applicable bar date.  The Debtors

propose that creditors be permitted to submit proofs of claim in person, by courier, hand delivery,

or by mail, but not by facsimile or other electronic means.  Proofs of claim shall be deemed filed

when actually received by KCC.  If a creditor wishes to receive acknowledgement of the

Debtors' receipt of such creditor's Proof of Claim Form, such creditor must submit a copy of the

applicable Proof of Claim Form and a self-addressed, stamped envelope.

23.    **Debtors' Reservation of Rights.**  The Debtors shall retain the right to (a)

dispute, or assert offenses or defenses against, any filed Claim or any Claim listed or reflected in

the Schedules and Statements as to nature, amount, liability, classification or otherwise; or (b)

subsequently designate any Claim as disputed, contingent or unliquidated; provided, however,

that in such instance, the Amended Schedule Bar Date may apply.  Notwithstanding anything

herein to the contrary, nothing set forth herein would preclude the Debtors from objecting to or

contesting any Claim, whether scheduled or filed, on any grounds.

APPLICABLE AUTHORITY

24.    Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the

time within which proofs of claim or interest may be filed."  The Debtors now seek to establish a

---

[8]    The Debtors propose that a creditor's proof of claim may be filed without the writings which would otherwise be required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any party in interest in these cases, any such creditor shall be required to transmit such writings promptly to the Debtors or the other party in interest, but in no event later than 10 days from the date of such request.

General Bar Date to determine what, if any, claims are asserted against the Debtors in addition to those listed on the Schedules and Statements.

25.    Additionally, Bankruptcy Code sections 105, 501, 502, and 503 and Bankruptcy Rule 9007 together permit the Court to approve the proposed proof of claim filing procedures and to approve the form, manner and sufficiency of notice of the General Bar Date and the procedures for filing such claims.  For the reasons set forth herein, approval of the proposed procedures for filing proofs of claim and the form, manner and sufficiency of notice of such procedures and the General Bar Date should be granted.

26.    In conjunction with the setting of the Bar Dates, the Debtors must ensure that interested parties receive appropriate notice of such Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. See Chemetron Corp. v. Jones (In re Chemetron Corp.), 72 F.3d 341, 345 (3d Cir. 1995).  As the Third Circuit in Chemetron explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown claimants, notification by publication will generally suffice."' Id. at 346 (citations omitted).  A "known" creditor is one whose identity is either "known or is 'reasonably ascertainable by the debtor.'" Id. (quoting Tulsa Prof. Collection Servs., Inc. v. Pope, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "'interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" Chemetron, 72 F.3d at 346 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950)).

27.    In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation. The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

Id. at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" In re Grand Union Co., 204 B.R. 864, 871 (Bankr. D. Del. 1997) (quoting Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.), 863 F.2d 393, 396 (5th Cir. 1989)).

28.    The Debtors submit that the proposed notice procedures satisfy the Chemetron standard. Through the process of completing the Schedules and Statements, the Debtors will have identified, following careful review of the Debtors' books and records and those of the Debtors' professionals, where applicable, those persons and entities that are known to the Debtors to hold claims against one or more of the Debtors, or are likely to be potential holders of claims.

29.    In addition, the establishment of bar dates is a critical element in the Debtors' efforts to pursue a plan of reorganization for the benefit of all parties in interest. To facilitate such a pursuit, the Debtors wish to identify all of their creditors and begin the process of determining the universe of claims at issue. Moreover, the Debtors believe that establishing bar dates is critical to the Debtors' Chapter 11 Cases as it will allow for an efficient and expedient claims administration process. Accordingly, it is in the best interests of the Debtors and their estates for the Court to grant the relief requested herein.

### NOTICE

30.    Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition

secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility;

(d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors'

prepetition senior unsecured notes; and (f) the parties listed in the consolidated list of thirty (30)

largest unsecured creditors filed by the Debtors in these Chapter 11 Cases.  The Debtors submit

that no other or further notice need be provided.

**NO PRIOR REQUEST**

31.     No previous request for the relief sought herein has been made to this

Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto, granting the relief requested in the Motion and such

other and further relief as may be just and proper.

Dated:    Wilmington, Delaware
          September 17**,** 2015


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*