**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| Debtors.[1] | : | Jointly Administered |
| | : | **Related Docket No. __** |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 501, 502, 503, AND 1111(a), AND BANKRUPTCY RULES 2002, 3003(c)(3), AND 9007, AND LOCAL BANKRUPTCY RULES 1009-2 AND 2002-1(e) (I) SETTING GENERAL BAR DATE, (II) ESTABLISHING PROCEDURES FOR FILING PROOFS OF CLAIM, AND (III) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to Bankruptcy Code sections 105, 501, 502, 503, and 1111(a), Bankruptcy Rules 2002, 3003(c)(3), and 9007, and Local Bankruptcy Rules 1009-2 and 2002-1(e) (i) setting a general bar date, (ii) establishing procedures for filing proofs of claim, and (iii) approving the form and manner of notice thereof; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Unless otherwise defined herein, capitalized terms used shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. **General Bar Date:** Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in Bankruptcy Code sections 101(15) and (41)), except any Governmental Unit and certain other exceptions explicitly set forth in this Order, that are creditors holding or wishing to assert Claims arising before the Petition Date against any of the Debtors are required to file a separate, completed and executed proof of claim form (substantially in the form attached hereto as Exhibit 2 and conforming substantially to Official Bankruptcy Form No. 10) (the "Proof of Claim Form")[3] on account of any such Claims in accordance with the procedures set forth below so that the Debtors' Court-appointed claims agent, Kurtzman Carson Consultants ("KCC"), **actually receives the Proof of Claim Form on or before the date that is no later than 28 days after service of the Bar Date Notice (as defined below) (the "General Bar Date")**.

3. Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any Governmental Units that are creditors holding or wishing to assert Claims arising before the Petition Date against any of the Debtors are required to file a separate, completed and executed Proof of Claim Form on account of any such Claims in accordance with the procedures set forth below so that KCC **actually receives the Proof of Claim Form on or before March 7, 2016 (the "Governmental Bar Date")**.

[3] The Proof of Claim Form is substantially similar to Official Bankruptcy Form No. 10. It provides a place for parties to set forth the portion of their claims, if any, which they assert are entitled to administrative expense priority status under Bankruptcy Code section 503(b)(9).

4. Notwithstanding the preceding paragraphs, creditors holding or wishing to assert the following types of Claims (collectively, the "Excluded General Claims") against the Debtors need not file a proof of claim:

(i) Claims listed in the Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) priority, (c) nature, (d) classification, or (e) the identity of the Debtor against whom such Claims are scheduled;

(ii) Claims on account of which a proof of claim has already been properly filed with the Court against the correct Debtor;

(iii) Requests for payment under Bankruptcy Code sections 503(b) and 507(a)(1) of expenses of administration, **except, however, for requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which 503(b)(9) requests must be filed on or before the General Bar Date**;[4]

(iv) Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

(v) Claims of the Debtors against other Debtors;

(vi) Claims of or against non-Debtor foreign affiliates;

(vii) Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii) Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one Proof of Claim Form on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix) Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[5]

---

4 Creditors holding or wishing to assert requests for payment pursuant to Bankruptcy Code section 503(b)(9) are required to properly file a proof of claim on or before the General Bar Date, as further provided herein.

5 Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a

*(cont'd)*

5. **Exclusion of Proofs of Interest in Debtors From General Bar Date.** Any holder of an interest in any of the Debtors (each an "Interest Holder"), whose interest is based exclusively upon the ownership of common or preferred stock of any of the Debtors (an "Interest"), is not required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; provided, however, that any Interest Holder who wishes to assert a Claim against any of the Debtors, including, without limitation, any Claim based on any transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date; provided further, however, that any Interest Holder that is a Governmental Unit, who wishes to assert a Claim against any of the Debtors, including, without limitation, based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interest, must file a proof of claim on or prior to the Governmental Bar Date.[6]

6. **Inclusion of Section 503(b)(9) Claims in General Bar Date and Identification Requirement For Section 503(b)(9) Claims**. Any claimant asserting a Claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must complete the appropriate box in the Proof of Claim Form and, thereby, identify the portion of such Claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9). To the extent that a claimant fails to identify the existence and amount of its

*(cont'd from previous page)*

single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.

[6] The Debtors reserve the right to seek relief at a later date requiring Interest Holders to file proofs of Interest.

503(b)(9) Claim on the Proof of Claim Form, the Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be entitled to seek priority treatment under section 503(b)(9).

7. **Rejection Bar Date**. Proofs of claim for any rejection damages Claims arising from the rejection of any unexpired lease or executory contract of a Debtor (an "Agreement") during these Bankruptcy Cases must be filed by the later of (a) 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (b) any date set by another Order of the Court or (c) the General Bar Date (the "Rejection Bar Date"). Except as further set forth within, proofs of claim for any other Claims that arose prior to the Petition Date with respect to a lease or contract must be filed by the General Bar Date.

8. **Amended Schedule Bar Date**. In the event that the Debtors amend the Schedules and Statements after having given notice of the General Bar Date, as provided herein, the Debtors shall give notice of any amendment to the holders of Claims affected thereby, and if the subject amendment reduces the unliquidated, noncontingent, and liquidated amount or changes the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein, such holders shall be given until the later of (a) the General Bar Date or (b) 30 days from the date such notice is given (or such other time period as may be fixed by the Court) to file proofs of claim with respect to such affected Claim, if necessary, or be barred in these Chapter 11 Cases from doing so in accordance with Paragraph 17 below.

9. In the event that the Debtors amend the Schedules and Statements after having given notice of the Governmental Bar Date as provided herein, the Debtors shall give notice of any amendment to the holders of Claims that are Governmental Units and that are affected thereby, and if the subject amendment reduces the unliquidated, noncontingent and

liquidated amount, or changes the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein, such holders shall be given until the later of (a) the Governmental Bar Date or (b) 30 days from the date such notice is given (or such other time period as may be fixed by the Court) to file proofs of claim with respect to such affected Claim, if necessary, or be forever barred in these Chapter 11 Cases from doing so in accordance with Paragraph 17 below.

10. **Service and Publication of Bar Date Notice**. The Debtors shall exercise their best efforts to serve a notice of the General Bar Date and the Governmental Bar Date (the "Bar Date Notice") substantially in the form of the notice attached hereto as Exhibit 1 and a Proof of Claim Form, by first class mail to all known and reasonably ascertainable creditors and all known holders of the Debtors' equity securities as reflected in the Debtors' books and records. The Debtors shall serve the Bar Date Notice and a Proof of Claim Form in the form and manner contemplated hereunder no later than four business days after filing their Schedules and Statements. Service of the Bar Date Notice and a Proof of Claim Form shall include, but not be limited to, the following entities:

(i) the Office of the United States Trustee for the District of Delaware;

(ii) the agent and/or indenture trustee for the Debtors' prepetition secured noteholders;

(iii) the agent and/or indenture trustee for the Debtors' prepetition unsecured noteholders;

(iv) counsel for the ad hoc group of the Debtors' prepetition unsecured noteholders;

(v) all persons or entities that have requested notice of the proceedings in these Chapter 11 Cases in accordance with Bankruptcy Rule 2002;

(vi) all persons or entities that have filed Proofs of Claim against the Debtors;

(vii) all known creditors and other holders of Claims against the Debtors as of the date of entry of this Order;

(viii) all entities that are party to executory contracts and unexpired leases with the Debtors as of the Petition Date;

(ix) all vendors that delivered goods to the Debtors within 20 days of the Petition Date;

(x) all entities known as of the date of entry of this Order that are party to, or have threatened, litigation with the Debtors;

(xi) all current and former employees of the Debtors (to the extent that the Debtors employed such former employees within the last 3 years and contact information for such employees is available in the Debtors' records);

(xii) all regulatory authorities that regulate the Debtors' businesses for each state in which the Debtors conduct business;

(xiii) the Internal Revenue Service;

(xiv) the Environmental Protection Agency;

(xv) the Securities and Exchange Commission; and

(xvi) state attorneys general and state departments of revenue for each state in which the Debtors conduct business.

11. The Debtors shall publish a notice in a form substantially similar to the Bar Date Notice in the national and international editions of The Wall Street Journal or The New York Times. Such publication shall constitute adequate and appropriate notice sufficient to comply with the Debtors' due process obligations as to all creditors that are not known or reasonably ascertainable to the Debtors.

12. **Forms of Proofs of Claim.** To be considered properly filed, each Proof of Claim Form must (a) be denominated in lawful United States currency, (b) specify the full name of Debtor against which the claimant asserts the Claim, (c) set forth with specificity the legal and factual basis for the Claim, and (d) have attached to it supporting documentation upon which the claimant will rely to support the Claim.

13. Claims against multiple Debtors may <u>not</u> be aggregated on a single Proof of Claim Form. Any creditor or claimant holding or wishing to assert a Claim against more than one Debtor must file a separate Proof of Claim Form in the case of each Debtor against which the creditor or holder of such Claim believes it holds a Claim.

14. **Procedures for Filing Proofs of Claims**: All proofs of claim shall be filed by mail, hand, or overnight courier and shall be addressed to:

**Quiksilver, Inc. Claims Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

15. A proof of claim is deemed filed only when the proof of claim, together with supporting documentation, is **actually received** by KCC at the above address. Any proof of claim submitted by facsimile or other electronic means shall be rejected by KCC and will not be deemed filed.

16. In the event it files a claim, any administrative agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable credit facility and/or related transaction documents. Any indenture trustee may file a single proof of claim on account of the combined Claims of the trustee and all of the bondholders under the applicable indenture and/or related transaction documents.

**17. Any creditor or holder of a Claim that is required to file but fails to file a proof of claim for its Claim in accordance with this Order on or before the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, the Amended Schedule Bar Date, or such other date established by prior or future order of the Court or established hereby, as applicable, shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim Form with respect to that claim), and**

**the Debtors and their property, upon confirmation of a chapter 11 plan, will be forever discharged from any and all indebtedness or liability with respect to or arising from that claim, and such holder or creditor shall not be permitted to vote on any plan, participate in any distribution in the Chapter 11 Cases on account of the applicable claim, or receive further notices regarding or on account of that claim. Without limiting the foregoing, and except as otherwise provided herein, any creditor asserting a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim Form in accordance with this Order will not be afforded any priority treatment on account of that 503(b)(9) Claim, regardless of whether the Debtors have identified that claim on the schedules as not contingent, not disputed, and not liquidated.**

18. Nothing in this Order shall, or shall be deemed to, prejudice the Debtors' or any other party in interest's right to object to any Claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), on any ground, or to dispute, or to assert offsets against or defenses to, any Claim reflected on the Schedules and Statements, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any Claim as disputed, contingent or unliquidated, and nothing in this Order or the Schedules and Statements shall be considered an admission as to the amount, liability, classification or other characteristic of a Claim, including, without limitation, whether such Claim is asserted or scheduled against the proper Debtor.

19. Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of a Claim or Interest that is specifically excluded from the requirements to file such a Claim by this Order must file a proof of claim or interest.

20. The provisions of this Order apply to all Claims of whatever character against the Debtors or their property, whether such Claims are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

21. The Debtors and KCC, as the Court-appointed claims agent in these Chapter 11 Cases are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

22. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

23. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
_____________, 2015

___________________________________
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-1188 (BLS) |
| Debtors.[1] | : | Jointly Administered |
| | : | **Related Docket No. __** |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM**

**TO: ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**GENERAL BAR DATE**

On October **__**, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. __] (the "Bar Date Order") establishing **__________ at 5:00 p.m. (Eastern)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors to file a proof of claim so that such proof of claim **is received on or before __________ at 5:00 p.m. (Eastern)** at the following address delivered by mail, hand delivery, or overnight courier:

**Quiksilver, Inc. Claims Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

The Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court on ______, 2015. The Schedules and Statements are available for download, free of charge, at the website for the Debtors' claims agent at www.kccllc.net/quiksilver. The Schedules and Statements can also be accessed at www.deb.uscourts.gov.

**GOVERNMENTAL BAR DATE**

In accordance with Bankruptcy Code section 502(b)(9), any Claims of governmental units, as defined by Bankruptcy Code section 101(27), against any of the Debtors, must be filed so that such proof of claim **is received on or before March 7, 2016 at 5:00 p.m. (Eastern)** (the "Governmental Bar Date"), at the following address delivered by mail, hand delivery or overnight courier:

**Quiksilver, Inc. Claims Processing Center**
**c/o KCC**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**2335 Alaska Avenue**
**El Segundo, CA 90245**

**DEFINITION OF CLAIM**

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM**

Pursuant to the Bar Date Order, all Entities holding or wishing to assert Claims (including, without limitation, personal injury and tort Claims) against the Debtors (whether secured, priority, or unsecured) that arose prior to September 9, 2015 (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

(i) Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

(ii) Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court against the correct Debtor;

(iii) Requests for payment under Bankruptcy Code section 503(b) and 507(a)(2) of expenses of administration of the estates, **other than Claims or requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which must be filed on or before the General Bar Date**;

(iv) Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

(v) Claims of Debtors against other Debtors;

(vi) Claims of or against non-Debtor foreign affiliates;

(vii) Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii) Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one Proof of Claim Form on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix) Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[2]

**Any entity, as defined in Bankruptcy Code section 101(15) (an "Entity") whose prepetition Claim against a Debtor (i) is not listed in the applicable Debtor's Schedules and Statements, (ii) is listed as "disputed," "contingent" or "unliquidated" in the Schedules and Statements, or (iii) whose Claim is not an Excluded Claim and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases must file a proof of claim on or before the General Bar Date.**

[2] Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.

**Any Entity whose prepetition Claim is improperly classified in the Schedules and Statements, is listed in an incorrect amount in the Schedules and Statements, or is scheduled against an incorrect Debtor in the Schedules and Statements and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date.**

**Executory Contract and Unexpired Lease Rejection Claims**. Any Entity whose Claims arise out of the rejection of an executory contract or unexpired lease (pursuant to Bankruptcy Code section 365) after the Petition Date, must file a proof of claim on or before the latest of: (1) 30 days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court; or (3) the General Bar Date (the "Rejection Bar Date").

**Claims Resulting from Amendment to the Schedules and Statements**. If, less than 30 days prior to, or after, the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent, and/or liquidated amount or to change the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have 30 days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

**Interests**. Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; provided, however, that any Interest Holder (other than a governmental unit as defined in Bankruptcy Code section 101(27)) who wishes to assert a Claim against any of the Debtors, including, without limitation, any Claim based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the General Bar Date; provided further, however, that any Interest Holder that is a governmental unit (as defined in Bankruptcy Code section 101(27)), who wishes to assert a Claim against any of the Debtors, including, without limitation, based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the Governmental Bar Date.

## FILING PROOFS OF CLAIM FOR 503(b)(9) CLAIMS

Any claimant asserting a Claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must complete the appropriate box in the Proof of Claim Form and, thereby, identify the portion of such Claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9). To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the Proof of Claim Form, the Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be entitled to seek priority treatment under Bankruptcy Code section 503(b)(9).

## FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any Entity that is required to file a proof of claim, but fails to do so in a timely manner, will be forever barred, estopped and enjoined in these chapter 11 cases from: (1) asserting any Claim against any of the Debtors that such Entity has that (a) is in an amount that exceeds the amount, if any, that is set forth in the Schedules and Statements as undisputed, noncontingent, and liquidated or (b) is of a different nature or in a different classification or against a different Debtor than as set forth in the Schedules and Statements (any such Claim being referred to as an "Unscheduled Claim"); and (2) voting upon, or receiving distributions under, any plan or plans of reorganization or liquidation in these chapter 11 cases in respect of an Unscheduled Claim. The Debtors and their property, upon confirmation of a chapter 11 plan, will be forever discharged from any and all indebtedness or liability with respect to or arising from any Claim for which a proof of claim is not timely filed. If it is unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.**

**RESERVATION OF RIGHTS**

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent, or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

**TIME AND PLACE FOR FILING PROOFS OF CLAIM**

A signed original of any proof of claim, substantially in the form enclosed herewith, together with any supporting documentation, must be delivered by mail, hand delivery or overnight courier **so as to be received** no later than 5:00 p.m., Eastern, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date, or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address:

**Quiksilver, Inc. Claims Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

**ADDITIONAL INFORMATION**

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact the Debtors' claims agent, Kurtzman Carson Consultants LLC ("KCC") at (877) 709-4757, Monday through Friday between 9:00 a.m. and 5:00 p.m., Pacific Time. Please note that KCC is not permitted to provide legal advice. The claims registers for the Debtors will be available at the office of KCC and/or online at www.kccllc.net/quiksilver.

Dated: Wilmington, Delaware
___________, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

# Exhibit 2

## Proof Of Claim Form

## UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE

**PROOF OF CLAIM**

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

☐ Quiksilver, Inc. (Case No. 15-11880)
☐ QS Wholesale, Inc. (Case No. 15-11881)
☐ DC Direct, Inc. (Case No. 15-11882)
☐ DC Shoes, Inc. (Case No. 15-11883)
☐ Fidra, Inc. (Case No. 15-11884)
☐ Hawk Designs, Inc. (Case No. 15-11885)
☐ Mt. Waimea, Inc. (Case No. 15-11886)
☐ QS Optics, Inc. (Case No. 15-11887)
☐ QS Retail, Inc. (Case No. 15-11888)
☐ Quiksilver Entertainment, Inc. (Case No. 15-11889)
☐ Quiksilver Wetsuits, Inc. (Case No. 15-11890)

NOTE: *This form should not be used to make a claim for an administrative expense* ***(other than a claim asserted under 11 U.S.C. § 503(b)(9))*** *arising after the commencement of the case. A "request" for payment of an administrative expense* ***(other than a claim asserted under 11 U.S.C. § 503(b)(9))*** *may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone number: email:

Name and address where payment should be sent (if different from above):

Telephone number: email:

❒ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**__________
(*If known*)

Filed on:____________________

❒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $______________________________
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❒Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** ______________________________________________________________
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| ___ ___ ___ ___ | (See instruction #3a) | (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❒Real Estate ❒Motor Vehicle ❒Other
**Describe:**
**Value of Property: $**_______________ **Annual Interest Rate**______________**%** ❒Fixed ❒Variable
**(when case was filed)**
**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $**_________________ **Basis for perfection:** _____________________________

**Amount of Secured Claim: $**______________________ **Amount Unsecured: $**___________________________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❒Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❒ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

❒ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❒ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❒ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

❒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____________________

* *Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$__________________________________ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #8, and the definition of "****redacted****".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9. Signature:** (See instruction #9)
Check the appropriate box.

❒ I am the creditor. ❒ I am the creditor's authorized agent. ❒ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ❒ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name:_________________________________
Title: _____________________________________
Company: __________________________________ (Signature) (Date)
Address and telephone number (if different from notice address above):

Telephone number: Email:

**COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 Modified (Official Form 10) (04/13) cont.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See Definitions.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**DEFINITIONS**

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Claim Pursuant to 11 U.S.C. §503(b)(9):**
Any claim entitled to treatment in accordance with Section 503(b)(9) of the Bankruptcy Code. Specifically, Section 503(b)(9) claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9)

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**INFORMATION**

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/quiksilver.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq*.), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

Quiksilver Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245