IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
                      Debtors.[1] : Jointly Administered
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x **Related Docket No. __**

**ORDER (I) AUTHORIZING DEBTORS TO (A) RETAIN FTI CONSULTING, INC. TO PROVIDE THE DEBTORS WITH STEPHEN COULOMBE AS THEIR DESIGNATED CHIEF RESTRUCTURING OFFICER AND OTHER TEMPORARY EMPLOYEES, EFFECTIVE AS OF THE PETITION DATE; AND (II) APPROVING THE ENGAGEMENT AGREEMENT BETWEEN THE DEBTORS AND FTI CONSULTING, INC.**

Upon the application (the "Application")[2] of the Debtors for entry of an for entry of an order (this "Order") (I) authorizing the Debtors to retain FTI Consulting, Inc. ("FTI") to provide the Debtors with Stephen Coulombe as their designated Chief Restructuring Officer ("CRO") and other temporary employees ("Temporary Employees") to provide restructuring support services, effective as of the Petition Date, pursuant to the terms of the Engagement Agreement, and (II) approving the Engagement Agreement, all as more fully set forth in the Application; and upon consideration of the Coulombe Declaration; and the Court having reviewed the Application and the Coulombe Declaration; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is GRANTED as set forth herein.

2. The terms of the Engagement Agreement, including, without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to (a) retain FTI to provide the Debtors with a CRO and certain Temporary Employees, and (b) designate Stephen Coulombe as the Debtors' CRO, effective as of the Petition Date on the terms set forth in the Engagement Agreement, subject to the following terms, which apply notwithstanding anything in the Engagement Agreement or the Application or any exhibits related thereto to the contrary:

   a. The Debtors shall be authorized to pay FTI compensation pursuant to the terms set forth in the Application upon the submission of invoices by FTI to the Debtors;

   b. Upon entry of this Order authorizing FTI's retention to provide a CRO, FTI will not accept an engagement for the Debtors or an affiliate of the Debtors in other capacity other than CRO unless authorized by a further order of the Court;

   c. No principal, employee, or independent contractor of FTI or its affiliates shall serve as a director of any of the Debtors during the pendency of the Chapter 11 Cases;

   d. In the event the Debtors or FTI seek to have FTI personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

2

e. On a monthly basis FTI shall file with the Court, and provide notice to the Notice Parties, the following monthly reports (the "Monthly Reports"):

    (i) a report of compensation earned and expenses incurred on a monthly basis; subject to the following:

        (A) such report shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred;

        (B) time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category;

        (C) where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in tenth of an hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments; and

        (D) all compensation shall be subject to review by the Court in the event an objection is filed; and

    (ii) a report of staffing on the engagement for the previous month, subject to the following:

        (A) such report shall include the names and functions filled of individuals assigned;

        (B) all staffing shall be subject to review by the Court in the event an objection is filed.

f. FTI shall file the Monthly Reports on or before the twenty-first (21st) day of each month. The first Monthly Reports shall be due on November 21, 2015 and shall cover the period up to and including October 31, 2015;

g. The Notice Parties shall have fifteen (15) days from service to object to the Monthly Reports. In the event that an objection is timely filed by the Notice Parties and said objection cannot be resolved, the matter shall be scheduled for a hearing before this Court at time mutually agreed upon by the parties. If there is no objection to the Monthly Reports, the applicable invoice may be paid in the ordinary course of business by the Debtors;

h. Notwithstanding anything to the contrary in the Engagement Agreement, and consistent with the protocol established by the United States Trustee with respect to the retention of critical management services (the "Protocol"), FTI agrees that those FTI employees serving as officers of the Debtors, including Coulombe as CRO, will be entitled to receive whatever indemnities are made available during the term of the engagement to other non-FTI affiliated officers of the Debtors, whether under the by-laws, certificates of incorporation, applicable corporate laws or contractual agreements of general applicability to officers of the Debtors (the "FTI Indemnification"). Additionally, and consistent with the Protocol, FTI agrees to waive the FTI Indemnification with respect to those Indemnified Parties (as defined in the Engagement Agreement) and Indemnified Persons (as defined in the Engagement Agreement) who do not serve as officers of the Debtors; provided, however, that FTI personnel who are not officers of the Debtors shall be indemnified as may be approved by the boards of directors of the Debtors;

i. There shall be no indemnification of FTI or its affiliates. Notwithstanding the foregoing, FTI may apply for reimbursement of expenses to the extent it is required to respond to a subpoena relating to the Debtors' cases during the engagement or after the engagement is terminated. The reasonableness of such expenses shall be evaluated under section 330 of the Bankruptcy Code;

j. FTI personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity;

k. For a period of three years after the conclusion of FTI's engagement, FTI shall not make any investments in the Debtors or reorganized Debtors where FTI or another affiliate has been engaged;

l. FTI shall disclose any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation;

m. Success fees, transaction fees, or other back-end fees, including the Completion Fee, shall be approved by the Court at the conclusion of the Chapter 11 Cases based on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee; and

4. The Debtors' retention of FTI, including of Mr. Coulombe as CRO and certain Temporary Employees, which is approved pursuant to section 363 of the Bankruptcy Code, is not subject to the compensation requirements of sections 330 and 331. Therefore, except as otherwise provided in this Order, the fees and expenses incurred by FTI in the performance of its services shall be treated as an administrative expense of the Debtors' chapter 11 estates and shall be paid by the Debtors in the ordinary course of business, without the need for FTI to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

5. To the extent there is any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

6. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE