## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **QUIKSILVER, INC.,** *et al.*, | ) | **Bk. No. 15-11880 (BLS)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | Objection Deadline: Sept. 29, 2015 @ 4:00p.m. |
| | ) | Hearing Date:  Oct. 6, 2015 @ 10:00 a.m. |
| | ) | **Ref. D.I. 7, 72, 79** |

**LIMITED OBJECTION OF THE TAUBMAN LANDLORDS TO DEBTORS' MOTION FOR FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363, 365 AND 554 AND BANKRUPTCY RULES 6003 AND 6004 (I) AUTHORIZING THE DEBTORS TO ASSUME THE AGREEMENTS; (II) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING OR SIMILAR THEMED SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (III) AUTHORIZING CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING STORE LOCATIONS**

The Taubman Landlords, by and through the undersigned counsel, hereby object to

Debtors' Motion to Authorize and Approve the Conduct of Store Closing Or Similar Themed

Sales (the "GOB Motion")(D.I. 7), and in support thereof show as follows:

1.     This is a contested matter, pursuant to Bankruptcy Rules 6006(b) and 9014.

2.     Jurisdiction is based upon 28 U.S.C. §1334.

3.     This is a core proceeding within the meaning of 28 U.S.C. §157(b).

4.     On September 9, 2015, the debtors filed their petitions for relief under Chapter 11

of the United States Bankruptcy Code ("Bankruptcy Code").

5.     The Taubman Landlords are the owners of certain regional retail shopping

centers, in which the Debtors lease space pursuant to written leases. For purposes of these cases,

the Taubman locations include the following:  Dolphin Mall Associates LLC, commonly known

as Dolphin Mall, located in Miami, Florida (Store 861) and Taubman Auburn Hills Associates

Limited Partnership, located in Auburn Hills, Michigan, commonly known as Great Lakes

Crossing (Store 876).

6.       In the GOB Motion, the Debtors propose to assume an agreement with Hilco

Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively "Agent")

authorizing the Debtors to conduct store closing sales at the Closing Locations, as defined in the

GOB Motion.  Both of the Taubman Landlords' locations are listed as Closing Locations.

## I.  Objection to Sale of FF&E

7.       The GOB Motion and accompanying Store Closing Agreement indicate that "the

Debtors are seeking to sell all FF&E remaining in the Stores" (GOB Motion ¶ 67, Store Closing

Agreement section L, p.6).

8.       Section 6.02 of the lease for Great Lakes Crossing, relevant portions of which are

annexed as Exhibit A says as follows:

> Section 6.02 – Removal by Tenant
>
> All alterations, decorations, additions, trade fixtures and improvements ("Tenant
> Improvements") made by Tenant shall be deemed to have attached to the
> leasehold and to have become the property of Landlord upon such attachment.
> Upon expiration or earlier termination of the term of this Lease, Tenant shall not
> remove any of such Tenant Improvements.

9.       Similarly, Section 6.02 of the lease for Dolphin Mall, relevant portions of

which are annexed as Exhibit B says as follows:

> Section 6.02 – Removal by Tenant
>
> All alterations decorations additions trade fixtures and Improvements made by
> Tenant shall be deemed to have attached to the leasehold and to have become the
> property of Landlord upon such attachment. Upon expiration or earlier
> termination of the term of this Lease Tenant shall not remove any of such
> alterations decorations additions trade fixtures or Improvements.

10.     The Taubman Landlords object to any attempt by the Debtors or their Agent to sell any FF&E, including store fixtures at any Taubman location as such FF&E and store fixtures are property of the Taubman Landlords pursuant to the terms of the applicable lease.

## II. Going Out of Business Sale

11.     Section 7.02 of the Taubman Leases provides in its relevant part, as follows:

No auction, liquidation, going out of business, fire or bankruptcy sales may be conducted in the leased premises.

12.     Section 365(d)(3) of the Bankruptcy Code requires the debtors to timely perform all obligations under the Taubman Leases arising from and after the order for relief is entered. With respect to the mall locations from which the debtors wish to run going out of business sales, or sales of fixtures and furniture, such sales would constitute a violation of Section 7.02 of the Taubman Leases.

13.     The existence of 11 U.S.C. §105 does not permit this Court to enter an Order that it believes makes "good business sense," when the result of the Order is to negate the express language of the Code.  Thus 11 U.S.C. §105 has generally been held not to be a basis for an order which may be inconsistent with the plain language of other Sections of the Bankruptcy Code.  *Cf. In re:  Ionosphere Clubs, Inc.,* 922 F.2d 984, 995 (2d Cir. 1990); *In re:  Morristown and Erie R. Co.*, 885 F.2d 98 (3d Cir. 1989); *In re:  NWFX, Inc.*, 864 F.2d 593 (8th Cir. 1989).

14.     The Taubman Landlords acknowledge that the Bankruptcy Court is a court of equity; however, it is well settled that the Court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code."  *Northwest Bank of Worthington v. Ahlens*, 485 U.S. 197, 206 (1988).  Arguably, no going out of business sale should be permitted, as it is uncontroverted that the Taubman Leases prohibit such sales.  The Taubman Landlords concede that under some circumstances, it might be appropriate to allow a liquidation sale that is

conducted in a manner that is not likely to cause harm to landlords.  However, in the case *sub judice*, it would be inequitable to allow the sale to occur unless the signage requirements and use and operations clauses of the Taubman Leases are complied with, as required by 11 U.S.C. §365(d)(3), and there is a clear showing that a balance of equity favors the tenant.

15.     The GOB aspect of the debtors' motion seeks a grant of authority to organize, advertise and otherwise conduct the going out of business sales pursuant to the debtors' agent's own  discretion without regard to the limitations of the Taubman Leases.  Section 9.01 of the Taubman Leases governs the manner in which the debtors may post signage at the leased premises and Sections 7.01 and 7.02 of the Taubman Leases govern the manner in which the debtors may conduct their operations and advertise their businesses.  To the extent the debtors' GOB motion seeks authority to breach these covenants, the requirements of Section 365(d)(3) prohibit such relief and the Taubman Landlords object to such request.  Specifically, debtors' proposed sale guidelines are faulty for the following reasons:

a.     There is no prohibition against attaching signage to the windows at the store front as there should be.  Debtors should be required to place their signs on a pedestal at least two feet back from the windows.

b.     The liquidator should be required to submit gross sales reports directly to the landlords.  Percentage rent, if any becomes due, should be calculated and paid by the debtors' on a monthly basis as an administrative expense.

c.      There should be a prohibition on any solicitation of customers (whether in writing or not) outside of the Premises.

d.     There should be no more than one sign in any front window of the store and the signs may not take up more than 50% of the window space.

e.    Only one interior banner no larger than 3' x 8' may be hung.  The interior banner may only be hung in the rear third of the store.

f.    Total additional in-store signage must be limited to four 24" x 36" signs per 1,000 square feet of store floor area.

g.    The debtors and any agent must be required to repair any damage caused by the placement of any signage.

h.    The Guidelines should specify that no interior or exterior balloons are permitted.

i.    There should be no sign walkers, sandwich boards or street signage.  No sign walkers should be used on mall property, immediately adjacent streets, or ring roads.

j.    It should be made clear that no signs or advertisements can use the terms "bankruptcy," "bankruptcy liquidation," "lost our lease," or use similar themes.

k.    None of the furniture, fixtures and equipment ("FF&E") should be sold by the liquidator as they are owned by the Landlord.

16.    To the extent the debtors propose to bring additional inventory to the leased premises, all such inventory must be in compliance with the requirements of Sections 7.01 and 7.02 of the Taubman Lease pursuant to Section 365(d)(3) of the Bankruptcy Code.


WHEREFORE, the Taubman Landlords request that the Debtors' request to sell any FF&E from the Taubman Landlord's locations be denied and that the sale guidelines be modified as set forth herein, and for such other and further relief as the Court shall determine.

Date:   September 29, 2015                    Law Office of Susan E. Kaufman, LLC


                                              */s/ Susan E. Kaufman*
                                              Susan E. Kaufman (DSB # 3381)
                                              7 Ridgewood Circle
                                              Wilmington, DE 19809
                                              (302) 893-0690
                                              skaufman@skaufmanlaw.com

                                              and

                                              Andrew S. Conway, Esquire
                                              The Taubman Company
                                              200 East Long Lake Road, Suite 300
                                              Bloomfield Hills, MI 48304
                                              248- 258-7427
                                              aconway@taubman.com


                                              Attorneys for the Taubman Landlords