IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUIKSILVER, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered)<br><br>Objection Deadline: October 1, 2015 at 4:00 p.m. (ET)<br>Hearing Date: October 6, 2015 at 10:00 a.m. (ET)<br><br>Ref. Nos. 17, 76 and 84 |

### LIMITED OBJECTION OF WEST COUNTY COMMERCE REALTY HOLDING CO. LLC TO DEBTORS' MOTION FOR ENTRY OF FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING ON A SUPER-PRIORITY, SENIOR SECURED BASIS AND (B) USE CASH COLLATERAL, (II) GRANTING (A) LIENS AND SUPER-PRIORITY CLAIMS AND (B) ADEQUATE PROTECTION TO CERTAIN PREPETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF

West County Commerce Realty Holding Co. LLC ("**West County**" or the "**Landlord**"), by its undersigned counsel, as and for its limited objection (the "**Limited Objection**") to the motion (the "**Motion**") of Quiksilver, Inc. and its affiliate debtors (together, the "**Debtors**") for Entry of Final Order (i) Authorizing the Debtors to (a) Obtain Postpetition Financing on a Super-Priority, Senior Secured Basis and (b) Use Cash Collateral, (ii) Granting (a) Liens and Super-Priority Claims and (b) Adequate Protection to Certain Prepetition Lenders, (iii) Modifying the Automatic Stay, and (iv) Granting Related Relief (the "**Final DIP Order**"), respectfully represents as follows:

1.  West County is the lessor pursuant to certain long term non-residential commercial leases, as they may have been amended, with Quiksilver, Inc., as lessee, of the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

following properties: (a) ground floor space located at 15202 Graham Street, (n/k/a 5600 Argosy Circle, Huntington Beach, California, (b) the Suite 100 premises, located at 5600 Argosy Circle, Suite 100, Huntington Beach, California, and (c) the Suite 200 premises, located at 5600 Argosy Circle, Suite 200, Huntington Beach, California (together the "**Leases**").

2. On September 11, 2015, this Court entered an interim order approving the Debtors' Motion on an interim basis [Docket No. 76] (the "**Interim DIP Order**") and a final hearing has been set to consider entry of the Final DIP Order approving debtor-in-possession financing pursuant to a DIP Term Facility (as defined in the Interim DIP Order) and a DIP ABL Facility (as defined in the Interim DIP Order and, together with the DIP Term Facility, the "**DIP Financing**").

3. The DIP Financing is secured by: (i) first priority liens on and security interests in all unencumbered assets of the Debtors; (ii) junior liens on and security interests in collateral subject to existing liens by the prepetition secured notes and prepetition credit facility (the "**Existing Lien Collateral**"), and (iii) first priority priming liens on and security interests in the Existing Lien Collateral (now or hereafter acquired and all proceeds thereof), subject to certain priority provisions, and as fully set forth in the Interim DIP Order.

4. Existing Lien Collateral includes, among other things, accounts receivables, inventory, cash deposit and securities accounts and such other assets related to or arising out of, evidencing or governing any of the foregoing, including, without limitation, all cash, money and cash equivalents and proceeds thereof, certain of the Debtors' property, including without limitation intellectual property, real estate, fixtures, furniture and equipment, and capital stock of the Debtors' subsidiaries.

5. By this Limited Objection, Landlord seeks to clarify that, as to the Leases, any lien granted pursuant to the Final DIP Order is only a lien on the proceeds from any disposition of the Leases and does not grant the DIP Lenders (as defined in the Interim DIP Order) any possessory interest in or right to the premises that are the subject of the Leases, unless they already had such an interest or right prior to the date of the filing of the Debtors' bankruptcy petitions (the "**Petition Date**").

6. The DIP Lenders cannot, after all, by virtue of a Final DIP Order proposed by the Debtors, obtain a lien on or an interest in property that is not the Debtors' to give away. Upon information and belief, counsel for certain other landlords raised this issue at the hearing to consider the Interim DIP Order, and this Court indicated that this issue is typically reserved for the final hearing.

7. Indeed, West County notes that Your Honor did address this very issue in the final debtor-in-possession financing order which was entered in In re RadioShack Corp., Case No. 15-10197 (BLS) (Bankr. D. Del. Mar. 6, 2015) [Docket No. 839] (the "**RadioShack DIP Order**"). In the RadioShack DIP Order, Your Honor specifically provided that:

> with respect to the Borrower and Guarantors' non-residential real property leases and notwithstanding anything to the contrary in this Final Order or any of the DIP Financing Documents, no liens or encumbrances shall be granted or extend to the Borrower and Guarantors' real property leases themselves except as expressly permitted in the applicable lease or pursuant to applicable law but rather any liens granted shall extend only to the proceeds realized upon the sale, assignment, termination or other disposition of such real property leases.

8. Accordingly, and consistent with such approach, West County proposes that the Final DIP Order herein be modified to contain the following clarifying language:

> with respect to non-real property leases and notwithstanding anything to the contrary in this Final Order or any of the DIP Financing documents, no liens or encumbrances shall be granted

or extended to real property leases themselves except as expressly permitted in the applicable lease or pursuant to applicable law but rather any liens granted shall extend only to the proceeds realized upon the sale, assignment, termination or other disposition of the Debtors' interest in such real property leases, and nothing contained herein shall grant the DIP Lenders or the DIP Agents any possessory right to or interest in the premises that are the subject of such leases unless they already had a right prior to the Petition Date.

WHEREFORE, West County respectfully requests that the Final DIP Order, if approved, contain a provision consistent with the relief sought in this Limited Objection and provide such other relief as is just and proper.

Dated: September 29, 2015
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ William E. Chipman, Jr.
William E. Chipman, Jr. (No. 3818)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Facsimile:   (302) 295-0199
Email:       chipman@chipmanbrown.com

-and-

**STROOCK & STROOCK & LAVAN LLP**
Andrew P. DeNatale
180 Maiden Lane
New York, New York 10038
Telephone:   (212) 806-5400
Facsimile:   (212) 806-6006

*Counsel to West County Commerce Realty Holding Co. LLC*