IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
Debtors.[1] : Jointly Administered
:
:
: **Related Docket No. 36**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FIRST SUPPLEMENTAL DECLARATION OF VAN C. DURRER, II UNDER
BANKRUPTCY RULE 2014 AND LOCAL BANKRUPTCY RULE 2014-1**

I, Van C. Durrer, II, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner of the firm of Skadden, Arps, Slate, Meagher & Flom LLP (collectively with its affiliated law practice entities, "Skadden" or the "Firm"), which maintains offices for the practice of law at, among other places, One Rodney Square, 10th and King Streets, Wilmington, Delaware 19899. I am admitted in, practicing in, and a member in good standing of the bars of the States of California, Delaware, Maryland, New York, Virginia, and of the District of Columbia.

2. On September 9, 2015, I executed and filed a Declaration (the "Original Declaration") in Support of Debtors' Application for Order Under Bankruptcy Code Sections 327(a) and 329, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing Employment and Retention of Skadden, Arps, Slate, Meagher & Flom LLP

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

as Bankruptcy Counsel to the Debtors and Debtors In Possession Effective as of the Petition Date [Docket No. 36] (the "Application"),[2] filed in the Chapter 11 Cases of Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" or the "Company").

3. I submit this supplemental declaration (the "First Supplemental Declaration") in further support of the Application. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[3]

### SUPPLEMENTAL DUE DILIGENCE AND DISCLOSURES

4. Since the filing of the Original Declaration, the United States Trustee has appointed an official committee of unsecured creditors (the "Committee"), which was chosen on September 21, 2015. The Committee has several proposed legal and financial advisors, including Akin Gump Strauss Hauer & Feld LLP and PJT Partners, LP. Additionally, as set forth in the Original Declaration, since the filing of the Original Declaration, Skadden has engaged in further inquiry with respect to the matters contained in the Original Declaration through (i) the continued review of its client databases and (ii) the promulgation of a special "disinterestedness" questionnaire to each of its nearly 1,550 partners, counsel, and associates. The questionnaire requires Skadden attorneys to identify relevant relationships with, or connections to, the Debtors, their affiliates, and the creditors and other parties-in-interest described in the Original Declaration. As of the date of this First Supplemental Declaration,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3] Certain of the disclosures herein, however, relate to matters within the knowledge of other attorneys of Skadden and are based on information provided by them.

disinterestedness questionnaires from approximately 46% of the Firm's attorneys have been returned and processed.

    5.  Based on such subsequent client database queries and the disinterestedness questionnaires returned and reviewed as of the date of this First Supplemental Declaration, Skadden has identified the following additional connections:

    (a) Skadden represents or has represented the following institutions (or, as indicated, their affiliates) listed among the Debtors' Noteholders in matters unrelated to the Debtors, the Chapter 11 Cases, or such entities' claims against and interests in the Debtors: Credit Agricole; Hotchkis & Wiley Capital Management; certain affiliates of Societe Generale Corporate & Investment Banking; and UBS Investment Bank.

    (b) Skadden represents or has represented the following creditors (or, as indicated, their affiliates) listed among the Debtors' landlords in matters unrelated to the Debtors, the Chapter 11 Cases, or such entities' claims against and interests in the Debtors: certain affiliates of Federal Realty Investment Trust and certain affiliates of Rouse Properties, Inc.

    (c) Skadden represents or has represented the following creditors (or, as indicated, their affiliates) listed among the Debtors' insurance carriers in matters unrelated to the Debtors, the Chapter 11 Cases, or such entities' claims against and interests in the Debtors: the parent of Endurance Risk Solutions Assurance Co.

    (d) Skadden represents or has represented Jones Group, Inc., with which Robert Mettler, a former director of the Debtors, is or was associated, in matters unrelated to the Debtors or the Chapter 11 Cases.

    (e) Certain Skadden attorneys, in their former employment, have represented certain of the Debtors' creditors and other parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases. In particular, based upon responses to the disinterestedness questionnaire, Skadden has determined that certain of its attorneys have represented the following entities in their former employment: Bank of America, N.A.; Janus Capital Management; Merrill Lynch, Pierce, Fenner & Smith Incorporated; and Sprint.

    (f) Certain Skadden attorneys have been employees of certain of the Debtors' creditors and other parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases. In particular, based upon responses to the disinterestedness questionnaire, Skadden has determined that certain Skadden associates were former employees of the Massachusetts

    Department of Revenue and the Internal Revenue Service, two of the Debtors' taxing authorities. Additionally, based upon subsequent client database queries, Skadden has determined that certain Skadden associates were former employees of Akin Gump Strauss Hauer & Feld LLP, the Committee's proposed legal advisor.

 (g) In addition, based upon responses to the disinterestedness questionnaire, Skadden has determined that certain of its attorneys are related to employees of certain of the Debtors' creditors and other parties in interest. In particular, relatives of certain Skadden attorneys are current or former employees of the following entities: AT&T, a utility provider of the Debtors; Kirkland & Ellis LLP, counsel for certain funds managed by affiliates of Oaktree, the proposed plan sponsor; Ross Stores, Inc., a customer of the Debtors; the State of Michigan, a taxing authority of the Debtors; an affiliate of TD Asset Management, one of the Debtors' noteholders; and Wells Fargo, one of the Debtors' noteholders.

6. For the avoidance of doubt, Skadden's representation of all of the entities disclosed in the Original Declaration, is, or was, in matters unrelated to the Debtors or their Chapter 11 Cases.

## COMPENSATION

7. Pursuant to Bankruptcy Code section 329, Skadden also affirms that it has received compensation from the Debtors in the year prior to the filing of their petitions. Aside from the $1,766,873 Skadden received from the Debtors from the period July 27, 2015 through September 9, 2015, after writing off $54,412.44, as disclosed in the Original Declaration, the Debtors paid Skadden $722,441.87 in the period September 1, 2014 through September 9, 2015.

## FURTHER DUE DILIGENCE

8. Skadden will continue its due diligence and research of its client databases and will conduct further inquiries of its attorneys. To the extent necessary, Skadden will file additional supplemental declarations regarding its retention, including periodic supplemental declarations anticipated to be filed at or about the time that future fee applications are filed in these Chapter 11 Cases.

**CONFLICTS CO-COUNSEL**

9. Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), proposed co-counsel for the Debtors *nunc pro tunc* to the Petition Date, will serve as the Debtors' primary counsel of record for all matters in which Skadden has an actual conflict with the non-debtor party, including for matters involving Deutsche Bank and certain of its affiliates. In addition, PSZ&J will handle additional discrete matters as requested or designated by the Debtors, including, but not limited to, handling requests for injunctive and/or declaratory relief, handling contested claims reconciliation matters, avoidance actions, additional case administration matters, and matters that will avoid duplication of efforts and unnecessary travel for, and expense to, the Debtors. Skadden has discussed the division of responsibilities with the Debtors and PSZ&J and has informed the Debtors that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts, overlap, and inefficiencies with respect to any other professional retained in these Chapter 11 Cases.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated:  October 1, 2015
        Los Angeles, California

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600