IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
Debtors.[1] : Jointly Administered
:
: **Hrg. Date: 10/6/15 at 10:00 a.m. (Eastern)**
: **Related Docket Nos: 7, 180, 183, 184**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' REPLY TO OBJECTIONS TO DEBTORS' MOTION FOR ODER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365(A) AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 9013-1 AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Quiksilver, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this reply (the "Reply") in support of the Debtors' Motion For Order Under Bankruptcy Code Sections 105, 365(a) And 554, Bankruptcy Rules 6003 And 6004, and Local Bankruptcy Rule 9013-1 Authorizing And Approving Procedures For Rejection Of Executory Contracts And Unexpired Leases [Docket No. 26] (the "Motion")[2] and in response to the Objection Of Federal Realty Investment Trust and GGP Limited Partnership (together, the "Objectors") to the Motion [Docket No. 180] (the "Objection") and the Joinders of the Macerich Company and Boulevard Invest, LLC [Docket No. 183] and the Taubman Landlords to the Objection [Docket No. 184] (together, the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Any capitalized term used herein, but not defined herein, shall have the meaning set forth in the Motion.

"Joinders").[3]  In support of the Motion and this Reply, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The rejection procedures proposed by the Debtors (the "<u>Rejection Procedures</u>"), as set forth in the revised proposed order attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"),[4] are reasonable, completely in line with procedures repeatedly approved by Courts in this District in prior cases, and in the best interests of the Debtors, their estates and creditors.  The Objection overreaches in seeking to require that the effective date of rejection for real property leases be no earlier than the expiration of the 14-day objection period.  Such a process could impose substantial additional costs on the Debtors.

## BACKGROUND

2. On September 9, 2015 (the "<u>Petition Date</u>"), the Debtors filed the Motion, seeking, among other things, approval of procedures for the rejection of executory contracts ("<u>Contracts</u>") and unexpired leases ("<u>Leases</u>") during the course of the Debtors' Chapter 11 Cases.

3. On September 29, 2015, Federal Realty Investment Trust and GGP Limited Partnership filed the Objection and the Macerich Company, Boulevard Invest, LLC, and the Taubman Landlords filed the Joinder. The Objection raises several issues with the procedures included in the Motion.

---

[3] One additional joinder was filed by Simon Properties [Docket No. 185] and has been resolved by agreement of the parties.

[4] A redline showing changes to the Proposed Order, including the Rejection Procedures, since the filing of the Motion is attached hereto as <u>Exhibit B</u>.  These changes include changes intended to address the majority of the issues raised by the Objection as well as certain changes requested by counsel to the official committee of unsecured creditors.

2

4.  Since the filing of the Objection and Joinder, the Debtors have engaged in good faith negotiations with the Objectors. As a result, the Debtors believe all but one issue has been resolved by the Rejection Procedures, as amended and incorporated in the Proposed Order attached hereto. As to the remaining issue – the effective date of rejection of a Real Property Lease – despite good faith efforts, the Debtors have been unable to reach agreement with the Objectors.

**REPLY**

5.  By the Objection, the Objectors assert that the date for rejection should fall after the expiration of the 14-day objection period provided by the procedures for parties in interest to object to the Rejection Notice. Objection at ¶ 4.

6.  The Debtors' objective in establishing procedures for rejection is to allow for a streamlined rejection process which enables the Debtors to quickly and efficiently reject unnecesary or burdensome Contracts and Leases while minimizing administrative expenses for the Debtors' estates. The formulation set forth in the Objection could impose a substantial additional expense by increasing the administrative rent period.

7.  Per the attached Rejection Procedures, the Debtors have provided that the date of rejection of a Real Property Lease (the "Lease Rejection Date") shall not be earlier than the later of (x) the date the Debtors vacate the premises and turn over keys, key codes, and security codes, if any, to the affected Landlord and (y) the date the Rejection Notice is filed. This ensures that Landlords will have regained control of and access to the leased premises by the Rejection Date while allowing the Debtors to act quickly to reject vacant store leases and is consistent with rejection procedures routinely approved by Courts in this district. See, e.g., In re Radioshack Corp., et al., Case No. 15-10197 (KJC) (Bankr. D. Del. Feb. 20, 2015); In re The Wet Seal, Inc., et al., Case No. 15-10081 (CSS) (Bankr. D. Del. Feb. 5, 2015); In re Deb Stores

3

Holding LLC, et al., Case No. 14-12676 (KG) (Bankr. D. Del. Jan. 7, 2015); In re Coldwater Creek Inc., et al., Case No. 14-10867 (BLS) (Bankr. D. Del. May 6, 2014); In re Namco, LLC, Case No 13-10610 (PJW) (Bankr. D. Del. May 22, 2013).[5]

## RESERVATION OF RIGHTS

8.  Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim of any party against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) an assumption or rejection of any particular executory contract or unexpired lease pursuant to Bankruptcy Code section 365.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[5] The orders cited are attached hereto as Exhibits C-1 through C-5, respectively.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court overrule the Objection and enter an order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
October 5, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li (*admitted pro hac vice*)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi, Esq. (I.D. No. 2855)
Robert A. Weber (I.D. No. 4013)
Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*