**<u>EXHIBITS C-1 – C-5</u>**

## <u>EXHIBIT C-1</u>

**Radioshack Rejection Procedures Order**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| RADIOSHACK CORPORATION, *et al.*,[1] | : | Case No. 15-10197 (KJC) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : | **Related to Docket No. 33** |

## ORDER (I) AUTHORIZING THE DEBTORS TO IMPLEMENT PROCEDURES FOR THE REJECTION OF CERTAIN LEASES, (II) GRANTING AUTHORITY TO TAKE ALL ACTIONS NECESSARY TO IMPLEMENT THE REJECTION PROCEDURES, INCLUDING THE REJECTION OF THE LEASES AND THE ABANDONMENT OF PERSONAL PROPERTY AND (III) GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the Motion for the Entry of an Order

(I) Authorizing the Debtors to Implement Procedures for the Rejection of Certain Leases,

(II) Granting Authority to Take All Actions Necessary to Implement the Rejection Procedures,

Including the Rejection of the Leases and the Abandonment of Personal Property and

(III) Granting Certain Related Relief (the "Motion"), filed by the above-captioned debtors and

debtors in possession (the "Debtors")[2]; the Court having reviewed the Motion and the First Day

Declaration and having considered the statements of counsel and the evidence adduced with

respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is

---

[1]        The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417).  The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2]        Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

#32561677 v8

proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to

28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the

circumstances; after due deliberation the Court having determined that the relief requested in the

Motion is necessary and essential for the administration of the Debtors' estates and such relief is

in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause

having been shown;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The following procedures (the "Rejection Procedures") for the Debtors'

rejection of unexpired leases (the "Leases") are hereby authorized in the Debtors' chapter 11

cases:

(a)     Rejection Notice. The Debtors will file a notice (the "Rejection Notice") setting
forth the proposed rejection of one or more Leases and will serve such a notice
on: (i) the non-Debtor counterparty under the respective Lease at the last known
address available to the Debtors, and their counsel, if known; (ii) counsel to the
statutory committee of unsecured creditors in these chapter 11 cases (the
"Committee"); (iii) counsel to Cantor Fitzgerald Securities LLC, in its capacity as
prepetition and postpetition administrative agent for certain senior secured
lenders; (iv) counsel to Salus Capital Partners, LLC, in its capacity as
administrative and collateral agent for certain senior secured lenders; (v) counsel
to Wilmington Trust, N.A., in its capacity as the trustee under the indenture
governing the unsecured notes; (vi) the Office of the United States Trustee for the
District of Delaware; (vii) counsel to Verizon Wireless, and (viii) any known third
party having an interest in any personal property remaining at the Premises, at the
last known address available to the Debtors.

(b)     Content of Rejection Notice. The Rejection Notice will be substantially in the
form attached to the Motion as Exhibit A. For each Lease listed in a Rejection
Notice, the Rejection Notice will set forth the following, based on the best of the
Debtors' information: (i) the name and address of the affected landlord; (ii) the
date on or by which the Debtors have vacated or will vacate the Premises; (iii) the
street address of the real property; and (iv) the proposed effective date of rejection
of the Lease (the "Rejection Date"), if different from the filing date of the
Rejection Notice. For the avoidance of doubt, the proposed Rejection Date for
any Dark Store may be nunc pro tunc to a date as early as the Petition Date,
subject to the right of any affected landlord to file an Objection thereto. All

Rejection Notices will be accompanied by a copy of the order granting this motion. Further, pursuant to Rule 6006(f), each Rejection Notice will be limited to no more than 100 Leases. For any given Lease, the Rejection Notice may not be withdrawn by the Debtors after the Rejection Date.

(c)     Objections. Should a party in interest object to the Debtors' proposed rejection of a Lease, such party must file and serve a written objection ("Objection") so that such Objection is filed with this Court and actually received by the following parties no later than 14 calendar days after the date the Rejection Notice is filed: (i) Jones Day, 717 Texas Suite 3300, Houston, TX 77002 (Attn: Paul M. Green, Esq.); (ii) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, Delaware 19801 (Attn: John Henry Schanne, II, Esq.); (iii) counsel to the Committee: Cooley LLP, The Grace Building, 47th Floor, 1114 Avenue of the Americas, New York, NY 10036-7798 (Attn: Cathy Hershcopf, Esq.); (iv) counsel to Cantor Fitzgerald Securities LLC, in its capacity as prepetition and postpetition administrative agent for certain senior secured lenders: Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019-9710 (Attn: Scott D. Talmadge, Esq.); (v) counsel to Salus Capital Partners, LLC, in its capacity as administrative and collateral agent for certain senior secured lenders: Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola, Esq.); (vi) counsel to Wilmington Trust, N.A, in its capacity as the trustee under the indenture governing the unsecured notes: Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036-8704 (Attn: Mark R. Somerstein, Esq.); (vii) the Office of the United States Trustee for the District of Delaware: Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq.); and (viii) the non-Debtor counterparty under the respective Lease (collectively, the "Objection Notice Parties").

(d)     Effects of Failing to File an Objection to a Rejection Notice. If a party fails to timely file and serve an Objection to a Rejection Notice, the applicable Lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or if no such date is set forth, the date the Rejection Notice is filed with this Court; provided, however, that (A) except with respect to Dark Stores or as otherwise may be ordered by the Court, the Rejection Date shall not occur until the later of (i) the date on which the Debtors file a Rejection Notice with this Court, or (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the Premises in "broom clean" condition (subject to the Debtors' abandonment rights as granted by this order) and turn over keys and, if applicable, key codes and security codes, to the affected landlord or its property manager, and (B) the Rejection Date may be such other date as may be agreed in writing between the affected landlord and the Debtors.

(e)     Effects of Filing an Objection to a Rejection Notice. If a timely objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such objection and shall provide at least seven days' notice of such hearing to the objecting party and the

#32561677 v8

Objection Notice Parties.  If the Court upholds the Debtors' determination to reject the applicable Lease, then the applicable Lease shall be deemed rejected: (i) as of the Rejection Date; or (ii) as otherwise determined by the Court as set forth in any order overruling such objection.

(f)    <u>Consent Orders</u>.  Any objection may be resolved without a hearing by an order of the Court submitted on a consensual basis by the Debtors and the objecting party.

(g)    <u>Deadlines for Filing an Objection to a Rejection Notice</u>.  Claims arising out of the rejection of Leases must be filed on or before the later of:  (i) the deadline for filing proofs of claim established by the Court in the Debtors' cases, (ii) 30 days after the filing of the Rejection Notice, or (iii) 30 days after the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these chapter 11 cases.

(h)    If the Debtors have deposited funds with a Lease counterparty as a security deposit, such Lease counterparty may not setoff or otherwise use such deposit without the prior authority of the Court or agreement of the Debtors.

3.    In connection with the Rejection Procedures, the Debtors are authorized to:  (i) execute and deliver all relevant instruments and documents; (ii) prior to the Rejection Date, remove, in their sole discretion, personal property that the Debtors have installed in or about any premises that are the subject of a rejected Lease, consistent with the Debtors' ownership rights and other property interests therein; and (iii) take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

4.    The Debtors may abandon, and are deemed to have abandoned, any property remaining in the Premises as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  Landlords reserve any and all rights to assert claims for any cost of disposing of such abandoned property and the Debtors, the Committee and other parties in interest reserve any and all rights to object to any such claims;

-4-

*provided, however* that any such claims must be made in accordance with any procedures established by the court for the filing of proofs of claim.

       5.      Entry of this order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further or different relief regarding the Leases pursuant to, among other things, section 365 of the Bankruptcy Code.

       6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this order shall constitute, nor is it intended to constitute:  (i) an admission as to the validity or priority of any claim against the Debtors, (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) an assumption or adoption of any Lease pursuant to section 365 of the Bankruptcy Code; or (iv) a promise to allow or pay any claim.

       7.      Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

       8.      Notwithstanding Bankruptcy Rules 4001(a), 6004(h) or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

       9.      The Rejection Procedures comply with the requirements of Bankruptcy Rule 6006(f).

       10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Dated:   Feb 20    , 2015
        Wilmington, Delaware

                                 UNITED STATES BANKRUPTCY JUDGE

#32561677 v8

## **EXHIBIT C-2**

**Wet Seal Rejection Procedures Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re

THE WET SEAL, INC., a Delaware
corporation, *et al.*[1]

Debtors.

Chapter 11

Case No.: 15-10081 (CSS)

(Jointly Administered)

Re: Docket No. 14

## ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the debtors

and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11

cases (the "Cases"), for entry of an order, pursuant to sections 105(a) and 365 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6003, 6004, 6006

and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), approving procedures for the rejection of

executory contracts and unexpired leases throughout these Cases; and it appearing that the Court

has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware

dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C.

§ 157(b)(2) and that the Court may enter a final order consistent with Article III of the United

States Constitution; and it appearing that venue of these Cases and of the Motion is proper

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the

Motion has been given under the circumstances, and that no other or further notice need be

given; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good

and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The following Rejection Procedures are hereby APPROVED:

a.      Rejection Notice. The Debtors will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via overnight delivery service, email or fax on: (i) the counterparty to the Contract or Lease (the "Counterparty") (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtors; (ii) with respect to real property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) counsel to the Prepetition Lender, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036, Attn: Steven E. Fox; (v) the Office of the United States Trustee of the District of Delaware (the "U.S. Trustee"), J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (vi) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Bradford J. Sandler, Esq., (collectively, the "Rejection Notice Parties").

b.      Content of Rejection Notice. The Rejection Notice shall be substantially in the form attached as **Exhibit B** hereto. With respect to Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of real property; (ii) the name and address of the landlord (the "Landlord"); and (iii) the date on which the Debtors will vacate (or have vacated) the Premises. With respect to all other Contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the Counterparty; and (ii) a brief description of the Contract to be rejected. All Rejection Notices shall be accompanied by a copy of this Order.

01:16515177.5

2

c.   Objections. Should a party in interest object to the Debtors' proposed
rejection of a Contract or Lease, such party must file and serve a written
objection (an "Objection") so that it is filed with this Court and actually
received by the following parties (the "Objection Notice Parties") no later
than fourteen calendar days after the date the Rejection Notice is filed:
(i) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999
Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Lee
R. Bogdanoff, Esq. and Michael L. Tuchin, Esq.; (ii) counsel to the
Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000
North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor,
Esq.; (iii) counsel to the Prepetition Lender, Riemer & Braunstein LLP,
Times Square Tower, Seven Times Square, New York, New York 10036,
Attn: Steven E. Fox; (iv) the U.S. Trustee, J. Caleb Boggs Building, 844
King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and
(v) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 N.
Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Bradford J.
Sandler, Esq. Each Objection must state with specificity the ground for
objecting to the proposed Contract or Lease rejection.

d.   Effects of Failing to File an Objection to a Rejection Notice. If no
Objection to a Rejection Notice is timely filed and served, the applicable
Contract or Lease shall be deemed rejected on the effective date set forth
in the Rejection Notice, or, if no such date is set forth, the date the
Rejection Notice is filed with this Court; provided, however, that the
effective date of a rejection of a real property Lease (the "Rejection Date")
shall not occur until the later of (i) the date the Debtors file and serve a
Rejection Notice for the Lease or (ii) the date the Debtors relinquish
control of the premises by notifying the affected Landlord in writing of the
Debtors' irrevocable surrender of the premises and turn over keys, key
codes, and security codes, if any, to the affected Landlord. Upon the
Rejection Date, any personal property or furniture, fixtures and equipment
(the "Remaining Property") remaining on the premises shall be deemed
abandoned by the Debtors and the Landlords may dispose of any
Remaining Property, in their sole discretion, free and clear of all liens,
claims, encumbrances and interests, and without any liability to the
Debtors or third parties and without waiver of any claim the Landlords
may have against the Debtors, and to the extent applicable, the automatic
stay is modified to allow such disposition.

e.   Effects of Filing an Objection to a Rejection Notice. If a timely Objection
to a Rejection Notice is filed and received in accordance with the
Rejection Procedures, the Debtors shall schedule a hearing on such
Objection and shall provide at least seven days' notice of such hearing to
the objecting party and the Objection Notice Parties. If this Court upholds
the Debtors' determination to reject the applicable Contract or Lease, then
the applicable Contract or Lease shall be deemed rejected (i) as of the

3

Rejection Date or (ii) as otherwise determined by this Court as set forth in any order overruling such objection.

f.  Consent Orders. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

g.  Deadlines for Filing Claims. Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these Cases or (ii) 30 days after the Rejection Date. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting and distributions that may be made in connection with these Cases.

h.  Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.  The form of Rejection Notice attached hereto as **Exhibit 1** is hereby APPROVED.

4.  The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.  Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to reject executory contracts or unexpired leases.

6.  The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

7.  The Debtors do not waive any claims they may have against Landlords and Counterparties, regardless of whether such claims relate to the Contracts and Leases.

8.  Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later

01:16515177.5

4

determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.      Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

12.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

13.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

01:16515177.5

5

15.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation or interpretation of this Order.


Dated: Wilmington, Delaware
            2/5           , 2015

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:16515177.5

6

## Exhibit 1

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| THE WET SEAL, INC., a Delaware corporation, *et al.*[1] | Case No.: 15-10081 (CSS) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on [_____], 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Procedures Order") in the above-referenced chapter 11 cases of The Wet Seal, Inc., and its affiliated debtors (collectively, the "Debtors"), establishing, among other things, procedures (the "Rejection Procedures") for the rejection of executory contracts (each a "Contract" and collectively the "Contracts") and unexpired leases (each a "Lease" and collectively the "Leases").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, the Debtors hereby provide notice of their intent to reject the below-referenced Contracts and Leases. Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the following Contracts and Leases will be rejected pursuant to 11 U.S.C. § 365(a), effective as of the later of (a) the date of this Notice, unless otherwise agreed, in writing, by the Debtors and the counterparty to the applicable Contract or Lease, (b) the date of the irrevocable surrender of the leased property to the affected lessor (where applicable) or (c) the Effective Date of Rejection if one is set forth below in this Notice (the "Rejection Date"):

**EXECUTORY CONTRACTS**

| Title/Description of Contract | Remaining Contract Term | Counterparty Name and Address | Effective Date of Rejection |
|---|---|---|---|
| | | | |

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

## UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Remaining Lease Term | Landlord Name and Address | Effective Date of Rejection |
|---|---|---|---|
|  |  |  |  |

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties no later than fourteen days after the date of this Notice: (a) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Los Angeles, California 90067, Attn: Lee R. Bogdanoff, Esq. and Michael L. Tuchin, Esq.; (b) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq.; (c) counsel to the Prepetition Lender, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036, Attn: Steven E. Fox; (d) the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (e) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Bradford J. Sandler, Esq., (collectively, the "Objection Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtors shall seek a hearing on such objection and shall provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (a) as of the Rejection Date or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with the Contract or Lease counterparty as a security deposit or otherwise, the Contract or Lease counterparty may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

01:16515177.5

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, on or before the later of (a) the deadline for filing proofs of claim established by the Court in the Debtors' cases, or (b) 30 days after the Rejection Date. If you do not timely file such proof of claim, you shall not be treated as a creditor with respect to such claims for voting and any distributions that may be made in connection with these chapter 11 cases.

Dated: [＿＿＿＿＿], 2015

Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253
Email: mnestor@ycst.com
       mkandestin@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:   (310) 407-4022
Fax:   (310) 407-9090
Email: lbogdanoff@ktbslaw.com
       mtuchin@ktbslaw.com
       dguess@ktbslaw.com
       jweiss@ktbslaw.com

01:16515177.5

3

## <u>EXHIBIT C-3</u>

**Deb Stores Rejection Procedures Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEB STORES HOLDING LLC, et al. [1] | ) | Case No. 14-12676 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion (the "Motion")[2] of Deb Stores Holding LLC, on behalf of itself

and its affiliated debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors"), for an order (this "Order") establishing procedures for the rejection of executory

contracts and unexpired leases of nonresidential real property; and upon the *Declaration of*

*Dawn Robertson in Support of First Day Motions*; and it appearing that this Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further notice

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are:  Deb Stores Holding LLC (4407), Deb Stores Holding II LLC (4755), Deb Shops SDP Inc. (4120), Deb Shops SDIH Inc. (4113), Deb Shops SD Inc. (8806), Deb Shops SDE LLC (4077), Deb Shops SDW LLC (4065), Deb Shops SDE-Commerce LLC (0926), and Deb Shops SDFMC LLC (8842).  The location of the Debtors' headquarters and the service address for each of the Debtors is 9401 Blue Grass Road, Philadelphia, PA 19114.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

is necessary; and after due deliberation thereon; and good and sufficient cause appearing

therefor;

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      The Rejection Procedures are approved:

(a)     Rejection Notice.  The Debtors will file a notice (the "Rejection Notice")
setting forth the proposed rejection of one or more Contracts and/or Leases
and will serve the Rejection Notice via overnight delivery service, email or
fax on: (i) the Counterparty (and its counsel, if known) under the respective
Contract or Lease at the last known address available to the Debtors;
(ii) with respect to real property Leases, any known third party having an
interest in personal property located at the leased Premises; (iii) co-counsel
to the prepetition term loan agent, Klee, Tuchin, Bogdanoff & Stern LLC,
1999 Avenue of the Stars, Los Angeles, California 90067, Attn:  Michael L.
Tuchin and David A. Fidler; (iv) co-counsel to the prepetition term loan
agent, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven
Times Square, New York, New York 10036, Attn: Steven E. Fox; (v)
counsel to the prepetition revolving loan lender and DIP lender, Hahn &
Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn:
Joshua I. Divack and Daniel M. Ford; (d) the U.S. Trustee, 844 King Street,
Suite 2207, Wilmington, Delaware 19801 (Attn: Mark Kenney); (vi) the
Office of the United States Trustee of the District of Delaware (the "U.S.
Trustee"); (vi) co-counsel to the Unsecured Creditors' Committee (the
"Committee"), Cooley LLP, 1114 Avenue of the Americas, New York, New
York 10036-7798, Attn: Jay R. Indyke, Esq., and (vii) co-counsel to the
Committee, Drinker Biddle & Reath LLP, 222 Delaware Ave., Suite 1410,
Wilmington, DE 19801, Attn: Howard A. Cohen, Esq (collectively, the
"Rejection Notice Parties").

(b)     Content of Rejection Notice.  The Rejection Notice shall be substantially in
the form attached as Exhibit A to the Motion.  With respect to Leases, the
Rejection Notice shall set forth the following information, based on the best
of the Debtors' information: (i) the street address of real property; (ii) the
name and address of the Landlord; and (iii) the date on which the Debtors
will vacate the Premises.  With respect to all other Contracts to be rejected,
the Rejection Notice shall set forth the following information, based on the
best of the Debtors' information: (i) the name and address of the
Counterparty; and (ii) a brief description of the Contract to be rejected.  All
Rejection Notices will be accompanied by a copy of this Order.

(c)   Objections.  Should a party in interest object to the Debtors' proposed
rejection of a Contract or Lease, such party must file and serve a written
objection (an "Objection") so that it is filed with this Court and actually
received by the following parties (the "Objection Notice Parties") no later
than seven calendar days after the date the Rejection Notice is filed:
(i) counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, 919 North
Market Street, 17th Floor, Wilmington, DE  19801 (Attn: Laura Davis Jones
and David Bertenthal); (ii) co-counsel to the prepetition term loan agent,
Klee, Tuchin, Bogdanoff & Stern LLC, 1999 Avenue of the Stars, Los
Angeles, California 90067, Attn:  Michael L. Tuchin and David A. Fidler;
(iii) co-counsel to the prepetition term loan agent, Riemer & Braunstein
LLP, Times Square Tower, Suite 2506, Seven Times Square, New York,
New York 10036, Attn: Steven E. Fox; (iv) counsel to the prepetition
revolving loan lender and DIP lender, Hahn & Hessen LLP, 488 Madison
Avenue, New York, New York 10022, Attn:  Joshua I. Divack and Daniel
M. Ford; (v) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington,
Delaware 19801 (Attn: Mark Kenney); (vi) co-counsel to the Committee,
Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036-
7798, Attn: Jay R. Indyke, Esq., and (vii) co-counsel to the Committee,
Drinker Biddle & Reath LLP, 222 Delaware Ave., Suite 1410, Wilmington,
DE 19801, Attn: Howard A. Cohen, Esq.  Each Objection must state with
specificity the ground for objecting to the proposed Contract or Lease
rejection.

(d)   Effects of Failing to File an Objection to a Rejection Notice.  If no Objection
to a Rejection Notice is timely filed and served, the applicable Contract or
Lease shall be deemed rejected on the effective date set forth in the
Rejection Notice, or, if no such date is set forth, the date the Rejection
Notice is filed with this Court; provided, however, that the effective date of
a rejection of a real property Lease (the "Rejection Date")  shall not occur
until the later of (i) the date the Debtors file and serve a Rejection Notice for
the Lease or (ii) the date the Debtors relinquish control of the Premises by
notifying the affected Landlord in writing of the Debtors' surrender of the
Premises in "broom clean" condition and turn over keys, key codes, and
security codes, if any, to the affected Landlord.

(e)   Effects of Filing an Objection to a Rejection Notice. If a timely Objection to
a Rejection Notice is filed and received in accordance with the Rejection
Procedures, the Debtors shall schedule a hearing on such Objection and
shall provide at least seven days' notice of such hearing to the objecting
party and the Objection Notice Parties.  If this Court ultimately upholds the
Debtors' determination to reject the applicable Contract or Lease, then the
applicable Contract or Lease shall be deemed rejected (i) as of the Rejection
Date or (ii) as otherwise determined by this Court as set forth in any order
determining such objection.

    (f)    <u>Consent Orders</u>. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

    (g)    <u>Deadlines for Filing Claims</u>. Claims arising out of the rejection of Contracts or Leases must be filed, on or before the later of (i) the deadline for filing proofs of claims established by this Court in these chapter 11 cases or (ii) 30 days after the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these chapter 11 cases.

    (h)    <u>Treatment of Security Deposits</u>. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.    The Debtors are authorized to send the Rejection Notices to the counterparties of the Contracts and Leases.

4.    The Debtors are deemed to have abandoned any property remaining in the Premises as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The Landlords reserve the right to assert claims for all costs of disposing of such abandoned property and the Debtors, the Committee, and all other parties in interests' rights to object to such claims are reserved; provided, however, that any such claims must be made in accordance with any procedures established by the Court for filing proofs of claim.

5.    Proofs of claim with respect to claims arising from the rejection of the Contracts or Leases must be filed by the later of (a) the deadline for filing proofs of claims established by the Court in the Debtors' cases or (b) 30 days after the effective date of rejection.

6.      The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

7.      The Debtors do not waive any claims they may have against Landlords, regardless of whether such claims relate to the Leases.

8.      Nothing herein shall be construed as a concession or evidence that the leases have expired, been terminated, or are otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of the leases or any claims related thereto.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.     Notwithstanding any applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _Jan. 7_, 2015

The Honorable Kevin Gross
United States Bankruptcy Judge

## **<u>EXHIBIT C-4</u>**

**Coldwater Creek Rejection Procedures Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
                                          :
                                          :
                                          :      Chapter 11
In re:                                    :
                                          :      Case No. 14–10867 (BLS)
COLDWATER CREEK INC., et al.,[1]          :
                                          :      (Jointly Administered)
              Debtors.                    :
                                          :      Ref. Docket No. 18
---------------------------------------------------------------x
```

ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF
EXECUTORY CONTRACTS AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion (the "**Motion**")[2] of Coldwater Creek Inc., on behalf of itself and its

affiliated debtors and debtors in possession in the above-captioned cases (collectively, the

"**Debtors**"), for an order (this "**Order**") establishing procedures for the rejection of executory

contracts and unexpired leases of nonresidential real property; and upon the *Declaration of*

*James A. Bell in Support of Voluntary Petitions, First Day Motions and Applications*; and it

appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this District is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates, their creditors and

other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification
numbers) are:  Coldwater Creek Inc. (9266), Coldwater Creek U.S. Inc. (8831), Aspenwood Advertising, Inc.
(7427), Coldwater Creek The Spa Inc. (7592), CWC Rewards Inc. (5382), Coldwater Creek Merchandising &
Logistics Inc. (3904), and Coldwater Creek Sourcing Inc. (8530).  Debtor CWC Sourcing LLC has the
following Idaho Organizational Identification:  W38677.  The Debtors' corporate headquarters is located at One
Coldwater Creek Drive, Sandpoint, Idaho  83864.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:15435506.1

given and that no other or further notice is necessary; and after due deliberation thereon; and

good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Rejection Procedures are approved:

(a)     Rejection Notice.  The Debtors will file a notice (the "**Rejection Notice**") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via overnight delivery service, email (and its fax on: (i) the Counterparty (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtors; (ii) with respect to real property Leases, any known third party having an interest in personal property located at the leased Premises; (iii) counsel to the prepetition term loan lenders, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg; (iv) counsel to Wells Fargo Bank, National Association as Administrative Agent for the debtor in possession credit agreement, c/o Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108, Attn.:  Donald E. Rothman; (v) the Office of the United States Trustee of the District of Delaware (the "**U.S. Trustee**"); and (vi) counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (the "**Committee**"), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn:  Norman N. Kinel, S. Jason Teele (collectively, the "**Rejection Notice Parties**").

(b)     Content of Rejection Notice.  The Rejection Notice shall be substantially in the form attached as Exhibit A to the Motion.  With respect to Leases, the Rejection Notice shall set forth the following information, based on the best of the Debtors' information: (i) the street address of real property; (ii) the name and address of the Landlord; and (iii) the date on which the Debtors will vacate the Premises.  With respect to all other Contracts to be rejected, the Rejection Notice shall set forth the following information, based on the best of the Debtors' information: (i) the name and address of the Counterparty; and (ii) a brief description of the Contract to be rejected.  All Rejection Notices will be accompanied by a copy of this Order.

(c)     Objections.  Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a

written objection (an "**Objection**") so that it is filed with this Court and actually received by the following parties (the "**Objection Notice Parties**") no later than seven calendar days after the date the Rejection Notice is filed: (i) counsel to the Debtors, Shearman & Sterling, LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Douglas P. Bartner and Jill Frizzley); (ii) co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan and Kenneth J. Enos); (iii) counsel to the prepetition term loan lenders, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg; (iv) counsel to Wells Fargo Bank, National Association as Administrative Agent for the debtor in possession credit agreement, c/o Riemer & Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts 02108, Attn: Donald E. Rothman; (v) the U.S. Trustee; and (vi) counsel to the Committee. Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

(d)  Effects of Failing to File an Objection to a Rejection Notice.  If no Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with this Court; *provided, however,* that the effective date of a rejection of a real property Lease (the "**Rejection Date**") shall not occur until (A) the later of (i) the date the Debtors file and serve a Rejection Notice for the Lease or (ii) the date the Debtors relinquish control of the Premises by surrendering the Premises in vacant and "broom clean" condition, turning over keys, key codes and security codes, if any, to the affected Landlord and notifying the affected Landlord in writing of same or (B) such other date as may be agreed in writing between the Landlord and the Debtors after consultation between the Debtors and the prepetition term loan lenders.

(e)  Effects of Filing an Objection to a Rejection Notice.  If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties. If this Court ultimately upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by this Court as set forth in any order overruling such objection.

      (f)   <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

      (g)   <u>Deadlines for Filing an Objection to a Rejection Notice</u>.  Claims arising out of the rejection of Contracts or Leases must be filed, on or before the later of (i) the deadline for filing proofs of claims established by this Court in these chapter 11 cases or (ii) 30 days after the Rejection Date.  If no proof of claim is timely filed, such claimant shall be barred from participating in any distributions that may be made in connection with these chapter 11 cases.

3.      The Debtors are authorized, with the consent of the prepetition term loan lenders, to send the Rejection Notices to the counterparties of the Contracts and Leases.

4.      Proofs of claim with respect to claims arising from the rejection of the Contracts or Leases must be filed by the later (a) the deadline for filing proofs of claims established by the Court in the Debtors' cases or (b) 30 days after the effective date of rejection.

5.      The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

6.      The Debtors do not waive any claims they may have against Landlords, regardless of whether such claims relate to the Leases.

7.      Nothing herein shall be construed to relieve the Debtors of their obligations to pay rent under the Leases through the applicable Rejection Date and the Debtors shall comply with all obligations under section 365(d)(3) of the Bankruptcy Code.

8.      Notwithstanding anything to the contrary herein, the Debtors shall deliver the Premises to Landlords in broom clean condition.

9.      The Debtors are deemed to have abandoned any property remaining in the Premises as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the

Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; *provided*, *however*, that the Debtors shall provide written notice to Escambia County, Florida Tax Collector (the "**Tax Collector**") at Escambia County Tax Collector, Attn: Glenda Mahuron, PO Box 1312, Pensacola, Florida 32591-1312 at least 15 days' prior to the abandonment of any property of the Debtors against which the Tax Collector has a lien under Florida law, and allow the Tax Collector an opportunity to recover such property.

10.     Nothing herein shall be construed as a concession or evidence that the leases have expired, been terminated, or are otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of the leases or any claims related thereto.

11.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

12.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

13.     Notwithstanding any applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

01:15435506.1

5

NYDOCS03/987828.4

14.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  Wilmington, Delaware
        May   6  , 2014

                            BRENDAN LINEHAN SHANNON
                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C-5

**Namco Rejection Procedures Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NAMCO, LLC,[1] | ) | Case No. 13-10610 (PJW) |
| | ) | |
| Debtor. | ) | **Related Docket No. 121** |
| | ) | |
| | ) | |

### ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF RELATED PERSONAL PROPERTY

Upon the motion (the "Motion")[2] of Namco, LLC as debtor in possession (the "Debtor"), for entry of an order to establish procedures for the rejection of unexpired leases of nonresidential real property and abandonment of related personal property; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

---

[1]     The Debtor in this case, along with the last four digits of its federal tax identification number, is Namco, LLC (5145).

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.     The Debtor is authorized, but not required, to (i) reject unexpired leases of real property pursuant to Bankruptcy Code section 365(a) and (ii) abandon property pursuant to Bankruptcy Code section 554(a), through the following procedures (the "Rejection Procedures"):

a)     The Debtor will file on the docket for this chapter 11 case a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Leases, and will serve the Rejection Notice via (a) Federal Express or other overnight mail delivery service and (b) fax or email (where available) on: (i) the counterparties to the Future Rejected Leases; (ii) known counsel to the counterparties to the Future Rejected Leases; (iii) the Office of the United States Trustee for Region 3 (the "U.S. Trustee"); (iv) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (v) counsel to Debtor's secured lender; and (vi) any known third parties that have a known interest in Related Property (collectively, the "Notice Parties").

b)     The Rejection Notice shall be substantially in the form of Exhibit A annexed hereto. With respect to Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtor's information: (i) the street address of real property that is the subject of the Lease (if applicable), (ii) the monthly rental obligation, (iii) the remaining term of the Lease, and (iv) the name and address of the affected landlord. All Rejection Notices shall be accompanied by a copy of the attached Order.

c)     Should a party in interest object to the Debtor's proposed rejection of a Lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) days after the date the Rejection Notice is filed: (i) counsel to Namco, LLC, Olshan Frome Wolosky LLP, Park Avenue Tower, 65 East 55th Street, New York NY 10022, Attention: Michael S. Fox, Esq. and Jordanna L. Nadritch, Esq.; (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attention: Bradford J. Sandler, Esq.; (iii) counsel to Debtor's secured lender, Riemer Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036, Attention: Steven E. Fox, Esq.; and (iv) the Office of the U.S. Trustee, 944 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attention: Mark S. Kenney, Esq.

d)     If no objection to a Rejection Notice is timely filed, the applicable lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth therein, the date the Rejection Notice is filed with the Court, provided, however, that the effective date of the rejection of a lease shall not occur until (i) the Debtor relinquishes control of the premises to the affected landlords in writing of the Debtor's surrender of the premises or by tendering keys or "key codes" to the affected landlord and (ii) the Collection Period (as defined below), if applicable, expires (the "Rejection Date").

e)     If an objection to a Rejection Notice is timely filed and received in accordance with these Rejection Procedures, the Debtor will attempt to reach a consensual resolution of such objection. If the parties are unable to resolve the objection, the Debtor shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Court or withdrawn

2

by the objecting party, then the applicable lease shall be deemed rejected as of (a) the Rejection Date, or (b) such other date as the Court may set forth in any order overruling such objection. If the objection concerns the abandonment of property or other matters that may be determined independently of the rejection of the lease, the rejection of such lease shall be deemed to have occurred on the Rejection Date.

f)      In connection with the rejection of a Future Rejected Lease, if the Debtor has deposited monies with a Future Rejected Lease counterparty as a security deposit or other arrangement, such Future Rejected Lease counterparty may not set off or recoup or otherwise use such deposit without prior approval of this Court or agreement of the parties.

g)      If any party (the "Rejection Claimant") wishes to assert a claim against the Debtor arising from or relating to the rejection of a Future Rejected Lease, such Rejection Claimant shall file a proof of claim, such that it is received by Epiq Bankruptcy Solutions, LLC (the Debtor's claims and noticing agent) on or before the later of (i) the date that is thirty days after the effective date of rejection of the Future Rejected Lease, or (ii) the general bar date established by this Court for filing proofs of claim against the Debtor. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for any damages arising from or relating to the Future Rejected Lease.

h)      The Debtor is authorized to remove from premises that are the subject of a Rejection Notice (i) personal property, consistent with the Debtor's ownership rights or other interests therein, and (ii) personal property that the Debtor has installed in or about the leased premises (i.e., fixtures, furniture, equipment, and other property) that is either owned by the Debtor, leased by the Debtor from third parties, or subject to any equipment financing agreements with third parties.

i)      With respect to the rejection of a Future Rejected Lease, if the Debtor determines in that any property located at such location has little or no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such property, the Debtor is authorized, in its sole discretion, following consultation with the DIP Lender and the Committee, to abandon such property pursuant to section 554 of the Bankruptcy Code. Property proposed to be abandoned shall be described with reasonable specificity on the applicable Rejection Notice.

j)      No personal property subject to a true lease shall be abandoned without first rejecting the underlying lease for such property. If the Debtor proposes to abandon personal property that is (i) subject to a true lease and (ii) located at a premises that is the subject of a Rejection Notice, such Rejection Notice shall indicate that the underlying personal property lease is also being rejected and the property abandoned, and the applicable personal property lessor shall have seven (7) days from the date the Rejection Notice is filed to retrieve its property (the "Collection Period"). If such property is not retrieved by the Collection Period, the property shall be deemed abandoned without further order of this Court free and clear of any interests and landlord or its designee shall be free to dispose of same without liability to any party.

k)      In all events, any personal property remaining at any premises as of the Rejection Date, or the expiration of the Collection Period if the property is subject to a true lease, shall be

2039360-1

deemed abandoned without further order of this Court free and clear of any interests and landlord or its designee shall be free to dispose of same without liability to any party. The right of any party in interest to assert a claim against the Debtor's estates for costs associated with abandoned property is preserved; provided, however, that any claim must be made within the time set by this Court in this order for filing proofs of claim. The Debtor and the Committee's rights to contest any such claim are fully preserved.

3.      Pursuant to section 365(a) of the Bankruptcy Code, the Debtor's rejection of the leases in accordance with the Rejection Procedures set forth in this Order is hereby approved and such Rejection Procedures shall govern the rejection of leases, except to the extent the Debtor and a counterparty have agreed otherwise in writing, in which case the terms of such agreement shall govern the rejection of the lease with respect to such counterparty.

4.      Pursuant to section 554(a) of the Bankruptcy Code, the Debtor is authorized to abandon any personal property, furniture, fixtures, and/or equipment remaining at the premises subject to a rejected lease in accordance with the procedures set forth in this Order.

5.      The Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

6.      Entry of this Order is without prejudice to the rights of the Debtor, including, but not limited to, the right to seek further, other, or different relief regarding the Leases pursuant to, among other things, section 365 of the Bankruptcy Code.

7.      This Court shall retain jurisdiction to resolve all matters relating to implementation of this Order.

Dated: May 22, 2013
       Wilmington, Delaware

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge

4

2039360-1