## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------- x
:
In re:                               :    Chapter 11
:
QUIKSILVER, INC., *et al.*,          :    Case No. 15-11880 (BLS)
:
                    Debtors.[1]        :    Jointly Administered
:
------------------------------------- x    Related Docket No. 114

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 327, 330 AND 331 AUTHORIZING DEBTORS TO EMPLOY AND PAY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the Debtors for an order under Bankruptcy Code sections 105(a), 327, 330 and 331, authorizing, but not directing, the Debtors (a) to retain the Ordinary Course Professionals under Bankruptcy Code sections 105(a) and 327 without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional; and (b) to pay the Ordinary Course Professionals under Bankruptcy Code sections 330 and 331 for postpetition services rendered and expenses incurred, subject to certain limits set forth below, without the necessity of additional Court approval; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED AND DECREED that:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized to employ and retain the Ordinary Course Professionals listed on Exhibit 1 hereto, without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional.

3. Within one business day after the date of entry of this order, the Debtors shall serve this order via email upon each initial Ordinary Course Professional. Thereafter, no later than two weeks after the date of entry of this order, each initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel, for filing with the Court and service upon (a) United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (b) proposed counsel to the official committee of unsecured creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.; (c) counsel to the agent for the Debtors' postpetition secured loan facilities (the "DIP Agent"): (i) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri, (ii) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: Steven Fox, Esq., (iii) Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Ave., Suite 1501, Wilmington, Delaware 19801, Attn: Steven Kortanek, Esq.; (d) agent for the Debtors' prepetition senior secured notes, Delaware Trust Company, 2711 Centerville Road, Wilmington, Delaware, 19808, Attn: Trust Administration; (e) agent for the Debtors' prepetition senior unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, 100 Wall Street, Suite 1600, New York, NY, 10005, Attn: Justin L. Shearer, Vice President, Default Account Manager, (collectively, the "Notice Parties") a completed OCP Declaration substantially in the form attached hereto as Exhibit 2.

4. The Notice Parties shall have fourteen (14) days to object to the retention of the Ordinary Course Professional in question. Any such objection must be filed with the Court and served upon (a) the Ordinary Course Professional; and (b) the Notice Parties, on or before the Objection Deadline. If any such objection cannot be resolved and withdrawn within fourteen (14) days after service, the matter shall be scheduled for hearing before this Court on the next regularly scheduled hearing date or other date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the objecting party. If no objection is received by the Objection Deadline, or if an objection is withdrawn, the Debtors are authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

5. If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. The Ordinary Course Professional may apply its retainer against any prepetition claims. Any sums remaining shall then be applied against postpetition fees subject to the monthly caps described below.

6. The Debtors are authorized, without further hearing or order from this Court, to employ and retain Additional Ordinary Course Professionals, not currently listed on Exhibit 1, without the need to file individual retention applications or provide further hearing or notice to any party, by filing with the Court a Supplement and serving a copy of the Supplement upon the Notice Parties.

7. Each Additional Ordinary Course Professional shall be required to file and serve the OCP Declaration within two weeks after the filing of the Supplement. The Notice Parties shall have fourteen (14) days after service of the OCP Declaration to object to the retention of the Additional Ordinary Course Professional in question. Objections to the retention

3

of an Additional Ordinary Course Professional shall be handled in the same manner as objections to the retention of an Ordinary Course Professional. If no objection is submitted, or the objection is withdrawn, the Debtors are authorized to retain the Additional Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

8. The Debtors are authorized, without formal application to the Court by any Ordinary Course Professional, to make monthly payments up to the monthly fee and expense cap for each Ordinary Course Professional, to each of the Ordinary Course Professionals in the manner customarily made by the Debtors, subject to a possible increase for certain Ordinary Course Professionals as provided below, upon receipt from the professional of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute such invoices). All invoices provided to the Debtors by the Ordinary Course Professionals shall include a breakdown, where practicable, of fees and expenses incurred on account of each individual Debtor, or shall indicate that the fees and expenses are common to the Debtors. The manner in which each Ordinary Course Professional provides this breakdown may vary based on the Ordinary Course Professional's recordkeeping and invoicing systems, but the breakdown must be provided in a manner that provides equivalent information.

9. Payments to Ordinary Course Professionals made pursuant to this order shall not exceed (a) a total of $100,000.00 in any given month solely for KPMG, (b) a total of $30,000 in any given month for each Ordinary Course Professional, or (c) $400,000.00 in any given month on an aggregate basis, without further order of this Court.

10. All payments to any Ordinary Course Professional shall be subject to the approval of the Court in accordance with the procedures approved by order of the Court for

4

Chapter 11 Professionals involved in the conduct of these cases only if payments to such professional exceed the monthly fee and expense cap for each Ordinary Course Professional.

11. Notwithstanding the foregoing, the monthly caps established above shall apply only to direct disbursements by the Debtors and shall specifically not apply to any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on behalf of the Debtors.

12. For each three-month period of these cases, by the last day of the month following each such three-month period, the Debtors shall file with the Court, and serve upon the Notice Parties, a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional. The first payment summary shall cover the period from the Petition Date through November 30, 2015.

13. Notwithstanding anything to the contrary contained herein, the relief granted in this Interim Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these Chapter 11 Cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

14. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Ordinary Course Professional.

15. The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by any provisions of this Order.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
       Oct. 6, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE