IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
QUIKSILVER, INC., *et al.*,        :    Case No. 15-11880 (BLS)
                                   :
                    Debtors.[1]    :    Jointly Administered
                                   :
                                   :    **Related Docket No. 102**
                                   :
---------------------------------- x

**ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF ORDER
PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a), 328, AND 1107(b),
BANKRUPTCY RULE 2014, AND LOCAL BANKRUPTCY RULE 2014-1
AUTHORIZING DEBTORS TO EMPLOY AND RETAIN KURTZMAN CARSON
CONSULTANTS LLC TO PROVIDE ADMINISTRATIVE SERVICES
<u>NUNC PRO TUNC TO THE PETITION DATE</u>**

Upon the application (the "<u>Application</u>")[2] of the Debtors for entry of an order (this "<u>Order</u>") pursuant to sections 327(a), 328, and 1107(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), authorizing the Debtors' employment and retention of Kurtzman Carson Consultants LLC ("<u>KCC</u>") to provide certain administrative services in connection with the Debtors' Chapter 11 Cases; and upon the Kass Affidavit; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are authorized to employ and retain KCC as administrative agent, effective as of the Petition Date, pursuant to the terms and conditions set forth in the Services Agreement, attached to the Application as Exhibit A.

3. KCC is authorized to perform all actions and services set forth in the Application, including:

   (a) assist with the preparation and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs;

   (b) collect and tabulate votes in connection with any plan filed by the Debtors and provide ballot reports to the Debtors and their professionals;

   (c) generate an official ballot certification and testify, if necessary, in support of the ballot tabulation results;

   (d) manage any distributions made pursuant to a confirmed plan; and

   (e) perform such other administrative services as may be requested by the Debtors that are not otherwise allowed under the order approving the Debtors' application to retain KCC as its claims and noticing agent pursuant to section 156(c) [Docket No. 69] (the "156(c) Order").

4. This Order shall not apply to any services KCC was authorized to render under the 156(c) Order.

5. To the extent that KCC's duties exceed the scope of the 156(c) Order, KCC shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of

2

the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation (the "Fee Guidelines"), and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

      6.     KCC shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

      7.     KCC may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, KCC may hold its retainer under the Services Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Services Agreement.

      8.     The Debtors shall indemnify KCC under the terms of the Services Agreement, subject to the following:

      a.     KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

      b.     Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution, or reimbursement to KCC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations under the Services Agreement unless the court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to KCC's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, KCC must file an application before this Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution, or reimbursement.

9. Notwithstanding anything contained in the Services Agreement to the contrary, KCC's liability shall neither be limited to (a) the total amount billed or billable to the Debtors for the portion of the particular work which gave rise to the loss or damage, nor (b) the total amount billed to the Debtors and paid to KCC for the services contemplated under the Services Agreement.

10. Absent further order of this Court, the Debtors shall not request that KCC establish accounts with financial institutions pursuant to Section VIII of the Services Agreement prior to the effective date of any plan of reorganization confirmed by this Court pursuant to section 1129 of the Bankruptcy Code.

11. The Services Agreement may not be assigned by KCC without permission of the Court.

12. The Debtors and KCC are authorized to take such other action to comply with all of the duties set forth in the Application.

13. To the extent that there may be any inconsistency between the terms of the Application, the Services Agreement, or this Order, the terms of this Order shall govern.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

Oct. 6 , 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE