# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                        : Chapter 11

                                              :

QUIKSILVER, INC., *et al.*,                   : Case No. 15-11880 (BLS)

                                              :

                              Debtors.[1]     : Jointly Administered

                                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket Nos. 12, 71**

## FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE

Upon the motion (the "Motion")[2] of the Debtors for a final order (this "Order"),

pursuant to Bankruptcy Code sections 105(a) and 366 and Bankruptcy Rules 6003 and 6004, (i)

approving the Debtors' proposed form of adequate assurance of postpetition payment to the

Utility Companies; (ii) establishing procedures for resolving any objections by the Utility

Companies relating to the Proposed Adequate Assurance; and (iii) prohibiting the Utility

Companies from altering, refusing or discontinuing service to, or discriminating against, the

Debtors solely on the basis of (a) the commencement of the Chapter 11 Cases, (b) a debt that is

owed by the Debtors for services rendered prior to the Petition Date or (c) on account of any

perceived inadequacy of the Debtors' Proposed Adequate Assurance; and upon consideration of

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

the First Day Declaration; and due and sufficient notice of the Motion having been given under

the particular circumstances; and it appearing that no other or further notice is necessary; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors and other parties in interest; and after due deliberation thereon; and good

and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      The Proposed Adequate Assurance constitutes "adequate assurance of

payment" for purposes of Bankruptcy Code section 366.

3.      Except as the amount may be reduced by application of the provisions of

this Order, the Utility Deposit in the amount of approximately $125,000[3] deposited in the Utility

Deposit Account shall be held for the purpose of providing adequate assurance of payment to

each Utility Company for its postpetition Utility Services to the Debtors.

4.      The Debtors may reduce the Utility Deposit to the extent that it includes

an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their

sole discretion, should be removed from the Utility Company List or (ii) that is already being

held by a Utility Company as a deposit or prepayment in excess of unpaid charges for pre-

petition utility service.

5.      The Utility Companies identified on Schedule 1 annexed hereto (the

"Utility Company List") are prohibited from altering, refusing or discontinuing service to, or

discriminating against, the Debtors on account of unpaid prepetition invoices or due to the

---

[3]     The reduction of the amount in the Utility Deposit Account from that indicated in the Interim Order reflects the
result of a settlement with the objecting parties and resolution of additional adequate assurance requests.

2

commencement of these Chapter 11 Cases, or requiring payment of a deposit or other security

for postpetition Utility Services, other than the Utility Deposit in the Utility Deposit Account.

      6.    If an amount relating to postpetition Utility Services provided by a Utility

Company is unpaid beyond any applicable grace period, such Utility Company may request a

disbursement from the Utility Deposit Account (a "Disbursement Request") by giving notice to

(i) Quiksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street,

Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) proposed counsel to the official

committee of unsecured creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park,

New York, New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.; (iv)

United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark

Kenney, Esq.; (v) counsel to the agent for the Debtors' postpetition secured loan facilities: (a)

Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash,

Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center

Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vi) counsel to the agent for

the Debtors' prepetition revolving loan facility, Riemer & Braunstein, Three Center Plaza,

Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (vii) agent for the Debtors'

prepetition senior secured notes, Delaware Trust Company, 2711 Centerville Road, Wilmington,

Delaware, 19808, Attn: Trust Administration; (viii) agent for the Debtors' prepetition senior

unsecured notes, U.S. Bank National Association, Global Corporate Trust Services, 100 Wall

Street, Suite 1600, New York, NY, 10005, Attn: Justin L. Shearer, Vice President, Default

Account Manager; and (ix) the parties listed in the consolidated list of the thirty (30) largest

unsecured creditors as filed by the Debtors in the Chapter 11 Cases. A Disbursement Request

shall only be honored on the date that is five (5) business days after the date of the Disbursement Request.

7.    Any Utility Company that failed to submit an Additional Assurance Request as set forth in the Interim Order or file an Objection shall be deemed to have adequate assurance of payment that is satisfactory to it within the meaning of Bankruptcy Code section 366 and shall be forbidden from altering, refusing or discontinuing service to the Debtors on account of any prepetition charges, subject to the Utility Company's right to seek modification of adequate assurance under Bankruptcy Code section 366(c)(3).

8.    The Debtors are authorized, in their sole discretion, to amend or supplement Schedule 1 attached hereto to add or delete any Utility Company, and this Order shall apply to any such Subsequently Identified Utility Company that is added to Schedule 1. Such amendment shall be accomplished by filing with this Court a notice and serving the same on the affected Utility Company.

9.    This Order shall be binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Company List, provided that for each additional Utility Company that may be added, the Debtors will increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility Services provided by that Utility Company to the Debtors, provided, however, that no Utility Deposit shall be made for any Utility Company that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services in excess of unpaid charges for pre-petition utility service.  In addition, if a Utility Company holds a deposit or prepayment that is less than two weeks of Utility Services, the portion of the Utility Deposit for that Utility Company shall be reduced by the amount of any prepetition deposit or prepayment in excess of unpaid charges for pre-petition utility service.

10.     Any Utility Company added to the Utility Company List subsequent to the date of the Motion shall have the right to make an Additional Assurance Request in compliance with the Adequate Assurance Procedures.

11.     Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under Bankruptcy Code section 366, whether or not such entity is listed on Schedule 1 attached hereto.

12.     The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Order or for inadvertently honoring or dishonoring any check or fund transfer.

13.     Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these Chapter 11 Cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

14.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

15.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

16.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

Oct. 6 _____, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE