IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
Debtors.[1] : (Jointly Administered)
:
:
: **Related Docket No. 36, 198, 199**
:
------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 329, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS BANKRUPTCY COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION <u>EFFECTIVE AS OF THE PETITION DATE</u>**

Upon the application (the "<u>Application</u>")[2] of the Debtors for entry of an order (this "<u>Order</u>") authorizing the employment and retention of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities (collectively, "<u>Skadden</u>" or the "<u>Firm</u>") as the Debtors' bankruptcy counsel, effective as of the Petition Date, under a general retainer; and upon consideration of the Durrer Declaration; and the Court having reviewed the Application and the Durrer Declaration; and the Court being satisfied with the representations made in the Application and the Durrer Declaration that Skadden represents no interest adverse to the estates, that it is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

Code, and that its employment is necessary; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 329 of the Bankruptcy Code, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Skadden as their bankruptcy counsel, effective as of the Petition Date, under a general retainer, in accordance with the Application, the Engagement Agreement, the Durrer Declaration, and this Order, to perform the services described therein.

3. In connection with the Chapter 11 Cases, Skadden shall be compensated for professional services rendered, and reimbursed for expenses incurred, in accordance with Bankruptcy Code sections 330 and 331, the applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules, and with any other applicable procedures and orders of this Court. Skadden also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases, effective as of November 1, 2013 (the "Revised U.S. Trustee Fee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Skadden in the Chapter 11 Cases.

4. Skadden is authorized to apply any funds amounts presently held as a retainer (the "Retainer") to pay any fees, charges, and disbursements relating to services rendered to the Debtors prior to the Petition Date that remain unpaid as of such date (the "Final Prepetition Billed Amount"). Any Retainer remaining after such payment of the Final Prepetition Billed Amount shall be held by Skadden as a retainer to be applied against any postpetition filing fees in the Chapter 11 Cases or shall be returned to the Debtors, at the Debtors' request. In the event that the remaining Retainer exceeds the unpaid portion of Skadden's Court-approved postpetition fees and expenses, Skadden shall remit such excess to the Debtors or their successors.

5. Prior to any increases in Skadden's rates beyond the 2015 rates set forth in the Application, Skadden shall file a supplemental declaration with this Court and provide ten business days' notice to the Debtors, the United States Trustee, and any official committee appointed in these Chapter 11 Cases. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330, and this Court retains the right to review any rate increase, pursuant to Bankruptcy Code section 330.

6. Notwithstanding anything to the contrary herein, the provisions of the Engagement Agreement regarding indemnification (see Engagement Agreement, p. 7—9) shall not be effective until further order of this Court, and the Debtors and the United States Trustee each reserve all rights and arguments regarding such provisions. The Debtors may seek such further order following the completion of a meet-and-confer between the Debtors and the United

States Trustee, which shall take place following the issuance of an opinion in any of the following bankruptcy cases pending in this jurisdiction: In re Boomerang Tube, LLC, Case No. 15-11247 (MFW) (Bankr. D. Del. June 9, 2015); In re F-Squared Investment Management, LLC, Case No. 15-11469 (LSS) (Bankr. D. Del. July 8, 2015); In re Northshore Mainland Services, Inc., Case. No. 15-11402 (KJC) (Bankr. D. Del. June 29, 2015).

7. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
10/6, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

757259.01A-LACSR01A - MSW