**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                    :        Chapter 11
                                                          :
QUIKSILVER, INC., *et al.*,                               :        Case No. 15-11880 (BLS)
                                                          :
                                    Debtors.[1]           :        Jointly Administered
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x        **Related Docket Nos. 26, 180, 183, 184, 185**

**CERTIFICATION OF COUNSEL REGARDING AMENDED ORDER GRANTING
DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105, 365(a) AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL
BANKRUPTCY RULE 9013-1 AUTHORIZING AND APPROVING PROCEDURES FOR
REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The undersigned counsel for the debtors and debtors-in-possession in the above-captioned jointly administered bankruptcy cases (collectively, the "Debtors") hereby certifies as follows:

On October 6, 2015, the Bankruptcy Court held a hearing (the "Hearing") to consider the relief requested in the Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105, 365(a) and 554, Bankruptcy Rules 6006 and 9014, And Local Bankruptcy Rule 9013-1 Authorizing and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases (Docket No. 26) (the "Motion").

The undersigned further certifies that at the Hearing, in connection with the Motion, the Court requested that a revision be made to the proposed form of order attached to the Debtors' Reply in Support of the Motion (Docket No. 22) (the "Proposed Order").

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

The undersigned further certifies that the revised Proposed Order (the "Revised Proposed Order"), attached hereto as Exhibit A, reflects the revision requested on the record at the Hearing.

The undersigned further certifies that counsel for the Debtors has provided the form of the Revised Proposed Order to counsel for Federal Realty Investment Trust and GGP Limited Partnership, who originally requested the revision at the Hearing, as well as counsel for the Macerich Company, Boulevard Invest, LLC, and the Taubman Landlords, none of whom have any objection to entry of the Revised Proposed Order. For the Court's convenience, a redline showing the revisions contained in the Revised Proposed Order is attached hereto as Exhibit B.

WHEREFORE, the Debtors respectfully request that the Court enter the Revised Proposed Order attached hereto as Exhibit A at its earliest convenience.

Dated:    Wilmington, Delaware
          October 6, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Van C. Durrer, II
Van C. Durrer, II (I.D. No. 3827)
Annie Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

## **EXHIBIT A**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket Nos. 26, 180, 183, 184, 185**

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365(a) AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 9013-1 AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing and approving procedures for the Debtors to reject executory contracts (the "Contracts") and unexpired leases (the "Leases"), as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice is necessary; and it appearing that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in

interest; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and upon all the proceedings had before the

Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      The following procedures (the "<u>Rejection Procedures</u>") are authorized and

approved in connection with the rejection of any Contract or Lease of the Debtors during the

Chapter 11 Cases as follows:

(a)      <u>Rejection Notice</u>: The Debtors will file a notice to reject any
Contract or Lease, pursuant to Bankruptcy Code section 365 (the
"<u>Rejection Notice</u>"), which shall be substantially in the form of
<u>Exhibit A</u> attached to the Motion.  With respect to Contracts or
Leases other than Leases of real property (the "<u>Real Property
Leases</u>" and Leases other than Real Property Leases, "<u>Personal
Property Leases</u>"), the Rejection Notice shall set forth the
following information, to the best of the Debtors' knowledge, as
applicable: (i) the Contract(s) or Personal Property Lease(s) that
the Debtors seek to reject; (ii) the name(s) and address(es) of the
counterparties to such Contract(s) or Personal Property Lease(s)
(the "<u>Contract Counterparty</u>"); (iii) a short description of the
applicable Contract(s) or Personal Property Lease(s); and (iv) the
proposed effective date of the rejection for each such Contract(s)
or Personal Property Lease(s), which date may not be before the
date of filing of the Rejection Notice (the "<u>Contract Rejection
Date</u>").  With respect to Real Property Leases, the Rejection Notice
shall set forth the following information, to the best the Debtors'
knowledge, as applicable: (i) the street address of real property;
(ii) the name and address of the landlord (the "<u>Landlord</u>" and,
together with Contract Counterparty, the "<u>Counterparty</u>"); (iii) the

2

date on which the Debtors will vacate (or have vacated) the premises; and (iv) proposed effective date of the rejection for each such Real Property Lease(s), which date may not be before the later of (x) the date of filing of the Rejection Notice and (y) the date the Debtors vacate the premises and turn over keys, key codes, and security codes, if any, to the affected Landlord (the "Real Property Lease Rejection Date" and together with the Contract/Lease Rejection Date, the "Rejection Date").

(b)     Service of the Rejection Notice: The Debtors will cause the Rejection Notice, together with a copy of the proposed order authorizing such rejection (the "Rejection Order") to be served by United States mail upon the following parties (the "Rejection Notice Parties"): (i) the Counterparty to the Contract or Lease, as applicable (and its counsel, if known), at the address set forth in the Contract or Lease (as such address may have been modified in accordance with the Contract or Lease); (ii) with respect to Real Property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (v) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (iv) proposed counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.; and (v) any other parties in interest who are required to be given notice pursuant to Bankruptcy Rule 2002, advising such parties of the Debtors' intent to reject the specified Contract(s) and/or Lease(s), as well as the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

(c)     Objection Procedures: Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that such objection is filed with this Court and is actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) calendar days after the date the Rejection Notice is filed (the "Objection Deadline"): (i) Quiksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801,

Attn: Ana Lucía Hurtado; (iii) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) proposed counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.; and (vi) any Counterparty to the affected Contract or Lease. Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection. In the event that an Objection is filed with respect to rejection of a particular Real Property Lease, all rights of the objecting party, the Debtors and their estates, the Landlord, and other parties in interest with respect thereto, including with respect to the applicable the Real Property Lease Rejection Date, shall be reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affects such rights.

(d)     Event of No Objection: Absent an Objection being filed in compliance with subparagraph (c) of this paragraph prior to the Objection Deadline, the rejection of such Contract(s) or Lease(s) shall be deemed authorized and approved, with such rejection to be effective as of the Rejection Date, without further notice or hearing, and the Debtors shall be permitted to submit to the Court, under certification of counsel, the proposed Rejection Order. Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (the "Remaining Property") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors or any third party claiming by or through the Debtors and without waiver of any claim the Landlords may have against the Debtors  and, to the extent applicable, the automatic stay is modified to allow for such disposition.

(e)     Unresolved Objections: If a timely Objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection (the "Rejection Motion Hearing") and provide at least five (5) business days' notice of such hearing to the objecting party and the other Rejection Notice Parties. If such objection is overruled or withdrawn, such Contract or Lease shall

be deemed rejected as of (i) the Rejection Date, (ii) such other date as the Debtors (in consultation with the Creditors' Committee) and the applicable Counterparty have agreed, or (iii) such other date as determined by the Court and as set forth in any order with respect to such Objection.

(f)    Rejection Damages Proofs of Claim: Each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures must file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases.  If no proof of claim is timely filed with respect to such rejection damages, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions on account of rejection damages that may be made in connection with these Chapter 11 Cases.

(g)    Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors (in consultation with the Creditors' Committee); provided, however, that the rights of any Counterparty under a letter of credit established by the Debtors in favor of such Counterparty shall be governed in accordance with the terms thereof and all applicable law, including the Bankruptcy Code.

3.    The form of Rejection Notice attached to the Motion as Exhibit A is hereby approved.  The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

4.    The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.    Nothing in the Motion or Order shall be deemed to constitute the postpetition assumption or rejection of any executory contract or unexpired lease.

6.    The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

7.      The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Contracts and Leases.

8.      Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11.     Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume any Contract or Lease by separate motion.  Moreover, approval of the Rejection Procedures and this Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

771865.08-WILSR01A - MSW

## **EXHIBIT B**

**Redline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :    Chapter 11
                                                    :
QUIKSILVER, INC., *et al.*,                         :    Case No. 15-11880 (BLS)
                                                    :
                                  Debtors.[1]       :    Jointly Administered
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket Nos. 26, 180, 183, 184, 185**

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365(a) AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 9013-1 AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to

sections 105, 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the

"Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy

Rules"), authorizing and approving procedures for the Debtors to reject executory contracts (the

"Contracts") and unexpired leases (the "Leases"), as more fully set forth in the Motion; and upon

consideration of the First Day Declaration; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice is necessary; and it appearing that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in

interest; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and upon all the proceedings had before the

Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      The following procedures (the "<u>Rejection Procedures</u>") are authorized and

approved in connection with the rejection of any Contract or Lease of the Debtors during the

Chapter 11 Cases as follows:

(a)      <u>Rejection Notice</u>: The Debtors will file a notice to reject any Contract or Lease, pursuant to Bankruptcy Code section 365 (the "<u>Rejection Notice</u>"), which shall be substantially in the form of <u>Exhibit A</u> attached to the Motion.  With respect to Contracts or Leases other than Leases of real property (the "<u>Real Property Leases</u>" and Leases other than Real Property Leases, "<u>Personal Property Leases</u>"), the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge, as applicable: (i) the Contract(s) or Personal Property Lease(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s) or Personal Property Lease(s) (the "<u>Contract Counterparty</u>"); (iii) a short description of the applicable Contract(s) or Personal Property Lease(s); and (iv) the proposed effective date of the rejection for each such Contract(s) or Personal Property Lease(s), which date may not be before the date of filing of the Rejection Notice (the "<u>Contract Rejection Date</u>").  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best the Debtors' knowledge, as applicable: (i) the street address of real property; (ii) the name and address of the landlord (the "<u>Landlord</u>" and,

2

Redline Stand-Alone Rejection Procedures Order 771865v7 and Stand-Alone Rejection
Procedures Order 771865v8 10/6/2015 10:31:38 AM

together with Contract Counterparty, the "Counterparty"); (iii) the date on which the Debtors will vacate (or have vacated) the premises; and (iv) proposed effective date of the rejection for each such Real Property Lease(s), which date may not be before the later of (x) the date of filing of the Rejection Notice and (y) the date the Debtors vacate the premises and turn over keys, key codes, and security codes, if any, to the affected Landlord (the "Real Property Lease Rejection Date" and together with the Contract/Lease Rejection Date, the "Rejection Date").

(b)     Service of the Rejection Notice: The Debtors will cause the Rejection Notice, together with a copy of the proposed order authorizing such rejection (the "Rejection Order") to be served by United States mail upon the following parties (the "Rejection Notice Parties"): (i) the Counterparty to the Contract or Lease, as applicable (and its counsel, if known), at the address set forth in the Contract or Lease (as such address may have been modified in accordance with the Contract or Lease); (ii) with respect to Real Property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (v) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (iv) proposed counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.; and (v) any other parties in interest who are required to be given notice pursuant to Bankruptcy Rule 2002, advising such parties of the Debtors' intent to reject the specified Contract(s) and/or Lease(s), as well as the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

(c)     Objection Procedures: Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that such objection is filed with this Court and is actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) calendar days after the date the Rejection Notice is filed (the "Objection Deadline"): (i) Quiksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the

3

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) proposed counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.; and (vi) any Counterparty to the affected Contract or Lease. Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.  In the event that an Objection is filed with respect to rejection of a particular Real Property Lease, all rights of the objecting party, the Debtors and their estates, the Landlord, and other parties in interest with respect thereto, including with respect to the applicable the Real Property Lease Rejection Date, shall be reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affects such rights.

(d) <u>Event of No Objection</u>: Absent an Objection being filed in compliance with subparagraph (c) of this paragraph prior to the Objection Deadline, the rejection of such Contract(s) or Lease(s) shall be deemed authorized and approved, with such rejection to be effective as of the Rejection Date, without further notice or hearing ~~unless the Debtors withdraw such Rejection Notice on or prior to the Rejection Date~~, and the Debtors shall be permitted to submit to the Court, under certification of counsel, the proposed Rejection Order. ~~In the event that the Debtors withdraw the Rejection Notice prior to the Rejection Date, the Rejection Notice shall be void~~ *~~ab initio~~*~~; provided, however, that such withdrawal shall be without prejudice to the Counterparty, including with respect to any actions taken by the Counterparty in reliance on the Rejection Notice prior to withdrawal~~.  Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (the "<u>Remaining Property</u>") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors or any third party claiming by or through the Debtors and without waiver of any claim the Landlords may have against the Debtors  and, to the

4

extent applicable, the automatic stay is modified to allow for such disposition.

(e)   Unresolved Objections: If a timely Objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection (the "Rejection Motion Hearing") and provide at least five (5) business days' notice of such hearing to the objecting party and the other Rejection Notice Parties. If such objection is overruled or withdrawn, such Contract or Lease shall be deemed rejected as of (i) the Rejection Date, (ii) such other date as the Debtors (in consultation with the Creditors' Committee) and the applicable Counterparty have agreed, or (iii) such other date as determined by the Court and as set forth in any order with respect to such Objection.

(f)   Rejection Damages Proofs of Claim: Each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures must file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases. If no proof of claim is timely filed with respect to such rejection damages, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions on account of rejection damages that may be made in connection with these Chapter 11 Cases.

(g)   Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors (in consultation with the Creditors' Committee); provided, however, that the rights of any Counterparty under a letter of credit established by the Debtors in favor of such Counterparty shall be governed in accordance with the terms thereof and all applicable law, including the Bankruptcy Code.

3.     The form of Rejection Notice attached to the Motion as Exhibit A is hereby approved. The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

5

4.      The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.      Nothing in the Motion or Order shall be deemed to constitute the postpetition assumption or rejection of any executory contract or unexpired lease.

6.      The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

7.      The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Contracts and Leases.

8.      Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

6

11.     Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject or assume any Contract or Lease by separate motion.  Moreover, approval of the Rejection Procedures and this Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2015


_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

771865.06-WILSR01A - MSW771865.08-WILSR01A - MSW
Redline Stand-Alone Rejection Procedures Order 771865v7 and Stand-Alone Rejection Procedures Order 771865v8 10/6/2015 10:31:38 AM

| Summary report: Litéra® Change-Pro TDC 7.5.0.155 Document comparison done on 10/6/2015 10:31:38 AM | |
|---|---|
| **Style name:** Option 3a Strikethrough Double Score No Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** dm://WILSR01A/771865/7 | |
| **Modified DMS:** dm://WILSR01A/771865/8 | |
| **Changes:** | |
| Add | 1 |
| Delete | 3 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 4 |