IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------ x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
: 
Debtors.[1] : Jointly Administered
: 
: **Related Docket No. 116**
: 
------------------------------ x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 501, 502, 503, AND 1111(a), AND BANKRUPTCY RULES 2002, 3003(c)(3), AND 9007, AND LOCAL BANKRUPTCY RULES 1009-2 AND 2002-1(e) (I) SETTING GENERAL BAR DATE, (II) ESTABLISHING PROCEDURES FOR FILING PROOFS OF CLAIM, AND (III) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to Bankruptcy Code sections 105, 501, 502, 503, and 1111(a), Bankruptcy Rules 2002, 3003(c)(3), and 9007, and Local Bankruptcy Rules 1009-2 and 2002-1(e) (i) setting a general bar date, (ii) establishing procedures for filing proofs of claim, and (iii) approving the form and manner of notice thereof; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Unless otherwise defined herein, capitalized terms used shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. **General Bar Date:** Pursuant to Bankruptcy Rule 3003(c)(3), all "entities" and "persons" (as defined respectively in Bankruptcy Code sections 101(15) and (41)), except any Governmental Unit and certain other exceptions explicitly set forth in this Order, that are creditors holding or wishing to assert Claims arising before the Petition Date against any of the Debtors are required to file a separate, completed and executed proof of claim form (substantially in the form attached hereto as <u>Exhibit 2</u> and conforming substantially to Official Bankruptcy Form No. 10) (the "<u>Proof of Claim Form</u>")[3] on account of any such Claims in accordance with the procedures set forth below so that the Debtors' Court-appointed claims agent, Kurtzman Carson Consultants ("<u>KCC</u>"), **actually receives the Proof of Claim Form on or before the date that is no later than 28 days after service of the Bar Date Notice (as defined below) (the "<u>General Bar Date</u>")**.

3. Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), any Governmental Units that are creditors holding or wishing to assert Claims arising before the Petition Date against any of the Debtors are required to file a separate, completed and executed Proof of Claim Form on account of any such Claims in accordance with the procedures set forth below so that KCC **actually receives the Proof of Claim Form on or before March 7, 2016 (the "<u>Governmental Bar Date</u>")**.

---

[3] The Proof of Claim Form is substantially similar to Official Bankruptcy Form No. 10. It provides a place for parties to set forth the portion of their claims, if any, which they assert are entitled to administrative expense priority status under Bankruptcy Code section 503(b)(9).

4. Notwithstanding the preceding paragraphs, creditors holding or wishing to assert the following types of Claims (collectively, the "Excluded General Claims") against the Debtors need not file a proof of claim:

(i) Claims listed in the Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) priority, (c) nature, (d) classification, or (e) the identity of the Debtor against whom such Claims are scheduled;

(ii) Claims on account of which a proof of claim has already been properly filed with the Court against the correct Debtor;

(iii) Requests for payment under Bankruptcy Code sections 503(b) and 507(a)(1) of expenses of administration, **except, however, for requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which 503(b)(9) requests must be filed on or before the General Bar Date;**[4]

(iv) Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

(v) Claims of the Debtors against other Debtors;

(vi) Claims of or against non-Debtor foreign affiliates;

(vii) Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii) Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one Proof of Claim Form on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix) Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[5]

---

[4] Creditors holding or wishing to assert requests for payment pursuant to Bankruptcy Code section 503(b)(9) are required to properly file a proof of claim on or before the General Bar Date, as further provided herein.

[5] Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a

*(cont'd)*

(x)     Claims of landlords of unexpired leases of non-residential real property which have not been rejected prior to the General Bar Date. Proofs of claim for any rejection damages arising from the rejection of any unexpired lease or executory contract of a Debtor during these Bankruptcy Cases must be filed by the later of (a) 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (b) any date set by another Order of the Court or (c) the General Bar Date.

5. **Exclusion of Proofs of Interest in Debtors From General Bar Date.** Any holder of an interest in any of the Debtors (each an "<u>Interest Holder</u>"), whose interest is based exclusively upon the ownership of common or preferred stock of any of the Debtors (an "<u>Interest</u>"), is not required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; <u>provided, however,</u> that any Interest Holder who wishes to assert a Claim against any of the Debtors, including, without limitation, any Claim based on any transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date; <u>provided further, however,</u> that any Interest Holder that is a Governmental Unit, who wishes to assert a Claim against any of the Debtors, including, without limitation, based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interest, must file a proof of claim on or prior to the Governmental Bar Date.[6]

6. **Inclusion of Section 503(b)(9) Claims in General Bar Date and Identification Requirement For Section 503(b)(9) Claims.** Any claimant asserting a Claim

---

*(cont'd from previous page)*
single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.

[6] The Debtors reserve the right to seek relief at a later date requiring Interest Holders to file proofs of Interest.

pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must complete the appropriate box in the Proof of Claim Form and, thereby, identify the portion of such Claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9). To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the Proof of Claim Form, the Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be entitled to seek priority treatment under section 503(b)(9).

7.  **Rejection Bar Date.** Proofs of claim for any rejection damages Claims arising from the rejection of any unexpired lease or executory contract of a Debtor (an "Agreement") during these Bankruptcy Cases must be filed by the later of (a) 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (b) any date set by another Order of the Court or (c) the General Bar Date (the "Rejection Bar Date").

8.  **Amended Schedules Bar Date.** In the event that the Debtors amend the Schedules and Statements after having given notice of the General Bar Date, as provided herein, the Debtors shall give notice of any amendment to the holders of Claims affected thereby, and if the subject amendment reduces the unliquidated, noncontingent, and liquidated amount or changes the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein, such holders shall be given until the later of (a) the General Bar Date or (b) 30 days from the date such notice is given (or such other time period as may be fixed by the Court) (the "Amended Schedules Bar Date") to file proofs of claim with respect to such affected Claim, if necessary, or be barred in these Chapter 11 Cases from doing so in accordance with Paragraph 17 below.

9.  In the event that the Debtors amend the Schedules and Statements after having given notice of the Governmental Bar Date as provided herein, the Debtors shall give notice of any amendment to the holders of Claims that are Governmental Units and that are affected thereby, and if the subject amendment reduces the unliquidated, noncontingent and liquidated amount, or changes the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein, such holders shall be given until the later of (a) the Governmental Bar Date or (b) 30 days from the date such notice is given (or such other time period as may be fixed by the Court) to file proofs of claim with respect to such affected Claim, if necessary, or be forever barred in these Chapter 11 Cases from doing so in accordance with Paragraph 17 below.

10.  **Service and Publication of Bar Date Notice**.  The Debtors shall exercise their best efforts to serve a notice of the General Bar Date and the Governmental Bar Date (the "Bar Date Notice") substantially in the form of the notice attached hereto as Exhibit 1 and a Proof of Claim Form, by first class mail to all known and reasonably ascertainable creditors and all known holders of the Debtors' equity securities as reflected in the Debtors' books and records. The Debtors shall serve the Bar Date Notice and a Proof of Claim Form in the form and manner contemplated hereunder no later than four business days after filing their Schedules and Statements. Service of the Bar Date Notice and a Proof of Claim Form shall include, but not be limited to, the following entities:

(i)  the Office of the United States Trustee for the District of Delaware;

(ii)  the agent and/or indenture trustee for the Debtors' prepetition secured noteholders;

(iii)  the agent and/or indenture trustee for the Debtors' prepetition unsecured noteholders;

(iv) counsel for the ad hoc group of the Debtors' prepetition unsecured noteholders;

(v) all persons or entities that have requested notice of the proceedings in these Chapter 11 Cases in accordance with Bankruptcy Rule 2002;

(vi) all persons or entities that have filed Proofs of Claim against the Debtors;

(vii) all known creditors and other holders of Claims against the Debtors as of the date of entry of this Order;

(viii) all entities that are party to executory contracts and unexpired leases with the Debtors as of the Petition Date;

(ix) all vendors that delivered goods to the Debtors within 20 days of the Petition Date;

(x) all entities known as of the date of entry of this Order that are party to, or have threatened, litigation with the Debtors;

(xi) all current and former employees of the Debtors (to the extent that the Debtors employed such former employees within the last 3 years and contact information for such employees is available in the Debtors' records);

(xii) all regulatory authorities that regulate the Debtors' businesses for each state in which the Debtors conduct business;

(xiii) the Internal Revenue Service;

(xiv) the Environmental Protection Agency;

(xv) the Securities and Exchange Commission; and

(xvi) state attorneys general and state departments of revenue for each state in which the Debtors conduct business.

11. The Debtors shall publish a notice in a form substantially similar to the Bar Date Notice in the national and international editions of <u>The Wall Street Journal</u> or <u>The New York Times</u>. Such publication shall constitute adequate and appropriate notice sufficient to comply with the Debtors' due process obligations as to all creditors that are not known or reasonably ascertainable to the Debtors.

12. **Forms of Proofs of Claim.** To be considered properly filed, each Proof of Claim Form must (a) be denominated in lawful United States currency, (b) specify the full name of Debtor against which the claimant asserts the Claim, (c) set forth with specificity the legal and factual basis for the Claim, and (d) have attached to it supporting documentation upon which the claimant will rely to support the Claim.

13. Claims against multiple Debtors may not be aggregated on a single Proof of Claim Form. Any creditor or claimant holding or wishing to assert a Claim against more than one Debtor must file a separate Proof of Claim Form in the case of each Debtor against which the creditor or holder of such Claim believes it holds a Claim.

14. **Procedures for Filing Proofs of Claims**: All proofs of claim shall be filed by mail, hand, or overnight courier and shall be addressed to:

> **Quiksilver, Inc. Claims Processing Center**
> **c/o KCC**
> **2335 Alaska Avenue**
> **El Segundo, CA 90245**

15. A proof of claim is deemed filed only when the proof of claim, together with supporting documentation, is **actually received** by KCC at the above address. Any proof of claim submitted by facsimile or other electronic means shall be rejected by KCC and will not be deemed filed.

16. In the event it files a claim, any administrative agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable credit facility and/or related transaction documents. Any indenture trustee may file a single proof of claim on account of the combined Claims of the trustee and all of the bondholders under the applicable indenture and/or related transaction documents.

17. A creditor's proof of claim may be filed without the writings which would otherwise be required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any party in interest in these cases, any such creditor shall be required to transmit such writings promptly to the Debtors or the other party in interest, but in no event later than 10 days from the date of such request.

18. Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file but fails to file a proof of claim for its Claim in accordance with this Order before the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, the Amended Schedules Bar Date, or such other date established by prior or future order of the Court or established hereby, as applicable, shall not be treated as a creditor with respect to such Claim for the purposes of voting or distribution under any chapter 11 plan proposed or confirmed in these cases.

19. Nothing in this Order shall, or shall be deemed to, prejudice the Debtors' or any other party in interest's right to object to any Claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), on any ground, or to dispute, or to assert offsets against or defenses to, any Claim reflected on the Schedules and Statements, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any Claim as disputed, contingent or unliquidated, and nothing in this Order or the Schedules and Statements shall be considered an admission as to the amount, liability, classification or other characteristic of a Claim, including, without limitation, whether such Claim is asserted or scheduled against the proper Debtor.

20. Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of a Claim or Interest that

is specifically excluded from the requirements to file such a Claim by this Order must file a proof of claim or interest.

21. The provisions of this Order apply to all Claims of whatever character against the Debtors or their property, whether such Claims are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

22. The Debtors and KCC, as the Court-appointed claims agent in these Chapter 11 Cases are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

23. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

24. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
       Oct. 6, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE