**EXHIBIT 3**

**Sale Guidelines**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------x
:
In re:                           :    Chapter 11
:
QUIKSILVER, INC., *et al.*,      :    Case No. 15-11880 (___)
:
Debtors.[1]                      :    (Jointly Administered)
:
---------------------------------x

## SALE GUIDELINES

The following procedures (the "<u>Sale Guidelines</u>") shall apply to the Sale[2] to be held at the locations (collectively the "<u>Locations</u>" and each, a "<u>Location</u>") subject to (1) the agreement (the "<u>Store Closing Agreement</u>") dated as of September 4, 2015, by and between QS Retail, Inc. (the "<u>Merchant</u>"), on the one hand, and Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (the "<u>Agent</u>") and (2) the agreement (the "<u>Pop Up Store Agreement</u>," and together with the Store Closing Agreement, the "<u>Agreements</u>") dated as of June 8, 2015, by and between Merchant, on the one hand, and Agent, on the other hand:

1. The Sale shall be conducted so that the Locations in which sales are to occur will remain open no longer than during the normal hours of operation provided for in the respective leases for the Locations.

2. The Sale shall be conducted in accordance with applicable state and local "Blue Laws", where applicable, so that no Sale shall be conducted on Sunday unless the Merchant had been operating such Location on a Sunday.

3. On "shopping center" property, the Merchant or the Agent shall not distribute handbills, leaflets or other written materials to customers outside of any Location's premises, unless permitted by the lease or, if distribution is customary in the "shopping center" in which such Location is located; provided that the Merchant and the Agent may solicit customers in the Locations themselves. On "shopping center" property, the Merchant and the Agent shall not use any flashing lights or amplified sound to advertise the Sale or solicit customers, except as permitted under the applicable lease or agreed to by the landlord.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), QS Optics, Inc. (2493), Quiksilver Wetsuits, Inc. (9599), Mt. Waimea, Inc. (5846), Quiksilver Entertainment, Inc. (9667), DC Shoes, Inc. (0965), DC Direct, Inc. (8364), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), and QS Retail, Inc. (0505). The address of the Debtors' corporate headquarters is 15202 Graham Street, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Agreements (as defined herein).

4. At the conclusion of the Sale, the Merchant shall vacate the Locations in broom clean condition, and shall leave the Locations in the same condition as on the applicable Sale Commencement Date, ordinary wear and tear excepted, <u>provided, however,</u> that the Agent and the Merchant hereby do not undertake any greater obligation than as set forth in an applicable lease with respect to a Location.

5. Subject to the entry of the final order granting the Motion[3]: (i) the Agent and the Merchant may abandon any FF&E (as used in the Agreements) and Merchandise not sold in the Sale at the Locations at the earlier of the conclusion of the Sale or the applicable Sale Termination Date; (ii) any abandoned FF&E and Merchandise left in a Location after a lease is rejected shall be deemed abandoned to the landlord having a right to dispose of the same as the landlord chooses without any liability whatsoever on the part of the landlord to any party and without waiver of any damage claims against the Merchant.

6. The Agent and the Merchant may advertise the sale as a "sale on everything", "everything must go", or similar themed sale. The Agent and the Merchant may also advertise the sale as a "store closing" and have a "countdown to closing" sign prominently displayed in a manner consistent with these Sale Guidelines.

7. Agent and the Merchant shall be permitted to utilize display, hanging signs, and interior banners in connection with the Sale; <u>provided, however,</u> that such display, hanging signs, and interior banners shall be professionally produced and hung in a professional manner. The Agent and the Merchant shall not use neon or day-glo on its display, hanging signs, or interior banners. Furthermore, with respect to enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Sale Guidelines. In addition, the Agent and the Merchant shall be permitted to utilize exterior banners at (i) non-enclosed mall Locations and (ii) enclosed mall Locations to the extent the entrance to the applicable Location does not require entry into the enclosed mall common area; <u>provided, however,</u> that such banners shall be located or hung so as to make clear that the Sale is being conducted only at the affected Location, and shall not be wider than the storefront of the Location. In addition, the Agent and the Merchant shall be permitted to utilize sign walkers in a safe and professional manner. Nothing contained in these Sale Guidelines shall be construed to create or impose upon the Agent and the Merchant any additional restrictions not contained in the applicable lease agreement.

8. Conspicuous signs shall be posted in the cash register areas of each of the affected Locations to effect that "all sales are final."

9. Except with respect to the hanging of exterior banners, the Agent and the Merchant shall not make any alterations to the storefront or exterior walls of any Locations.

---

[3] As used herein, the "<u>Motion</u>" refers to the *Motion Pursuant to Bankruptcy Code Section 105, 363, and 365 and Bankruptcy Rules 6004 and 6006 (i) Authorizing the Debtors to assume the Agreements; (ii) Authorizing and Approving the Conduct of Store Closing or Similar Themed Sales, with Such Sales to be Free and Clear of all Liens, Claims and Encumbrances; (iii) Authorizing Customary Bonuses to Employees of Closing Business Locations; and (iv) Granting Related Relief,* filed in the above-captioned cases.

10. The Agent and the Merchant shall not make any alterations to interior or exterior Location lighting. No property of the landlord of a Location shall be removed or sold during the Sale. The hanging of exterior banners or signage or banners in a Location shall not constitute an alteration to a Location.

11. The Agent and the Merchant shall keep Location premises and surrounding areas clean and orderly consistent with present practices.

12. Subject to the provisions of the Store Closing Agreement, the Agent and the Merchant shall have the right to sell all FF&E. The Agent and the Merchant may advertise the sale of the FF&E in a manner consistent with these guidelines at the Locations. The purchasers of any FF&E sold during the sale shall be permitted to remove the FF&E either through the back shipping areas at any time, or through other areas after Location business hours.

13. At the conclusion of the Sale at each Location, pending assumption or rejection of applicable leases, the landlords of the Locations shall have reasonable access to the Location's premises as set forth in the applicable leases. The Agent, the Merchant and their agents and representatives shall continue to have exclusive and unfettered access to the Locations until the respective Locations are turned back to the landlord in a manner consistent with the rejection procedures approved by the Court.

14. Postpetition rents shall be paid by the Merchant as required by the Bankruptcy Code until the rejection or assumption and assignment of each lease.

15. The rights of landlords against Merchant for any damages to a Location shall be reserved in accordance with the provisions of the applicable lease. If and to the extent that the landlord of any Location affected hereby contends that the Agent or the Merchant are in breach of or default under these Sale Guidelines, such landlord shall email or deliver written notice by overnight delivery on the Merchant's counsel and the Agent's counsel as follows: (i) Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 (Attn: Van Durrer, Esq.), van.durrer@skadden.com; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Suite 2700, Chicago, IL 60606 (Attn: John K. Lyons, Esq.), john.lyons@skadden.com; and (ii) Hilco Merchant Resources, LLC, 5 Revere Drive, Suite 206, Northbrook, IL 60062 (Attn: Ian Fredericks, Esq.), ifredericks@hilcoglobal.com.