IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11890 (BLS)
:
             Debtors.[1] : Jointly Administered
:
: **Related Docket Nos. 11, 80**
------------------------------------x

**FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, 507(a), 1107(a) AND 1108 AND BANKRUPTCY RULE 6003, AUTHORIZING DEBTORS TO PAY PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

Upon consideration of the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an Interim Order and Final Order, under Bankruptcy Code sections 105, 363(b), 507(a), 541, 1107(a), and 1108 and Bankruptcy Rule 6003, (i) authorizing, but not directing, the Debtors, inter alia, to pay prepetition wages, salaries, commissions, and employee benefits, (ii) authorizing, but not directing, the Debtors to continue the maintenance of all employee benefit programs in the ordinary course, (iii) authorizing financial institutions to receive, process, honor and pay all checks, drafts and other forms of payment, including fund transfers, used by the Debtors relating to the foregoing, and (iv) granting related relief as further described herein; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to pay and/or honor, the Prepetition Employee Obligations as and when such obligations are due. The Debtors are authorized, but not directed, in their sole discretion, to honor the Employee Benefit Obligations and Employee Expense Obligations that were in effect as of the Petition Date, including, but not limited to, Vacation Time, Holiday Time, Sick Time, Medical Plans, Dental Plan, Vision Plan, Life Insurance Plans, 401(k) Plan, Reimbursable Expenses, Vehicle Expenses, and Workers' Compensation Insurance, and to continue such programs in the ordinary course; provided, however, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit Obligations, including, policies, plans, programs, practices, and procedures, under section 365(a) of the Bankruptcy Code; provided, further, however, that the Debtors are not authorized to pay any amounts related to the Management Bonuses other than certain guaranteed bonuses absent further order of this Court.

3. The Debtors are authorized, but not directed, to pay all Employee Withholdings and Pension Obligations as and when such obligations are due. The Debtors may remit any and all amounts withheld from Employees, including social security, FICA, federal and state income taxes, garnishments, health care payments, other insurance premiums, retirement fund withholding, and other types of withholding, whether these amounts relate to the

period prior to the date of the Debtors' chapter 11 filings or subsequent thereto.

4. To the extent the Debtors elect to make payments pursuant to the self-insured Medical Plans, such payments shall be made without regard to the current employment status of the Employee who incurred (or whose covered family member incurred) a medical expense for which payment is sought, provided that the medical expenses for which the payments are sought are otherwise eligible for payment under the applicable terms of the Medical Plans.

5. Notwithstanding anything to the contrary herein or in the Interim Order, (i) the limits provided for by Bankruptcy Code sections 507(a)(4) or 507(a)(5) shall not apply to any obligations related to Workers' Compensation Insurance and (ii) the Debtors and ACE American Insurance Company and its affiliates and ESIS, Inc. (collectively, "ACE") have the authority and, to the extent applicable, relief from the automatic stay set forth in section 362(a) of the Bankruptcy Code, to (a) handle, administer, defend, settle and/or pay (collectively, the "Direct Claims") (i) workers' compensation claims, whether arising prior to or subsequent to the Petition Date, (ii) any claim where a claimant asserts a direct claim against an insurer under applicable law, and (iii) any claim for which an order has been entered by the Court granting the claimant relief from the automatic stay to proceed with its claim and (b) pay any and all costs in relation to each of the foregoing. To the extent the Debtors fail to pay and/or reimburse ACE for any of the amounts in relation to the Direct Claims in accordance with insurance policies and the agreements and documents related thereto, ACE may draw on any and all collateral and/or security provided by or on behalf of the Debtors therefor pursuant to the terms of the insurance policies and the agreements and documents related thereto.

6. Notwithstanding anything to the contrary contained herein, the relief

granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders approving entry into debtor-in-possession financing and authorizing the use of cash collateral approved by this Court in these Chapter 11 Cases (including with respect to any budgets or other covenants governing or relating to such debtor-in-possession financing and/or use of cash collateral), and to the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

7. All applicable banks and other financial institutions are hereby authorized, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Prepetition Employee Obligations, whether such checks or other requests were submitted prior to or after the Petition Date.

8. The Debtors' banks and other financial institutions shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this order or for inadvertently honoring or dishonoring any check or fund transfer.

9. The Debtors' banks are authorized, at the direction of the Debtors, to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Prepetition Employee Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and any such bank shall not have any liability to any party for relying on such direction by the Debtors as provided for in this order or for inadvertently failing to follow such

direction.

10. The Debtors' banks shall not attempt to reverse or place a hold on any automatic transfers to any account that the Debtors inform the Debtors' banks are an account of a party for the Prepetition Employee Obligations. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

11. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

12. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Employee or other third party.

13. Nothing in the Motion or this order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Prepetition Employee Obligations allegedly due or owing, and all of the Debtors' rights with respect thereto are hereby reserved.

14. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this order.

15. Nothing in the Motion or this order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under Bankruptcy Code section 365;

5

(b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from Bankruptcy Code section 365, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

16. No provision of this order shall be construed as authority to make any payment which is subject to the provisions of Bankruptcy Code section 503(c).

17. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

18. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

19. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
Oct 7, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE