IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
QUIKSILVER, INC., *et al.*,[1]                               :   Case No. 15-11880 (BLS)
                                                             :
                         Debtors.                            :   Jointly Administered
                                                             :
                                                             :
------------------------------------------------------------ x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE COMMITTEE TO EXCEED THE PAGE LIMITS WITH RESPECT TO THE JOINT OBJECTION**

The Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. ("Quiksilver") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to Rule 7007-2(a)(iv) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to exceed briefing page limitations with respect to the Committee's joint objection (the "Joint Objection")[2] to the (i) *Debtors' Motion for Entry of Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing the Debtors To (A) Obtain Postpetition Financing on a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral, (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Joint Objection.

*to Certain Prepetition Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Dkt. No. 17] (the "DIP Motion") and (ii) *Debtors' Motion for Entry of an Order Authorizing and Approving (I) the Debtors' Assumption of the Plan Sponsor Agreement; and (II) the Payment of the Break-Up Fee and Related Transaction Expenses* [Dkt. No. 25] (the "PSA Motion" and, together with the DIP Motion, the "Debtors' Motions"). In support of this Motion, the Committee respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is Local Rule 7007-2(a)(iv).

## Background

4. On the Petition Date, the Debtors each commenced a case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial Committee [Dkt. No. 129].[3] On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 163], appointing two additional

---

[3] The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

creditors to the Committee.[4]  The Committee has selected the undersigned as its proposed co-counsel.

7.  As more fully set forth in the Joint Objection, through the Debtors' Motions, the Debtors seek approval of a comprehensive scheme to set these cases on a course designed to take value from unsecured creditors for the benefit of secured creditors on an expedited timeframe that effectively precludes the Debtors from running a competitive process to maximize value for all stakeholders.  The Debtors' Motions are set for hearing on October 14, 2015 at 10:00 a.m. (prevailing Eastern Time).  Through the Joint Objection, the Committee provides its written response to both of the Debtors' Motions.

## Relief Requested

8.  By this Motion, the Committee seeks entry of an order, pursuant to Local Rule 7007-2(a)(iv), authorizing the Committee to exceed page limitations with respect to its Joint Objection.

## Basis for Relief

9.  Local Rule 7007-2, made applicable to the Joint Objection by the General Chambers Procedures for the United States Bankruptcy Court for the District of Delaware, provides that, absent leave of Court, no opening or answering brief shall exceed forty (40) pages, exclusive of any tables of contents and citations.  Del. Bankr. L. R. 7007-2(a)(iv); General Chambers Pro. at 2, ¶ 2(a)(vi).  The Joint Objection, taken together, exceeds this page limitation.  Through this Motion, the Committee respectfully requests that the Joint Objection be allowed to exceed the page limitations prescribed by Local Rule 7007-2(a)(iv) and the General Chambers Procedures.

---

[4] The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

10. Cause exists to permit the Committee to exceed this page limitation with respect to the Joint Objection. The Joint Objection addresses numerous and complex issues raised in the Debtors' Motions. The legal analysis and factual citations attendant to these issues, which are raised by the Debtors through two separate motions, cannot adequately be addressed without exceeding the 40-page limit imposed by the Local Rules. The Committee believes that the consolidated analysis and discussion in the single Joint Objection will benefit the Court in its consideration of the relief requested in the Debtors' Motions.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to exceed the page limit with to the Joint Objection, and granting such other and further relief as the Court deems appropriate.

[*remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: October 9, 2015<br>Wilmington, Delaware | **PEPPER HAMILTON LLP**<br><br>  /s/ John H. Schanne, II<br>David B. Stratton (DE No. 960)<br>David M. Fournier (DE No. 2812)<br>John H. Schanne II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware  19899-1709<br>Telephone:    (302) 777-6500<br>Facsimile:     (302) 421-8390<br>E-mail:          strattond@pepperlaw.com<br>                      fournierd@pepperlaw.com<br>                      schannej@pepperlaw.com<br><br>         -AND-<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Michael S. Stamer (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>Meredith A. Lahaie (admitted *pro hac vice*)<br>One Bryant Park<br>Bank of America Tower<br>New York, New York  10036-6745<br>Telephone:    (212) 872-1000<br>Facsimile:     (212) 872-1002<br>E-mail:          mstamer@akingump.com<br>                      aqureshi@akingump.com<br>                      mlahaie@akingump.com<br><br>*Proposed Co-Counsel to the Official Committee of Unsecured Creditors* |