## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re:                                                  :      Chapter 11
                                                        :
QUIKSILVER, INC., et al.,¹                              :      Case No. 15-11880 (BLS)
                                                        :
                              Debtors.                  :      Jointly Administered
                                                        :
                                                        :
                                                        :
------------------------------------------------------- x
```

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE COMMITTEE TO FILE UNDER SEAL THE UNREDACTED DECLARATION OF MICHAEL J. GENEREUX IN SUPPORT OF THE COMMITTEE'S JOINT OBJECTION TO DEBTORS' (I) MOTION FOR AUTHORIZATION TO OBTAIN POSTPETITION FINANCING AND (II) MOTION FOR AUTHORITY TO ASSUME PLAN SPONSOR AGREEMENT AND PAY RELATED BREAK-UP FEE AND TRANSACTION EXPENSES**

The Official Committee of Unsecured Creditors (the "Committee") of Quiksilver,

Inc. ("Quiksilver") and its affiliated debtors and debtors in possession (collectively, the

"Debtors"), by and through its undersigned proposed counsel, hereby submits this motion (the

"Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant

to section 107(b) of title 11 of the United States Code (11 U.S.C. §§ 101 et seq. as amended, the

"Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 9018-1(b) of the Local Rules for the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), authorizing the Committee to file under seal the

unredacted Declaration of Michael J. Genereux (the "Genereux Declaration") in support of the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Committee's joint objection [Dkt. No. 269] (the "Joint Objection")[2] to the (i) *Debtors' Motion for Entry of Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing the Debtors To (A) Obtain Postpetition Financing on a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral, (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Dkt. No. 17] (the "DIP Motion") and (ii) *Debtors' Motion for Entry of an Order Authorizing and Approving (I) the Debtors' Assumption of the Plan Sponsor Agreement; and (II) the Payment of the Break-Up Fee and Related Transaction Expenses* [Dkt. No. 25] (the "PSA Motion" and, together with the DIP Motion, the "Debtors' Motions").  In support of this Motion, the Committee respectfully states as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## Background

4.      On the Petition Date, the Debtors each commenced a case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Joint Objection.

5.      The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial Committee [Dkt. No. 129].[3]  On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 163], appointing two additional creditors to the Committee.[4]  The Committee has selected the undersigned as its proposed co-counsel.

7.      As more fully set forth in the Joint Objection, through the Debtors' Motions, the Debtors seek approval of a comprehensive scheme to set these cases on a course designed to take value from unsecured creditors for the benefit of secured creditors on an expedited timeframe that effectively precludes the Debtors from running a competitive process to maximize value for all shareholders.  The Debtors' Motions are set for hearing on October 14, 2015 at 10:00 a.m. (prevailing Eastern Time) (the "Hearing").

8.      By the Joint Objection, the Committee provides its written response to both of the Debtors' Motions.  Through the Genereux Declaration, as will be further developed through the record to be established at the Hearing, the Committee provides further evidence demonstrating the impropriety of the relief sought through the Debtors' Motions.

---

[3] The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

[4] The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

## Relief Requested

9.      By this Motion, the Committee seeks entry of an order, pursuant to Bankruptcy

Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b), authorizing the

Committee to file the unredacted Genereux Declaration under seal, while publicly filing a

redacted version, and directing that the Genereux Declaration shall remain under seal,

confidential, and not made available to anyone, except for the (i) Court, (ii) the Office of the U.S.

Trustee, (iii) counsel to the Debtors, (iv) counsel to Oaktree, (v) counsel to Bank of America,

N.A., and (vi) others only (a) at the discretion of the Committee upon consent of the Debtors or

(b) upon further order of the Court.

## Basis for Relief

10.      Although the public has a common law "right of access to judicial proceedings

and records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code

requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by

limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit

the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018,

1007(j); see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting

Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion

Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched,

so also is the correlative principle that the right is not absolute.") (internal quotation marks

omitted).

11.      In proceedings under title 11, the limits on the public's right of access are a

matter of statute.  See 11 U.S.C. § 107(b).  Specifically, section 107(b) provides that "[o]n

request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to

a trade secret or confidential research, development, or commercial information . . . ."

-4-

11 U.S.C. § 107(b).  Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

12.     The Committee submits that good cause exists for the Court to grant the relief requested herein.  The Genereux Declaration incorporates some information gathered through the discovery process that the Debtors have designated as confidential.  Specifically, the Debtors have asserted that certain portions of the depositions taken in connection with the Debtors' Motions contain highly confidential information.  The Debtors' designation of that material as highly confidential requires that the Committee seek to keep the information confidential pending a determination by this Court.  *See* Del. Bankr. L.R. 9018-1(d).  The Committee accordingly hereby files this Motion in accordance with the Debtors' designation of certain of the material as highly confidential.

13.     Distribution of the (i) unredacted and sealed Genereux Declaration to the parties set forth in paragraph 9 and (ii) redacted version to all parties required to receive service under Local Rule 2002-1(b), will ensure that parties are provided with the information necessary for the Hearing on the Debtors' Motions.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to file the unredacted Genereux Declaration under seal and granting such other and further relief as the Court deems appropriate.

#35899707 v1

Dated: October 12, 2015
      Wilmington, Delaware

**PEPPER HAMILTON LLP**

/s/ John H. Schanne II
David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
John H. Schanne II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware  19899-1709
Telephone:    (302) 777-6500
Facsimile:    (302) 421-8390
E-mail:    strattond@pepperlaw.com
          fournierd@pepperlaw.com
          schannej@pepperlaw.com

-AND-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, New York  10036-6745
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
E-mail:    mstamer@akingump.com
          aqureshi@akingump.com
          mlahaie@akingump.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

#35899707 v1