IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
QUIKSILVER, INC., *et al.*,[1]                               :    Case No. 15-11880 (BLS)
                                                             :
                     Debtors.                              :    Jointly Administered
                                                             :
                                                             :
------------------------------------------------------------ x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE COMMITTEE TO FILE UNDER SEAL THE UNREDACTED JOINT OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING PAYMENT OF CRITICAL VENDORS AND (II) DEBTORS' APPLICATION TO RETAIN PETER J. SOLOMON COMPANY AS INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE**

        The Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. ("Quiksilver") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to section 107(b) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file under seal its unredacted joint objection (the "Joint Objection")[2] to the (i) *Debtors' Motion for Interim and*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Joint Objection.

*Final Orders Pursuant to Sections 105(a), 363(b), 1107(a), and 1108 and Bankruptcy Rules 6003 and 6004 Authorizing Payment of Critical Vendors* [Dkt. No. 15] (the "<u>Critical Vendor Motion</u>") and (ii) *Debtors' Application Pursuant to Bankruptcy Code Sections 105(a), 327(a), and 328(a), Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-2 (A) Authorizing Employment and Retention of Peter J. Solomon Company as Investment Banker for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date, (B) Waiving Certain Timekeeping Requirements Pursuant to Local Bankruptcy Rules 2016-2(h), and (C) Granting Related Relief* [Dkt. No. 117] (the "<u>PJSC Application</u>" and, together with the Critical Vendor Motion, the "<u>Debtors' Motions</u>").  In support of this Motion, the Committee respectfully states as follows:

**<u>Jurisdiction</u>**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

**<u>Background</u>**

4. On the Petition Date, the Debtors each commenced a case (collectively, the "<u>Chapter 11 Cases</u>") by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed the initial Committee

[Dkt. No. 129].³ On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 163], appointing two additional creditors to the Committee.⁴ The Committee has selected the undersigned as its proposed co-counsel.

7.  As more fully set forth in the Joint Objection, through the Debtors' Motions, the Debtors seek approval of yet another scheme designed to take value away from certain of their unsecured creditors, including the holders of more than $223 million in outstanding U.S. Unsecured Notes. The Debtors' Motions are set for hearing on October 14, 2015 at 10:00 a.m. (prevailing Eastern Time) (the "Hearing"). Through the Joint Objection, the Committee provides its written response to both of the Debtors' Motions.

**Relief Requested**

8.  By this Motion, the Committee seeks entry of an order, pursuant to Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b), authorizing the Committee to file the unredacted Joint Objection under seal, while publicly filing a redacted version, and directing that the Joint Objection shall remain under seal, confidential, and not made available to anyone, except for the (i) Court, (ii) the Office of the U.S. Trustee, (iii) counsel to the Debtors, (iv) counsel to Oaktree, (v) counsel to Bank of America, N.A., and (vi) others only (a) at the discretion of the Committee upon consent of the Debtors or (b) upon further order of the Court.

---

³ The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

⁴ The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

**Basis for Relief**

9.     Although the public has a common law "right of access to judicial proceedings and records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, 1007(j); see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

10.    In proceedings under title 11, the limits on the public's right of access are a matter of statute. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

11.    The Committee submits that good cause exists for the Court to grant the relief requested herein. The Joint Objection incorporates some information gathered through the discovery process that the Debtors have designated as confidential. Specifically, the Debtors have asserted that certain portions of the depositions taken in connection with the Debtors' Motions contain highly confidential information. The

-4-

-5-

Debtors' designation of that material as highly confidential requires that the Committee seek to keep the information confidential pending a determination by this Court. *See* Del. Bankr. L.R. 9018-1(d). The Committee accordingly hereby files this Motion in accordance with the Debtors' designation of certain of the material as highly confidential.

12. Distribution of the (i) unredacted and sealed Joint Objection to the parties set forth in paragraph 8 and (ii) redacted version to all parties required to receive service under Local Rule 2002-1(b), will ensure that parties are provided with the information necessary for the Hearing on the Debtors' Motions.

[*remainder of page intentionally left blank*]

-5-
#35906012 v1

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to file the unredacted Joint Objection under seal and granting such other and further relief as the Court deems appropriate.

Dated: October 13, 2015
      Wilmington, Delaware

**PEPPER HAMILTON LLP**

/s/ John H. Schanne II
David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
John H. Schanne II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19899-1709
Telephone:   (302) 777-6500
Facsimile:    (302) 421-8390
E-mail:         strattond@pepperlaw.com
               fournierd@pepperlaw.com
               schannej@pepperlaw.com

-AND-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, New York 10036-6745
Telephone:   (212) 872-1000
Facsimile:    (212) 872-1002
E-mail:         mstamer@akingump.com
               aqureshi@akingump.com
               mlahaie@akingump.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*