IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., *et al.*,[1] : Case No. 15-11880 (BLS)
: 
Debtors. : Jointly Administered
: 
: 
---------------------------------------------------------------- x

**DECLARATION OF MICHAEL J. GENEREUX IN SUPPORT
OF JOINT OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO (I) DEBTORS' MOTION FOR INTERIM AND
FINAL ORDERS AUTHORIZING PAYMENT OF CRITICAL VENDORS AND
(II) DEBTORS' APPLICATION TO RETAIN PETER J. SOLOMON COMPANY
AS INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE**

I, Michael J. Genereux, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1.   I am a Partner in the Restructuring and Special Situations Group at PJT Partners ("PJT"), a provider of financial advisory services listed on the New York Stock Exchange that maintains offices at 280 Park Avenue, New York, New York 10017.

2.   On September 28, 2015, Akin Gump Strauss Hauer & Feld LLP was retained, subject to Court approval, by the official committee of unsecured creditors (the "Committee") to represent them in connection with the chapter 11 cases of the Debtors.[2] Effective as of September 29, 2015 and also subject to Court approval, the Committee selected PJT as its financial advisor to assist in, among other things, analyzing the issues raised by the Proposed Financing and PSA.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not defined in this declaration shall have the meanings ascribed to such terms in the Objection or the PJSC Application, as applicable.

Over the course of the past few weeks, PJT has become familiar with the Debtors' businesses, finances and capital structure, as well as their chapter 11 cases.

**Qualifications**

3.   In 2015, I joined PJT, which is a spin-off of the financial, strategic, restructuring and reorganization advisory services of Blackstone Advisory Partners L.P. ("Blackstone"). As part of this spin-off, Blackstone combined with PJT Capital LP, a global independent financial advisory firm. Prior to joining PJT, I worked at Blackstone for 13 years, most recently as a Senior Managing Director. Prior to joining Blackstone, I was a Director at Credit Suisse First Boston in the media and telecom group, and before that, a Vice President at Merrill Lynch & Co. in the investment banking division.

4.   I have 21 years of experience in financial advisory services, including financial transactions, valuation and restructuring transactions. I have led complex bankruptcies and reorganizations across a broad spectrum of industries in a variety of capacities. I have advised companies, equity sponsors and creditors in domestic and cross-border restructurings, capital raises, financings and merger and acquisition transactions. In particular, I have provided services to debtors and other constituencies in numerous chapter 11 cases, including, among others: *In re A123 Systems Inc.; In re Allen Systems Group, Inc., et al.; In re Allied Holdings, Inc., et al.; In re Bally Total Fitness of Greater New York, Inc., et al.; In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.; In re Caesars Entertainment Operating Co., Inc., et al.; In re Calpine Corporation, et al.; In re Delta Air Lines, Inc., et al.; In re Dynegy Holdings, LLC, et al.; In re Eastman Kodak Company, et al.,; In re Edison Mission Energy, et al.; In re Evergreen Solar, Inc.; In re Fleming Companies; In re Hawkeye Renewables, LLC, et al.; In re Harry & David Holdings, Inc., et al.; In re Hawker Beechcraft, Inc., et al.; In re Hostess Brands, Inc.; In re Interstate Bakeries Corp., et al.; In re Legend Parent, Inc., et al.; In re Molycorp, Inc., et al.; In re*

*R.H. Donnelley Corp., et al.; In re Spansion, Inc., et al.; In re Station Casinos Inc., et al.; In re Smurfit-Stone Container Corporation, et al.;* and *In re Vitro America, LLC, et al.* I have provided expert witness testimony regarding valuation, financial and restructuring matters on numerous occasions.

**Background**

5.      I submit this declaration in support of the *Joint Objection of the Official Committee of Unsecured Creditors to (I) Debtors' Motion for Interim and Final Orders Authorizing Payment of Critical Vendors and (II) Debtors' Application to Retain Peter J. Solomon Company as Investment Banker Nunc Pro Tunc to the Petition Date* (the "Objection").

6.      The statements in this declaration are, except where specifically noted, based on my personal knowledge, on information that I have received from the Debtors' employees or advisors and/or employees of PJT working directly with me or under my supervision, direction or control, or from the Debtors' records maintained in the ordinary course of their business. I am not being compensated specifically for this testimony other than through payments to be received by PJT as a professional retained by the Committee. If I were called upon to testify, I could and would testify competently to the subject set forth herein. I am authorized to submit this declaration on behalf of the Committee.

7.      The Objection contains a full and complete recitation of the relevant background facts. The PJSC Application seeks authority to employ and retain PJSC as the Debtors' investment banker, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the PJSC Engagement Letter (the "PJSC Engagement Letter"). By the PJSC Application, the Debtors propose to pay PJSC certain fees including, but not limited to:

- a monthly fee of $150,000 (the "Monthly Fee");
- $7,500,000 restructuring fee (the "Restructuring Transaction Fee") in the event a Restructuring (as defined in the PJSC Engagement Letter) is consummated or an

> agreement in principle, definitive agreement or plan to effect a Restructuring is entered into; and
>
> - a fee in the lesser amount of (a) $7,500,000 or (b) 1.50% (the "Sale Transaction Fee") of the total consideration received by the Debtors in connection with a Sale (as defined in the PJSC Engagement Letter), in the event any Sale is consummated or an agreement in principle or definitive agreement to effect a Sale is entered into.

*See* PJSC Engagement Letter ¶ 2(a)-(c). If PJSC earns both a Restructuring Transaction Fee and Sale Transaction Fee pursuant to the terms of the PJSC Engagement Letter, PJSC will only receive the higher of the two fees. *See id.* ¶ 2(c).

8. In addition to any Restructuring Transaction Fee or Sale Transaction Fee that may become payable under the PJSC Engagement Letter, PJSC may earn an additional fee (together with the Monthly Fee, the Restructuring Transaction Fee and the Sale Transaction Fee, the "Fee Structure") in connection with the Debtors' consummation of any financing, or if the Debtors receive and accept written commitments for one or more financings, as set forth below:

> (a) 1.00% of the gross proceeds of any indebtedness issued in connection with a financing that is secured by a first lien, including, without limitation, any DIP financing;
>
> (b) 3.00% of the gross proceeds of any indebtedness issued in connection with a financing that is (x) secured by a second or more junior lien, (y) unsecured and/or (z) subordinated or unitranche debt; and
>
> (c) 5.00% of the gross proceeds of any equity or equity-linked securities or obligations issued in connection with a financing.

*Id.* ¶ 2(d).

9. PJT evaluated the proposed Fee Structure under which the Debtors seek to compensate PJSC in exchange for services rendered as the Debtors' investment banker during these Chapter 11 Cases.

**The Proposed Fee Structure Set Forth in the PJSC Engagement Letter is At the High End of the Range and Must be Modified**

10. Based upon my review of the PJSC Application and other relevant documents, I believe that the terms of the proposed Fee Structure are at the high end of the range for

compensation schemes utilized by investment banking firms for comparable engagements. As demonstrated in the chart below, I have reviewed the fee structures approved in similar chapter 11 bankruptcy cases filed since 2014, with debtor financial obligations ranging from $600,000 to $1,200,000. Specifically, for comparability, I calculated the total compensation provided to financial advisors and investment bankers with respect to monthly fees and success fees assuming a 6 month period, and compared that figure to the debtor's total liabilities as of the petition date in each case. Based on my analysis of these cases, the median compensation, assuming a 6-month case, constituted 0.61% of the total financial obligations of the debtor. Accordingly, I do not believe that the proposed Fee Structure—which represents .94% of the total liabilities of the Debtors—is market for a case such as this. Below please find the above-referenced chart displaying cases from 2014 to present and their respective fee structures:

($ in thousands)

| Company | Filing Date | Case Number | Advisor | Financial Obligations | Fees Monthly | Fees Back-end | % of Financial Obligations[1] | Crediting of Monthly Fees |
|---|---|---|---|---|---|---|---|---|
| Relativity Media | July-15 | 15-11989 (S.D.N.Y.) | Blackstone | $692,439 | $200 | $5,000 | 0.90% | None |
| Chassix Holdings Inc. | March-15 | 15-10578 (S.D.N.Y.) | Lazard | 680,000 | 150 | 3,250[2] | 0.60% | 50% of Monthlies above $750k |
| Allied Nevada | March-15 | 15-10503 (Del.) | Moelis | 637,882 | 150 | 3,000 | 0.61% | 50% of Monthlies above $900k |
| Nautilus | June-14 | 14-22885 (S.D.N.Y.) | Blackstone | 769,469 | 175 | 4,500 | 0.71% | 50% of 6-8th, 100% thereafter |
| Dendreon Corp. | November-14 | 14-12515 (Del.) | Lazard | 620,000 | 150 | 5,500 | 0.96% | 50% of all Monthlies |
| Endeavour | October-14 | 14-12308 (Del.) | Blackstone | 1,200,000 | 175 | 5,000 | 0.50% | None |
| GTAT | October-14 | 14-11916 (N.H.) | Rothschild | 873,000 | 175 - 200[3] | 5,000 | 0.70% | 50% of Monthlies above $1 million |
| Legend Parent Inc. | March-14 | 14-10701 (S.D.N.Y.) | Lazard | 749,600 | 150 | 3,500 | 0.58% | 50% of Monthlies above $750k |
| QCE Finance LLC | March-14 | 14-10543 (Del.) | Lazard | 625,800 | 100 | 3,000 | 0.53% | 50% of all Monthlies |
| USEC Inc. | March-14 | 14-10475 (Del.) | Lazard | 974,300 | 200 | 7,000 | 0.83% | 50% of Monthlies after 5 months |
| Optim Energy LLC | February-14 | 14-10262 (Del.) | Barclays | 753,000 | 125 | 3,000 | 0.40% | Up to 9 Monthlies creditable |
| Max | | | | $1,200,000 | $200 | $7,000 | 0.96% | |
| Median | | | | 749,600 | 150 | 4,750 | 0.61% | |
| Mean | | | | 779,590 | 158 | 4,450 | 0.66% | |
| Min | | | | 620,000 | 100 | 3,000 | 0.40% | |
| Quiksilver - PJS Proposed | | | PJ Solomon | $850,000 | $150 | $7,500 | 0.94% | 50% of all monthlies |
| Quiksilver - Median Applied | | | PJ Solomon | 850,000 | 150 | 4,747 | 0.61% | 50% of all monthlies |
| Quiksilver - Mean Applied | | | PJ Solomon | 850,000 | 150 | 5,198 | 0.66% | 50% of all monthlies |

(1) Calculated assuming 6 month cases for consistency purposes.
(2) Excludes discretionary fee.
(3) 175,000 for first two months, 200,000 thereafter.

11.    In light of the foregoing, it is my opinion that an appropriate Restructuring Transaction Fee and Sale Transaction Fee under the current circumstances is $5 million.

**Reservation of Rights**

12.     I reserve the right to rely upon any additional information that becomes available to me after the date of this declaration and to amend or modify this declaration to reflect or incorporate such new information or if further research or analysis warrants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         October 13, 2015

*/s/ Michael J. Genereux*
Michael J. Genereux