# Exhibit 1

## The Motion

KE 29199943

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
                Debtors[1]. : (Jointly Administered)
:
  x  Hrg. Date: October 14, 2015 at 1:00 p.m. EST
      Obj. Due: October 14, 2015 at 1:00 p.m. EST
------------------------------------- 

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY *NUNC PRO
TUNC* TO THE PETITION DATE FOR THE SOLE PURPOSE OF PERMITTING
BOARDRIDERS S.A., TO DECELERATE ITS OBLIGATIONS UNDER THE NOTES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), (a) annulling the automatic stay under section 362(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") effective *nunc pro tunc* to the Petition Date (as defined herein below), for the limited purpose of permitting Boardriders S.A. ("Boardriders") and Deutsche Trustee Company Limited, as Trustee (the "Indenture Trustee") to decelerate its obligations under the Notes (as defined herein below). The Debtors, Boardriders, and the Indenture Trustee have agreed to the relief requested herein. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

KE 29199943

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 362(a) of the Bankruptcy Code, Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Relief Requested

4. By this Motion, the Debtors seek entry of an Order annulling the automatic stay under section 362(a) of the Bankruptcy Code effective *nunc pro tunc* to the Petition Date, for the limited purpose of permitting Boardriders and Deutsche Bank, as Indenture Trustee and Common Depository (as defined herein below), to decelerate the obligations under the Notes and for such other and further relief as is just and proper.

### Background

5. On September 9, 2015, the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These cases are being jointly administered.

KE 29199943

6.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.  On September 22, 2015, the United States Trustee appointed a Creditors' Committee [D.I. 129]. On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee [D.I. 163].

8.  Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the Quiksilver brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, Quiksilver, Roxy, and DC, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, Quiksilver, Inc. ("ZQK"), as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

9.  Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 20].

KE 29199943

## The Notes

10.     Boardriders issued €200 million aggregate principal amount of 8.875% senior notes with a maturity date of December 15, 2017 (the "Notes") pursuant to an indenture dated December 10, 2010 (the "Indenture" and, together with all related agreements and documents executed in connection with the Indenture, the "Notes Documents"). The proceeds from the Notes offering were used to refinance approximately €190 million of existing European term debt and to pay related fees and expenses. The obligations of Boardriders S.A. under the Euro Notes are guaranteed by the Debtors and certain non-Debtor affiliates (together, the "Guarantors" and such guaranty obligations, the "Notes Guaranty Claims"). For a detailed description of Boardriders and their relationship to the Debtors *see* the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* and the Organizational Chart attached to the Declaration as Exhibit A [D.I. 20].

11.     Boardriders issued the Notes pursuant to the Indenture among Boardriders, as Issuer, ZQK, as Guarantor, the Subsidiary Guarantors (as defined below), the Indenture Trustee, Deutsche Bank Luxembourg S.A., as Registrar and Transfer Agent, and Deutsche Bank AG, London Branch, as Principal Paying Agent and as the "Common Depositary." A true and correct copy of the Indenture is annexed hereto as Exhibit B.

12.     As of the Petition Date, the Notes had an outstanding principal balance of approximately $221 million.

13.     Pursuant to the terms of the Indenture, the "Subsidiary Guarantors" include (i) Debtors QS Wholesale, Inc., DC Shoes, Inc., Hawk Designs, Inc., and QS Retail, Inc., and (ii) non-Debtor affiliates Mountain and Wave SARL (Luxembourg), Biarritz Holdings SARL

KE 29199943

(Luxembourg), 54th Street Holdings SARL (Luxembourg), Quiksilver Deluxe SARL (Luxembourg), Na Pali SAS (France), QS Retail (NZ) Limited (New Zealand), Ug Mfg. Co. (NZ) Ltd. (New Zealand), QSJ Holdings Pty. Ltd. (Australia), Quiksilver Aus. Pty. Ltd. (Australia), Quiksilver Intl Pty. Ltd. (Australia), QS Retail Pty. Ltd. (Australia), and DC Shoes Australia Pty. Ltd. (Australia).

14. In general, the Guarantors (*i.e.*, ZQK and the Subsidiary Guarantors), jointly and severally, guaranteed all payments due under the Notes and all obligations of Boardriders, as issuer, under the Indenture.

15. Because many of the Debtors are Subsidiary Guarantors (and ZQK itself is a Guarantor), these Chapter 11 Cases give rise to an acceleration of the Notes under the terms of the Indenture. Acceleration is automatic under the terms of the Indenture. One of the key assets of the Debtors is the residual equity value of its foreign subsidiaries, which would be placed in substantial jeopardy and impairment upon a default of the Notes. Accordingly, prior to the Petition Date, the Company entered into certain waiver documentation with holders of over 50% of the aggregate outstanding principal amount of the Notes, which demonstrates the support of these holders for deceleration of the obligations owed under the Notes. In addition to the rescission of the acceleration of the Notes, the beneficial owners of the Notes waived the related events of default and compliance with the change of control covenant as a result of the Chapter 11 Cases and the debt incurrence and lien covenants in respect of the debtor-in-possession credit facilities. Under the Indenture, the Common Depositary is the only registered holder of the Notes, holding a global note in which the beneficial owners of the Notes own an interest, including those beneficial owners that delivered the waivers in connection with the Chapter 11 Cases. Accordingly, for purposes of having the waivers become effective, the beneficial owners,

KE 29199943

owning more than 50% of the aggregate principal amount of the Notes, are requesting the Common Depositary to deliver documentation evidencing the waivers to the Indenture Trustee.

### Basis for Relief Requested

I. **Boardriders is Entitled to Limited Relief from the Automatic Stay**

16. Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay may be lifted for cause by motion after notice and a hearing. See 11 U.S.C. § 362(d)(1). "Cause" can be a flexible standard, taking into account the particular facts and circumstances of the particular issue before the Court. See Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997) (noting that section 362(d)(1) "does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case.").

17. Cause exists here to grant Boardriders the limited relief from the automatic stay requested by this Motion *nunc pro tunc* to the Petition Date. The automatic stay will be annulled solely for the purpose of permitting Boardriders to decelerate its obligations under the Notes and for no other purpose. *Nunc pro tunc* relief is required to ensure that there is no violation of the automatic stay for any deceleration which has occurred since the Petition Date.

18. The Debtors and their stakeholders will suffer no prejudice if the stay is lifted for this limited purpose; in fact, given that residual value of the equity interests in the Subsidiary Guarantors inures to the benefit of ZQK, the Debtors and their stakeholders will benefit from the deceleration. The Debtors have worked cooperatively with their creditors and parties in interest, including Boardriders, to build the consensus necessary to successfully reorganize in a way that maximizes the value of the Debtors' estates towards a resolution of these Chapter 11 Cases. Toward that end, the Debtors have agreed with Boardriders to allow Boardriders to decelerate the obligations owed under the Notes.

KE 29199943

19. Although deceleration would not cause any harm to the Debtors or their stakeholders, recent caselaw in this district has suggested that deceleration by an indenture trustee requires relief from the automatic stay similar to the relief sought herein. <u>Delaware Trust Co. v. Energy Future Intermediate Holding Co. LLC (In re Energy Future Holdings Corp.)</u>, Adv. P. No. 14-50363 (CSS) (Bankr. D. Del. Mar. 26, 2015) (holding that the automatic stay bars an indenture trustee from deceleration through service of a notice of rescission upon the debtors). The Indenture Trustee is prepared to decelerate the obligations under the Notes consistent with the waivers; however, given such recent caselaw, the Indenture Trustee is concerned about the impact of the automatic stay upon the proposed deceleration. In contrast with the facts presented in the <u>Energy Future Holdings</u> case, here deceleration would greatly benefit the Debtors and their stakeholders. <u>Cf.</u> <u>Delaware Trust Co.</u>, Adv. P. No. 14-50363 (CSS) (Bankr. D. Del. July 8, 2015) ("It is clear that, should the automatic stay be lifted, the Notes decelerated, and the Trustee's requested make-whole claim be paid, that such payment would substantially reduce the value of other EFIH stakeholder recoveries"). Accordingly, cause exists to annul the automatic stay to permit deceleration of the Notes.

20. Denial of the relief would cause immediate and irreparable injury to the Debtors by jeopardizing the residual value of their equity interests in the Subsidiary Guarantors and impairing their ability, as debtors in possession, to operate their business, administer these Chapter 11 Cases, and confirm a plan of reorganization that maximizes the value of the Debtors' estates for the benefit of creditors.

## Notice

21. Notice of this Motion shall be given to (a) the United States Trustee; (b) counsel to both agents for the Debtors' separate postpetition secured loan facilities; (c) counsel to the

agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; and (f) the Unsecured Creditors Committee. The Debtors submit that no other or further notice need be provided.

## No Prior Request

22. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: October 5, 2015
Wilmington, Delaware

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Jeffrey N. Pomerantz (*admitted pro hac vice*)
John A. Morris (*admitted pro hac vice*)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400
Email:       ljones@pszjlaw.com
             joneill@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

KE 29199943