## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STATEMENT OF FINANCIAL AFFAIRS FOR DC SHOES, INC. (CASE NO. 15-11883)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :

In re:                     :     Chapter 11
          :

QUIKSILVER, INC., *et al.*,     :     Case No. 15-11880 (BLS)
          :

         Debtors.[1]    :     Jointly Administered
          :
          :
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Quiksilver, Inc., QS Wholesale, Inc., DC Direct, Inc., DC Shoes, Inc., Fidra, Inc., Hawk Designs, Inc., Mt. Waimea, Inc., Q.S. Optics, Inc., QS Retail, Inc., Quiksilver Entertainment, Inc., and Quiksilver Wetsuits, Inc., the debtors and debtors-in-possession in the above-captioned cases (together, the "Debtors," and the Debtors together with their non-debtor subsidiaries and affiliates, the "Company"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.[2]

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or SOFAs. The fact that the Debtors have prepared a "General Note" with respect to any of the Schedules and Statements and

*(cont'd)*

The Schedules and Statements do not purport to represent financial statements prepared in accordance with generally accepted accounting principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause material changes to the Schedules and Statements.  Although reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals.  Andrew Bruenjes has signed the Schedules and Statements.  Mr. Bruenjes is the Americas Chief Financial Officer of Quiksilver, Inc., and an authorized signatory for the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Bruenjes necessarily has relied upon the efforts, statements and representations of the Debtors' advisors and various personnel employed by the Debtors.  Mr. Bruenjes has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

**The Schedules, SOFAs and Global Notes should not be relied upon by any person for information relating to current or future financial conditions, events or performance of any of the Debtors.  Due to numerous unliquidated, contingent, and/or disputed claims, summary statistics in the Schedules, SOFAs, and Global Notes are likely not an accurate representation of the Debtors' liabilities.**

### Global Notes and Overview of Methodology

1.    **Reservation of Rights**.

The Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to a claim

_____
*(cont'd from previous page)*
    not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General
    Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

(including, but not limited to, amending the description or designation of any claim; disputing or otherwise asserting offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; subsequently designating any claim as "disputed," "contingent" or "unliquidated;" or objecting to the extent, validity, enforceability, priority or avoidability of any claim).  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Further, nothing contained in the Schedules and Statements shall constitute a waiver of rights or an admission with respect to the Chapter 11 Cases (as defined below), including, without limitation, with respect to matters involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this or the preceding paragraph.

2.    **Description of Cases and "as of" Information Date**.  On September 9, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 10, 2015, the Bankruptcy Court entered an order (Docket No. 63) providing for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b).

On September 22, 2015, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to Bankruptcy Code section 1102(a)(1). (Docket No. 129) and on September 28, 2015, filed an amended notice of the same (Docket No. 163).

The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of Petition Date, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the Petition Date.  As more fully described in Section 15 below, the Debtors were required to make certain estimates and assumptions that affect the reported amounts within the Schedules and Statements.

3.    **Basis of Presentation**.  The totals listed in the Schedules and Statements may not be comparable to the Company's consolidated financial reports prepared for public reporting purposes or otherwise as these reports include Quiksilver, Inc. and each of its subsidiaries, some of which are not Debtors in these proceedings.  Although these Schedules and Statements may, at times, incorporate information prepared in accordance with GAAP, the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Debtors reserve all rights to amend these Schedules and Statements.

4. **Confidentiality**.  In certain limited instances in the Schedules and Statements, the Debtors have deemed it necessary and appropriate to omit or redact information such as names, addresses, or amounts.  The Debtors have generally used this approach because of a non-disclosure, confidentiality or similar agreement between the Debtors and a third party, confidentiality or similar provisions in agreements between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual.

5. **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize and designate certain claims, assets, contracts, leases and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add or delete items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed in the Schedules and Statements were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

6. **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under Bankruptcy Code section 503(b)(9).  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of all claims asserted under Bankruptcy Code section 503(b)(9).

7. **Excluded Assets and Liabilities**.  In preparation of the Schedules and Statements, the Debtors may have excluded certain assets and liabilities.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  These balances primarily represent general estimates of assets or liabilities and do not reflect specific assets or claims as of the Petition Date.

8. **Insiders**.  Solely for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of the Debtors (whether directly or indirectly); (d) relatives of (a) – (c) (to the extent known by the Debtors); and (e) non-Debtor affiliates.  Consistent with Section 9 below, with respect to category (e) of the foregoing, the Debtors have not listed any ordinary course intercompany payments between a Debtor and a non-Debtor affiliate.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws and section 101(31) of the Bankruptcy Code, or with respect to any theories of

liability or for any other purpose.  As such, the Debtors reserve all rights with respect to the foregoing issues.

9.      **Ordinary Course Intercompany Transactions**.  In the ordinary course of business, the Debtors engage in various transactions relating to the business relationship between and among themselves and their non-Debtor affiliates.  These ordinary course intercompany transactions are not reflected in the Schedules and Statements.

10.      **Contracts and Leases**.  Nothing contained in or omitted from the Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any contract or lease, including whether any lease is a true lease or a financing arrangement, whether such contract or lease is an executory contract or unexpired lease, or whether such contract or lease is binding, valid, and enforceable.  The Debtors reserve all rights with respect to all such issues.  In addition, the Debtors reserve all rights, claims, and causes of action with respect to the contracts and agreements listed in the Schedules and Statements, including the rights to dispute or challenge the characterization or the structure of any transaction or document or instrument.

11.      **Classifications**.  Listing a claim on Schedule D as "secured", on Schedule E as "priority" or Schedule F as "unsecured"; or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts.

12.      **Claims Description**.  Schedules E and F permit the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated."  Any failure to designate a claim on a given Schedule as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their Schedules on any grounds, including, but not limited to amount, liability, validity, priority or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Moreover, listing a claim does not constitute an admission of liability by the Debtors.

13.      **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have identified and/or listed as assets in the Schedules and Statements all of their causes of action or potential causes of action against third-parties (and in particular have not identified or listed causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers).  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim or recoupment; any claim on a contract or for breach of duty imposed by law or in equity; and any demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license or franchise, in each case of any kind or character whatsoever, known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or

pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

**14.    Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

(a)    Currency.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(b)    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

(c)    Net Book Value of Assets.  The Debtors do not have current market valuations for all assets.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  Wherever possible, unless otherwise indicated, net book values as of the Petition Date are presented.  When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined."  Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed."

Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth in the Schedules and Statements.  As applicable, assets that have been fully depreciated or fully amortized, or were expensed for GAAP accounting purposes, and therefore, have no net book value, are not included in the Schedules and Statements.

(d)    Totals.  To the extent there are unknown or undetermined amounts included in the Schedules and Statements, the actual totals may be different than the listed totals.

(e)    Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition claims pursuant to various orders entered by the Bankruptcy Court (collectively, the "First Day Orders").  Except as otherwise indicated, such prepetition claims are generally reflected on the Schedules and Statements without regard to whether or not they have been paid as of the date of filing of these Schedules and Statements or are authorized to be paid under the First Day Orders.  To the extent the Debtors have paid or pay in the future claims listed in the Schedules and Statements pursuant to orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or to take action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.  Notwithstanding the foregoing, the Schedules and Statements may inadvertently reflect some of the Debtors' payments of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included in the Schedules and Statements.

(f)     Credits and Adjustments.  The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert objections and/or setoffs with respect to the same.

(g)     Liens.  Property and/or equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15.     **Estimates**.  To prepare and file the Schedules and Statements in accordance with the deadlines established in the Chapter 11 Cases, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

16.     **Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures With Respect to the Debtors' Schedules of Assets and Liabilities

**Schedule B.**  Unless otherwise noted, the amounts shown are based on closing account balances estimated as of the Petition Date, per the Debtors' books and records.

**Schedule B3:**  The Bankruptcy Court, pursuant to the *Debtors' Motion for Interim and Final Orders (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies and (III) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Utility Service* [Docket No. 2, approved on an interim basis at Docket No. 71 and on a final basis at Docket No. 244] has authorized the Debtors to provide adequate assurance of payment for future utility services, including by means of a deposit within the Utility Deposit Account, which was established and funded by the Debtors after the Petition Date.  The Debtors' deposit in the Utility Deposit Account, in addition to any adequate assurance deposits made directly with utility providers following the Petition Date, have not been listed on Schedule B3, which is meant to reflect amounts as of the Petition Date.

**Schedule B4:**  The items potentially includable in Schedule B4 are contained in Schedules B28 and B29.

**Schedule B16:**  Trade accounts receivable are presented net of any related reserves.  The Debtors have not included the balance of any intercompany receivables in response to Schedule B16.

**Schedule B21:**  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to causes of action, counterclaims, setoffs, refunds with their

customers and suppliers or potential claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, causes of action as a plaintiff or counterclaims as a defendant. To the extent such rights are known and quantifiable, they are listed on Schedule B21; however, any such rights which are unknown to the Debtors or not quantifiable as of the Petition Date are not listed on Schedule B21 or have been listed as unknown in value.

**Schedule B22:** The Debtors have not assigned value to, or identified the expiration date for, the trademarks, patents, copyrights and other intellectual property identified on Schedule B22, as the fair market value of such items is dependent on numerous variables and factors and may differ significantly from their net book value. As of the submission of these Schedules and Statements, the Debtors had not been able to determine the applicable expiration date for items listed and the diligence in connection therewith remains ongoing.

**Schedule B24:** The Debtors possess customer lists at the entity level; however, due to their confidential nature, the Debtors have not furnished customer lists for the purposes of Schedule B24.

**Schedules B25, B28 and B29:** For purposes of Schedules B25, B28 and B29, amounts have been presented net of any accumulated depreciation on the related assets. To the extent certain assets had been fully depreciated or amortized as of the Petition Date, resulting in a net book value of zero, such assets may not be set forth on Schedules B25, B28 or B29.

**Schedule B30:** Inventories are presented net of related reserves.

**Schedule B35:** The Debtors have prepaid various obligations, including, without limitation, certain leases and insurance premiums. Such amounts, which are reflected as assets on the Debtors' books and records, have been listed at their respective net book values in response to Schedule B. To the extent certain assets had been fully amortized as of the Petition Date, resulting in a net book value of zero, such assets may not be set forth on Schedule B35.

**Schedule D.** The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, such dates are not included for any claims. To the best of the Debtors' knowledge, all claims listed on Schedule D appear to have arisen or to have been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary of potential liability, not an admission of liability.

Reference to the applicable loan agreements, security agreements and/or base indentures and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens.  Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits may not have been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreement should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant, deemed a modification or interpretation of the terms of such agreements, or considered a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory liens.

Pursuant to the terms of the Debtors' Second Amended and Restated and Senior Secured Super-Priority Debtor-in-Possession Credit Agreement with Bank of America, N.A., which provides for a $60 million debtor-in-possession ABL financing facility, in addition to the terms of the Debtors' Senior Secured Super-Priority Debtor-in-Possession Credit Agreement with Oaktree FIE, LLC, which provides for a $115 million debtor-in-possession term loan, the Debtors have paid-off the outstanding, prepetition balances due to Wells Fargo Bank, National Association and General Electric Capital Corporation (the "Prepetition ABL Facility").  For purposes of the Debtors' Schedules, the Prepetition ABL Facility is reflected as of the Petition Date; however, such debt was subsequently fully repaid.

Letters-of-credit falling into two categories, were outstanding under Prepetition ABL Facility as of the Petition Date and have been included in Schedule D as claims under the Prepetition ABL Facility.  Commercial letters-of-credit (the "Commercial L/Cs") were outstanding to various trade vendors as security against the vendors' prepetition claims.  The Commercial L/Cs are expected to be drawn upon by the trade vendors during the postpetition period to satisfy the vendors' prepetition claims.  Separately, standby letters-of-credit (the "Standby L/Cs") were outstanding to various beneficiary creditors as credit support against prepetition claims.  While it is undetermined as to whether the beneficiary creditors will draw on part or all of the outstanding Standby L/Cs during the postpetition period, out of an abundance of caution, the Debtors have included the Standby L/Cs as contingent claims on Schedule D.

**Schedule E.**  Certain claims listed on Schedule E are claims owing to various taxing authorities to which the Debtors may be potentially liable.  These claims may be the subject of ongoing audits and the Debtors are unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E.  Therefore, the Debtors listed all such claim amounts as "Unknown" in amount, pending final resolution of ongoing audits or other outstanding issues.

The claims listed on Schedule E arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, dates are not included for all claims.  To the best of the Debtors' knowledge, all claims listed on Schedule E appear to have arisen or to have been incurred before the Petition Date.

The Debtors have not listed on Schedule E any priority employee wage and/or benefit claims for which the Debtors have been granted authority (but not direction), on an interim basis, to pay pursuant to the First Day Orders, from the Bankruptcy Court.  The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course of business during these Chapter 11 Cases pursuant to the authority granted in relevant order(s).

The Debtors reserve the right to assert that any claim listed on Schedule E does not constitute a priority claim under section 507 on the Bankruptcy Code and thus constitutes an unsecured non-priority claim.  The Debtors reserve the right to assert any such claims are contingent, unliquidated, and/or disputed, as applicable.

**Schedule F.**  The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of the date that each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive; therefore, the Debtors do not list a date for all claims listed on Schedule F.

Schedule F does not include certain balances including deferred liabilities, accruals or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date.  The Debtors have made reasonable efforts to include as contingent, unliquidated and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs with respect to same.

Schedule F contains information regarding pending litigation involving the Debtors.  In certain instances, the amount that is the subject of the litigation is uncertain or undetermined.  The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.  Schedule F may also include potential or threatened legal disputes that are not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.  Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and administrative proceedings included therein.

In addition, although the Debtors have made reasonable efforts to attribute the Schedule F debt to the rightful Debtor entity, in certain instances, the Schedule F debt in fact, may properly be against another Debtor entity.  Accordingly, the Debtors reserve all of their rights with respect to the attribution of the liabilities and reserve the right to amend the Schedules and Statements.

To the extent they are known, Schedule F represents the prepetition amounts owing to counterparties to contracts and leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease.

**Schedule G.**  The Debtors' business is large and complex. Although the Debtors' existing records and information have been relied upon to identify and schedule contracts and leases and reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors reserve all rights to dispute the validity, status or enforceability if any contracts, agreements, or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements and leases listed therein may have expired or been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements which may not be listed therein.

Certain confidentiality or non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease or multiple, severable or separate contracts or leases.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, non-disturbance and attornment agreements, side agreements, guarantees, supplemental agreements and amendments/letter agreements. Such documents may not be set forth on Schedule G. Furthermore, in the ordinary course of business, certain of the Debtors enter into standardized form agreements and related documents with wholesale customers in order to facilitate the product ordering process. Due to the large number of customers party to these agreements, in addition to the time period over which such agreements have been entered into, it would be unduly burdensome to list all such agreements on Schedule G. As such, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such contracts or leases becomes available.

Certain of the contract and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain contracts may not have been memorialized in writing and could be subject to dispute. Agreements that are oral in nature have not been included in Schedule G.

**Schedule H.**   For purposes of Schedule H, the Debtors that are either the principal issuers, borrowers, obligors or guarantors under the prepetition revolving credit facility, 7.875% Senior Secured Notes Due 2018,  10.000% Senior Notes Due 2020, and the 8.875% Senior Notes Due 2017 are listed as Co-Debtors on Schedule H.  The Debtors may not have identified certain guarantees associated with the Debtors' contracts, leases, secured financings, debt instruments and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because all such claims are contingent, disputed and/or unliquidated, such claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule F and SOFA 4a, as applicable.

### Specific Disclosures With Respect to the Debtors' Statements of Financial Affairs

**SOFA 1.**   The revenue amounts shown in response to this question are inclusive of sales to customers, sales representative and employees, in addition to royalty and freight-related revenues.  The revenue amounts shown are presented net of associated returns, discounts and credits, which are incurred or issued during normal the course of business.

**SOFA 2.**   The revenue amounts shown in response to this question reflect gains associated with the disposal of fixed assets, in addition to interest income.

**SOFA 3b.**   The response to SOFA 3b includes any disbursement or other transfer made by the Debtors except for those made (a) to debt consultation or restructuring professionals (which payments appear in SOFA 9); (b) donations or charitable contributions made by the Debtors (which payments appear in SOFA 7); or (c) certain fringe benefit payments made by the Debtors on behalf of insiders (which payments appear in SOFA 3c).

Although the vast majority of disbursements made through the Debtors' cash management system are initiated and made through the accounts payable sub-ledger, in the ordinary course, specific payments are automatically debited from the Debtors' bank accounts.  The Debtors have made reasonable efforts to identify and report all such payments in response to SOFA 3b.

For purposes of scheduling payroll disbursements, including salaries, wages, bonuses, severance and any other applicable payroll-related amounts paid to employees, such payments were listed with a creditor name of "*Employees – Gross Payroll,*" and have not been listed on an employee-by-employee basis.  Such amounts reflect a combination of funds transferred to ADP, LLC, the Debtors' payroll processor, for applicable employee tax and other withholdings that would have subsequently been remitted to the appropriate authorities, in addition to funds transferred directly into the Debtors' payroll accounts, upon which live/manual employee paychecks and direct deposits are drawn.  Benefit-related deductions, which are paid directly to the related benefits providers, are also included within the gross amounts.  Furthermore, the

gross payroll-related disbursements include amounts that were paid to insiders. To that extent, their payments have also been listed in response to SOFA 3c. By contrast, certain employee expense reimbursements and *de minimis* payments are scheduled as payments to the applicable employees.

Pursuant to the Debtors' cash management system, payments made to various parties may be made, from time to time, from a single Debtor on behalf of one or more Debtor entities. To the extent such payments were recorded as multiple disbursements for the appropriate allocated amounts amongst each of the related Debtors, a single payment may appear multiple times, with each instance representing the amount paid on behalf of each Debtor. Otherwise, the aggregate payment will appear as a single entry on the paying Debtor's SOFA 3b.

Out of an abundance of caution, the Debtors have listed all known payments during the 90 day period immediately preceding the Petition Date. However, payments made to certain parties included in response to SOFA 3b may not have, in the aggregate, exceeded the $6,225 threshold set forth in the required reporting criteria for this question.

Due to confidentiality concerns and sensitivity to employee's rights of privacy, employees' names have been redacted and addresses for employees receiving disbursements listed in SOFA 3b have been listed as the address of the Debtors' corporate headquarters.

**SOFA 3c.** The payroll-related amounts shown in response to this question for any form of salary, wages, bonus or additional compensation, and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings. Bonus or additional compensation amounts may include certain "fringe benefits" paid either directly to the applicable insider, or to a third party creditor on their behalf, in the ordinary course of business. Amounts shown in response to this question also include any travel and business-related expense reimbursements that were reimbursed either directly to the applicable insider, or directly to a third party creditor on behalf of the insider.

In the ordinary course of business, certain corporate or personal credit cards utilized by an insider may be used to pay for travel and business-related expenses for various other individuals employed by the Debtors. As it would be unduly burdensome for the Debtors to analyze which credit card expenses related to those incurred on behalf of an insider as opposed to another employee, the Debtors have listed the aggregate amount paid for such expenses.

Due to confidentiality concerns and sensitivity to employee's rights of privacy, insiders' names have been redacted and addresses for insiders receiving disbursements listed in SOFA 3b have been listed as the address of the Debtors' corporate headquarters.

**SOFA 4a.** The actions described in response to SOFA 4a are the proceedings of which the Debtors are aware. Except as otherwise indicated, the actions described in SOFA 4a include cases in which the Debtors are named as a party that are currently pending or were pending within one year of the Petition Date. Environmental-related proceedings and notifications are excluded in SOFA 4a but are included in SOFA 17a, 17b, and 17c, to the extent they are applicable.

**SOFA 5.**  The Debtors occasionally return damaged, unsatisfactory or out of specification goods to vendors in the ordinary course of business.  These returns have not been listed in response to SOFA 5.

**SOFA 7.**  In the ordinary course, the Debtors may issue gift cards or other monetary rewards to employees.  Any such amounts are considered *de minimis* payments, and therefore, are not specifically tracked within the Debtors' books and records.  The donations and/or charitable contributions listed in response to SOFA 7 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors' books and records.

**SOFA 8.**  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses, as the extent of such losses did not have a material impact on the Debtors' businesses or were not reported for insurance purposes.  The losses presented in response to SOFA 8 related to a theft in which the Debtors filed an insurance claim seeking to receive reimbursement from the losses.  Any other losses or thefts for which the Debtors did not file an insurance claim were excluded.  Furthermore, the Debtors have excluded any payments made on account of workers compensation claims, which are both incurred and settled in the ordinary course of the Debtors' businesses.

**SOFA 9.**  Although the services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were provided for the benefit of and on behalf of all the Debtors, payments for such services were made by a single Debtor for the benefit of all the Debtors, and are, therefore, listed on that Debtor's response to SOFA 9. Payments shown under SOFA 9 include all payments received by the entities who provided consultation concerning debt counseling or restructuring services, and as such, may not limited solely to the specific scope of services requested within SOFA 9.

**SOFA 11.**  In the ordinary course, the Debtors may establish, maintain, or be a party to certain financial instruments, such as, but not limited to, hedging agreements and letters of credit.  The Debtors have only considered actual bank accounts that were closed, sold or otherwise transferred within one year prior to the Petition Date in response to SOFA 11.

**SOFA 12.**  The Debtors' retail operations are large and complex, necessitating a sophisticated cash management system.  In the ordinary course, cash or check receipts accumulated at retail locations are collected by a third party and deposited at a number of strategically located vaults.  Those receipts are subsequently processed by the Debtors' banking institution.  Any information pertaining to the vaults is confidential and subject to change, as they are maintained and managed by a third party that performs such services on behalf of the Debtors.  Furthermore, the Debtors maintain a number of Lockbox Accounts and Receipt Accounts within their Cash Management System, as described within the Cash Management Motion [Docket No. 16], into which payments are collected.  The Debtors have not considered either of the Lockbox Accounts or Receipt Accounts as a "safe deposit" in response to SOFA 12.

**SOFA 13.**  Certain setoffs in the ordinary course of business may have been excluded from the response to this question.

**SOFA 14.**  The response to SOFA 14 does not include equipment leased by the Debtors that is located on the Debtors' premises.  These leases are included in Schedule G.

The Debtors routinely withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable governmental authority.  Since the Debtors do not retain control of these funds, nor are these funds considered property of the estates, such amounts have not been itemized in response to SOFA 14.

**SOFA 19a – 19d.**  Each of DC Direct, Inc., Fidra, Inc., Mt. Waimea, Inc., Q.S. Optics, Inc., Quiksilver Entertainment, Inc., and Quiksilver Wetsuits, Inc., has been inactive during the entirety of the two year period preceding the Petition Date.  As a result, for this time period, these inactive entities have not maintained books, records, or financial statements, as there has been no financial activity to record or report for any of the inactive entities.  Accordingly, for each of the inactive entities, the Debtors have answered "N/A" in response to SOFA questions 19a – 19d.

**SOFA 19d.**  Prior to the commencement of these Chapter 11 Cases, the Debtors considered various restructuring alternatives.  As part of those processes, the Debtors disclosed certain financial information about the Debtors and their non-debtor affiliates to potential lenders, investors and advisors, subject to confidentiality agreements.  Pursuit of these restructuring alternatives necessitated discussions with third parties, including potential lenders, investors and advisors, who, subject to confidentiality agreements, may have been granted access to certain financial information as requested from the Debtors' books and records.  The Debtors also provided various financial information to banks, customers, suppliers, rating agencies, and other various interested parties, both in the ordinary course of business and in consideration of the aforementioned restructuring alternatives.  Accordingly, the Debtors are not providing a list of the various parties to whom they may have issued financial statements during the requested period because it would be unduly burdensome for them to produce such a list.

**SOFA 20a.**  The Debtors maintain finished goods at their various retail store locations and distribution centers.  Inventory is valued at the lower of cost or market using the standard cost method for retail inventory, and the moving average cost method for wholesale inventory.

Each retail store location, whose inventory balance is maintained on the books and records of QS Retail, Inc., performs a full physical inventory count of finished goods semi-annually, in accordance with the Debtors fiscal year.  Such inventory counts are typically performed around the midyear and year-end points of the fiscal year, and are conducted by a third party.  Additionally, inventory is tracked on a daily basis based upon receipts into and sales out of retail store locations; as shipments of inventory are received, they are scanned by store personnel and processed into the system.  As inventory is sold, the related goods are processed out of the system.

Inventory maintained on the books and records of QS Wholesale, Inc. and DC Shoes, Inc. is located at the Debtors' distribution center in Mira Loma, CA.  The distribution center is managed by a third party logistics provider, PLG.  Inventory is tracked on a daily basis based

upon receipts into the distribution center and transfers out of the facility to wholesale locations or other end-customers.  As inventory shipments are received, they are processed into the system by PLG; as inventory shipments occur, the related goods are processed out of the system.  Both the Debtors and PLG track inventory within the distribution center on a parallel basis; any discrepancies are subsequently reconciled and adjusted.  Inventory at the distribution center is not subject to a formal full physical inventory count process; rather, inventory is subject to a more frequent cycle count process.  Cycle counts are performed on a daily basis by zone, with each zone included within a cycle count at least once annually.  Inventory managers determine the zones subject to daily cycle counts based upon activity within the zones, inventory volume per zone, as well as available employee resources to assist with the cycle count process.  Furthermore, cycle counts may also be initiated if any inventory discrepancies are noted within the system.

The data presented in response to SOFA 20a reflects the two most recent full physical inventory counts performed at the retail store locations prior to the Petition Date for inventory held on the books of QS Retail, Inc.  The last full physical inventory count took place at the end of March 2015 as part of the Debtors' semi-annual inventory audit process.

**SOFA 21b.**  The response to SOFA 21b was limited only to each Debtor's direct parent entity, which maintains a 100% equity interest in the related Debtor, in addition to all current officers and directors.

**SOFA 23.**  Any and all known disbursements to insiders of the Debtors, as defined above, have been listed in response to SOFA 3c, including all forms of cash compensation paid directly to insiders, or paid to a third party on behalf of an insider.  As a result, certain of the payments listed in response to SOFA 3c were made to creditors that do not have a direct relationship with the Debtors and/or insiders; however, such payments have been listed as a payment to the related insider.  The items listed under SOFA 23 incorporate by reference any items listed under SOFA 3c, and vice versa.

B7 (Official Form 7) (04/13)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### District of Delaware

In re: DC Shoes, Inc.                                                                     Case No. 15-11883 (BLS)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

1. **Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|------|--------|--------|
|  | $214,036,651.92 | FY 2013 Net Revenue (11/1/2012-10/31/2013) |
|  | $130,320,293.80 | FY 2014 Net Revenue (11/1/2013-10/31/2014) |
|  | $83,144,624.92 | FYTD 2015 Net Revenue (11/1/2014-9/9/2015) |

B7 (Official Form 7) (04/13)

**2.  Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|------|--------|--------|
| X | | |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------|------------------------------|-------------------|-------------|--------------------|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*  *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------|------------------------------|------------------------------|-----------------------------------|--------------------|
| | See SOFA 3b Attachment | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|------|----------------------------------------------------------|-----------------|-------------|--------------------|
| | Employee 10 - Address Redacted Date of Payment: 9/8/2014 - 9/8/2015 | | $12,634.79 | |
| | Expense Reimbursement | | | |

B7 (Official Form 7) (04/13)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| | See SOFA 4a Attachment | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|
| X | | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| X | | | | |

B7 (Official Form 7) (04/13)

## 7. Gifts

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|---|
| X | | | | |

## 8. Losses

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| X | | | |

B7 (Official Form 7) (04/13)

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|------|--------------------------------|-----------------------------------------------------------------------------------|--------------------------------------|
| X | | | |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|-----------------------------------------------|--------------------------------------------------------------------|--------------------------|-----------------------------------------|
| X | | | | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|-------------------------------|-----------------|-------------------|
| X | | | |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|----------------------------|-------------------------------------|------------------------|
| X | | | |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|------|---------|-----------|---------------------|
| | 15202 Graham Street Huntington Beach, CA 92649 | DC Shoes, Inc. | 3/5/1998 - 8/1/2015 |

B7 (Official Form 7) (04/13)

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**NONE    NAME**

X

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|---|
| X | | | |

B7 (Official Form 7) (04/13)

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| | DC Direct, Inc. | 27-0058364 | 5600 Argosy Circle Huntington Beach, CA 92649 | Designer, Developer and Distributor of Branded Apparel, Footwear, Accessories and Related Products | 0005/1/2004- Present |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| X | See SOFA 19a Attachment | |

B7 (Official Form 7) (04/13)

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| | Deloitte & Touche LLP | 695 Town Center Drive Suite 1200 Costa Mesa, CA 92626 [Financial Statement Auditors] | 5/3/2004 - Present |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| | Andrew Bruenjes | CFO, Americas c/o Quiksilver, Inc. et al. 5600 Argosy Circle Huntington Beach, CA 92649 |
| | Erin Johnston | Vice President, Controller Americas c/o Quiksilver, Inc. et al. 5600 Argosy Circle Huntington Beach, CA 92649 |
| | John Ewing | Vice President, Credit & Collections c/o Quiksilver, Inc. et al. 5600 Argosy Circle Huntington Beach, CA 92649 |
| | Terry Gardy | Vice President, Accounting c/o Quiksilver, Inc. et al. 5600 Argosy Circle Huntington Beach, CA 92649 |
| | Thomas Chambolle | CFO, Global c/o Quiksilver, Inc. et al. 5600 Argosy Circle Huntington Beach, CA 92649 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|---|---|---|
| X | | |

**20. Inventories**

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|
| X | | |

**21. Current Partners, Officers, Directors and Shareholders**

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|
| X | | | |

B7 (Official Form 7) (04/13)

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
|  | See SOFA 21b Attachment |  |  |

## 22. Former partners, officers, directors and shareholders

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|---|
| X |  |  |  |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
|  | Charles Exon, c/o Quiksilver Inc, et. al. 5600 Argosy Circle Huntington Beach, CA 92649 | Officer - President & Secretary | 10/31/2014 |
|  | Charles Exon, c/o Quiksilver Inc, et. al. 5600 Argosy Circle Huntington Beach, CA 92649 | Director | 10/31/2014 |
|  | Richard Shields, c/o Quiksilver Inc, et. al. 5600 Argosy Circle Huntington Beach, CA 92649 | Officer - CFO | 4/3/2015 |
|  | Richard Shields, c/o Quiksilver Inc, et. al. 5600 Argosy Circle Huntington Beach, CA 92649 | Director | 4/3/2015 |
|  | Scott Fullerton, c/o Quiksilver Inc, et. al. 5600 Argosy Circle Huntington Beach, CA 92649 | Officer - SVP, Tax | 3/31/2015 |

## 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | Please refer to answer to SOFA 3c. |  |  |

## 24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
|  | Quiksilver, Inc. | 33-0199426 |

B7 (Official Form 7) (04/13)

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|------|---------------------|-------------------------------------|
| X    |                     |                                     |

**In re: DC Shoes, Inc.**
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| 24 SEVEN STAFFING, INC. | | P.O. Box 5911 | | | Hicksville | NY | 11802 | | 6/11/2015 | $4,470.00 |
| 24 SEVEN STAFFING, INC. | | P.O. Box 5911 | | | Hicksville | NY | 11802 | | 6/26/2015 | $2,540.00 |
| 24 SEVEN STAFFING, INC. | | P.O. Box 5911 | | | Hicksville | NY | 11802 | | 7/17/2015 | $7,565.00 |
| 24 SEVEN STAFFING, INC. | | P.O. Box 5911 | | | Hicksville | NY | 11802 | | 7/23/2015 | $1,875.00 |
| 24 SEVEN STAFFING, INC. | | P.O. Box 5911 | | | Hicksville | NY | 11802 | | 8/6/2015 | $4,820.00 |
| 24 SEVEN STAFFING, INC. | | P.O. Box 5911 | | | Hicksville | NY | 11802 | | 9/4/2015 | $11,529.00 |
| 43 RACING, LLC (ROYALTIES) | C/0 WASSERMAN MEDIA GROUP | 2052 Corte Del Nogal Ste 150 | | | Carlsbad | CA | 92011 | | 7/20/2015 | $5,481.47 |
| ALDAIN FYNN | | 325 W ADAMS BLVD APT 5149 | | | LOS ANGELES | CA | 90007 | | 7/20/2015 | $5,000.00 |
| ALDAIN FYNN | | 325 W ADAMS BLVD APT 5149 | | | LOS ANGELES | CA | 90007 | | 8/6/2015 | $650.00 |
| ALDAIN FYNN | | 325 W ADAMS BLVD APT 5149 | | | LOS ANGELES | CA | 90007 | | 8/18/2015 | $2,500.00 |
| ARIZONA DEPT OF REVENUE | Attn Bankruptcy Dept | 1600 West Monroe St | | | Phoenix | AZ | 85007 | | 6/18/2015 | $58.58 |
| ARIZONA DEPT OF REVENUE | Attn Bankruptcy Dept | 1600 West Monroe St | | | Phoenix | AZ | 85007 | | 7/17/2015 | $11.54 |
| ARIZONA DEPT OF REVENUE | Attn Bankruptcy Dept | 1600 West Monroe St | | | Phoenix | AZ | 85007 | | 8/12/2015 | $13.66 |
| ASIAN SOURCING INTERNATIONAL LTD | | UNIT 2A, 2ND FLOOR, JONSIM PLACE | | | WANCHAI | HK | 999077 | Hong Kong | 6/18/2015 | $16,354.98 |
| ASIAN SOURCING INTERNATIONAL LTD | | UNIT 2A, 2ND FLOOR, JONSIM PLACE | | | WANCHAI | HK | 999077 | Hong Kong | 7/10/2015 | $34,970.50 |
| A-TEAM AGENCY, INC. | | 1449 Feather Ave | | | Thousand Oaks | CA | 91360 | | 6/17/2015 | $3,097.33 |
| A-TEAM AGENCY, INC. | | 1449 Feather Ave | | | Thousand Oaks | CA | 91360 | | 7/16/2015 | $15,119.87 |
| A-TEAM AGENCY, INC. | | 1449 Feather Ave | | | Thousand Oaks | CA | 91360 | | 8/17/2015 | $24,751.59 |
| ATHLEISURE INC. DBA SUN DIEGO BOARD | | 1350 SPECIALTY DR STE F | | | VISTA | CA | 92801 | | 6/19/2015 | $12,500.00 |
| BMG RIGHTS MANAGEMENT LLC | | 1745 BROADWAY, 19TH FLOOR | | | NEW YORK | NY | 10019 | | 7/17/2015 | $250.00 |
| BOARD OF EQUALIZATION | | P.O. Box 942879 | | | Sacramento | CA | 94279 | | 6/23/2015 | $766.00 |
| BOARD OF EQUALIZATION | | P.O. Box 942879 | | | Sacramento | CA | 94279 | | 7/24/2015 | $20,485.00 |
| BOARD OF EQUALIZATION | | P.O. Box 942879 | | | Sacramento | CA | 94279 | | 8/21/2015 | $3,252.00 |
| BRAND ID HONG KONG LIMITED | STELLA | Flat A, 15/F, Yam Hop Hing Ind. Bld | | | Kwai Chung, N.T. | NT | 999077 | Hong Kong | 6/18/2015 | $4,643.00 |
| BRENDAN WEISE ENTERPRISES, INC | | 21 W. PASADENA AVE UNIT 5 | | | PHOENIX | AZ | 85013 | | 6/17/2015 | $593.95 |
| BRENDAN WEISE ENTERPRISES, INC | | 21 W. PASADENA AVE UNIT 5 | | | PHOENIX | AZ | 85013 | | 7/16/2015 | $5,300.84 |
| BRENDAN WEISE ENTERPRISES, INC | | 21 W. PASADENA AVE UNIT 5 | | | PHOENIX | AZ | 85013 | | 8/17/2015 | $8,000.80 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 6/24/2015 | $543,686.69 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 7/10/2015 | $372,876.71 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 7/17/2015 | $300,542.82 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 7/24/2015 | $395,169.97 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 8/7/2015 | $334,742.43 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 8/13/2015 | $1,000,311.90 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 8/21/2015 | $239,167.08 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 8/25/2015 | $1,156,554.07 |
| C & K TRADING CO., LTD. | CK JUNG | 867 Woo 1-Dong Haeundae-Gu | | | Busan | | 612-822 | South Korea | 9/8/2015 | $316,730.89 |
| CALIFORNIA SECRETARY OF STATE | STATEMENT OF INFORMATION UNIT | P.O. BOX 944230 | | | SACRAMENTO | CA | 94244-2300 | | 8/27/2015 | $25.00 |
| CANARD RACING LLC (ROYALTIES) | | 1530 N. HARRISON ST. #323 | | | SHAWNEE | CA | 74804 | | 7/20/2015 | $1,334.00 |
| CANARD RACING, LLC | | 1530 N. Harrison St. #323 | | | Shawnee | OK | 74804 | | 7/20/2015 | $3,000.00 |
| CANARD RACING, LLC | | 1530 N. Harrison St. #323 | | | Shawnee | OK | 74804 | | 8/18/2015 | $3,000.00 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 6/11/2015 | $3,029.49 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 6/11/2015 | $46,163.73 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 6/18/2015 | $122,092.42 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 6/26/2015 | $22,525.73 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 7/2/2015 | $3,003.46 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 7/2/2015 | $50,721.78 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 7/9/2015 | $335.00 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 7/9/2015 | $37,786.21 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 7/17/2015 | $3,004.25 |

In re: DC Shoes, Inc.
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 7/17/2015 | $71,827.32 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 7/23/2015 | $39,037.14 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 8/6/2015 | $12,079.08 |
| CARMICHAEL INTERNATIONAL SERVICE | | P.O. Box 51025 | | | Los Angeles | CA | 90051 | | 8/27/2015 | $62,607.22 |
| CHASE JAMES WEBB | | 28435 RAVENNA ST | | | MURRIETA | CA | 92563 | | 7/20/2015 | $1,000.00 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 6/12/2015 | $9,979.20 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 6/18/2015 | $910.40 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 6/22/2015 | $26,076.90 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 7/10/2015 | $1,436.40 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 7/10/2015 | $25,677.82 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 7/13/2015 | $21,062.20 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 7/17/2015 | $22,762.50 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 7/17/2015 | $9,161.47 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 9/4/2015 | $2,480.47 |
| CHINA SMART GARMENT LIMITED | | 489-491 Castle Peak Road | | | Kowloon | KLN | 999077 | Hong Kong | 9/4/2015 | $683.85 |
| CHRISTOPHER BRYAN | | 4/36 NICHOLSON PDE | | | CRONULLA | NSW | 02230 | Australia | 7/17/2015 | $33,169.37 |
| COBRACOLE, INC. | | 232 Madison Ave Mezzanine | | | New York | NY | 10016 | | 6/18/2015 | $150.00 |
| COBRACOLE, INC. | | 232 Madison Ave Mezzanine | | | New York | NY | 10016 | | 7/20/2015 | $38,500.00 |
| COBRACOLE, INC. | | 232 Madison Ave Mezzanine | | | New York | NY | 10016 | | 8/18/2015 | $68,750.00 |
| CODY LEE CEPEDA | | 4029 Oakwood Ave Unit 307 | | | Los Angeles | CA | 90004 | | 7/17/2015 | $5,000.00 |
| COLE PETERSEN, INC | | 2535 E 12TH ST UNIT A | | | LOS ANGELES | CA | 90021 | | 7/20/2015 | $27,300.78 |
| COLE PETERSEN, INC | | 2535 E 12TH ST UNIT A | | | LOS ANGELES | CA | 90021 | | 8/18/2015 | $27,083.33 |
| COMPLEX MEDIA INC | | 1271 AVE OF THE AMERICAS 35FLR | | | NEW YORK | CA | 10020 | | 7/17/2015 | $42,192.27 |
| COMPLEX MEDIA INC | | 1271 AVE OF THE AMERICAS 35FLR | | | NEW YORK | CA | 10020 | | 7/23/2015 | $7,807.75 |
| CONNECTICUT SECRETARY OF STATE | | 30 Trinity Street | | | Hartford | CT | 06115 | | 7/23/2015 | $435.00 |
| CONTINENTAL RECOVERY SERVICES | | P.O. Box 1389 | | | Simi Valley | CA | 93062 | | 7/17/2015 | $3,642.90 |
| CONTINENTAL RECOVERY SERVICES | | P.O. Box 1389 | | | Simi Valley | CA | 93062 | | 8/6/2015 | $1,320.00 |
| CORES ACCESSORIES LTD. | | 9F-3, No. 57, Sec. 3 | | | Taipei | TPE | 111 | Taiwan | 9/8/2015 | $186.42 |
| COUNTY OF ORANGE | | PO BOX 1438 | | | SANTA ANA | CA | 92702 | | 6/18/2015 | $2,487.66 |
| CYRIL K. JACKSON | | 4140 ARCH DR., APT #214 | | | STUDIO CITY | CA | 91604 | | 7/20/2015 | $7,350.00 |
| CYRIL K. JACKSON | | 4140 ARCH DR., APT #214 | | | STUDIO CITY | CA | 91604 | | 8/18/2015 | $3,000.00 |
| CYRIL MUELLER | | GROSSRAINWEG 5 | | | FULENBACH | SO | 04629 | Switzerland | 6/16/2015 | $3,600.00 |
| DAMCO USA INC | | 180 PARK AVE BLDG 105 | | | FLORHAM PARK | NJ | 07932 | | 8/6/2015 | $22,571.79 |
| DAMCO USA INC | | 180 PARK AVE BLDG 105 | | | FLORHAM PARK | NJ | 07932 | | 8/20/2015 | $4,621.43 |
| DAVIS TORGERSON | | 12019 SYLVESTER ST. | | | Los Angeles | CA | 90066 | | 6/18/2015 | $150.00 |
| DAVIS TORGERSON | | 12019 SYLVESTER ST. | | | Los Angeles | CA | 90066 | | 7/20/2015 | $4,166.66 |
| DAVIS TORGERSON | | 12019 SYLVESTER ST. | | | Los Angeles | CA | 90066 | | 8/18/2015 | $4,166.66 |
| DEFT FAMILY | C/O WASSERMAN MEDIA GROUP | 2052 CORTE DEL NOGAL, #150 | | | CARLSBAD | CA | 92011 | | 7/17/2015 | $5,769.23 |
| DENIMATRIX LLC | WILSON AVALOS WILSON AVA | 70 West 40th Street,11th Floor | | | New York | NY | 10018 | | 7/10/2015 | $66,215.48 |
| DENIMATRIX LLC | WILSON AVALOS WILSON AVA | 70 West 40th Street,11th Floor | | | New York | NY | 10018 | | 7/17/2015 | $20,048.31 |
| DENIMATRIX LLC | WILSON AVALOS WILSON AVA | 70 West 40th Street,11th Floor | | | New York | NY | 10018 | | 8/21/2015 | $4,062.68 |
| DEPARTMENT OF CONSERVATION | | PO Box 10420 | | | WELLINGTON | WLG | 06143 | New Zealand | 8/20/2015 | $76.25 |
| DEPT OF COMMERCE AND CONSUMER AFFAI | | Annual Filing-Breg Po Box 40 | | | Honolulu | HI | 96810 | | 6/25/2015 | $15.00 |
| DESERT DEVILS NATIONAL | TRAINING CTR, LLC | 1927 N. GILBERT ROAD #107 | | | MESA | AZ | 85203 | | 8/6/2015 | $3,513.51 |
| DHL EXPRESS (USA), INC. | | 16592 Collections Center Dr. | | | Chicago | IL | 60693 | | 6/18/2015 | $5,603.06 |
| DHL EXPRESS (USA), INC. | | 16592 Collections Center Dr. | | | Chicago | IL | 60693 | | 7/2/2015 | $100.00 |
| DHL EXPRESS (USA), INC. | | 16592 Collections Center Dr. | | | Chicago | IL | 60693 | | 7/17/2015 | $1,073.82 |
| DHL EXPRESS (USA), INC. | | 16592 Collections Center Dr. | | | Chicago | IL | 60693 | | 8/6/2015 | $2,003.86 |
| DHL EXPRESS (USA), INC. | | 16592 Collections Center Dr. | | | Chicago | IL | 60693 | | 8/20/2015 | $790.53 |
| DOMINO PUBLISHING COMPANY OF AMERIC | | 20 JAY STREET, SUITE #626 | | | BROOKLYN | NY | 11201 | | 6/26/2015 | $3,000.00 |
| DOMINO PUBLISHING COMPANY OF AMERIC | | 20 JAY STREET, SUITE #626 | | | BROOKLYN | NY | 11201 | | 7/17/2015 | $1,500.00 |
| DRAGON CROWD GARMENT INC | EDWARD | Fl/5 Bldg A, C&E Centre | | | Ningbo | | 315040 | China | 6/18/2015 | $49,714.28 |
| DRAGON CROWD GARMENT INC | EDWARD | Fl/5 Bldg A, C&E Centre | | | Ningbo | | 315040 | China | 7/10/2015 | $59,934.51 |
| DUBHE CORPORATION | | Che-II Bldg Rm 1501, 256-13 | | | Seoul | | 121-758 | South Korea | 6/18/2015 | $5,865.26 |
| DUBHE CORPORATION | | Che-II Bldg Rm 1501, 256-13 | | | Seoul | | 121-758 | South Korea | 7/10/2015 | $4,872.88 |
| DYRDEK ENTERPRISES | | 2850 OCEAN PARK BLVD. # 300 | | | SANTA MONICA | CA | 90405 | | 7/20/2015 | $402,442.06 |
| EASTMAN EXPORTS GLOBAL CLOTHING | | 10, 12, KUMARANAGAR (SOUTH) | | | TIRUPUR | | 641603 | India | 6/18/2015 | $3,745.77 |
| EASTMAN EXPORTS GLOBAL CLOTHING | | 10, 12, KUMARANAGAR (SOUTH) | | | TIRUPUR | | 641603 | India | 7/10/2015 | $1,319.28 |
| EASTMAN EXPORTS GLOBAL CLOTHING | | 10, 12, KUMARANAGAR (SOUTH) | | | TIRUPUR | | 641603 | India | 8/24/2015 | $15,540.91 |

In re: DC Shoes, Inc.
Case No. 15-11883
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| Elavon | | Two Concourse Parkway | Suite 800 | | Atlanta | GA | 30328 | | 7/2/2015 | $6,443.45 |
| Elavon | | Two Concourse Parkway | Suite 800 | | Atlanta | GA | 30328 | | 7/2/2015 | $607.23 |
| Elavon | | Two Concourse Parkway | Suite 800 | | Atlanta | GA | 30328 | | 8/3/2015 | $6,297.85 |
| Elavon | | Two Concourse Parkway | Suite 800 | | Atlanta | GA | 30328 | | 8/4/2015 | $773.98 |
| Elavon | | Two Concourse Parkway | Suite 800 | | Atlanta | GA | 30328 | | 9/2/2015 | $7,909.47 |
| Elavon | | Two Concourse Parkway | Suite 800 | | Atlanta | GA | 30328 | | 9/2/2015 | $248.92 |
| Employee 130 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 6/24/2015 | $19,506.90 |
| Employee 130 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/8/2015 | $3,858.32 |
| Employee 130 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/29/2015 | $3,213.10 |
| Employee 130 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 8/19/2015 | $3,461.50 |
| Employee 192 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/1/2015 | $3,829.35 |
| Employee 192 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/8/2015 | $4,241.90 |
| Employee 232 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 6/24/2015 | $881.13 |
| Employee 232 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/15/2015 | $150.30 |
| Employee 232 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 8/19/2015 | $8,616.72 |
| Employee 232 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 8/26/2015 | $655.80 |
| Employee 256 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/1/2015 | $323.61 |
| Employee 256 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/29/2015 | $185.30 |
| Employee 256 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 8/19/2015 | $484.03 |
| Employee 257 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/8/2015 | $567.57 |
| Employee 257 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 8/12/2015 | $358.76 |
| Employee 40 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 6/17/2015 | $5,255.61 |
| Employee 40 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/29/2015 | $6,853.76 |
| Employee 93 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 7/8/2015 | $9,027.30 |
| Employee 93 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 8/12/2015 | $3,962.27 |
| Employee 93 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | 8/19/2015 | $990.77 |
| EVAN SMITH | | 400 Lincoln Avenue | | | Pittsburgh | PA | 15209 | | 7/20/2015 | $10,000.00 |
| EVAN SMITH | | 400 Lincoln Avenue | | | Pittsburgh | PA | 15209 | | 8/18/2015 | $10,400.00 |
| EVAN SMITH (ROYALTIES) | | 400 LINCOLN AVENUE | | | PITTSBURGH | PA | 15209 | | 7/20/2015 | $692.91 |
| EVERGLORY INT GRP APP INC | | NO. 509 CHENGXIN THOROUGHFARE | | | NANJING | | 211100 | China | 6/18/2015 | $33,008.46 |
| EXPEDITORS INT'L | | 5757 W CENTURY BLVD, STE 200 | | | LOS ANGELES | CA | 90045 | | 7/17/2015 | $9,314.14 |
| EXPEDITORS INT'L | | 5757 W CENTURY BLVD, STE 200 | | | LOS ANGELES | CA | 90045 | | 7/23/2015 | $50.00 |
| FEDERAL EXPRESS CORP | | P.O. Box 7221 | | | Pasadena | CA | 91109 | | 6/11/2015 | $492.96 |
| FEDERAL EXPRESS CORP | | P.O. Box 7221 | | | Pasadena | CA | 91109 | | 6/18/2015 | $375.19 |
| FEDERAL EXPRESS CORP | | P.O. Box 7221 | | | Pasadena | CA | 91109 | | 6/26/2015 | $365.52 |
| FEDERAL EXPRESS CORP | | P.O. Box 7221 | | | Pasadena | CA | 91109 | | 7/23/2015 | $502.07 |
| FEDERAL EXPRESS CORP | | P.O. Box 7221 | | | Pasadena | CA | 91109 | | 8/6/2015 | $1,622.84 |
| FEDERAL EXPRESS CORP | | P.O. Box 7221 | | | Pasadena | CA | 91109 | | 8/20/2015 | $1,492.66 |
| FELIPE GUSTAVO MACEDO | C/O RYAN CLEMENTS | 6012 RIVER TER | | | Tampa | FL | 33604 | | 6/18/2015 | $2,511.99 |
| FELIPE GUSTAVO MACEDO | C/O RYAN CLEMENTS | 6012 RIVER TER | | | Tampa | FL | 33604 | | 7/20/2015 | $11,000.00 |
| FELIPE GUSTAVO MACEDO | C/O RYAN CLEMENTS | 6012 RIVER TER | | | Tampa | FL | 33604 | | 8/18/2015 | $6,000.00 |
| FELIPE GUSTAVO MACEDO (ROYALTIES) | C/O RYAN CLEMENTS | 6012 RIVER TER | | | TAMPA | FL | 33604 | | 7/20/2015 | $563.06 |
| FILTER PUBLICATIONS, INC. | | 122 Vista Del Rio Drive | | | Morgantown | WV | 26508 | | 7/17/2015 | $4,000.00 |
| FIRST DESCENT SALES, INC. | | 22 MAGNOLIA LANE | | | TOMS RIVER | NJ | 08753 | | 6/17/2015 | $2,823.67 |
| FIRST DESCENT SALES, INC. | | 22 MAGNOLIA LANE | | | TOMS RIVER | NJ | 08753 | | 7/16/2015 | $6,567.26 |
| FIRST DESCENT SALES, INC. | | 22 MAGNOLIA LANE | | | TOMS RIVER | NJ | 08753 | | 8/17/2015 | $13,794.23 |
| FLEXFIT LLC | JD KIM | 625 COLUMBIA ST | | | BREA | CA | 92821-2913 | | 6/25/2015 | $35,075.88 |
| FLEXFIT LLC | JD KIM | 625 COLUMBIA ST | | | BREA | CA | 92821-2913 | | 7/1/2015 | $159,010.44 |
| FLEXFIT LLC | JD KIM | 625 COLUMBIA ST | | | BREA | CA | 92821-2913 | | 7/17/2015 | $30,584.78 |
| FLEXFIT LLC | JD KIM | 625 COLUMBIA ST | | | BREA | CA | 92821-2913 | | 8/7/2015 | $32,828.00 |
| FLORIDA DEPARTMENT OF REVENUE | LOS ANGELES SERVICE CENTER | 5050 W. TENNESSEE ST | | | TALLAHASSEE | FL | 32399 | | 6/19/2015 | $16.45 |
| FLORIDA DEPARTMENT OF REVENUE | LOS ANGELES SERVICE CENTER | 5050 W. TENNESSEE ST | | | TALLAHASSEE | FL | 32399 | | 7/16/2015 | $39.23 |
| FLORIDA DEPARTMENT OF REVENUE | LOS ANGELES SERVICE CENTER | 5050 W. TENNESSEE ST | | | TALLAHASSEE | FL | 32399 | | 8/19/2015 | $6.92 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 6/18/2015 | $5,496.76 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 6/23/2015 | $79,470.36 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 7/1/2015 | $2,415.96 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 7/2/2015 | $123,953.62 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 7/14/2015 | $3,956.22 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 8/4/2015 | $140,192.70 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 8/24/2015 | $1,232.28 |
| FUN TEES | A DIV. OF DELTA APPAREL | ERIC CROCKER | P.O. BOX 930419 | | ATLANTA | GA | 31193 | | 8/25/2015 | $54,739.27 |
| G&S REALTY 1, LLC | | 530 Seventh Avenue, Suite 401 | | | New York | NY | 10018 | | 6/25/2015 | $1,398.69 |
| G&S REALTY 1, LLC | | 530 Seventh Avenue, Suite 401 | | | New York | NY | 10018 | | 7/28/2015 | $1,221.84 |

In re: DC Shoes, Inc.
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| GEORGE MILANES | | 1385 WASHINGTON AVE APT 10C | | | BRONX | NY | 10456 | | 7/17/2015 | $160.00 |
| GEORGE MILANES | | 1385 WASHINGTON AVE APT 10C | | | BRONX | NY | 10456 | | 8/6/2015 | $115.00 |
| GO BIG SALES INC. | | 343 Soquel Ave #313 #33 | | | Santa Cruz | CA | 95062 | | 6/17/2015 | $6,042.77 |
| GO BIG SALES INC. | | 343 Soquel Ave #313 #33 | | | Santa Cruz | CA | 95062 | | 7/16/2015 | $16,553.16 |
| GO BIG SALES INC. | | 343 Soquel Ave #313 #33 | | | Santa Cruz | CA | 95062 | | 8/17/2015 | $9,219.09 |
| GOLDEN BOND INC. LIMITED | | NO.36,LN. 101, SEC. 3 | | | TAICHUNG | TWN | 406 | Taiwan | 6/18/2015 | $208,656.20 |
| GOLDEN BOND INC. LIMITED | | NO.36,LN. 101, SEC. 3 | | | TAICHUNG | TWN | 406 | Taiwan | 7/24/2015 | $113,199.24 |
| GOLDEN BOND INC. LIMITED | | NO.36,LN. 101, SEC. 3 | | | TAICHUNG | TWN | 406 | Taiwan | 8/21/2015 | $15,276.63 |
| GOLDEN BOND INC. LIMITED | | NO.36,LN. 101, SEC. 3 | | | TAICHUNG | TWN | 406 | Taiwan | 8/25/2015 | $194.00 |
| GRAVEL FARMS, LLC | C/O WASSERMAN MEDIA GROUP | 9320 WILSHIRE BLVD, #210 | | | BEVERLY HILLS | CA | 90212 | | 7/20/2015 | $631.55 |
| GREAT CENTRAL TRANSPORT, INC. | | P.O. Box 11785 | | | Carson | CA | 90749 | | 6/26/2015 | $57,599.66 |
| GREAT CENTRAL TRANSPORT, INC. | | P.O. Box 11785 | | | Carson | CA | 90749 | | 8/6/2015 | $3,095.00 |
| GREYDOG SIGNS & DISPLAYS, INC | | 15672 CHEMICAL LANE | | | HUNTINGTON BEACH | CA | 92649 | | 7/23/2015 | $486.00 |
| GST GLOBAL SPORTS TECH | THERESA BIERGEDER | Rieder Strasse 53 | | | Antiesenhofen | OOE | 04980 | Austria | 7/10/2015 | $103,225.18 |
| HANGZHOU A AND C (HK) INT LTD | | Tongbao Building, 6F., No. 10 | | | Hangzhou | | 310004 | China | 7/10/2015 | $879.48 |
| HAWAII DEPARTMENT OF TAX | | P.O. Box 1425 | | | Honolulu | HI | 96806 | | 6/19/2015 | $8.04 |
| HAWAII DEPARTMENT OF TAX | | P.O. Box 1425 | | | Honolulu | HI | 96806 | | 7/16/2015 | $8.99 |
| HAWAII DEPARTMENT OF TAX | | P.O. Box 1425 | | | Honolulu | HI | 96806 | | 8/19/2015 | $22.72 |
| HONG KONG HESHENG INT'L | | Rm 1102, Wofoo Commercial Building | | | Kowloon | KLN | 999077 | | 6/18/2015 | $62,650.26 |
| HONG KONG HESHENG INT'L | | Rm 1102, Wofoo Commercial Building | | | Kowloon | KLN | 999077 | | 7/10/2015 | $246,652.72 |
| HONG KONG HESHENG INT'L | | Rm 1102, Wofoo Commercial Building | | | Kowloon | KLN | 999077 | | 7/24/2015 | $51,495.51 |
| HONG KONG HESHENG INT'L | | Rm 1102, Wofoo Commercial Building | | | Kowloon | KLN | 999077 | | 8/7/2015 | $73,348.89 |
| IIKKA BAECKSTROEM | | 2052 Corte Del Nogal, Suite# 150 | | | Carlsbad | CA | 92011 | | 7/20/2015 | $5,833.33 |
| IIKKA BAECKSTROEM | | 2052 Corte Del Nogal, Suite# 150 | | | Carlsbad | CA | 92011 | | 8/18/2015 | $5,833.33 |
| INDUSTRY SALES, INC. | NICK KARELS | 7020 236 St. E | | | Lakeville | MN | 55044 | | 6/17/2015 | $6,011.81 |
| INDUSTRY SALES, INC. | NICK KARELS | 7020 236 St. E | | | Lakeville | MN | 55044 | | 7/16/2015 | $27,800.31 |
| INDUSTRY SALES, INC. | NICK KARELS | 7020 236 St. E | | | Lakeville | MN | 55044 | | 8/17/2015 | $14,506.97 |
| INNOVATION RACING LLC (ROYALTIES) | | 2052 CORTE DEL NOGAL STE 150 | | | CARLSBAD | CA | 92011 | | 7/20/2015 | $37,500.00 |
| INTERNATIONAL MERCHANDISING CORPORA | For Services Of Robbie Maddison C/O | 1360 East 9th St. Ste. 100 | | | Cleveland | OH | 44114 | | 7/20/2015 | $1,882.79 |
| JADE KINGDOM INTERNATIONAL LTD | | Unit 2, 2/F. | | | Kwun Tong | KLN | 999077 | Hong Kong | 8/25/2015 | $32,955.94 |
| JAGGER GEOFFREY EATON | C/O WASSERMAN MEDIA GROUP, LLC | 2052 CORTE DEL NOGAL, #150 | | | CARLSBAD | CA | 92011 | | 6/18/2015 | $5,000.00 |
| JAGGER GEOFFREY EATON | C/O WASSERMAN MEDIA GROUP, LLC | 2052 CORTE DEL NOGAL, #150 | | | CARLSBAD | CA | 92011 | | 7/20/2015 | $3,000.00 |
| JAGGER GEOFFREY EATON | C/O WASSERMAN MEDIA GROUP, LLC | 2052 CORTE DEL NOGAL, #150 | | | CARLSBAD | CA | 92011 | | 8/18/2015 | $3,000.00 |
| JAIMESON M KEEGAN | DBA SUPERHEROES MANAGEMENT, LLC | 600 N. 36TH ST., STE 308 | | | SEATTLE | WA | 98103 | | 7/17/2015 | $3,333.33 |
| JAIMESON M KEEGAN | DBA SUPERHEROES MANAGEMENT, LLC | 600 N. 36TH ST., STE 308 | | | SEATTLE | WA | 98103 | | 8/6/2015 | $3,333.33 |
| JAMES REUTER | | 5203 18TH AVENUE SW | | | SEATTLE | WA | 98106 | | 6/17/2015 | $1,128.18 |
| JAMES REUTER | | 5203 18TH AVENUE SW | | | SEATTLE | WA | 98106 | | 7/16/2015 | $8,299.62 |
| JAMES REUTER | | 5203 18TH AVENUE SW | | | SEATTLE | WA | 98106 | | 8/17/2015 | $11,438.91 |
| JOHN CHARLES NOTE IV | | 1827 E 4TH STREET APT 7 | | | LONG BEACH | CA | 90802 | | 6/26/2015 | $2,658.94 |
| JOHN CHARLES NOTE IV | | 1827 E 4TH STREET APT 7 | | | LONG BEACH | CA | 90802 | | 7/21/2015 | $2,500.00 |
| JOHN GARDNER | | 151 OAKRIDGE AVE | | | SUMMIT | NJ | 07901 | | 7/20/2015 | $1,000.00 |
| JOSH KALIS | | P.O. Box 141453 | | | Grand Rapids | MI | 49514 | | 7/20/2015 | $10,000.00 |
| JOSH KALIS | | P.O. Box 141453 | | | Grand Rapids | MI | 49514 | | 8/18/2015 | $10,000.00 |
| JOSH KALIS (ROYALTIES) | | PO BOX 144453 | | | Grand Rapids | MI | 49514 | | 7/20/2015 | $9,379.10 |
| KAPILLA CLOTHING CORP. | ANUP GANJU | 206 - 1715 Cook St. | | | Vancouver | BC | V6Y 3J6 | Canada | 7/10/2015 | $1,928.96 |
| KING GRAPHICS | SEAN MUNDY | 8517 Production Avenue | | | San Diego | CA | 92121 | | 6/18/2015 | $440.00 |
| KING GRAPHICS | SEAN MUNDY | 8517 Production Avenue | | | San Diego | CA | 92121 | | 7/17/2015 | $1,116.50 |
| KING GRAPHICS | SEAN MUNDY | 8517 Production Avenue | | | San Diego | CA | 92121 | | 7/23/2015 | $4,316.40 |
| KING GRAPHICS | SEAN MUNDY | 8517 Production Avenue | | | San Diego | CA | 92121 | | 8/7/2015 | $17,325.00 |
| KING GRAPHICS | SEAN MUNDY | 8517 Production Avenue | | | San Diego | CA | 92121 | | 8/25/2015 | $7,137.90 |
| KIRK DIANDA | | 2650 ELDEN AVE APT J | | | COSTA MESA | CA | 92627 | | 7/23/2015 | $2,250.00 |
| KTM NORTH AMERICA, INC. | | 1119 MILAN | | | AMHERST | OH | 44001 | | 8/6/2015 | $12,000.51 |
| LANCE VIOLETTE DESIGN INC. | | 107 GOLD BROOK CIRCLE | | | STOWE | VT | 05672 | | 7/17/2015 | $12,300.00 |
| LANCE VIOLETTE DESIGN INC. | | 107 GOLD BROOK CIRCLE | | | STOWE | VT | 05672 | | 8/6/2015 | $12,300.00 |

**In re: DC Shoes, Inc.**
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| LANCE VIOLETTE DESIGN INC. | | 107 GOLD BROOK CIRCLE | | | STOWE | VT | 05672 | | 9/4/2015 | $24,600.00 |
| LORY VINCENT | DBA CONTRACT SOUND | 10880 PINECONE DRIVE | | | TRUCKEE | CA | 96161 | | 7/17/2015 | $500.00 |
| MAJESTIC CITY INTERNATIONAL LIMITED | | Unit 212-215 2F | | | Kowloon | KLN | 999077 | Hong Kong | 7/6/2015 | $7,553.77 |
| MANIFOLDS INDUSTRIAL COMPANY LIMITED | | RM 2910, ONE MIDTOWN | | | TSUEN WAN | NT | 999077 | Hong Kong | 6/18/2015 | $857.90 |
| MANUEL CALDERON | | 5055 GARFIELD ROAD | | | DEL RAY BEACH | FL | 33484 | | 6/17/2015 | $6,018.12 |
| MANUEL CALDERON | | 5055 GARFIELD ROAD | | | DEL RAY BEACH | FL | 33484 | | 7/16/2015 | $6,283.02 |
| MANUEL CALDERON | | 5055 GARFIELD ROAD | | | DEL RAY BEACH | FL | 33484 | | 8/17/2015 | $4,609.10 |
| MARTIN FOBES | | 16752 BARDON LANE, APT #A | | | HUNTINGTON BEACH | CA | 92647 | | 7/17/2015 | $5,300.00 |
| MARTIN FOBES | | 16752 BARDON LANE, APT #A | | | HUNTINGTON BEACH | CA | 92647 | | 8/6/2015 | $5,300.00 |
| MASSIVE PRINTS | ALEX AMADOR | 2035 E. Bella Vista Way | | | Rancho Dominguez | CA | 90220 | | 6/18/2015 | $12,234.80 |
| MASSIVE PRINTS | ALEX AMADOR | 2035 E. Bella Vista Way | | | Rancho Dominguez | CA | 90220 | | 7/1/2015 | $17,823.90 |
| MASSIVE PRINTS | ALEX AMADOR | 2035 E. Bella Vista Way | | | Rancho Dominguez | CA | 90220 | | 7/17/2015 | $4,224.68 |
| MASSIVE PRINTS | ALEX AMADOR | 2035 E. Bella Vista Way | | | Rancho Dominguez | CA | 90220 | | 8/7/2015 | $17,120.30 |
| MASTER PLAN COMMUNICATIONS, INC | | 29863 SANTA MARGARITA PKWY. STE 105 | | | RANCHO SANTA MARGARITA | CA | 92688 | | 7/23/2015 | $7,128.87 |
| MATT MILLER | | 2138 E 1ST ST APT 10 | | | LONG BEACH | CA | 90803-2463 | | 6/18/2015 | $150.00 |
| MATT MILLER | | 2138 E 1ST ST APT 10 | | | LONG BEACH | CA | 90803-2463 | | 7/20/2015 | $14,855.01 |
| MATT MILLER | | 2138 E 1ST ST APT 10 | | | LONG BEACH | CA | 90803-2463 | | 8/18/2015 | $7,500.00 |
| META SYNDICATE LLC | | 2020 STONE MEADOW WAY | | | CUMMING | GA | 30041 | | 8/6/2015 | $4,000.00 |
| MICHAEL A GALVAN JR | | 305 SANTA ISABEL AVE. | | | COSTA MESA | CA | 92627 | | 6/17/2015 | $6,071.29 |
| MICHAEL A GALVAN JR | | 305 SANTA ISABEL AVE. | | | COSTA MESA | CA | 92627 | | 7/16/2015 | $8,598.30 |
| MICHAEL A GALVAN JR | | 305 SANTA ISABEL AVE. | | | COSTA MESA | CA | 92627 | | 8/17/2015 | $9,045.07 |
| MICHAEL BASTIDAS | DBA HOUSE OF MOUSE | 219 FREDRICKS AVE | | | OCEANSIDE | CA | 92058 | | 6/23/2015 | $250.00 |
| MICHAEL JOSEPH BLABAC | | 745 TEABERRY ST | | | ENCINITAS | CA | 92024 | | 6/26/2015 | $1,251.47 |
| MICHAEL JOSEPH BLABAC | | 745 TEABERRY ST | | | ENCINITAS | CA | 92024 | | 7/20/2015 | $11,250.00 |
| MICHAEL JOSEPH BLABAC | | 745 TEABERRY ST | | | ENCINITAS | CA | 92024 | | 8/6/2015 | $11,250.00 |
| MICHAEL JOSEPH BLABAC | | 745 TEABERRY ST | | | ENCINITAS | CA | 92024 | | 8/18/2015 | $1,230.45 |
| MICHAEL TALLONE | | 5 ROLLINS FARM DR | | | STRATHAM | NH | 03885 | | 7/16/2015 | $2,685.59 |
| MICHAEL TALLONE | | 5 ROLLINS FARM DR | | | STRATHAM | NH | 03885 | | 8/11/2015 | $34,667.99 |
| MICHEL OF HONG KONG LTD | KITTY | 11F, Hecny Tower | | | Tsimshatsui East | KLN | 999077 | Hong Kong | 7/20/2015 | $5,199.60 |
| MIKE TAYLOR, INC. | c/o Alliance Advisory & Securities | 3390 Auto Mall Drive | | | Westlake Village | CA | 91362 | | 7/15/2015 | $76,998.12 |
| MIKE TAYLOR, INC. | c/o Alliance Advisory & Securities | 3390 Auto Mall Drive | | | Westlake Village | CA | 91362 | | 8/6/2015 | $450.00 |
| MIKE TAYLOR, INC. | c/o Alliance Advisory & Securities | 3390 Auto Mall Drive | | | Westlake Village | CA | 91362 | | 8/18/2015 | $16,666.67 |
| MIKEMO ENTERPRISES | | 413 Vineyard Dr. | | | Simi Valley | CA | 93065 | | 7/20/2015 | $10,000.00 |
| MIKEMO ENTERPRISES | | 413 Vineyard Dr. | | | Simi Valley | CA | 93065 | | 8/18/2015 | $10,000.00 |
| MIKEMO ENTERPRISES ROYALTIES | | 413 VINEYARD DR. | | | SIMI VALLEY | CA | 93065 | | 7/20/2015 | $4,628.82 |
| MOTOVILLO2, LLC | | 20411 BIRCH STREET, SUITE 350 | | | NEWPORT BEACH | CA | 92660 | | 7/20/2015 | $8,333.33 |
| MOTOVILLO2, LLC | | 20411 BIRCH STREET, SUITE 350 | | | NEWPORT BEACH | CA | 92660 | | 8/18/2015 | $8,333.33 |
| MOTOVILLO2, LLC (ROYALTIES) | | 20411 BIRCH STREET, SUITE 350 | | | NEWPORT BEACH | CA | 92660 | | 7/20/2015 | $15,850.06 |
| MOUNTAIN LEAVE GROUP | | Weiyuan Industry Zone | | | Shenzhen | | 518132 | China | 7/17/2015 | $133,938.28 |
| MOUNTAIN LEAVE GROUP | | Weiyuan Industry Zone | | | Shenzhen | | 518132 | China | 9/4/2015 | $674,505.34 |
| MOUNTAIN LEAVE GROUP | | Weiyuan Industry Zone | | | Shenzhen | | 518132 | China | 9/4/2015 | $145,184.19 |
| MTAR MATRIX | JOSHUA NANA | 7.5 KM, RAIWIND ROAD | | | LAHORE | | 54000 | Pakistan | 6/19/2015 | $43,356.46 |
| MTAR MATRIX | JOSHUA NANA | 7.5 KM, RAIWIND ROAD | | | LAHORE | | 54000 | Pakistan | 7/1/2015 | $7,081.01 |
| MTAR MATRIX | JOSHUA NANA | 7.5 KM, RAIWIND ROAD | | | LAHORE | | 54000 | Pakistan | 7/2/2015 | $16,931.73 |
| MTAR MATRIX | JOSHUA NANA | 7.5 KM, RAIWIND ROAD | | | LAHORE | | 54000 | Pakistan | 8/7/2015 | $19,100.70 |
| MTAR MATRIX | JOSHUA NANA | 7.5 KM, RAIWIND ROAD | | | LAHORE | | 54000 | Pakistan | 9/4/2015 | $23,129.52 |
| NEW ERA CAP INC. | KEVIN BOLEWARE | 8061 Erie Rd. | | | Derby | NY | 14047 | | 6/18/2015 | $28.00 |
| NEW ERA CAP INC. | KEVIN BOLEWARE | 8061 Erie Rd. | | | Derby | NY | 14047 | | 6/25/2015 | $33,592.00 |
| NEW ERA CAP INC. | KEVIN BOLEWARE | 8061 Erie Rd. | | | Derby | NY | 14047 | | 7/1/2015 | $49,656.25 |
| NEW ERA CAP INC. | KEVIN BOLEWARE | 8061 Erie Rd. | | | Derby | NY | 14047 | | 7/17/2015 | $19,874.40 |
| NEW ERA CAP INC. | KEVIN BOLEWARE | 8061 Erie Rd. | | | Derby | NY | 14047 | | 8/7/2015 | $9,402.90 |
| NEWTIMES FAR EAST | | Unit D, 7th Floor, Phase 5 | | | Kowloon | KLN | 999077 | Hong Kong | 7/6/2015 | $24,813.31 |
| NINE TWO RACING, LLC | | 954 SANDLE WOOD DRIVE | | | PORT ORANGE | FL | 32127 | | 7/20/2015 | $6,666.67 |
| NINE TWO RACING, LLC | | 954 SANDLE WOOD DRIVE | | | PORT ORANGE | FL | 32127 | | 8/18/2015 | $6,666.67 |
| NINGBO ISUN FASHION CO. LTD | | East Fenghua Industrial | | | Ningbo | | 315500 | China | 6/18/2015 | $23,658.70 |
| NINGBO ISUN FASHION CO. LTD | | East Fenghua Industrial | | | Ningbo | | 315500 | China | 7/10/2015 | $4,259.25 |
| NINGBO SEDUNO IMP&EXP CO., LTD | | No.281 Qiyun Rd Duantang | | | Ningbo | | 315012 | China | 7/10/2015 | $296.16 |
| NYJAH HUSTON, INC. | | 285 Fairview Street | | | Laguna Beach | CA | 92651 | | 7/20/2015 | $25,000.00 |
| NYJAH HUSTON, INC. | | 285 Fairview Street | | | Laguna Beach | CA | 92651 | | 8/18/2015 | $97,500.00 |
| NYJAH HUSTON, INC. ROYALTY | | 285 Fairview Street | | | Laguna Beach | CA | 92651 | | 7/20/2015 | $16,666.67 |
| NYJAH HUSTON, INC. ROYALTY | | 285 Fairview Street | | | Laguna Beach | CA | 92651 | | 8/18/2015 | $16,666.67 |
| OCTOBER INTERNATIONAL LTD | ELENOR | No.1 De Sheng Rd. Lung | | | Guangdong | | 523052 | China | 8/21/2015 | $266.25 |
| OCTOBER INTERNATIONAL LTD | ELENOR | No.1 De Sheng Rd. Lung | | | Guangdong | | 523052 | China | 8/25/2015 | $1,894.98 |

10/16/2015 4:25 PM
DC Shoes Inc-SOFA 3b.xlsx

In re: DC Shoes, Inc.
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| OKLAHOMA TAX COMMISSION | General Counsels Office | 120 N Robinson Suite 2000 W | | | Oklahoma City | OK | 73102-7895 | | 8/6/2015 | $100.00 |
| OLIVIER GAGNON | | P.O. BOX 5085 | | | SQUAMISH | BC | V8B 0C2 | Canada | 6/26/2015 | $3,000.00 |
| ORIENT INTERNATIONAL HOLDING | SHANGHAI KNITWEAR I/E CO. LTD. | Floor 2, 26, 27 Guangming Building | | | Shanghai | | 200002 | China | 7/10/2015 | $15,024.35 |
| PATCHY, INC. | C/O WASSERMAN MEDIA GROUP | 2251 FARADAY AVE, SUITE 200 | | | Carlsbad | CA | 92008 | | 7/20/2015 | $3,333.33 |
| PATCHY, INC. | C/O WASSERMAN MEDIA GROUP | 2251 FARADAY AVE, SUITE 200 | | | Carlsbad | CA | 92008 | | 8/18/2015 | $3,333.33 |
| PHOENIX PDQ, INC. | | 15723 TEXACO AVENUE | | | PARAMOUNT | CA | 90723 | | 7/17/2015 | $5,007.75 |
| PHOENIX PDQ, INC. | | 15723 TEXACO AVENUE | | | PARAMOUNT | CA | 90723 | | 8/6/2015 | $5,817.50 |
| PHOENIX PDQ, INC. | | 15723 TEXACO AVENUE | | | PARAMOUNT | CA | 90723 | | 8/20/2015 | $4,646.50 |
| PHOENIX PDQ, INC. | | 15723 TEXACO AVENUE | | | PARAMOUNT | CA | 90723 | | 8/27/2015 | $2,856.68 |
| PROPORTA | | UNIT 3 WOODINGDEAN BUSINESS PARK | | | BRIGHTON | SE | BN2 6NX | United Kingdom | 7/10/2015 | $286.50 |
| PT AMEYA LIVINGSTYLE INDONESIA | | DUSUN GUPAKWARAK, DESA | | | YOGYAKARTA | | 55751 | Indonesia | 6/18/2015 | $4,410.00 |
| PT AMEYA LIVINGSTYLE INDONESIA | | DUSUN GUPAKWARAK, DESA | | | YOGYAKARTA | | 55751 | Indonesia | 7/10/2015 | $2,525.55 |
| PT AMEYA LIVINGSTYLE INDONESIA | | DUSUN GUPAKWARAK, DESA | | | YOGYAKARTA | | 55751 | Indonesia | 7/16/2015 | $3,109.70 |
| PT TYFOUNTEX INDONESIA | | GUMPANG KARTASURA | | | SUKOHARJO | | 57169 | Indonesia | 7/10/2015 | $14,709.70 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 6/18/2015 | $461,238.16 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 7/10/2015 | $315,823.03 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 7/17/2015 | $200,354.49 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 7/24/2015 | $99,632.76 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 8/7/2015 | $125,312.85 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 8/13/2015 | $502,225.54 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 8/21/2015 | $123,216.57 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | | Liuxian, Laidian Town, Xianyou | | | Putian | | 351251 | China | 8/25/2015 | $239,651.28 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 6/17/2015 | $6,060.00 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 6/18/2015 | $1,423.00 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 6/19/2015 | $4,704.00 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 7/6/2015 | $1,882.92 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 7/17/2015 | $5,823.84 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 8/4/2015 | $8,365.35 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 8/7/2015 | $1,327.50 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 8/18/2015 | $24,206.00 |
| RA INTERNATIONAL | | 5TH FLOOR ANANDLOK | | | KOLKATA | | 700020 | India | 8/18/2015 | $12,107.68 |
| RENE DI CRISTINA | | Munoz Rivera St. #40 | | | Rincon | PR | 677 | | 6/17/2015 | $3,497.03 |
| RENE DI CRISTINA | | Munoz Rivera St. #40 | | | Rincon | PR | 677 | | 7/16/2015 | $5,503.89 |
| RENE DI CRISTINA | | Munoz Rivera St. #40 | | | Rincon | PR | 677 | | 8/17/2015 | $7,932.84 |
| ROGER GENGO | | 84 KERRIGAN STREET | | | LONG BEACH | NY | 11561 | | 7/17/2015 | $10,000.00 |
| RYAN LOUGHRIDGE | | 164 MAGNOLIA ST., APT. #B | | | COSTA MESA | CA | 92627 | | 7/17/2015 | $2,629.76 |
| RYDAIR, INC. | | 32565 B GOLDEN LANTERN, #249 | | | DANA POINT | CA | 92629 | | 7/15/2015 | $41,666.66 |
| RYDAIR, INC. | | 32565 B GOLDEN LANTERN, #249 | | | DANA POINT | CA | 92629 | | 8/18/2015 | $41,666.66 |
| S&S PROP ACQUISITION, LLC | BLT Enterprises | Robert Solomon | 501 Spectrum Circle | | Oxnard | CA | 93030 | | 6/18/2015 | $1,439.84 |
| S&S PROP ACQUISITION, LLC | BLT Enterprises | Robert Solomon | 501 Spectrum Circle | | Oxnard | CA | 93030 | | 6/25/2015 | $12,500.00 |
| S&S PROP ACQUISITION, LLC | BLT Enterprises | Robert Solomon | 501 Spectrum Circle | | Oxnard | CA | 93030 | | 7/28/2015 | $14,081.37 |
| SAMIL TONG SANG CO. | BONG GYU LIM | 18-130 Gangdong-Dong | | | Busan | | 618-800 | South Korea | 6/18/2015 | $405,120.30 |
| SAMIL TONG SANG CO. | BONG GYU LIM | 18-130 Gangdong-Dong | | | Busan | | 618-800 | South Korea | 7/6/2015 | $504,000.01 |
| SAMIL TONG SANG CO. | BONG GYU LIM | 18-130 Gangdong-Dong | | | Busan | | 618-800 | South Korea | 7/17/2015 | $300,855.94 |
| SAMIL TONG SANG CO. | BONG GYU LIM | 18-130 Gangdong-Dong | | | Busan | | 618-800 | South Korea | 7/24/2015 | $204,136.32 |
| SAMIL TONG SANG CO. | BONG GYU LIM | 18-130 Gangdong-Dong | | | Busan | | 618-800 | South Korea | 8/7/2015 | $200,341.81 |
| SAMIL TONG SANG CO. | BONG GYU LIM | 18-130 Gangdong-Dong | | | Busan | | 618-800 | South Korea | 8/21/2015 | $259,910.94 |
| SECRETARY OF STATE | | P.O. Box 202802 | | | Helena | MT | 59620 | | 7/7/2015 | $30.00 |
| SECRETARY OF STATE - OR | CORPORATION DIVISION | 255 CAPITOL ST NE, STE 151 | | | SALEM | OR | 97310-1327 | | 7/30/2015 | $275.00 |
| SHOWTIME RACING, INC. | | 420 BRIDOON TER | | | ENCINITAS | CA | 92024 | | 7/15/2015 | $8,333.33 |
| SHOWTIME RACING, INC. | | 420 BRIDOON TER | | | ENCINITAS | CA | 92024 | | 8/18/2015 | $8,333.33 |
| SIA | | 8377-B Greensboro Dr. | | | Mc Lean | VA | 22102 | | 6/25/2015 | $1,500.00 |
| SKI TOPS (DO-GREE FASHION) | MATTHEW TOCK | 3205 Bedford St | | | Montreal | QC | H3S 1G3 | Canada | 6/18/2015 | $2,670.00 |
| SKI TOPS (DO-GREE FASHION) | MATTHEW TOCK | 3205 Bedford St | | | Montreal | QC | H3S 1G3 | Canada | 6/25/2015 | $960.11 |
| SKI TOPS (DO-GREE FASHION) | MATTHEW TOCK | 3205 Bedford St | | | Montreal | QC | H3S 1G3 | Canada | 7/9/2015 | $5,785.95 |
| SKI TOPS (DO-GREE FASHION) | MATTHEW TOCK | 3205 Bedford St | | | Montreal | QC | H3S 1G3 | Canada | 8/7/2015 | $16,779.00 |
| SNOW PARK TECHNOLOGIES, LLC | | P.O. BOX 740 | | | VERDI | NV | 89439 | | 6/26/2015 | $111,900.00 |
| SOL EFFECT ENTERPRISES INC | | 11878 CLARK STREET | | | ARCADIA | CA | 91006 | | 6/18/2015 | $3,630.00 |
| SOL EFFECT ENTERPRISES INC | | 11878 CLARK STREET | | | ARCADIA | CA | 91006 | | 7/9/2015 | $384.30 |

In re: DC Shoes, Inc.
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 6/18/2015 | $6,728.55 |
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 6/26/2015 | $2,593.45 |
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 7/2/2015 | $27,008.00 |
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 7/9/2015 | $18,281.29 |
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 7/17/2015 | $2,426.73 |
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 7/23/2015 | $8,868.07 |
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 8/6/2015 | $1,954.25 |
| SOUTHERN COUNTIES EXPRESS, INC. | | P.O. Box 4249 | | | Compton | CA | 90224 | | 8/20/2015 | $5,274.25 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 6/19/2015 | $11,112.91 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 7/2/2015 | $83,607.95 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 7/9/2015 | $1,264.97 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 7/15/2015 | $21,849.36 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 7/16/2015 | $26,692.00 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 7/23/2015 | $272.80 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 7/31/2015 | $2,035.20 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 8/14/2015 | $34,335.02 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 8/20/2015 | $2,669.04 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 8/24/2015 | $2,288.00 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 9/8/2015 | $28,086.93 |
| SRINIVASA FASHIONS PVT LTD | N.S.NITHIYANANDAMAN@SRIBA | Nungambakkam High Road, Nungambakka | | | Chennai | | 600034 | India | 9/8/2015 | $4,411.77 |
| STARLIN POLANCO | | 2301 BELMONT AVE APT 8 | | | BRONX | NY | 10458 | | 7/23/2015 | $110.00 |
| STARLIN POLANCO | | 2301 BELMONT AVE APT 8 | | | BRONX | NY | 10458 | | 8/6/2015 | $90.00 |
| STATE OF MICHIGAN | Department of Treasury | Cadillac Place, Suite 10-200 | 3030 W. Grand Blvd | | Detroit | MI | 48202 | | 6/25/2015 | $10.00 |
| SURF EXPO,INC. | | 990 HAMMOND DRIVE | | | ATLANTA | GA | 30328 | | 6/11/2015 | $3,220.00 |
| TEN: THE ENTHUSIAST NETWORK INC. | | 831 S. DOUGLAS STREET | | | EL SEGUNDO | CA | 90245 | | 7/17/2015 | $6,076.38 |
| TEN: THE ENTHUSIAST NETWORK INC. | | 831 S. DOUGLAS STREET | | | EL SEGUNDO | CA | 90245 | | 7/23/2015 | $30,000.00 |
| TEN: THE ENTHUSIAST NETWORK INC. | | 831 S. DOUGLAS STREET | | | EL SEGUNDO | CA | 90245 | | 8/6/2015 | $6,165.00 |
| TEX RAY INDUSTRIAL CO LTD | | 6F, NO426, LINSEN N. RD | | | TAIPEI | | 104 | Taiwan | 6/18/2015 | $2,991.54 |
| TEX RAY INDUSTRIAL CO LTD | | 6F, NO426, LINSEN N. RD | | | TAIPEI | | 104 | Taiwan | 7/10/2015 | $2,497.08 |
| TEXAS STATE COMPTROLLER | UNCLAIMED PROPERTY DIVISION | P.O. BOX 12019 | | | AUSTIN | TX | 78711 | | 6/19/2015 | $6.50 |
| TEXAS STATE COMPTROLLER | UNCLAIMED PROPERTY DIVISION | P.O. BOX 12019 | | | AUSTIN | TX | 78711 | | 7/16/2015 | $20.85 |
| TEXAS STATE COMPTROLLER | UNCLAIMED PROPERTY DIVISION | P.O. BOX 12019 | | | AUSTIN | TX | 78711 | | 8/19/2015 | $26.53 |
| THE BERRICS, LLC | | 2535 E. 12TH ST., UNIT A | | | LOS ANGELES | CA | 90021 | | 7/20/2015 | $36,250.00 |
| THE BERRICS, LLC | | 2535 E. 12TH ST., UNIT A | | | LOS ANGELES | CA | 90021 | | 8/18/2015 | $36,250.00 |
| THOMAS ALEXANDER SCHAAR | DBA TOM SCHAAR | 508 WARWICK AVE. | | | CARDIFF | CA | 92007 | | 6/18/2015 | $18,500.00 |
| THOMAS ALEXANDER SCHAAR | DBA TOM SCHAAR | 508 WARWICK AVE. | | | CARDIFF | CA | 92007 | | 7/20/2015 | $5,833.33 |
| THOMAS ALEXANDER SCHAAR | DBA TOM SCHAAR | 508 WARWICK AVE. | | | CARDIFF | CA | 92007 | | 8/18/2015 | $14,823.11 |
| TIM MCKENNA | | BP 380617 TAMANU | | | PUNAAUIA | TH | 98718 | French Polynesia | 7/1/2015 | $11,500.00 |
| TLD ASIA PACIFIC LTD | | EASEY COMM BLD RM 1401-2 | | | WANCHAI | | | Hong Kong | 8/7/2015 | $9,600.00 |
| TOP MERCHANT INC LIMITED | | FLAT/RM 703 7/F, KOWLOON BUILDING | | | Kowloon | KLN | 999077 | Hong Kong | 6/18/2015 | $467.25 |
| TORSTEIN HORGMO | C/O THE SPORTS SYNDICATE | 20411 Birch Street, Ste. 350 | | | Newport Beach | CA | 92660 | | 7/20/2015 | $33,495.19 |
| TRAVIS RICE, INC | C/O WASSERMAN MEDIA GROUP, LLC | 2052 CORTE DEL NOGAL, STE 150 | | | Carlsbad | CA | 92011 | | 7/20/2015 | $8,333.33 |
| TRAVIS RICE, INC | C/O WASSERMAN MEDIA GROUP, LLC | 2052 CORTE DEL NOGAL, STE 150 | | | Carlsbad | CA | 92011 | | 8/18/2015 | $8,333.33 |
| TRISTAN B. FUNKHOUSER | | 7001 PONCE AVE. | | | WEST HILLS | CA | 91307 | | 6/18/2015 | $150.00 |
| TRISTAN B. FUNKHOUSER | | 7001 PONCE AVE. | | | WEST HILLS | CA | 91307 | | 7/20/2015 | $1,000.00 |
| TRISTAN B. FUNKHOUSER | | 7001 PONCE AVE. | | | WEST HILLS | CA | 91307 | | 8/18/2015 | $1,000.00 |
| TYLER WAYNE BEREMAN | | 39268 MANGO BAY, UNIT E | | | MURRIETA | CA | 92563 | | 7/15/2015 | $2,166.67 |
| TYLER WAYNE BEREMAN | | 39268 MANGO BAY, UNIT E | | | MURRIETA | CA | 92563 | | 8/18/2015 | $2,166.67 |
| UNION TREND INTERNATIONAL LIMITED | | UNIT B, 2/F., HUNG MOU INDUSTRIAL B | | | KOWLOON | KLN | 999077 | Hong Kong | 7/10/2015 | $2,852.71 |
| UNITED SALES, INC. | | 5795 N. SAGE CREST ROAD | | | MT. GREEN | UT | 84050 | | 6/17/2015 | $9,976.91 |
| UNITED SALES, INC. | | 5795 N. SAGE CREST ROAD | | | MT. GREEN | UT | 84050 | | 7/16/2015 | $18,271.37 |
| UNITED SALES, INC. | | 5795 N. SAGE CREST ROAD | | | MT. GREEN | UT | 84050 | | 8/17/2015 | $53,894.02 |

10/16/2015 4:25 PM
DC Shoes Inc-SOFA 3b.xlsx

In re: DC Shoes, Inc.
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| UNIVERSAL WEBBING PRODUCT | | NO. 2188 XINQUN ROAD | | | JIAXING | | | China | 6/18/2015 | $579.54 |
| UNIVERSAL WEBBING PRODUCT | | NO. 2188 XINQUN ROAD | | | JIAXING | | | China | 7/10/2015 | $17,294.67 |
| UPS | | P.O. Box 894820 | | | Los Angeles | CA | 90189 | | 6/18/2015 | $46.63 |
| UPS SUPPLY CHAIN SOLUTIONS, INC | | 28013 NETWORK PLACE | | | Chicago | IL | 60673 | | 6/26/2015 | $5.12 |
| UPS SUPPLY CHAIN SOLUTIONS, INC | | 28013 NETWORK PLACE | | | Chicago | IL | 60673 | | 7/2/2015 | $4.30 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $71,683.02 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $68,490.94 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $45,491.29 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $35,361.76 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $35,268.39 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $34,369.27 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $29,773.06 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $25,435.31 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $14,317.51 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $7,207.09 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $6,515.14 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $6,429.73 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $3,585.02 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $2,888.32 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $2,594.71 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $1,328.34 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $1,165.50 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $840.22 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/22/2015 | $7,274.23 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 6/24/2015 | $10,657.58 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $118,732.35 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $91,131.57 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $77,881.25 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $32,238.76 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $24,596.04 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $21,450.70 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $18,541.47 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $9,369.39 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $5,504.73 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $4,023.34 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $3,864.22 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $3,140.80 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $2,404.88 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $1,537.26 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $1,141.89 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $1,137.02 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $613.80 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $79.00 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $27.88 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $115,914.35 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $2,086.18 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $7,456.18 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 7/23/2015 | $10,708.60 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $120,822.82 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $106,458.43 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $82,933.45 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $36,010.95 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $27,833.07 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $18,617.21 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $12,140.79 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $8,464.09 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $7,827.44 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $7,789.14 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $4,402.47 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $3,535.28 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $3,043.76 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $991.19 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $662.23 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $384.24 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $123.68 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $186,783.91 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $67,807.14 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $18,314.43 |
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/24/2015 | $5,347.87 |

**In re: DC Shoes, Inc.**
**Case No. 15-11883**
Attachment 3b
Payments to creditors

| Name of creditor | CreditorNoticeName | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|---|---|
| US CUSTOMS & BORDER PROTECTION | ATTN FP&F OFFICER | 1 WORLD TRADE CTR | | | LONG BEACH | CA | 90831 | | 8/27/2015 | $46.90 |
| VIRGINIA DEPARTMENT OF TAXATION | | PO Box 2156 | | | Richmond | VA | 23218 | | 8/12/2015 | $10.04 |
| WASHINGTON STATE | DEPARTMENT OF REVENUE | P.O. BOX 34052 | | | SEATTLE | WA | 98124 | | 6/23/2015 | $4.38 |
| WASHINGTON STATE | DEPARTMENT OF REVENUE | P.O. BOX 34052 | | | SEATTLE | WA | 98124 | | 7/24/2015 | $716.39 |
| WASHINGTON STATE | DEPARTMENT OF REVENUE | P.O. BOX 34052 | | | SEATTLE | WA | 98124 | | 8/21/2015 | $90.48 |
| WEIHAI TEXTILE IMP AND EXP CO | | No. 16 Shichang Da Road | | | Weihai | | 264200 | China | 6/18/2015 | $3,720.32 |
| WES KREMER | | 4675 Savona Place | | | San Diego | CA | 92130 | | 7/20/2015 | $13,900.00 |
| WES KREMER | | 4675 Savona Place | | | San Diego | CA | 92130 | | 8/6/2015 | $650.00 |
| WES KREMER | | 4675 Savona Place | | | San Diego | CA | 92130 | | 8/18/2015 | $10,000.00 |
| WES KREMER (ROYALTIES) | | 4675 SAVONA PLACE | | | SAN DIEGO | CA | 92130 | | 7/20/2015 | $9,057.77 |
| WILDCAT HOLDINGS LTD. | | 1663 CASCADE CRT | | | NORTH VANCOUVER | BC | V7G 2G1 | Canada | 7/15/2015 | $7,083.33 |
| WILDCAT HOLDINGS LTD. | | 1663 CASCADE CRT | | | NORTH VANCOUVER | BC | V7G 2G1 | Canada | 8/18/2015 | $7,083.33 |
| WME IMG HOLDINGS LLC | DBA INTERNATIONAL MERCHANDISING LLC | 1360 EAST 9TH ST., STE 100 | | | CLEVELAND | OH | 44114 | | 7/15/2015 | $20,833.33 |
| XIAMEN C&D LIGHT INDUSTRY CO., LTD. | | 15th Floor Seaside Bldg. | | | Xiamen | | 361000 | China | 6/18/2015 | $201,976.81 |
| XIAMEN C&D LIGHT INDUSTRY CO., LTD. | | 15th Floor Seaside Bldg. | | | Xiamen | | 361000 | China | 7/10/2015 | $315,373.73 |
| XIAMEN C&D LIGHT INDUSTRY CO., LTD. | | 15th Floor Seaside Bldg. | | | Xiamen | | 361000 | China | 8/7/2015 | $20,045.77 |
| XIAMEN C&D LIGHT INDUSTRY CO., LTD. | | 15th Floor Seaside Bldg. | | | Xiamen | | 361000 | China | 8/21/2015 | $140,310.96 |
| ZAPPOS IP, INC. | | 400 E. STEWART AVE | | | LAS VEGAS | NV | 89101 | | 6/26/2015 | $1,000.00 |
| ZHEJIANG XISHI JIAFANG TEXTILE CO L | | Paitou Village Paitou Town | | | Zhuji | | 311825 | China | 8/27/2015 | $252,030.82 |

**In re: DC Shoes, Inc.**
**Case No. 15-11883**
Attachment 4a
Suits, executions, garnishments, and attachments

| Caption of Suit | Case No. | Nature of Proceeding | Court | Location of Court | Summary of Case / Dispute | Status or Disposition |
|---|---|---|---|---|---|---|
| Carmelo Velazquez v. Tarquin Callen, QS Retail, Inc., Quiksilver, Inc. and DC Shoes, Inc. | 310091/2009 | Personal Injury | Supreme Court of New York | County of Bronx, New York | Plaintiff alleges that he injured his shoulder/knee in a fall at a building owned by the Defendant, Tarquin Callen.  Defendant filed a cross complaint against Quiksilver, Inc. and QS Retail, Inc. alleging breach of contract/negligence.  The property in question was the site of the DC Shoes store in Soho, NY. | Quiksilver filed a 3rd party complaint against NYC Management, LLC, the building manager.  No trial date set yet but expect a date in late 2015-early 2016. |
| Wells Fargo Bank, N.A., etc., Pltf. Vs. Troy D. Moore, et al., including DC Shoes, Inc., Dfts. | 15-CV-24071 | Foreclosure | Multnomah County Circuit Court | Multnomah County, Oregon | DC Shoes has a judicial lien against a wholesale customer's real property for failure to pay for product.  The underlying senior lender is foreclosing on the property and DC is named in the action. | Pending. |
| Dirtball Fashion, LLC / William Joseph Fox v. DC Shoes, Inc., Quiksilver, Inc. | 5:14-CV-97-RLV-DCK | Intellectual Property Infringement | U.S. District Court | Western District of North Carolina, Statesville Division | Trademark infringement suit against DC Shoes, Inc. and Quiksilver, Inc. concerning DC's sale of a DC "Dirtball" flannel shirt. | Case dismissed with prejudice after parties entered into a confidential settlement agreement. |

**In re: DC Shoes, Inc.**
**Case No. 15-11883**
Attachment 19a
Books, records and financial statements

| Name | Address 1 | Address 2 | City | State | Zip | Title | Dates services rendered |
|------|-----------|-----------|------|-------|-----|-------|-------------------------|
| Erin Johnston | c/o Quiksilver, Inc. et al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | Vice President, Controller Americas | 2/8/2010 - Present |
| Terry Gardy | c/o Quiksilver, Inc. et al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | Vice President, Accounting | 6/18/2012 - Present |
| Andrew Bruenjes | c/o Quiksilver, Inc. et al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | CFO, Americas | 4/1/2015 - Present |
| John Ewing | c/o Quiksilver, Inc. et al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | Vice President, Credit & Collections | 3/23/2009 - Present |
| Thomas Chambolle | c/o Quiksilver, Inc. et al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | CFO, Global | 3/25/2015 - Present |
| Richard Shields | c/o Quiksilver, Inc. et al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | CFO, Global | 5/11/2012 - 4/3/2015 |
| Michael Henry | c/o Quiksilver, Inc. et al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | Vice President, Global Controller | 9/24/2012 - 5/22/2015 |

10/16/2015 4:26 PM
DC Shoes Inc-SOFA 19a.xlsx

**In re: DC Shoes, Inc.**
**Case No. 15-11883**
Attachment 21b
Current Partners, Officers, Directors and Shareholders

| Name | Address 1 | Address 2 | City | State | Zip | Title | Type | Nature and percentage of stock ownership |
|------|-----------|-----------|------|-------|-----|-------|------|------------------------------------------|
| Andrew Bruenjes | c/o Quiksilver Inc, et. al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | CFO | Officer | N/A |
| Andrew Bruenjes | c/o Quiksilver Inc, et. al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | | Director | N/A |
| Craig Johnson | c/o Quiksilver Inc, et. al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | Assistant Secretary | Officer | N/A |
| Greg Healy | c/o Quiksilver Inc, et. al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | Vice President | Officer | N/A |
| Linnsey Caya | c/o Quiksilver Inc, et. al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | President & Secretary | Officer | N/A |
| Linnsey Caya | c/o Quiksilver Inc, et. al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | | Director | N/A |
| QS Wholesale, Inc. | c/o Quiksilver Inc, et. al. | 5600 Argosy Circle | Huntington Beach | CA | 92649 | | Equity Ownership | 100% Equity Ownership |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re: DC Shoes, Inc.                                                                    Case No. 15-11883 (BLS)

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Andrew Bruenjes, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __10/16/2015_____          Signature: ___/ s / Andrew Bruenjes_____

                                                                            **Andrew Bruenjes**

                                                                            **Chief Financial Officer**

-----------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**