# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | |
| In re: : | Chapter 11 |
| : | |
| QUIKSILVER, INC., *et al.*, : | Case No. 15-11880 (BLS) |
| : | |
| Debtors.¹ : | Jointly Administered |
| : | Hrg. Date: Nov. 17, 2015 at 10:30 a.m. (Eastern) |
| : | Obj. Due: Nov. 10, 2015 at 4:00 p.m. (Eastern) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

### DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 365 AND BANKRUPTCY RULE 9006 EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company") hereby move (the "Motion") this Court for entry of an order, pursuant to sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property, including subleases or other agreements to which any of the Debtors are a party that may be considered an unexpired lease of nonresidential real property (collectively, the "Leases"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code. The relief is further warranted under Bankruptcy Rule 9006.

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8. On October 13, 2015, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 292] (the "Plan").

9. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20].

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order under Bankruptcy Code section 365(d)(4) granting a 90-day extension of the original 120-day deadline within which the Debtors must move to assume or reject the Leases through and including April 6, 2016 (the "Extension Period").

**BASIS FOR RELIEF**

10. Absent the relief requested herein, the period for assuming or rejecting the Leases expires on January 7, 2016 (the "365(d)(4) Deadline"). As will be more fully set forth in conjunction with the filing of a disclosure statement and related procedures motion, the Debtors are pursuing a proposed timeline under which they intend to seek confirmation of the Plan on or about January 25, 2016 (the "Confirmation Hearing") —just a few weeks after the expiration of the 365(d)(4) Deadline. The Plan provides for the assumption or rejection of each of the Debtors' Leases.[2] Thus, the Debtors request an extension of the 365(d)(4) Deadline to preserve their valuable Leases pending confirmation or some other value maximizing alternative. Moreover, extension of the 365(d)(4) Deadline by the Extension Period is a requirement under the Debtors' post-petition debtor-in-possession financing facilities (the "DIP Facilities").

11. The Leases cover numerous properties, which include nonresidential real property Leases for the premises occupied by the Debtors in connection with the operation of approximately 85 Company-owned retail stores as well as corporate headquarters and certain other facilities. As such, certain of the Debtors' Leases are important and valuable assets of the

---

[2] The Debtors are currently in the process of determining whether each Lease will be assumed or rejected. Nothing herein should be construed as a determination as to whether the Debtors will assume or reject any particular Lease under the plan or otherwise.

Debtors' business and may be essential to the Debtors' Plan. Thus, the Debtors wish to deal comprehensively with their Leases through the treatment set forth in the Plan. Accordingly, the relief sought in this Motion will be essential to prevent the automatic rejection of the Leases pursuant to Bankruptcy Code section 365(d)(4) and to maintain an efficient plan process.

12. For these reasons, and for the reasons further set forth below, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

## APPLICABLE AUTHORITY

13. Bankruptcy Code section 365(d)(4) provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of – (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4). Thus, the Court may, for cause, order a 90-day extension of the period during which the Debtors may assume or reject nonresidential real property leases upon the filing of a motion for such relief.

14. Courts have routinely granted extensions of the assumption or rejection time period. See, e.g., Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs.), 989 F.2d 682, 688-89 (3d Cir. 1993) (affirming grant of 365(d)(4) extension to allow debtor to evaluate unexpired leases); Chapman Inv. Assoc. v. Am. Healthcare Mgmt., Inc. (In re American

5

Healthcare Mgmt., Inc.), 900 F.2d 827, 830 (5th Cir. 1990) (affirming third extension); Williamette Waterfront, Ltd v. Victoria Station, Inc. (In re Victoria Station, Inc.), 875 F.2d 1380, 1384-85 (B.A.P. 9th Cir. 1989) (affirming second extension). Moreover, the relief requested herein is commonly granted in this District. See, e.g., In re Synagro Technologies, Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. Aug. 16, 2013) (granting 90-day extension of time to assume or reject unexpired leases of nonresidential real property); In re Harry & David Holdings, Inc., Case No. 11-10884 (MFW) (Bankr. D. Del. Apr. 27, 2011) (same); In re Appleseed's Intermediate Holdings LLC, Case No. 11-10160 (Bankr. D. Del. Feb. 17, 2011) (same); In re Holley Performance Prods. Inc., Case No. 09-13333 (Bankr. D. Del. Apr. 15, 2010) (same); In re Avanta Corp., Case No. 09-13931 (Bankr. D. Del. Mar. 2, 2010) (same); In re Sportsman's Warehouse, Inc., Case No. 09-10990 (Bankr. D. Del. Apr. 13, 2009) (same); see also In re Goody's Family Clothing, Inc. (Goody's Family Clothing, Inc. v. Mountaineer Prop. Co.), 401 B.R. 656, 663 (D. Del. 2009), aff'd sub nom. In re Goody's Family Clothing Inc., 610 F.3d 812 (3d Cir. 2010) ("For cause shown, the Bankruptcy Court may extend [the 365(d)(4) Deadline] 90 additional days.").

15. Here, cause exists to extend the assumption or rejection time period for the Extension Period as requested herein. Although the term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, in determining whether cause exists for an extension of the assumption or rejection time period under section 365(d)(4), courts have relied on several factors, including the following:

    (a)     whether the case is complex and involves a large number of leases;

    (b)     whether the leases are primary among the debtor's assets;

    (c)     whether the lessor continues to receive postpetition rental payments;

(d) whether the continued occupation could damage the lessor and such lessor could not receive compensation under the Bankruptcy Code; and

(e) whether the debtor has been afforded enough time to develop a plan.

See S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996); In re Wedtech Corp., 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); Collier on Bankruptcy ¶ 365.05[3][e] (16th ed. 2015); see also In re Channel Home Ctrs., 989 F.2d at 689 ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing In re Wedtech, 72 B.R. at 471-72)).

16. The circumstances surrounding the Debtors' cases satisfy all of the factors set forth above. First, the Debtors' Chapter 11 Cases are large and have involved a material number of Leases.

17. Second, the Leases are primary among the Debtors' assets. The Leases cover properties at which the Debtors have key retail locations and perform critical operations, and they are not easily replaceable. As such, without certain of the Leases, the going concern value of the Debtors may be significantly diminished, and the Plan Sponsor (as defined in the Plan) may demand adjustments to the economics of the contemplated transaction to account for the loss of vital real property leases.

18. Third, the Debtors believe that they are, and they intend to remain, current on all their post-petition rent obligations under the Leases.

19. Fourth, lessors of the Leases will not be prejudiced by the relief sought. Through the operation of Bankruptcy Code section 365(d)(3), the Debtors' landlords enjoy a preferred position that alleviates potential prejudice from an extension of the Debtors' time to

assume or reject the Leases.[3]  Given this protection, the potential for prejudice to any landlord from an extension of the Debtors' time to assume or reject the Leases is remote.[4]

20. By contrast, lessors may be prejudiced if the Debtors are unable to obtain an extension. Without an extension, the Debtors might be compelled to reject potentially valuable Leases, thereby forfeiting potential benefits associated with the Leases, or incurring unnecessary rejection damages claims.   The Debtors believe that such rejection would be to the detriment of the lessors and the Debtors' estates, their lessors, and other creditors, stakeholders, and parties in interest.  Moreover, as noted above, the Plan Sponsor may demand adjustments to the economics of the transaction to account for the loss of vital Leases.

21. Fifth, the Debtors hope and expect that the full Extension Period will not be necessary.  However, the Debtors require an extension in order to allow for the Leases to be comprehensively analyzed and treated pursuant to the Plan at the Confirmation Hearing. Absent the extension, the Debtors would be required to assume or reject leases just weeks before they could otherwise be dealt with the in context of a full, confirmed, reorganization.  Separating the assumption or rejection decision from confirmation of the Plan in this way could have negative repercussions for the Debtors' estates and creditors and for their reorganization process, with little concomitant benefit.  Thus, the Debtors submit that an extension of the 365(d)(4) Deadline is proper.

---

[3] Under section 365(d)(3), a debtor in possession is required to pay the reserved rent for all postpetition periods prior to rejection.  See Towers v. Chickering & Gregory (In re Pac.-Atl. Trading Co.), 27 F.3d 401, 405 (9th Cir. 1994); Fifth Ave. Jewelers, Inc. v. Great East Mall, Inc. (In re Fifth Ave. Jewelers), 203 B.R. 372, 383 (Bankr. W.D. Pa. 1996).

[4] Nothing contained in any order granting the relief requested herein will limit any landlord's ability to request (if its circumstances so warrant and upon appropriate notice and motion to the Court) that the Court should shorten the Extension Period and specify a period of time within which the Debtors must determine whether to assume or reject such landlord's Lease.

22. Finally, although the Debtors are in the process of evaluating and analyzing the Leases and expect to complete their analysis pursuant to the timeline under the Plan for identifying Leases to be assumed and rejected, they have a substantial number of Leases and must balance the need to comply with the reporting and disclosure requirements of the Bankruptcy Code and the United States Trustee and address the myriad of issues that typically arise after the filing of chapter 11 cases (all in the first few months of the Debtors' bankruptcy cases). In addition, the Debtors' proposed timeline may shift or the Debtors may choose to pursue a difference course. As a result, the Debtors may require additional time to complete the Lease analysis process and resolve any issues or disputes that may arise with respect to the Leases.

23. Accordingly, for the reasons set forth above, the Debtors seek an extension of the time within which the Debtors must move to assume or reject the Leases through and including April 6, 2016. In light of the Debtors' ongoing efforts to analyze the Leases and maximize value for their creditors and stakeholders, the present request is without prejudice to the Debtors' right to seek a further extension of the section 365(d)(4) deadline if circumstances so warrant, in accordance with Bankruptcy Code section 365(d)(4)(B)(ii).

## RESERVATION OF RIGHTS

24. This Motion and the relief requested are and will be without prejudice to the substantive rights of the parties to the unexpired leases at issue in these cases.

## NOTICE

25. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors'

prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) the counterparties to the Leases; and (h) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief set forth herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
October 22, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/  *Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*