IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | Hrg Date: Nov. 17, 2015 at 10:00 a.m. (Eastern) |
| | : | Obj. Date: Nov. 10, 2015 at 4:00 p.m. (Eastern) |

**DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING STIPULATION MODIFYING AUTOMATIC STAY TO ALLOW FOR ADVANCEMENT/PAYMENT OF COSTS AND FEES UNDER DIRECTORS AND OFFICERS INSURANCE POLICY**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company") hereby move (the "Motion") for entry of an order pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), approving the Debtors' entry into a stipulation, attached to the order as Exhibit 1 (the "Stipulation") modifying the automatic stay of Bankruptcy Code section 362(a) to the extent applicable to permit Andrew P. Mooney, Richard Shields, William M. Barnum, Jr., Bernd E. Beetz, Joseph F. Berardino, Michael A. Clarke, Elizabeth Dolan, M. Steven Langman, Robert B. McKnight, Jr., and Andrew

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

W. Sweet (collectively, the "Insured Persons") to enforce their rights and/or receive advancement/payment of costs and fees payable under the insurance policy regarding directors and officers (the "Insurance Policy") issued by ACE Insurance Company and its affiliates (the "Insurer").  In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 362(d)(1) of the Bankruptcy Code.  Such relief is also warranted under Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1.

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20].

9. On April 2, 2015 and April 16, 2015, some or all of the Insured Persons were named as defendants in putative class-action lawsuits captioned <u>Stevens v. Quiksilver, Inc. et. al.</u>, Case No. CV15-00516-JVS-JCG and <u>Stein v. Quiksilver, Inc. et al.</u>, Case No. CV15-02810-JVS-JCG (the "<u>Pending Federal Actions</u>"). The Pending Federal Actions are currently pending in the United States District Court for the Central District of California. An order consolidating the Pending Federal Actions was entered on June 26, 2015. On August 25, 2015, some or all of the Insured Persons were named as defendants in the amended class action consolidated complaint captioned <u>Stevens v. Quiksilver, Inc. et al.</u>, Case No. CV15-00516-JVS-JCG. On September 21, 2015, the Order Staying Action Pending Bankruptcy Proceedings, Removing Action From Active Caseload And Directing The Parties To File Status Reports was entered.

10. On June 2, 2015, some or all of the Insured Persons were named as defendants in a shareholder derivative action captioned <u>Vu v. Mooney et al</u>, Case No. 30-2015-00790891-CU-BT-CJC (together with the Pending Federal Actions, the "<u>Pending Actions</u>"). This case is currently pending in the Superior Court of California, County of Orange. On September 14, 2015, a Minute Order was entered, ordering the case suspended due to the Notice of Stay of Proceedings Re: Bankruptcy. A Review Hearing re: Bankruptcy Status is scheduled for January 12, 2016.

11. Prior to the commencement of the Pending Actions, the Debtors purchased the Insurance Policy for the benefit of the Insured Persons.

12. In accordance with the Insurance Policy, the Debtors, on behalf of themselves and the Insured Persons, provided notice of the Pending Actions to the Insurer and

sought coverage for the Pending Actions under the Insurance Policy to advance defense costs they have incurred and are continuing to incur in the defense of the Pending Actions.

13. The Insurer has agreed to advance the Insured Persons' defense costs and fees incurred in connection with the Pending Actions, subject to its reservation of rights, but requests the entry of a comfort order authorizing it to do so to the extent the automatic stay may apply to any advance of such insurance proceeds.

14. The Insurance Policy includes a Presumptive Indemnification clause as section XI., which provides that the Company agrees to indemnify the Insured Persons to the fullest extent permitted by law.

15. The Insurance Policy further provides that the Company's indemnification obligations under section XI shall not apply in the event the Company becomes a debtor-in-possession, as has occurred here.

16. Contemporaneously with the filing of this Motion, the Debtors and the Insured Persons entered into the Stipulation.

### RELIEF REQUESTED

17. By this Motion, the Debtors seek entry of an order approving the Stipulation and modifying the automatic stay, to the extent it applies, for the purpose of allowing the Insurer to make payments to the Insured Persons in accordance with the terms and conditions of the Insurance Policy.

### BASIS FOR RELIEF

18. Absent an order modifying the automatic stay of Bankruptcy Code section 362, it might be unclear whether the Insurer would be permitted to make payments to, or on behalf of, the Insured Persons in accordance with the terms and conditions of the Insurance

Policy. The Insured Persons would, in that event, be forced to personally fund or continue to personally fund their defense in connection with the Pending Actions, potentially preventing them from conducting a meaningful defense and causing them immediate and irreparable harm. Accordingly, in order to provide sufficient comfort to the Insurer and the Insured Persons that the Insured Persons will be authorized to enforce their rights and/or receive proceeds payable under the Insurance Policy, the Debtors seek entry of an order approving the Stipulation and modifying the automatic stay imposed by section 362 of the Bankruptcy Code as more fully set forth in the Stipulation.

## APPLICABLE AUTHORITY

19. A debtor's liability insurance policy is considered property of the estate. See In re Downey Financial Corp., 428 B.R. 595, 603 (Bankr. D. Del. 2010). The determination of whether the *proceeds* of a liability insurance policy are property of the estate, however, requires a fact-based analysis of the language and scope of the policy at issue. See In re Allied Digital Techs. Corp., 306 B.R. 505, 509 (Bankr. D. Del. 2004) (explaining that the outcome of such a determination usually hinges on who the named insured under the liability insurance policy is). In evaluating other D&O insurance policies, this Court has held that "when there is coverage for the directors and officers and the debtor, the proceeds will be property of the estate if depletion of the proceeds would have an adverse effect on the estate to the extent the policy actually protects the estate's other assets from diminution." Allied, 306 B.R. at 512 (finding D&O insurance proceeds were not property of the estate where a debtor had indemnification coverage, but indemnification had not occurred, was hypothetical or speculative); see also Miller v. Mcdonald (In re World Health Alternatives, Inc.), 369 B.R. 805, 811 (Bankr. D. Del. 2007)

6

(proceeds not property of the estate where only directors and officers, and not the debtor, had a right to recovery from the policy's Coverage A).

20. Under the facts present here, the Debtors do not believe that diminution of the proceeds of the Insurance Policies would negatively impact the Debtors' estates. The Insurance Policies provide for direct coverage of the Insured Persons. The Pending Actions have been stayed against the Debtors due to the Automatic Stay and will be enjoined under the Plan's injunctive provisions .

21. Even if the proceeds of the Insurance Policy are deemed property of the estate, cause exists to modify the Automatic Stay as requested herein. Bankruptcy Code section 362(d)(1) provides that, "[o]n request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay – (1) for cause…" 11 U.S.C. § 362(d). "Cause" is not defined by section 362(d)(1). See In re The SCO Grp.. Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007). Courts in the Third Circuit have stated that "cause is a flexible concept" often involving a "fact intensive, case-by-case balancing test." Id. (citing Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997)).

22. In the context of defense costs to be provided to directors and officers pursuant to a debtor's insurance policy, "[i]t is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers, especially when there is no evidence that direct coverage of the debtor will be necessary." In re Allied Digital Techs. Corp., 306 B.R. 505, 513 (Bankr. D. Del. 2004) (finding "cause" to lift the automatic stay, to the extent the insurance proceeds were property of the estate, to authorize an insurer to advance defense costs to directors and officers in accordance with the terms of a D&O policy); see also In re Downey

7

Financial Corp., 428 B.R. 595, 611 (Bankr. D. Del. 2010) (lifting automatic stay to allow insured directors and officers to access policy proceeds even if policy proceeds were property of the estate).

23. Here, cause exists to modify the Automatic Stay to permit the Insurer to make payments under and in accordance with terms of the Insurance Policy to or for the benefit of the Insured Persons for the reimbursement and payment of their costs and fees incurred in defending the Pending Actions. In the absence of such an order, the Insured Persons would be forced to personally fund or continue to personally fund their defense in connection with the Pending Actions, potentially preventing them from conducting a meaningful defense and causing them immediate and irreparable harm.

24. Finally, the Debtors believe that they will not be prejudiced if the automatic stay is modified as sought herein. As provided earlier, the Pending Actions have been stayed against the Debtors as a result of the Automatic Stay. As a result, the Debtors' estate will have no independent liability in connection with the Pending Actions.

**NOTICE**

25. Notice of this Application will be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PREVIOUS REQUEST**

26. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief set forth herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
October 22, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi (I.D. No. 2855)
Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*