## **EXHIBIT A**

**Graiser Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| Debtors.[1] | : | Jointly Administered |

**DECLARATION OF ANDREW GRAISER IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-2(h) (I) AUTHORIZING EMPLOYMENT AND RETENTION OF A&G REALTY PARTNERS, LLC AS THEIR REAL ESTATE ADVISOR, *NUNC PRO TUNC* TO THE PETITION DATE, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-2(d), AND (III) GRANTING RELATED RELIEF**

I, Andrew Graiser, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am Co-President of A&G Realty Partners, LLC ("<u>A&G Realty</u>" or "<u>A&G</u>"), a real estate consulting and advisory firm located at 445 Broadhollow Road, Suite 410, Melville, NY 11747.

2. I am duly authorized to make and submit this declaration (this "<u>Declaration</u>") on behalf of A&G Realty in support of the Debtors' Application For Entry Of Order Pursuant To Bankruptcy Code Sections 327(a) And 328(a), Bankruptcy Rules 2014 And

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2016, And Local Bankruptcy Rules 2014-1 And 2016-2(h) (I) Authorizing Employment And Retention Of A&G Realty Partners, LLC As Their Real Estate Advisor, *Nunc Pro Tunc* To The Petition Date, (II) Waiving Certain Information Requirements Of Local Bankruptcy Rule 2016-2(d), And (III) Granting Related Relief (the "Application"),[2] filed contemporaneously herewith by the above-captioned debtors and debtors in possession (collectively, the "Debtors").

3. Except as otherwise noted, the facts set forth in this Declaration are based on my personal knowledge, information, and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of A&G Realty under my supervision and direction.

## A&G REALTY'S QUALIFICATIONS

4. A&G Realty is a diversified real estate consulting and advisory firm with offices located throughout the country. A&G Realty evaluates, restructures, facilities the acquisition of, and disposes of all types of real estate. A&G Realty's professionals have extensive experience in providing services regarding the review, analysis, restructuring, disposition and negotiation of real property lease agreements.

5. A&G Realty's principals have over fifty years of commercial real estate experience, and A&G also has significant experience in the disposition and renegotiation of leases in bankruptcy. Indeed, A&G Realty's professionals been retained as real estate consultants in a variety of bankruptcy cases involving issues relating to the review, analysis, and renegotiation of key real property lease agreements, including, but not limited to, the following: In re Caché, Inc., Case No. 15-10172 (MFW) (Bankr. D. Del. Mar. 3, 2015); In re Event Rentals, Inc., Case No. 14-10282 (PJW) (Bankr. D. Del. April 15, 2014); Orchard Supply Hardware

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application or the Services Agreement (as defined below).

Stores Corp., Case No. 13-11565 (CSS) (Bankr. D. Del. July 11, 2013); <u>In re Bakers Footwear Group, Inc.</u>, Case No. 12-49658-705 (Bankr. E.D. Mo. Feb. 5, 2013).

6.      Accordingly, I believe A&G Realty is well qualified to perform all services contemplated by the Services Agreement, and to represent the Debtors' interests in these Chapter 11 Cases, in a cost-effective, efficient, and timely manner.

### A&G REALTY'S PREPETITION AND POSTPETITION SERVICES PROVIDED TO DATE

7.      In early September 2015, the Debtors retained A&G Realty as their real estate advisor to provide them with Lease analysis and other Lease-related Services during these Chapter 11 Cases. Accordingly, on September 4, 2015, A&G Realty and ZQK entered into a Real Estate Services Agreement (the "<u>Services Agreement</u>"), a copy of which is attached as <u>Exhibit B</u> to the Application, to provide certain real estate services in connection with the Debtors' Leases.

8.      A&G Realty has been extensively involved in the Company's Lease-related efforts. As a result of A&G Realty's prepetition work performed on behalf of the Debtors, as well as its postpetition services provided to date, I believe that A&G has acquired significant knowledge of the Debtors' Leases and the Debtors' goals and objectives with respect to the Leases. During A&G Realty's engagement, A&G has provided the following services, among others, in connection with the Debtors' Leases:

- consulting services;
- review and analysis of the Company's Leases;
- negotiation of the Leases; and
- marketing of the Leases.

9. In providing these services to the Debtors, A&G Realty has committed significant effort and resources toward analyzing the Debtors' Leases and Lease-related matters. Accordingly, I believe that A&G Realty has the necessary background to deal effectively and efficiently with the many issues that may arise in these Chapter 11 Cases in connection with the Debtors' Leases.

## SERVICES TO BE PROVIDED

10. As set forth more fully in the Services Agreement, A&G Realty will perform the following services for the Debtors (the "Services"):[3]

    (a)    consult with the Debtors to discuss the Debtors' goals, objectives, and financial parameters in relation to the Leases;

    (b)    negotiate with the landlords of the Lease properties on behalf of the Debtors to assist the Debtors in obtaining Lease modifications for the Leases set forth on Schedule A to the Services Agreement;

    (c)    negotiation with the landlords of the Lease properties and other third parties on behalf of the Debtors to assist the Debtors in obtaining Lease terminations, sales, and/or assignments for the Leases set forth in Schedule B to the Services Agreement;

    (d)    negotiate with the landlords of the Lease properties and other third parties on behalf of the Debtors to assist the Debtors in obtaining Lease claim mitigations for the Leases set forth in Schedules A or B to the Services Agreement, as applicable; and

    (e)    report periodically to the Debtors regarding the status of negotiations and performance of the Services.[4]

---

[3] Any description of the terms of the Services Agreement contained herein is a summary provided for convenience purposes only. In the event of any inconsistency between the summary of Services as set forth herein and the Services Agreement, the Services Agreement shall control. Capitalized terms used but not otherwise defined in this summary shall have the meanings ascribed to them in the Services Agreement.

[4] A&G Realty may provide additional services requested by the Debtors that are not otherwise specifically provided for in the Services Agreement, but any additional services would be mutually agreed to by the Debtors and A&G Realty and documented in a separate agreement.

4

11. As discussed above, A&G Realty has obtained valuable institutional knowledge of the Debtors' Leases as a result of providing the prepetition and postpetition services it has provided to the Debtors to date. Thus, I believe that A&G Realty is both well-qualified and uniquely able to perform these Services and assist the Debtors in these Chapter 11 Cases. Moreover, I believe that the Services are necessary to enable the Debtors to maximize the value of their estates. A&G Realty is willing and able to act as the Debtors' real estate advisor in these Chapter 11 Cases, and I further believe that A&G Realty's Services, which will be undertaken at the request of the Debtors, will assist the Debtors in a successful outcome of their Chapter 11 Cases.[5]

## PROFESSIONAL COMPENSATION

12. Subject to the Court's approval, the Debtors will compensate A&G in accordance with the terms and conditions set forth in the Services Agreement, including Schedule C of such agreement, which provides that the Debtors will pay to A&G Realty the following fixed fees (collectively, the "Fixed Fee Services"), as applicable Services are performed by A&G Realty on a Lease-by-Lease basis in these Chapter 11 Cases:[6]

> (a) Monetary Lease Modifications – For each Monetary Lease Modification attained by A&G Realty on behalf of the Debtors, A&G Realty shall be paid the greater of seven hundred and fifty dollars ($750.00) or four percent (4%) of the Occupancy Cost Savings per Lease.

---

[5] Additionally, the Debtors have agreed to not engage any other professional except for A&G Realty to perform the services provided under the Services Agreement.

[6] The summary provided herein is for illustrative purposes only and is subject to the Services Agreement in all respects. In the event of any inconsistency between the summary of the Fixed Fee Services set forth herein and the Services Agreement, the Services Agreement shall control. Capitalized terms used but not otherwise defined in this summary shall have the meanings ascribed to them in Schedule C of the Services Agreement.

(b) <u>Lease Terminations/Sales/Assignments</u> – For each Lease Termination/Sale/Assignment attained by A&G Realty on behalf of the Debtors, A&G Realty shall earn and be paid four percent (4%) of the Gross Proceeds received by the Debtors. Additionally, A&G shall be paid a one hundred dollar ($100.00) administrative fee per lease.

(c) <u>Lease Claim Mitigations</u> – For Lease Claim Mitigations negotiated by A&G Realty on behalf of the Debtors, A&G Realty shall earn and be paid a fee of four and one half percent (4.5%) of the Gross Proceeds per claim. Reductions of 502(b)(6) claims will be calculated based upon the dividend paid to unsecured creditors.

(d) <u>Early Termination Rights</u> – For each acceptable Early Termination Right obtained by A&G Realty on behalf of the Debtors, A&G Realty shall earn and be paid a fee of two thousand five hundred dollars ($2,500.00) per Lease.

(e) <u>Non-Monetary Lease Modification</u> – For each acceptable Non-Monetary Lease Modification (excluding Early Termination Rights) obtained by A&G Realty on behalf of the Debtors, A&G shall earn and be paid a fee of one thousand two hundred fifty dollars ($1,250.00) per Lease, regardless of the aggregate number of Non-Monetary Lease Modifications.

13. Additionally, the Debtors have paid A&G Realty a non-refundable retainer fee in the amount of twenty five thousand dollars ($25,000.00), which is to be applied to the fees due under the Services Agreement.

14. In addition to any fees payable by the Debtors to A&G Realty, the Debtors have agreed to reimburse A&G Realty for its transactional costs and/or legal expenses incurred by it or the Debtors in connection with A&G Realty's retention and Services provided by A&G. The Debtors have also agreed to reimburse A&G for its reasonable out-of-pocket expenses (including, but not limited to, legal, marketing, mailing, and travel expenses) incurred in connection with its retention and provision of Services. Any reimbursable expenses shall be paid to A&G Realty within ten (10) days of the Debtors' receipt of an invoice for such expenses. All

expenses in excess of five hundred dollars ($500.00) are required to be pre-approved in advance by the Debtors.

15. I believe that the compensation structure described above and set forth in the Services Agreement is comparable to compensation generally charged by real estate advisors of similar stature to A&G Realty for comparable engagements, both in and out of bankruptcy. Furthermore, the proposed compensation structure is also consistent with A&G Realty's normal and customary billing practices for cases of comparable size and complexity that require the level and scope of services to be provided in these Chapter 11 Cases.

**RECORD KEEPING AND APPLICATIONS FOR COMPENSATION**

16. I believe that there exists cause to waive the information and reporting requirements imposed by Local Bankruptcy Rule 2016-2(d) with respect to A&G Realty. It is standard in A&G Realty's industry for professionals providing services relating to lease concessions to be compensated on a fixed fee percentage basis, rather than on an incremental hourly basis, for such services. Therefore, I believe that it would be unduly burdensome and time-consuming for A&G's professionals to record their activities in compliance with the information requirements set forth in Local Bankruptcy Rule 2016-2(d). As described above, A&G Realty and the Debtors have agreed that, consistent with industry practice, A&G Realty will be primarily compensated on a fixed fee percentage basis for its Services.

17. A&G Realty requests that for compensation paid for all Services, and for all expenses incurred in connection with the Services, A&G Realty be paid one-hundred percent (100%) of the amount due upon submission of an acceptable invoice to the Debtors. Upon completion of its work for the Debtors, A&G Realty will file a final fee application for review by

the Court and parties in interest pursuant to section 328(a) of the Bankruptcy Code for all Services.

18. A&G Realty has agreed to submit monthly, interim, and final fee applications with regard to the Additional Services on an hourly basis only, and A&G Realty proposes that the time detail it provides with such fee applications shall be provided in summary format. Specifically, A&G Realty has agreed that it will submit time records setting forth the hours spent on each activity and a description of the services provided, but will not break out their time into one-tenth of an hour increments.

### INDEMNIFICATION

19. The Services Agreement includes a provision indemnifying A&G Realty and its respective affiliates, officers, directors, employees, agents and independent contractors (collectively, the "Indemnified Parties"). The indemnification provision governing the Debtors' and A&G Realty's indemnification rights and obligations (the "Indemnification Provision"), see Exhibit B, Services Agreement ¶ 23, was fully negotiated between the Debtors and A&G Realty at arm's length and in good faith. I believe that, subject to the modifications set forth in the proposed order attached to this Application, the Indemnification Provision is customary and reasonable for similar real estate advisor engagements in chapter 11 cases and reflects the qualifications and limitations on indemnification provisions that are customary in this district and other jurisdictions.

### DISCLOSURES CONCERNING CONNECTIONS WITH THE DEBTORS AND PARTIES IN INTEREST

20. The Debtors have numerous creditors, equity holders, and other parties in interest with whom they maintain business relationships. In connection with the Debtors' proposed retention of A&G Realty in these Chapter 11 Cases, A&G has reviewed the list of parties in interest provided by the Debtors, and A&G Realty undertook to determine whether it had any conflicts or other relationship that might cause it to not be disinterested or to hold or represent an interest adverse to the Debtors.

21. To the best of my knowledge and belief, A&G Realty (i) does not hold any interest materially adverse to the Debtors' estates, (ii) has no connection with the Debtors, their creditors, equity security holders, or related parties herein, and (iii) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), except as set forth herein and as follows:

- A&G Realty has worked with Wells Fargo and General Electric in the past in matters unrelated to the Debtors; and

- The two Co-Presidents of A&G Realty are former shareholders of Gordon Brothers Group and have residual minority investments with them.

22. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, A&G Realty has not been retained to assist any entity or person other than the Debtors on matters relating to, or in direct connection with, these Chapter 11 Cases, except as otherwise disclosed herein. If A&G Realty's proposed retention by the Debtors is approved by this Court, A&G will not accept any engagement or perform any services for any entity or person other than the Debtors in these Chapter 11 Cases. A&G Realty

9

will, however, continue to provide professional services to entities or persons that may be creditors of the Debtors or parties in interest in these Chapter 11 Cases, provided that such services do not relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

23. I am not related or connected to and, to the best of my knowledge after reasonable inquiry, no other professional of A&G Realty who will work on this engagement is related or connected to, any United States Bankruptcy Judge for the District of Delaware, any of the District Judges for the District of Delaware, the United States Trustee for the District of Delaware, or any employee in the Office of the United States Trustee for the District of Delaware.

24. As part of its diverse practice, A&G Realty appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties in interest in the Debtors' Chapter 11 Cases. Also, A&G Realty has performed in the past, and may perform in the future, real estate consulting and advisory services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, A&G Realty may have in the past, may currently, and may in the future work with or against other professionals involved in these cases in matters unrelated to the Debtors and these Chapter 11 Cases. Based on my current knowledge of the professionals involved in these Chapter 11 Cases, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which A&G Realty is to be employed, and none are in connection with these Chapter 11 Cases.

25. Given the large number of parties in interest in these Chapter 11 Cases, despite the efforts to identify and disclose A&G Realty's relationships with parties in interest in these Chapter 11 Cases, I am unable to state with absolute certainty that every client relationship or other connection has been disclosed in this Declaration. A&G Realty, therefore, has informed the Debtors that A&G will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, A&G Realty will promptly file a supplemental declaration with the Court as required by Local Bankruptcy Rule 2014-1(a).

26. I do not believe that A&G Realty is a "creditor" with respect to fees and expenses of any of the Debtors within the meaning of section 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the A&G Realty engagement team serving the Debtors, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

27. In the ninety day period prior to the Petition Date, A&G Realty received from the Debtors a $25,000.00 retainer, $0 in fees, and $0 on account of expense reimbursements. To the best of my knowledge, there are no outstanding amounts owed to A&G Realty as of the Petition Date. However, A&G Realty has informed the Debtors that A&G's prepetition fees and expenses for the billing period preceding the Petition Date may not have been fully accounted for as of the date hereof. Therefore, A&G Realty has informed the Debtors that as promptly as practicable after all fees and charges accrued prior to the Petition Date have finally been posted, A&G Realty will issue a final prepetition bill statement for any unpaid fees and charges for the period prior to the Petition Date (the "<u>Final Prepetition Bill Amount</u>"). Subject to any orders of the Court, A&G Realty will reconcile the Final Prepetition Bill Amount

11

with any remaining prepetition retainer amounts to pay A&G Realty's prepetition invoices. To the extent that reconciliation of the amount of the prepetition invoices (the "<u>Reconciliation Amount</u>") is less than the remaining retainer, the Debtors and A&G Realty have agreed that A&G Realty will hold the full amount of the difference as a postpetition retainer to be applied against postpetition expenses. In the event that the Final Prepetition Bill Amount exceeds the remaining retainer amounts, A&G Realty has agreed to waive any resulting prepetition claim against the Debtors for payment with respect to the amount by which the Reconciliation Amount exceeds the retainer.

28. A&G Realty has not shared or agreed to share any of its compensation from the Debtors with any other entity.

29. Except as described herein, no commitments have been made or received by A&G Realty, nor any member thereof, as to compensation or payment in connection with these Chapter 11 Cases.

### Efforts to Avoid Duplication of Services

30. A&G Realty believes that its services will be complementary rather than duplicative of the services to be performed by other professionals in these Chapter 11 Cases. A&G Realty will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and their professionals retained in these Chapter 11 Cases to avoid the unnecessary duplication of services.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: October 22, 2015
       Melville, New York

                       A&G REALTY PARTNERS, LLC

                       /s/ Andrew Graiser
                       Andrew Graiser
                       Co-President
                       A&G Realty Partners, LLC
                       445 Broadhollow Road, Suite 410
                       Melville, NY  11747