# **EXHIBIT A**

**Palme Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re:                                      :   Chapter 11
                                            :
QUIKSILVER, INC., *et al.*,                 :   Case No. 15-11880 (BLS)
                                            :
            Debtors.¹                       :   Jointly Administered
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF GREGORY PALME IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-2 AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS THEIR INDEPENDENT AUDITOR, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Gregory Palme, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Partner of the firm of Deloitte & Touche LLP ("Deloitte & Touche"), which has an office at 695 Town Center Drive, Suite 1200, Costa Mesa, California.

2. I am duly authorized to make and submit this declaration (the "Declaration") on behalf of Deloitte & Touche in support of the Debtors' Application For Entry Of Order Pursuant To Bankruptcy Code Sections 327(a) And 328(a), Bankruptcy Rules 2014 And 2016, And Local Bankruptcy Rules 2014-1 and 2016-2 Authorizing Employment And Retention Of Deloitte & Touche LLP As Independent Auditor, *Nunc Pro Tunc* To The Petition

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Date (the "<u>Application</u>"),[2] filed contemporaneously herewith by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>").

3. Except as otherwise noted, the facts set forth in this Declaration are based on my personal knowledge, information, and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte & Touche or its affiliates.

## DELOITTE & TOUCHE'S QUALIFICATIONS

4. Deloitte & Touche is a public accounting firm with offices across the United States. Deloitte & Touche has a wealth of experience in acting as independent auditor and has performed such services in large and complex chapter 11 cases on behalf of debtors throughout the country, including in numerous large chapter 11 cases in this District. See, e.g., <u>In re Energy Future Holdings Corp.</u>, Case No. 14-10979 (CSS) (Bankr. D. Del. Oct. 29, 2014) (approving retention of Deloitte & Touche as independent auditor); <u>In re Neb. Book Co.</u>, Case No. 11-12005 (PJW) (Bankr. D. Del. Oct. 18, 2011) (same); <u>In re Atrium Corp.</u>, Case No. 10-10150 (BLS) (Bankr. D. Del. Feb. 25, 2010) (same); <u>In re Local Insight Media Holdings, Inc.</u>, Case No. 10-13677 (KG) (Bankr. D. Del. Jan. 24, 2011) (same); <u>In re Freedom Communications Holdings, Inc.</u>, Case No. 09-13046 (BLS) (Bankr. D. Del. Oct. 1, 2009) (same).

5. Since 1981, Deloitte & Touche has provided and continues to provide the Debtors with the Services (defined below) contemplated under the Engagement Letter. In providing such prepetition professional services to the Debtors, Deloitte & Touche has become very familiar with the Debtors and their business, including the Debtors' financial affairs, debt

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application or Engagement Letter (defined below).

structure, operations, and related matters, and Deloitte & Touch has worked closely with the Debtors' management in rendering its Services. Therefore, in the course of performing the Services, Deloitte & Touche has developed relevant experience and knowledge regarding the Debtors that will assist it in continuing to provide the Services during these Chapter 11 Cases. Accordingly, I believe that Deloitte & Touche is well-qualified and able to serve as the Debtors' independent auditor, pursuant to the terms of the Engagement Letter, in a cost-effective, efficient, and timely manner.

## SERVICES TO BE PROVIDED

6. In early October 2015, in the context of a decades-long relationship through which Deloitte & Touche has provided auditing services for the Company, the Debtors decided to retain Deloitte & Touche to serve as their independent registered accounting firm. Accordingly, on October 13, 2015, the Company executed an engagement letter (the "Engagement Letter"),[3] a copy of which is attached as Exhibit B to the Application, memorializing the engagement.

7. As set forth more fully in the Engagement Letter, Deloitte & Touche has provided and will continue to provide the following services (the "Services") as the Debtors' independent auditor:

    (a) Perform an integrated audit of financial statements in accordance with the PCAOB Standards;

    (b) Provide opinions on the fairness of the presentation of the Company's financial statements for the year ending October 31, 2015, in conformity with generally accepted accounting principles;

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Engagement Letter.

(c) Provide opinions on the effectiveness of the Company's internal control over financial reporting as of October 31, 2015; and

(d) Review the Company's condensed interim financial information in accordance with the PCAOB Standards for each of the quarters in the year ending October 31, 2015.

8. In addition, Deloitte & Touche and the Debtors have agreed that the Services may also include accounting and financial reporting research and consultation related to, among other things, the restructuring and related financing activities customarily provided by the independent auditor as may be required in large and complex chapter 11 cases like these Chapter 11 Cases that were not specifically referenced in the Engagement Letter (the "Out of Scope Services"). These Out of Scope Services are customarily performed by an independent auditor in this context. Deloitte & Touche and the Debtors have agreed that any additional services beyond the scope of the Engagement Letter, other than the Out of Scope Services, would be subject to mutual agreement of the Debtors and Deloitte & Touche at that time.

9. To date, Deloitte & Touche has committed significant effort and resources toward providing such Services to the Debtors. In light of this and the decades-long relationship between the Company and Deloitte & Touche, I believe that that Deloitte & Touche has the necessary background to effectively and efficiently serve as the independent auditor for the Debtors. Deloitte & Touche has informed the Debtors of its desire, willingness, and ability to serve in such a capacity under the terms of the Engagement Letter, subject to the Court's approval.

**PROFESSIONAL COMPENSATION**

11. Deloitte & Touche's decision to accept this engagement to advise and assist the Debtors is conditioned upon its ability to be retained in accordance with the terms of

the Engagement Letter and compensated for its services and reimbursed for the out-of-pocket expenses it incurs also in accordance with the terms thereof.

12. Deloitte & Touche will charge the "base audit" hourly rates set forth in the table below for the Services other than the Out of Scope Services and will bill at the "consultation" hourly rates set forth below for the Out of Scope Services, subject to approval by the Court:

| Personnel Classification | Hourly Rates (Base Audit) | Hourly Rates (Consultation) |
| --- | --- | --- |
| Partner/Principal/Director | $ 260 | $ 650 |
| Senior Manager | $ 215 | $ 450 |
| Manager | $ 190 | $ 400 |
| Senior Staff | $ 160 | $ 325 |
| Staff | $125 | $ 250 |

13. As set forth in the Engagement Letter, Deloitte & Touche estimates that its fees for the Services other than the Out of Scope Services will be between $1,581,000 and $1,632,000. Fees for the Out of Scope Services are expected to be between $55,000 and $132,000.

14. Additionally, the Debtors have agreed to reimburse Deloitte & Touche for its reasonable engagement-related expenses, including travel, report production, delivery services, and other expenses incurred in providing the Services. Deloitte & Touche will include such expenses in the total amount billed but will bill the expenses separately on its invoices.

15. Deloitte & Touche requests that it be permitted to submit monthly invoices for services rendered and expenses incurred in these Chapter 11 Cases. Such invoices will contain reasonable detail consistent with any rules, guidelines and/or administrative orders

promulgated by the Court that apply to these Chapter 11 Cases.  Deloitte & Touche requests that the invoices, after appropriate review, be paid in a manner consistent with the payment of other retained professionals in these Chapter 11 Cases and consistent with any administrative orders, if any, that would apply to interim payments.  Deloitte & Touche recognizes that all payments rendered pursuant to Deloitte & Touche's retention by the Debtors must be approved by an order of this Court and based upon the filing by Deloitte & Touche of appropriate interim and final applications for allowance of compensation and/or reimbursement of expenses.

## DUPLICATION OF SERVICES

16. I believe that the services Deloitte & Touche will provide to the Debtors will be complementary, rather than duplicative, of the services to be performed by other professionals in these Chapter 11 Cases.

## DELOITTE & TOUCHE'S DISINTERESTEDNESS

17. The Debtors have numerous creditors, equity holders, and other parties with whom they maintain business relationships.  From time to time, Deloitte & Touche and its affiliates have provided or may currently provide services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties potentially adverse to the Debtors in matters unrelated to these Chapter 11 Cases.  In connection with the preparation of this Declaration and the proposed retention of Deloitte & Touche by the Debtors, Deloitte & Touche undertook a review process to determine, and to disclose, whether it or its affiliates is or has been employed by, or has other relationships with, any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, customers, equity security holders, professionals, or other entities with significant relationships with the Debtors.

18. Specifically, Deloitte & Touche obtained from the Debtors the names of the significant individuals and entities that may potentially be parties in interest in these Chapter 11 Cases. To check upon and disclose possible relationships with the potential parties in interest, Deloitte & Touche researched its client databases and performed reasonable due diligence to determine whether it or its affiliates had or have any relationships with or connections with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, equity security holders, professionals or other such entities with significant relationships with the Debtors.

19. Subject to the foregoing, and except as set forth herein and in Schedule 1, to the best of my information, knowledge. and belief, and insofar as I have been able to ascertain after reasonable inquiry, (i) Deloitte & Touche is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), (ii) neither I, nor Deloitte & Touche, nor any partner, principal, or director of Deloitte & Touche anticipated to provide the Services (the "<u>Deloitte & Touche Engagement Partners/Principals/Directors</u>") hold or represent any interest adverse to the Debtors or their affiliates with respect to matters related to the Debtors' Chapter 11 Cases, and (iii) neither I, nor Deloitte & Touche, nor the Deloitte & Touche Engagement Partners/Principals/Directors have any connection with the Debtors or their creditors, equity security holders, or any other potential parties in interest, including the attorneys or other professionals known to be assisting the Debtors in these Chapter 11 Cases.

20. From the internal review process described above, Deloitte & Touche has determined that certain relationships should be disclosed as follows:

  (a) Deloitte & Touche and/or its affiliates provide services in matters unrelated to these Chapter 11 Cases to certain of the Debtors' largest

    unsecured creditors and other potential parties in interest listed on Schedule 1 or their affiliates.

(b) Law firms identified on Schedule 1, including Kirkland & Ellis LLP; O'Melveny & Myers LLP; Pachulski, Stang, Ziehl & Jones; and Skadden, Arps, Slate, Meagher & Flom LLP, have provided, currently provide and may in the future provide legal services to Deloitte & Touche or its affiliates in matters unrelated to these Chapter 11 Cases, and/or Deloitte & Touche or its affiliates have provided, currently provide and may in the future provide services to such firms and/or their clients.

(c) In the ordinary course of its business, Deloitte & Touche and its affiliates have business relationships, in matters unrelated to these Chapter 11 Cases, with its principal competitors, which, together with their affiliates, may be potential parties in interest in these Chapter 11 Cases. For example, from time to time, Deloitte & Touche and one or more of such entities may work on assignments for the same client or may otherwise engage each other for various purposes.

(d) Certain financial institutions listed on Schedule 1 (including Allianz SE; AXA; Bank of America, N.A.; ING Groep NV; Prudential Retirement Insurance and Annuity; TD Asset Management; U.S. Bank NA; and Wells Fargo Bank, National Association) or their respective affiliates (i) are lenders to an affiliate of Deloitte & Touche (Deloitte & Touche is a guarantor of such indebtedness) and/or (ii) have financed a portion of the capital and/or capital loan requirements of various partners and principals, respectively, of Deloitte & Touche and its affiliates.

(e) Deloitte Touche Tohmatsu Limited ("DTTL"), a U.K. private company limited by guarantee, is an association of various member firms including Deloitte LLP, an affiliate of Deloitte & Touche. Certain of the non-US member firms of DTTL or their affiliates (the "DTTL Member Firms"), have provided, currently provide or will in the future provide professional services to certain non-debtor affiliates of the Debtors.[4] In particular, among approximately 30 DTTL Member Firms performing services for non-debtor affiliates of the Debtors, it is anticipated that the DTTL Member Firms in

---

[4] Each of the DTTL Member Firms is a separate and independent entity. It is not Deloitte & Touche's practice to undertake conflicts checks with DTTL Member Firms for the purpose of identifying relationships that they may have with the Debtors and other parties in interest and Deloitte & Touche does not maintain a database for purposes of identifying all such relationships.

      Australia, Brazil, France, Japan, Russia and Spain will perform services for such affiliates.

  (f) Personnel of Deloitte & Touche and its affiliates may be ordinary course customers of the Debtors and/or their affiliates; however, Deloitte & Touche has not conducted any research to determine whether, in fact, such relationships exist.

  (g) Deloitte Consulting LLP ("Deloitte Consulting") and certain of its affiliates have provided and will continue to provide services to the Executive Office of the United States Trustee in matters unrelated to these Chapter 11 Cases.

  (h) Certain potential parties in interest may be adverse to and/or involved in litigation matters with Deloitte & Touche or its affiliates in connection with matters unrelated to these Chapter 11 Cases.

  21. Furthermore, to the best of my information, knowledge. and belief, and insofar as I have been able to ascertain after reasonable inquiry, I do not believe there is any connection between the personnel of Deloitte & Touche or its affiliates who are anticipated to provide services to the Debtors in these Chapter 11 Cases and the United States Bankruptcy Judge presiding in these Chapter 11 Cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, and the attorney therefor assigned to these Chapter 11 Cases.

  22. Deloitte & Touche and its affiliates have or may have provided professional services to or may currently provide professional services to, and may in the future provide professional services in matters unrelated to these Chapter 11 Cases to, certain of the potential parties in interest. Additionally, certain of these potential parties in interest have or may have provided goods or services to or may currently provide goods or services to, and may in the future provide goods or services to, Deloitte & Touche or its affiliates and the Deloitte & Touche Engagement Partners/Principals/Directors in matters unrelated to these Chapter 11 Cases.

23. Given the large number of potential parties in interest in these Chapter 11 Cases and the fact that Deloitte & Touche is a nationwide firm with thousands of personnel, and despite the efforts described above to identify and disclose Deloitte & Touche's relationships with any such potential parties in interest, Deloitte & Touche is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Deloitte & Touche discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

24. As discussed herein and in the Application, Deloitte & Touche provided prepetition services to the Debtors. In the ninety (90) days prior to the Petition Date, the Debtors paid Deloitte & Touche approximately $228,700, including certain retainers in the amount of $128,700, with respect to these prepetition services. As of the Petition Date, approximately $35,000 of the retainer amounts remained. As of the Petition Date, approximately $164,000 was outstanding with respect to invoices issued by Deloitte & Touche to the Debtors prior to the Petition Date. Deloitte & Touche will not seek any recovery from the Debtors with respect to this amount, contingent upon approval of the Application.

25. Deloitte LLP, Deloitte & Touche's parent, has completed a reorganization of some of its businesses, including its financial advisory services, tax services, solutions, human capital, and outsourcing businesses. This reorganization is intended to align the organizational structure more closely with the manner in which business is conducted. These businesses are now being conducted by entities affiliated with Deloitte & Touche, including Deloitte Financial Advisory Services LLP, Deloitte Tax LLP, Deloitte Transactions and Business Analytics LLP, and Deloitte Consulting. Some services incidental to the tasks to be performed by Deloitte & Touche in these Chapter 11 Cases may be performed by personnel now

employed by or associated with these affiliates of Deloitte & Touche or their respective subsidiaries, including subsidiaries located outside of the United States. The fees and expenses with respect to such audit-related services will be included on the fee applications of Deloitte & Touche.

26. One such affiliate of Deloitte & Touche, Deloitte Tax LLP ("<u>Deloitte Tax</u>"), also provided prepetition tax advisory services to the Debtors. Deloitte Tax expects to continue performing services for the Debtors after the Petition Date, and I believe that the Debtors intend to file a separate application seeking court approval of its retention. In the ninety (90) days prior to the Petition Date, the Debtors paid Deloitte Tax approximately $155,000. As of the Petition Date, approximately $100,000 remained outstanding with respect to invoices issued to the Debtors by Deloitte Tax prior to the Petition Date. I understand that Deloitte Tax will not seek any recovery from the Debtors with respect to this amount, contingent upon approval of the application to retain Deloitte Tax.

27. Deloitte & Touche has no agreement with any nonaffiliated or unrelated entity to share any compensation earned in these Chapter 11 Cases.

28. Deloitte & Touche has received no promises regarding compensation in these Chapter 11 Cases other than in accordance with the Bankruptcy Code and as set forth in this Declaration.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated:   October 20, 2015
         Costa Mesa, California

                                        By:  /s/ Gregory Palme
                                             Gregory Palme
                                             Partner
                                             Deloitte & Touche LLP

# **SCHEDULE 1**

**Deloitte & Touche's Disclosures**

Potential parties in interest or their affiliates for whom Deloitte & Touche LLP or its affiliates has provided or is currently providing services in matters unrelated to these Chapter 11 Cases, except as set forth above, or with whom such parties have other relationships, including banking relationships.

| |
|---|
| 54th Street Holdings SARL |
| Alliance Bernstein LP |
| Allianz SE |
| Alps Advisors Inc. |
| Amazon.com |
| Americredit Financial Services |
| Arden Asset Management |
| AXA |
| Banc of America Leasing Commercial |
| Bank of America, N.A. |
| Bank of Montreal |
| Biarritz Holdings SARL |
| Boardriders Club Bratislava s.r.o. |
| BofA Merrill Lynch |
| Caribbean Pty. Ltd. |
| Caribo SARL |
| Carmichael International Service |
| CCH Incorporated |
| Charlotte Outlets LLC |
| Chloelys Investment Ltd. |
| Comptroller of Maryland |
| Corporation Service Company |
| Credit Agricole |
| Craig Realty Group Citadel LLC |
| Danske Bank |
| DC (Shanghai) Commercial Co. Ltd. |
| DC Direct, Inc. |
| DC Shoes (Hong Kong) Ltd. |
| DC Shoes (NZ) Limited |
| DC Shoes Australia Pty. Ltd. |
| DC Shoes, Inc. |
| Deustche Bank AG, London Branch |
| Deutsche Bank Luxembourg S.A. |
| Deutsche Trustee Company Limited |
| Disneyland Resort |
| Distribution s.r.o. |
| Drop In SARL |
| Duff & Phelps LLC |

| |
|---|
| El Paso Outlet Center LLC |
| Emerald Coast |
| Everglory Int. Grp App Inc. |
| Federal Express Corp |
| Federal Realty Investment Trust |
| Fidra, Inc. |
| Fistral Oy |
| FTI Consulting, Inc. |
| GE Capital Finance Pty Ltd |
| GE Capital Markets |
| General Electric Capital Corporation |
| Genesco |
| Geotag |
| Glendale Galleria Mall |
| Glorious Sun Licensing Limited |
| Gordon Brothers Retail Partners, LLC |
| Guggenheim Funds Distributors |
| Hilco Real Estate LLC |
| Gulf Coast Factory Shops Limited Partnership |
| Haapiti SRL |
| Hanalei NV |
| Hancock Bank Trust Department |
| Harris Associates LP |
| Hawk Designs, Inc. |
| Hilco Merchant Resources, LLC |
| Horizon Group Properties |
| Hotchkis & Wiley Capital Management |
| Houlihan Lokey Capital Inc. |
| Industrial Property Fund VII, LLC |
| ING Groep NV |
| Invesco Ltd |
| Ivanhoe Cambridge Inc. |
| Janus Capital Management |
| Kauai GmbH |
| Kirkland & Ellis LLP |
| Kokolo SARL |
| Kurtzman Carson Consultants |
| Lanai, Ltd. |
| Le Carrefour Laval Leaseholds, Inc. (Cadillac Fairview) |
| Live Nation Merchandise |
| Loma Alta Corporation |
| Macerich Oaks LLC |

3

| |
|---|
| Macys |
| Main Bridge |
| Manulife Asset Management |
| MARMAXX |
| Meribel SAS |
| Merrill Lynch, Pierce, Fenner & Smith Incorporated |
| Molokai Ltd. |
| Morgan Stanley |
| Pavilion Prod. Pty. Ltd. |
| Morgan Stanley Dean Witter Advisors Inc. |
| Morgan Stanley Investment Management |
| Mountain & Wave SARL |
| Mt. Waimea, Inc. |
| Na Pali SAS |
| Na Pall Europe SARL |
| Namotu, Ltd |
| New Pier Trading Ltd. |
| O'Melveny & Myers LLP |
| Oaktree Capital |
| Ontrea, Inc. (Cadillac Fairview) |
| Outrigger Hotel and Resorts |
| Outrigger Enterprises Group |
| Owens Sportswear Co Ltd |
| Pachulski, Stang, Ziehl, Young |
| Permal Asset Management LLC |
| Pilot SAS |
| Pimco Canada Corp |
| Pinebridge Investments Europe |
| Prospect Development LP |
| Prudential Retirement Insurance and Annuity |
| PT Quiksilver |
| Pukalani BV |
| QS Holdings SARL |
| QSJ Holdings Pty. Ltd. |
| Quiksilver Glorious Sun Licensing Ltd. |
| Quiksilver, Inc. |
| Rawaki sp. Zoo |
| Regency Centers, LP |
| Rhone Capital III |
| Rhone Capital LLC |
| Rhone Group |
| Ross Stores, Inc. |

| |
|---|
| Rouse Properties, Inc. |
| RPAI Southwest Management LLC |
| Santocha Ltd. |
| SB Capital Group |
| Schroder Investment Management |
| SCOR Global Investments SE |
| Skadden, Arps, Slate, Meagher & Flom LLP |
| Tavarua SCI |
| Seminole Properties, LLC |
| Shoe Carnival Inc. |
| Simon/Premium |
| Skandia Investment Management |
| Societe Generale Corporate & Investment Banking |
| Ug Mfg. Co. Pty. Ltd. |
| South Coast Plaza |
| Sumbawa SL |
| Sun America Asset Management |
| UMTT Pty. Ltd. |
| Sunshine Diffusion SA |
| SydInvest International |
| T Rowe Price Associates |
| Tanger Properties Limited Partnership |
| Tarawa Lda. |
| Taubman Realty Group LP |
| TD Asset Management |
| The Irvine Company LLC |
| Thomson Reuters |
| Tiger Capital Group |
| U.S. Bank NA |
| UBS Investment Bank |
| Uf Mfg. Co. (NZ) Ltd. |
| Uluwatu Arps |
| Union Investment GMBH |
| Universal Studios LLC |
| US Customs & Border Protection |
| Valic Co I |
| Vanuatu GmbH |
| Vertex, Inc. |
| Walt Disney World Co. |
| Wells Fargo Bank, National Association |
| World Marketing, Inc. |
| WV Sub, LLC |