IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

QUIKSILVER, INC., *et al.*,

                  Debtors.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:  Chapter 11
:
:  Case No. 15-11880 (BLS)
:
:  Jointly Administered
:
:
:  **Related Docket No. __**

## ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ICR, LLC AS CORPORATE COMMUNICATIONS AND PUBLIC RELATIONS CONSULTANTS TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), for an order pursuant to 11 U.S.C. §§ 327(a) and 328(a), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, under 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014 and 2016, (a) authorizing the employment and retention of ICR, LLC ("ICR") as corporate communications consultants in these Chapter 11 Cases effective as of the date of the filing of these bankruptcy cases; and upon the Declaration of Anton Nicholas in support of the Application (the "Nicholas Declaration"); and the Court having reviewed the Application and the Nicholas Declaration, and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED as provided herein, *nunc pro tunc* to the Petition Date.

2. Pursuant to section 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain ICR as its corporate communications and public relations consultants effective as of the Petition Date, pursuant to the terms and conditions of the Engagement Agreement, and to pay fees to ICR on the terms and at the times specified in the Engagement Agreement.

3. ICR shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, ICR and its professionals shall be required only to maintain reasonably detailed time records for Services rendered for the Debtors in one-quarter hour increments. ICR shall include in its fee applications time records setting forth, in summary

format and by project category, a description of the Services rendered by each professional and the amount of time spent on each date (in one-quarter hour increments) by each such individual rendering Services on behalf of the Debtors.  ICR shall be excused from keeping time in one-tenth hour increments.

5. ICR is granted a waiver, pursuant to Local Bankruptcy Rule 2016-2(h), of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d) to the extent set forth in paragraph 4 of this Order.

6. All terms of the Engagement Agreement, including those relating to contractual limitation of liability, including, but not limited to, indemnification of ICR are hereby approved.

7. The Debtors and ICR are authorized to take all actions necessary to effectuate the relief granted pursuant to the Order.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the Order shall be immediately effective and enforceable upon its entry.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

10. To the extent that the Order is inconsistent with the Engagement Agreement, the terms of the Order shall govern.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
 _____, 2015

> _____
> HONORABLE BRENDAN L. SHANNON
> CHIEF UNITED STATES BANKRUPTCY JUDGE