IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-1188 (BLS)
:
              Debtors.[1] : Jointly Administered
:
: **Related Docket Nos. 116, 247**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM**

TO: ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS, AND OTHER PARTIES IN INTEREST:

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**GENERAL BAR DATE**

On October 6th, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 247] (the "Bar Date Order") establishing **November 18th, 2015 at 5:00 p.m. (Eastern)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors to file a proof of claim so that such proof of claim **is received on or before November 18th, 2015 at 5:00 p.m. (Eastern)** at the following address delivered by mail, hand delivery, or overnight courier:

    **Quiksilver, Inc. Claims Processing Center**
    **c/o KCC**
    **2335 Alaska Avenue**
    **El Segundo, CA 90245**

The Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court on October 16th, 2015. The Schedules and Statements are available for download, free of charge, at the website for the Debtors' claims agent at www.kccllc.net/quiksilver. The Schedules and Statements can also be accessed at www.deb.uscourts.gov.

**GOVERNMENTAL BAR DATE**

In accordance with Bankruptcy Code section 502(b)(9), any Claims of governmental units, as defined by Bankruptcy Code section 101(27), against any of the Debtors, must be filed so that such proof of claim **is received on or before March 7, 2016 at 5:00 p.m. (Eastern)** (the "Governmental Bar Date"), at the following address delivered by mail, hand delivery or overnight courier:

    **Quiksilver, Inc. Claims Processing Center**
    **c/o KCC**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**2335 Alaska Avenue**
**El Segundo, CA 90245**

## DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding or wishing to assert Claims (including, without limitation, personal injury and tort Claims) against the Debtors (whether secured, priority, or unsecured) that arose prior to September 9, 2015 (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

(i) Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

(ii) Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court against the correct Debtor;

(iii) Requests for payment under Bankruptcy Code section 503(b) and 507(a)(2) of expenses of administration of the estates, **other than Claims or requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which must be filed on or before the General Bar Date**;

(iv) Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

(v) Claims of Debtors against other Debtors;

(vi) Claims of or against non-Debtor foreign affiliates;

(vii) Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii) Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one proof of claim on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix) Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[2]

(x) Claims of landlords of unexpired leases of non-residential real property which have not been rejected prior to the General Bar Date. Claims for such leases which have been or are hereinafter rejected shall be filed by the later of (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection, or (c) as otherwise provided by another Order of the Court in accordance with Paragraph 7 herein.

---

[2] Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.

Any entity, as defined in Bankruptcy Code section 101(15) (an "Entity") whose prepetition Claim against a Debtor (i) is not listed in the applicable Debtor's Schedules and Statements, (ii) is listed as "disputed," "contingent" or "unliquidated" in the Schedules and Statements, or (iii) whose Claim is not an Excluded Claim and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases must file a proof of claim on or before the General Bar Date.

Any Entity whose prepetition Claim is improperly classified in the Schedules and Statements, is listed in an incorrect amount in the Schedules and Statements, or is scheduled against an incorrect Debtor in the Schedules and Statements and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date.

**Executory Contract and Unexpired Lease Rejection Claims**.  Any Entity whose Claims arise out of the rejection of an executory contract or unexpired lease (pursuant to Bankruptcy Code section 365) after the Petition Date, must file a proof of claim on or before the latest of: (1) 30 days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court; or (3) the General Bar Date (the "Rejection Bar Date").

**Claims Resulting from Amendment to the Schedules and Statements**.  If, less than 30 days prior to, or after, the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent, and/or liquidated amount or to change the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have 30 days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

**Interests**.  Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; provided, however, that any Interest Holder (other than a governmental unit as defined in Bankruptcy Code section 101(27)) who wishes to assert a Claim against any of the Debtors, including, without limitation, any Claim based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the General Bar Date; provided further, however, that any Interest Holder that is a governmental unit (as defined in Bankruptcy Code section 101(27)), who wishes to assert a Claim against any of the Debtors, including, without limitation, based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the Governmental Bar Date.

## FILING PROOFS OF CLAIM FOR 503(b)(9) CLAIMS

Any claimant asserting a Claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must complete the appropriate box on their proof of claim and, thereby, identify the portion of such Claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9).  To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the proof of claim, the Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be entitled to seek priority treatment under Bankruptcy Code section 503(b)(9).

## FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file but fails to file a proof of claim for its Claim in accordance with the Bar Date Order before the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, the Amended Schedules Bar Date, or such other date established by prior or future order of the Court or established in the Bar Date Order, as applicable, shall not be treated as a creditor with respect to such Claim for the purposes of voting or distribution under any chapter 11 plan proposed or confirmed in these cases.

## RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent, or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

## TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, substantially in the form enclosed herewith, together with any supporting documentation, must be <u>delivered by mail, hand delivery or overnight courier **so as to be received**</u> no later than 5:00 p.m., Eastern, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date, or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address:

**Quiksilver, Inc. Claims Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact the Debtors' claims agent, Kurtzman Carson Consultants LLC ("KCC") at (877) 709-4757, in the U.S. or Canada, or (424) 236-7235, outside the U.S. and Canada, Monday through Friday between 9:00 a.m. and 5:00 p.m., Pacific Time. Please note that KCC is not permitted to provide legal advice. The claims registers for the Debtors will be available at the office of KCC and/or online at www.kccllc.net/quiksilver.

Dated:   Wilmington, Delaware
         October 21, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Van C. Durrer, II                                                       - and -
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li                                                                  Mark S. Chehi, Esq. (I.D. No. 2855)
300 South Grand Avenue, Suite 3400                                           Dain A. De Souza (I.D. No. 5737)
Los Angeles, California 90071                                                One Rodney Square
Telephone: (213) 687-5000                                                    P.O. Box 636
Fax: (213) 687-5600                                                          Wilmington, Delaware 19899-0636
                                                                             Telephone: (302) 651-3000
- and -                                                                      Fax: (302) 651-3001

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*