IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Quiksilver, Inc., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: November 10, 2015 at 4:00 p.m.**<br>**Hrg Date: November 17, 2015 at 10:30 a.m.** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF QUIKSILVER, INC., *ET AL.*, FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF COOLEY LLP
AS LEAD COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 21, 2015**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this application (this "Application") for an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Cooley LLP ("Cooley") as its lead counsel pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules"), solely for the period from September 21, 2015 through September 28, 2015 (the "Retention Period"). In support of this Application, the Committee also files (i) the *Declaration of Cathy Hershcopf of Cooley LLP in Support of Application to Retain and Employ Cooley LLP as Lead Counsel to the Official Committee of Unsecured Creditors of Quiksilver, Inc., et al., Nunc Pro Tunc to September 21, 2015* (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

{BAY:02792310v1}
122230375 v1

"Hershcopf Declaration"), attached hereto as **Exhibit B**, and (ii) the *Declaration of Ronald M. Tucker, Chairperson of the Committee, in Support of Application to Retain and Employ Cooley LLP as Lead Counsel to the Official Committee of Unsecured Creditors of Quiksilver, Inc., et al., Nunc Pro Tunc to September 21, 2015*, attached hereto as **Exhibit C**.

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to consider and grant the relief requested herein. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rule 2014 and the Local Rules.

## BACKGROUND

2. On September 9, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 21, 2015, the Office of the United States Trustee (the "U.S. Trustee") for the District of Delaware appointed the Committee, consisting of the following five members: (i) U.S. Bank National Association, as Indenture Trustee, (ii) New Generation Advisors, LLC, (iii) Samil Tong Sang, Co., (iv) Simon Property Group, Inc., and (v) Global Brands Group. That same day, the Committee selected Cooley as its proposed lead counsel and Bayard, P.A., as its Delaware counsel. On September 22,

2015, the Committee met telephonically and selected Province Inc. as its financial advisor.

4. On September 28, 2015, the U.S. Trustee filed an amended notice of appointment of committee of unsecured creditors, adding the following two Committee members: (vi) T. Rowe Price Credit Opportunities Fund and (vii) Wilfrid Global Opportunity Fund.

5. In the early evening of September 28, 2015, the reconstituted Committee met telephonically and selected new legal and financial advisors.

## RELIEF REQUESTED AND REASONS THEREFOR

6. By this Application, pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee requests entry of the proposed order attached hereto as **Exhibit A**, approving the employment and retention of Cooley, *nunc pro tunc* to September 21, 2015, as its lead counsel in connection with these chapter 11 cases during the Retention Period.

7. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that this Court approve the employment of Cooley as its lead counsel during the Retention Period to, among other things:

    (a)    Attend the meetings of the Committee;

    (b)    Review financial and operational information furnished by the Debtors to the Committee;

    (c)    Analyze and negotiate the budget and the terms of the Debtors' use of cash collateral and any future debtor-in-possession financing;

    (d)    Assist in the Debtors' efforts to reorganize in a manner that maximizes value for creditors;

    (e)    Review and investigate the liens of purported secured parties;

  (f) Review and investigate prepetition transactions in which the Debtors and/or their insiders were involved;

  (g) Develop a litigation strategy for these cases;

  (h) Assist the Committee in negotiations with the Debtors and other parties in interest on an exit strategy for these cases;

  (i) Confer with the Debtors' retained professionals;

  (j) Review the Debtors' business plan;

  (k) Advise the Committee as to the ramifications regarding all of the Debtors' activities and motions before this Court;

  (l) File appropriate pleadings on behalf of the Committee;

  (m) Review and analyze the Debtors' investment banker work product and report to the Committee;

  (n) Provide the Committee with legal advice in relation to the chapter 11 cases;

  (o) Draft various pleadings to be submitted to the Court for consideration; and

  (p) Perform such other legal services for the Committee as may be necessary or proper in this proceeding.

8. Cooley has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in these cases. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

9. The current hourly rates of the primary Cooley professionals that were staffed on the matter during the Retention Period are set forth in the chart below.

| **Attorney** | **Status** | **Hourly Rate** |
|---|---|---|
| Jay R. Indyke | Partner | $1,050 |
| Cathy Hershcopf | Partner | $950 |
| Seth Van Aalten | Associate | $755 |
| Robert Winning | Associate | $655 |
| Mollie Canby | Paralegal | $210 |

10.   Consistent with the firm's policy with respect to its other clients, Cooley will charge the Committee for all charges and disbursements incurred in rendering services to the Committee.  These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings.  Internal costs or overhead cost (including regular secretarial and word processing time), will not be charged for separately.

11.   Based upon the declaration of Cathy Hershcopf filed as Exhibit A hereto, the Committee is satisfied that (i) Cooley represents no interest adverse to the Committee, the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates, (ii) Cooley has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Cooley has not been paid any retainer against which to bill fees and expenses.  To the best of the Committee's knowledge, Cooley has no connection with creditors or any other party in interest except as otherwise noted in the Hershcopf Declaration.

12.   Contemporaneously herewith, Cooley is filing its first and final fee application (the "Fee Application"), which has been approved by the Committee.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

13. Cooley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Cooley also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "<u>Revised UST Guidelines</u>"), both in connection with this application and the interim and final fee applications to be filed by Cooley in these chapter 11 cases.

14. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |

| | |
|---|---|
| Response: | Cooley did not represent the Committee in the 12 months prepetition. Cooley has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases. |
| **Question:** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response: | In lieu of a budget and staffing plan, the Committee approved the Fee Application, which sets forth the time expended by Cooley and the attorneys that worked on the matter. |

15.  The Committee requests approval of the employment of Cooley *nunc pro tunc* to September 21, 2015.  Such relief is warranted by the circumstances presented by these cases.  The Committee's selection of Cooley on September 21, 2015 necessitated that Cooley immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtors' cases pending submission and approval of this Application.

## NOTICE, PRIOR APPLICATION AND WAIVER OF BRIEF

16.  Notice of the instant Application is being given to (i) the U.S. Trustee; (ii) counsel for the Debtors, (iii) counsel for the Debtors' pre- and postpetition lenders; and (iv) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002.  The Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.

**WHEREFORE,** the Committee hereby respectfully requests that it be authorized to retain and employ Cooley LLP as its lead counsel *nunc pro tunc* to September 21, 2015 and that Cooley be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper. No prior application for the relief requested herein has been presented to this Court or any other court.

Dated: October 26, 2015

Respectfully submitted,

The Official Committee of Unsecured Creditors of Quiksilver, Inc. *et al*.

Simon Property Group, Inc.
Committee Chairperson

By: */s/ Ronald M. Tucker*
    Ronald M. Tucker, Esq.