**Exhibit B**

**Declaration of Cathy Hershcopf**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Quiksilver, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered) |

**DECLARATION OF CATHY HERSHCOPF OF COOLEY LLP IN SUPPORT OF APPLICATION TO RETAIN AND EMPLOY COOLEY LLP AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL.*, *NUNC PRO TUNC* TO SEPTEMBER 21, 2015**

STATE OF NEW YORK        )
                         ) ss
COUNTY OF NEW YORK       )

Cathy Hershcopf, being duly sworn, deposes and says:

1.      I am an attorney at law and a partner of the law firm of Cooley LLP ("Cooley"). I make this declaration pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the accompanying application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc., et al., (the "Debtors") to employ and retain Cooley as its lead counsel during the period from September 21, 2015 through September 28, 2015 (the "Retention Period"). Cooley is a law firm of approximately 850 attorneys with a New York office located at 1114 Avenue of the Americas, New York, New York 10036-7798. Subject to this Court's approval, Cooley proposes to provide legal services to the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

{BAY:02792310v1}
122230375 v1

Committee, at the rates approved by the Court, in compliance with sections 504 and 1103 of the Bankruptcy Code. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Cooley's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## COOLEY'S DISCLOSURE PROCEDURES

2. Cooley has in the past represented, currently represents, and may in the future represent entities that are claimants of the Debtors in matters unrelated to the Debtors. Cooley has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' pending chapter 11 cases or to otherwise have interests in these cases.

3. In order to prepare this declaration, Cooley compared the Debtors' bankruptcy petitions, consolidated list of top 30 unsecured creditors, list of secured creditors, and other parties in interest with the information contained in the conflict check systems and adverse party indexes currently maintained by Cooley (collectively, the "Conflict Check System"). A list of entities searched is attached hereto as **Schedule 1**.

4. The facts stated in this declaration as to the relationship between Cooley lawyers on one hand, and the Debtors, the Debtors' creditors, and other parties in interest are based upon the results of the review of the Conflict Check System. To the extent that the firm discovers any connection with any interested party or enters into any new

relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

5. The Conflict Check System is a computerized database of current and former clients and adverse and related parties that are regularly maintained and updated in the course of the firm's business. These procedures are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is Cooley's policy that that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter. As a partner of the firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

### COOLEY'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

6. Any client connections with regard to which Cooley had represented the client within the past three years were reviewed by an attorney working under my

supervision and from such review it was determined that, in respect of each connection between Cooley and such parties, Cooley does not have an interest adverse to the Debtors' estates and is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

7. To the best of my knowledge, no attorney at Cooley holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest.

8. No attorney at Cooley is or has served as an officer, director, or employee of the Debtors.

9. No attorney at Cooley is in control of the Debtors or is a relative of a general partner, director, officer, or person in control of the Debtors.

10. No attorney at Cooley is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

11. No attorney at Cooley is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

12. No attorney at Cooley has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

13. No attorney at Cooley presently represents or previously represented within the last three years any of the parties in interest, except as follows:

    (a) Cooley has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as members of creditors' committees

appointed in other chapter 11 cases, all of which involve matters wholly unrelated to the Debtors and these chapter 11 cases.

(b)  Cooley previously represented or currently represents the entities set forth in the following chart, who are creditors of the Debtors (or affiliates of creditors of the Debtors), in matters totally unrelated to these chapter 11 cases:

| Matched Entity | Relationship to Debtors | Relationship to Cooley |
|---|---|---|
| Allianz SE | Unsecured Noteholder | Current client or affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| Alps Investment Holdings, LLC | Unsecured Noteholder | Current client or affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| AXA | Unsecured Noteholder | Current client or affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| Bank of Montreal | Unsecured Noteholder | Current client or affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| Morgan Stanley Dean Witter Advisors | Unsecured Noteholder | Current client or affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| Manulife Asset Management | Unsecured Noteholder | Affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| Prudential Retirement Insurance and Annuity | Unsecured Noteholder | Affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| Skandia Investment Management | Unsecured Noteholder | Affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |
| SunAmerica Asset Management, LLC | Unsecured Noteholder | Affiliate of current client in matters wholly unrelated to the Debtors and these chapter 11 cases. |

(c) Attorneys at Cooley have in the past represented Bank of America, N.A., a secured creditor of the Debtors, in matters wholly unrelated to the Debtors and these chapter 11 cases.

(d) Cooley currently represents Wells Fargo Bank, N.A., a secured creditor of the Debtors, in matters wholly unrelated to the Debtors and these chapter 11 cases.

(e) Cooley currently represents Deutsche Bank Securities Inc. and certain other affiliates of Deutsche Trustee Company Limited, the trustee of the of unsecured notes issued by non-Debtor foreign affiliate Boardriders S.A., in matters wholly unrelated to the Debtors and these chapter 11 cases.

(f) Cooley currently represents Bank of America Merrill Lynch in connection with certain investment banking matters that are wholly unrelated to the Debtors and these chapter 11 cases.

(g) Cooley currently represents Oaktree Power Opportunities Fund III, L.P., in connection with certain business matters that are wholly unrelated to the Debtors and these chapter 11 cases.

(h) Cooley has in the past represented various joint ventures in connection with the liquidation or purchase of assets in matters wholly unrelated to these proceedings. Entities that have been part of these joint ventures included Gordon Retail Partners, LLC and its affiliates and Hilco Merchant Resources, LLC and its affiliates.

14. No attorney at Cooley represents an insider of the Debtors, any subsidiary, or other affiliate.

15. No attorney at Cooley has been paid fees prepetition or holds a security interest, guarantee, or other assurance of compensation for services performed and to be performed in these proceedings except as set forth herein.

16. There is no agreement of any nature, other than the Cooley partnership agreement, as to the sharing of any compensation to be paid to Cooley.

17. No attorney at Cooley has any other connection with the Debtors, their creditors, the United States Trustee, or any employee of that office, or any parties in interest in these proceedings.

18. To the best of my knowledge, no attorney at Cooley is a relative of, currently has, or previously has had any connection with the bankruptcy judge approving the employment of Cooley as the Committee's lead counsel that would render the employment improper.

19. To the best of my knowledge, no attorney at Cooley has any other interest, direct or indirect, that may be affected by the proposed representation.

20. Cooley will not, while employed by the Committee, represent any other entity having an adverse interest in connection with these Chapter 11 cases.

## COOLEY'S RATES AND BILLING PRACTICES

21. The legal services Cooley agreed to provide are detailed in the accompanying Application and the same is incorporated herein by reference. The attorneys who are presently contemplated to be working on this engagement and their

present hourly rates are set forth in the accompanying retention application. The attorney having primary responsibility on the engagement shall be affiant, a partner in the firm.

22. The present hourly rates for the attorneys who are presently contemplated to be working on this engagement are set forth in the accompanying retention application. For professional services, fees are based on Cooley's standard hourly rates. The proposed rates of compensation are subject to periodic adjustment and the Committee has been so advised.

23. Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost (including regular secretarial and word processing time), will not be charged for separately. Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

24. Cooley did not receive a retainer with respect to this representation.

25. Contemporaneously herewith, Cooley is filing its first and final fee application (the "Fee Application"), which has been approved by the Committee.

### ATTORNEY STATEMENT PURSUANT TO REVISED UST GUIDELINES

26. Cooley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures

and orders of the Court. Cooley also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by Cooley in these chapter 11 cases.

27. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Cooley did not represent the Committee in the 12 months prepetition. Cooley has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response: In lieu of a budget and staffing plan, the Committee

approved the Fee Application, which sets forth the time expended by Cooley and the attorneys that worked on the matter.

28. Cooley agreed to provide legal services to the Committee and recognizes that any allowance of compensation for services rendered on behalf of the Committee in connection with these proceedings and any reimbursement of disbursements made in connection therewith are subject to the prior approval and authorization by order of this Court. Cooley realizes that any application for fees must be supported by detailed contemporaneous time records. Cooley also understands that this Court's approval of its retention application is not approval of any proposed terms of compensation and that this Court may allow compensation on terms different from those proposed.

29. The foregoing constitutes the statement of Cooley pursuant to sections 504 and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(a).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  /s/ Cathy Hershcopf  
October 26, 2015  Cathy Hershcopf

Sworn to before me this  
26th day of October 2015

/s/ Rebecca G. Goldstein  
Notary Public

REBECCA G. GOLDSTEIN  
Notary Public, State of New York  
No. 01G04814490  
Qualified in Nassau County  
Commission Expires February 28, 2019

SCHEDULE 1
Potential Parties-in-Interest

1. Distribution s.r.o. (Non-Debtor Affiliate)
404 West LLC (Creditor)
54th Street Holdings (Non-Debtor Affiliate)
Alliance Bernstein L.P. (Noteholder)
Allianz Global Invest of America L.P. (Noteholder)
Allianz SE (Noteholder)
Alps Advisors (Noteholder)
Andrew P. Mooney (Creditor)
AXA (Noteholder)
Bank of Montreal (Noteholder)
Bankof America, N.A. (Secured Lender)
Biarritz Holdings SARL (Non-Debtor Affiliate)
Boardrider S.A. (Non-Debtor Affiliate)
Boardriders Club Bratislava s.r.o. (Non-Debtor Affiliate)
Brendan Linehan Shannon (Judge)
C&K Trading Co., Ltd. (Creditor)
Caribbean Pty. Ltd. (Non-Debtor Affiliate)
Cariboo SARL (Non-Debtor Affiliate)
Carmichael International Service (Creditor)
Cholelys Investment Ltd. (Non-Debtor Affiliate)
Coins International Co., Ltd. (Creditor)
Con So Honn en Veritas S. de R.L. de C. V. (Non-Debtor Affiliate)
CPG Partners LP (Creditor)
DC (Shanghai) Commercial Co. Ltd. (Non-Debtor Affiliate)
DC Direct, Inc. (Debtor)
DC Shoes (Hong Kong) Lrd. (Non-Debtor Affiliate)
DC Shoes Australia Pty. Ltd. (Non-Debtor Affiliate)
DC Shoes, Inc. (Debtor)
Deltina Trading PTY Ltd. (Creditor)
Deutsche Bank (Noteholder)
Dragon Crowd Garment Inc. (Creditor)
Drop In SARL (Non-Debtor Affiliate)
Dubhe Corporation (Creditor)
Eastman Exports Global Clothing (Creditor)
Emerald Coast (Non-Debtor Affiliate)
Fidra, Inc. (Debtor)
Fistral Oy (Non-Debtor Affiliate)
Full Creative Co. Ltd. (Creditor)
GE Capital Markets (Secured Lender)
General Electric Capital Corporation (Secured Lender)
Global Brands Group (Committee member)
Haapiti SRL (Non-Debtor Affiliate)
Hanalei NV (Non-Debtor Affiliate)
Hawk Designs, Inc. (Debtor)
Hong Kong Hesheng International (Creditor)
INV Groep NV (Noteholder)
Janus Capital Management (Noteholder)
Kauai GmbH (Non-Debtor Affiliate)
Kokolo SARL (Non-Debtor Affiliate)
Kurtzman Carson Consultants LLC (Claims Agent)
Lanai, Ltd. (Non-Debtor Affiliate)
Main Bridge (Non-Debtor Affiliate)
Manulife Asset Management (Noteholder)
Mark S. Kenney (U.S. Trustee)
Meribel SAS (Non-Debtor Affiliate)
Merry Link Development (Creditor)
Molokai Ltd. (Non-Debtor Affiliate)
Morgan Stanley Dean Witter Advisors (Noteholder)
Mountain & Wave SARL (Non-Debtor Affiliate)
Mt. Waimea, Inc. (Debtor)
Na Pali Europe SARL (Non-Debtor Affiliate)
Na Pali SAS (Non-Debtor Affiliate)
Namotu Ltd. (Non-Debtor Affiliate)
New Generation Advisors, LLC. (Committee member)
New Pier Trading Ltd. (Non-Debtor Affiliate)
New Times Far East (Creditor)
Ningbo Isun Fashion Co. Ltd. (Creditor)

Northstar Sourcing Group HK Ltd (Creditor)
O'Melveny & Myers LLP (Creditor)
Original JY&T Co. Ltd. (Creditor)
Pavilion Prpd. Pty. Ltd. (Non-Debtor Affiliate)
Permal Asset Management (Noteholder)
Pilot SAS (Non-Debtor Affiliate)
PIMCO Canada Corporation (Noteholder)
Prudential Retirement Insurance and Annuity (Noteholder)
PT Quiksilver (Non-Debtor Affiliate)
Pukalani BV (Non-Debtor Affiliate)
Putian Xinxiesheng Footwear Co., LTD (Creditor)
Q.S. Optics, Inc. (Debtor)
QS Holdings SARL (Non-Debtor Affiliate)
QS Retail, Inc. (Debtor)
QS Retail (NZ) ltd. (Non-Debtor Affiliate)
QS Retail (Taiwan) Ltd. (Non-Debtor Affiliate)
QS Retail (Thailand) Ltd. (Non-Debtor Affiliate)
QS Retail Pty. Ltd. (Non-Debtor Affiliate)
QS Wholesale, Inc. (Debtor)
QSBR Industrea e Comercio1 de Artigos Esportivos Ltda. (Non-Debtor Affiliate)
QSJ Holdings Pty. Ltd. (Non-Debtor Affiliate)
QTNP Apparels JSC (Creditor)
Quiksilver Asia Sourcing Ltd. (Non-Debtor Affiliate)
Quiksilver Aus. Pty. Ltd. (Non-Debtor Affiliate)
Quiksilver Canada Corp. (Non-Debtor Affiliate)
Quiksilver Commercial S. de R.L. de C.V. (Non-Debtor Affiliate)
Quiksilver Deluxe SARL (Non-Debtor Affiliate)
Quiksilver Entertainment, Inc. (Debtor)
Quiksilver Foundation Australia Pty. Ltd. (Non-Debtor Affiliate)
Quiksilver Glorious Sun JV Ltd. (Non-Debtor Affiliate)
Quiksilver Glorious Sun Licensing Ltd. (Non-Debtor Affiliate)
Quiksilver Glorious Sun Trading (Non-Debtor Affiliate)
Quiksilver Glorious Sun Apparels (Non-Debtor Affiliate)
Quiksilver Glorious (Longmen) Ltd. (Non-Debtor Affiliate)
Quiksilver Greater China Ltd. (Non-Debtor Affiliate)
Quiksilver, Inc. (Debtor)
Quiksilver Intl. Pty. Ltd. (Non-Debtor Affiliate)
Quiksilver Japan K.K. (Non-Debtor Affiliate)
Quiksilver Mexico, S. de R. L. de C.V.
Quiksilver Roxy Korea Ltd. (Non-Debtor Affiliate)
Quiksilver Singapore Ltd. (Non-Debtor Affiliate)
Quiksilver Sourcing Aust. (Non-Debtor Affiliate)
Quiksilver Travel (Non-Debtor Affiliate)
Quiksilver Wetsuits, Inc. (Debtor)
Rawaki sp. Zoo (Non-Debtor Affiliate)
Robert McKnight (Creditor)
Samil Tong Sang Co. (Creditor)
Santocha Ltd. (Non-Debtor Affiliate)
SCOR Global Investments SE (Noteholder)
Simon Property Group, Inc. (Committee member)
Skandia Investment Management (Noteholder)
Smithy Barney Consulting Group (Noteholder)
Srinivasa Fashions Pvt Ltd. (Creditor)
Sumbawa SL (Non-Debtor Affiliate)
Sumec Textile and Light Industry (Creditor)
Sun America Asset Management (Noteholder)
Sunshine Diffusion SA (Non-Debtor Affiliate)
Tarawa Lda. (Non-Debtor Affiliate)
Tavarua SCI (Non-Debtor Affiliate)
TD Asset Management (Noteholder)

Times Square Associates LLC (Creditor)
U.S. Bank, N.A. (Indenture Trustee)
U.S. Bank, N.A. (Noteholder)
Ug Mfg. Co. (NZ) Ltd.
Ug Mfg. Co. Pty. Ltd. (Non-Debtor Affiliate)
Uluwatu Aps. (Non-Debtor Affiliate)
UMTT Pty. Ltd. (Non-Debtor Affiliate)
Union Investment GMBH (Noteholder)
Vanuatu GmbH (Non-Debtor Affiliate)
Wehai Textile IMP and Exp Co. (Creditor)
Wells Fargo Bank, N.A. (Secured Lender)
World Marketing, Inc. (Creditor)
Xiamen C&D Light Industry Co. Ltd. (Creditor)
Zhejiang Xishi Jiafang Textile Co. Ltd. (Creditor)