IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Quiksilver, Inc., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered) |

**DECLARATION OF RONALD M. TUCKER, CHAIRPERSON OF THE COMMITTEE, IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BAYARD, P.A. AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO SEPTEMBER 22, 2015 THROUGH AND INCLUDING SEPTEMBER 28, 2015**

I, Ronald M. Tucker, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

My name is Ronald M. Tucker, Esq. I am over the age of 21 and am competent in all respect to make this Declaration. I am a Vice President at Simon Property Group, Inc. and serve as chairperson of Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. and its affiliated debtors (the "Debtors"). Accordingly, I am in all respects competent to make this declaration in support of the application of the Committee to retain Bayard, P.A. ("Bayard") as co-counsel for the Committee during the period from September 22, 2015 through September 28, 2015 (the "Retention Period"). Except as otherwise noted, I have personal knowledge as to all the information set forth below.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

This declaration is provided pursuant to ¶ D.2 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Guidelines") promulgated by the Office of the United States Trustee. I am informed by Bayard that the Guidelines require that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 by accompanied by a verified statement from the client that addresses the following:

> The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.
>
> The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.
>
> The number of firms the client interviewed.
>
> If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.
>
> The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

### **Identity of Declarant**

On September 9, 2015 (the "Petition Date"), the Debtors filed petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 21, 2015, the Office of the

United States Trustee (the "U.S. Trustee") for the District of Delaware appointed the Committee, consisting of the following five members: (i) U.S. Bank National Association, as Indenture Trustee, (ii) New Generation Advisors, LLC, (iii) Samil Tong Sang, Co., (iv) Simon Property Group, Inc., and (v) Global Brands Group.

On September 28, 2015, the U.S. Trustee filed an amended notice of appointment of committee of unsecured creditors, adding the following two Committee members: (vi) T. Rowe Price Credit Opportunities Fund and (vii) Wilfrid Global Opportunity Fund.

As a member and chairperson of the Committee on behalf of Simon Property Group, Inc., I was directly involved in the Committee's decision to retain Bayard as the Committee's co-counsel in these chapter 11 cases during the Retention Period.

### Steps Taken to Ensure Comparability of Engagement Terms

I have confirmed with Bayard that, while its billing rates vary from attorney to attorney based on such factors as the attorney's seniority and position with the firm (e.g., partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a nonbankruptcy engagement.

The Committee has been informed that Bayard endeavors to set the hourly rates for their attorneys and paraprofessionals at levels competitive to those charged by firms with whom they compete.

### Number of Firms Interviewed

On the day the Committee was formed, the Committee decided to interview four law firms which expressed interest in serving as lead counsel. During each interview, the Committee sought information with respect to each of the firms' bankruptcy and non-


bankruptcy billing practices, hourly rates and experience. The Committee also considered various co-counsel.

### Procedures Established to Supervise Fees and Expenses and Manage Costs

I have reviewed and approved of Bayard's first and final fee application.

Based on the foregoing, the Committee is of the opinion that it is necessary to employ Bayard during the Retention Period and that such employment is in the best interest of the Debtors' estates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: October 26, 2015     By: */s/ Ronald M. Tucker*
                                      Ronald M. Tucker, Esq.
                                      Simon Property Group, Inc.

                                      Chairperson of the Official Committee of Unsecured Creditors of Quiksilver, Inc., *et al*.