**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Quiksilver, Inc., *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: November 17, 2015 at 10:30 a.m.<br>Objection Deadline: November 10, 2015 at 4:00 p.m. |

**APPLICATION FOR ENTRY FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PROVINCE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 22, 2015**

The Official Committee of Unsecured Creditors (the "Committee") of Quicksilver, Inc., a Delaware corporation, et al. (the "Debtors") hereby submits its application (the "Application") for the entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing and approving the employment of Province, Inc. ("Province" or the "Firm") as financial advisor to the Committee in connection with the Debtors' chapter 11 cases, effective as of September 22, 2015 through and including October 5, 2015. In support of the Application, the Committee submits the declaration of Paul Huygens (the "Huygens Declaration"), attached hereto and incorporated herein by reference. In support of the Application, the Committee respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

{BAY:02792304v1}

## BACKGROUND

1. On September 9, 2015 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage their properties and assets as debtors in possession. No trustee or examiner has been appointed in this case.

2. On September 21, 2015, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee originally consisted of the following five members: (i) U.S. Bank as Indentured Trustee; (ii) Samil Tong Sang Co.; (iii) Simon Property Group; (iv) Global Brands Group; and (v) New Generation Advisors.

3. On September 22, 2015, the Committee selected Province, Inc. as its financial advisor.

4. The Firm has extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as financial advisor to the official committees of unsecured creditors in The Wet Seal, National Air Cargo, Magnetation, and KSL Media matters, the debtors in Argosy Casino (Penn National) and American West Homes, and the trustee in Radio Shack, Coldwater Creek, Loehmann's and Eddie Bauer. Accordingly, the Committee believes that the Firm was well-qualified to render the services described below.

5.      On September 28, 2015 the UST's appointed two additional Committee members, and shortly thereafter, the Committee voted to replace Province with PJT Partners Inc. ("PJT").

6.      Over the course of the next several days, Province personnel coordinated with the Committee and PJT personnel in transitioning Debtor provided materials and Province work product to the new team.

## JURISDICTION

7.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

## RELIEF REQUESTED

8.      By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its financial advisor in this chapter 11 case for the period from September 22, 2015 to October 5, 2015.  The Committee selected Province in furtherance of the efficient administration of the estates on behalf of the Committee.  The Committee seeks to retain the Firm effective as of September 22, 2015, because Province began providing services to the Committee as of

such date. The Committee believes that such retention is appropriate in these cases because the Committee required Province's assistance prior to such time as a retention application could be submitted to the Court due to the exigencies of these cases, and Province provided services to the Committee from September 22, 2015 to October 5, 2015.

## SERVICES TO BE RENDERED

9. Subject to further Order of this Court, Province was expected to render, among other services, the following services to the Committee:

    a. become familiar with and analyze the Debtors' business, restructuring plan, assets and liabilities, and overall financial condition;

    b. become familiar with and analyze the non-Debtor affiliates' business, assets and liabilities, and overall financial condition;

    c. assist the Committee in determining how to react to the Debtor's restructuring plan or in formulating and implementing its own plan;

    d. monitor the financing and sale process, interface with the Debtor's professionals, and advise the committee regarding the process;

    e. prepare, or review as applicable, avoidance action and claim analyses;

    f. assist the Committee in reviewing the Debtors' financial reports, including, but not limited to, SOFAs, Schedules, cash budgets, and Monthly Operating Reports;

    g. represent and advise the Committee on the current state of these chapter 11 Cases;

    h. represent the Committee in negotiations with the Debtors and third parties as necessary;

      i.      if necessary, participate in hearings before the bankruptcy court with respect to matters upon which Province has provided advice; and

      j.      other activities as are approved by the Committee, the Committee's counsel, and as agreed to by Province.

## **NO ADVERSE INTEREST OF PROFESSIONALS**

10. To the best of the Committee's knowledge, and based upon the Huygens Declaration attached hereto, neither the Firm nor any of its employees have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Huygens Declaration.

11. To the best of the Committee's knowledge, except as provided in the Huygens Declaration, neither the Firm, nor any of its employees represent any interest adverse to that of the Committee in the matters on which they are to be retained.

12. While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified. Should the Firm, through its continuing efforts, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

13. The Firm represents many debtors and committees in other bankruptcy cases, and the debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any members of those

debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtors.

## **PROFESSIONAL COMPENSATION**

14. The Committee desires to employ the Firm and compensate the Firm with reasonable fees to be determined by the Court. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. The Firm has received no retainer in these cases to represent the Committee. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee. Province's standard hourly rates are:

| | |
|---|---|
| Principal | $635-670 |
| Director / Managing Director | $425-590 |
| Analyst / Senior Analyst | $320-400 |
| Para professional | $90 |

15. In addition, Province will bill for all of its out-of-pocket expenses reasonably incurred by Province in connection with the matters contemplated by this Agreement.

16. Province began performing services for the Committee on September 22, 2015. To ensure the prompt presentation of this Application, the Committee requests that the Court consider this Application as soon as possible on the Court's docket and approve this Application effective as of September 22, 2015.

## NOTICE

17. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

## NO PRIOR REQUEST

18. No prior Application for the relief requested herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Committee requests that the Court enter the order (the "Order") annexed hereto as Exhibit A, approving the employment of the Firm as its financial advisor, effective as of September 22, 2015, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and grant the Committee such other and further relief as the Court deems just and proper.

Date: October 26, 2015

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUICKSILVER, INC., A DELAWARE CORPORATION, ET AL.**

**By:  Simon Property Group, Inc.**

*/s/ Ronald M. Tucker*
By:  Ronald M. Tucker, solely in its capacity as Chair of the Committee and not in its individual capacity