## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| Quiksilver, Inc., *et al.,*[1] | Case No. 15-11880 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: November 17, 2015 at 10:30 a.m.**<br>**Objection Deadline: November 10, 2015 at 4:00 p.m.** |

### COVER SHEET TO THE FIRST AND FINAL APPLICATION FOR COMPENSATION OF COOLEY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL.*

| **Basic Information** | |
|---|---|
| Name of Applicant | Cooley LLP |
| Name of Client | Official Committee of Unsecured Creditors |
| Petition Date | September 9, 2015 |
| Retention Date | *nunc pro tunc* to September 21, 2015[2] |
| Date of Order Approving Employment | N/A[3] |
| | |
| **First and Final Fee Period** | |
| Time Period Covered | Sept. 21, 2015 to Sept. 28, 2015 |
| Total Hours Billed | 279.2 |
| Total Fees Requested | $201,609.50[4] |
| Blended Rate (All Timekeepers) | $722.10 |
| Total Expenses Requested | $0.00 |
| Fees Requested over Budgeted Amount (if any) | $0.00 |
| Total attorneys | 11 |
| Total attorneys not in staffing plan (if any) | N/A |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] The Official Committee of Unsecured Creditors of Quiksilver, Inc., et al. (the "Committee") voted to retain Cooley LLP on September 21, 2015. However, on September 28, 2015, two new members were appointed to the Committee by the United States Trustee and the reconstituted Committee elected to retain new counsel.

[3] Applicant's retention application is being filed contemporaneously herewith.

[4] Applicant wrote off the fees incurred after September 28th to transition smoothly to the Committee's new counsel.

| | |
|---|---|
| Total attorneys billing <15 hours (if any) | 5 |
| Rate increases not formerly approved/disclosed? | N/A |
| | |
| **Historical Information** | |
| Fees approved to date by interim order | N/A |
| Expenses approved to date by interim order | N/A |
| Allowed Fees paid to date | N/A |
| Allowed Expenses paid to date | N/A |

This is Cooley LLP's first and final fee application in this case.

## MONTHLY FEE APPLICATIONS SUBJECT TO THIS APPLICATION

**None.**

## COMPENSATION BY TIMEKEEPER DURING
## THE APPLICATION PERIOD

| Name of Professional Person | Position of the Applicant, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jay R. Indyke | Partner; Member of New York Bar since 1982; Area of Expertise: Bankruptcy | $1,050 | 9.8 | $10,290.00 |
| Cathy Hershcopf | Partner; Member of New York Bar since 1989; Area of Expertise: Bankruptcy | $950 | 49.2 | $46,740.00 |
| Eric J. Haber | Special Counsel; Member of New York Bar since 1984; Area of Expertise: Bankruptcy | $835 | 8.5 | $7,097.50 |
| Ian Ross Shapiro | Partner; Member of New York Bar since 2001; Expertise: Litigation | $815 | 10.8 | $8,802.00 |
| Seth Van Aalten | Associate; Member of New York Bar since 2004; Area of Expertise: Bankruptcy | $755 | 38.4 | $28,992.00 |
| Michael J. Berkovits | Associate; Member of New York Bar since 2011; Area of Expertise: Litigation | $655 | 36.5 | $23,907.50 |
| Stephanie Gentile | Associate; Member of New York Bar since2011; Area of Expertise: Tax | $655 | 1.2 | $786.00 |
| Robert B. Winning | Associate; Member of New York Bar since 2011; Area of Expertise: Bankruptcy | $655 | 69.2 | $45,326.00 |
| Nicholas A. Flath | Associate; Member of New York Bar since 2012; Area of Expertise: Litigation | $595 | 18.2 | $10,829.00 |
| Melissa H. Boyd | Associate; Member of Oregon Bar since 2009; Area of Expertise: Bankruptcy | $530 | 32.6 | $17,278.00 |
| Jeremy H. Rothstein | Associate; Member of New York Bar since 2014; Area of Expertise: Bankruptcy | $470 | 2.1 | $987.00 |
| Gary J. Jaskula | Other Timekeeper | $225 | 0.5 | $112.50 |
| Mollie N. Canby | Paralegal | $210 | 2.2 | $462.00 |
| **Total** | | | **279.2** | **$201,609.50** |
| **Blended Hourly Rate for All Timekeepers** | | | | **$722.10** |
| **Blended Rate for Attorneys** | | | | **$727.07** |

**TIME BILLED BY PROJECT CATEGORY**

| | Subject Matter Categories | Hours Spent | Fees |
|---|---|---|---|
| B02 | Asset Disposition | 47.0 | $30,554.50 |
| B03 | Business Operations | 4.0 | $3,902.00 |
| B04 | Case Administration | 23.7 | $15,291.50 |
| B05 | Claims | 1.1 | $860.00 |
| B07 | Fee/Employment Applications | 10.2 | $7,064.50 |
| B08 | Fee/Employment Objections | 6.9 | $5,617.50 |
| B09 | Financing and Cash Collateral | 50.5 | $36,340.50 |
| B10 | Litigation | 106.9 | $76,598.00 |
| B11 | Meetings | 25.8 | $23,270.50 |
| B14 | Travel | 0.8 | $604.00 |
| B21 | Tax Issues | 2.3 | $1,506.50 |
| | **Total** | **279.2** | **$201,609.50** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Quiksilver, Inc., *et al.*,[1] | Case No. 15-11880 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: November 17, 2015 at 10:30 a.m.**<br>**Objection Deadline: November 10, 2015 at 4:00 p.m.** |

**FIRST AND FINAL APPLICATION FOR COMPENSATION OF COOLEY
LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF QUIKSILVER, INC., *ET AL.***

Cooley LLP ("**Cooley**" or "**Applicant**"), former co-counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of Quiksilver, Inc., *et al.* (collectively, the "**Debtors**"), in the above-captioned chapter 11 cases, respectfully represents:

**PRELIMINARY STATEMENT**

1.        The circumstances surrounding this Application and Applicant's retention in these cases are unique. Upon its formation on September 21, 2015, the Committee interviewed four law firms and selected as Cooley as its lead counsel. At the instruction of the Committee, Applicant worked around the clock to not only get up to speed on the Debtors' complicated financial and corporate organizational structure (which encompasses more than 100 legal entities around the globe, with multiple different financing sources in different regions), but to also prepare for a contentious, contested hearing on October 6, 2015 concerning the Debtors' motions to secure postpetition

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

financing and assume the plan sponsor agreement. However, on September 28, 2015, two new members were appointed to the Committee by the United States Trustee, and the reconstituted Committee voted to retain different counsel. At that point, Applicant ceased all billable work, and corresponded with the Committee's new counsel to transition the matter.

2.      Despite the unusual circumstances, the services Applicant provided to the Committee were reasonable and necessary, and the work performed during the Application Period provided a foundation for the future representation of the Committee in these cases.    Accordingly, Applicant respectfully requests approval of the compensation requested herein.

## INTRODUCTION

3.      This is Applicant's first and final application (the "**Application**") for allowance of compensation pursuant to § 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**").

4.      This Application seeks final allowance of compensation for legal services rendered by Applicant for the period September 21, 2015 through September 28, 2015 (the "**Application Period**") in the total amount of **$201,609.50.** This Application complies with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## BACKGROUND

5.      On September 9, 2015 (the "**Petition Date**"), the Debtors commenced these cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.

6.     The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

7.     On September 21, 2015, the United States Trustee appointed the following entities to the Committee in these cases pursuant to section 1102 of the Bankruptcy Code: (i) U.S. Bank National Association, (ii) New Generation Advisors, LLC, (iii) Samil Tong Sang, Co., (iv) Simon Property Group, Inc., and (v) Global Brands Group. On September 28, 2015, the United States Trustee added the following entities to the Committee: (i) T. Rowe Price Credit Opportunities Fund and (ii) Wilfrid Global Opportunity Fund.

8.     To date, there has been no order entered in these cases setting forth compensation procedures.[2]

## JURISDICTION AND STATUTORY PREDICATES

9.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are §§ 105(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## DISCLOSURES PURSUANT TO THE REVISED U.S. TRUSTEE GUIDELINES

10.    Eleven attorneys and two para-professionals are included in this Application.

---

[2]  Debtors filed *Debtors' Motion For Administrative Order Pursuant to Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures* (the "Compensation Motion") on September 15, 2015 [D.I. 103]. A hearing on the Compensation Motion is scheduled for October 14, 2015 [D.I. 255].

11.    The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

**Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:    No.

**Question:**    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    The Committee approved this fee application in lieu of a budget and staffing plan.

**Question:**    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question:**    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

Response:    No.

**Question:**    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

Response:    No.

12.    None of Applicant's fees have increased since the date Applicant was retained.  Disclosures of the blended rate of Applicant's timekeepers are attached hereto as **Exhibit A**.

### SERVICES RENDERED DURING APPLICATION PERIOD

13.    During the Application Period, Applicant's services to the Committee included professional advice and representation in connection with discrete categories in

this chapter 11 proceeding.  The aggregate hours and amount for each category are set forth on the cover sheet to this Application.

14.     To apprise this Court of the legal services provided during the Application Period, Applicant sets forth the following summary of legal services rendered.  The summary is intended only to highlight the general categories of services performed by Applicant on behalf of the Committee; it is not intended to set forth each and every item of professional services which Applicant performed.

**Asset Disposition (B02)**

15.     This category includes time expended by Applicant with respect to the disposition of the Debtors' assets.  Applicant spent time in this category, *inter alia*, drafting an objection to the Debtors' motion to assume the plan sponsor agreement and corresponding and meeting with creditors, the Debtors, the Debtors' professionals, the Committee's former financial advisors, and other parties in interest regarding the marketing and sale of the Debtors' assets as a going concern or on a liquidation basis.

16.     Applicant expended 47.0 hours of time for a charge of $30,554.50 for services rendered with respect to matters relating to asset disposition.

**Business Operations (B03)**

17.     This category includes time expended by Applicant with respect to the Debtors' business operations, including, among other things, conferring with the Debtors regarding prepetition business operations and strategies for increasing business postpetition, and analysis of the Debtors' retail operations regarding same.

18.     Applicant expended 4.0 hours of time for a charge of $3,902.00 for services rendered with respect to matters relating to business operations.

**Case Administration (B04)**

19.    This category includes time expended by Applicant on a variety of activities relating to the day-to-day management and prosecution of these chapter 11 cases.  Services rendered in this project category include, among other things, regular contact with the Committee and counsel to the Debtors, preparation of by-laws and other administrative materials for the Committee, review of documents included in the Debtors' data room and pleadings prepared by the Debtors and other parties in interest, and negotiating a confidentiality agreement acceptable to the Debtors.

20.    Applicant expended 23.7 hours of time for a charge of $15,291.50 for services rendered with respect to the handling of matters relating to case administration.

**Claims (B05)**

21.    This category includes time expended by Applicant with respect to various claims against the Debtors.  Applicant spent time in this category, *inter alia*, analyzing issues concerning the Debtors' critical vendor program and potential preferential payments.

22.    Applicant expended 1.1 hours of time for a charge of $860.00 with respect to the handling of matters relating to claims.

**Fee/Employment Applications (B07)**

23.    This category includes time expended by Applicant regarding the retention and compensation of various professionals in the Debtors' bankruptcy proceedings. Applicant spent time during the Application Period, among other things, (i) drafting its retention application and affidavit in support of the same; (ii) reviewing and analyzing the retention applications of  the Debtors' professionals, and preparing memoranda for

the Committee regarding the same; and (iii) reviewing materials and meeting with proposed financial advisors to the Committee.

24.     Applicant expended 10.2 hours of time for a charge of $7,064.50 for services rendered with respect to matters relating to fee/employment applications.

**Fee/Employment Objections (B08)**

25.     This category includes time expended by Applicant in connection with objections to fee and employment applications of the various professionals in the Debtors' bankruptcy proceedings.  Applicant primarily spent time during the Application Period drafting an objection to the Debtors' proposed retention of its investment banker.

26.     Applicant expended 6.9 hours of time for a charge of $5,617.50 for services rendered with respect to matters relating to fee/employment objections.

**Financing and Cash Collateral (B09)**

27.     This category includes time expended by Applicant with respect to the debtor-in-possession financing facility (the "DIP") and the terms thereof.  In connection therewith, Applicant, among other things, reviewed the DIP, prepared for a comprehensive objection thereto, served discovery requests and conducted deposition preparation, and corresponded with parties in interest regarding the same.

28.     Applicant expended 50.5 hours of time for a charge of $36,340.50 for services rendered with respect to cash collateral and financing.

**Litigation (B10)**

29.     This category includes time expended by Applicant attending to matters concerning litigation.  Applicant spent time in this category, among other things: (i) conducting legal research in connection with the objections to the DIP and plan sponsor agreement, (ii) preparing discovery requests and engaging in deposition preparation in

advance of the October 6th hearing on the DIP, (iii) conferring and strategizing with the Committee's former financial advisor regarding same, and (iv) meeting and conferring with counsel for the Debtors and the proposed plan sponsor.

30.    Applicant expended 106.9 hours of time for a charge of $76,598.00 with respect to litigation.

**Meetings (B11)**

31.    This category includes time expended by Applicant preparing for and attending meetings with the Committee, the Committee's former financial advisor, and/or the Debtors' professionals in connection with, *inter alia*, the sale process, the Debtors' pre- and postpetition business operations, the DIP motion, the Debtors' motion to assume the plan sponsor agreement, and other case issues.

32.    Applicant expended 25.8 hours of time for a charge of $23,270.50 with respect to preparation for and attendance at meetings.

**Travel (B14)**

33.    This category is for travel time expended by Applicant in connection with hearings and meetings in Delaware.  Non-working travel is billed at one-half time.

34.    Applicant billed 0.8 hours of non-working travel time, for a charge of $604.00.

**Tax Issues (B21)**

35.    This category includes time expended by Applicant with respect to tax issues, including research and analysis concerning the tax consequences of certain provisions of the DIP.

36.    Applicant expended 2.3 hours of time for a charge of $1,506.50 for services rendered with respect to tax issues.

## <u>MATTERS PERTAINING TO APPLICANT</u>

37.     Applicant has maintained contemporaneous time records which indicate the time that each attorney has spent working on a particular matter and the nature of the work performed.  Copies of these time records are annexed to this Application as **<u>Exhibit A</u>**.  The total number of hours expended by Applicant's attorneys and para-professionals during the Application Period in conjunction with this case is **279.2**.  All of the services have been rendered by those individuals at Applicant's firm as listed on Applicant's Compensation by Timekeeper chart attached hereto.

38.     The personnel who have expended extensive time on this matter during the Application period are as follows:  (a) Cathy Hershcopf:  Ms. Hershcopf was actively involved in all aspects of these cases, including all issues regarding the DIP and sale process; (b) Seth Van Aalten and Robert Winning:  Messrs. Van Aalten and Winning were actively involved in all issues regarding the DIP and were responsible for the various day-to-day issues that arose during the Application Period.

39.     Many of the items that have been reviewed are unique to retail-type bankruptcy proceedings.  It is respectfully submitted that Applicant's expertise in retail bankruptcy cases has caused certain issues to be reviewed without difficulty, as other bankruptcy attorneys without expertise in retail cases would have had to spend more time researching issues and, in addition, would not have been familiar with the issues applicable to this type of case.  Some of the retail chapter 11 cases in which Applicant has been retained include:  Against All Odds, Blockbuster, The Bombay Company, Boscov's, BT Tires, BTWW Retail, Domain Furniture, Eddie Bauer, Filene's Basement, Goody's Family Clothing, Gottschalks, Hancock Fabrics, Harvey Electronics, KB Toys,

Lenox Sales, Levitz Furniture, Lillian Vernon, Mervyn's, Princeton Ski Shops, RadioShack, Samsonite Company Stores, Skymall, Sharper Image, Shoe Pavilion, Sierra Snowboard, Sports Collectibles, Steve & Barry's, Trade Secret, Ultimate Electronics and Wickes Furniture.

40.    Applicant also has extensive experience in representing creditors' committees in Delaware cases, including Bob's Stores, Boscov's, Brookstone, BT Tires, Claim Jumper, Deb Shops, Domain Home Furnishings, Eddie Bauer, Filene's Basement, Frederick's of Hollywood, Goody's Family Clothing, Gottshalks, Hancock Fabrics, KB Toys, Lillian Vernon, Loehmann's, Mervyn's, Montgomery Ward, Orchard Brands, Oriental Trading Company, RadioShack, Ritz Camera, The Sharper Image, Today's Man, Urban Brands and Wickes Furniture.

41.    Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtors' chapter 11 cases in furtherance of Applicant's professional responsibilities as attorneys for the Committee.

42.    During the Application Period, the partners, associates and para-professionals of Applicant devoted substantial time, **279.2** hours, in rendering professional services to the Committee, all of which time was reasonable and necessary.

43.    Applicant, by experience, training and ability, is fully qualified to perform the services for which compensation is sought here.  Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it was engaged.

44.    No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with these chapter 11 cases.

## ALLOWANCE OF COMPENSATION

46.     With respect to the level of compensation, section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered."  Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §  330(a)(3).

47.     The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases.  See In Re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 850 (3d Cir.

1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.").

48.    Applicant asserts that in accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  It is respectfully submitted that, had counsel with less experience in these types of matters been retained, the cost to the estate would have been much greater.

49.    The fees charged by Cooley in these cases are billed in accordance with the existing billing rates and procedures in effect during the Application Period.  The services rendered by Cooley were necessary and beneficial to the Committee, consistently performed in a timely manner, and reasonable in light of the value of such services to the Committee, Cooley's demonstrated skill and expertise in the bankruptcy field, and the customary compensation charged by comparably skilled practitioners. Accordingly, Applicant submits that approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**NOTICE, PRIOR APPLICATION AND CERTIFICATION**

50.    Notice of the Application is being given to (i) the U.S. Trustee; (ii) counsel for the Debtors, (iii) counsel for the Debtors' pre- and postpetition lenders; and

(iv) all parties having filed an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002. Applicant submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be provided.

51.     No former application for the relief sought herein has been made to this or any other court.

52.     Applicant has reviewed the requirements of the Local Rules and certifies that this Application complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**WHEREFORE**, Applicant hereby respectfully requests final allowance of compensation for Applicant's duly authorized, necessary and valuable service to the Committee during the Application Period in the aggregate amount of **$201,609.50**.

Dated: October 26, 2015

**COOLEY LLP**

*/s/ Cathy Hershcopf*
Jay R. Indyke
Cathy Hershcopf
1114 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275
jindyke@cooley.com
chershcopf@cooley.com

*Proposed Counsel for the Official
Committee of Unsecured Creditors*