**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Quiksilver, Inc., *et al.*,[1] | Case No. 15-11880 (BLS) |
| | (Jointly Administered) |
| Debtors. | Hearing Date: November 17, 2015 at 10:30 a.m.<br>Objection Deadline: November 10, 2015 at 4:00 p.m. |

**FIRST FEE AND FINAL APPLICATION OF BAYARD, P.A. FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE PERIOD FROM
SEPTEMBER 22, 2015 THROUGH SEPTEMBER 28, 2015**

| | |
|---|---|
| **Applicant** | Bayard, P.A. |
| **Name of Client** | Official Committee of Unsecured Creditors |
| **Time Period Covered by Application** | September 22, 2015 – September 28, 2015 |
| **Total Compensation Sought by Application** | $30,034.50 |
| **Total Expenses Sought by Application** | $123.24 |
| **Petition Date** | September 9, 2015 |
| **Date of Order Approving Employment** | To Be Determined |
| **Total Compensation Approved by Interim Order to Date** | $0.00 |
| **Total Expenses Approved by Interim Order to Date** | $0.00 |
| **Total Allowed Compensation Paid to Date** | N/A |
| **Total Allowed Expenses Paid to Date** | N/A |
| **Blended Rate in Application for All Attorneys** | $386.97 |
| **Blended Rate in Application for All Timekeepers** | $384.56 |
| **Compensation Sought in Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed** | N/A |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

{BAY:02786472v2}

| | |
|---|---|
| **Expenses Sought in Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed** | N/A |
| **Number of Professionals Included in Application** | 5 Total Professionals (1 Director Attorneys, 2 Associate Attorneys, 2 Paraprofessionals) |
| **Number of Professionals in Application Not Included in Staffing Plan Approved by Client** | N/A |
| **Difference Between Fees Budgeted and Compensation Sought in Application** | N/A |
| **Number of Professionals Billing Fewer than 15 Hours** | 3 (1 Director Attorney, 2 Paraprofessionals) |
| **Are Any Rates Higher Than Those Approved or Disclosed in Retention Application** | No |

This is Bayard's first and final fee application in these cases.

## Summary of Bayard Fee Statements

| Date & D.I. | Filing Period | Requested Fees | Requested Expenses | CNO/ Order Date | Approved Fees | Approved Expenses | Total Unpaid | Fees/Expenses Disallowed or Withdrawn |
|---|---|---|---|---|---|---|---|---|
| 10/26/15 | 9/22/15 through 9/28/15 | $30,034.50 | $123.24 | CNO Due 11/12/15 | Pending | Pending | $30,141.69 | N/A |
| **Cumulative Totals** | | $30,034.50 | $123.24 | | $0.00 | $0.00 | $30,141.69 | $0.00 |

{BAY:02786472v2}    2

## Timekeeper Summary

| | Director Attorneys | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate** | **Hours** | **Amount(s)** |
| Scott D. Cousins | Director | Director since 2014.  Joined firm in 2014.  Member of DE Bar since 1992.  Area of Expertise:  Bankruptcy and Commercial Law. | $675.00 | 2.5 | $1,687.50 |
| | | | **Totals** | **2.5** | **$1,687.50** |
| | | | **Blended Director Attorneys Rate** | | **$675.00** |
| | **Associate Attorneys** | | | | |
| **Timekeeper** | **Position** | **Description** | **Rate(s)** | **Hours** | **Amount(s)** |
| Justin R. Alberto | Associate | Associate since 2008.  Member of DE Bar since 2008.  Area of Expertise:  Bankruptcy and Litigation. | $450.00 | 39.0 | $17,550.00 |
| Amara Nwannunu | Associate | Associate since 2015.  Member of MA Bar since 2015 Area of Expertise:  Bankruptcy. | $295.00 | 23.2 | $6,844.00 |
| | | | **Totals** | **62.2** | **$24,394.00** |
| | | | **Blended Associate Attorneys Rate** | | **$392.19** |
| | **Paraprofessionals** | | | | |
| **Timekeeper** | **Position** | **Description** | **Rate(s)** | **Hours** | **Amount(s)** |
| Larry Morton | Paralegal | Paralegal.  Joined firm in 2010. Area of Expertise:  Bankruptcy. | $295.00 | 12.4 | $3,658.00 |
| Tammy Stoner | Paralegal | Paralegal.  Joined firm in 2015. Area of Expertise:  Bankruptcy. | $295.00 | 1.0 | $295.00 |
| | | | **Totals** | **13.4** | **$3,953.00** |
| | | | **Blended Paraprofessional Rate** | | **$295.00** |

## Project Category Summary by Task Code

| Project Category | Hours | Amount | Blended Rate |
|---|---|---|---|
| Asset Analysis and Recovery (AA) | 0.2 | $90.00 | $450.00 |
| Litigation & Adversary Proceedings (AP) | 18.0 | $6,674.00 | $370.78 |
| Case Administration (CA) | 26.5 | $9,445.00 | $356.42 |
| Court Hearings (CH) | 0.3 | $135.00 | $450.00 |
| Cash Collateral and DIP Financing (CR) | 8.1 | $3,645.00 | $450.00 |
| Employment Application of Bayard, P.A. (EA1) | 14.6 | $5,268.00 | $360.82 |
| Employment Application of Other Professionals (EA2) | 2.5 | $1,032.00 | $412.80 |
| Meetings of/with Creditors (MC) | 0.1 | $45.00 | $450.00 |
| Statutory Committee and Committee Meetings (SC) | 6.7 | $3,205.50 | $478.43 |
| Trustee Reporting/Schedules (TR) | 0.3 | $135.00 | $450.00 |
| Utility Matters (UM) | 0.8 | $360.00 | $450.00 |
| **Totals** | 78.1 | $30,034.50 | $384.56 |

## Expense Category Summary

| Expense Category | Amount |
|---|---|
| Outside Copy Charges | $77.39 |
| Phone | $0.40 |
| Print Images | $29.40 |
| Westlaw Services | $16.05 |
| **Totals** | $123.24 |

*[Remainder of Page Intentionally Left Blank]*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Quiksilver, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: November 17, 2015 at 10:30 a.m.<br>Objection Deadline: November 10, 2015 at 4:00 p.m. |

**FIRST FEE AND FINAL APPLICATION OF BAYARD, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM SEPTEMBER 22, 2015 THROUGH SEPTEMBER 28, 2015**

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and using best efforts to comply with the *United States Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §§ 330 for Attorneys in Larger Chapter 11 Cases Filed* (the "UST Guidelines"), Bayard, P.A. ("Bayard") hereby seeks reasonable compensation in the above-captioned cases of Quiksilver, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for professional legal services rendered to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $30,034.50 together with reimbursement for actual and necessary expenses incurred in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

{BAY:02786472v2}

the amount of $123.24 for the period commencing September 22, 2015, through and including September 28, 2015 (the "Compensation Period"). In further support of this Application, Bayard respectfully represents as follows:

## Jurisdiction and Venue

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court.

2.  The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code.

## Background

3.  On September 9, 2015, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer Of Quiksilver, Inc., In Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 20].

5.  On September 21, 2015 (the "Formation Date"), the Office of the United States Trustee (the "U.S. Trustee") selected a five (5) member Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code [D.I. 129], including: (i) U.S. Bank National Association, as Indenture Trustee; (ii) New Generation Advisors, LLC.; (iii) Samil Tong

Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group. Ronald M. Tucker of Simon Property Group, Inc. was designated as chair of the Committee.

6. On the Formation Date, the Committee selected Cooley LLP ("Cooley") as its lead counsel in these cases. On September 22, 2015, the Committee selected Bayard as its co-counsel and Province as its financial advisor.

7. On September 28, 2015, six days after the Formation Date, the U.S. Trustee added T. Rowe Price Credit Opportunities Fund and Wilfrid Global Opportunity Fund L.P. to the Committee. Within hours thereafter, the Committee terminated Cooley and Bayard and hired Akin Gump Strauss Hauer & Feld LLP and Pepper Hamilton LLP as its replacement counsel.

**Relief Requested**

8. Bayard submits this Application (i) for final approval and payment of reasonable compensation for actual, reasonable, and necessary professional services performed by it as co-counsel for the Committee during the Compensation Period and (b) for final approval and reimbursement of actual, reasonable, and necessary expenses incurred by Bayard rendering professional services to the Committee during the Compensation Period. All services for which Bayard requests compensation were performed for, or on behalf of, the Committee. This Application is made pursuant to the provisions of sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, the Compensation Order and the UST Guidelines.

9. This Application is the first and final fee application filed by Bayard in these cases. In connection with the professional services rendered, by this Application Bayard seeks compensation incurred during the Compensation Period in the amount of

$30,034.50 and reimbursement of actual, necessary expenses of $123.24 incurred during the Compensation Period.

10. Attached hereto as Exhibit A is a detailed statement of hours Bayard professionals spent rendering legal services to the Committee, supporting Bayard's request of $30,034.50 in compensation for fees incurred during the Compensation Period (the "Invoices"). The Invoices contain detailed time entries for each timekeeper included in this Application. As has been Bayard's practice, the Invoices are arranged by Bayard's internal project categories.

11. Attached hereto as Exhibit B is a detailed list of disbursements made by Bayard supporting Bayard's request of $123.24 in expense reimbursement for the Compensation Period.

12. Given the nature and value of the services that Bayard provided to the Committee as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

13. Bayard has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Bayard and any other person (other than members of Bayard) for the sharing of compensation to be received for the services rendered in these cases.

**Certification and UST Guidelines Disclosures**

14. Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Bayard represents as follows with regard to its charges for actual and necessary costs and expenses during the Interim and Final Compensation Periods:

    (a)    Copy, scanning and printing charges are $.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

    (b)    Incoming facsimiles are not billed.

    (c)    Out-going facsimiles are billed at the rate of $1.00 per page. The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures. Toll telephone charges are not billed.

15. Pursuant to section C.3 of the UST Guidelines, Bayard's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Bayard's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. By way of example, Bayard's blended hourly rates for timekeepers included in this Application, compared to the blended rates for Bayard's non-bankruptcy timekeepers for Bayard's preceding calendar year, is attached hereto as <u>Exhibit C</u>.

16. Pursuant to section C.5 of the UST Guidelines, Bayard hereby makes the following disclosures:

| | |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No. |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the | Six days after Bayard was engaged as counsel to the Committee, the U.S. Trustee changed the Committee's composition on September 28, 2015. Immediately upon the change in the Committee's composition, the |

{BAY:02786472v2}    5

| | |
|---|---|
| client? | Committee terminated Bayard and Cooley and hired replacement counsel. Accordingly, Bayard does not intend to prepare a prospective budget in connection with its representation of the Committee, which has concluded |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices | No. |
| If the fee application includes any rate increases since retention:<br>(a) Did your client review and approve those rate increases in advance?<br>(b) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | Not Applicable. |

**Basis for Relief**

17. The applicable standard for compensation of professionals is set forth in section 330(a) of the Bankruptcy Code which provides that a bankruptcy court may award to a professional person employed under sections 327 or 1103 "reasonable compensation for actual, necessary services rendered by [such] . . . attorney . . . and reimbursement of actual, necessary expenses." 11 U.S.C. § 330(a). Further, section 330 provides certain guidelines for the Court to consider with respect to the amount of compensation to be awarded, which include:

>(A) the time spent on such services;

>(B) the rates charged for such services;

> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in this bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18.     Professional services rendered by Bayard during these cases have been itemized by professional, noting each professional's rate and number of hours. A detailed listing of such services provided during the Compensation Period is attached hereto as Exhibit A and a detail of the expenses incurred during the Compensation Period is attached hereto as Exhibit B. Additionally, the qualifications of the Bayard professionals who have been primarily responsible for the provision of services in these cases were included with Bayard's retention application. In performing services for the Debtors, Bayard took into account both the hourly rate of the attorney providing the service, and the relative skill of the particular attorney as it related to the required tasks. By utilizing those most skilled in a particular area, Bayard was able to provide efficient and effective representation to the Committee.

A.     **Reasonableness of Compensation Requested**

19.     Bayard believes that the hourly rates charged for its partners, associates, and paralegals are reasonable and competitive with the hourly rates charged by law firms

of comparable size and quality with similar expertise and levels of experience as Bayard. The hourly rate of each professional who rendered services in connection with these cases during the Compensation Period is set forth above.

20.     Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided, and the results that were achieved, allowance of the amounts requested is appropriate. Because Bayard's fees and expenses are comparable to those incurred by counsel to similarly-situated committees in cases involving issues of commensurate complexity, Bayard's fees are "reasonable" and should be allowed in the amounts set forth herein.

**B.    Novelty and Difficult of Legal Questions/Skill Requisite to Performing Legal Services**

21.     The Debtors' capital structure, the nature of their operations, and the time-sensitive nature of the Debtors' cases and the speed at which they progressed required Bayard to assist the Committee in evaluating several difficult factual and legal issues in connection with the Debtors' cases. Further, there can be no dispute that Bayard's attorneys devoted significant effort to the Committee's affairs, as shown by the detailed time entries included in <u>Exhibit A</u>.

**C.    Experience, Reputation, and Ability of Attorneys**

22.     Bayard has an excellent reputation based upon its experienced and capable group of professionals. Indeed, Bayard was originally selected as co-counsel to the Committee due to the experience and expertise of its attorneys in the areas of bankruptcy law, transactions, and other areas directly affecting these cases and the Committee. The primary Bayard attorneys that represented the Committee have years of experience and are well recognized as accomplished professionals in their field. Further, the primary

attorneys providing services to the Committee are each highly educated, skilled, and accomplished bankruptcy and corporate professionals.

23. In summary, all the professional services rendered on the Committee's behalf were performed by attorneys with a high level of skill in the areas for which they were employed. Such experience and expertise enabled Bayard to represent the Committee as its co-counsel in an efficient manner.

### Certification and Notice

24. The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and the Exhibits attached hereto comply therewith and a copy of this Application has been sent to the appropriate notice parties.

25. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the size and nature of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Bayard requests final approval of $30,034.50 as the total compensation for professional services rendered during the Compensation Period, and the sum of $123.24 for reimbursement of actual and necessary costs and expenses incurred by Bayard during the Compensation Period in these cases from September 22, 2015 through September 28, 2015.

Dated:  October 26, 2015
            Wilmington, Delaware

BAYARD, P.A.

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
Email: jalberto@bayardlaw.com

-and-

COOLEY LLP
Jay R. Indyke
Cathy Hershcopf
Seth Van Aalten
Robert Winning
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: jindyke@cooley.com
         chershcopf@cooley.com
         svanaalten@cooley.com
         rwinning@cooley.com

*Proposed Co-Counsel for the Committee*