# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Quiksilver, Inc., *et al.,*[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: November 17, 2015 at 10:30 a.m.**<br>**Objection Deadline: November 10, 2015 at 4:00 p.m.** |

## FIRST AND FINAL MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FROM SEPTEMBER 22, 2015 <u>THROUGH OCTOBER 5, 2015</u>

| | |
|---|---|
| Name of Applicant: | Province, Inc. |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Pending before the Court |
| Period for which Compensation and Reimbursement is Sought: | September 22, 2015 – October 5, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $114,597.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $23.19 |

This is a:      ___ monthly      ___ interim   <u>X</u>  final application.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

**Monthly Billing Summary**

The total time expended for employment and fee application preparation in this Application Period is 11.2 hours and the corresponding compensation requested is approximately $6,190.50.

This is the first and final monthly application filed in these cases.

## PROVINCE PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Peter Kravitz, Esq. | Principal – Corporate Restructuring. Bar Admission in 1995. | $670 | 6.1 | $4,087.00 |
| Paul Huygens, CPA, CFE | Principal – Corporate restructuring. CPA license in 1999, CFE license in 2015 | $635 | 51.4 | $32,639.00 |
| Victor Delaglio | Managing Director – Corporate restructuring.  Investment banking and restructuring employment since 2005. | $550 | 61.7 | $33,935.00 |
| Carol Cabello, CIRA | Director – Corporate restructuring. Investment banking and restructuring employment since 1999. Certified insolvency and restructuring advisor. | $495 | 55.8 | $27,621.00 |
| Stilian Morrison | Director – Corporate restructuring. Investment banking and restructuring employment since 2005. | $485 | 14.6 | $7,081.00 |
| Jim McFadden, CFA | Senior Analyst – Corporate Restructuring.  Investment banking for over 25 years. CFA designation. | $380 | 24.3 | $9,234.00 |

**Grand Total: $114,597.00     Total Hours: 213.9**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis | 126.8 | $65,586.00 |
| Case Administration | 41.7 | $23,851.50 |
| Committee Activities | 25.4 | $13,969.00 |
| Fee/Employment Applications | 11.2 | $6,190.50 |
| Plan and Disclosure Statement | 8.8 | $5,000.00 |
| **Grand Total** | | **$114,597.00** |

## EXPENSE SUMMARY

| Expense Category | Description | Total Expenses |
|---|---|---|
| Telephone | Conference call charges | $23.19 |
| **Total Expenses** | | **$23.19** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| Quiksilver, Inc., *et al.,*[3] | Case No. 15-11880 (BLS) |
|  | (Jointly Administered) |
| Debtors. | **Hearing Date: November 17, 2015 at 10:30 a.m.**<br>**Objection Deadline: November 10, 2015 at 4:00 p.m.** |

**FIRST AND FINAL MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR THE PERIOD FROM SEPTEMBER 22, 2015
THROUGH OCTOBER 5 , 2015**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Province, Inc. ("Province" or the "Firm"), former financial advisor

for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its

First and Final Application for Compensation and for Reimbursement of Expenses for the

Period from September 22, 2015 through October 5, 2015 (the "Application").   By this

Application, Province seeks a final allowance and payment of compensation in the

amount of $114,597.00 and final reimbursement of actual and necessary expenses in the

amount of $23.19 for a total payment of $114,620.19 for the period September 22, 2015

through October 5, 2015 (the "Application Period").   Pursuant to Local Bankruptcy Rule

---

[3] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2016-2, this Application is supported by the Certification of Paul Huygens, which is annexed hereto as Exhibit A. In support of this Application, Province states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This Application is made pursuant to (i) Bankruptcy Code section 328(a) of title 11 of the United States Code; (ii) Bankruptcy Rule 2016; (iii) Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and (iv) a pending application before the Court to retain and employ Province as Financial Advisor to the Official Committee of Unsecured Creditors, for the period from September 22, 2015 to October 5, 2015.

## BACKGROUND

3.      On September 9, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

4.      On September 21, 2015, the United States Trustee for Region 3 (the "UST") appointed the Committee to represent the interests of all unsecured creditors in

these cases  pursuant to section 1102 of the Bankruptcy Code. The appointment was subsequently amended on September 28, 2015 to add two additional members to the Committee.

5.      The application to employ Province, *nunc pro tunc* to September 22, 2015 is currently pending before the Court.

## PROVINCE'S APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

6.      All services for which Province requests compensation were performed for or on behalf of the Committee.

7.      Province has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Province and any other person other than the employees of Province for the sharing of compensation to be received for services rendered in these cases.  Province has received no retainer in this matter.

### Fee Statements

8.      Province seeks allowance of compensation and payment for professional services rendered to the Committee during the Application Period in the aggregate amount of $114,597.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $23.19.

9.      Attached as <u>Exhibit B</u> is a list of professionals providing services; their respective billing rates; the aggregate hours expended by each professional; a general description of services rendered, summarized by project category; a fee summary;

detailed time records with a description of the services performed by each professional and the time expended; and a summary and detail of out-of-pocket expenses incurred.

<u>**Summary of Services**</u>

10.    The employees of Province who have rendered professional services during the Interim Period in these cases are as follows: Peter Kravitz, Paul Huygens, Carol Cabello, Victor Delaglio, Stilian Morrison, and James McFadden.

11.    During the Application Period, the Committee relied heavily on the experience and expertise of the above-named persons in dealing with matters described in detail below.    As a result, Province's highly skilled restructuring and bankruptcy professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

12.    A summary of some of the more significant services rendered by Province during the Application Period follows.  This summary is divided according to the project categories used by Province in its billing in these cases.  A detailed time log of all tasks performed by Province during the Application Period is set forth on <u>Exhibit B</u> hereto.

A.    <u>**Business Analysis**</u>

**Fees:  $65,586.00**            **Total Hours: 126.8**

13.    Incorporated within this category is time spent by Province personnel in connection with the evaluation and analysis of certain aspects of Debtors' business and industry of operation.  Since the Petition Date, the Debtors' proposed restructuring plan contemplated the allocation to Prepetition Noteholders and senior management of newly issued common stock in the reorganized company, primarily through the conversion of the principal amount of the Prepetition Notes into new equity. The Prepetition

Noteholders' Plan Sponsor Agreement ("PSA") has proposed a cash payment to the general unsecured creditors under the restructuring plan.  Time incurred in this project category was extensive because of the volume of information to analyze which required several discussions with the Debtors' financial advisor FTI Consulting and investment banker Peter J. Solomon Company.  Province spent a significant amount of time gaining an understanding of the Debtors' business and industry, modelling the Debtors' financial projections and calculating available reorganized equity value to creditors under a variety of different valuation scenarios.

      14.     Specific services provided by Province during the Application Period include, but are not limited to:

    i.    Preparing and reviewing analyses related to the Debtors' historical operating results;

    ii.    Preparing and reviewing various analyses related to Debtors' historical monthly balance sheets, income statements, and cash flow statements;

    iii.    Assisting in the preparation of financial information for distribution to the Committee and legal counsel, including projections and budgets, analysis of the effect of various assumptions on projected financial results, and other ad hoc analyses as requested or deemed necessary;

    iv.    Discussions with FTI Consulting and analysis of the global sports apparel business and trajectory of Debtors' main products;

    v.    Analysis of comparable company trading valuations, including recent transaction comparables within the apparel, accessories, and footwear industries;

    vi.    Analysis of comparable plan sponsor agreements and associated restructuring valuations within recent chapter 11 plan cases;

    vii.    Creation of a brand and subsidiary-level financial model, including asset allocation and implied valuations; and

        viii.   Development of a preliminary substantive consolidation and recovery model.

**B.**    <u>**Case Administration**</u>

    **Fees: $23,851.50**        **Total Hours: 41.7**

15.    Incorporated within this category is time incurred by Province personnel while performing tasks necessary in the administration of the Debtors' chapter 11 cases that do not fit clearly into other project categories.

16.    Specific services provided by Province during the Application Period include, but are not limited to:

        i.   Strategizing about the cases with the Committee's counsel and internally;

        ii.   Accessing the Court docket to review the latest information related to the Case;

        iii.   Preparing data request lists and gaining access to shared file folders;

        iv.   Managing and coordinating work to be completed by and among various Province professionals and performing general tasks related to the administration of the cases; and

        v.   Participating in conference calls and corresponding with the Debtors' counsel, financial advisor, and investment banker regarding the Debtor's financial state and forecast, the marketing process and case status.

**C.**    <u>**Committee Activities**</u>

    **Fees: $13,969.00**        **Total Hours: 25.4**

17.    Incorporated within this category is time incurred by Province personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee.   To preserve the economic interests of the

Committee, Province was required to analyze the Debtors' industry, business plan, as well as proposed financing and restructuring terms, and provide the Committee with its opinion related to these matters.

18.    Specific services provided by Province during the Application Period include, but are not limited to:

i.    Reviewing and commenting on Committee bylaws, non-disclosure and related materials;

ii.    Preparing for and participating in calls with the full Committee and individual Committee members on issues related to the bankruptcy proceeding;

iii.    Preparing summaries of various analyses into presentation materials intended to be shared with the Committee and their counsel;

iv.    Meeting and corresponding with members of the Committee and their counsel directly related to questions and concerns of the Committee in regard to actions and projections of the Debtors; and

v.    Conferring with other Province professionals regarding various analyses and issues directly related to questions and concerns of the Committee.

**D.    Fee / Employment Applications**

**Fees:  $6,190.50              Total Hours: 11.2**

19.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to preparing the employment and fee applications of Province for these chapter 11 cases.

20.    Such functions include, but are not limited to:

i.    Compiling and organizing time and expense information submitted by, and supporting documentation received from, Province

personnel assigned to these matters;

ii.    Reviewing time entries, expense information and supporting documentation submitted by Province personnel assigned to these matters in order to ensure compliance with the UST billing guidelines; and

iii.    Preparing and finalizing the *Application for Order Authorizing the Employment of Province, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors of Quiksilver, Inc., et al., effective as of September 22, 2015*; and

iv.    Performing a conflicts check internally.

**E.    Plan and Disclosure Statement**

**Fees:  $5,000.00          Total Hours: 8.8**

21.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the PSA of the Debtors for these chapter 11 cases. Specific activities include, but are not limited to reviewing, analyzing, and discussing the PSA internally and with counsel for the Committee.

**ACTUAL AND NECESSARY EXPENSES**

22.    It is Province's policy to charge its clients for identifiable, non-overhead travel expenses incurred in connection with the client's case that would not have been incurred except in connection with the representation of that particular client.  It is also Province's policy to charge its clients only the amount actually incurred by Province in connection with such items.  Examples of such travel expenses are described below. Province **does not** charge for telephone calls (except the cost of specifically identified conference call charges), faxes, and other administrative expenses.  The policies employed by Province for seeking reimbursement for out-of-pocket travel expenses are as follows:

i.  **Airfare/Train** - Costs incurred by Province professionals when traveling by air or train to/from other cities on behalf of the Committee are incorporated into this Application;

ii.  **Ground Transportation** – Expenses incurred by Province professionals for local transportation while outside of their home cities (on matters related to these chapter 11 cases) are incorporated into this Application.  Such costs consist primarily of taxi-cab fares incurred by Province personnel while traveling. Also incorporated within this category are expenses incurred by Province professionals in connection with traveling to/from airports and parking at airports while traveling out-of-town on client matters;

iii.  **Lodging** – Costs incurred by Province professionals for lodging while traveling on behalf of the Committee (on matters related to these chapter 11 cases) are incorporated into this Application; and

iv.  **Meals** – Costs incurred by Province professionals for meals while traveling outside of their home cities or for working lunch meetings (on matters related to these chapter 11 cases) are incorporated into this Application.

## SUMMARY OF FEES AND EXPENSES

23.    The Application covers Province's fees and expenses incurred during the Application Period. The fees incurred total $114,597.00 and the expenses incurred total $23.19. These fees and expenses are consistent with Province's arrangement with the Committee that is pending before the Court.   Province respectfully submits that if necessary, a consideration of these factors would result in this Court's allowance of the full compensation requested.

24.    *Time and expertise required.*  Province's professional services on behalf of the Committee have required 213.9 hours of professional time in this Application Period.  Province has staffed these cases efficiently.  Where work could be performed by professionals with lower rates, Province used such professionals to perform the

assignments.   A significant amount of the services rendered required a high degree of professional competence and expertise.   For those services Province used senior professionals in the interest of staffing the cases efficiently.

25.    *Time limitation imposed by these cases*.   Pursuant to the PSA, Oaktree required the Debtors meet several critical dates, including approval of the final DIP by October 9, 2015.   In addition, the Committee was required to understand a large volume of information related to the Debtors and its Plan, having only been appointed on September 21, 2015, approximately two weeks after the case commenced.   Province was required to incur significant time to ensure the progress of this accelerated process.

26.    *The difficulty of questions*.   Unique and complex issues arose during the Application period.   Province has advised the Committee and its counsel in regard to these issues.

27.    *The skill required to perform the financial advisory services properly*. These bankruptcy cases address issues which raise complex questions.   The cases require a high level of skill and expertise to efficiently and accurately analyze the economic effects of proposed financing structures, to accurately forecast the performance of the Debtors during these chapter 11 proceedings and the performance of the reorganized company, among other things.

28.    *The amount involved and results obtained*.   Province has been prudent in the amount of time incurred on various tasks believes its efforts benefited the Committee and these cases.

29.     *The preclusion of other employment by the Applicant due to acceptance of the cases.*  Province is not aware of any other employment precluded by acceptance of these cases; however Province professionals providing services to the Committee were not available to service other clients at their customary rates.

30.     *The customary fee.*  The compensation sought in this Application is based on Province's normal hourly billing rates for services of this kind and is competitive with other financial advisory firms.

31.     *Whether the fee is fixed or contingent.*  Province's fees are fixed, not dependent on the outcome of these cases; however pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professional retained under sections 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

32.     *The experience, reputation, and ability of Province.*  Province's professionals engaged in these cases have also worked in several large retail bankruptcy cases.  Province currently provides advisory services to the estates or post confirmation trusts in the Wet Seal, Coldwater Creek, Radio Shack and Circuit City matters, and Province personnel have served or are currently serving as liquidating trustee in numerous high profile retail bankruptcies.

## RESERVATION

33.     To the extent time or disbursement charges for services rendered or disbursements incurred relate to this Application Period but were not processed prior to the preparation of this Application, or Province has for any other reason not sought

compensation or reimbursement of expenses herein for any services rendered or expenses incurred during the Application Period, Province reserves the right to request additional compensation for such services and reimbursement of expenses in a future application.

## **<u>CONCLUSION</u>**

34.     It is respectfully submitted that the amount requested by Province is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Province respectfully requests that, for the period September 22, 2015 through October 5, 2015, a final allowance and payment be made to Province for compensation in the amount of $114,597.00 and reimbursement of actual and necessary expenses in the amount of $23.19 for a total payment of $114,620.19, and for such other and further relief as this Court may deem just and proper.

Dated: October 26, 2015                              PROVINCE, INC.


By: */s/ Paul Huygens*
     Paul Huygens, Principal
     5915 Edmond St., Suite 102
     Las Vegas, NV 89118
     Telephone: 702.685.5555
     Facsimile:  702.685.5556
     phuygens@provincefirm.com

     *Former Financial Advisor to the*
     *Official      Committee      of*
     *Unsecured Creditors*