IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
QUIKSILVER, INC., *et al.*,[1]                      :    Case No. 15-11880 (BLS)
                                                    :
                    Debtors.                        :    Jointly Administered
                                                    :
                                                    :    Hearing Date: November 17, 2015 at 10:30 a.m. (ET)
                                                    :    Objection Deadline: November 10, 2015 at 4:00 p.m.
---------------------------------------------------------------- x    (ET)

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL.* TO
RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP
AS CO-COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 28, 2015**

The Official Committee of Unsecured Creditors (the "Committee") of Quiksilver Inc., *et al.* (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its co-counsel in connection with the Debtors' chapter 11 cases, *nunc pro tunc* to September 28, 2015.  In support of this Application, the Committee submits the declaration of Michael S. Stamer, a member of Akin Gump (the "Stamer Declaration"), and the declaration of Ronald Tucker, on behalf of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Simon Property Group, Inc., the chairperson of the Committee (the "Tucker Declaration" and, together with the Stamer Declaration, the "Declarations"), attached hereto as Exhibit B and Exhibit C, respectively. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rule 2014 and Local Rule 2014-1.[2]

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 10, 2015, the Court entered an order providing for the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial five

---

[2] Pursuant to Local Rule 9013(f), the Committee hereby consents to the entry of final orders or judgments by the Court on this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

members of the Committee [Dkt. No. 129].[3]  On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 163] (the "Amended Notice"), appointing two additional creditors to the Committee.[4]  Following the filing of the Amended Notice, the Committee selected Akin Gump to serve as lead co-counsel to the Committee and Pepper Hamilton LLP ("Pepper Hamilton") to serve as Delaware co-counsel.  On September 29, 2015, the Committee selected PJT Partners Inc. ("PJT") to serve as its investment banker.

6. On September 11, 2015, an ad hoc group of certain unaffiliated holders of the Debtors' 10% senior unsecured notes due 2020 was formed (the "Ad Hoc Group") and retained Akin Gump as its counsel.  Upon the filing of the Amended Notice and subsequent retention of Akin Gump as counsel to the Committee, the Ad Hoc Group disbanded and released Akin Gump to represent the Committee.  Committee members New Generation Advisors, LLC, T. Rowe Price Credit Opportunities Fund, Inc. and Wilfrid Global Opportunity Fund were also members of the Ad Hoc Group.

7. From September 11, 2015 until September 28, 2015 (the "Pre-Retention Period"), Akin Gump rendered professional services to the Ad Hoc Group as requested, necessary and appropriate in furtherance of the interests of the members of the Ad Hoc Group, including, but not limited to, the review of the Debtors' debtor-in-possession financing motion [Dkt. No. 17], motion to assume the plan sponsor agreement [Dkt. No. 25] and motion to pay certain critical vendors [Dkt. No. 15].  Akin Gump was not compensated for any services rendered during the

---

[3] The initial Committee was comprised of the following entities:  (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

[4] The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund, Inc. and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015.  Also on September 28, 2015, Global Brands Group resigned from the Committee.

Pre-Retention Period to the Ad Hoc Group and reserves the right to file an application with the Court seeking allowance and payment of compensation for any services rendered during the Pre-Retention Period pursuant to Bankruptcy Code section 503(b).

### **RELIEF REQUESTED**

8.     The Committee seeks to retain and employ Akin Gump as its co-counsel pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, effective as of September 28, 2015.

### **RETENTION OF AKIN GUMP**

9.     The Committee respectfully submits that it is necessary and appropriate for it to employ and retain Akin Gump to, among other things:

(a)     advise the Committee with respect to its rights, duties and powers in the Debtors' chapter 11 cases;

(b)     assist and advise the Committee in its consultations and negotiations with the Debtors relative to the administration of the Debtors' chapter 11 cases;

(c)     assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

(d)     assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and their insiders, and of the operation of the Debtors' businesses;

(e)     assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing of other transactions and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

(f)     assist and advise the Committee as to its communications to the general creditor body regarding significant matters in the Debtors' chapter 11 cases;

(g)     represent the Committee at all hearings and other proceedings before this Court;

(h)     review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety, and to the

extent deemed appropriate by the Committee, support, join or object thereto;

(i) advise and assist the Committee with respect to any legislative, regulatory or governmental activities;

(j) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k) assist the Committee in its review and analysis of all of the Debtors' various agreements;

(l) prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the Debtors or the Debtors' chapter 11 cases;

(m) investigate and analyze any claims against the Debtors' non-debtor affiliates; and

(n) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

10. In accordance with Part F of the Revised UST Guidelines (as defined below), Akin Gump will serve as lead co-counsel to the Committee with Pepper Hamilton as Delaware co-counsel. Akin Gump will have primary responsibility for the services described above. Akin Gump expects, however, that Pepper Hamilton will be asked to provide substantive advice to the Committee. In such instances, Akin Gump will coordinate with Pepper Hamilton to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

11. The Committee believes Akin Gump possesses extensive knowledge and expertise in the areas of law relevant to the Debtors' chapter 11 cases, and that Akin Gump is well-qualified to represent the Committee in the Debtors' chapter 11 cases. In selecting counsel, the Committee sought attorneys with considerable experience in representing unsecured creditors' committees in chapter 11 reorganization cases and other debt restructurings. Akin Gump has such experience, as Akin Gump is currently representing and has represented official

creditors' committees in many significant chapter 11 reorganizations, including the following chapter 11 cases: *In re Aetna Industries, Inc.*; *In re Allegiance Telecom, Inc.*; *In re American Commercial Lines LLC*; *In re ATA Holdings Corp.*; *In re Bally Total Fitness of Greater New York, Inc.*; *In re BPZ Resources, Inc.*; *In re Burlington Industries Inc.*; *In re Cal Dive International, Inc.*; *In re Calpine Corporation*; *In re Chassix Inc.*; *In re Chemtura Corporation*; *In Re Chi-Chi's, Inc.*; *In re Collins & Aikman Corporation*; *In Re Dairy Mart Convenience Stores, Inc.*; *In re Dan River, Inc*; *In re Delta Air Lines, Inc.*; *In re Delta Petroleum Corp.*; *In re Doctors Community Heath Care Corporation*; *In re Dynegy Holdings, LLC*; *In re Edison Mission Energy, et al.*; *In re Excel Maritime Carriers LTD*; *In re Exide Technologies, Inc. (2002 filing)*; *Farmland Industries, Inc.*; *In re Flag Telecom Holdings Limited*; *In re Fountain View, Inc.*; *In re Friendly Ice Cream Corporation*; *In re General Growth Properties, Inc.*; *In re Globalstar, LP*; *In re Hawker Beechcraft, Inc.*; *In re Hayes Lemmerz, Inc.*; *In re Heilig Meyers Company*; *In re James River Coal Company*; *In re Kaiser Aluminum Corporation*; *In re Kimball Hill, Inc.*; *In re LandAmerica 1031 Exchange Services, Inc.*; *In re Lernout & Hauspie Speech Products N.V.*; *In re Loral Space & Communications Ltd.*; *In re LTV Steel Company, Inc.*; *In re Magellan Health Services, Inc.*; *In re Metals USA, Inc.*; *In re Majestic Star Casino, LLC*; *In re Muzak Holdings, LLC*; *In re Nortel Networks, Inc.*; *In re Overseas Shipholding Group, Inc.*; *In re Pegasus Satellite Television, Inc.*; *In re Pen Holdings, Inc.*; *In re Pierre Foods, Inc.*; *In re Propex Inc.*; *In re Quebecor World (USA), Inc.*; *In re R.E. Loans, LLC*; *In re Saint Vincents Catholic Medical Centers of New York*; *In re Sea Containers Ltd.*; *In re Seahawk Drilling, Inc.*; *In re Solutia Inc.*; *In re Sterling Chemicals Holdings, Inc.*; *In re Tower Automotive, Inc.*; *In re TOUSA, Inc.*; *In re Venture Holdings Company, LLC*; *In re VeraSun Energy Corporation*; *In re*

*Vitro America, LLC*; *In re Washington Mutual, Inc.*; *In re WCI Communities, Inc.*; *In re WorldCom, Inc.*; and *In re XO Communications, Inc.*

12. Because of the extensive legal services that may be necessary in these chapter 11 cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Akin Gump to provide the services described above and such other services as may be necessary for the Committee to satisfy its obligations to the Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors' estates and their creditors.

13. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in these cases be paid as administrative expenses of the estates pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2). Subject to this Court's approval, Akin Gump will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331. The current hourly rates charged by Akin Gump for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
| --- | --- |
| Partners | $700 – $1,300 |
| Senior Counsel and Counsel | $545 – $930 |
| Associates | $410 – $775 |
| Paraprofessionals | $160 – $375 |

These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Akin Gump reserves the right to file an application for an allowance of an enhanced fee award at the end of this proceeding, subject to the discretion of the Committee.

14. Akin Gump has advised the Committee that it is Akin Gump's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research. Akin Gump will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

15. The names, positions and current hourly rates of the Akin Gump financial restructuring attorneys currently expected to have primary responsibility for providing services to the Committee are as follows: Michael S. Stamer (Partner – Financial Restructuring Department) – $1,250.00/hour; Meredith A. Lahaie (Partner – Financial Restructuring Department) – $850.00/hour; Ashley R. Beane (Counsel – Financial Restructuring Department) – $750.00/hour; and Lauren R. Lifland (Associate – Financial Restructuring Department) – $650.00/hour. In addition to the financial restructuring lawyers named above, it will be necessary, during the course of these cases, for other Akin Gump professionals in other legal disciplines to provide services to the Committee.

16. Akin Gump will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Federal Rules of Bankruptcy Procedure and the applicable Local Rules. Akin Gump also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by

Akin Gump in the Debtors' chapter 11 cases.[5] To that end, Akin Gump responds to the questions set forth in Section D of the Revised UST Guidelines as follows:

(a) Akin Gump did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

(b) No rate for any of the professionals included in this engagement varies based on the geographic location of the bankruptcy case;

(c) Akin Gump represented the Ad Hoc Group in connection with the Debtors' chapter 11 cases prior to its retention by the Committee; and

(d) Akin Gump expects to develop a prospective budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Akin Gump reserves all rights. The Committee has approved Akin Gump's proposed hourly billing rates. The Akin Gump attorneys and paraprofessionals staffed on the Debtors' chapter 11 cases, subject to modification depending upon further development, are set forth above in paragraph 15.

17. Upon information and belief, Akin Gump does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Akin Gump is to be engaged, except to the extent set forth in the Stamer Declaration. Akin Gump is, however, a large firm with a national and international practice and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

**NOTICE**

18. Notice of this Application has been provided to the following parties: (i) the Office of the U.S. Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the agent for the Debtors' postpetition secured loan facilities; (iv) counsel to the agent for the Debtors' prepetition revolving loan facility; (v) the agent for the Debtors' prepetition senior

---

[5] Akin Gump's intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines in connection with this Application and the interim and final fee applications to be filed by Akin Gump in the Debtors' chapter 11 cases is based exclusively on the facts and circumstances of the Debtors' chapter 11 cases. Akin Gump fully reserves the right to object to the requirements contained in the Revised UST Guidelines should it determine that it is appropriate to do so.

secured notes; (vi) the agent for the Debtors' prepetition senior unsecured notes; (vii) the lenders under the Debtors' debtor-in-possession credit facilities and (viii) any such other party entitled to notice pursuant to Local Rule 9013-1.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**CONCLUSION**

WHEREFORE, the Committee requests that the Court (a) enter an order, substantially in the form annexed hereto as Exhibit A, authorizing the Committee to retain and employ Akin Gump as its co-counsel in the Debtors' chapter 11 cases, *nunc pro tunc* to September 28, 2015, and (b) provide the Committee with such other and further relief as the Court may deem just, proper and equitable.

Dated: October 27, 2015

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL.***

By: Simon Property Group, Inc., solely in its capacity as Chair of the Committee and not in its individual capacity

By:    /s/ *Ronald Tucker*
Name: Ronald Tucker
Title:   Chair of the Committee