**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------ x
In re:                                           :    Chapter 11
                                                 :
QUIKSILVER, INC., *et al.*,[1]                   :    Case No. 15-11880 (BLS)
                                                 :
                           Debtors.              :    Jointly Administered
                                                 :
                                                 :    Hearing Date: November 17, 2015 at 10:30 am (ET)
                                                 :    Objection Deadline: November 10, 2015 at 4:00 pm (ET)
------------------------------------------------ x

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF PEPPER HAMILTON LLP AS CO-COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
QUIKSILVER, INC., *ET AL.*, *NUNC PRO TUNC* TO SEPTEMBER 28, 2015**

The Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. ("Quiksilver") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), submits this application (the "Application") for entry of an order authorizing the employment and retention of Pepper Hamilton LLP ("Pepper Hamilton") as co-counsel to the Committee *nunc pro tunc* to September 28, 2015 (the "Retention Date"). In support of this Application, the Committee relies on the Declaration of David B. Stratton in Support of the Application (the "Stratton Declaration"), attached hereto as **Exhibit A,** and the Declaration of Ronald M. Tucker (the "Tucker Declaration"), as representative of Simon Property Group, Inc., in its capacity as Chairman of the Committee, attached hereto as **Exhibit B**. In further support of this Application, the Committee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The bases for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et. seq.*, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1, 2016-2, 9010-1(c) and 9010-1(d) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered.

4. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108

5. On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial Committee [Dkt. No. 129].[2] On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 163], appointing two additional creditors to the Committee.[3]

---

[2] The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

[3] The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund, Inc. and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

#35951688 v3

6.      On September 28, 2015, pursuant to section 1103(a) of the Bankruptcy Code, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its lead counsel and Pepper Hamilton to serve as its co-counsel, and on September 29, 2015, selected PJT Partners ("PJT") to serve as its financial advisor.

## RELIEF REQUESTED

7.      By this Application, the Committee seeks the entry of an order authorizing the employment and retention of Pepper Hamilton pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, 2016-2, 9010-1(c) and 9010-1(d), *nunc pro tunc* to the Retention Date.

8.      By separate application filed simultaneously herewith, the Committee is seeking to employ and retain, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the law firm of Akin Gump as lead bankruptcy counsel to the Committee. Pepper Hamilton and Akin Gump will make every effort to avoid or minimize duplication of services in these Chapter 11 Cases.

## RETENTION OF PEPPER HAMILTON

### Necessity For Employment

9.      The Committee seeks to retain Pepper Hamilton as its co-counsel, because of Pepper Hamilton's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, including its extensive experience representing committees appointed pursuant to section 1102(a) of the Bankruptcy Code, and because of its expertise, experience, and knowledge in practicing before this Court. Since beginning work on the Retention Date, Pepper Hamilton has also become familiar with many of the potential legal issues that may arise in these Chapter 11 Cases. Accordingly, the Committee believes that Pepper Hamilton is both well-qualified and uniquely

able to represent them in these Chapter 11 Cases in an efficient and timely manner.

**Billing and Staffing Disclosures**

10. In accordance with the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "U.S. Trustee Guidelines"), Pepper Hamilton responds to the questions set forth in Section D of the U.S. Trustee Guidelines as follows:

> (a) Pepper Hamilton did not agree to a variation of its standard or customary billing arrangement for this engagement;
>
> (b) None of the professionals included in this engagement have varied their rate based on the geographic location of these Chapter 11 Cases; and
>
> (c) Pepper Hamilton represented the Ad Hoc Group of Unsecured Noteholders in connection with the debtors' chapter 11 proceedings prior to its retention by the Committee. Pepper Hamilton did not represent the Committee prior to the Retention Date.

11. The Committee and Pepper Hamilton expect to reasonably comply with the U.S. Trustee's request for information and additional disclosures as set forth in the U.S. Trustee Guidelines. The Committee has approved Pepper Hamilton's proposed rates.[4]

12. The primary Pepper Hamilton attorneys and paraprofessionals staffed on these Chapter 11 Cases, subject to modification depending upon further development, are as set forth below:

---

[4] Pepper Hamilton intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with the Application and any interim and final fee applications to be filed by Pepper Hamilton in these Chapter 11 Cases. The foregoing was based exclusively on the facts and circumstances of the Debtors' Chapter 11 Cases and Pepper Hamilton fully reserves the right to object to such requirements, or any other requirements contained in the U.S. Trustee Guidelines in future cases should it determine that it is appropriate to do so.

#35951688 v3

| Name | Title | Hourly Rate |
|---|---|---|
| David B. Stratton | Partner | $790 |
| David M. Fournier | Partner | $720 |
| Angelo A. Stio III | Partner | $575 |
| John H. Schanne II | Associate | $425 |
| Christopher Lano | Paralegal | $250 |
| Rebecca S. Hudson | Paralegal | $210 |

13. The Committee understands that, from time to time, it may be necessary for professionals and paraprofessionals employed by Pepper Hamilton, other than those set forth above, to provide services to the Committee. The Committee further understands that the hourly rates reflected above are subject to periodic adjustments (typically on January 1 of each year) to reflect economic and other conditions.

**Services To Be Rendered**

14. Pepper Hamilton has advised the Committee that its professionals have considerable experience in the bankruptcy and commercial law areas and are particularly well-qualified to represent the Committee in these proceedings. The professional services that Pepper Hamilton will render to the Committee include, but shall not be limited to, the following:

    (a)    providing legal advice regarding local rules, practices and procedures and providing substantive and strategic advice on how to accomplish Committee goals, bearing in mind that the United States Bankruptcy Court for the District of Delaware relies on Delaware counsel such as Pepper Hamilton to be involved in all aspects of each bankruptcy proceeding;

    (b)    preparing, reviewing and/or commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

    (c)    appearing in Court hearings and at any meeting with the U.S. Trustee and any meeting of creditors at any given time on behalf of the Committee as their co-counsel;

    (d)    performing various services in connection with the administration of these Chapter 11 Cases, including, without limitation,

-5-

    (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and coordinating with Akin Gump on pending matters that need responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, (iv) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these Chapter 11 Cases and coordinating with Akin Gump on any necessary responses, and (v) providing additional administrative support to Akin Gump, as requested;

  (e)  providing litigation services to the Committee as requested by the Committee or Akin Gump;

  (f)  participating in calls and meetings with the Committee, the Debtors and other interested parties in these Chapter 11 Cases;

  (g)  assisting the Committee as conflicts counsel, should the need arise; and

  (h)  performing all other services assigned by the Committee, in consultation with Akin Gump, to Pepper Hamilton as co-counsel to the Committee.

  15.  In accordance with Part F of the U.S. Trustee Guidelines, Pepper Hamilton is proposed to serve as co-counsel for the Committee with Akin Gump as lead counsel. To be clear, Pepper Hamilton expects that Akin Gump shall have primary responsibility for the services disclosed in the Committee's application to retain Akin Gump filed with the Court. That being said, Pepper Hamilton also expects that it will be asked to provide substantive advice and services to the Committee. In such instances, Pepper Hamilton intends to work closely with Akin Gump to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

  16.  Pepper Hamilton has agreed to act on behalf of, and to render such services to, the Committee.

#35951688 v3

17.      The Committee has requested that Pepper Hamilton immediately commence work on these Chapter 11 Cases because of pending motions scheduled for hearings and other pending matters in which the Committee has an interest. Accordingly, the Committee seeks this Court's approval of its retention of Pepper Hamilton *nunc pro tunc* to the Retention Date, the first date on which Pepper Hamilton performed services for the Committee.

## DISINTERESTEDNESS OF PEPPER HAMILTON

18.      To the best of the Committee's knowledge, except as set forth in the Stratton Declaration, Pepper Hamilton, its partners, counsel and associates (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates and (d) are not related to any judge of this Court, the U.S. Trustee or any employee of the U.S. Trustee in this District, except that Edward C. Toole, Jr., of counsel at Pepper Hamilton, is the husband of The Honorable Mary F. Walrath, a Judge of this Court (Mr. Toole is not involved in this engagement).

19.      Accordingly, the Committee believes that Pepper Hamilton, its partners, counsel and associates are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and that Pepper Hamilton's representation of the Committee is permissible under sections 328(a) and 1103(a) of the Bankruptcy Code.

20.      Pepper Hamilton will conduct continuing inquiries into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Pepper Hamilton will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

**PROFESSIONAL COMPENSATION**

21. Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain Pepper Hamilton on any reasonable terms and conditions. The Committee submits that the most reasonable terms and conditions are those charged by Pepper Hamilton to the Committee and other clients on an hourly basis in a competitive market for legal services. Therefore, the Committee and Pepper Hamilton have agreed that Pepper Hamilton shall be paid its customary hourly rates for services that are in effect from time to time, as set forth in the Stratton Declaration, and shall be reimbursed according to Pepper Hamilton's customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, for all services performed and expenses incurred from and after the Retention Date.

22. Pepper Hamilton categorizes its billings by subject matter, in compliance with the U.S. Trustee Guidelines. Pepper Hamilton agrees to charge, and the Committee has agreed to pay, subject to this Court's approval under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and the Local Rules, Pepper Hamilton's hourly rates, as of the Retention Date, which are adjusted from time to time, and currently range from $510 to $790 for partners and counsel, $295 to $470 for associates and $210 to $275 for paraprofessionals.[5] Pepper Hamilton is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees and transcript costs.

---

[5] The rate range is for Pepper Hamilton's Wilmington, DE office, which is expected to handle the vast majority of the work in these Chapter 11 Cases.

#35951688 v3

23. The Committee understands that, from time to time, it may be necessary for professionals and paraprofessionals employed by Pepper Hamilton, other than those set forth above, to provide services to the Committee. The Committee further understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, which adjustments typically occur on January 1 of each year, but may also occur during the calendar year.

24. Pepper Hamilton acknowledges that all amounts paid to Pepper Hamilton during these Chapter 11 Cases are subject to final allowance by this Court. Pepper Hamilton therefore intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders relevant thereto for all services performed and expenses incurred from and after the Retention Date.

25. No arrangement is proposed between the Committee and Pepper Hamilton for compensation to be paid in these Chapter 11 Cases other than as set forth above and in the Stratton Declaration.

**BASIS FOR RELIEF**

26. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code, subject to court approval:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

27. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

#35951688 v3

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

28.  The terms of this engagement were negotiated by the Committee and Pepper Hamilton at arm's-length and in good faith. The Committee and Pepper Hamilton respectfully submit that the terms of Pepper Hamilton's retention are customary and reasonable for co-counsel engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors and all parties-in-interest.[6]

## NOTICE

29.  Notice of this Application has been provided to the following parties: (i) the Office of the U.S. Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the agent for the Debtors' postpetition secured loan facilities; (iv) counsel to the agent for the Debtors' prepetition revolving loan facility; (v) the agent for the Debtors' prepetition senior secured notes; (vi) the agent for the Debtors' prepetition senior unsecured notes; (vii) the lenders under the Debtors' debtor-in-possession credit facilities; and (viii) any such other party entitled to notice pursuant to Local Rule 9013-1. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

30.  No prior motion or application for the relief requested herein has been made to this or any other court.

---

[6] Moreover, pursuant to Local Rules 9010-l(c) and 9010-1(d), the Committee is required to retain Delaware counsel.

#35951688 v3

WHEREFORE, the Committee requests that an order be entered authorizing it to retain Pepper Hamilton to represent it in these proceedings, *nunc pro tunc* to the Retention Date, and providing the Committee such other and further relief as the Court may deem just and proper.

Dated: October 27, 2015

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL.***

By: Simon Property Group, Inc., solely in its capacity as Chair of the Committee and not in its individual capacity

By:  /s/  Ronald M. Tucker

Name: Ronald M. Tucker

Title:  Chair of the Committee