## EXHIBIT A

**Ecker Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF SCOTT ECKER IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY
RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1
AND 2016-2 AUTHORIZING EMPLOYMENT AND RETENTION
OF DELOITTE TAX LLP AS TAX ADVISOR TO THE DEBTORS
*NUNC PRO TUNC* TO OCTOBER 1, 2015**

I, Scott Ecker, hereby declare under penalty of perjury and pursuant to 28 U.S.C.

§ 1746 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") that the following is true and correct to the best of my knowledge, information, and

belief:

        1.        I am a director of the firm of Deloitte Tax LLP ("Deloitte Tax"), which

has an office at 695 Town Center Drive, Suite 1200, Costa Mesa, California.  I am duly

authorized to make and submit this declaration (the "Declaration") on behalf of Deloitte Tax in

accordance with section 327(a) of title 11 of the United States Code (the "Bankruptcy Code")

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

and Bankruptcy Rule 2014(a) in support of the application (the "Application")[2] of the above-
captioned debtors (the "Debtors") for entry of an order, pursuant to Bankruptcy Code sections
327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and
2016-2, authorizing the Debtors to retain and employ Deloitte Tax as their tax advisor *nunc pro
tunc* to October 1, 2015 in accordance with the terms and conditions set forth in the Engagement
Letters attached as Exhibits B and C to the Application (the "Engagement Letters").[3]

### DELOITTE TAX'S QUALIFICATIONS

2.       Deloitte Tax is a large tax services provider with offices across the United
States.  Deloitte Tax has a wealth of experience in providing tax services and has performed such
services in large and complex chapter 11 cases on behalf of debtors and creditors throughout the
United States.  Deloitte Tax is well-qualified and able to perform tax services for the Debtors in a
cost-effective, efficient, and timely manner.  Deloitte Tax's services fulfill an important need that
are not provided by any of the Debtors' other professionals.

3.       In addition, since 1985, Deloitte Tax has provided various services to the
Debtors.  In providing such prepetition professional services to the Debtors, Deloitte Tax has
become familiar with the Debtors and their business, including the Debtors' financial affairs,
debt structure, operations, and related matters.  Having worked with the Debtors' management
and their other advisors, Deloitte Tax has developed relevant experience and knowledge
regarding the Debtors that will assist it in providing effective and efficient services during these

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application or Engagement Letters (defined below).

[3]     Any references to or summaries of the Engagement Letters herein are qualified by the express terms of the
Engagement Letters, which shall govern if there is any conflict between the Engagement Letters and the
summaries provided herein.

Chapter 11 Cases.  Accordingly Deloitte Tax is both well-qualified and able to provide services

for the Debtors in these Chapter 11 Cases in an efficient and timely manner.

### SERVICES TO BE PROVIDED

4.      Tax Consulting Engagement Letter.  Pursuant to the tax consulting

services Engagement Letter, dated October 8, 2015 (the "Tax Consulting Engagement Letter"),

Deloitte Tax has provided and has agreed to continue to provide assistance to the Debtors in

accordance with the terms and conditions set forth therein.  In particular, Deloitte Tax is

expected to perform the following services under the Tax Consulting Engagement Letter:

a. Advising the Debtors as they consult with the Debtors' counsel and financial advisors on the cash tax effects of restructuring and bankruptcy and the post-restructuring tax profile, including plan of reorganization tax costs;

b. Advising the Debtors regarding the restructuring and bankruptcy emergence process from a tax perspective, including the tax work plan;

c. Advising the Debtors on the cancellation of debt income for tax purposes under Internal Revenue Code ("IRC") section 108;

d. Advising the Debtors on post-bankruptcy tax attributes (tax basis in assets, tax basis in subsidiary stock and net operating loss carryovers) available under the applicable tax regulations and the reduction of such attributes based on the Debtors' operating projections, including a technical analysis of the effects of Treasury Regulation Section 1.1502-28 and the interplay with IRC sections 108 and 1017;

e. Advising the Debtors on the alternative minimum tax in various post-emergence scenarios;

f. Advising the Debtors on the application of IRC section 382 to historic section 382 ownership changes or ownership changes or ownership shifts;

g. Advising the Debtors on the effects of tax rules under IRC sections 382(l)(5) and (l)(6) pertaining to the post-bankruptcy net operating loss carryovers and limitations on their utilization and the Debtors' ability to qualify for IRC section 382(l)(5);

h. Advising the Debtors on net built-in gain or net built-in loss position at the time of "ownership change" (as defined under IRC section 382), including

3

limitations on use of tax losses generated from post-restructuring or post-bankruptcy asset or stock sales;

i.  Assisting the Debtors with U.S federal income tax observations in connection with any NOL protective orders recommended or drafted by the Debtors' counsel or financial advisors;

j.  Advising the Debtors in their evaluation and modeling of the effects of liquidation, merging or converting entities as part of the restructuring, including the effects on federal and state tax attributes, state incentives and state apportionment;

k.  Advising the Debtors as to the treatment of post-petition interest for state and federal income tax purposes;

l.  Advising the Debtors as to the state and federal income tax treatment of pre-petition and post-petition reorganization costs including restructuring-related professional fees and other costs, the categorization and analysis of such costs, and the technical positions related thereto;

m.  Advising the Debtors in their evaluation and modeling of the tax effects of liquidating, disposing of assets, merging or converting entities as part of the restructuring, including the effects on federal and state tax attributes, state incentives, apportionment, and other tax planning;

n.  Advising the Debtors on state income tax treatment and planning for restructuring or bankruptcy provisions in various jurisdictions including cancellation of indebtedness calculation, adjustments to tax attributes and limitations on tax attribute utilization;

o.  Advising the Debtors on responding to tax notices and audits from various taxing authorities;

p.  Advising the Debtors with identifying potential tax refunds and advising the Debtors on procedures for tax refunds from tax authorities;

q.  Advising the Debtors on income tax return reporting of bankruptcy issues and related matters;

r.  Advising the Debtors in their efforts to calculate tax basis in the stock in each of the Debtors' subsidiaries or other entity interests;

s.  Assisting in documenting as appropriate, the tax analysis, development of the Debtors' opinions, recommendation, observations, and correspondence for any proposed restructuring alternative tax issue or other tax matter described above; and

t.   Advising the Debtors regarding other state or federal tax questions that may arise in the course of this engagement, as requested by the Debtors, and as may be agreed to by Deloitte Tax.

5.     <u>Tax Compliance Engagement Letter</u>.  Pursuant to the terms of the tax compliance Engagement Letter, dated January 29, 2015 (the "<u>Tax Compliance Engagement Letter</u>"), Deloitte Tax will review and sign the remaining of the Debtors' state and local tax returns specified therein that had not been reviewed and signed prior to the Petition Date (the "<u>Tax Return Preparation Services</u>").

**PROFESSIONAL COMPENSATION**

6.     Pursuant to the terms of the Engagement Letters, Deloitte Tax intends to (i) charge hourly fees for the services to be provided under the Tax Consulting Engagement Letter, (ii) charge a fixed fee for the services provided under the Tax Compliance Engagement Letter, and (iii) charge for its reasonable out-of-pocket expenses (the "<u>Fee Structure</u>").

7.     Specifically, for services under the Tax Consulting Engagement Letter, Deloitte Tax will charge the hourly rates set forth in the table below.

| Personnel Classification | Applicable Hourly Rates |
|---|---|
| Partner/Principal/Director | $ 795 |
| Senior Manager | $ 705 |
| Manager | $ 608 |
| Senior Staff | $ 503 |
| Staff | $ 398 |

8.     In connection with the Tax Compliance Engagement Letter, in lieu of hourly rates, Deloitte Tax will charge a flat fee for the remaining few tax returns.  The fee, given the tax returns remaining to be reviewed and executed, is expected to be $10,000.

9.      In addition, reasonable expenses, including travel, report production, delivery services, and other expenses incurred in providing the services, will be included in the total amount billed.  Deloitte Tax intends to apply to the Court for allowance of compensation and reimbursement of expenses consistent with the terms of the Engagement Letters, the Application and this Declaration, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines and the Orders of this Court.

## EFFORTS TO AVOID DUPLICATION OF SERVICES

10.      I believe that the services Deloitte Tax will provide to the Debtors will be complementary, rather than duplicative, of the services to be performed by other professionals in these Chapter 11 Cases.

## DELOITTE TAX'S DISINTERESTEDNESS

11.      The statements set forth in this Declaration are based upon the declaration of Gregory Palme (the "Palme Declaration") filed in connection with the proposed retention by the Debtors of Deloitte Tax's affiliate, Deloitte & Touche LLP ("Deloitte & Touche"), my personal knowledge, upon information and belief and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte Tax or its affiliates.

12.      The Debtors have numerous creditors, equity holders, and other parties with whom they maintain business relationships.  From time to time, Deloitte Tax and its affiliates have provided or may currently provide services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties potentially adverse to the Debtors in matters unrelated to these Chapter 11 Cases.

6

13.     As discussed in the Palme Declaration, Deloitte & Touche, an affiliate of Deloitte Tax, undertook a search to determine, and to disclose, whether it or its affiliates, including Deloitte Tax, is or has been employed by, or has other relationships with, any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, customers, equity security holders, professionals or other entities with significant relationships with the Debtors.

14.     Specifically, Deloitte & Touche obtained from the Debtors and/or their representatives the names of the significant individuals and entities that may be parties-in-interest in these Cases (the "Potential Parties-in-Interest"). To check upon and disclose possible relationships with Potential Parties-in-Interest in these Cases, Deloitte & Touche researched its client databases and performed reasonable due diligence to determine whether it or its affiliates, including Deloitte Tax, had any relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, equity security holders, professionals or other such entities with significant relationships with the Debtors.

15.     Subject to the foregoing, and except as set forth herein and in Schedule 1, to the best of my information, knowledge and belief, and insofar as I have been able to ascertain after reasonable inquiry, (i) Deloitte Tax is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), (ii) neither I, nor Deloitte Tax, nor any partner, principal, or director of Deloitte Tax anticipated to provide the Services (the "Deloitte Tax Engagement Partners/Principals/Directors") hold or represent any interest adverse to the Debtors or their affiliates with respect to matters related to the Debtors' Chapter 11 Cases, and (iii) neither I, nor Deloitte Tax, nor the Deloitte Tax Engagement Partners/Principals/Directors have any

7

connection with the Debtors or their creditors, equity security holders, or any other potential

parties in interest, including the attorneys or other professionals known to be assisting the

Debtors in these Chapter 11 Cases.

16.    From the internal search discussed above and in the Palme Declaration,

Deloitte Tax has determined that certain relationships should be disclosed as follows.

a.  Deloitte Tax and/or its affiliates provide services in matters unrelated to these Chapter 11 Cases to certain of the Debtors' largest unsecured creditors and other Potential Parties-in-Interest listed on Schedule 1 or their affiliates.

b.  Law firms identified on Schedule 1, including Kirkland & Ellis LLP; O'Melveny & Myers LLP; Pachulski, Stang, Ziehl & Jones; and Skadden, Arps, Slate, Meagher & Flom LLP, have provided, currently provide and may in the future provide legal services to Deloitte Tax or its affiliates in matters unrelated to these Chapter 11 Cases, and/or Deloitte Tax or its affiliates have provided, currently provide and may in the future provide services to such firms and/or their clients.

c.  In the ordinary course of its business, Deloitte Tax and its affiliates have business relationships, in matters unrelated to these Chapter 11 Cases, with its principal competitors, which, together with their affiliates, may be Potential Parties-in-Interest in these Chapter 11 Cases. For example, from time to time, Deloitte Tax and one or more of such entities may work on assignments for the same client or may otherwise engage each other for various purposes.

d.  Certain financial institutions listed on Schedule 1 (including Allianz SE; AXA; Bank of America, N.A.; ING Groep NV; Prudential Retirement Insurance and Annuity; TD Asset Management; U.S. Bank NA; and Wells Fargo Bank, National Association) or their respective affiliates (i) are lenders to an affiliate of Deloitte Tax (Deloitte Tax is a guarantor of such indebtedness) and/or (ii) have financed a portion of the capital and/or capital loan requirements of various partners and principals, respectively, of Deloitte Tax and its affiliates.

e.  Deloitte Touche Tohmatsu Limited ("DTTL"), a U.K. private company limited by guarantee, is an association of various member firms including Deloitte LLP, an affiliate of Deloitte Tax. Certain of the non-US member firms of DTTL or their affiliates (the "DTTL Member Firms"), have provided, currently provide or will in the future provide professional services to certain

non-debtor affiliates of the Debtors.[4]  In particular, among approximately 30 DTTL Member Firms performing services for non-debtor affiliates of the Debtors, it is anticipated that the DTTL Member Firms in Australia, Brazil, France, Japan, Russia and Spain will perform services for such affiliates.

f.   Personnel of Deloitte Tax and its affiliates may be ordinary course customers of the Debtors and/or their affiliates; however, Deloitte Tax has not conducted any research to determine whether, in fact, such relationships exist.

g.   Deloitte Consulting LLP ("Deloitte Consulting") and certain of its affiliates have provided and will continue to provide services to the Executive Office of the United States Trustee in matters unrelated to these Chapter 11 Cases.

h.   Certain Potential Parties-in-Interest may be adverse to and/or involved in litigation matters with Deloitte Tax or its affiliates in connection with matters unrelated to these Chapter 11 Cases.

17.      Furthermore, to the best of my information, knowledge and belief, and insofar as I have been able to ascertain after reasonable inquiry, I do not believe there is any connection between the personnel of Deloitte Tax or its affiliates who are anticipated to provide services to the Debtors in these Chapter 11 Cases and the United States Bankruptcy Judge presiding in these Chapter 11 Cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, and the attorney therefor assigned to these Chapter 11 Cases.

18.      Deloitte Tax and its affiliates have or may have provided professional services to or may currently provide professional services to, and may in the future provide professional services in matters unrelated to these Chapter 11 Cases to, certain of the Potential Parties-in-Interest.  Additionally, certain of these Potential Parties-in-Interest have or may have provided goods or services to or may currently provide goods or services to, and may in the

---

[4]   Each of the DTTL Member Firms is a separate and independent entity.  It is not Deloitte Tax's practice to undertake conflicts checks with DTTL Member Firms for the purpose of identifying relationships that they may have with the Debtors and other parties in interest and Deloitte Tax does not maintain a database for purposes of identifying all such relationships.

future provide goods or services to, Deloitte Tax or its affiliates and the Deloitte Tax

Engagement Partners/Principals/Directors in matters unrelated to these Chapter 11 Cases.

19.     Given the large number of parties in interest in these Chapter 11 Cases,

and despite Deloitte & Touche's and Deloitte Tax's effort to identify and disclose Deloitte Tax's

relationships with any such parties in interest, Deloitte Tax is unable to state with certainty that

every client relationship or other connection has been disclosed.  In this regard, if any new

material facts or relationships are discovered or arise, Deloitte Tax shall promptly file a

supplemental declaration, as required by Local Bankruptcy Rule 2014-1(a).

20.     As discussed herein and in the Application, Deloitte Tax provided

prepetition services to the Debtors.  In the ninety (90) days prior to the Petition Date, the Debtors

have paid Deloitte Tax approximately $155,000 in the ninety (90) days prior to the Petition Date.

As of the Petition Date, approximately $100,000 remained outstanding with respect to invoices

issued to the Debtors by Deloitte Tax prior to the Petition Date.  Deloitte Tax will not seek any

recovery from the Debtors with respect to this amount, contingent upon approval of the

Application.

21.     Deloitte LLP, Deloitte Tax's parent, has completed a reorganization of

some of its businesses, including its financial advisory services, tax services, solutions, human

capital and outsourcing businesses.  This reorganization is intended to align the organizational

structure more closely with the manner in which business is conducted.  These businesses are

now being conducted by entities affiliated with Deloitte Tax, including Deloitte Financial

Advisory Services LLP, Deloitte & Touche, Deloitte Transactions and Business Analytics LLP

and Deloitte Consulting.  Some services incidental to the tasks to be performed by Deloitte Tax

in these Chapter 11 Cases may be performed by personnel now employed by or associated with

these affiliates of Deloitte Tax or their respective subsidiaries, including subsidiaries located outside of the United States.  The fees and expenses with respect to such services will be included on the fee applications of Deloitte Tax.

22.    One such affiliate of Deloitte Tax, Deloitte & Touche, also provided pre-petition services to the Debtors.  Deloitte & Touche expects to continue performing services for the Debtors as their independent auditor after the Petition Date, and the Debtors have filed a separate application seeking court approval of its retention [Docket No. 342] (the "Deloitte & Touche Retention Application").  In the ninety (90) days prior to the Petition Date, the Debtors paid Deloitte & Touche approximately $228,700, including certain retainers in the amount of $128,700.  As of the Petition Date, approximately $35,000 of the retainer remained.  As of the Petition Date, approximately $164,000 was outstanding with respect to invoices issued by Deloitte & Touche to the Debtors prior to the Petition Date.  I understand that Deloitte & Touche will not seek any recovery from the Debtors with respect to this amount, contingent upon approval of the Deloitte & Touche Retention Application.

23.    Except as may be disclosed herein, to the best of my knowledge, information and belief, Deloitte Tax and the Deloitte Tax Engagement Partners/Principals/Directors do not hold or represent any interest adverse to the Debtors, and I believe that Deloitte Tax and the Deloitte Tax Engagement Partners/Principals/Directors are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

24.    Deloitte Tax has not shared or agreed to share any of its compensation from the Debtors with any unaffiliated or unrelated person or entity.  Moreover, except as

described in this Declaration, no commitments have been made or received by Deloitte Tax as to compensation or payment in connection with these Chapter 11 Cases.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

I declare  under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated:    October 27, 2015
          Costa Mesa, California

By:  */s/ Scott Ecker*
     Scott Ecker
     Director
     Deloitte Tax LLP

## <u>SCHEDULE 1</u>

**Deloitte Tax's Disclosures**

Potential Parties-in-Interest or their affiliates for whom Deloitte Tax LLP or its affiliates has provided or is currently providing services in matters unrelated to these Chapter 11 Cases, except as set forth above, or with whom such parties have other relationships, including banking relationships.

| |
|---|
| 54th Street Holdings SARL |
| Alliance Bernstein LP |
| Allianz SE |
| Alps Advisors Inc. |
| Amazon.com |
| Americredit Financial Services |
| Arden Asset Management |
| AXA |
| Banc of America Leasing Commercial |
| Bank of America, N.A. |
| Bank of Montreal |
| Biarritz Holdings SARL |
| Boardriders Club Bratislava s.r.o. |
| BofA Merrill Lynch |
| Caribbean Pty. Ltd. |
| Caribo SARL |
| Carmichael International Service |
| CCH Incorporated |
| Charlotte Outlets LLC |
| Chloelys Investment Ltd. |
| Comptroller of Maryland |
| Corporation Service Company |
| Credit Agricole |
| Craig Realty Group Citadel LLC |
| Danske Bank |
| DC (Shanghai) Commercial Co. Ltd. |
| DC Direct, Inc. |
| DC Shoes (Hong Kong) Ltd. |
| DC Shoes (NZ) Limited |
| DC Shoes Australia Pty. Ltd. |
| DC Shoes, Inc. |
| Deustche Bank AG, London Branch |
| Deutsche Bank Luxembourg S.A. |
| Deutsche Trustee Company Limited |
| Disneyland Resort |
| Distribution s.r.o. |
| Drop In SARL |
| Duff & Phelps LLC |

| |
|---|
| El Paso Outlet Center LLC |
| Emerald Coast |
| Everglory Int. Grp App Inc. |
| Federal Express Corp |
| Federal Realty Investment Trust |
| Fidra, Inc. |
| Fistral Oy |
| FTI Consulting, Inc. |
| GE Capital Finance Pty Ltd |
| GE Capital Markets |
| General Electric Capital Corporation |
| Genesco |
| Geotag |
| Glendale Galleria Mall |
| Glorious Sun Licensing Limited |
| Gordon Brothers Retail Partners, LLC |
| Guggenheim Funds Distributors |
| Hilco Real Estate LLC |
| Gulf Coast Factory Shops Limited Partnership |
| Haapiti SRL |
| Hanalei NV |
| Hancock Bank Trust Department |
| Harris Associates LP |
| Hawk Designs, Inc. |
| Hilco Merchant Resources, LLC |
| Horizon Group Properties |
| Hotchkis & Wiley Capital Management |
| Houlihan Lokey Capital Inc. |
| Industrial Property Fund VII, LLC |
| ING Groep NV |
| Invesco Ltd |
| Ivanhoe Cambridge Inc. |
| Janus Capital Management |
| Kauai GmbH |
| Kirkland & Ellis LLP |
| Kokolo SARL |
| Kurtzman Carson Consultants |
| Lanai, Ltd. |
| Le Carrefour Laval Leaseholds, Inc. (Cadillac Fairview) |
| Live Nation Merchandise |
| Loma Alta Corporation |
| Macerich Oaks LLC |

| |
|---|
| Macys |
| Main Bridge |
| Manulife Asset Management |
| MARMAXX |
| Meribel SAS |
| Merrill Lynch, Pierce, Fenner & Smith Incorporated |
| Molokai Ltd. |
| Morgan Stanley |
| Pavilion Prod. Pty. Ltd. |
| Morgan Stanley Dean Witter Advisors Inc. |
| Morgan Stanley Investment Management |
| Mountain & Wave SARL |
| Mt. Waimea, Inc. |
| Na Pali SAS |
| Na Pall Europe SARL |
| Namotu, Ltd |
| New Pier Trading Ltd. |
| O'Melveny & Myers LLP |
| Oaktree Capital |
| Ontrea, Inc. (Cadillac Fairview) |
| Outrigger Hotel and Resorts |
| Outrigger Enterprises Group |
| Owens Sportswear Co Ltd |
| Pachulski, Stang, Ziehl, Young |
| Permal Asset Management LLC |
| Pilot SAS |
| Pimco Canada Corp |
| Pinebridge Investments Europe |
| Prospect Development LP |
| Prudential Retirement Insurance and Annuity |
| PT Quiksilver |
| Pukalani BV |
| QS Holdings SARL |
| QSJ Holdings Pty. Ltd. |
| Quiksilver Glorious Sun Licensing Ltd. |
| Quiksilver, Inc. |
| Rawaki sp. Zoo |
| Regency Centers, LP |
| Rhone Capital III |
| Rhone Capital LLC |
| Rhone Group |
| Ross Stores, Inc. |

| |
|---|
| Rouse Properties, Inc. |
| RPAI Southwest Management LLC |
| Santocha Ltd. |
| SB Capital Group |
| Schroder Investment Management |
| SCOR Global Investments SE |
| Skadden, Arps, Slate, Meagher & Flom LLP |
| Tavarua SCI |
| Seminole Properties, LLC |
| Shoe Carnival Inc. |
| Simon/Premium |
| Skandia Investment Management |
| Societe Generale Corporate & Investment Banking |
| Ug Mfg. Co. Pty. Ltd. |
| South Coast Plaza |
| Sumbawa SL |
| Sun America Asset Management |
| UMTT Pty. Ltd. |
| Sunshine Diffusion SA |
| SydInvest International |
| T Rowe Price Associates |
| Tanger Properties Limited Partnership |
| Tarawa Lda. |
| Taubman Realty Group LP |
| TD Asset Management |
| The Irvine Company LLC |
| Thomson Reuters |
| Tiger Capital Group |
| U.S. Bank NA |
| UBS Investment Bank |
| Uf Mfg. Co. (NZ) Ltd. |
| Uluwatu Arps |
| Union Investment GMBH |
| Universal Studios LLC |
| US Customs & Border Protection |
| Valic Co I |
| Vanuatu GmbH |
| Vertex, Inc. |
| Walt Disney World Co. |
| Wells Fargo Bank, National Association |
| World Marketing, Inc. |
| WV Sub, LLC |