## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | :  | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    Related Docket No. 25, 128, 269, 281

### ORDER AUTHORIZING AND APPROVING (I) THE DEBTORS' ASSUMPTION OF THE PLAN SPONSOR AGREEMENT; AND (II) THE PAYMENT OF RELATED TRANSACTION EXPENSES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to Bankruptcy Code sections 105(a), 363 and 365(a), and Bankruptcy Rules 6004 and 6006, authorizing, but not directing the Debtors to (i) assume the PSA between the Debtors and the Plan Sponsor, and (ii) pay the related Transaction Expenses, as necessary, in accordance with the terms of the PSA; and upon consideration of the First Day Declaration, all objections and supporting declarations, the evidentiary record, and the hearing held by this Court; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, the PSA, or the First Day Declaration.

### FOUND, CONCLUDED AND DETERMINED that:[3]

A.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105(a), 363 and 365(a), and such relief is also warranted under Bankruptcy Rules 6004 and 6006.

B.      The Debtors' assumption of the PSA and the payment of the Transaction Expenses in connection therewith are within their sound business judgment.

ORDERED, ADJUDGED AND DECREED that:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to assume the PSA, as amended hereby, and the PSA shall be assumed as of the date hereof.

3.      Except as expressly set forth in paragraphs 5 and 6 hereof, the failure to describe specifically or include any particular provision of the PSA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the PSA be assumed by the Debtors in its entirety.

4.      The Transaction Expenses shall constitute administrative expense obligations of the Debtors pursuant to section 503 of the Bankruptcy Code.  To the extent any Transaction Expenses were incurred prepetition and remain unpaid as of the date hereof, the Debtors shall pay such Transaction Expenses in the ordinary course of business.  Notwithstanding anything to the contrary provided in the PSA or in the DIP Credit Agreement,

---

[3]     The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

the reimbursement of the Transaction Expenses payable in connection with the PSA or the DIP Credit Agreement, combined, shall not exceed the amount set forth in the approved budget accompanying the final order approving the DIP Credit Agreement for the line items under "Bond Holder Professionals," which line item may be used to reimburse fees and expenses in connection with either the PSA or the DIP Credit Agreement, and which budgeted amount shall not be increased without the consent of the Official Committee of Unsecured Creditors (the "Committee"). The Plan Sponsor's professionals shall provide summary fee statements to the Committee on a monthly basis, but shall not be required to separately allocate its accrued fees and expenses between work performed in connection with the PSA and work performed in connection with the DIP Credit Agreement.

5.     The Breakup Fee, as defined in the PSA, shall not be allowed or payable. All references in the PSA to payment of the Breakup Fee shall be deemed stricken.

6.     Section 3.01(d) of the PSA is hereby modified as follows:

i.     the second sentence of Section 3.01(d) of the PSA is replaced with the following: "From the Petition Date until the first day of the hearing scheduled to consider confirmation of the Agreed Restructuring Plan, the Debtors and their respective representatives shall have the right to solicit any offer, proposal or inquiry relating to, or any third party indication of interest in, any transaction as an alternative to the Agreed Restructuring Plan."

ii.     the definition of "Superior Proposal" in the PSA is replaced with the following: "a bona fide written proposal that is more favorable to the Debtors' stakeholders than the transactions contemplated by the Agreed Restructuring Plan, and is reasonably likely to be consummated on a timely basis, taking into account all legal, financial, regulatory, and other aspects of the proposal (including break-up fees and conditions to consummation)."

3

7.      Section 3.02(b) of the PSA is hereby modified as follows:

i.      the deadline in section 3.02(b)(ii)(B) of the PSA to file a motion to approve the Backstop Agreement is extended to October 30, 2015;

ii.      the deadline in section 3.02(b)(v) of the PSA to file the Disclosure Statement, Plan Solicitation Materials, and a motion to approve the Disclosure Statement is extended to October 30, 2015;

iii.      the deadline in section 3.02(b)(vi) of the PSA to obtain entry of orders, in form and substance acceptable to the Plan Sponsor in its sole discretion, approving the adequacy of the Disclosure Statement and the Backstop Agreement is extended to December 4, 2015;

iii.      the deadline in section 3.02(b)(vii) of the PSA to obtain entry of the Confirmation Order, in form and substance acceptable to the Plan Sponsor in its sole discretion, with all exhibits, appendices, Plan Supplement documents, and any related documents is extended to January 29, 2016; and

iv.      the deadline in section 3.02(b)(viii) of the PSA to cause the effective date of the Agreed Restructuring Plan is extended to February 5, 2016.

8.      Section 5.01(a)(ii) of the PSA is modified as follows: "a Termination Date (as defined in the DIP Agreement, as modified by the Final DIP Order) occurs."

9.      Section 5.01(b) of the PSA is hereby modified to provide that the Plan Sponsor may terminate its obligations under the PSA if the Restructuring does not occur on or before February 5, 2015.

10.      Notwithstanding anything contained in the PSA including, without limitation, Sections 3.01(a) and 3.02(d) of the PSA, no action by the Debtors in furtherance of

4

the Final DIP Order or this Order shall be, nor shall such action be deemed to be, a breach of the PSA.

11.     The PSA shall be solely for the benefit of the parties thereto and no other person or entity shall be a third party beneficiary hereof. No entity, other than the Plan Sponsor and the Debtors, shall have any right to seek or enforce specific performance of the PSA.

12.     Notwithstanding anything to the contrary herein, nothing in this Order shall prevent the Debtors from taking or failing to take any action that it is obligated to take (or not take, as the case may be) in the performance of any fiduciary duty under applicable law.

13.     For the avoidance of doubt, this Order shall not constitute Court approval of the terms of any plan of reorganization of the Debtors.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

15.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 6006, this Order shall be immediately effective and enforceable upon its entry.

16.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

17.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

18.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:   Wilmington, Delaware
         Oct 28, 2015

                                   _____
                                   HONORABLE BRENDAN L. SHANNON
                                   CHIEF UNITED STATES BANKRUPTCY JUDGE

6