IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., et al., : Case No. 15-11880 (BLS)
:
                Debtors.[1] : Jointly Administered
:
: **Related Docket No. 103**
:
------------------------------- x

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 331 ESTABLISHING INTERIM COMPENSATION PROCEDURES

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order") pursuant to Bankruptcy Code sections 105(a) and 331, establishing procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

    1.      The Motion is GRANTED as set forth herein.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Interim Compensation Procedures.

2.       Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all Professionals in these cases shall seek interim compensation in accordance with the procedures set forth in Exhibit 1 attached hereto (the "Interim Compensation Procedures") and the Debtors are authorized to pay such amounts as are authorized by these procedures.

3.       The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

4.       In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 3301 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court, and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for additional information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013.

5.       All time periods referenced in this Order or the Interim Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.       Notwithstanding anything to the contrary contained herein or in the Interim Compensation Procedures, any payment to be made or authorization contained hereunder shall be subject to the same limitations and restrictions as are provided for under any DIP Financing Order or DIP Budget. To the extent there is any conflict between the Interim Compensation Procedures and any DIP Financing Order or DIP Budget, the terms of such DIP Financing Order or DIP Budget shall control.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order or the Interim Compensation Procedures.

Dated: Wilmington, Delaware
   Oct 28, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE