# EXHIBIT 1

## Interim Compensation Procedures

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------ x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., et al., : Case No. 15-11880 (BLS)
: 
　　　　　　　　　　Debtors.[1] : Jointly Administered
: 
------------------------------ x

## QUIKSILVER, INC., ET AL.
## INTERIM COMPENSATION PROCEDURES[2]

　　　　(a)　　No earlier than the fifteenth (15th) day of each month following the month for which compensation is sought, each Professional will serve a fee request (each a "Monthly Fee Request"), which in addition to a narrative description must also include time and expense detail, on the following parties (collectively, the "Notice Parties"): (i) Quiksilver, Inc., 5600 Argosy Circle, #100, Huntington Beach, California 92649, Attn: Andrew Bruenjes; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071, Attn: Van C. Durrer, II; (iii) Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Mark S. Kenney; (iv) counsel to the agent under the Debtors' prepetition revolving loan facility and postpetition debtor-in-possession revolving loan facility, Riemer Braunstein LLP, Seven Times Square, Suite 2506, New York, NY 10036, Attn: Steven Fox; (v) counsel to the agent under the Debtors' postpetition debtor-in-possession term loan facility, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; and (vi) proposed counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Michael S. Stamer and Meredith A. Lahaie. All Monthly Fee Requests shall comply with title 11 of the United States Code, (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, (the "Bankruptcy Rules"), applicable Third Circuit law, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Operating Guidelines for Chapter 11 Cases, established by the Office of the United States Trustee for the District of Delaware.

---

[1]　The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]　Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Motion for Administrative Order Pursuant to Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures.

(b) Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Request to review the request and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount equal to 80% of the fees and 100% of the expenses requested in the Monthly Fee Request not subject to an objection.

(c) If any Notice Party objects to a Professional's Monthly Fee Request, the objecting party shall, prior to the Objection Deadline, serve upon the applicable Professional and each of the Notice Parties a written notice setting forth the precise nature of the objection and the amount at issue (the "Notice of Objection to Monthly Fee Request"). Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If the parties are unable to reach a resolution of the objection within twenty-one (21) days after service of the Notice of Objection to Monthly Fee Request (the "Resolution Deadline"), the objecting party shall file its objection (an "Objection") with the Court within three (3) business days after the Resolution Deadline and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the amount subject to the Objection (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

(d) Beginning with the period ending December 31, 2015, and at three (3) month intervals thereafter (each, an "Interim Fee Period"), each of the Professionals must file with the Court and serve on the Notice Parties an interim fee application (the "Interim Fee Application") for compensation of fees and reimbursement of expenses sought in the Monthly Fee Requests served during such Interim Fee Period. The Interim Fee Application must include a narrative discussion, as well as a summary of the Monthly Fee Requests that are the subject of the Interim Fee Application, appropriate time and expense detail and any other information requested by the Court or required by the Local Rules. Each Professional must file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of compensation and reimbursement of expenses. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including December 31, 2015. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Notice Parties and all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto.

(e) The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every six (6) months, with the first hearing to be held in either January or February 2016. The Debtors, however, may request that a hearing be held every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

2

(f) Any Professional that fails to file an Interim Fee Application will be ineligible to receive further interim payments of fees or expenses with respect to any subsequent Interim Fee Period until such time as the missing Interim Fee Application is filed and served by the Professional.

(g) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(h) Neither the payment of nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor the filing of or failure to file an Objection, will bind any party-in-interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals under these compensation procedures are subject to disgorgement until final allowance by the Court.

(i) Counsel for the Committee may, in accordance with the foregoing procedures for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting receipts, from members of the Committee.

(j) At the close of the Chapter 11 Cases, on or before a date and time to be established by the Court, each Professional shall file with the Court and serve on the Notice Parties a request for final Court approval and allowance, on a final basis, of compensation of all fees and reimbursement of expenses sought in the Monthly Fee Requests and the Interim Fee Applications, including all amounts previously withheld (the "Final Fee Application"). Unless otherwise ordered by the Court, each Notice Party will have twenty-one (21) days after filing and service of a Final Fee Application to object to such application. A hearing on the Final Fee Applications shall be held at such time as the Court deems appropriate. A notice of the hearing on its Final Fee Application shall be served by each Professional on all parties who have requested service pursuant to Bankruptcy Rule 2002.

3