## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | : Chapter 11 |
| QUIKSILVER, INC., *et al.*, | : Case No. 15-11880 (BLS) |
| Debtors.[1] | : Jointly Administered |
|  | : **Related Docket No. 117, 286, 287, 290** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 327(a), AND 328(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-2 (A) AUTHORIZING EMPLOYMENT AND RETENTION OF PETER J. SOLOMON COMPANY AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE, (B) WAIVING CERTAIN TIMEKEEPING REQUIREMENTS PURSUANT TO LOCAL BANKRUPTCY RULE 2016-2(h), AND (C) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the Debtors for entry of an for entry of an order (this "Order") (a) authorizing the Debtors to employ and retain PJSC as their investment banker, *nunc pro tunc* to the Petition Date and in accordance with the terms and conditions set forth in the Engagement Letter, (b) waiving certain timekeeping requirements pursuant to Local Bankruptcy Rule 2016-2(h), and (c) granting related relief, all as more fully set forth in the Application; and the Court having reviewed and considered the Application and the Savini Declaration; and the Court having found based on the representations made in the Application and in the Savini Declaration that (a) PJSC does not hold or represent an interest adverse to the Debtors' estates and (b) PJSC is a "disinterested person" as defined in section

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized, pursuant to sections 105(a), 327(a), and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-2, to employ and retain PJSC, *nunc pro tunc* to the Petition Date and in accordance with the terms and conditions set forth in the Engagement Letter, the Application, the Savini Declaration, and this Order, to perform the services described therein.

3.      The Engagement Letter, together with its Indemnification Provisions (as modified herein) and all compensation set forth therein, including, without limitation, the Monthly Advisory Fee, the Restructuring Transaction Fee, the Sale Transaction Fee, and the Financing fees, is approved pursuant to sections 105(a), 327(a), and 328(a) of the Bankruptcy Code, subject to the the following: (a) the Restructuring Transaction Fee shall be $7,000,000.00; (b) the Sale Transaction Fee shall be $7,000,000.00.  For the avoidance of doubt, (x) PJSC shall not be entitled to any incremental fee with respect to either the Euro Notes Rights Offering or the Exit Rights Offering (each as defined in that certain Plan Sponsor Agreement between the Debtors and certain funds managed by affiliates of Oaktree Capital Management, L.P.); and (y) any DIP Financing fee payable with respect to any DIP Financing in which the provider of the

DIP Financing is a holder of U.S. Secured Notes or U.S. Unsecured Notes (each as defined in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., In Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20]) shall reduce any Restructuring Transaction Fee or Sale Transaction Fee, as the case may be.  None of the fees payable to PJSC shall constitute a "bonus" or fee enhancement under applicable law.

4.      PJSC shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court; *provided, however*, that the fee applications filed by PJSC shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code such that PJSC's fees and expenses shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

5.      In accordance with the terms set forth in the Application and the Engagement Letter, the Debtors shall promptly reimburse PJSC for all reasonable expenses incurred by PJSC and the reasonable fees and expenses of outside counsel, consultants, and advisors, if any, retained by PJSC; *provided, however*, that in the event that PJSC seeks reimbursement from the Debtors for its outside professionals' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for such fees and expenses shall be included in PJSC's own fee applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee Guidelines for compensation and reimbursement of expenses and the approval of this Court pursuant to sections 330 and 331 of the Bankruptcy Code and, with respect to counsel retained by PJSC, without

regard to whether counsel has been retained under section 327 of the Bankruptcy Code or whether such counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

6.     Nothing in this Order or the record relating to the Court's consideration of the Application shall prejudice the rights of the Office of the United States Trustee for the District of Delaware (the "United States Trustee") to challenge the reasonableness of PJSC's fees under section 330 of the Bankruptcy Code; provided, however, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on hourly or length-of-case based criteria.  Subject to the preceding sentence, nothing in this Order or the record relating to the Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the United States Trustee with respect to the reasonableness of PJSC's fees and reimbursement requests.

7.     Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, PJSC and its professionals: (a) shall be required only to maintain time records of services rendered for the Debtors in one-half hour increments; (b) shall not be required to provide or conform to any schedule of hourly rates; and (c) shall not be required to keep time records on a project category basis.  PJSC shall include in its fee applications time records setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual rendering services on behalf of the Debtors in half-hour increments. PJSC shall be excused from keeping time in one-tenth hour increments.

4

8.      PJSC is granted a waiver, pursuant to Local Bankruptcy Rule 2016-2(h), of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d) to the extent set forth in paragraph 7 of this Order.

9.      The Indemnification Provisions set forth in the Engagement Letter are approved, subject, during the pendency of these Chapter 11 Cases, to the following:

a.      PJSC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter unless the indemnification, contribution, or reimbursement is approved by the Court;

b.      Notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify any Indemnified Party or provide contribution or reimbursement to any Indemnified Party: (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from PJSC's or such Indemnified Party's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct, or gross negligence; (ii) for a contractual dispute in which the Debtors allege the breach of PJSC's or such Indemnified Party's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which PJSC or such Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, PJSC or any Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Indemnification Provisions, as modified by this Order, including without limitation the advancement of defense costs, PJSC or such Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to PJSC or such Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify or to make contributions or reimbursements to Indemnified Parties.  All parties in

5

interest shall retain the right to object to any demand for indemnification, contribution or reimbursement.

d.      The Indemnification Provisions are modified by deleting the following clause from the fifth paragraph: "provided, however, that in no event shall the amount, if any, to be contributed by all Indemnified Parties exceed the amount of the fees actually received by PJSC hereunder."

10.      Except as provided for in Paragraph 9(c) of this Order, PJSC's reimbursable counsel fees shall be limited to those incurred in connection with PJSC's retention application and the preparation and initial presentation of its monthly, interim, and final fee applications.

11.      To the extent there is any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

12.      Notwithstanding anything to the contrary contained in the Application or the relief granted in this Order, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor in possession financing facility, or budget in connection therewith, the plan support agreement, and any order regarding the use of cash collateral approved by the Court in these Chapter 11 Cases.

13.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, this Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

14.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

15.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6

16.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

Oct 28, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE