## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
|  | : |  |
|  | : | Jointly Administered |
| Debtors.[1] | : |  |
|  | : |  |
|  | : | **Hrg. Date: Dec. 1, 2015 at 10:30 a.m. (Eastern)** |
|  | : | **Obj. Due: Nov. 24, 2015 at 4:00 p.m. (Eastern)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(A) AND BANKRUPTCY RULE 2015.3 WAIVING THE DEBTORS' REPORTING REQUIREMENTS UNDER BANKRUPTCY RULE 2015.3

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), hereby move (the "Motion") the Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), waiving the requirement for the Debtors to file Rule 2015.3 Reports (as defined below) for cause. In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2.      The legal predicates for the relief requested herein are Bankruptcy Code Section 105(a) and Bankruptcy Rule 2015.3.

3.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These Chapter 11 Cases are jointly administered.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").  On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee.  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.      Quiksilver is one of the world's leading outdoor sports lifestyle companies.  The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia.  Today, the Company's business is rooted in the strong heritage and authenticity of its

core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc., and seven inactive entities. As reflected in the organizational chart attached hereto as Exhibit A, the Debtors have approximately seventy-five (75) foreign non-Debtor affiliates.

8.    Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20], filed with the Court.

### RELIEF REQUESTED

9.    By this Motion, the Debtors seek entry of an order waiving the requirement (the "Rule 2015.3 Reporting Requirement") for Debtors to file their reports of financial information on entities in which the Debtors' estates hold a controlling or substantial interest (the "Rule 2015.3 Reports") for cause.

### BASIS FOR RELIEF

10.    Bankruptcy Rule 2015.3(a) requires the Debtors to file Rule 2015.3 Reports on "the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or

controlling interest." Fed. R. Bankr. P. 2015.3(a). Bankruptcy Rule 2015.3(a) also provides that the Rule 2015.3 Reports shall be "based upon the most recent information reasonably available to the … debtor in possession." Id.

11.    Pursuant to Bankruptcy Rule 2015.3(d), however, the Court, after notice and a hearing, may vary the Rule 2015.3 Reporting Requirement "for cause, including that the trustee or debtor in possession is not able, after a good faith effort, to comply with those reporting requirements, or that the information required by subdivision (a) is publicly available."

A.    **The Rule 2015.3 Reporting Requirements Should Be Waived Because The Information Required By Bankruptcy Rule 2015.3(a) Is Publicly Available**

12.    The Company comprises approximately eighty-six (86) entities, approximately seventy-five (75) of which are non-Debtors in which the Debtors hold a substantial or controlling interest.[2]

13.    Prior to September 29, 2015, as a public company, the Debtor parent, ZQK, was required to file periodic reports with the United States Securities and Exchange Commission (the "SEC") pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and the regulations promulgated thereunder, as amended from time to time (collectively, the "Securities Laws").[3] These periodic reports included an annual report on Form 10-K (the "10-K"), quarterly reports on Form 10-Q (the "10-Qs"), current reports on Form 8-K (the "8-Ks"), and various other reports required under the Securities Laws (together with the 10-K, 10-Qs and 8-Ks, the "SEC Filings"). The Debtors filed their most recent 10-Q on September 15, 2015 for

---

[2]    While a majority of the non-Debtors are active entities, two of them are inactive foreign subsidiaries.

[3]    On September 29, 2015, the New York Stock Exchange LLC (the "NYSE") notified the SEC of its intention to remove the entire class of common stock of ZQK from listing and registration on the NYSE at the opening of business on October 12, 2015. However, ZQK will continue to make SEC Filings during the Chapter 11 Cases, in order to continue complying with the reporting requirements under the Indenture dated December 10, 2010 (the "Indenture") governing the issuance of €200 million aggregate principal of 8.875% notes with a maturity date of December 15, 2017 (the "Euro Notes").

the quarterly period ended July 31, 2015. The Debtors anticipate ZQK will file its next 10-K no later than January 14, 2016. The Debtors' SEC Filings are available to the public at http://ir.quiksilver.com/ and at http://www.sec.gov/edgar.html. The Debtors' quarterly filings, annual filings and proxy statements from the previous five years have also been made available to creditors in these Chapter 11 Cases at http://www.kccllc.net/quiksilver/document/noticelist/5.

14.    As a general matter, ZQK consolidates the financial information for the Company in its SEC Filings, in compliance with the instructions to Part 210.3A-02 of Regulation S-X, titled "Consolidated Financial Statements of the Registrant and its Subsidiaries," which provide as follows:

> In deciding upon consolidation policy, the registrant must consider what financial presentation is most meaningful in the circumstances and should follow in the consolidated financial statements principles of inclusion or exclusion which will clearly exhibit the financial position and results of operations of the registrant. There is a *presumption that consolidated statements are more meaningful than separate statements and that they are usually necessary for a fair presentation* when one entity directly or indirectly has a controlling financial interest in another entity.

F.R. § 210.3A-02 (emphasis supplied).

15.    However, to provide further detail regarding ZQK's financial information in its SEC Filings, ZQK also provides financial information for each of the Company's four geographic and operational segments: Americas, EMEA, APAC, and Corporate Operations. The Americas segment consists of North, South and Central America, including revenues primarily from the United States, Canada, Brazil and Mexico. The EMEA segment consists of Europe, the Middle East, and Africa, including revenues primarily from continental Europe, the United Kingdom, Russia and South Africa. The APAC segment consists of Asia and the Pacific Rim, including revenues primarily from Australia, Japan, New Zealand, South Korea, Taiwan and Indonesia. The Corporate Operations segment includes costs that support all segments, including

trademark protection, trademark maintenance, licensing functions, sourcing income and certain gross profits earned from the Company's licensees.

16.     As noted above, ZQK filed its most recent 10-Q on September 15, 2015 and the Debtors anticipate ZQK will file its next 10-K no later than January 14, 2016. Each of these filings include or will include both consolidated information for ZQK and segment-by-segment financial information regarding the Company. Because the Debtors have provided, and will continue to provide, complete and substantial segment-by-segment financial information regarding the Company, through their SEC Filings, the Debtors submit that compliance with the Rule 2015.3 Reporting Requirements would be unnecessary, duplicative, and unduly burdensome on the estates.

**B.     The Rule 2015.3 Requirements Should Be Waived Because The Disclosure Statement Provides Segment-By-Segment Projections For The Foreign Entities**

17.     On October 13, 2015, the Debtors filed the *Joint Chapter 11 Plan Of Reorganization Of Quiksilver, Inc. And Its Affiliated Debtors And Debtors In Possession* [Docket No. 292] (the "Plan"). On October 30, 2015, substantially concurrently with the filing of this Motion, the Debtors will file the *Disclosure Statement with Respect to the Joint Chapter 11 Plan Of Reorganization Of Quiksilver, Inc. And Its Affiliated Debtors And Debtors In Possession* (as amended from time to time, and including all exhibits thereto, the "Disclosure Statement").

18.     In the Disclosure Statement, the Debtors will provide financial projections and valuation analyses on a segment-by-segment basis, with the same level of detail as in the SEC Filings. In the Disclosure Statement, the Debtors will also provide background information for the Company's non-Debtor foreign entities.

C.      **The Rule 2015.3 Requirements Should Be Waived Because Preparing the 2015.3 Reports Would Be Unduly Burdensome and Duplicative**

19.      The Company's financial reporting system is designed to report financial results for the four geographic and operational segments detailed above (Americas, EMEA, APAC, and Corporate Operations).  Thus, to prepare the Rule 2015.3 Reports on the entity-by-entity basis required by Rule 2015.3 rather than on the segment-by-segment basis that the Debtors have already provided and intend to continue to provide during the Chapter 11 Cases, the Debtors would need to separately compile information from books, records, and documents relating to a multitude of transactions at numerous locations for over 70 entities.  Assembling and compiling the financial reports of the value, operations, and profitability of these non-Debtor entities would pose significant challenges and require the Debtors' employees and advisors to expend considerable resources and time.

20.      The Debtors submit that creating de novo reports would be unduly costly and burdensome to the Debtors.  Creating such reports would also be duplicative and unnecessary, as the information for such reports will already be available, on a segment-by-segment basis, in the Debtors' SEC Filings and the Disclosure Statement.

21.      Moreover, the Debtors' employees and advisors are already engaged in numerous other tasks necessary to these Chapter 11 Cases, including the preparation of various other schedules, reports, and other papers required by the Bankruptcy Code, the Bankruptcy Rules, and the U.S. Securities and Exchange Commission.  The combination of these tasks have imposed substantial burdens on the Debtors' management, personnel, and advisors, in addition to the day-to-day operations of the Debtors' businesses.

22.      Finally, the relief requested herein will not prejudice any party in interest because the Debtors' SEC Filings and Disclosure Statement adequately provide the information

required by Bankruptcy Rule 2015.3, including disclosures relating to the Debtors' non-Debtor

affiliates on a segment-by-segment basis.  In addition, the Debtors have been working

constructively with the Committee and its advisors in providing information relevant to the Rule

2015.3 Reporting Requirements, and will continue to work with the Committee and its advisors

to provide additional detailed information as appropriate.

23.    The Debtors submit that the considerations described above amply

demonstrate that waiving the 2015.3 Reporting Requirements is warranted.

24.    Courts in this district have granted similar relief in the past.  See, e.g. In re

NewPage Corporation, No. 11-12804 (KG) (Bankr. D. Del. Nov. 9, 2011) (finding that periodic

reports publicly available through Canadian proceedings and Federal Energy Regulatory

Commission, respectively, satisfied the debtors' Rule 2015.3 Reporting Requirements for certain

non-debtor entities); In re Abitibibowater Inc., No. 09-11296 (KJC) (Bankr. D. Del. Nov. 9,

2010) (finding that the SEC filings satisfied the debtors' Rule 2015.3 Reporting Requirements

for certain non-debtor entities).

**NOTICE**

25.    Notice of this Motion will be given to: (a) the Office of the United States

Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition

secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan

facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e)

counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to

the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule

2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be given.

**NO PRIOR REQUEST**

26.     No previous request for the relief sought herein has been made to this

Court or any other court.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:    Wilmington, Delaware
          October 30, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*