**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| QUIKSILVER, INC., *et al.*, | Case No. 15-11880 (BLS) |
| Debtors.[1] | Jointly Administered |
| | **Hrg. Date: Dec. 1, 2015 at 10:30 a.m. (Eastern)** **Obj. Due: Nov. 24, 2015 at 4:00 p.m. (Eastern)** |
| | **Related Docket No. 418** |

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTION 107(b), BANKRUPTCY RULE 9018, AND LOCAL BANKRUPTCY RULE 9018-1(B) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL OF PORTIONS OF EXHIBIT A TO DEBTORS' MOTION FOR ORDER APPROVING THE IMPLEMENTATION OF THE KEY EMPLOYEE INCENTIVE AND RETENTION PLAN**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company") hereby move (the "Motion to Seal") this Court for entry of an order, pursuant to section 107(b) of the United States Code (the "Bankruptcy Code"), Rule 9018-1(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the Debtors to file under seal Exhibits A and B (the "Confidential Employee Exhibits") to the proposed key employee incentive and retention plan (the "Plan"), which Plan is attached as Exhibit A to the *Debtors' Motion for Order Approving the*

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

*Implementation of the Key Employee Incentive and Retention Plan* (the "KEIP/KERP Motion"),[2] filed concurrently herewith. In support of this Motion to Seal, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion to Seal in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 107(b) of the Bankruptcy Code. The relief is further warranted under Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1(b).

3. Pursuant to Rule 9013-1(f) of the Local Bankruptcy Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion to Seal if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Defined terms used but not otherwise defined herein have the meaning ascribed to them in the KEIP/KERP Motion.

6. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 20].

**RELIEF REQUESTED**

9. By this Motion to Seal, the Debtors seek entry of an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1(b), authorizing the Debtors to file the Confidential Employee Exhibits under seal, and directing that the Confidential Employee Exhibits remain under seal and confidential and shall not be made available to anyone, except for the Court, the United States Trustee, counsel to any statutory committee appointed in these Chapter 11 Cases, counsel to the agent for the Debtors' postpetition secured loan facilities (the "<u>DIP Lenders</u>"), and others only (a) at the discretion of the Debtors (subject to an appropriate non-disclosure agreement) or (b) upon further order of the Court.

**BASIS FOR RELIEF**

9. Contemporaneously with the filing of this Motion to Seal, the Debtors filed the KEIP/KERP Motion. As set forth in the KEIP/KERP Motion, the Debtors have identified certain key employees (as defined therein, the "<u>Participants</u>") whose institutional knowledge and skill are essential to maximizing the value of the Debtors' estates during these Chapter 11 Cases. The Debtors, in consultation with their advisors, designed the KEIP and the KERP with the goals of (i) maximizing the value of their assets for the benefit of the estates; (ii) incentivizing the KEIP Participants to create value for creditors; and (iii) retaining KERP Participants throughout the Chapter 11 Cases. Exhibits A and B to the Plan, the Confidential Employee Exhibits, do not include any description of the KEIP and the KERP that is not already included in the KEIP/KERP Motion other than a list of names of the Participants and the individual amounts of their awards (as a percentage of their base salaries). The Participants are not debtors in these Chapter 11 Cases, and the Confidential Employee Exhibits contain sensitive

and confidential information. Among other things, the information in the Confidential Employee Exhibits could allow others to calculate the salaries of each of the Participants. As such, the public disclosure of the Confidential Employee could have a detrimental impact on employee morale and would violate the Participants' interest in preserving the privacy of their compensation information. For these reasons, among others, disclosure of the Confidential Employee Exhibits could adversely affect the Participants, the Debtors and their estates. Moreover, the Confidential Employee Exhibits have already been or will be provided to the United States Trustee, counsel to the Creditors' Committee, and counsel to the DIP Lenders. As a result of the foregoing, the relief requested herein is warranted.

## APPLICABLE AUTHORITY

10. Although the public has a common law "right of access to judicial proceedings and records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018; see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

11. In proceedings under title 11, the limits on the public's right of access are a matter of statute. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. §

107(b). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

12. Courts in Delaware define commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the operations of the debtor.'" In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27-28 (2d Cir. 1994)). An order sealing commercial information is appropriate where the disclosure of the commercial information could "reasonably be expected to cause [] commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." See Alterra Healthcare, 353 B.R. at 75-76 (citations omitted); In re Mum Servs., Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that § 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (internal citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). See, e.g., Orion Pictures, 21 F.3d at 28 ("courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

13. Once a court determines that the information in question falls within one of the enumerated categories in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application. Id. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. See In re Global Crossing Ltd., 295 B.R.

720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.")

14. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

15. The Debtors submit that good cause exists for the Court to grant the relief requested herein. The Confidential Employee Exhibits contain confidential information concerning certain of the Debtors' employees such as their identity as Participants, the individual amounts of their awards, and, potentially, the amount of their base salary. The Participants are not debtors in these proceedings and have a legitimate interest in preserving the privacy of this information. Through this Motion to Seal, the Debtors seek to protect the sensitive and private information of the Participants and to avoid any impact on employee morale. If such information were to be made public, confidential information will be disclosed to the detriment of the Participants, the Debtors, and their estates. In addition, the Confidential Employee Exhibits have already been or will be provided to the United States Trustee, counsel to the Creditors' Committee, and counsel to the DIP Lenders.

16. Bankruptcy courts in this District routinely have authorized debtors in other chapter 11 cases to file under seal sensitive employee and personnel information. See, e.g., In re RadioShack Corporation, Case No. 15-10197 (KJC) (Bankr. D. Del. April 27, 2015) [Docket No. 1931] (authorizing debtors to file under seal information related to the debtors' key employee incentive program and key employee retention program); In re Digital Domain Media

Grp., Inc., Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012) [Docket No. 318] (authorizing debtors to file under seal information related to debtors' key employee incentive plan); In re Nortel Networks Inc., Case No. 09-10138 (KG) (Bankr. D. Del. Aug. 27, 2012) [Docket No. 8327] (authorizing debtors to file under seal information related to debtors' retired and long-term disabled employees); In re Ritz Camera & Image, LLC, Case No. 12-11868 (KG) (Bankr. D. Del. Aug. 27, 2012) [Docket No. 368] (authorizing debtors to file under seal information related to debtors' employee incentive plan); In re WP Steel Venture LLC, Case No. 12-11661 (KJC) (Bankr. D. Del. July 18, 2012) [Docket No. 626] (authorizing debtors to file under seal information related to debtors' management incentive program); In re Blitz U.S.A., Inc., Case No. 11-13603 (PJW) (Bankr. D. Del. June 26, 2012) [Docket No. 550] (authorizing debtors to file under seal information related to debtors' employee bonus plan). Accordingly, based on the foregoing facts and authorities, the Debtors respectfully submit that the relief requested in this Motion to Seal should be granted.

**NOTICE**

17.    Notice of this Motion to Seal will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002. Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief set forth herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       November 10, 2015

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*