## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x

In re:

QUIKSILVER, INC., *et al.*,[1]

                        Debtors.

---------------------------------------------------------------- x

:     Chapter 11

:     Case No. 15-11880 (BLS)

:     Jointly Administered

**ORDER (I) AUTHORIZING THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL*.**
**TO RETAIN AND EMPLOY PJT PARTNERS INC. AS ITS**
**INVESTMENT BANKER, *NUNC PRO TUNC* TO SEPTEMBER 29, 2015**
**AND (II) WAIVING CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2**

Upon the application dated October 27, 2015 (the "Application") of the Official

Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc., *et al.* (collectively, the

"Debtors") for an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure

for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for

entry of an order, (a) authorizing the Committee to retain and employ PJT Partners Inc. ("PJT")

as investment banker, *nunc pro tunc* to September 29, 2015, pursuant to that certain engagement

letter attached to the Application as Exhibit B (the "Engagement Letter") and (b) waiving certain

of the information requirements of Local Rule 2016-2, and upon the declaration of Michael J.

Genereux, a Partner in the Restructuring and Special Situations Group at PJT (the "Genereux

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Declaration"), dated October 27, 2015 (the "<u>Genereux Declaration</u>"), and upon the Declaration

of Annah Kim-Rosen, dated October 27, 2015 (the "<u>Kim-Rosen Declaration</u>" and with the

Genereux Declaration, the "<u>Declarations</u>"), and the Court finding, based on the representations

made in the Application and the Declarations, that PJT does not represent any interest adverse to

the Committee and/or the Debtors' estates with respect to the matters upon which it is to be

engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section

101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and

in the best interests of the Committee and the Debtors' estates; and finding that adequate notice

of the Application having been given; and it appearing that no other notice need be given; and

after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The relief requested in the Application is granted as set forth herein.

2.      The Committee is authorized to retain and employ PJT as investment banker in

these chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the

Engagement Letter, *nunc pro tunc* to September 29, 2015.

3.      Except to the extent set forth herein, the Engagement Letter, including, without

limitation, the Fee and Expense Structure, is approved pursuant to Bankruptcy Code section

328(a), and the Debtors are authorized to pay, reimburse and indemnify PJT in accordance with

the terms and conditions of, and at the times specified in, the Engagement Letter.

4.      PJT shall file applications for interim and final allowance of compensation and

reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330

and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and

procedures of this Court; *provided*, *however*, that notwithstanding anything to the contrary in the

Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, Local Rule 2014-1, and

any other applicable orders or procedures of the Court, PJT's professionals shall be required only to keep reasonably detailed summary time records in one-half hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed and shall not be required to keep time records on a project category basis.

5.      The fees and expenses payable to PJT pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in Bankruptcy Code section 328(a) and shall not be subject to the standard of review set forth in Bankruptcy Code section 330, except by the U.S. Trustee, who, for the avoidance of doubt, shall have the right to object to PJT's requests for payment of fees and expenses based on the reasonableness standard in Bankruptcy Code section 330.  This order and the records relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of PJT's compensation and expense reimbursements under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this order or on the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of PJT's compensation.

6.      The indemnification, contribution and reimbursement provisions in and attached to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

> a.      subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify the indemnified persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; *provided, however*, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided pursuant to the Engagement Letter, unless such services

3

and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b.     notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Committee alleges breach of PJT's obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this order;

c.     If, during the pendency of these chapter 11 cases, the indemnification provided pursuant to the Engagement Letter is held unenforceable by reason of the exclusions set forth in paragraph (b) above (*i.e.* gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of PJT's obligations under the Engagement Letter, unless the Court determines that indemnification would be permissible pursuant to the *United Artists* decision), and PJT makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on PJT's contribution obligations set forth in the first sentence of the second paragraph of the indemnity provisions attached to the Engagement Letter shall not apply; and

d.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PJT believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, PJT must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; *provided*, *however*, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify PJT.  All parties in interest shall retain the right to

4

object to any demand for indemnification, contribution or reimbursement during these chapter 11 cases.

7.    PJT shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

8.    To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this order, the terms of this order shall govern.

9.    The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

10.    The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

11.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2015
Wilmington, Delaware

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE