**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x

In re:                                                                    :        Chapter 11

                                                                             :
QUIKSILVER, INC., *et al.*,[1]                              :        Case No. 15-11880 (BLS)

                                                                             :
                              Debtors.                          :        Jointly Administered

                                                                             :
                                                                             :        Related Docket No. 368, 437
------------------------------------------------------------------ x

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF QUIKSILVER, INC., *ET AL*. TO RETAIN AND EMPLOY AKIN GUMP STRAUSS
HAUER & FELD LLP AS CO-COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 28, 2015**

Upon the application dated October 27, 2015 (the "Application") of the Official

Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc., *et al.* (collectively, the

"Debtors") for an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure

for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for

entry of an order, authorizing the Committee to retain and employ Akin Gump Strauss Hauer &

Feld LLP ("Akin Gump") as its co-counsel in connection with the Debtors' chapter 11 cases,

*nunc pro tunc* to September 28, 2015, and upon the declaration of Michael S. Stamer, a member

of Akin Gump, dated October 27, 2015 (the "Stamer Declaration") and the declaration of Ronald

Tucker, dated October 27, 2015 (the "Tucker Declaration" and, together with the Stamer

Declaration, the "Declarations"); and it appearing that the attorneys of Akin Gump who will

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors'
corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

perform services on behalf of the Committee in these chapter 11 cases are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application and the Declarations, that Akin Gump does not represent any interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and in the best interests of the Committee and the Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code section 1103(a) and Bankruptcy Rule 2014(a), the Committee is hereby authorized and empowered to retain and employ Akin Gump as its co-counsel, *nunc pro tunc* to September 28, 2015, to represent it in these cases under chapter 11 of the Bankruptcy Code on the terms set forth in the Application and the Declarations.

3.      Akin Gump shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

4.      The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

5.      The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

6.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this order.

Dated: _11 – 13_ , 2015
Wilmington, Delaware

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE