IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :    Chapter 11

In re:                    :

                         :    Case No. 15-11880 (BLS)

QUIKSILVER, INC., *et al.*,     :

                         :    Jointly Administered

               Debtors.[1]     :

                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket Nos. 343**

**CERTIFICATION OF COUNSEL TO DEBTORS' APPLICATION FOR ENTRY OF
ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A),
BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL BANKRUPTCY RULES 2014-
1 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ICR, LLC
AS CORPORATE COMMUNICATIONS AND PUBLIC RELATIONS CONSULTANTS
TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

        Except as discussed below, the undersigned hereby certifies that he is aware of no

formal or informal objection or response to the Debtors' Application For Entry Of Order

Pursuant To Bankruptcy Code Sections 327(a) And 328(a), Bankruptcy Rules 2014(a) And 2016,

And Local Bankruptcy Rules 2014-1 And 2016 Authorizing The Employment And Retention Of

ICR, LLC As Corporate Communications And Public Relations Consultants To The Debtors

*Nunc Pro Tunc* To The Petition Date (Docket No. 343) (the "Application"), filed by the debtors

and debtors-in-possession in the above-captioned jointly administered bankruptcy cases

(collectively, the "Debtors") on October 22, 2015.  He has reviewed the Court's docket and no

objection to the Application appears thereon.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors'
corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

The notice of the Application established November 10, 2015 at 4:00 p.m. (Eastern) as the deadline (the "Objection Deadline") for receipt of objections to the Application. The Office of the United States Trustee has provided informal comments to the proposed Order which have been incorporated into the revised proposed Order attached as Exhibit 1 hereto.

The undersigned further certifies that counsel for the Debtors has communicated with a representative from the Office of the United States Trustee and such representative has approved the proposed Order as revised. For the Court's convenience, a redline showing changes to the proposed Order filed with the Application is annexed as Exhibit 2.

Accordingly, it is respectfully requested that the Court enter the proposed form of order, attached hereto as Exhibit 1.

Dated:    Wilmington, Delaware
          November 13, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Van C. Durrer, II
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi, Esq. (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**EXHIBIT 1**
**<u>Proposed Order</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:    Chapter 11
    :
In re:    :
    :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,    :
    :    Jointly Administered
Debtors.[1]    :
    :
    :    **Related Docket No.  343**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF ORDER
PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY
RULES 2014(a) AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016
AUTHORIZING THE EMPLOYMENT AND RETENTION OF ICR, LLC AS
CORPORATE COMMUNICATIONS AND PUBLIC RELATIONS CONSULTANTS TO
THE <u>DEBTORS NUNC PRO TUNC TO THE PETITION DATE</u>**

Upon the application (the "<u>Application</u>")[2] of the above-captioned debtors and

debtors in possession (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), for an order pursuant to

11 U.S.C. §§ 327(a) and 328(a), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure, under 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014 and 2016, (a)

authorizing the employment and retention of ICR, LLC ("<u>ICR</u>") as corporate communications

consultants in these Chapter 11 Cases effective as of the date of the filing of these bankruptcy

cases; and upon the Declaration of Anton Nicholas in support of the Application (the "<u>Nicholas</u>

<u>Declaration</u>"); and the Court having reviewed the Application and the Nicholas Declaration, and

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors'
corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the
Application.

determined that the relief requested in the Application is in the best interests of the Debtors, their

estates, their creditors and other parties in interest; and it appearing that notice of the Application

was good and sufficient under the particular circumstances and that no other or further notice

need be given; and upon the record herein; and after due deliberation thereon; and good and

sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Application is GRANTED as provided herein, *nunc pro tunc* to the

Petition Date.

2.      Pursuant to section 327(a) and 328(a) of the Bankruptcy Code, the Debtors

are authorized to employ and retain ICR as its corporate communications and public relations

consultants effective as of the Petition Date, pursuant to the terms and conditions of the

Engagement Agreement, and to pay fees to ICR on the terms and at the times specified in the

Engagement Agreement.

3.      ICR shall be compensated in accordance with the procedures set forth in

sections 330 and 331 of the Bankruptcy Code and such Federal Rules of Bankruptcy Procedure

and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware

as may then be applicable, from time to time, and such procedures as may be fixed by order of

this Court.

4.      Notwithstanding anything to the contrary in the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court, or any guidelines regarding

submission and approval of fee applications, ICR and its professionals shall be required only to

maintain reasonably detailed time records for Services rendered for the Debtors in one-quarter

hour increments.  ICR shall include in its fee applications time records setting forth, in summary

2

format and by project category, a description of the Services rendered by each professional and the amount of time spent on each date (in one-quarter hour increments) by each such individual rendering Services on behalf of the Debtors.  ICR shall be excused from keeping time in one-tenth hour increments.

5.    ICR is granted a waiver, pursuant to Local Bankruptcy Rule 2016-2(h), of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d) to the extent set forth in paragraph 4 of this Order.

6.    All terms of the Engagement Agreement, including those relating to contractual limitation of liability, including, but not limited to, indemnification of ICR are hereby approved.

7.    Notwithstanding anything to the contrary in paragraph 6 of this Order, if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become final and no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, ICR believes that it is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, ICR must file an application before this Court, and the Debtors may not pay any such amounts to ICR before the entry of an order by this Court approving the payment.  For the avoidance of doubt, this paragraph 7 is intended only to specify the period of time under which this Court shall have jurisdiction over any request for payment by ICR for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify ICR under the Engagement Agreement.  All parties in

3

interest shall retain the right, if any, to object to any demand by ICR for indemnification, contribution, or reimbursement.

        8.     The Debtors and ICR are authorized to take all actions necessary to effectuate the relief granted pursuant to the Order.

        9.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the Order shall be immediately effective and enforceable upon its entry.

        10.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

        11.    To the extent that the Order is inconsistent with the Engagement Agreement, the terms of the Order shall govern.

        12.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

        13.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Wilmington, Delaware
              _____, 2015

                                _____
                                HONORABLE BRENDAN L. SHANNON
                                CHIEF UNITED STATES BANKRUPTCY JUDGE

4

**EXHIBIT 2**
**Redline Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                             :   Chapter 11
                                                       :
In re:                                                 :   Case No. 15-11880 (BLS)
                                                       :
QUIKSILVER, INC., *et al.*,                            :   Jointly Administered
                                                       :
                              Debtors.[1]              :
                                                       :   **Related Docket No. __**
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

**ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF ORDER
PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a),
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL BANKRUPTCY RULES
2014-1 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ICR,
LLC AS CORPORATE COMMUNICATIONS AND PUBLIC RELATIONS
CONSULTANTS TO THE <u>DEBTORS NUNC PRO TUNC TO THE PETITION DATE</u>**

Upon the application (the "<u>Application</u>")[2] of the above-captioned debtors and

debtors in possession (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), for an order pursuant

to 11 U.S.C. §§ 327(a) and 328(a), and Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure, under 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014 and

2016, (a) authorizing the employment and retention of ICR, LLC ("<u>ICR</u>") as corporate

communications consultants in these Chapter 11 Cases effective as of the date of the filing of

these bankruptcy cases; and upon the Declaration of Anton Nicholas in support of the

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]   Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

Redline Quiksilver - Stand-Alone ICR Retention Order 759104v1 and Quiksilver - Stand-Alone
ICR Retention Order 759104v2 11/9/2015 7:41:21 AM

Application (the "Nicholas Declaration"); and the Court having reviewed the Application and the Nicholas Declaration, and determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Application is GRANTED as provided herein, *nunc pro tunc* to the Petition Date.

2.      Pursuant to section 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain ICR as its corporate communications and public relations consultants effective as of the Petition Date, pursuant to the terms and conditions of the Engagement Agreement, and to pay fees to ICR on the terms and at the times specified in the Engagement Agreement.

3.      ICR shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court, or any guidelines

2

regarding submission and approval of fee applications, ICR and its professionals shall be required only to maintain reasonably detailed time records for Services rendered for the Debtors in one-quarter hour increments.  ICR shall include in its fee applications time records setting forth, in summary format and by project category, a description of the Services rendered by each professional and the amount of time spent on each date (in one-quarter hour increments) by each such individual rendering Services on behalf of the Debtors.  ICR shall be excused from keeping time in one-tenth hour increments.

5.    ICR is granted a waiver, pursuant to Local Bankruptcy Rule 2016-2(h), of the information requirements relating to compensation requests set forth in Local Bankruptcy Rule 2016-2(d) to the extent set forth in paragraph 4 of this Order.

6.    All terms of the Engagement Agreement, including those relating to contractual limitation of liability, including, but not limited to, indemnification of ICR are hereby approved.

7.    Notwithstanding anything to the contrary in paragraph 6 of this Order, if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become final and no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, ICR believes that it is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, ICR must file an application before this Court, and the Debtors may not pay any such amounts to ICR before the entry of an order by this Court approving the payment.  For the avoidance of doubt, this paragraph 7 is intended only to

Redline Quiksilver - Stand-Alone ICR Retention Order 759104v1 and Quiksilver - Stand-Alone ICR Retention Order 759104v2 11/9/2015 7:41:21 AM

specify the period of time under which this Court shall have jurisdiction over any request for payment by ICR for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify ICR under the Engagement Agreement.  All parties in interest shall retain the right, if any, to object to any demand by ICR for indemnification, contribution, or reimbursement.

7~~8~~.	The Debtors and ICR are authorized to take all actions necessary to effectuate the relief granted pursuant to the Order.

8~~9~~.	Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the Order shall be immediately effective and enforceable upon its entry.

9~~10~~.	The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

10~~11~~.	To the extent that the Order is inconsistent with the Engagement Agreement, the terms of the Order shall govern.

11~~12~~.	The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12~~13~~.	This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Wilmington, Delaware
_____, 2015

4

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

757519.01J-LACSR01A   MSW
Redline Quiksilver - Stand-Alone ICR Retention Order 759104v1 and Quiksilver - Stand-Alone
ICR Retention Order 759104v2 11/9/2015 7:41:21 AM

| Summary report: Litéra® Change-Pro TDC 7.5.0.155 Document comparison done on 11/9/2015 7:41:21 AM | |
|---|---|
| **Style name:** Option 3a Strikethrough Double Score No Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**dm://LACSR01A/759104/1 | |
| **Modified DMS:** dm://LACSR01A/759104/2 | |
| **Changes:** | |
| Add | 8 |
| Delete | 7 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 15 |