IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUIKSILVER, INC. *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 392** |

**CISCO BROS. CORP.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO THE DEBTORS' NOTICE OF REJECTION OF EXECUTORY CONTRACT AND/OR UNEXPIRED LEASE [DOCKET NO. 392]**

Cisco Bros. Corp. ("Cisco") is party to a sub-sublease agreement regarding real property located at 8025 Melrose Avenue, Los Angeles, California (the "Melrose Property") with debtor QS Retail, Inc. ("QS Retail" and, collectively with the above-captioned debtors, the "Debtors"). Cisco hereby files this limited objection and reservation of rights (the "Limited Objection") in response to the *Notice of Rejection of Executory Contract and/or Unexpired Lease* (the "Notice of Rejection") [Docket No. 392] filed by the Debtors on October 30, 2015. By their Notice of Rejection, the Debtors seek to reject both a sublease and a sub-sublease with regard to the Melrose Property.

**The Lease Arrangement**

The lease arrangement of the Melrose Property involves four parties. The landlord, VZW LA Acquisition Group, LLC ("VZW"), leased the Melrose Property to Prada USA Corp. ("Prada") pursuant to a master lease (the "Master Lease"). Prada subleased the Melrose Property

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

to QS Retail pursuant to a master sublease (the "Master Sublease"). A copy of the Master Sublease is attached hereto as <u>Exhibit A</u>, and it contains a copy of the Master Lease. QS Retail sub-subleased the Melrose Property to Cisco pursuant to a sub-sublease (the "Sub-Sublease"). A copy of the Sub-Sublease is attached hereto as <u>Exhibit B</u>. With regard to the Sub-Sublease, VZW and Prada entered into a consent to sublease agreement (the "Consent to Sub-Sublease Agreement") pursuant to which VZW and Prada consented to the Sub-Sublease between QS Retail and Cisco. A copy of the Consent to Sub-Sublease Agreement is attached hereto as <u>Exhibit C</u>. Cisco is presently in possession of the Melrose Property.

For ease of understanding, the lease arrangement for the Melrose Property is represented graphically as follows:



**VZW LA Acquisition Group, LLC**
I
(Master Lease)
I
**Prada USA Corp.**
I
(Master Sublease)
I
**QS Retail (one of the Debtors in this bankruptcy case)**
I
(Sub-Sublease, consented to by VZW and Prada
pursuant to the Consent to Sub-Sublease Agreement)
I
**Cisco**

By the Notice of Rejection, the Debtors seek to reject both the Master Sublease between Prada and QS Retail and the Sub-Sublease between QS Retail and Cisco. *See* Exhibit 1 to the Notice of Rejection.

**Cisco Has Rights Under Section 365(h), the Sublease, and the Sub-Sublease**

Cisco's Limited Objection is primarily concerned with the rejection of the Sub-Sublease between QS Retail and Cisco. If the Debtors are allowed to reject this Sub-Sublease, then such a rejection would be a breach but not a termination of the Sub-Sublease, and Cisco "can pursue

any and all of its remedies under non-bankruptcy law." *CASC Corp. v. Milner (In re Locke)*, 180 B.R. 245 (Bankr. C.D. Cal. 1995); *accord Tebo v. Elephant Bar Restaurant, Inc. (In re Elephant Bar Rest., Inc.)*, 195 B.R. 353, 356-57 (Bankr. W.D. Pa. 1996). In the event that the Debtors are allowed to reject the Sub-Sublease, then pursuant to section 365(h) of the Bankruptcy Code, Cisco would have the option of either treating the sub-sublease as terminated or retaining its rights, including its right to possession, under the Sub-Sublease. 11 U.S.C. § 365(h)(1)(A)(i)-(ii).

The case of *Elephant Bar Restaurant* is instructive. In that case, the debtor had leased property from a landlord and then had subsequently subleased the property to a subtenant (i.e., the debtor was in the middle position, with a lease above it and a sublease below it). *In re Elephant Bar Rest., Inc.*, 195 B.R. at 356-57. After the debtor entered bankruptcy, both the lease and the sublease were rejected. *Id*. at 357. As the court in *Elephant Bar Restaurant* stated, a debtor's subtenant "retains possessory rights in the premises to the extent that its sublease is recognized under [applicable] state law notwithstanding that the lessee/sublessor (ie., the debtor) retains no further right to possess such premises." *Id*.

Here, in addition to its rights under section 365(h), Cisco has rights under the Sub-Sublease between QS Retail and Cisco, and by filing this Limited Objection, Cisco seeks to preserve and reserve those rights should Cisco elect to remain in possession of the Melrose Property. Such rights include, but are not limited to rights granted pursuant to the following text in the Sub-Sublease:

> So long as Sub-Subtenant [Cisco] is not in default (which default is of a material term, continuing beyond any applicable cure period) under this Sub-Sublease, Sub-Sublandlord [QS Retail] shall not enter into an agreement with Sublandlord [Prada] to terminate (or amend the Sublease to Sub-Subtenant's [Cisco's] detriment) the Master Sublease and/or take any action that would result in the

> termination (or amendment to Sub-Subtenant's [Cisco's] detriment) of the Master Sublease (except a termination contemplated under the Master Sublease following a casualty or condemnation) without the prior written consent of Sub-Subtenant [Cisco].

Sub-Sublease at page 8. A copy of the Sub-Sublease is attached hereto as <u>Exhibit B</u>.

In addition, Cisco's Limited Objection also relates to the rejection of the Master Sublease between Prada and QS Retail Cisco. With respect to a nondebtor third party, when a lease is rejected, third party rights therein are governed by the lease and applicable nonbankruptcy law. *In re Elephant Bar Rest.*, 195 B.R. at 356-57. If the Court approves the rejection of the Master Sublease between Prada and QS Retail, Cisco retains any rights that it obtained with regard to that Master Sublease agreement should Cisco elect to remain in possession of the Melrose Property. *Id*.

It is not clear however that the bankruptcy court is the optimal forum for a determination of such rights, and the court in *Elephant Bar Restaurant*, after determining that the subtenant in that case may have had rights due to both the leases above and below the debtor, ultimately chose to abstain from ruling on the state law lease issues. *Id*. at 357-58.

**<u>Additional Reservation of Rights</u>**

Cisco also reserves its rights to recover its security deposit, if any, and to recover other damages, if any, and nothing in this Limited Objection is intended to waive such rights.

**<u>Conclusion and Prayer</u>**

Cisco seeks to preserve and reserve its rights under section 365(h), including Cisco's right to possession, and Cisco also seeks to preserve and reserve any and all rights it may have

under the Master Sublease between Prada and QS Retail, and under the Sub-Sublease between QS Retail and Cisco, should Cisco elect to remain in possession of the Melrose Property.

Cisco also reserves its rights to recover its security deposit, if any, and to recover other damages, if any.

WHEREFORE, Cisco respectfully requests that any order regarding the rejection of the Master Sublease and/or Sub-Sublease of the Melrose Property include a provision stating that Cisco retains its rights pursuant to section 365(h) and pursuant to the Master Sublease and Sub-Sublease, should Cisco elect to remain in possession of the Melrose Property, as well as its rights to recover its security deposit, if any, and other damages, if any.

Dated:  November 13, 2015  
Wilmington, Delaware

COLE SCHOTZ, P.C.

*/s/  Patrick J. Reilley*  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone:    (302) 651-2004  
Facsimile:    (302) 574-2104  

*Counsel to Cisco Bros. Corp.*