# EXHIBIT C

VZW LA ACQUISITION GROUP, LLC
c/o Ashkenazy Acquisition Corp.
150 East 58th Street, 39th Floor
New York, New York 10155

PRADA USA Corp.
610 West 52nd Street
New York, New York 10019

January 24, 2013

QS Retail, Inc.
15202 Graham Street
Huntington Beach, California 92649

   Re: Consent to sub-subletting pursuant to Sub-Sublease Agreement, dated as of an unspecified date in December, 2012 between QS Retail, Inc. ("Subtenant") and Cisco Bros. Corp. ("Sub-Subtenant")

Gentlemen:

   VZW LA Acquisition Group, LLC ("Landlord") and PRADA USA Corp. ("Sublandlord") hereby consent to the sub-subletting by Subtenant to Sub-Subtenant pursuant to that certain Sub-Sublease Agreement, dated as of January 14, 2013 (the "Sub-Sublease"), between Subtenant and Sub-Subtenant, a true copy of which has been submitted to Landlord and Sublandlord, covering the space ("Space") described in the Sub-Sublease, on the land and building known as and located at 8025 Melrose Avenue, Los Angeles, California, which Space is the premises now leased by Landlord to Sublandlord by Lease, dated as of June 10, 2004 between Red Sail Real Estate Los Angeles Inc. (Landlord's predecessor) and Sublandlord, as previously or hereafter amended (the "Master Lease") and subleased by Sublandlord to Subtenant by Sublease, dated June 4, 2007, between Sublandlord and Subtenant, as previously or hereafter amended (the "Sublease"), such consent being subject to and upon the following terms and conditions:

   1. Nothing herein contained shall be construed to modify, waive, impair or affect any of the provisions, covenants, agreements, terms or conditions of the Master Lease or the Sublease, or to waive any breach thereof, or any rights of Landlord or Sublandlord against any person, firm, association or corporation liable or responsible for the performance thereof, or to enlarge or increase Landlord's obligations or Sublandlord's rights under the Master Lease or Sublandlord's obligations or Subtenant's rights under the Sublease, and all provisions, covenants, agreements, terms and conditions of the Master Lease and Sublease are hereby mutually declared to be in full force and effect.

2. Sublandlord shall be and remain liable and responsible for the due keeping, performance and observance of all the provisions, covenants, agreements, terms and conditions set forth in the Master Lease on the part of Sublandlord to be kept, performed and observed. Subtenant shall be and remain liable and responsible for the due keeping, performance and observance of all the provisions, covenants, agreements, terms and conditions set forth in the Sublease on the part of Subtenant to be kept, performed and observed.

3. The Sub-Sublease (and all amendments, modifications and extensions thereof) shall be subject and subordinate at all times to the Master Lease and the Sublease, and to all of the provisions, covenants, agreements, terms and conditions of the Master Lease and the Sublease.

4. If Sublandlord shall recover or come into possession of the Space before the expiration of the Sublease, Sublandlord shall have the right, at its election, to take over the Sub-Sublease and to have it become a direct lease with Sublandlord in which case Sublandlord shall succeed to all the rights of Subtenant thereunder. The Sub-Sublease shall be subject to the condition that, notwithstanding anything to the contrary in the Sub-Sublease, from and after the termination of the Sublease, Sub-Subtenant shall waive any right to surrender possession or to terminate the Sub-Sublease and, at Sublandlord's election, Sub-Subtenant shall be bound to Sublandlord for the balance of the term thereof and shall att orn to and recognize Sublandlord, as its Sublandlord, under all of the then executory terms of the Sub-Sublease, except that Sublandlord shall not (i) be liable for any previous act, omission or negligence of Subtenant under the Sub-Sublease, (ii) be subject to any counterclaim, defense or offset not expressly provided for in the Sub-Sublease, which theretofore accrued to Sub-Subtenant, (iii) be bound by any modification or amendment of the Sub-Sublease or by any prepayment of more than one month's rent and additional rent which shall be payable as provided in the Sub-Sublease, unless such modification or prepayment shall have been approved in writing by Sublandlord and Landlord, or (iv) be obligated to perform any repairs or other work in the Spaces beyond Sublandlord's obligations under the Sublease. Sub-Subtenant shall execute and deliver to Sublandlord any instruments Sublandlord may reasonably request to evidence and confirm such attornment. Sub-Subtenant shall be deemed to have given a waiver of subrogation of the type provided for in the Sublease or Master Lease.

5. Nothing herein contained shall be construed as a consent to, or approval or ratification by Landlord or Sublandlord of, any of the particular provisions of the Sub-Sublease or as a representation or warranty by Landlord or Sublandlord. Neither Landlord nor Sublandlord shall not be bound or estopped in any way by the provisions of the Sub-Sublease, nor shall Sub-Subtenant have any direct action or rights against Landlord or Sublandlord pursuant to the Master Lease or Sublease, respectively. This consent shall be of no force or effect until Subtenant shall have paid Sublandlord's attorneys' fees in connection herewith.

6. This consent shall not be construed as a consent by Landlord or Sublandlord to, or as permitting, any other or further licensing or subletting by Subtenant

or Sub-Subtenant, or any amendment of the Sub-Sublease, except as specifically provided in the Master Lease and the Sublease.

7. Subtenant agrees that it shall pay any brokerage commissions payable in connection with the Sub-Sublease and neither Landlord nor Sublandlord shall have any responsibility with respect thereto. Subtenant agrees to indemnify and hold harmless Landlord and Sublandlord against and from any claims for any such brokerage commissions and all costs, expenses and liabilities in connection therewith, including, without limitation, attorneys' fees and expenses. The provisions of this paragraph shall survive the expiration or sooner termination of the Master Lease and the Sublease.

8. Sublandlord hereby certifies to Landlord that (a) the Master Lease is in full force and effect and has not been modified or amended, (b) Landlord is not now in default under the Master Lease, and has completed all improvements and made all contributions (if any) required of Landlord under the Master Lease and Sublandlord knows of no event which, with notice or the passage of time or both would constitute such a default, and (c) Sublandlord has made no demand with respect to charges, liens, defenses, counterclaims, offsets, claims, or credits against the payment of rent or additional rent or the performance of Landlord's obligations under the Master Lease. Subtenant hereby certifies that (a) the Sublease is in full force and effect and has not been modified or amended, (b) Sublandlord is not now in default under the Sublease, and has completed all improvements and made all contributions (if any) required of Sublandlord under the Sublease and Subtenant knows of no event which, with notice or the passage of time or both would constitute such a default, and (c) Subtenant has made no demand with respect to charges, liens, defenses, counterclaims, offsets, claims, or credits against the payment of rent or additional rent or the performance of Subtenant's obligations under the Sublease.

9. Landlord and Sublandlord hereby consent to the proposed alterations to the Space more particularly shown on Exhibit A annexed hereto; provided, however, that such alterations are otherwise performed in compliance with the terms and conditions of the Master Lease and the Sublease and otherwise in compliance with all legal requirements. Sub-Subtenant shall indemnify, defend and hold Landlord and Sublandlord harmless from and against any and all claims, damages, costs and expenses arising from any such alterations. Subtenant and Sub-Subtenant shall have no obligation to remove any alterations to the Premises except as otherwise may be required by Section 7.5 of the Master Lease.

Kindly indicate your acceptance of our consent on the foregoing terms and conditions by signing a copy hereof and returning the same to the undersigned. This

Kindly indicate your acceptance of our consent on the foregoing terms and conditions by signing a copy hereof and returning the same to the undersigned. This Consent may be executed in counterparts and delivered by pdf transmission.

VZW LA Acquisition Group, LLC

By: _____
Name: Alexander Levine
Title: Authorized Signatory

PRADA USA Corp.

By: _____
Name: Ruggero Caterini
Title: Chief Operating Officer

VZW LA Acquisition Group, LLC

By: _____

Name: _____

Title: _____

PRADA USA Corp.

By: _____

Name: _____

Title: _____

Accepted and Agreed to:

QS RETAIL, INC.

By: *Brad L. Holman* (signature)

Name: Brad L. Holman

Title: CFO - Quiksilver Americas

CISCO BROS. CORP.

By: *Terry Shope* (signature)

Name: Terry Shope

Title: President

Quiksilver, Inc. hereby ratifies and confirms the terms of that certain Guaranty of Performance and Obligations, and agrees that such Guaranty remains in full force and effect with respect to the Sublease.

Quiksilver, Inc.

By: *[signature]*
Name: Brad L. Holman
Title: CFO - Quiksilver Americas

Exhibit A

[attached]

