IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:
In re:                              :   Chapter 11
                                    :
QUIKSILVER, INC., et al.,           :   Case No. 15-11880 (BLS)
                                    :
            Debtors.[1]             :   Jointly Administered
                                    :
------------------------------------x   Related Docket Nos. 27, 88, 195, 217, 222, 441

### FIRST OMNIBUS ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULES 6006 AND 9014 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order"), pursuant to Bankruptcy Code sections 105 and 365 and Bankruptcy Rules 6006 and 9014, authorizing the Debtors to reject, effective as of the date of the filing of the Motion, the Contracts set forth on Exhibit A to the Motion; and upon consideration of the First Day Declaration; and the Objection ("Objection") filed by by Nicholas Drake on behalf of himself and all other similarly situated to the Motion, and all papers filed in support of the Objection; and the joinder to the Objection filed by Stephen Finney, Kasey Mazzone, Lance Stern, Liam Devoy, Viki Love, John Graham, Brad Holman, Robert Oberschelp, Steve Swokowski, Darren Lott, Thomas Webster, Thomas Hartge, Alan Vickers, Kelly Ketner, Scott Fullerton, Kelley C. Graham, Andy Mooney, Roberta Turchi, and Joe O'Neil (together with Nicholas Drake the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

"Objecting Parties"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED in part as set forth herein.

2. In accordance with Bankruptcy Code section 365, the Contracts identified on Exhibit A to the Motion are deemed rejected effective as of the date of the filing of the Motion (the "Rejection Date"), which is the Petition Date, solely to the extent that the Contracts are later determined to be executory within the meaning of the Bankruptcy Code and applicable law. The Court makes no finding herein as to whether the Contracts are "executory". For the avoidance of doubt, to the extent this Court makes a finding, in connection with the claims allowance or adjudication process, that certain of the Contracts are not "executory", then such Contracts (a) shall not be rejected, and (b) shall not be subject to the terms of this Order.

3. Any counterparty asserting a claim for damages relating to the rejection of the Contracts or any claim on account of the Contracts or the employment relationship with Debtor, shall file a proof of claim for rejection damages or motion for administrative claim by the later of (a) sixty (60) days following the entry of this Order or (b) the applicable bar date established by the Court in the Debtors' Chapter 11 Cases.

4. The Debtors reserve their rights to assume, assign or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights. The Objecting Parties reserve their right to object to any such request.

5. The Court makes no determination as to the priority or status of any claim the Objecting Parties may assert. The Objecting Parties reserve their right to file an administrative claim or priority claim for all amounts owing pursuant to the Contracts and based on their employment relationship with the Debtor.

6. The Debtors reserve their rights to challenge any alleged administrative or other claim on any ground that applicable nonbankruptcy law and/or the Bankruptcy Code provide, including, but not limited to, the right to challenge any amount or administrative priority of any claim relating to the Contracts.

7. The Debtors reserve the right to enforce their remaining rights, if any, under the Contracts pursuant to applicable state law.

8. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

Nov 15, 2015

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE