IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
QUIKSILVER, INC., et al.,       :   Case No. 15-11880 (BLS)
                                :
                     Debtors.[1] :   Jointly Administered
                                :
                                :   Related Docket No. 341, 448
------------------------------- x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a),
BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1
AND 2016-2(h) (I) AUTHORIZING EMPLOYMENT AND RETENTION OF A&G
REALTY PARTNERS, LLC AS THEIR REAL ESTATE ADVISOR, *NUNC PRO TUNC*
TO THE PETITION DATE, (II) WAIVING CERTAIN INFORMATION
REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2016-2(d),
AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") (i) authorizing the Debtors to retain and employ A&G Realty as their real estate advisor, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Services Agreement, (ii) approving the provisions of the Services Agreement, including, but not limited to, the proposed compensation arrangement and its indemnification provisions, (iii) waiving certain information requirements of Local Bankruptcy Rule 2016-2(d), and (iv) granting related relief, all as more fully set forth in the Application; and the Court having reviewed and considered the Application and the Graiser Declaration; and the Court having found based on the representations made in the Application and in the Graiser Declaration that

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application or Services Agreement, as applicable.

(i) A&G Realty does not hold or represent an interest adverse to the Debtors' estates and (ii) A&G Realty is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED, as set forth herein.

2. The Debtors are authorized to retain and employ A&G Realty as their real estate advisor in these Chapter 11 Cases, pursuant to the terms and conditions set forth in the Application and the Services Agreement, *nunc pro tunc* to the Petition Date, and the Debtors are authorized to pay and reimburse A&G Realty in accordance with the terms and conditions, and at the time specified, in the Services Agreement.

3. A&G Realty shall be compensated in accordance with the terms of the Services Agreement. Notwithstanding anything to the contrary herein, the fees and expenses payable to A&G Realty pursuant to the Services Agreement shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the United States Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the United States Trustee to challenge the reasonableness of A&G Realty's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record

shall constitute a finding of fact or conclusion of law binding on the United States Trustee, on appeal or otherwise, with respect to the reasonableness of A&G Realty's compensation.

4. A&G Realty will be compensated one hundred percent (100%) of the amount due upon submission of an acceptable invoice to the Debtors for all Services and expenses incurred in connection with its Services. Upon completion of its work for the Debtors, A&G Realty shall file a final fee application for review by the Court and parties in interest pursuant to section 328(a) of the Bankruptcy Code for all Services.

5. A&G Realty shall submit monthly, interim, and final fee applications for Additional Services provided on an hourly basis only and the time detail provided with such fee applications may be provided in summary fashion. Specifically, A&G Realty will submit time records setting forth the hours spent on each activity and a description of the services provided, but will not break out their time into one-tenth of an hour increments.

6. The indemnification, contribution, and reimbursement provisions included in the Services Agreement are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

(a) A&G Realty and its respective affiliates, officers, directors, employees, agents and independent contractors (collectively, the "Indemnified Parties") shall not be entitled to indemnification, contribution, or reimbursement for services pursuant to the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) The Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of A&G Realty's contractual obligations unless the Court determines

3

      that indemnification, contribution, or reimbursement would be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order;

  (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become final and no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, A&G Realty believes that it is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement, including without limitation the advancement of defense costs, A&G Realty must file an application before this Court, and the Debtors may not pay any such amounts to A&G Realty before the entry of an order by this Court approving the payment. For the avoidance of doubt, this subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for payment by A&G Realty for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&G Realty under the Services Agreement. All parties in interest shall retain the right, if any, to object to any demand by A&G Realty for indemnification, contribution, or reimbursement; and

  (d) Any limitation on liability or any amounts to be contributed by A&G Realty set forth in the Services Agreement, and any indemnification provisions under the terms thereof, shall be eliminated.

7. Except as provided for in Paragraph 6(c) of this Order, A&G Realty's reimbursable counsel fees shall be limited to those incurred in connection with A&G Realty's retention application and the preparation and initial presentation of its fee applications.

8. To the extent there is any inconsistency between the terms of the Application, the Services Agreement, and this Order, the terms of this Order shall govern.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, this Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
Nov. 16, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE