IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re:                        :  Chapter 11
                              :
                              :  Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,   :
                              :  Jointly Administered
        Debtors.[1]           :
                              :
                              :  Related Docket No. 342, 459
------------------------------x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-2 AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS THEIR INDEPENDENT AUDITOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") authorizing the Debtors to retain and employ Deloitte & Touche as their independent auditor, *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, as more fully set forth in the Application; and the Court having reviewed and considered the Application and the Palme Declaration; and the Court having found based on the representations made in the Application and in the Palme Declaration that (i) Deloitte & Touche does not hold or represent any interest adverse to the Debtors' estates and (ii) Deloitte & Touche is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and due and sufficient notice of the Application having been given under the particular circumstances; and it

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application, the Palme Declaration, or the Engagement Letter, as applicable.

appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED, as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-2, the Debtors are authorized to retain and employ Deloitte & Touche, *nunc pro tunc* to the Petition Date, as the Debtors' independent auditor in these Chapter 11 Cases, in accordance with the terms and conditions set forth in the Application, Engagement Letter, and this Order.

3. The Engagement Letter, together with its provisions, including, but not limited to, its dispute resolution procedures, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

4. Deloitte & Touche shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. To the extent there is any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, this Order shall be immediately effective and enforceable upon its entry. To the

extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

7. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
       Nov. 16, 2015

                                    _____
                                    HONORABLE BRENDAN L. SHANNON
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

773649-WILSR01A - MSW