IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------x
: Chapter 11
In re: :
: Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*, :
: Jointly Administered
Debtors.[1] :
:
: Related Docket No. 371, 460
---------------------------------x

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-2 AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS TAX ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO OCTOBER 1, 2015

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") authorizing the Debtors to retain and employ Deloitte Tax LLP ("Deloitte Tax") as their tax advisor *nunc pro tunc* to October 1, 2015, in accordance with the terms and conditions set forth in the Engagement Letters, as more fully set forth in the Application; and the Court having reviewed and considered the Application and the Ecker Declaration; and the Court having found based on the representations made in the Application and in the Ecker Declaration that (i) Deloitte Tax does not hold or represent any interest adverse to the Debtors' estates and (ii) Deloitte Tax is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application, the Ecker Declaration, or the Engagement Letter, as applicable.

or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED, as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-2, the Debtors are authorized to retain and employ Deloitte Tax, *nunc pro tunc* to October 1, 2015, as the Debtors' tax advisor in these Chapter 11 Cases, in accordance with the terms and conditions set forth in the Application, Engagement Letters, and this Order.

3. The Engagement Letters, together with their provisions, including the Fee Structure, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

4. Deloitte Tax shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. The Indemnification Obligations of the Engagement Letters are approved pursuant to section 328(a) of the Bankruptcy Code, subject, with respect to services performed thereunder from the Petition Date through the effective date of any plan of reorganization of the Debtors, to the following:

    (a) Deloitte Tax shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) The Debtors shall have no obligations to indemnify Deloitte Tax, or provide contribution or reimbursement to Deloitte Tax, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Deloitte Tax's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Deloitte Tax's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Deloitte Tax should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letters as modified by this Order;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (and that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, Deloitte Tax believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation the advancement of defense costs, Deloitte Tax must file an application therefor in this Court, and the Debtors may not pay any such amounts to Deloitte Tax before the entry of an order by this Court approving such payments. This subparagraph (iii) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte Tax for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte Tax. All parties in interest shall retain the right to object to any demand by Deloitte Tax for indemnification, contribution or reimbursement; and

(d) Any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Letters under the terms of the Engagement Letters shall be eliminated.

6. The Tax Compliance Engagement Letter shall be deemed modified as follows with respect to services performed thereunder after the Petition Date and through the effective date of any plan of reorganization of the Debtors:

(a) The last sentence of paragraph 5 and all of paragraph 6 of the General Business Terms Appendix to the Tax Compliance Engagement Letter (the "General Business Terms") shall be deemed deleted.

(b) The language in paragraph 10 of the General Business Terms shall be deemed deleted and replaced with the following:

Nothing contained in these terms shall alter in any way the duties imposed by law on Deloitte Tax in respect of the services provided under the engagement letter. It is understood and agreed that Deloitte Tax is an independent contractor and that Deloitte Tax is not, and will not be considered to be, an agent, partner, or representative of the Client. Neither party shall act or represent itself, directly or by implication, in any such capacity or in any manner assume or create an obligation on behalf of, in the name of, the other.

(c) Notwithstanding anything in the Tax Compliance Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with Deloitte Tax's engagement by the Debtors and the Tax Compliance Engagement Letter.

7. To the extent there is any inconsistency between the terms of the Application, the Engagement Letters, and this Order, the terms of this Order shall govern.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, this Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

\_\_\_\_Nov. 16\_\_\_\_, 2015

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE