IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
| |
In re: | Chapter 11
| |
QUIKSILVER, INC., *et al.*, | Case No. 15-11880 (BLS)
| |
| Jointly Administered
Debtors.[1] |
| Related Docket No. 372
------------------------------------x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 6004 (I) AUTHORIZING AND APPROVING THE SALE OF CERTAIN *DE MINIMIS* ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE PURCHASE AGREEMENT; AND (III) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 6004, (i) authorizing the sale (the "Sale") of certain *de minimis* assets solely related to the *Ampla* brand (the "Ampla Assets")[3] on an "as-is, where-is" basis, free and clear of any and all liens, encumbrances, and other interests to ColEx Inc. (the "Buyer"), pursuant to the terms and conditions of that certain Asset Purchase Agreement, dated as of October 26, 2015 (the "Purchase Agreement") by and between Quiksilver, Inc. (the "Seller") and the Buyer, a true and correct copy of which is attached as hereto as Exhibit A, (ii) authorizing and approving the terms of the Purchase Agreement, and (iii) granting certain related

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] As used herein, the Ampla Assets consist of the Purchased Assets enumerated in Section 1.01 of the Purchase Agreement (as defined herein) and sections 1.01(a), 1.01(b), and 1.01(d) of the Disclosure Schedule (as defined in the Purchase Agreement).

relief; and the Court having reviewed the Motion and the Bruenjes Ampla Sale Declaration [Docket No. ___]; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**FOUND AND DETERMINED that:**[4]

A. Consummation of the Sale of the Ampla Assets, and the related relief granted in this Order, is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest. The entry of this Order is an appropriate exercise of the Court's power under or in connection with the Bankruptcy Code, including, but not limited to section 105(a) and 363.

B. The Seller (i) has full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, (ii) has taken all corporate action necessary to authorize and approve the Purchase Agreement and the consummation of the transactions contemplated thereby, and (iii) no consents or approvals, other than the authorization and approval of this Court or those that have previously been obtained, are required for the Seller to consummate such transactions.

C. A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition

---

[4] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002; and (h) K-Swiss Inc., AtakBrand LLC, and Athleticism Inc.

D. The Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to Bankruptcy Code section 363(b) prior to, and outside of, a plan of reorganization. The Debtors are not required to seek or solicit any additional competitive bids.

E. The Purchase Agreement and related documents were negotiated, proposed, and entered into by the Seller and the Buyer without collusion, in good faith, and from arm's-length bargaining positions. The Buyer is not an "insider" of any of the Debtors, as that term is defined in Bankruptcy Code section 101.

F. The Buyer is a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby. The Buyer will be acting in good faith within the meaning of Bankruptcy Code section 363(m) in closing the transaction contemplated by the Purchase Agreement and related documents.

G. The consideration provided by the Buyer for the Ampla Assets pursuant to the Sale contemplated by the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Ampla Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

H. The Debtors are the sole and lawful owners of the Ampla Assets. The transfer of the Ampla Assets to the Buyer under the Purchase Agreement and related documents will be a legal, valid, and effective transfer of the Ampla Assets, and will vest the Buyer with all right, title, and interest of the Seller to the Ampla Assets free and clear of any and all mortgages, pledges, liens, charges, security interests, claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances and interests of any kind or nature whatsoever (collectively, the "Interests"). With respect to each person or entity asserting an Interest in the Ampla Assets, one or more of the standards set forth in section 363(f) have been satisfied. All holders of Interests in the Ampla Assets who did not object to the Motion and the relief requested therein, or who withdrew any objections to the Motion and the relief requested therein, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Interests, if any, attach to the proceeds of the Sale with the same priority, validity, force and effect as they attached to such assets immediately before the closing of the Sale of the Ampla Assets.

I. None of the Debtors, nor the Buyer, have engaged in any conduct that would cause or permit the Purchase Agreement and related documents to be avoided under Bankruptcy Code section 363(n), to the extent applicable. Specifically, neither the Debtors nor the Buyer have acted in a collusive manner with any person, and the Purchase Price was not controlled by any agreement among bidders.

J. The transfer of the Ampla Assets to Buyer will be a legal, valid, and effective transfer of the Ampla Assets, and will vest Buyer with all right, title, and interest of the

Debtors to the Ampla Assets free and clear of any and all mortgages, pledges, liens, charges, security interests, claims, encumbrances, and interests.

    K.    The Plate Invention Assignment Agreement is not an executory contract subject to section 365 of the Bankruptcy Code.

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. Any objections or objections with respect to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby overruled with prejudice.

3. The Purchase Agreement and related documents, and all of the terms and conditions thereof, are hereby approved as of the date hereof in all respects and as to all parties.

4. The Seller is hereby authorized to consummate the terms of the Purchase Agreement. The Seller and its applicable affiliates are hereby authorized to execute any documents and take such actions as may be reasonably necessary to consummate the Purchase Agreement.

5. Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement and related documents, or this Order, pursuant to Bankruptcy Code section 363(f), the Seller's interests in the Ampla Assets shall be transferred to the Buyer pursuant to the Purchase Agreement and, as of the Closing Date, shall be free and clear of all Interests of any kind or nature whatsoever with all such Interests to attach to the net proceeds of the Sale, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of

priority, which such Interests now have against the Ampla Assets, subject to any rights, claims and defenses of Debtors or their estates, as applicable, may possess with respect thereto.

6. The transactions contemplated by the Purchase Agreement and related documents are undertaken by the Buyer in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the Buyer is entitled to all of the protections thereunder and the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale with respect to the Buyer, unless such authorization is duly stayed pending such appeal.

7. This Order shall be binding on and inure to the benefit of the Buyer, their affiliates, successors and assigns, and the Debtors.

8. The consideration provided by the Buyer for the Ampla Assets under the Purchase Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

9. The consideration provided by the Buyer for the Ampla Assets under the Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

10. For the avoidance of doubt, except as otherwise provided in the Purchase Agreement, the Buyer shall purchase the Ampla Assets on an "as-is, where-is" basis, with all faults, and with no representations or warranties, either written or oral, express or implied, from the Seller or its affiliates. Upon Closing, the Buyer shall assume all risks with respect to the Ampla Assets and as set forth in the Purchase Agreement. Upon Closing and except for Seller's obligations under the Purchase Agreement, the Buyer shall forever and fully release the Seller

and its affiliates of any and all claims (as the term is defined in section 101(5) of the Bankruptcy Code) which now exist, may hereinafter exist, or have existed, and are associated with the Ampla Assets, including, without limitation, the condition or location of the Ampla Assets, the enforceability of any rights associated with the Ampla Assets, merchantability, fitness for a particular purpose, or non-infringement.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
       Nov. 16    , 2015

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

1038669-CHISR02A - MSW