**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------- x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*,[1] : Case No. 15-11880 (BLS)
:
                    Debtors. : Jointly Administered
:
: **Hearing Date: TBD**
: **Objection Deadline: December 9, 2015 at 4:00 pm (ET)**
:
------------------------------------------------- x

**SUMMARY COVER SHEET TO THE FIRST MONTHLY APPLICATION OF PEPPER HAMILTON LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL.*, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM SEPTEMBER 28, 2015 THROUGH OCTOBER 31, 2015**

| | |
|---|---|
| Name of Applicant: | Pepper Hamilton LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Quiksilver, Inc., *et al.* |
| Petition Date: | September 9, 2015 |
| Date of Retention: | November 13, 2015 *nunc pro tunc* to September 28, 2015 |
| Period for which compensation and reimbursement are sought: | September 28, 2015 through October 31, 2015 |
| Amount of compensation sought as actual, reasonable, and necessary: | $135,724.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $2,827.40 |

This is a(n):   X  monthly  ____ interim  ____ final application

Pepper Hamilton LLP intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------- x
: 
In re:                                            :   Chapter 11
                                                  :
QUIKSILVER, INC., *et al.*,[1]                    :   Case No. 15-11880 (BLS)
                                                  :
                    Debtors.                      :   Jointly Administered
                                                  :
                                                  :   Hearing Date: TBD
                                                  :   Objection Deadline: December 9, 2015 at 4:00 pm (ET)
                                                  :
------------------------------------------------- x

**FIRST MONTHLY APPLICATION OF PEPPER HAMILTON LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC., *ET AL.*, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM SEPTEMBER 28, 2015 THROUGH OCTOBER 31, 2015**

For its first monthly application (the "Application") for allowance of compensation and reimbursement of expenses for the period from September 28, 2015 through and including October 31, 2015 (the "Fee Period"), Pepper Hamilton LLP ("Pepper Hamilton"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S. C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2. On September 9, 2015 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "Bankruptcy Code").

3. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

4. On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial Committee [Dkt. No. 129].[2] On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 163], appointing two additional creditors to the Committee.[3]

5. On September 28, 2015, pursuant to Bankruptcy Code section 1103(a), the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its lead counsel and Pepper Hamilton to serve as its co-counsel, and on September 29, 2015, selected PJT Partners ("PJT") to serve as its financial advisor.

6. On October 28, 2015, the Court entered an Order Pursuant to Bankruptcy Code Sections 105(a) and 331 Establishing Interim Compensation Procedures [Docket No. 379] (the "Interim Compensation Order").

---

[2] The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

[3] The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund, Inc. and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

**The Committee's Retention of Pepper Hamilton**

7. On November 13, 2015, upon prior application[4] of the Committee, the Court entered an Order Authorizing the Employment and Retention of Pepper Hamilton LLP as Co-Counsel to the Official Committee of Unsecured Creditors of Quiksilver, Inc., *et al.*, *Nunc Pro Tunc* to September 28, 2015 [Docket No. 442] (the "Pepper Retention Order"). A true and correct copy of the Pepper Retention Order is attached hereto as **Exhibit A** and incorporated herein by reference.

8. The Pepper Retention Order authorizes Pepper Hamilton to provide the following services to the Committee consistent with and in furtherance of the services enumerated herein:

    (a) providing legal advice regarding local rules, practices and procedures and providing substantive and strategic advice on how to accomplish Committee goals, bearing in mind that the United States Bankruptcy Court for the District of Delaware relies on Delaware counsel such as Pepper Hamilton to be involved in all aspects of each bankruptcy proceeding;

    (b) preparing, reviewing and/or commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

    (c) appearing in Court hearings and at any meeting with the U.S. Trustee and any meeting of creditors at any given time on behalf of the Committee as their co-counsel;

    (d) performing various services in connection with the administration of these Chapter 11 Cases, including, without limitation, (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and coordinating with Akin Gump on pending matters that need responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other

---

[4] The Committee's Application for Entry of an Order Authorizing the Employment and Retention of Pepper Hamilton LLP as Co-Counsel to the Official Committee of Unsecured Creditors of Quiksilver, Inc., *et al.*, *Nunc Pro Tunc* to September 28, 2015 [Docket No. 370] (the "Retention Application") was supplemented by the Supplemental Declaration of David B. Stratton in Support of the Retention Application [Docket No. 435].

                 matters and the deadlines associated with the same, (iv) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these Chapter 11 Cases and coordinating with Akin Gump on any necessary responses, and (v) providing additional administrative support to Akin Gump, as requested;

        (e)        providing litigation services to the Committee as requested by the Committee or Akin Gump;

        (f)        participating in calls and meetings with the Committee, the Debtors and other interested parties in these Chapter 11 Cases;

        (g)        assisting the Committee as conflicts counsel, should the need arise; and

        (h)        performing all other services assigned by the Committee, in consultation with Akin Gump, to Pepper Hamilton as co-counsel to the Committee.

### Budget and Staffing Plan

9. In accordance with the *U.S. Trustee Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (Appendix B to 28 C.F.R. §58) (the "U.S. Trustee Guidelines"), Pepper Hamilton has prepared a budget for the period from October 1, 2015 through December 31, 2015, a true and correct copy of which is attached hereto as **Exhibit B**, as well as a staffing plan, a true and correct copy of which is attached hereto as **Exhibit C**.

### Additional Disclosures in Accordance with the U.S. Trustee Guidelines

10. In accordance with the U.S. Trustee Guidelines, Pepper Hamilton responds to the questions set forth in Section C.5 of the U.S. Trustee Guidelines as follows:

        (a)        Pepper Hamilton did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Fee Period.

        (b)        None of the professionals included in this Application varied their hourly rate based on the geographic location of the bankruptcy case.

-5-

(c) This Application does not include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

(d) This Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

(e) This Application does not include any rate increases since the retention of Pepper Hamilton.

<strong><u>Previous Compensation and Reimbursement of Expenses</u></strong>

11. As of this date, the Debtors have not paid Pepper Hamilton on account of services rendered and expenses incurred after the Petition Date.

<strong>Fees and Expenses Incurred During Fee Period</strong>

**A.** *Customary Billing Disclosures*

12. Pepper Hamilton's hourly rates are set at a level designed to compensate Pepper Hamilton fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Pepper Hamilton in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Pepper Hamilton for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary of the blended hourly rates for timekeepers who billed to the Committee during the Fee Period and Pepper Hamilton's firm-wide range of billing rates for its various positions.

**B.** *Fees Incurred During Fee Period*

13. Pepper Hamilton has rendered services on behalf of the Committee for the Fee Period totaling 289.20 hours and, in connection therewith, respectfully requests allowance of interim compensation in the sum of $135,724.00.

14. In the ordinary course of Pepper Hamilton's practice, Pepper Hamilton maintains computerized records of the time expended for the professional services performed in connection with these chapter 11 cases on behalf of the Committee. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

    (a) the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

    (b) each attorney's year of bar admission and area of practice concentration;

    (c) the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

    (d) the hourly billing rate for each attorney and each paraprofessional at Pepper Hamilton's current billing rates;

    (e) the hourly billing rate for each attorney and each paraprofessional as disclosed in the first monthly application, if different from Pepper Hamilton's current billing rates;

    (f) the number of rate increases since the inception of the case; and

    (g) calculation of total compensation requested using the rates disclosed in the Application, if applicable.

15. In addition, Pepper Hamilton's detailed computerized records of time expended providing professional services to the Committee are attached hereto as **Exhibit F**.

C. *Expenses Incurred During Fee Period*

16. In the ordinary course of Pepper Hamilton's practice, Pepper Hamilton maintains a record of expenses incurred in the rendering of the professional services performed in connection with these chapter 11 cases on behalf of the Committee. The expenses incurred by Pepper Hamilton may include long distance telephone calls, over-night delivery, travel expenses, local messenger service, meals, facsimiles, postage, duplicating, and computerized legal research charges, all of which Pepper Hamilton normally bills to its non-bankruptcy clients at rates

calculated to compensate Pepper Hamilton for only the actual cost of the expense. Pepper Hamilton currently charges $0.20 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), Pepper Hamilton charged no more than $0.10 per page for standard duplication services in these chapter 11 cases. Pepper Hamilton does not charge for incoming facsimile transmissions.

17. In connection with the professional services Pepper Hamilton rendered on behalf of the Committee during the Fee Period, Pepper Hamilton has incurred expenses totaling $2,827.40 and respectfully requests allowance of the same. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Pepper Hamilton is seeking reimbursement. In addition, Pepper Hamilton's detailed computerized records of expenses incurred during the Fee Period in the rendering of professional services to the Committee are attached hereto as **Exhibit H**.

D.  *Summary of Legal Services Rendered During the Fee Period*

18. To provide a meaningful summary of Pepper Hamilton's services provided on behalf of the Committee, Pepper Hamilton has established, in accordance with its internal billing procedures, certain subject project categories in connection with these chapter 11 cases. The following chart is a summary of the fees and hours billed for each project category in the Fee Period:

#36424530 v1

| SUMMARY OF FEE AND HOURS BY PROJECT CATEGORY | | | |
|---|---|---|---|
| **Project Category Code** | **Project Category Description** | **Total Hours Billed** | **Total Compensation Billed** |
| B110 | Case Administration | 29.10 | $7,041.00 |
| B112 | General Creditor Inquiries | 0.20 | $85.00 |
| B113 | Pleadings Review/Memos | 1.90 | $1,063.00 |
| B150 | Creditors' Committee | 6.00 | $3,580.50 |
| B155 | Court Hearings | 71.40 | $38,517.00 |
| B160 | Fees | 1.40 | $595.00 |
| B170 | Employment of Professionals | 43.30 | $16,420.00 |
| B170.1 | Retention of Others | 6.10 | $2,186.50 |
| B190 | Contested Matters/Motions | 22.70 | $11,226.00 |
| B191 | General Litigation | 73.30 | $38,673.50 |
| B230 | Financing/Cash Collateral | 29.60 | $13,855.50 |
| B320 | Plan and Disclosure Statement | 4.20 | $2,481.00 |
| | **TOTAL:** | **289.20** | **$135,724.00** |

19. The following is a summary, by matter category, of the professional services provided by Pepper Hamilton during the Fee Period. This summary is organized in accordance with Pepper Hamilton's internal system of task codes.

**(a)** *Case Administration (Task Code B110)*

Total Fees:   $7,537.00
Total Hours:  30.50

20. This category includes time spent by Pepper Hamilton in connection with the performance of its duties as co-counsel for the Committee which does not fall within any of

the more specific categories discussed below. Time in this category was incurred by Pepper Hamilton (i) reviewing and maintaining a critical dates calendar; and (ii) reviewing and maintaining pleadings files.

  **(b)** *General Creditor Inquiries (Task Code B112)*

    Total Fees: $85.00
    Total Hours: 0.20

 21. This category includes time spent by Pepper Hamilton in connection with discussing the status of the case with a creditor.

  **(c)** *leadings Review/Memos (Task Code B113)*

    Total Fees: $1,063.00
    Total Hours: 1.90

 22. This category includes time spent by Pepper Hamilton reviewing the affidavit in support of first-day pleadings.

  **(d)** *Creditors' Committee (Task Code B150)*

    Total Fees: $3,580.50
    Total Hours: 6.00

 23. This category includes time spent by Pepper Hamilton (i) participating in weekly Committee meetings; and (ii) attending the 341 meeting of creditors and preparing a summary of the meeting for the Committee.

  **(e)** *Court Hearings (Task Code B155)*

    Total Fees: $38,517.00
    Total Hours: 71.40

 24. This category includes time spent by Pepper Hamilton in preparing for and attending hearings.

  **(f)**  *<u>Fees (Task Code B160)</u>*

    Total Fees: $595.00
    Total Hours: 1.40

25. This category includes time spent by Pepper Hamilton in preparing its first monthly fee application.

  **(g)**  *<u>Employment of Professionals (Task Code B170)</u>*

    Total Fees: $595.00
    Total Hours: 1.40

26. This category includes time spent by Pepper Hamilton preparing and filing the application to retain and employ Pepper Hamilton as co-counsel to the Committee and performing various work in connection with the same.

  **(h)**  *<u>Retention of Others (Task Code B170.1)</u>*

    Total Fees: $2,186.50
    Total Hours: 6.10

27. This category includes time spent by Pepper Hamilton preparing and filing the applications to retain and employ Akin Gump as the Committee's lead counsel and PJT as its financial advisor.

  **(i)**  *<u>Contested Matters/Motions (Task Code B190)</u>*

    Total Fees: $11,26.00
    Total Hours: 22.70

28. This category includes time spent by Pepper Hamilton preparing and filing the Committee's objection to the Debtors' critical vendor motion, and discussing same with co-counsel and colleagues.

  **(j)**  *<u>General Litigation (Task Code B191)</u>*

    Total Fees: $38,673.50
    Total Hours: 73.30

29. This category includes time spent by Pepper Hamilton performing substantial litigation tasks in connection with discovery issues and depositions of the Debtors' professionals.

**(k)** *Financing/Cash Collateral (Task Code B230)*

Total Fees:   $13,855.50
Total Hours:  29.60

30. This category includes time spent by Pepper Hamilton preparing and filing the Committee's objection to the DIP financing and conferring with co-counsel regarding the same.

**(l)** *Plan and Disclosure Statement (Task Code B320)*

Total Fees:   $2,481.00
Total Hours:  4.20

31. This category includes time spent by Pepper Hamilton reviewing the Debtors' PSA motion, and researching issues related to the motion.

32. The foregoing general description of services rendered in specific areas is not intended to be exhaustive of the scope of Pepper Hamilton's activities on behalf of the Committee in these chapter 11 cases. The time records attached hereto as **Exhibit E** present more completely the work performed by Pepper Hamilton in each billing category during the Fee Period.

**Reasonable and Necessary Services Provided by Pepper Hamilton**

**A.** *Reasonable and Necessary Fees Incurred in Providing Services to the Committee*

33. The foregoing professional services provided by Pepper Hamilton on behalf of the Committee during the Fee Period were reasonable, necessary and appropriate to the administration of these chapter 11 cases and related matters and are reasonably worth the sum of $135,724.00. As set forth on **Exhibit D** hereto, the blended hourly rate for all services rendered

by Pepper Hamilton during the Fee Period is $469.31.

34.  The attorneys who worked on these cases during the Fee Period have various levels of expertise. From time to time these attorneys consulted with each other and other attorneys on different aspects of the cases. It is submitted that this is a more efficient way to run a case than to expect a single attorney to be an expert in all applicable areas of law. If a single attorney were to attempt to run cases such as these, the attorney would have to learn through research what other attorneys know and can tell him based on their years of knowledge and experience. The primary attorneys involved in this engagement and their areas of expertise are listed on **Exhibit I** attached hereto.

B.  *Reasonable and Necessary Expenses Incurred in Providing Services to the Committee*

35.  The actual expenses incurred by Pepper Hamilton in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Committee in these chapter 11 cases. Pepper Hamilton requests reimbursement of expenses incurred on behalf of the Committee for the Fee Period in connection with these chapter 11 cases in the sum of $2,827.40 as set forth in the summary attached hereto as **Exhibit H**.

**Pepper Hamilton's Requested**

**Compensation and Reimbursement Should be Allowed**

36.  Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code

also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

37. Pepper Hamilton respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Committee and were rendered to protect and preserve the Committee's rights. Pepper Hamilton further believes that it performed the services for the Committee economically, effectively and efficiently. Pepper Hamilton further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Committee.

38. During the course of the Fee Period, Pepper Hamilton's billing rates for attorneys ranged from $425 to $790. The hourly rates and corresponding rate structure utilized by Pepper Hamilton in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Pepper Hamilton for other corporate restructuring and

bankruptcy matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. Pepper Hamilton strives to be efficient in the staffing of matters. Pepper Hamilton's hourly rates are set at a level designed to compensate Pepper Hamilton fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned.

39. In sum, Pepper Hamilton respectfully submits that the professional services provided by Pepper Hamilton on behalf of the Committee during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Pepper Hamilton, the nature and extent of Pepper Hamilton's services provided, the value of Pepper Hamilton's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Pepper Hamilton respectfully submits that approval of the compensation sought herein is warranted and should be approved.

40. Pepper Hamilton has reviewed the requirements of DEL. BANKR. L.R. 2016-2 and believes that this Application complies with the requirements of the same.

**No Prior Request**

39. One prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, Pepper Hamilton respectfully requests that the Court enter an order (a) awarding Pepper Hamilton compensation for professional and paraprofessional services provided during the Fee Period in the amount of $135,724.00, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $2,827.40; (b) authorizing and directing the Debtors to remit payment to Pepper Hamilton for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: November 18, 2015
       Wilmington, Delaware

**PEPPER HAMILTON LLP**

/s/ David B. Stratton
David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
John H. Schanne II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware  19899-1709
Telephone:     (302) 777-6500
Facsimile:      (302) 421-8390
Email:            strattond@pepperlaw.com
                  fournierd@pepperlaw.com
                  schannej@pepperlaw.com

*Counsel to the Official Committee of Unsecured Creditors of Quiksilver, Inc., et al.*