## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
                Debtors.[1] : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF PUBLICATION OF THE NOTICE DEADLINE FOR FILING PROOFS OF CLAIM IN THE NEW YORK TIMES (NATIONAL EDITION), THE LOS ANGELES TIMES (NATIONAL EDITION), THE ORANGE COUNTY REGISTER AND THE NEW YORK TIMES (INTERNATIONAL EDITION)**

      This Affidavit of Publication includes the sworn statement verifying that the Notice of Deadline for Filing Proofs of Claim was published and incorporated by reference herein as follows:

1. In *The New York Times (National Edition)* on October 22, 2015, attached hereto as **Exhibit A**;

2. In the *Los Angeles Times (National Edition)* on October 23, 2015, attached hereto as **Exhibit B**;

3. In *The Orange County Register* on October 23, 2015, attached hereto as **Exhibit C**; and

4. In the *International New York Times* on October 26, 2015, attached hereto as **Exhibit D**.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), QS Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

# **<u>Exhibit A</u>**

The New York Times
620 8TH AVENUE · NEW YORK, NY 10018

# CERTIFICATION OF PUBLICATION

OCT 2 2 2015

_____ 20 ___

I, Cathy Ziko , in my capacity as a Principal Clerk of the Publisher of The New York Times a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on

OCT 2 2 2015 _____ 20 ___

Approved: [signature]   [signature]

THIS CERTIFICATION NOT VALID WITHOUT NYT RAISED SEAL

---

[Attached advertisement:]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: QUIKSILVER, INC., et al.,
Debtors.

Chapter 11, Case No. 15-1188 (BLS)
Jointly Administered
Related Docket Nos. 116, 247

NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM
OF ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS, AND OTHER PARTIES IN INTEREST
PLEASE TAKE NOTICE OF THE FOLLOWING:

[Body text of bankruptcy notice regarding General Bar Date, filing procedures, governmental units, executory contracts, rejection claims, amended schedule bar date, and contact information for KCC Claims Processing Center, 2335 Alaska Avenue, El Segundo, CA 90245. Details largely illegible due to image quality.]

Dated: Wilmington, Delaware, October 21, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Van L. Durrer, II
Annie Z. Li, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Telephone: (213) 687-5000

Counsel for Debtors and Debtors in Possession

# **<u>Exhibit B</u>**

# Los Angeles Times
## MEDIA GROUP

**PROOF OF PUBLICATION**
**(2015.5 C.C.P.)**

**STATE OF ILLINOIS**
**County of Cook**

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the action for which the attached notice was published.

I am a principal clerk of the Los Angeles Times, which was adjudged a newspaper of general circulation on May 21, 1952, Cases 598599 for the City of Los Angeles, County of Los Angeles, and State of California. Attached to this Affidavit is a true and complete copy as was printed and published on the following date(s):

Oct 23, 2015

I certify (or declare) under penalty of perjury
under the laws of the State of California that the foregoing is true and correct.

Dated at Chicago, Illinois
on this  6  day of  Nov , 2015 .

_____
[signature]

435 N. Michigan Ave.
Chicago, IL 60611

# Los Angeles Times
## MEDIA GROUP

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

In re: QUIKSILVER, INC., et al., Debtors.[1] ) Chapter 11, Case No. 15-11880 (BLS) ) Jointly Administered ) Related Docket Nos. 116, 247

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

**TO: ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**GENERAL BAR DATE.** On October 6th, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 247] (the "Bar Date Order") establishing November 18th, 2015 at 5:00 p.m. (Eastern) as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors to file a proof of claim so that such proof of claim is received on or before November 18th, 2015 at 5:00 p.m. (Eastern) at the following address delivered by mail, hand delivery, or overnight courier: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

The Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court on October 16th, 2015. The Schedules and Statements are available for download, free of charge, at the website for the Debtors' claims agent at www.kccllc.net/quiksilver. The Schedules and Statements can also be accessed at www.deb.uscourts.gov.

**GOVERNMENTAL BAR DATE.** In accordance with Bankruptcy Code section 502(b)(9), any Claims of governmental units, as defined by Bankruptcy Code section 101(27), against any of the Debtors, must be filed so that such proof of claim is received on or before March 7, 2016 at 5:00 p.m. (Eastern) (the "Governmental Bar Date"), at the following address delivered by mail, hand delivery or overnight courier: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

**DEFINITION OF CLAIM.** For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.** Pursuant to the Bar Date Order, all Entities holding or wishing to assert Claims (including, without limitation, personal injury and tort Claims) against the Debtors (whether secured, priority, or unsecured) that arose prior to September 9, 2015 (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

(i) Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

(ii) Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court against the correct Debtor;

(iii) Requests for payment under Bankruptcy Code section 503(b) and 507(a)(2) of expenses of administration of the estates, other than Claims or requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which must be filed on or before the General Bar Date;

(iv) Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

(v) Claims of Debtors against other Debtors;

(vi) Claims of or against non-Debtor foreign affiliates;

(vii) Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii) Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one proof of claim on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix) Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[2]

(x) Claims of landlords of unexpired leases of non-residential real property which have not been rejected prior to the General Bar Date. Claims for such leases which have been or are hereinafter rejected shall be filed by the later of (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection, or (c) as otherwise provided by another Order of the Court in accordance with Paragraph 7 herein.

Any entity, as defined in Bankruptcy Code section 101(15) (an "**Entity**") whose prepetition Claim against a Debtor (i) is not listed in the applicable Debtor's Schedules and Statements, (ii) is listed as "disputed," "contingent" or "unliquidated" in the Schedules and Statements, or (iii) whose Claim is not an Excluded Claim and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases must file a proof of claim on or before the General Bar Date.

Any Entity whose prepetition Claim is improperly classified in the Schedules and Statements, is listed in an incorrect amount in the Schedules and Statements, or is scheduled against an incorrect Debtor in the Schedules and Statements and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date.

**Executory Contract and Unexpired Lease Rejection Claims.** Any Entity whose Claims arise out of the rejection of an executory contract or unexpired lease (pursuant to Bankruptcy Code section 365) after the Petition Date, must file a proof of claim on or before the latest of: (1) 30 days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court; or (3) the General Bar Date (the "Rejection Bar Date").

**Claims Resulting from Amendment to the Schedules and Statements.** If, less than 30 days prior to, or after, the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent, and/or liquidated amount or to change the nature or classification of a Claim against a Debtor or the Debtor not liable on the Claim as reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have 30 days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

**Interests.** Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation (an "Interest"), need not file a proof of interest based solely on account of such Interest Holder's ownership interest in such stock; provided, however, that any Interest Holder (other than a governmental unit as defined in Bankruptcy Code section 101(27)) who wishes to assert a Claim against any of the Debtors, including, without limitation, any Claim based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the General Bar Date; provided further, however, that any Interest Holder that is a governmental unit (as defined in Bankruptcy Code section 101(27)), who wishes to assert a Claim against any of the Debtors, including, without limitation, based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the Governmental Bar Date.

**FILING PROOFS OF CLAIM FOR 503(b)(9) CLAIMS.** Any claimant asserting a Claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must complete the appropriate box on their proof of claim and, thereby, identify the portion of such Claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9). To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the proof of claim, the Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be allowed to seek priority treatment under Bankruptcy Code section 503(b)(9).

**FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS.** Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM.** Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in accordance with the Bar Date Order before the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, the Amended Schedules Bar Date, or such other date established by prior or future order of the Court or established in the Bar Date Order, as applicable, shall not be treated as a creditor with respect to such Claim for the purposes of voting or distribution under any chapter 11 plan proposed or confirmed in these cases.

**RESERVATION OF RIGHTS.** The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent, or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

**TIME AND PLACE FOR FILING PROOFS OF CLAIM.** A signed original of any proof of claim, substantially in the form enclosed herewith, together with any supporting documentation, must be delivered by mail, hand delivery or overnight courier so as to be received no later than 5:00 p.m., Eastern, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date, or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above. If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

**ADDITIONAL INFORMATION.** If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact the Debtors' claims agent, Kurtzman Carson Consultants LLC ("KCC") at (877) 709-4757, in the U.S. or Canada, or (424) 236-7235, outside the U.S. and Canada, Monday through Friday between 9:00 a.m. and 5:00 p.m., Pacific Time. Please note that KCC is not permitted to provide legal advice. The claims registers for the Debtors will be available at the office of KCC and/or online at www.kccllc.net/quiksilver.

Dated: Wilmington, Delaware, October 21, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, /s/ Van C. Durrer, II, Van C. Durrer, II (I.D. No. 3827), Annie Z. Li, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Telephone: (213) 687-5000, Fax: (213) 687-5600 -and- Mark S. Chehi, Esq. (I.D. No. 2855), Dain A. De Souza (I.D. No. 5737), One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899-0636, Telephone: (302) 651-3000, Fax (302) 651-3001 -and- John K. Lyons, Jessica S. Kumar, 155 N. Wacker Dr., Chicago, Illinois 60606, Telephone: (312) 407-0700, Fax: (312) 407-0411, *Counsel for Debtors and Debtors in Possession*

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9126), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.

Case 15-11880-BLS  Doc 483  Filed 11/18/15  Page 7 of 13



MORE THAN 1.25 million people use Slack every day. Above, workers at the company's headquarters in San Francisco.

DAVID BUTOW For The Times

# Slack grows on word of mouth

[Slack, from C1]

In February 2014, Slack has, according to internal metrics, become one of the fastest-growing business applications in history.

As of August, more than 1.25 million people from companies that include The Times, Comcast, NBCUniversal, Expedia and EBay use it every day. That's a tenfold increase from a year earlier. Even NASA uses it, no surprise — Einstein posters are popular there.

Slack has received $340 million in funding from venture capital firms such as Andreessen Horowitz and Google Ventures.

Compared with enterprise tech giants like Microsoft and Cisco, Slack is a small fry. Good luck trying to wrestle millions of companies and millions more users from the incumbents' Goliath-like hands.

But people are talking about Slack in a way that they don't talk about the Microsofts and Ciscos of the world.

Ask tech pundits about the secret to Slack, and the words "email killer" often come up. The chat program is one-upping incumbent workplace tools like Outlook and Gmail at every turn, replacing cumbersome email threads with instant messages, enabling people to share large files without an exchange server in the background whining about size and syncing that information across all devices.

Ask users about the secret to Slack and you get variations on these themes: A likable, personable and relatable quality. Witty without being silly. Delightful while still being practical. Friendly without being overbearing.

Sitting at a conference table, a large digital clock behind him with animal emojis on the face instead of numbers, Butterfield pulled out his iPhone.

"So in the iOS 9 podcast app, every time I hit play, it asks me the weirdest question," he said, tapping away at his phone. "Before I can listen to my podcast, it asks me if I want to keep it, close it or cancel. I have to do this every time I want to listen to a podcast."

Butterfield put his phone down as the clock struck monkey o'clock. "I have no idea what 'cancel' does," he said.

Appearing baffled by his own phone, Butterfield said part of creating a likable and delightful experience means removing things like the confusing "cancel" button, which he describes as "anti-delight."

He asks his designers to perform a simple exercise: to close their eyes and "pretend you're human." And then imagine what average users might have gone through by the time they sit down at their desks. Maybe they were running late and sat in gridlock for an hour. Maybe they had an argument with a spouse. Maybe they're stressed out.

The last thing they need is to struggle with a computer program that seems intent on making their day worse.

"With Slack, there are so many little moments where you've performed an action for the first time and the result is exactly what you expect it to be, and that's delightful," said Slack's design director, Brandon Velestuk.

People shouldn't be surprised when software works, yet enterprise tech has developed such a reputation for being clunky and uncooperative that when it does work, it's "refreshing," said Minh Do, a technical account manager at Internet firm Anchor, whose team started using Slack a month ago. Like many companies, it was the workers in the tech department who discovered Slack and pushed for the rest of the company to use it.

"I think it comes down to two things: simplicity and the number of integrations available," Do said. "Simplicity in that the chat just works the way you expect, with things like @ mentioning and channels working seamlessly," he said.

Anna Pickard, the company's editorial director and custodian of Slack's voice, giggles when she thinks of the oxymoron that is "enjoyable enterprise software." But she believes that it's doable, and it lies in the human quality of Slack.

"We're spending more and more of our time talking to bots and interacting with things where we're not sure whether they're real or whether they're programmed to talk to us," said Pickard, whose background is in writing and journalism. "So when one of them reacts to us like a human, that's delightful."

Keeping the human users in mind, Slack has welcome messages such as, "What a day! What cannot be accomplished on such a splendid day!" and "Sometimes you eat the bear and sometimes the bear, well, he eats you."

Slack's release notes — an often-ignored laundry list of technical updates — have become documents littered with puns, jokes and personality.

Companies such as Tumblr, Medium and Annotate have followed suit, writing their release notes as short stories, poems and even sonnets.

Slack's error message is so amusing that, users often take a screen shot and share it: "... we've seen this problem clear up with a restart of your browser, a solution which we suggest to you now only with great regret and self-loathing."

"It's ridiculous and amazing, and I think it shows that words are so important," Pickard laughs. "Words and the way we talk to people are part of what keeps people coming back; it keeps people liking us."

It all comes back to the Einstein factor. The average person probably couldn't keep up with the German physicist. The average person probably doesn't have a lot of love for enterprise software. But there are moments — a cheeky tongue photograph, a warm and funny error message — that people can relate to.

"They can see there are people behind this product, they feel that human connection," Pickard said. "And through that connection, the whole thing just falls into place."

tracey.lien@latimes.com

## Edison settles with insurer

By IVAN PENN

Southern California Edison has reached a $400-million settlement with its insurer over the closed San Onofre nuclear plant that the utility says will help cut customers' costs.

Edison said 95% of the money from Nuclear Electric Insurance Limited, or NEIL, "will benefit customers," though it will not come in the form of a refund.

The utility plans to make adjustments in rates that will reduce customer bills instead. The adjustment will result in a 2% to 2.5% decline in the average customer bill beginning in January, Edison said.

Pedro Pizarro, president of Southern California Edison, majority owner of San Onofre, said the insurance settlement "represents a good outcome that is in the best interest of our customers." Edison will receive $312.8 million while minor owners San Diego Gas &amp; Electric will collect $80 million and the city of Riverside will receive $7.16 million.

Under a settlement agreement approved by the California Public Utilities Commission, customers are paying $3.3 billion for the closure of the nuclear plant while the utilities are bearing $1.4 billion of the cost.

Consumer advocates have asked the commission to reopen hearings on the settlement after findings that former PUC President Michael Peevey engaged in secret talks with Edison about the deal. An administrative law judge determined that the secret talks — including at a swanky hotel in Warsaw — should have been reported.

Michael Aguirre, a San Diego lawyer and one of Edison's leading detractors over the handling of the San Onofre plant shutdown, criticized the way Edison is handling the insurance settlement. Aguirre said customers should receive a refund and not just adjustments to their bills.

In addition, he said, ratepayers should get all of the insurance settlement money rather than the 95% currently earmarked for them.

"Every penny should come back to the ratepayers. Edison should have no return until the ratepayers are made whole," he said.

Edison's decision to adjust customer rates rather than pay a refund is similar to that of Duke Energy Corp., which reached an agreement with NEIL in 2013 over its closed Crystal River nuclear plant. Both plants closed because of mishaps that resulted from steam generator replacements.

Consumers still could receive additional benefits if Edison wins a case against the contractor on the steam generator project for the faulty product.

The contractor, Tokyo-based Mitsubishi Heavy Industries, has stated that Edison is seeking $7.6 billion for the loss of San Onofre.

Whatever Edison recovers would be split 50-50 with customers.

ivan.penn@latimes.com

## BUSINESS BRIEFING

### EARNINGS

### Amazon trounces estimates

Amazon.com Inc. reported a surprise third-quarter profit, driven by a boost in revenue from its Prime Day promotion and continued strong growth in its cloud-computing offerings.

Revenue jumped 23% during the quarter, helped by strong sales of electronics and general merchandise, a good sign for the Seattle retailer ahead of the crucial holiday months of November and December.

Amazon had net income of 17 cents per share. The average estimate of analysts surveyed by Zacks Investment Research was for a loss of 10 cents.

The online retailer posted revenue of $25.36 billion in the period; analysts expected $24.85 billion.

### Microsoft reports falling revenue

Microsoft Corp. reported fiscal first-quarter profit of $4.62 billion.

The Redmond, Wash.-based company said it had net income of 57 cents per share. Earnings, adjusted for non-recurring costs, came to 67 cents a share.

The results topped Wall Street expectations for earnings of 57 cents a share.

The software maker posted revenue of $20.38 billion in the period, which fell short of forecasts for $21.23 billion.

### MORTGAGES

### Average 30-year rate falls to 3.79%

Average long-term U.S. mortgage rates fell this week, marking the 13th straight week below 4% and offering an enticement for potential home buyers.

Mortgage giant Freddie Mac said the average rate on a 30-year fixed-rate mortgage declined to 3.79% from 3.82% a week earlier. The rate on 15-year fixed-rate mortgages eased to 2.98% from 3.03%.

### INSIDER TRADING

### U.S. prosecutor to drop charges

A federal prosecutor in New York City says a recent appeals court ruling on insider trading has led him to ask that charges be dismissed against a former SAC Capital Advisors portfolio manager who was convicted at trial.

U.S. Atty. Preet Bharara made the announcement regarding the case against Michael Steinberg, who worked at the Stamford, Conn.-based company founded by billionaire businessman Steven A. Cohen. The prosecutor says his office also would seek to have the cases against six cooperating witnesses who pleaded guilty dismissed as well.

### AUTOS

### UAW OKs pact with Fiat Chrysler

The United Auto Workers union has approved a new four-year contract with Fiat Chrysler and now will turn its attention to bargaining with General Motors.

Workers soundly rejected a previous deal, largely because it didn't eliminate a two-tiered pay system. The new agreement gives raises to all workers and eliminates the two tiers over eight years.

### MARIJUANA

### Colorado pot bank is rejected

Colorado's attempt to create a bank to service its marijuana industry has suffered another setback by the federal government.

The Federal Reserve said in a court filing that it doesn't intend to accept a penny connected to the sale of pot because the drug remains illegal under federal law.

— TIMES WIRE REPORTS

Los Angeles Times

Ad Number:
Insertion Number:
Size:
Color Type:

Client Name:
Advertiser:
Section/Page/Zone: BUSINESS/C004/LA
Description:

Publication Date: 10/23/2015

This electronic tearsheet confirms the ad appeared in the Los Angeles Times on the date and page indicated. You may not create derivative works, or in any way exploit or repurpose any content.

[Legal notice: IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE — Quiksilver, Inc., et al., Case No. 15-11880 (BLS) — NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM. Bar Date: Related text not fully legible.]

# **Exhibit C**

| | |
|---|---|
| **AFFIDAVIT OF PUBLICATION**<br>STATE OF CALIFORNIA, )<br>) ss.<br>County of Orange )<br><br>I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of **The Orange County Register**, a newspaper of general circulation, published in the city of Santa Ana, County of Orange, and which newspaper has been adjudged to be a newspaper of general circulation by the Superior Court of the County of Orange, State of California, under the date of November 19, 1905, Case No. A-21046, that the notice, of which the annexed is a true printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:<br><br>October 23, 2015<br><br>"I certify (or declare) under the penalty of perjury under the laws of the State of California that the foregoing is true and correct":<br><br>Executed at Santa Ana, Orange County, California, on<br><br>Date:  October 23, 2015<br><br><br>_____<br>Signature<br>**The Orange County Register**<br>**625 N. Grand Ave.**<br>**Santa Ana, CA 92701**<br>**(714) 796-2209** | **PROOF OF PUBLICATION**<br>_____ |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re: ) Chapter 11
QUIKSILVER, INC., et al., ) Case No. 15-1188 (BLS)
Debtors. ) Jointly Administered
) Related Docket Nos. 116, 247

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

**TO: ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**GENERAL BAR DATE.** On October 6th, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 247] (the "Bar Date Order") establishing November 18th, 2015 at 5:00 p.m. (Eastern) as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors to file a proof of claim so that such proof of claim is received on or before November 18th, 2015 at 5:00 p.m. (Eastern) at the following address delivered by mail, hand delivery, or overnight courier: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

The Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court on October 16th, 2015. The Schedules and Statements are available for download, free of charge, at the website for the Debtors' claims agent at www.kccllc.net/quiksilver. The Schedules and Statements can also be accessed at www.deb.uscourts.gov.

**GOVERNMENTAL BAR DATE.** In accordance with Bankruptcy Code section 502(b)(9), any Claims of governmental units, as defined by Bankruptcy Code section 101(27), against any of the Debtors, must be filed so that such proof of claim is received on or before **March 7, 2016 at 5:00 p.m. (Eastern)** (the "Governmental Bar Date"), at the following address delivered by mail, hand delivery or overnight courier: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

**DEFINITION OF CLAIM.** For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.** Pursuant to the Bar Date Order, all Entities holding or wishing to assert Claims (including, without limitation, personal injury and tort Claims) against the Debtors (whether secured, priority, or unsecured) that arose prior to September 9, 2015 (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

(i) Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

(ii) Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court against the correct Debtor;

(iii) Requests for payment under Bankruptcy Code section 503(b) and 507(a)(2) of expenses of administration of the estates, other than Claims or requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which must be filed on or before the General Bar Date;

(iv) Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

(v) Claims of Debtors against other Debtors;

(vi) Claims of or against non-Debtor foreign affiliates;

(vii) Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii) Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one proof of claim on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix) Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[2]

(x) Claims of landlords of unexpired leases of non-residential real property which have not been rejected prior to the General Bar Date. Claims for such leases which have been or are hereinafter rejected shall be filed by the later of (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection, or (c) as otherwise provided by another Order of the Court in accordance with Paragraph 7 herein.

Any entity, as defined in Bankruptcy Code section 101(15) (an "Entity") whose prepetition Claim against a Debtor (i) is not listed in the applicable Debtor's Schedules and Statements, (ii) is listed as "disputed," "contingent" or "unliquidated" in the Schedules and Statements, or (iii) whose Claim is not an Excluded Claim and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases must file a proof of claim on or before the General Bar Date.

Any Entity whose prepetition Claim is improperly classified in the Schedules and Statements, is listed in an incorrect amount in the Schedules and Statements, or is scheduled against an incorrect Debtor in the Schedules and Statements and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date.

**Executory Contract and Unexpired Lease Rejection Claims.** Any Entity whose Claims arise out of the rejection of an executory contract or unexpired lease (pursuant to Bankruptcy Code section 365) after the Petition Date, must file a proof of claim on or before the latest of: (1) 30 days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court; or (3) the General Bar Date (the "Rejection Bar Date").

**Claims Resulting from Amendment to Schedules and Statements.** If, less than 30 days prior to, or after, the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent, and/or liquidated amount or to change the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have 30 days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

**Interests.** Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; provided, however, that any Interest Holder (other than a governmental unit as defined in Bankruptcy Code section 101(27)) who wishes to assert a Claim against any of the Debtors, including, without limitation, any Claim based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the General Bar Date; provided further, however, that any Interest Holder that is a governmental unit (as defined in Bankruptcy Code section 101(27)), who wishes to assert a Claim against any of the Debtors, including, without limitation, based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the Governmental Bar Date.

**FILING PROOFS OF CLAIM FOR 503(b)(9) CLAIMS.** Any claimant asserting a Claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must complete the appropriate box on their proof of claim and, thereby, identify the portion of such Claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9). To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the proof of claim, the Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be entitled to seek priority treatment under Bankruptcy Code section 503(b)(9).

**FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS.** Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM.** Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file but fails to file a proof of claim for its Claim in accordance with the Bar Date Order before the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, the Amended Schedules Bar Date, or such other date established by prior or future order of the Court or established in the Bar Date Order, as applicable, shall not be treated as a creditor with respect to such Claim for the purposes of voting or distribution under any chapter 11 plan proposed or confirmed in these cases.

**RESERVATION OF RIGHTS.** The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent, or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

**TIME AND PLACE FOR FILING PROOFS OF CLAIM.** A signed original of any proof of claim, substantially in the form enclosed herewith, together with any supporting documentation, must be delivered by mail, hand delivery or overnight courier so as to be received no later than 5:00 p.m., Eastern, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date, or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above. If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

**ADDITIONAL INFORMATION.** If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact the Debtors' claims agent, Kurtzman Carson Consultants LLC ("KCC") at (877) 709-4757, in the U.S. or Canada, or (424) 236-7235, outside the U.S. and Canada, Monday through Friday between 9:00 a.m. and 5:00 p.m., Pacific Time. Please note that KCC is not permitted to provide legal advice. The claims registers for the Debtors will be available at the office of KCC and/or online at www.kccllc.net/quiksilver.

Dated: Wilmington, Delaware, October 21, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, /s/ Van C. Durrer, II ___, Van C. Durrer, II (I.D. No. 3827), Annie Z. Li, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Telephone: (213) 687-5000, Fax: (213) 687-5600 -and- Mark S. Chehi, Esq. (I.D. No. 2855), Dain A. De Souza (I.D. No. 5737), One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899-0636, Telephone: (302) 651-3000, Fax: (302) 651-3001 -and- John K. Lyons, Jessica S. Kumar, 155 N. Wacker Dr., Chicago, Illinois 60606, Telephone: (312) 407-0700, Fax: (312) 407-0411, *Counsel for Debtors and Debtors in Possession*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.

# **<u>Exhibit D</u>**

# International New York Times

620 Eighth Avenue, New York, NY 10018 USA
Tel: (212) 556-7723   Fax: (212) 556-7706

**DECLARATION OF PUBLICATION**

**Quiksilver**

The undersigned says:

I am over the age of 18 years and a citizen of the United States.
I am not a party to and have no interest in this matter. I am a principal of the International New York Times, a newspaper published in Paris, France and circulated in major cities in Europe, North Africa, the Middle East, Far East and the Americas. The notice, a true copy of which is attached, was published on the following date(s):

October 26, 2015

I declare under penalty that the forgoing is true and correct.

Executed in New York, N.Y. on October 26, 2015

_____
Judith King

Sworn before me on this 26th day of October 2015 in the state of New York.

_____
Notary Public

DEBORAH BESHAW-FARRELL
Notary Public, State of New York
No. 01BE5076617
Qualified in New York County
Commission Expires April 21, 2019

THE WORLD'S DAILY NEWSPAPER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | ) Chapter 11, Case No. 15-1188 (BLS) |
|---|---|
| QUIKSILVER, INC., et al., | ) Jointly Administered |
| Debtors.[1] | ) Related Docket Nos. 116, 247 |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM
TO: ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS, AND OTHER PARTIES IN INTEREST:
PLEASE TAKE NOTICE OF THE FOLLOWING:**

**GENERAL BAR DATE.** On October 6th, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 247] (the "Bar Date Order") establishing November 18th, 2015 at 5:00 p.m. (Eastern) as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors to file a proof of claim so that such proof of claim is received on or before November 18th, 2015 at 5:00 p.m. (Eastern) at the following address delivered by mail, hand delivery, or overnight courier: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

The Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court on October 16th, 2015. The Schedules and Statements are available for download, free of charge, at the website for the Debtors' claims agent at www.kccllc.net/quiksilver. The Schedules and Statements can also be accessed at www.deb.uscourts.gov.

**GOVERNMENTAL BAR DATE.** In accordance with Bankruptcy Code section 502(b)(9), any Claims of governmental units, as defined by Bankruptcy Code section 101(27), against any of the Debtors, must be filed so that such proof of claim is received on or before March 7, 2016 at 5:00 p.m. (Eastern) (the "Governmental Bar Date"), at the following address delivered by mail, hand delivery or overnight courier: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

**DEFINITION OF CLAIM.** For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.** Pursuant to the Bar Date Order, all Entities holding or wishing to assert Claims (including, without limitation, personal injury and tort Claims) against the Debtors (whether secured, priority, or unsecured) that arose prior to September 9, 2015 (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

(i) Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

(ii) Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court against the correct Debtor;

(iii) Requests for payment under Bankruptcy Code section 503(b) and 507(a)(2) of expenses of administration of the estates, other than Claims or requests for payment asserted pursuant to Bankruptcy Code section 503(b)(9), which must be filed on or before the General Bar Date;

(iv) Claims which have been paid in full by the Debtors prior to the applicable bar date pursuant to the Bankruptcy Code or any order of this Court;

(v) Claims of Debtors against other Debtors;

(vi) Claims of or against non-Debtor foreign affiliates;

(vii) Claims of the agent and noteholders under the Debtors' prepetition senior secured notes;

(viii) Claims of the agent and noteholders on account of any note under the Debtors' prepetition unsecured notes indenture or related documents; provided, however, that the unsecured notes indenture trustee or agent shall file one proof of claim on behalf of all noteholders under the Debtors' prepetition unsecured notes indenture or other operative documents; and

(ix) Claims of the agent and lender under the Debtors' prepetition revolving credit facility.[2]

(x) Claims of landlords of unexpired leases of non-residential real property which have not been rejected prior to the General Bar Date. Claims for such leases which have been or are hereinafter rejected shall be filed by the later of (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection, or (c) as otherwise provided by another Order of the Court in accordance with Paragraph 7 herein.

Any entity, as defined in Bankruptcy Code section 101(15) (an "Entity") whose prepetition Claim against a Debtor (i) is not listed in the applicable Debtor's Schedules and Statements, (ii) is listed as "disputed," "contingent," or "unliquidated" in the Schedules and Statements, or (iii) whose Claim is not an Excluded Claim and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases must file a proof of claim on or before the General Bar Date.

Any Entity whose prepetition Claim is improperly classified in the Schedules and Statements, is listed in an incorrect amount in the Schedules and Statements, or is scheduled against an incorrect Debtor in the Schedules and Statements and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date.

**Executory Contract and Unexpired Lease Rejection Claims.** Any Entity whose Claims arise out of the rejection of an executory contract or unexpired lease (pursuant to Bankruptcy Code section 365) after the Petition Date, must file a proof of claim on or before the latest of: (1) 30 days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court; or (3) the General Bar Date (the "Rejection Bar Date").

**Claims Resulting from Amendment to the Schedules and Statements.** If, less than 30 days prior to, or after, the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent, and/or liquidated amount or to change the nature or classification of a Claim against a Debtor or the Debtor liable on the Claim as reflected therein or to change the Debtor against which a Claim has been scheduled, then the affected claimant shall have 30 days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

**Interests.** Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such stock; provided, however, that any Interest Holder (other than a governmental unit as defined in Bankruptcy Code section 101(27)) who wishes to assert a Claim against any of the Debtors, including, without limitation, any Claim based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the General Bar Date; provided further, however, that any Interest Holder that is a governmental unit (as defined in Bankruptcy Code section 101(27)), who wishes to assert a Claim against any of the Debtors, including, without limitation, based on a transaction in the Debtors' securities and/or a Claim for damages or rescission based on the purchase or sale of the Interests must file a proof of claim on or prior to the Governmental Bar Date.

**FILING PROOFS OF CLAIM FOR 503(b)(9) CLAIMS.** Any claimant asserting a Claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "503(b)(9) Claim") must complete the appropriate box on their proof of claim and, thereby, identify the portion of such Claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9). To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the proof of claim, the Claim will not be regarded as a 503(b)(9) Claim, and the claimant shall not be entitled to seek priority treatment under Bankruptcy Code section 503(b)(9).

**FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS.** Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM.** Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file but fails to file a proof of claim for its Claim in accordance with the Bar Date Order before the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, the Amended Schedules Bar Date, or such other date established by prior or future order of the Court or established in the Bar Date Order, as applicable, shall not be treated as a creditor with respect to such Claim for the purposes of voting or distribution under any chapter 11 plan proposed or confirmed in these cases.

**RESERVATION OF RIGHTS.** The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent, or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

**TIME AND PLACE FOR FILING PROOFS OF CLAIM.** A signed original of any proof of claim, substantially in the form enclosed herewith, together with any supporting documentation, must be delivered by mail, hand delivery or overnight courier so as to be received no later than 5:00 p.m., Eastern, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date, or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address: Quiksilver, Inc. Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above. If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

**ADDITIONAL INFORMATION.** If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact the Debtors' claims agent, Kurtzman Carson Consultants LLC ("KCC") at (877) 709-4757, in the U.S. or Canada, or (424) 236-7235, outside the U.S. and Canada, Monday through Friday between 9:00 a.m. and 5:00 p.m., Pacific Time. Please note that KCC is not permitted to provide legal advice. The claims registers for the Debtors will be available at the office of KCC and/or online at www.kccllc.net/quiksilver.

Dated: Wilmington, Delaware, October 21, 2015
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, /s/ Van C. Durrer, II ___, Van C. Durrer, II (I.D. No. 3827), Annie Z. Li, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Telephone: (213) 687-5000, Fax: (213) 687-5600 -and- Mark S. Chehi, Esq. (I.D. No. 2855), Dain A. De Souza (I.D. No. 5737), One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899-0636, Telephone: (302) 651-3000, Fax: (302) 651-3001 -and- John K. Lyons, Jessica S. Kumar, 155 N. Wacker Dr., Chicago, Illinois 60606, Telephone: (312) 407-0700, Fax: (312) 407-0411, Counsel for Debtors and Debtors in Possession

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Should either the agent or lenders under the Debtors' prepetition senior secured notes, or the agent or lender under the Debtors' prepetition revolving credit facility, choose to file proofs of claim, each agent may file a single proof of claim on account of the combined Claims of the agent and all of the lenders under the applicable notes or facility.