IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUICKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |
| | | **Objection Deadline: December 14, 2015 at 4:00 p.m.** |
| | | **Hearing Date: Scheduled only if Necessary** |

**FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM SEPTEMBER 9, 2015 THROUGH SEPTEMBER 30, 2015**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to September 9, 2015 by order signed October 6, 2015 |
| Period for which Compensation and Reimbursement is Sought: | September 9, 2015 through September 30, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $32,947.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   436.40 |

This is a:     x  monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.
[2]  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,025.00 | 15.30 | $15,682.50 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $ 895.00 | 0.60 | $ 537.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $ 875.00 | 2.20 | $ 1,925.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 750.00 | 8.30 | $ 6,225.00 |
| Joseph M. Mulvihill | Associate 2015; Member of DE Bar since 2014; Member of PA Bar since 2015 | $ 395.00 | 7.30 | $ 2,883.50 |
| Monica M. Molitor | Paralegal 2009 | $ 305.00 | 16.90 | $ 5,154.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 225.00 | 0.80 | $ 180.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 225.00 | 1.50 | $ 337.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 225.00 | 0.10 | $ 22.50 |

**Grand Total:** $    32,947.50
**Total Hours:**         53.00
**Blended Rate:**      $621.65

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 15.40 | $12,976.50 |
| Case Administration | 17.10 | $ 5,392.50 |
| Compensation of Professional | 0.20 | $   120.00 |
| Executory Contracts | 1.10 | $   434.50 |
| Retention of Professional | 3.70 | $ 3,132.50 |
| Stay Litigation | 15.50 | $10,891.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Delivery/Courier Service | | $ 13.00 |
| Court Research | | $ 17.40 |
| Reproduction Expense | | $333.70 |
| Reproduction/ Scan Copy | | $ 72.30 |

---

[3]PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUICKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |

**Objection Deadline: December 14, 2015 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

### FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM SEPTEMBER 9, 2015 THROUGH SEPTEMBER 30, 2015

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's "Order Pursuant to Bankruptcy Code Sections 105(a) and

331 Establishing Interim Compensation Procedures," signed on or about October 28, 2015 (the

"Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Co-

Counsel to the Debtors and Debtors in Possession ("Debtors"), hereby submits its First Monthly

Application for Compensation and for Reimbursement of Expenses for the Period from

September 9, 2015 through September 30, 2015 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $32,947.50 and actual and necessary expenses in the amount of $436.40 for a

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

total allowance of $33,383.90 and payment of $26,358.00 (80% of the allowed fees) and

reimbursement of $436.40 (100% of the allowed expenses) for a total payment of $26,794.40 for

the period September 9, 2015 through September 30, 2015 (the "Interim Period"). In support of

this Application, PSZ&J respectfully represents as follows:

### Background

      1.     On September 9, 2015, Debtors commenced their cases by filing voluntary

petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession

of their properties and continue to operate and manage their businesses as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of

unsecured creditors ("Committee") was appointed in these cases on or about September 22,

2015. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

      2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

      3.     On or about October 28, 2015, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications. If no objections are made within twenty-one (21) days after service of the

monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%)

of the requested fees and one hundred percent (100%) of the requested expenses. Beginning

with the period ending December 31, 2015, and at three-month intervals thereafter, each of the

Professionals shall file and serve an interim application for allowance of the amounts sought in

its monthly fee applications for that period.  All fees and expenses paid are on an interim basis

until final allowance by the Court.

4.    The retention of PSZ&J, as Co-Counsel to the Debtors, was approved

effective as of September 9, 2015 by this Court's "Order Granting Debtors' Application Pursuant

to Sections 327(a) and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 and

Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Employment and Retention of

Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors *Nunc Pro Tunc* to the Petition

Date," signed on or about October 6, 2015 (the "Retention Order").  The Retention Order

authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and

necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.    All services for which PSZ&J requests compensation were performed for

or on behalf of the Debtors.

6.    PSZ&J has received no payment and no promises for payment from any

source other than from the Debtors for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in this case.  PSZ&J has received

payments from the Debtors during the year prior to the Petition Date in the amount of

$150,000.00. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

8.     A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Bankruptcy Litigation

15.    This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) performed work regarding First Day motions; (2) performed work regarding a request for temporary restraining order relating to Euro Notes; (3) performed work regarding Agenda Notices and Hearing Binders; (4) prepared for and attended a hearing on September 10, 2015; and (5) conferred and corresponded regarding litigation issues.

Fees:  $12,976.50;     Hours:  15.40

### B.    Case Administration

16.    This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained document control; (3) maintained service lists; and (4) reviewed and analyzed documents and pleadings and forwarded them to the appropriate persons.

Fees:  $5,392.50;     Hours:  17.10

### C.    Compensation of Professionals

17.    This category relates to work regarding compensation of the Firm.  During the Interim Period, the Firm, among other things, corresponded regarding fee issues.

Fees:  $120.00;     Hours:  0.20

### D.    Executory Contracts

18.    This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things, performed

work regarding a motion pursuant to Section 364(d)(4) to extend the time for assumption or rejection of real property leases.

Fees:  $434.50;          Hours:  1.10

**E.      Retention of Professionals**

19.      This category relates to issues regarding retention of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the Firm's retention application.

Fees:  $3,132.50;        Hours:  3.70

**F.      Stay Litigation**

20.      This category relates to issues regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things, performed work regarding a motion for relief from stay relating to deceleration of notes, performed research, and corresponded and conferred regarding relief from stay issues.

Fees:  $10,891.50;      Hours:  15.50

<u>**Valuation of Services**</u>

21.      Attorneys and paraprofessionals of PSZ&J expended a total 53.00 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,025.00 | 15.30 | $15,682.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $  895.00 | 0.60 | $     537.00 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $  875.00 | 2.20 | $  1,925.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $  750.00 | 8.30 | $  6,225.00 |
| Joseph M. Mulvihill | Associate 2015; Member of DE Bar since 2014; Member of PA Bar since 2015 | $  395.00 | 7.30 | $  2,883.50 |
| Monica M. Molitor | Paralegal 2009 | $  305.00 | 16.90 | $  5,154.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  225.00 | 0.80 | $     180.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  225.00 | 1.50 | $     337.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $  225.00 | 0.10 | $       22.50 |

**Grand Total:     $     32,947.50**
**Total Hours:          53.00**
**Blended Rate:        $621.65**

22.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $32,947.50.

23.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period September 9,

2015 through September 30, 2015, an interim allowance be made to PSZ&J for compensation in

the amount of $32,947.50 and actual and necessary expenses in the amount of $436.40 for a total

allowance of $33,383.90 and payment of $26,358.00 (80% of the allowed fees) and

reimbursement of $436.40 (100% of the allowed expenses) be authorized for a total payment of

$26,794.40, and for such other and further relief as this Court may deem just and proper.

Dated: November 23, 2015          PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 4662)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:   ljones@pszjlaw.com
          joneill@pszjlaw.com
          jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com

Co-Counsel for the Debtors and Debtors in Possession

# VERIFICATION

STATE OF DELAWARE        :
                                              :
COUNTY OF NEW CASTLE   :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones

LLP, and have been admitted to appear before this Court.

b)        I am familiar with many of the legal services rendered by Pachulski Stang

Ziehl & Jones LLP, as Co-Counsel to the Debtors, and am thoroughly familiar with the other

work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

c)        I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about October 28,

2015, and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 23 day of November, 2015.

_____
Notary Public
My Commission Expires:

MONICA ANGELA MOLITOR
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires June 17, 2016