IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
QUIKSILVER, INC., et al.,                                      :    Case No. 15-11880 (BLS)
                                                               :
                        Debtors.⁴                              :    Jointly Administered
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    Related Docket No. __
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULES 6006 AND 9014 REJECTION OF TRADEMARK LICENSE AGREEMENT *NUNC PRO TUNC* TO NOVEMBER 25, 2015**

Upon the motion (the "Motion")[5] of the Debtors for entry of an order (the "Order"), pursuant to Bankruptcy Code sections 105 and 365 and Bankruptcy Rules 6006 and 9014, authorizing the Debtors to reject, effective as of the date of the filing of the Motion, the Trademark License; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be

---

[4] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. In accordance with Bankruptcy Code section 365, the License Agreement, attached as <u>Exhibit A</u> to the Motion, is deemed rejected effective as of the date of the filing of the Motion (the "<u>Rejection Date</u>"), which is November 25, 2015.

3. From and after the date of this Order, E. Gluck may not use the Licensed Materials; provided, however, that E. Gluck may sell Licensed Products which have been produced as of the date of this Order during the Sell-Off Period, in accordance with the License Agreement.

4. To the extent E. Gluck wishes to assert a claim for rejection damages relating to the rejection of the Trademark License, it must file a proof of claim for rejection damages by the date that is thirty (30) days following the entry of this Order.

5. The Debtors reserve their rights to assume, assign or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights.

6. The Debtors reserve their rights to challenge any alleged administrative expense claim, rejection damages claim, or other claim on any ground that applicable non-bankruptcy law and/or the Bankruptcy Code provide, including, but not limited to, the right to challenge any amount or administrative priority of any claim relating to the Trademark License.

7. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: Wilmington, Delaware
_____, 2015

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

1040436.01D-CHISR02A - MSW