**EXHIBIT 2**

**Redline Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                          :
                                                   :   Chapter 11
                                                   :
In re:                                             :
                                                   :   Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                         :
                                                   :   Jointly Administered
                        Debtors.[1]                 :
                                                   :   **Related Docket No.** ─**396, 397, 477, 527**
                                                   x
- - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## ORDER (A) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT, (B) APPROVING SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED PLAN OF REORGANIZATION, (C) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (D) SCHEDULING CERTAIN DATES WITH RESPECT THERETO

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this

"Disclosure Statement Order"): (a) approving the adequacy of the Disclosure Statement, (b)

approving solicitation and notice procedures with respect to confirmation of the Debtors'

proposed Plan, (c) approving the forms of various Ballots and notices in connection therewith,

and (d) scheduling certain dates with respect thereto; and this Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]  All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Motion, the Plan (as defined in the Motion), the Disclosure Statement (as defined in the Motion), or the Solicitation Procedures (as defined in the Motion), as applicable.

-

and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and the Disclosure Statement (as amended at Docket Nos. 477 and 527) and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having overruled any objections to the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED, as provided herein.

**A.      Approval of the Disclosure Statement and the Notice of the Disclosure Statement Hearing**

2.      The Disclosure Statement, substantially in the form filed on December 4, 2015 [Docket No. 527], complies with all aspects of section 1125 of the Bankruptcy Code and is hereby approved as containing "adequate information" (as defined by section 1125(a) of the Bankruptcy Code).

3.      The Disclosure Statement Hearing Notice, in substantially the form attached hereto as Exhibit 1, filed by the Debtors and served upon parties in interest in these

-

Chapter 11 Cases on ~~——————~~ November 2, 2015 and published in *The New York Times* (national ~~and international editions~~edition), *The Los Angeles Times*, and the *Orange County Register* on ~~———————~~,November 4, 2015 and in *The New York Times* (international edition) on November 5, 2015, constitutes adequate and sufficient notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 3017-1.

**B.     Fixing the Voting Record Date**

4.     December 1, 2015 shall be the record date (the "Voting Record Date") for determining: (a) the Holders of Claims and Interests entitled to receive the Solicitation Package; (b) the Holders of Claims entitled to vote to accept or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim.

5.     With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Solicitation Agent's claims register, as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Eastern) on the Voting Record Date.

**C.     Duties of the Solicitation Agent**

6.     The Solicitation Agent shall assist the Debtors in, among other things, (a) distributing Solicitation Packages, (b) soliciting, receiving, tabulating, and reporting on

Ballots cast on the Plan, and certifying to the Court the results of balloting, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Procedures, the procedures for electing to opt-out of the third party release provisions set forth in Article 10.5 of the Plan, and for objecting to the Plan, and (d) if necessary, contacting Creditors and Holders of Claims and Interests regarding the Plan.

**D.    Approval of the Form of Ballots**

7.    The Ballots, substantially in the form attached hereto as <u>Exhibits 3-A, 3-B and 3-C</u>, are hereby approved.

**E.    Approval of Solicitation Package and the Procedures for Distribution Thereof**

8.    Holders of Claims in the following Voting Classes are the only Creditors entitled to vote to accept or reject the Plan:

| Class | Description |
|---|---|
| 4 | Secured Notes Claims |
| 5A | Unsecured Notes Claims |
| 5B | General Unsecured Claims |

9.    On or before December <s>7</s>10, 2015 (the "<u>Solicitation Mailing Deadline</u>"), the Debtors shall transmit, or cause to be transmitted, the Solicitation Package to those Holders of Claims entitled to vote on the Plan as of the applicable Voting Record Date.[3]

---

[3]    The Solicitation Agent is authorized to send Solicitation Packages for holders of Class 4 and Class 5-A Claims to Master Ballot Agents in paper format and/or via electronic transmission in accordance with the customary requirements of each Master Ballot Agent.  Each Master Ballot Agent shall then distribute the Solicitation Packages to Beneficial Owners in accordance with its customary practices<u> immediately, and, in any event, within five (5) business days after receipt of the Solicitation Packages</u>.  Master Ballot Agents are authorized to collect votes to accept or to reject the Plan from Beneficial Owners in accordance with their customary practices<u> and the Solicitation Procedures</u>.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

10.    The Solicitation Package shall consist of the following materials, the form of each of which, to the extent not otherwise approved herein, is hereby approved:

a.    the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 2;

b.    the appropriate ~~Ballots~~Ballot(s) and applicable voting instructions, together with a pre-addressed, postage pre-paid return envelope;

c.    a CD-ROM including the Plan, the Disclosure Statement, and this Disclosure Statement Order; and

d.    any supplemental solicitation materials the Debtors may file with this Court.

11.    The Solicitation Package provides Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

12.    Any party receiving the Solicitation Package may request a paper copy of the documents either by (a) emailing QuiksilverInfo@kccllc.com or (b) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. or Canada.  If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.

13.    The Debtors shall also serve, or cause to be served, all of the materials in the Solicitation Package (except for the Ballots) on (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan

4

facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) the SEC; (h) the Internal Revenue Service; (i) the United States Attorney for the District of Delaware; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

14.    The Debtors shall be excused from mailing the Solicitation Package to those Entities to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such entity provides the Debtors, through the Solicitation Agent, with an accurate address not less than ten days prior to the Solicitation Mailing Deadline. If an Entity has changed its mailing address after the Petition Date, the burden is on such Entity, not the Debtors, to advise the Debtors and the Solicitation Agent of the new address. Failure to distribute Solicitation Packages to such Entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, and is not a violation of Bankruptcy Rule 3017(d).

15.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide a copy of the Solicitation Package to Holders of Claims or Interests that are not classified in accordance with Bankruptcy Code section 1123(a)(1), or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under Bankruptcy Code section 1126(f), or who are not entitled to vote because they are deemed to reject the Plan under Bankruptcy Code section 1126(g). Instead, by the Solicitation Mailing Deadline, the Debtors shall mail to such parties, in lieu of the Solicitation Package, (a) a copy

5

of the Confirmation Hearing Notice, and (b) the appropriate Non-Voting Status Notice, the form of each of which is hereby approved:

     i.     <u>Unclassified and Unimpaired Claims—Presumed to Accept</u>: Holders of Unclassified Claims and Holders of Claims in the Unimpaired Classes are conclusively presumed to have accepted the Plan, and accordingly are not entitled to vote on the Plan. Such Holders will receive the *Notice of Non-Voting Status With Respect to Unclassified Claims and Unimpaired Classes Presumed to Accept the Plan*, substantially in the form attached hereto as <u>Exhibit 4-A</u>.

     ii.     <u>Impaired Claims and Interests—Deemed to Reject</u>: Holders of Claims and Interests in the Deemed Rejecting Classes are deemed to reject the Plan, and accordingly are not entitled to vote on the Plan. Such Holders will receive the *Notice of Non-Voting Status With Respect to Classes Deemed to Reject the Plan*, substantially in the form attached hereto as <u>Exhibit 4-B</u>.

16.     To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of the provisions of the Plan governing assumption or rejection of contracts or leases, the Debtors will provide such parties with the Confirmation Hearing Notice, together with the Executory Contract and Unexpired Lease Notice, substantially in the form attached hereto as <u>Exhibit 4-C</u>.  The Debtors may supplement Executory Contract and Unexpired Lease Notices as necessary to conform with the Plan and any modifications thereto.

**F.**     **Voting Deadline for Receipt of Ballots**

17.     In order for the votes of Holders of Claims in the Voting Classes to accept or reject the Plan to be counted, each such Holder must properly complete, execute, and deliver its respective Ballot so that it is actually received by the Solicitation Agent on or before 4:00 p.m. (Eastern) on January 14, 2016 (the "<u>Voting Deadline</u>").

18.     The Debtors are authorized, with the consent of the Plan Sponsor, to extend the Voting Deadline.

## G.     Approval of Solicitation Procedures

19.     The Debtors and the Solicitation Agent are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures, substantially in the form attached hereto as Exhibit 5 and the instructions set forth in each Ballot; provided, however, that the Debtors' right to amend or supplement the Solicitation Procedures, with the consent of the Plan Sponsor, is fully reserved if, in the Debtors' business judgment, doing so would better facilitate the solicitation process.

## H.     Establishing Confirmation Hearing Date, Notice, and Objection Procedures

20.     The Confirmation Hearing will commence at [___] [9:30 a/p].m. Eastern Time on [_____]January 27, 2016 before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

21.     In addition to mailing the Confirmation Hearing Notice along with the Solicitation Packages, the Non-Voting Status Notices and the Executory Contract and Unexpired Lease Notice, the Debtors shall publish the Confirmation Hearing Notice one time in the following publications in order to provide notification to those Entities who may not

receive notice by mail: *The New York Times* (national and international editions), *The Los Angeles Times*, and the *Orange County Register*.

22.     Any objection to Confirmation of the Plan must (a) be in writing; (b) conform to the applicable Bankruptcy Rules and Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity; and (d) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Plan that would resolve such objection.  Responses or objections, if any, also must be filed with this Court and served upon each of the following parties so as to be actually received no later than 4:00 p.m. Eastern Time on January 14, 2016 by each of the following parties:

(i)     Quiksilver, Inc., 5600 Argosy Circle, Huntington Beach, California 92649, Attn: Linnsey Caya, Esq. (linnsey.caya@quiksilver.com);

(ii)    Counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Attn:  Van C. Durrer, II, Esq. (Van.Durrer@skadden.com), and 155 North Wacker Drive, Chicago, Illinois 60606, Attn: John K. Lyons, Esq. (John.Lyons@skadden.com);

(iii)   Counsel to the agent for the Debtors' postpetition term loan facility, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr. (patrick.nash@kirkland.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Esq. (rdehney@mnat.com);

(iv)    Counsel to the agent for the Debtors' prepetition and postpetition secured ABL facilities, Reimer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq. (dberman@riemerlaw.com), and Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Steven E. Fox, Esq. (sfox@riemerlaw.com), and Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Steven K. Kortanek, Esq. (skortanek@wcsr.com);

8

(v)     Counsel to the indenture trustee for the Debtors' prepetition senior secured notes, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, John R. Ashmead, Esq. (ashmead@sewkis.com);

(vi)    Counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes, Foley & Lardner, LLP, 321 N. Clark Street, Suite 2800, Chicago, Illinois 60654, Mark L. Prager, Esq. (mprager@foley.com) and U.S. Bank National Association, Global Corporate Trust Services, 100 Wall Street, New York, New York 10005, Attn: Justin L. Shearer, Vice President (justin.shearer@usbank.com);

(vii)   Proposed counsel to the official committee of unsecured creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. (mstamer@akingump.com) and Meredith A. Lahaie, Esq.; (mlahaie@akingump.com) and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899, Attn: David B. Stratton, Esq. (strattod@pepperlaw.com); and

(viii)  The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (Mark.Kenney@usdoj.gov) (fax: (302) 573-6497)).

23.     Any objection to Confirmation of the Plan not filed and served as set forth herein shall be deemed waived, unless the Court orders otherwise.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion.

25.     Subject to the Plan Sponsor Agreement, the Debtors are authorized to make non-material and conforming changes (including, but not limited to, correcting typographical errors, altering formatting and inserting missing or changed dates) to the

9

Disclosure Statement, Plan, Ballots, Notices, and related documents without further order of the Court; provided, however, that such changes shall be acceptable to the Plan Sponsor.

26.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

Dated: Wilmington, Delaware
_____, 2015

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

## EXHIBIT 1

**Disclosure Statement Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - :
                                         : Chapter 11
                                         :
In re:                                   :
                                         : Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,               :
                                         : Jointly Administered
                           Debtors.[1]    :
                                         x
- - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## NOTICE OF DISCLOSURE STATEMENT HEARING

TO ALL HOLDERS OF CLAIMS AND INTERESTS AND PARTIES IN INTEREST:

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors and Debtors in possession (the "Debtors") have filed the (a) *Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") [Docket No. —396]; (b) *Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (as amended from time to time and including all exhibits thereto, the "Plan") [Docket No. 292]; and (c) *Motion for Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* (the "Motion") [Docket No. —397].[2]

**PLEASE TAKE FURTHER NOTICE THAT** a hearing will commence on **December 1, 2015 at 10:30 a.m. Eastern Time** (the "Disclosure Statement Hearing") before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Court") to consider the Motion, which seeks the entry of an order (the "Disclosure Statement Order") finding that, among

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Motion, as applicable.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

other things, the Disclosure Statement contains "adequate information" within the meaning set forth in section 1125 of the Bankruptcy Code and approving the Disclosure Statement, certain other materials related to the solicitation of acceptances of the Plan (the "Solicitation Package"), and the Solicitation Procedures. The Disclosure Statement Hearing may be continued from time to time without further notice other than an adjournment announced in open court at the Disclosure Statement Hearing or at any subsequent adjourned Disclosure Statement Hearing. **THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE DISCLOSURE STATEMENT IS APPROVED BY ORDER OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the Plan, the Disclosure Statement, the Motion, the Disclosure Statement Order, and other documents and materials related thereto, including certain solicitation materials, once they are filed, may be obtained by: (a) accessing the Debtors' restructuring website at http://www.kccllc.net/quiksilver, (b) emailing QuiksilverInfo@kccllc.com or (c) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. or Canada.

**PLEASE TAKE FURTHER NOTICE THAT** responses and objections, if any, to the approval of the Disclosure Statement or the Solicitation Procedures, or any of the other relief sought by the Debtors in the Motion must: (a) be in writing, (b) conform to the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity, and (d) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Disclosure Statement or materials comprising the Solicitation Package that would resolve such objection. **Responses or objections, if any, must be filed with the Court and served upon each of the following parties so as to be actually received no later than 12:00 p.m. Eastern Time on November 30, 2015:** (i) Quiksilver, Inc., 5600 Argosy Circle, Huntington Beach, California 92649, Attn: Linnsey Caya; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Attn: Van C. Durrer, II, Esq. (Van.Durrer@skadden.com), and 155 North Wacker Drive, Chicago, Illinois 60606, Attn: John K. Lyons, Esq. (John.Lyons@skadden.com); (iii) counsel to the agent for the Debtors' postpetition term loan facility, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr. (patrick.nash@kirkland.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Esq. (rdehney@mnat.com); (iv) counsel to the agent for the Debtors' prepetition and postpetition secured ABL facilities, Reimer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq. (dberman@riemerlaw.com), and Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Steven E. Fox, Esq. (sfox@riemerlaw.com), and Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Steven K. Kortanek, Esq. (skortanek@wcsr.com); (v) counsel to the indenture trustee for the Debtors' prepetition senior secured notes, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, John R. Ashmead, Esq. (ashmead@sewkis.com); (vi) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes, Foley & Lardner, LLP, 321 N. Clark Street, Suite 2800, Chicago, Illinois 60654, Mark L. Prager, Esq. (mprager@foley.com) and U.S. Bank National Association, Global Corporate Trust Services, 100 Wall Street, New York, New York 10005, Attn: Justin L. Shearer, Vice President (justin.shearer@usbank.com); (vii) proposed counsel to the official committee of unsecured creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York,

2

New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.; and (viii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (fax: (302) 573-6497)).

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS OR RESPONSES NOT TIMELY FILED, SERVED AND RECEIVED IN THE MANNER SET FORTH ABOVE WILL NOT BE CONSIDERED AND WILL BE DEEMED OVERRULED.**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

**EXHIBIT 2**

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - :
                    :     Chapter 11
In re:                 :
                    :     Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,    :
                    :     Jointly Administered
           Debtors.[1]   :
                    x
- - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## NOTICE OF (A) APPROVAL OF ADEQUACY OF DISCLOSURE STATEMENT, (B) SOLICITATION AND NOTICE PROCEDURES, (C) OBJECTION AND VOTING DEADLINES, AND (D) THE HEARING TO CONFIRM THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

TO ALL HOLDERS OF CLAIMS AND INTERESTS AND PARTIES IN INTEREST:

      1.    **Approval of the Disclosure Statement and the Solicitation Procedures.**
On [December      ], 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. —[•]] (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Second Amended* Disclosure Statement With Respect to the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. —527] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 292526] (as amended from time to time and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

2.      **Classes Entitled to Vote.**  Only Holders of Claims in Class 4 (Secured Note Claims), Class 5-A (Unsecured Notes Claims), and Class 5-B (General Unsecured Claims) are entitled to vote to accept or reject the Plan, subject to the solicitation procedures (the "Solicitation Procedures") attached as Exhibit 5 to the Disclosure Statement Order.  Holders of unclassified Claims, including Administrative Claims, DIP Claims, Priority Tax Claims and Professional Fee Claims, and of Claims and Interests in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), Class 3 (Euro Notes Guaranty Claims), Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests) are unimpaired and are presumed to have accepted the Plan.  Holders of Claims and Interests in Class 8 (Subordinated Claims) and Class 9 (Interests in Quiksilver) will receive no distribution under the Plan and are deemed to have rejected the Plan.

3.      **Voting Record Date.**  The record date for purposes of determining which Holders of Claims in Classes 4, 5-A and 5-B are entitled to vote on the Plan is December 1, 2015 (the "Voting Record Date").

4.      **Voting Deadline.** The voting deadline for the Plan is **January 14, 2016 at 4:00 p.m. Eastern Time** (the "Voting Deadline").  To be counted as votes to accept or reject the Plan, all Ballots must be properly completed, executed, and delivered by: (a) first class mail; (b) courier; or (c) personal delivery so that they are actually received, in any case, no later than the Voting Deadline by the Debtors' notice, claims, and solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent").  Any failure to follow the ballot instructions included with the Ballot may disqualify your Ballot and your vote.

5.      **Objections to the Plan.** The Court has established **January 14, 2016 at 4:00 p.m.  Eastern Time,** as the deadline for filing and serving objections to the Confirmation of the Plan (the "Plan Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) conform to the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity; and (d) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Plan that would resolve such objection.  **Responses or objections, if any, also must be filed with the Court and served upon each of the following parties so as to be ACTUALLY RECEIVED no later than the Plan Objection Deadline**: (i) Quiksilver, Inc., 5600 Argosy Circle, Huntington Beach, California 92649, Attn: Linnsey Caya, Esq. (linnsey.caya@quiksilver.com); (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Attn:  Van C. Durrer, II, Esq. (Van.Durrer@skadden.com), and 155 North Wacker Drive, Chicago, Illinois 60606, Attn: John K.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

Lyons, Esq. (John.Lyons@skadden.com); (iii) counsel to the agent for the Debtors' postpetition term loan facility, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr. (patrick.nash@kirkland.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Esq. (rdehney@mnat.com); (iv) counsel to the agent for the Debtors' prepetition and postpetition secured ABL facilities, Reimer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq. (dberman@riemerlaw.com), and Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Steven E. Fox, Esq. (sfox@riemerlaw.com), and Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Steven K. Kortanek, Esq. (skortanek@wcsr.com); (v) counsel to the indenture trustee for the Debtors' prepetition senior secured notes, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, John R. Ashmead, Esq. (ashmead@sewkis.com); (vi) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes, Foley & Lardner, LLP, 321 N. Clark Street, Suite 2800, Chicago, Illinois 60654, Mark L. Prager, Esq. (mprager@foley.com) and U.S. Bank National Association, Global Corporate Trust Services, 100 Wall Street, New York, New York 10005, Attn: Justin L. Shearer, Vice President (justin.shearer@usbank.com); (vii) proposed counsel to the official committee of unsecured creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. (mstamer@akingump.com) and Meredith A. Lahaie, Esq. (mlahaie@akingump.com) and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899, Attn: David B. Stratton, Esq. (strattod@pepperlaw.com); and (viii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (Mark.Kenney@usdoj.gov) (fax: (302) 573-6497)).

6.  **Confirmation Hearing.**  A hearing to confirm the Plan (the "Confirmation Hearing") will commence on [_____]January 27, 2016 at [_____]9:30 a.m. Eastern Time before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

7.  **Allowance of Claims for Voting Purposes.**  A Holder of a claim not entitled to vote on the Plan pursuant to the Solicitation Procedures (each such claim, a "Disputed Claim") shall be permitted to vote such claim (or to vote such claim in an amount other than the amount set forth in the Schedules) only if one of the following shall have occurred with respect to such claim at least five Business Days prior to the Voting Deadline (the "Voting Resolution Event Deadline"): (a) an order is entered by the Court allowing such Disputed Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) a creditor files with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Disputed Claim in a different amount only for purposes of voting to accept to reject the Plan (a "Rule 3018(a) Motion") that is ultimately approved by the Court after notice and a hearing; (c) a stipulation or other agreement is executed between the Holder of the Disputed Claim and the Debtors resolving such objection and allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; (d) a stipulation or other agreement is executed between the Holder of the Disputed Claim

and the Debtors temporarily allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; or (e) the pending objection to the Disputed Claim is voluntarily withdrawn by the Debtors or overruled by the Court (each, a "Resolution Event").

Rule 3018(a) Motions must (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (v) be set for hearing at the Confirmation Hearing and (vi) be served so as to be received by the Notice Parties no later than the Voting Resolution Event Deadline.

No later than two Business Days after a Resolution Event, the Solicitation Agent shall distribute a Ballot and a pre-addressed, postage pre-paid envelope to the relevant Holder of the Disputed Claim, which must be returned to the Solicitation Agent by no later than the Voting Deadline (unless the Debtors extend the deadline, with the consent of the Plan Sponsor, to facilitate a reasonable opportunity for such creditor to vote upon the Plan).

In the event that the Debtors and the Holder of the Disputed Claim are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, (a) the Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing (without filing a written objection), (b) the Solicitation Agent shall inform the Court at or prior to the Confirmation Hearing whether including such provisional Ballot would affect the outcome of the voting to accept or reject the Plan in the relevant class in which the provisional Ballot was cast and (c) the Court then shall determine whether the provisional Ballot should be counted as vote on the Plan.

8. **Discharge, Release, and Injunction Language in the Plan. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE X OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED. THE TEXT OF THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS OF THE PLAN ARE SET FORTH BELOW.**

(a) **Article 10.5. Release by Holders of Claims and Interests.** **As of the Effective Date, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Debtors, the Reorganized Debtors, their Estates, non-Debtor Affiliates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Chapter 11 Cases, the DIP Facilities, (except for the Excluded DIP Obligations), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors provided under any applicable law, rule, or regulation, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the DIP Credit Agreements, the Plan, the Disclosure Statement, the Plan**

4

Sponsor Agreement, the Backstop Commitment Letter, the Plan Supplement, the Rights Offerings, the Euro Notes Exchange Offer, the Exit Facility, any other Plan Transaction Document, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

For the avoidance of doubt, except as expressly provided herein, nothing in this Article 10.5 shall in any way affect the operation of Article 10.2 of the Plan, pursuant to section 1141(d) of the Bankruptcy Code.

(b)     **Article 10.6. Exculpation and Limitation of Liability.**  The Exculpated Parties shall neither have, nor incur any liability to any Entity for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct.

The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including with regard to the distributions of the New Quiksilver Common Stock pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violations of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

(c)     **Article 10.8 Injunction.**  The satisfaction, release, and discharge pursuant to this Article X shall act as an injunction, from and after the Effective Date, against any Entity (a) commencing or continuing in any manner or in any place, any action, employment of process, or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article 9.11 or 9.12 of the Plan, in each case with respect to any Claim, Interest, or Cause of Action satisfied, released or to be released, exculpated or to be exculpated, or discharged under this Plan or pursuant to the Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 and 1141 thereof; provided, however, that nothing contained herein shall preclude such Entities from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order; and provided further, however, that nothing contained herein shall preclude the DIP Agents from exercising any appropriate remedies in connection with any Excluded DIP Obligations.

| You Are Advised To Carefully Review And Consider The Plan As Your Rights Might Be Affected. |
| --- |

9.      **Access to Documents and Inquiries.**  Copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan, and all documents filed in the Chapter 11 Cases may be accessed through the Debtors' restructuring information website, http://www.kccllc.net/quiksilver. The applicable Ballots shall be sent to parties entitled to vote in paper form along with this Confirmation Hearing Notice.  If you have questions regarding the procedures and requirements for voting on the Plan and/or for objecting to the Plan, or if you would like paper copies of the Disclosure Statement Order, the Disclosure Statement, or the Plan, you may contact the Solicitation Agent by: (a) emailing QuiksilverInfo@kccllc.com or (b) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. or Canada.  If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

**EXHIBIT 3-A**

**Class 4 Beneficial Ballot and Master Ballot**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and
Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015
12:28:40 PM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                              :
                                                       :   Chapter 11
In re:                                                 :
                                                       :   Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                             :
                                                       :   Jointly Administered
                         Debtors.[1]                   :
                                                       x
- - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

**BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND
DEBTORS IN POSSESSION**

### Class 4 — Secured Notes Claims

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

**PLEASE FOLLOW THE VOTE DELIVERY INSTRUCTIONS PROVIDED BY YOUR
MASTER BALLOT AGENT.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO
YOUR MASTER BALLOT AGENT, PLEASE ALLOW SUFFICIENT TIME FOR YOUR
MASTER BALLOT AGENT TO RECEIVE AND PROCESS YOUR VOTE ON A MASTER
BALLOT AND RETURN THE MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED
BY THE SOLICITATION AGENT BEFORE 4:00 P.M. EASTERN TIME ON JANUARY 14,
2016 (THE "VOTING DEADLINE").  DO NOT RETURN THIS BENEFICIAL BALLOT
DIRECTLY TO THE SOLICITATION AGENT UNLESS SPECIFICALLY INSTRUCTED TO
BY YOUR MASTER BALLOT AGENT, OR IT WILL BE DEEMED INVALID.**

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra,
Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc.
(0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the
Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

-

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and
Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015
12:28:40 PM

The above-captioned debtors and debtors in possession (the "Debtors") are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 292526] (as may be amended from time to time and including all exhibits and supplements, the "Plan").  The *Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. —527] (as may be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") describes the Plan and provides information to assist you in deciding how to vote your Ballot.    The Court has found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and has approved the Disclosure Statement and certain other materials related to the solicitation of acceptances of the Plan pursuant to an order (the "Disclosure Statement Order") [Docket No. —[•]] entered by the Court on [_____], 2015.  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

You are receiving this Ballot because, as of December 1, 2015 (the "Voting Record Date"), you are a Holder of a Class 4 Secured Notes Claims under the Plan.  Accordingly, you have a right to (1) vote to accept or reject the Plan or (2) subject to the limitations set forth herein, opt-out of the third party release set forth in Article X of the Plan (the "Third Party Release").  If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

Your rights and your treatment under the Plan are described in the Disclosure Statement.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. The Disclosure Statement can be accessed via the Debtors' restructuring information website, http://www.kccllc.net/quiksilver (as well as copies of the Plan, Disclosure Statement Order, and certain other materials).  If you desire paper copies, or if you need to obtain additional solicitation materials, you may contact the Debtors' Solicitation Agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"), by: (a) emailing Quiksilverinfo@kccllc.com; or (b) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada.

**Under separate cover, you have received or will shortly receive materials regarding the Rights Offerings for Eligible Holders of Secured Notes. Please be advised that in order to participate in the Rights Offerings, you must be an Eligible Holder (as defined in the Plan) and you must (a) vote your Class 4 Secured Notes Claims to ACCEPT the Plan and (b) not opt out of the Third Party Release.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, electing to opt-out of the Third Party Release, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please immediately contact your Master Ballot Agent or call the Solicitation Agent at the telephone number set forth above.

To ensure that your vote is counted, you must: (a) complete Item 1; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) complete Items 3 and 4, if applicable; (d) sign the certification in Item 5; and (e) and return this Ballot in accordance with your

2

Master Ballot Agent's customary procedures for returning voting instructions. In particular, if you received a return envelope addressed to your Master Ballot Agent, return this Ballot to the address set forth on such enclosed pre-addressed envelope so that it is received by your Master Ballot Agent in sufficient time for your Master Ballot Agent to submit a master ballot prior to the Voting Deadline, which is 4:00 p.m. Eastern Time on January 14, 2016. If your Master Ballot Agent pre-validates your Ballot you will be instructed  to submit it directly to the Solicitation Agent.

**Item 1**. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class 4 Secured Notes Claims against the Debtors in the following aggregate unpaid principal amount (insert amount in box below):

| $_____ |
| --- |

**Item 2**. **Vote on Plan.**

The Holder of the Class 4 Secured Notes Claims against the Debtor set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| --- | --- |

Any Ballot that is executed by the Holder of a Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted. **Please be advised that in order to participate in the Rights Offerings, a Holder of Class 4 Secured Notes Claims must vote to ACCEPT the Plan and must be an Eligible Holder.**

**Item 3**. **Optional Third Party Release Election.** Item 3 is to be completed only if you are not voting to reject the Plan.

The Holder of the Class 4 Secured Notes Claims set forth in Item 1 hereby elects to:

| ☐ **OPT-OUT** OF THE THIRD PARTY RELEASE. |
| --- |

**IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:**

IF YOU VOTE TO **REJECT** THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASE. **Do not complete this Item 3**.

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASE, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT-OUT OF THE THIRD PARTY RELEASE AND RETURN THIS BALLOT  TO (X) THE MASTER BALLOT AGENT SUCH THAT IT IS RECEIVED BY THE MASTER BALLOT AGENT IN TIME FOR THE MASTER BALLOT AGENT TO SUBMIT A MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED PRIOR TO THE VOTING DEADLINE OR (Y) ONLY IF SO INSTRUCTED BY YOUR MASTER BALLOT AGENT,

3

THE SOLICITATION AGENT SO THAT  IT IS <u>ACTUALLY</u> <u>RECEIVED</u> PRIOR TO THE VOTING DEADLINE.

 IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASE, <u>UNLESS</u> YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT-OUT OF THE THIRD PARTY RELEASE AND RETURN THIS BALLOT (X) THE MASTER BALLOT AGENT SUCH THAT IT IS RECEIVED BY THE MASTER BALLOT AGENT IN TIME FOR THE MASTER BALLOT AGENT TO SUBMIT A MASTER BALLOT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> PRIOR TO THE VOTING DEADLINE OR (Y) ONLY IF SO INSTRUCTED BY YOUR MASTER BALLOT AGENT, THE SOLICITATION AGENT SO THAT  IT IS <u>ACTUALLY</u> <u>RECEIVED</u> PRIOR TO THE VOTING DEADLINE.

 <u>**Article X of the Plan provides for the following Third Party Release:**</u>

**SECTION 10.5.  Release By Holders Of Claims And Interests.  As of the Effective Date, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Debtors, the Reorganized Debtors, their Estates, non-Debtor Affiliates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Chapter 11 Cases, the DIP Facilities, (except for the Excluded DIP Obligations), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors provided under any applicable law, rule, or regulation, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the DIP Credit Agreements, the Plan, the Disclosure Statement, the Plan Sponsor Agreement, the Backstop Commitment Letter, the Plan Supplement, the Rights Offerings, the Euro Notes Exchange Offer, the Exit Facility, any other Plan Transaction Document, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**For the avoidance of doubt, except as expressly provided herein, nothing in this Article 10.5 shall in any way affect the operation of Article 10.2 of the Plan, pursuant to section 1141(d) of the Bankruptcy Code.**

<div align="center">4</div>

> IF YOUR BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.

**Item 4.  Other Ballots Cast.**

By returning this Ballot, Holder certifies that Holder has not submitted any other ballots for or on account of such Holder's Class 4 Secured Note Claims held in other accounts or other record names, except for ballots for or on account of those Class 4 Secured Note Claims identified in the following table (which you may use additional paper to supplement as necessary).

| Other Ballots Cast in Respect of Class 4 Secured Note Claims | | | |
|---|---|---|---|
| Your Name or Customer Account Number for Other Account for Which a Ballot Has Been Submitted | CUSIP or ISIN Number | Name of Broker, Bank, Dealer or Other Agent or Nominee for Other Account for Which a Ballot has been Submitted (if applicable) | Principal Amount of Applicable Class 4 Secured Notes Claims for Which Ballot has been Submitted |
| | | | |
| | | | |
| | | | |

**Item 5.  Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)    either: (i) the undersigned is the Holder of the Class 4 Secured Notes Claims being voted, or (ii) the undersigned is an authorized signatory for an Entity that is a Holder of the Class 4 Secured Notes Claims being voted;

(b)    the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    the Holder has cast the same vote with respect to all Class 4 Secured Notes Claims; and

(d)    no other Ballots with respect to the amount of the Class 4 Secured Notes Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
(Print or Type)

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

5

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

| | |
|---|---|
| Name of Signatory: _____ | |
| (If Other Than Holder) | |
| Title: _____ | |
| Address: _____ | |
| _____ | |
| _____ | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> TO YOUR MASTER BALLOT AGENT OR IN ACCORDANCE WITH THE INSTRUCTIONS FROM YOUR MASTER BALLOT AGENT.**

**IF YOUR MASTER BALLOT AGENT DOES NOT RECEIVE YOUR VOTE <u>IN SUFFICIENT TIME TO CAST YOUR VOTE PRIOR TO THE VOTING DEADLINE</u>, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE COUNTED.**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

| Class 4 — Secured Notes Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which accompany the Ballot.

2.  **The Court may confirm the Plan, and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.**

3.  To ensure that your vote is counted, you must:  (a) complete Item 1; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) complete Items 3 and 4, if applicable; (d) sign the certification in Item 5; <u>and</u> (e) and return this Ballot in accordance with your Master Ballot Agent's customary procedures for returning voting instructions.  In particular, if you received a return envelope addressed to your Master Ballot Agent, return this Ballot to the address set forth on such enclosed pre-addressed envelope so that it is received by your Master Ballot Agent in sufficient time for your Master Ballot Agent to submit a master ballot prior to the Voting Deadline, which is 4:00 p.m. Eastern Time on January 14, 2016. If your Master Ballot Agent pre-validates your Ballot you will be instructed  to submit it directly to the Solicitation Agent.

4.  FOR ABSTAINING VOTERS ONLY. If you abstain from voting to accept or reject the Plan, you may nevertheless elect to opt-out of the third party release set forth in Article 10.5 of the Plan (the "<u>Third Party Release</u>") by clearly indicating your decision to opt-out of the Third Party Release by checking the box provided in Item 3 of the Ballot.  The Ballot must then be: (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Solicitation Procedures that were included in the Solicitation Package) and (b) returned to (x) the Master Ballot Agent such that it is received by the Master Ballot Agent in time for the Master Ballot Agent to submit a master ballot so that it is **actually received** prior to the Voting Deadline or (y) only if so instructed by your Master Ballot Agent, the Solicitation Agent so that it is **actually received** prior to the Voting Deadline.

5.  FOR ACCEPTING VOTERS ONLY.  If you vote to accept the Plan, you may nevertheless elect to opt-out of the Third Party Release set forth in Article 10.5 of the Plan by clearly indicating your decision to opt-out of the Third Party Release by checking the box provided in Item 3 of the Ballot.  The Ballot must then be: (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Solicitation Procedures that were included in the Solicitation Package) and (b) returned to (x) the Master Ballot Agent such that it is received by the Master Ballot Agent in time for the Master Ballot Agent to submit a master ballot so that it is **actually received** prior to the Voting Deadline or (y) only if so instructed by

-

your Master Ballot Agent, the Solicitation Agent so that  it is **actually** **received** prior to the Voting Deadline.

6.    If a Ballot is not returned to (x) the Master Ballot Agent such that it is received by the Master Ballot Agent in time for the Master Ballot Agent to submit a master ballot so that it is **actually** **received** prior to the Voting Deadline or (y) only if so instructed by your Master Ballot Agent, the Solicitation Agent so that  it is **actually** **received** prior to the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted <u>unless</u> otherwise determined by the Debtors, with the consent of the Plan Sponsor.  Additionally, the following **Ballots will NOT be counted:**

> ➢ any Ballot that partially rejects and partially accepts the Plan;

> ➢ Ballots sent to the Debtors, the Debtors' agents, any indenture trustee, any collateral agent, or the Debtors' financial or legal advisors;

> ➢ Ballots sent by facsimile, e-mail, or any other electronic means, except as instructed by your Master Ballot Agent;

> ➢ any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

> ➢ any unsigned Ballot or Ballot lacking an original signature;

> ➢ any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan;

> ➢ any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

> ➢ any Ballot cast for a Claim scheduled as contingent, unliquidated, or disputed for which the applicable Bar Date has passed and no proof of claim was timely filed; and

> ➢ any Ballot submitted by any Entity otherwise not entitled to vote pursuant to the Solicitation Procedures.

7.    If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

8.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and, subject to the limitations set forth in the Ballot, opt-out of the

2

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

Third Party Release. Accordingly, at this time, Holders of Claims should not surrender Certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Solicitation Agent will accept delivery of any such Certificates or instruments surrendered together with a Ballot.

10.      This Ballot does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

11.      <u>Please be sure to sign and date your Ballot.</u> If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

12.      If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

13.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors.

**PLEASE RETURN YOUR BALLOT PROMPTLY BY FOLLOWING THE VOTING PROCEDURES PROVIDED BY YOUR MASTER BALLOT AGENT!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL YOUR MASTER BALLOT AGENT OR THE SOLICITATION AGENT AT: (877) 709-4757 WITHIN THE U.S. OR CANADA OR, OUTSIDE OF THE U.S. AND CANADA, (424) 236-7235.**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                          :
                                                   :    Chapter 11
In re:                                             :
                                                   :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                        :
                                                   :    Jointly Administered
                              Debtors.[1]          :
                                                   x
- - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

**MASTER BALLOT FOR NOMINEES OF BENEFICIAL HOLDERS FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

### Class 4 — Secured Notes Claims

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS MASTER BALLOT.

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016 (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 292526] (as may be amended from time to time and including all exhibits and supplements, the "<u>Plan</u>"), as described  in the *Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. —527] (as may be amended from time to time and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>").  The Court has found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and has approved the Disclosure Statement and certain

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

-

other materials related to the solicitation of acceptances of the Plan pursuant to an order (the "Disclosure Statement Order") [Docket No. —[•]] entered by the Court on [_____], 2015.  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

You are receiving this Master Ballot because you have been identified as a Nominee (*i.e.*, a broker, dealer, commercial bank, trust company or other agent or DTC Participating Nominee) holding 7.875% Senior Secured Notes due 2018 issued by certain of the Debtors (the "Secured Notes") on behalf of the Beneficial Owners as of December 1, 2015 (the "Voting Record Date").  This Master Ballot is to be used by you only to transmit the votes on the Ballots of Holders of Class 4 Secured Notes Claims (the "Class 4 Beneficial Ballots") to Kurtzman Carson Consultants LLC (the "Solicitation Agent"), and for no other purpose. This Master Ballot must be completed, executed and delivered to the Solicitation Agent by the Voting Deadline in accordance with the accompanying instructions.

If you believe you have received this Master Ballot in error, or if you require additional materials or have questions with respect to anything set forth in this Master Ballot or the accompanying instructions, please contact the Solicitation Agent immediately at (877) 833-4150, within the U.S. or Canada, or (917) 281-4800, outside of the U.S. or Canada.  Printed copies of the solicitation materials are available at the Debtors' restructuring information website, http://www.kccllc.net/quiksilver, and will be provided upon request to the Solicitation Agent by phone or by email at Quiksilverinfo@kccllc.com at no cost.

The procedures for the solicitation and tabulation of votes on the Plan, in addition to other important information regarding the Plan and the balloting process, are described in more detail in the solicitation procedures  attached as Exhibit 5 to the Disclosure Statement Order (the "Solicitation Procedures") and are also is available at the Debtors' restructuring information website, http://www.kccllc.net/quiksilver.

**Item 1.**  **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, December 1, 2015, the undersigned (please check the applicable box):

is a Nominee for the Beneficial Owners of the aggregate principal amount of Class 4 Secured Notes Claims listed in Item 2 below;

is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee for the Beneficial Owners of the aggregate principal amount of Class 4 Secured Notes Claims listed in Item 2 below;

or has been granted a proxy (an original of which is attached hereto) from a Nominee for the Beneficial Owner(s) of the Class 4 Secured Notes Claims or the Beneficial Owner itself of the aggregate amount of the Class 4 Secured Notes Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class 4 Secured Notes Claims described in Item 2 below.

2

**Item 2.  Tabulation and Transmittal of Beneficial Owner Class 4 Votes.**

       The undersigned certifies that the following Beneficial Owners listed in the table below (identified by their respective customer account numbers) (a) are Beneficial Owners of Class 4 Secured Notes Claims as of the Voting Record Date and (b) have delivered to the undersigned, as Nominee, duly completed, properly executed Ballots or instructions casting such votes.

| Your Customer Account Number for Each Beneficial Holder | Principal Amount of Class 4 Secured Notes Claims Voted in Item 2 of the Class 4 Beneficial Ballot | | | Item 3 of Class 4 Beneficial Ballot (Optional) Did Beneficial Holder Opt Out of Releases in Section 10.5 of Plan? |
|---|---|---|---|---|
| | To Accept the Plan | | To Reject the Plan | |
| | $ | **OR** | $ | ☐ |
| | $ | **OR** | $ | ☐ |
| | $ | **OR** | $ | ☐ |
| TOTALS: | | | | |

Please          attach          additional          sheets          if          necessary.

**Item 3.  Additional Ballots Submitted by Beneficial Holders.**

The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each individual Class 4 Beneficial Ballot received from a Beneficial Owner of a Class 4 Secured Notes Claim.

| Information to be Transcribed from Item 4 of Class 4 Beneficial Ballots Regarding Other Ballots Cast in Respect of Class 4 Secured Note Claims | | | | |
|---|---|---|---|---|
| Your Customer Account Number for the Beneficial Holder | Beneficial Holder's Name or Customer Account Number for Other Account | CUSIP or ISIN Number | Name of Broker, Dealer, or Other Agent or Nominee for Other Account (if applicable) | Principal Amount |
| | | | | |
| | | | | |
| | | | | |

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

Please attach additional sheets if necessary.

<u>Item 4</u>.  **Certifications.**

By signing this Master Ballot, the undersigned certifies to the Court and the Debtors that:

(a)    the undersigned has received a copy of the Solicitation Package, including the Class 4 Beneficial Ballots and has delivered the same to the Beneficial Owners of the Secured Notes as of the Voting Record Date, or has otherwise conveyed the information contained therein to the Beneficial Owners through usual customary means;

(b)    the undersigned has received a completed and signed Class 4 Beneficial Ballot from each Beneficial Owner of the Secured Notes listed in Item 2 of this Master Ballot, or has received the vote of such Beneficial Owner through other customary and accepted means;

(c)    the undersigned is the Nominee or Master Ballot Agent for the Beneficial Holder of the Secured Notes underlying the Class 4 Secured Notes Claims being voted;

(d)    the undersigned has been authorized by each Beneficial Owner of Secured Notes to vote on the Plan and to make applicable elections;

(e)    the undersigned has properly disclosed:

- the number of Beneficial Owners of Class 4 Secured Notes who completed Ballots;

- the respective amounts of the Class 4 Secured Notes Claims owned, as the case may be, by each such Beneficial Owner of Secured Notes who completed a Class 4 Beneficial Ballot;

- each Beneficial Owner's respective vote concerning the Plan;

- each Beneficial Owner's certification as to other Class 4 Secured Notes Claims voted; and

- the customer name, account number, or other identification number for each Beneficial Owner;

(f)    each Beneficial Owner of Class 4 Secured Notes has certified to the undersigned that it is eligible to vote on the Plan; and

(g)    the undersigned will maintain any Class 4 Beneficial Ballots and/or any alternate communication, correspondence, or other record of a conveyed vote returned by any Beneficial Owners of Class 4 Secured Notes (whether properly completed or defective)

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| Name of Proxy Holder or Agent for Nominee: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If Other Than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> TO:**

**Quiksilver Balloting Center**
**c/o Kurtzman Carson Consultants LLC**
**1290 Avenue of the Americas, 9th Floor,**
**New York, NY 10104**

by first class mail, courier, or overnight delivery service.

Telephone: (877) 833-4150 (U.S./Canada)
(917) 281-4800 (outside U.S./Canada)

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS MASTER BALLOT PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

5

| Class 4 — Secured Notes Claims |
| :---: |

### <u>INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT</u>

~~14~~1.    **The Court may confirm the Plan and thereby bind all Holders of Claims against and Interests in the Debtors. <u>Please review the Disclosure Statement.</u>**

~~15~~2.    **Balloting Options.** You can elect one of the following two (2) balloting options with respect to voting the Class 4 Secured Notes Claims of Beneficial Owners of Secured Notes:

a.    <u>Pre-Validate Ballots.</u> You may, at your option, elect to pre-validate the Class 4 Beneficial Ballot sent to you by the Solicitation Agent. If you choose the pre-validation option, you must immediately pre-validate the individual Class 4 Beneficial Ballot and deliver to the Beneficial Owner a Solicitation Package containing, in addition to the materials already in the Solicitation Package sent by the Solicitation Agent, (i) the pre-validated Ballot, (ii) a postage pre-paid return envelope addressed to the Solicitation Agent (address listed below) and (iii) clear instructions stating that holder must return their pre-validated Ballot directly to the Solicitation Agent in such return envelope so that the Solicitation Agent actually receives the pre-validated Beneficial Ballot prior to the Voting Deadline.

b.    <u>Non Pre-Validated Ballots.</u> If you do not elect to pre-validate the Class 4 Beneficial Ballots, you should immediately distribute Solicitation Packages, including the Class 4 Beneficial Ballots, to each Beneficial Owner of Class 4 Secured Notes Claims or otherwise convey the information thereon through customary means and take any action required to ensure each such Beneficial Owner timely votes their Class 4 Secured Notes Claims. To ensure that the vote cast by the Beneficial Owners of the Secured Notes held through you are counted toward confirmation of the Plan, upon receipt of completed, executed Class 4 Beneficial Ballots, you <u>must</u>: (i) complete your Master Ballot in accordance with Paragraph 3 below; (ii) retain each completed Class 4 Beneficial Ballot (or alternative communication conveying the vote) received by you from each Beneficial Owner in your files for a period of one year after the Effective Date of the Plan (in the event you are required to produce such Ballots to the Debtors or the Court); and (iii) sign, date and return your Master Ballot so that it is **actually** **received** by the Solicitation Agent prior to the Voting Deadline at:

> **Quiksilver Balloting Center**
> **c/o Kurtzman Carson Consultants LLC**
> **1290 Avenue of the Americas, 9th Floor,**
> **New York, NY 10104**
>
> by first class mail, courier, or overnight delivery service.
>
> Telephone: (877) 833-4150 (U.S./Canada)
> (917) 281-4800 (outside U.S./Canada)

~~16~~3.    **Complete Your Master Ballot.** You must properly complete the Master Ballot with respect to all Class 4 Beneficial Ballots returned to you by Beneficial Owners of Secured Notes as follows:

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

a.      **Item 1:** Check the appropriate box in Item 1 of the Master Ballot.

b.      **Item 2:** Compile, validate and indicate in each column in Item 2 of the Master Ballot the aggregate principal amount voted for each customer account number or other identification number assigned by you to each such Beneficial Owner. (Remember that (i) each account of a Beneficial Owner must vote all such Beneficial Owner's Class 4 Claims to accept or reject the Plan and may not split such vote and (ii) do not count any Ballot executed by the Beneficial Owner that does not indicate a vote to accept or reject the Plan or that indicates both a vote to accept or reject the Plan.)

c.      **Item 3:** Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Holder from Item 4 of each completed Class 4 Beneficial Ballot.  Please also include your customer account number for each entry in Item 3 of this Master Ballot

c.      **Item 4:** Review and complete the certification in Item 4 of the Master Ballot.

d.      **Execute and date your Master Ballot.** You must: sign and date your Master Ballot and provide the additional information requested.

17~~4~~.    **Master Ballots Not Counted.**  Any Class 4 Master Ballot (and votes transmitted thereon) received after the Voting Deadline will not be counted as a vote toward confirmation of the Plan (unless the Debtors extend the deadline with respect thereto).  **The following Master Ballots also will NOT be counted:**

➤   Any vote included on a Master Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, any collateral agent, or the Debtors' financial or legal advisors;

➤   Any Master Ballot sent by facsimile, e-mail, or any other electronic means;

➤   Any vote included on any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Class 4 Claim;

➤   Any vote included on any Master Ballot cast by an Entity that does not hold a Claim in Class 4;

➤   Any unsigned Master Ballot or Master Ballot lacking an original signature; and

➤   Any vote included on any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan.

18~~5~~.    **Delivery Methods.** The method of delivery of your Master Ballot to the Solicitation Agent is at your own election and risk. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually** **receives** the originally executed Master Ballot.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use an overnight or hand delivery service.  In all cases, you should allow sufficient time to assure timely delivery.  Ballots will not be accepted by email, facsimile or other electronic transmission.

196. **Master Ballot Limitations.** The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect thereto. At this time, Holders of Claims should not surrender to you any certificates or instruments representing their Class 4 Claims and you should not accept delivery of any such certificates or instruments surrendered together with any Class 4 Beneficial Ballot.

207. **Expense Reimbursement.** No fees or commissions or other remuneration will be payable to you for soliciting votes of Beneficial Owners of Secured Notes or tabulating votes transmitted on Class 4 Beneficial Ballots.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: (877) 833-4150, WITHIN THE U.S. OR CANADA, OR (917) 281-4800, OUTSIDE OF THE U.S. AND CANADA.**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTE(S) TRANSMITTED HEREBY WILL NOT BE COUNTED.**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

**EXHIBIT 3-B**

**Class 5-A Beneficial Ballot and Master Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                            :
                                                     :    Chapter 11
In re:                                               :
                                                     :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                           :
                                                     :    Jointly Administered
                                    Debtors.[1]      :
                                                     :    x
- - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

**BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND
DEBTORS IN POSSESSION**

**Class 5-A — Unsecured Notes Claims**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

**PLEASE FOLLOW THE VOTE DELIVERY INSTRUCTIONS PROVIDED BY YOUR
MASTER BALLOT AGENT. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO
YOUR MASTER BALLOT AGENT, PLEASE ALLOW SUFFICIENT TIME FOR YOUR
MASTER BALLOT AGENT TO RECEIVE AND PROCESS YOUR VOTE ON A MASTER
BALLOT AND RETURN THE MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED
BY THE SOLICITATION AGENT BEFORE 4:00 P.M. EASTERN TIME ON JANUARY 14,
2016 (THE "VOTING DEADLINE"). DO NOT RETURN THIS BENEFICIAL BALLOT
DIRECTLY TO THE SOLICITATION AGENT UNLESS SPECIFICALLY INSTRUCTED TO
BY YOUR MASTER BALLOT AGENT, OR IT WILL BE DEEMED INVALID.**

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra,
Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc.
(0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the
Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

-

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and
Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015
12:28:40 PM

The above-captioned debtors and debtors in possession (the "Debtors") are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 292526] (as may be amended from time to time and including all exhibits and supplements, the "Plan"). The *Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. —527] (as may be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") describes the Plan and provides information to assist you in deciding how to vote your Ballot. The Court has found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and has approved the Disclosure Statement and certain other materials related to the solicitation of acceptances of the Plan pursuant to an order (the "Disclosure Statement Order") [Docket No. —[•]] entered by the Court on [_____], 2015. The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

You are receiving this Ballot because, as of December 1, 2015 (the "Voting Record Date"), you are a Holder of a Class 5-A Unsecured Notes Claims under the Plan. Accordingly, you have a right to: (1) vote to accept or reject the Plan or (2) subject to the limitations set forth herein, opt-out of the third party release set forth in Article X of the Plan (the "Third Party Release"). If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

Your rights and your treatment under the Plan are described in the Disclosure Statement. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. The Disclosure Statement can be accessed via the Debtors' restructuring information website, http://www.kccllc.net/quiksilver (as well as copies of the Plan, Disclosure Statement Order, and certain other materials). If you desire paper copies, or if you need to obtain additional solicitation materials, you may contact the Debtors' Solicitation Agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"), by: (a) emailing Quiksilverinfo@kccllc.com; or (b) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada.

**Under separate cover, you have received or will shortly receive materials regarding the Unsecured Component of the Exit Rights Offering for Eligible Holders of Unsecured Notes.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, electing to opt-out of the Third Party Release, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please immediately contact your Master Ballot Agent or call the Solicitation Agent at the telephone number set forth above.

To ensure that your vote is counted, you must: (a) complete Item 1; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) complete Items 3 and 4, if applicable; (d) sign the certification in Item 5; and (e) and return this Ballot in accordance with your Master Ballot Agent's customary procedures for returning voting instructions. In particular, if you received a return envelope addressed to your Master Ballot Agent, return this Ballot to the address set forth on such enclosed pre-addressed envelope so that it is received by your Master Ballot Agent in

2

sufficient time for your Master Ballot Agent to submit a master ballot prior to the Voting Deadline, which is 4:00 p.m. Eastern Time on January 14, 2016. If your Master Ballot Agent pre-validates your Ballot you will be instructed to submit it directly to the Solicitation Agent.

**Item 1.** **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class 5-A Unsecured Notes Claims against the Debtors in the following aggregate unpaid principal amount (insert amount in box below):

| $_____ |
|:---:|

**Item 2.** **Vote on Plan.**

The Holder of the Class 5-A Unsecured Notes Claims against the Debtor set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

Any Ballot that is executed by the Holder of a Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

**Item 3.** **Optional Third Party Release Election.** Item 3 is to be completed <u>only</u> if you are <u>not voting to reject the Plan</u>.

The Holder of the Class 5-A Unsecured Notes Claims set forth in Item 1 hereby elects to:

| ☐ **OPT-OUT** OF THE THIRD PARTY RELEASE. |
|:---:|

**<u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:**

IF YOU VOTE TO **REJECT** THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASE. **<u>Do not complete this Item 3</u>**.

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASE, <u>UNLESS</u> YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT-OUT OF THE THIRD PARTY RELEASE AND RETURN THIS BALLOT TO (X) THE MASTER BALLOT AGENT SUCH THAT IT IS RECEIVED BY THE MASTER BALLOT AGENT IN TIME FOR THE MASTER BALLOT AGENT TO SUBMIT A MASTER BALLOT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> PRIOR TO THE VOTING DEADLINE OR (Y) ONLY IF SO INSTRUCTED BY YOUR MASTER BALLOT AGENT, THE SOLICITATION AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> PRIOR TO THE VOTING DEADLINE.

IF YOU **<u>ABSTAIN FROM VOTING ON</u>** THE PLAN AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT

3

LIMITATION, THE THIRD PARTY RELEASE, <u>UNLESS</u> YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT-OUT OF THE THIRD PARTY RELEASE AND RETURN THIS BALLOT (X) THE MASTER BALLOT AGENT SUCH THAT IT IS RECEIVED BY THE MASTER BALLOT AGENT IN TIME FOR THE MASTER BALLOT AGENT TO SUBMIT A MASTER BALLOT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> PRIOR TO THE VOTING DEADLINE OR (Y) ONLY IF SO INSTRUCTED BY YOUR MASTER BALLOT AGENT, THE SOLICITATION AGENT SO THAT  IT IS <u>ACTUALLY</u> <u>RECEIVED</u> PRIOR TO THE VOTING DEADLINE.

<p align="center"><u>**Article X of the Plan provides for the following Third Party Release:**</u></p>

**SECTION 10.5.  Release By Holders Of Claims And Interests.  As of the Effective Date, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Debtors, the Reorganized Debtors, their Estates, non-Debtor Affiliates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Chapter 11 Cases, the DIP Facilities, (except for the Excluded DIP Obligations), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors provided under any applicable law, rule, or regulation, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the DIP Credit Agreements, the Plan, the Disclosure Statement, the Plan Sponsor Agreement, the Backstop Commitment Letter, the Plan Supplement, the Rights Offerings, the Euro Notes Exchange Offer, the Exit Facility, any other Plan Transaction Document, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**For the avoidance of doubt, except as expressly provided herein, nothing in this Article 10.5 shall in any way affect the operation of Article 10.2 of the Plan, pursuant to section 1141(d) of the Bankruptcy Code.**

<p align="center" style="border:1px solid black;">IF YOUR BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE.</p>

<u>**Item 4**</u>.  **Other Ballots Cast**.

By returning this Ballot, Holder certifies that Holder has not submitted any other ballots for or on account of such Holder's Class 5-A Secured Note Claims held in other accounts or other record

<p align="center">4</p>

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

names, except for ballots for or on account of those Class 5-A Secured Note Claims identified in the following table (which you may use additional paper to supplement as necessary).

| Other Ballots Cast in Respect of Class 5-A Secured Note Claims | | | |
|---|---|---|---|
| Your Name or Customer Account Number for Other Account for Which a Ballot Has Been Submitted | CUSIP or ISIN Number | Name of Broker, Bank, Dealer or Other Agent or Nominee for Other Account for Which a Ballot has been Submitted (if applicable) | Principal Amount of Applicable Class 5-A Unsecured Notes Claims for Which Ballot has been Submitted |
| | | | |
| | | | |
| | | | |

**Item 5. Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)   either: (i) the undersigned is the Holder of the Class 5-A Unsecured Notes Claims being voted, or (ii) the undersigned is an authorized signatory for an Entity that is a Holder of the Class 5-A Unsecured Notes Claims being voted;

(b)   the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)   the Holder has cast the same vote with respect to all Class 5-A Unsecured Notes Claims; and

(d)   no other Ballots with respect to the amount of the Class 5-A Unsecured Notes Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
(Print or Type)

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If Other Than Holder)

Title: _____

Address: _____

_____

5

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

Date Completed:

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> TO YOUR MASTER BALLOT AGENT OR IN ACCORDANCE WITH THE INSTRUCTIONS FROM YOUR MASTER BALLOT AGENT.**

**IF YOUR MASTER BALLOT AGENT DOES NOT RECEIVE YOUR VOTE <u>IN SUFFICIENT TIME TO CAST YOUR VOTE PRIOR TO THE VOTING DEADLINE</u>, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE COUNTED.**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

| Class 5-A — Unsecured Notes Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

2~~1~~1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.   Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which accompany the Ballot.

2~~2~~2.    **The Court may confirm the Plan, and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.**

2~~3~~3.    To ensure that your vote is counted, you must:  (a) complete Item 1; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) complete Items 3 and 4, if applicable; (d) sign the certification in Item 5; and (e) and return this Ballot in accordance with your Master Ballot Agent's customary procedures for returning voting instructions.  In particular, if you received a return envelope addressed to your Master Ballot Agent, return this Ballot to the address set forth on such enclosed pre-addressed envelope so that it is received by your Master Ballot Agent in sufficient time for your Master Ballot Agent to submit a master ballot prior to the Voting Deadline, which is 4:00 p.m. Eastern Time on January 14, 2016. If your Master Ballot Agent pre-validates your Ballot you will be instructed to submit it directly to the Solicitation Agent.

2~~4~~4.    FOR ABSTAINING VOTERS ONLY. If you abstain from voting to accept or reject the Plan, you may nevertheless elect to opt-out of the third party release set forth in Article 10.5 of the Plan (the "Third Party Release") by clearly indicating your decision to opt-out of the Third Party Release by checking the box provided in Item 3 of the Ballot.  The Ballot must then be: (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Solicitation Procedures that were included in the Solicitation Package) and (b) returned to (x) the Master Ballot Agent such that it is received by the Master Ballot Agent in time for the Master Ballot Agent to submit a master ballot so that it is **actually received** prior to the Voting Deadline or (y) only if so instructed by your Master Ballot Agent, the Solicitation Agent so that it is **actually received** prior to the Voting Deadline.

2~~5~~5.    FOR ACCEPTING VOTERS ONLY.  If you vote to accept the Plan, you may nevertheless elect to opt-out of the Third Party Release set forth in Article 10.5 of the Plan by clearly indicating your decision to opt-out of the Third Party Release by checking the box provided in Item 3 of the Ballot.  The Ballot must then be: (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Solicitation Procedures that were included in the Solicitation Package) and (b) returned to (x) the Master Ballot Agent such that it is received by the Master Ballot Agent in time for the Master Ballot Agent to submit a master ballot so that it is **actually received** prior to the Voting Deadline or (y) only if so instructed by

-

your Master Ballot Agent, the Solicitation Agent so that  it is **actually** **received** prior to the Voting Deadline.

266. If a Ballot is not returned to (x) the Master Ballot Agent such that it is received by the Master Ballot Agent in time for the Master Ballot Agent to submit a master ballot so that it is **actually** **received** prior to the Voting Deadline or (y) only if so instructed by your Master Ballot Agent, the Solicitation Agent so that  it is **actually** **received** prior to the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted <u>unless</u> otherwise determined by the Debtors, with the consent of the Plan Sponsor.  Additionally, the following **Ballots will NOT be counted:**

> ➢ any Ballot that partially rejects and partially accepts the Plan;

> ➢ Ballots sent to the Debtors, the Debtors' agents, any indenture trustee, or the Debtors' financial or legal advisors;

> ➢ Ballots sent by facsimile, e-mail, or any other electronic means, except as instructed by your Master Ballot Agent;

> ➢ any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

> ➢ any unsigned Ballot or Ballot lacking an original signature;

> ➢ any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan;

> ➢ any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

> ➢ any Ballot cast for a Claim scheduled as contingent, unliquidated, or disputed for which the applicable Bar Date has passed and no proof of claim was timely filed; and

> ➢ any Ballot submitted by any Entity otherwise not entitled to vote pursuant to the Solicitation Procedures.

277. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

288. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

299. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and, subject to the limitations set forth in the Ballot, opt-out of the

2

Third Party Release. Accordingly, at this time, Holders of Claims should not surrender Certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Solicitation Agent will accept delivery of any such Certificates or instruments surrendered together with a Ballot.

3010. This Ballot does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

3111. Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

3212. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

3313. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors.

**PLEASE RETURN YOUR BALLOT PROMPTLY BY FOLLOWING THE VOTING PROCEDURES PROVIDED BY YOUR MASTER BALLOT AGENT!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL YOUR MASTER BALLOT AGENT OR THE SOLICITATION AGENT AT: (877) 709-4757 WITHIN THE U.S. OR CANADA OR, OUTSIDE OF THE U.S. AND CANADA, (424) 236-7235.**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                          :
                                                   :   Chapter 11
In re:                                             :
                                                   :   Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                        :
                                                   :   Jointly Administered
                              Debtors.[1]          :
                                                   x
- - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## MASTER BALLOT FOR NOMINEES OF BENEFICIAL HOLDERS FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

### Class 5-A — Unsecured Notes Claims

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS MASTER BALLOT.

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016 (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (the "Debtors") are soliciting votes with respect to the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 292526] (as may be amended from time to time and including all exhibits and supplements, the "Plan"), as described  in the *Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. —527] (as may be amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement").  The Court has found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and has approved the Disclosure Statement and certain

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

-

other materials related to the solicitation of acceptances of the Plan pursuant to an order (the "Disclosure Statement Order") [Docket No. —[•]] entered by the Court on [_____], 2015.  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

You are receiving this Master Ballot because you have been identified as a Nominee (*i.e.*, a broker, dealer, commercial bank, trust company or other agent or DTC Participating Nominee) holding 10.00% Senior Unsecured Notes due 2020 issued by certain of the Debtors (the "Unsecured Notes") on behalf of the Beneficial Owners as of December 1, 2015 (the "Voting Record Date").  This Master Ballot is to be used by you only to transmit the votes on the Ballots of Holders of Class 5-A Unsecured Notes Claims (the "Class 5-A Beneficial Ballots") to Kurtzman Carson Consultants LLC (the "Solicitation Agent"), and for no other purpose. This Master Ballot must be completed, executed and delivered to the Solicitation Agent by the Voting Deadline in accordance with the accompanying instructions.

If you believe you have received this Master Ballot in error, or if you require additional materials or have questions with respect to anything set forth in this Master Ballot or the accompanying instructions, please contact the Solicitation Agent immediately at (877) 833-4150, within the U.S. or Canada, or (917) 281-4800, outside of the U.S. or Canada.  Printed copies of the solicitation materials are available at the Debtors' restructuring information website, http://www.kccllc.net/quiksilver, and will be provided upon request to the Solicitation Agent by phone or by email at Quiksilverinfo@kccllc.com at no cost.

The procedures for the solicitation and tabulation of votes on the Plan, in addition to other important information regarding the Plan and the balloting process, are described in more detail in the solicitation procedures  attached as Exhibit 5 to the Disclosure Statement Order (the "Solicitation Procedures") and are also is available at the Debtors' restructuring information website, http://www.kccllc.net/quiksilver.

## Item 1.  Certification of Authority to Vote.

The undersigned certifies that, as of the Voting Record Date, December 1, 2015, the undersigned (please check the applicable box):

is a Nominee for the Beneficial Owners of the aggregate principal amount of Class 5-A Unsecured Notes Claims listed in Item 2 below;

is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee for the Beneficial Owners of the aggregate principal amount of Class 5-A Unsecured Notes Claims listed in Item 2 below;

or has been granted a proxy (an original of which is attached hereto) from a Nominee for the Beneficial Owner(s) of the Class 5-A Unsecured Notes Claims or the Beneficial Owner itself of the aggregate amount of the Class 5-A Unsecured Notes Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class 5-A Unsecured Notes Claims described in Item 2 below.

2

**Item 2.**  **Tabulation and Transmittal of Beneficial Owner Class 5-A Votes.**

The undersigned certifies that the following Beneficial Owners listed in the table below (identified by their respective customer account numbers) (a) are Beneficial Owners of Class 5-A Unsecured Notes Claims as of the Voting Record Date and (b) have delivered to the undersigned, as Nominee, duly completed, properly executed Ballots or instructions casting such votes.

| Your Customer Account Number for Each Beneficial Holder | Principal Amount of Class 5-A Unsecured Notes Claims Voted in Item 2 of the Class 5-A Beneficial Ballot | | | Item 3 of Class 5-A Beneficial Ballot (Optional)<br><br>Did Beneficial Holder Opt Out of Releases in Section 10.5 of Plan? |
| --- | --- | --- | --- | --- |
| | To Accept the Plan | | To Reject the Plan | |
| | $ | **OR** | $ | ☐ |
| | $ | **OR** | $ | ☐ |
| | $ | **OR** | $ | ☐ |
| TOTALS: | | | | |

Please          attach          additional          sheets          if          necessary.

**Item 3.**  **Additional Ballots Submitted by Beneficial Holders**.

The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each individual Class 5-A Beneficial Ballot received from a Beneficial Owner of a Class 5-A Unsecured Notes Claim.

| Information to be Transcribed from Item 4 of Class 5-A Beneficial Ballots Regarding Other Ballots Cast in Respect of Class 5-A Secured Note Claims | | | | |
| --- | --- | --- | --- | --- |
| Your Customer Account Number for the Beneficial Holder | Beneficial Holder's Name or Customer Account Number for Other Account | CUSIP or ISIN Number | Name of Broker, Dealer, or Other Agent or Nominee for Other Account (if applicable) | Principal Amount |
| | | | | |
| | | | | |
| | | | | |

3

Please attach additional sheets if necessary.

**Item 4.  Certifications.**

By signing this Master Ballot, the undersigned certifies to the Court and the Debtors that:

(a)  the undersigned has received a copy of the Solicitation Package, including the Class 5-A Beneficial Ballots and has delivered the same to the Beneficial Owners of the Unsecured Notes as of the Voting Record Date, or has otherwise conveyed the information contained therein to the Beneficial Owners through usual customary means;

(b)  the undersigned has received a completed and signed Class 5-A Beneficial Ballot from each Beneficial Owner of the Unsecured Notes listed in Item 2 of this Master Ballot, or has received the vote of such Beneficial Owner through other customary and accepted means;

(c)  the undersigned is the Nominee or Master Ballot Agent for the Beneficial Holder of the Unsecured Notes underlying the Class 5-A Unsecured Notes Claims being voted;

(d)  the undersigned has been authorized by each Beneficial Owner of Unsecured Notes to vote on the Plan and to make applicable elections;

(e)  the undersigned has properly disclosed:

- the number of Beneficial Owners of Class 5-A Unsecured Notes who completed Ballots;

- the respective amounts of the Class 5-A Unsecured Notes Claims owned, as the case may be, by each such Beneficial Owner of Unsecured Notes who completed a Class 5-A Beneficial Ballot;

- each Beneficial Owner's respective vote concerning the Plan;

- each Beneficial Owner's certification as to other Class 5-A Unsecured Notes Claims voted; and

- the customer name, account number, or other identification number for each Beneficial Owner;

(f)  each Beneficial Owner of Class 5-A Unsecured Notes has certified to the undersigned that it is eligible to vote on the Plan; and

(g)  the undersigned will maintain any Class 5-A Beneficial Ballots and/or any alternate communication, correspondence, or other record of a conveyed vote returned by any Beneficial Owners of Class 5-A Unsecured Notes (whether properly completed or

4

defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| Name of Proxy Holder or Agent for Nominee: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If Other Than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> TO:**

> **Quiksilver Balloting Center**
> **c/o Kurtzman Carson Consultants LLC**
> **1290 Avenue of the Americas, 9th Floor,**
> **New York, NY 10104**
>
> by first class mail, courier, or overnight delivery service.
>
> Telephone: (877) 833-4150 (U.S./Canada)
> (917) 281-4800 (outside U.S./Canada)

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS MASTER BALLOT PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

| Class 5-A — Unsecured Notes Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

~~34~~1.    **The Court may confirm the Plan and thereby bind all Holders of Claims against and Interests in the Debtors. Please review the Disclosure Statement.**

~~35~~2.    **Balloting Options.** You can elect one of the following two (2) balloting options with respect to voting the Class 5-A Unsecured Notes Claims of Beneficial Owners of Unsecured Notes:

a.    <u>Pre-Validate Ballots.</u> You may, at your option, elect to pre-validate the Class 5-A Beneficial Ballot sent to you by the Solicitation Agent. If you choose the pre-validation option, you must immediately pre-validate the individual Class 5-A Beneficial Ballot and deliver to the Beneficial Owner a Solicitation Package containing, in addition to the materials already in the Solicitation Package sent by the Solicitation Agent, (i) the pre-validated Ballot, (ii) a postage pre-paid return envelope addressed to the Solicitation Agent (address listed below) and (iii) clear instructions stating that holder must return their pre-validated Ballot directly to the Solicitation Agent in such return envelope so that the Solicitation Agent actually receives the pre-validated Beneficial Ballot prior to the Voting Deadline.

b.    <u>Non Pre-Validated Ballots.</u> If you do not elect to pre-validate the Class 5-A Beneficial Ballots, you should immediately distribute Solicitation Packages, including the Class 5-A Beneficial Ballots, to each Beneficial Owner of Class 5-A Unsecured Notes Claims or otherwise convey the information thereon through customary means and take any action required to ensure each such Beneficial Owner timely votes their Class 5-A Unsecured Notes Claims. To ensure that the vote cast by the Beneficial Owners of the Unsecured Notes held through you are counted toward confirmation of the Plan, upon receipt of completed, executed Class 5-A Beneficial Ballots, you <u>must</u>: (i) complete your Master Ballot in accordance with Paragraph 3 below; (ii) retain each completed Class 5-A Beneficial Ballot (or alternative communication conveying the vote) received by you from each Beneficial Owner in your files for a period of one year after the Effective Date of the Plan (in the event you are required to produce such Ballots to the Debtors or the Court); and (iii) sign, date and return your Master Ballot so that it is **actually received** by the Solicitation Agent prior to the Voting Deadline at:

> **Quiksilver Balloting Center**
> **c/o Kurtzman Carson Consultants LLC**
> **1290 Avenue of the Americas, 9th Floor,**
> **New York, NY 10104**
>
> by first class mail, courier, or overnight delivery service.
>
> Telephone: (877) 833-4150 (U.S./Canada)
> (917) 281-4800 (outside U.S./Canada)

36<s>3</s>. **Complete Your Master Ballot.** You must properly complete the Master Ballot with respect to all Class 5-A Beneficial Ballots returned to you by Beneficial Owners of Unsecured Notes as follows:

   a.  **Item 1:** Check the appropriate box in Item 1 of the Master Ballot.

   b.  **Item 2:** Compile, validate and indicate in each column in Item 2 of the Master Ballot the aggregate principal amount voted for each customer account number or other identification number assigned by you to each such Beneficial Owner. (Remember that (x) each account of a Beneficial Owner must vote all such Beneficial Owner's Class 5-A Claims to accept or reject the Plan and may not split such vote and (y) do not count any Ballot executed by the Beneficial Owner that does not indicate a vote to accept or reject the Plan or that indicates both a vote to accept or reject the Plan.)

   c.  **Item 3:** Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each Beneficial Holder from Item 4 of each completed Class 5-A Beneficial Ballot.  Please also include your customer account number for each entry in Item 3 of this Master Ballot

   c.  **Item 4:** Review and complete the certification in Item 4 of the Master Ballot.

   d.  **Execute and date your Master Ballot.** You must: sign and date your Master Ballot and provide the additional information requested.

37<s>4</s>. **Master Ballots Not Counted.**  Any Class 5-A Master Ballot (and votes transmitted thereon) received after the Voting Deadline will not be counted as a vote toward confirmation of the Plan (unless the Debtors extend the deadline with respect thereto).  **The following Master Ballots also will NOT be counted:**

   ➢  Any vote included on a Master Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors;

   ➢  Any Master Ballot sent by facsimile, e-mail, or any other electronic means;

   ➢  Any vote included on any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Class 5-A Claim;

   ➢  Any vote included on any Master Ballot cast by an Entity that does not hold a Claim in Class 5-A;

   ➢  Any unsigned Master Ballot or Master Ballot lacking an original signature; and

   ➢  Any vote included on any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan.

385.    **Delivery Methods.** The method of delivery of your Master Ballot to the Solicitation Agent is at your own election and risk. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Master Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use an overnight or hand delivery service.  In all cases, you should allow sufficient time to assure timely delivery.  Ballots will not be accepted by email, facsimile or other electronic transmission.

396.    **Master Ballot Limitations.** The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect thereto. At this time, Holders of Claims should not surrender to you any certificates or instruments representing their Class 5-A Claims and you should not accept delivery of any such certificates or instruments surrendered together with any Class 5-A Beneficial Ballot.

407.    **Expense Reimbursement.** No fees or commissions or other remuneration will be payable to you for soliciting votes of Beneficial Owners of Unsecured Notes or tabulating votes transmitted on Class 5-A Beneficial Ballots.


**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: (877) 833-4150, WITHIN THE U.S. OR CANADA, OR (917) 281-4800, OUTSIDE OF THE U.S. AND CANADA.**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTE(S) TRANSMITTED HEREBY WILL NOT BE COUNTED.**

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

# **EXHIBIT 3-C**

## **Class 5-B Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                             :
                                                      :    Chapter 11
In re:                                                :
                                                      :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                            :
                                                      :    Jointly Administered
                              Debtors.[1]              :
                                                      :    x
- - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

### Class 5-B – General Unsecured Claims

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS BALLOT CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT
IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO
4:00 P.M. EASTERN TIME ON JANUARY 14, 2016 (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") are soliciting votes with respect to the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. ~~292~~526] (as may be amended from time to time and including all exhibits and supplements, the "<u>Plan</u>").  The *Second Amended* Disclosure Statement With Respect to the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. ~~——~~527] (as may be amended from time to time and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>") describes the Plan and provides information to assist you in deciding how to vote your Ballot.  The Court has found that the Disclosure Statement contains "adequate information" as set forth in section

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

1125 of the Bankruptcy Code and has approved the Disclosure Statement and certain other materials related to the solicitation of acceptances of the Plan pursuant to an order (the "Disclosure Statement Order") [Docket No. —[•]] entered by the Court on [_____], 2015.  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

You are receiving this Ballot because the Debtors' records indicate that, as of December 1, 2015 (the "Voting Record Date"), you are a direct Holder of Class 5-B General Unsecured Claims under the Plan.  Accordingly, you have a right to: (1) vote to accept or reject the Plan and (2) subject to the limitations set forth herein, opt-out of the third party release set forth in Article X of the Plan (the "Third Party Release").  If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

Your rights and your treatment under the Plan are described in the Disclosure Statement.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. The Disclosure Statement can be accessed via the Debtors' restructuring information website, http://www.kccllc.net/quiksilver (as well as copies of the Plan, Disclosure Statement Order, and certain other materials).  If you desire paper copies, or if you need to obtain additional solicitation materials, you may contact the Debtors' Solicitation Agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"), by: (a) emailing Quiksilverinfo@kccllc.com; or (b) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, electing to opt-out of the Third Party Release, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately at the telephone number set forth above.

To ensure that your vote is counted, you must: (a) complete Item 1; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) complete Item 3, if applicable; (d) sign the certification in Item 4; and (e) return this Ballot to the address set forth on the enclosed pre-addressed envelope so that it is actually received by the Solicitation Agent prior to the Voting Deadline, which is 4:00 p.m. Eastern Time on January 14, 2016.

41.    **Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class 5-B General Unsecured Claims against the Debtors in the following aggregate unpaid principal amount:

$_____

42.    **Item 2. Vote on Plan.**

The Holder of the Class 5-B General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check one):

3

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

Any Ballot that is executed by the Holder of a Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

~~43.~~ **Item 3. Optional Third Party Release Election.** Item 3 is to be completed <u>only</u> if you are <u>not</u> <u>voting to reject the Plan</u>.

The Holder of the Class 5-B General Unsecured Claims set forth in Item 1 hereby elects to:

| ☐    **OPT-OUT** OF THE THIRD PARTY RELEASE. |
|---|

**<u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:**

IF YOU VOTE TO **REJECT** THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASE.  **<u>Do not complete this Item 3</u>**.

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASE, <u>UNLESS</u> YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT-OUT OF THE THIRD PARTY RELEASE AND RETURN THIS BALLOT TO THE SOLICITATION AGENT SUCH THAT IS IT <u>ACTUALLY RECEIVED</u> PRIOR TO THE VOTING DEADLINE.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASE, <u>UNLESS</u> YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT-OUT OF THE THIRD PARTY RELEASE AND RETURN THIS BALLOT TO THE SOLICITATION AGENT SUCH THAT IS IT <u>ACTUALLY RECEIVED</u> PRIOR TO THE VOTING DEADLINE.

**<u>Article X of the Plan provides for the following Third Party Release</u>:**

**SECTION 10.5.   Release By Holders Of Claims And Interests.  As of the Effective Date, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Debtors, the Reorganized Debtors, their Estates, non-Debtor Affiliates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Chapter 11 Cases, the DIP Facilities, <u>(except for the Excluded DIP Obligations),</u> the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the DIP Credit Agreements, the Plan, the Disclosure**

4

**Statement, the Plan Sponsor Agreement, the Backstop Commitment Agreement, the Plan Supplement, the Exit Facility, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**For the avoidance of doubt, except as expressly provided herein, nothing in this Article 10.5 shall in any way affect the operation of Article 10.2 of the Plan, pursuant to section 1141(d) of the Bankruptcy Code.**

IF YOUR BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE

44~~7~~8. **Item 4. Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     either: (i) the undersigned is the Holder of the Class 5-B General Unsecured Claims being voted, or (ii) the undersigned is an authorized signatory for an Entity that is the Holder of the Class 5-B General Unsecured Claims being voted;

(b)     the Holder has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Holder has cast the same vote with respect to all Class 5-B General Unsecured Claims; and

(d)     no other Ballots with respect to the amount of the Class 5-B General Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

| Name of Holder: | |
|---|---|
| | (Print or Type) |
| Social Security (Last 4 Digits) or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If Other Than Holder) |
| Title: | |

5

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED TO:**

**Quiksilver Balloting Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Ave
El Segundo, CA 90245**

by first class mail, courier, or overnight delivery service.

Telephone: (877) 709-4757 (U.S./Canada)
(424) 236-7235 (outside U.S./Canada)

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BALLOT PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE OR ELECTION TRANSMITTED HEREBY WILL NOT BE COUNTED.**

6

| Class 5-B — General Unsecured Claims |
|:---:|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

45<u>1</u>.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

46<u>2</u>.    **The Court may confirm the Plan and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.**

47<u>3</u>.    To ensure that your vote is counted, you must: (a) complete Item 1; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) complete Item 3, if applicable; (d) sign the certification in Item 4; <u>and</u> (e) return this Ballot to the address set forth on the enclosed pre-addressed envelope so that it is <u>actually</u> <u>received</u> by the Solicitation Agent prior to the Voting Deadline, which is 4:00 p.m. Eastern Time on January 14, 2016.

48<u>4</u>.    FOR ABSTAINING VOTERS ONLY. If you abstain from voting to accept or reject the Plan, you may nevertheless elect to opt-out of the third party release set forth in Article 10.5 of the Plan (the "<u>Third Party Release</u>") by clearly indicating your decision to opt-out of the Third Party Release by checking the box provided in Item 3 of the Ballot. The Ballot must then be (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Solicitation Procedures that were included in the Solicitation Package) and (b) returned to the Solicitation Agent such that it is **actually** **received** by the Solicitation Agent prior to the Voting Deadline.

49<u>5</u>.    FOR ACCEPTING VOTERS ONLY. If you vote to accept the Plan, you may nevertheless elect to opt-out of the Third Party Release set forth in Article 10.5 of the Plan by clearly indicating your decision to opt-out of the Third Party Release by checking the box provided in Item 3 of the Ballot. The Ballot must then be (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Solicitation Procedures that were included in the Solicitation Package) and (b) returned to the Solicitation Agent such that it is **actually** **received** by the Solicitation Agent prior to the Voting Deadline.

50<u>6</u>.    If a Ballot is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted <u>unless</u> otherwise determined by the Debtors, with the consent of the Plan Sponsor. Additionally, the following **Ballots will NOT be counted:**

       ➤   any Ballot that partially rejects and partially accepts the Plan;

➢ Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors;

➢ Ballots sent by facsimile, e-mail, or any other electronic means;

➢ any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

➢ any unsigned Ballot or Ballot lacking an original signature;

➢ any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan;

➢ any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

➢ any Ballot cast for a Claim scheduled as contingent, unliquidated, or disputed for which the applicable Bar Date has passed and no proof of claim was timely filed; and

➢ any Ballot submitted by any Entity otherwise not entitled to vote pursuant to the Solicitation Procedures.

5~~1~~7. The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders of Claims use an overnight or hand delivery service.  In all cases, Holders of Claims should allow sufficient time to assure timely delivery.  Ballots will not be accepted by email, facsimile or other electronic transmission.

5~~2~~8. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

5~~3~~9. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5~~4~~10. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and, subject to the limitations set forth in the Ballot, opt-out of the Third Party Release.  Accordingly, at this time, Holders of Claims should not surrender Certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Solicitation Agent will accept delivery of any such Certificates or instruments surrendered together with a Ballot.

2

5511.    This Ballot does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

5612.    <u>Please be sure to sign and date your Ballot.</u> If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

5713.    If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

5814.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors.

<p align="center"><u>**PLEASE MAIL YOUR BALLOT PROMPTLY!**</u></p>

<p align="center">**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT (877) 709-4757, WITHIN THE U.S. OR CANADA, OR (424) 236-7235, OUTSIDE OF THE U.S. AND CANADA.**</p>

<p align="center">**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**</p>

<p align="center">**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. EASTERN TIME ON JANUARY 14, 2016, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE OR ELECTION TRANSMITTED HEREBY WILL NOT BE COUNTED.**</p>

4

**EXHIBIT 4-A**

**Notice of Non-Voting Status With Respect to Unclassified
Claims and Unimpaired Classes Presumed to Accept the Plan**

-

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and
Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015
12:28:40 PM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                           :
                                                    :   Chapter 11
In re:                                              :
                                                    :   Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                          :
                                                    :   Jointly Administered
                        Debtors.[1]                 :
                                                    :   x
- - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED CLAIMS AND UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2015, the United States Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. ⸺[•]] (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Second Amended* Disclosure Statement With Respect to the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. ⸺527] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 292526] (as amended from time to time and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit acceptances or rejections

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

-

of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

The Plan, Disclosure Statement, Disclosure Statement Order, and other documents and materials included in the Solicitation Package (except the Ballots) may be obtained from the Debtors' solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"), by: (a) accessing the Debtors' restructuring website at http://www.kccllc.net/quiksilver, (b) emailing QuiksilverInfo@kccllc.com, or (c) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada.

You are receiving this notice because, under the terms of either Article II or Article III of the Plan: (a) your Claims are unclassified pursuant to section 1123(a)(1) of the Bankruptcy Code under the Plan; or (b) your Claims are Unimpaired and, therefore, in accordance with section 1126(f) of the Bankruptcy Code, you are (i) presumed to have accepted the Plan and (ii) not entitled to vote on the Plan.

Accordingly, the Debtors have made available to you a copy of (a) this notice, and (b) the *Notice of (A) Approval of Adequacy of Disclosure Statement, (B) Solicitation and Notice Procedures, (C) Objection and Voting Deadlines, and (D) the Hearing to Confirm the Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* for informational purposes.

If you have any questions about the status of your Claims, you should contact the Solicitation Agent in accordance with the instructions provided above.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

## EXHIBIT 4-B

**Notice of Non-Voting Status With Respect to Classes Deemed to Reject the Plan**

-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                       :
                                                :    Chapter 11
In re:                                          :
                                                :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                     :
                                                :    Jointly Administered
                              Debtors.[1]       :
                                                x
- - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## NOTICE OF NON-VOTING STATUS WITH RESPECT
## TO CLASSES DEEMED TO REJECT THE PLAN

     **PLEASE TAKE NOTICE THAT** on [_____], 2015, the United States Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. —[•]] (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Second Amended* Disclosure Statement With Respect to the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. —527] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 292526] (as amended from time to time and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit acceptances or rejections

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

-

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

The Plan, Disclosure Statement, Disclosure Statement Order, and other documents and materials included in the Solicitation Package (except the Ballots) may be obtained from the Debtors' solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"), by: (a) accessing the Debtors' restructuring website at http://www.kccllc.net/quiksilver, (b) emailing QuiksilverInfo@kccllc.com, or (c) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada.

You are receiving this notice because, under the terms of Article III of the Plan, you are not entitled to receive any distribution or retain any property on account of your Claims against, or Interests in, the Debtors.  In accordance with section 1126(g) of the Bankruptcy Code, you are (a) deemed to have rejected the Plan and (b) not entitled to vote on the Plan.

Accordingly, the Debtors have provided you with a copy of (a) this notice, and (b) the *Notice of (A) Approval of Adequacy of Disclosure Statement, (B) Solicitation and Notice Procedures, (C) Objection and Voting Deadlines, and (D) the Hearing to Confirm the Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* for informational purposes.

If you have any questions about the status of your Claims or Interests, you should contact the Solicitation Agent in accordance with the instructions provided above.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

# EXHIBIT 4-C

**Executory Contract and Unexpired Lease Notice**

-

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - :
                                               :    Chapter 11
In re:                                         :
                                               :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                    :
                                               :    Jointly Administered
                              Debtors.[1]      :
                                               x
- - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## NOTICE TO CONTRACT AND LEASE PARTIES

     **PLEASE TAKE NOTICE THAT** on [_____], 2015, the United States Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. —[•]] (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. —527] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. ~~292~~526] (as amended from time to time and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

-

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

The Plan, Disclosure Statement, Disclosure Statement Order, and other documents and materials included in the Solicitation Package (except the Ballots) may be obtained from the Debtors' solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"), by: (a) accessing the Debtors' restructuring website at http://www.kccllc.net/quiksilver, (b) emailing QuiksilverInfo@kccllc.com, or (c) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada.

You are receiving this notice because the Debtors' records indicate that you are a counterparty to an Executory Contract or Unexpired Lease with the Debtors that has not been assumed or rejected as of December 1, 2015 (the "Voting Record Date").

Accordingly, the Debtors have provided you with a copy of (a) this notice, and (b) the *Notice of (A) Approval of Adequacy of Disclosure Statement, (B) Solicitation and Notice Procedures, (C) Objection and Voting Deadlines, and (D) the Hearing to Confirm the Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* for informational purposes.

**PLEASE TAKE FURTHER NOTICE THAT** Article VII of the Plan sets forth the Debtors' proposed treatment of Executory Contracts and Unexpired Leases and the related procedures for establishing cure amounts, if applicable.

**PLEASE TAKE FURTHER NOTICE THAT**, with respect to Executory Contracts and Unexpired Leases rejected pursuant to the Plan, unless otherwise provided by a Court order, any proofs of Claim asserting Claims arising from such rejection must be filed with the Solicitation Agent no later than 30 days after the later of the Effective Date or the effective date of rejection. Any proofs of Claim arising from the rejection of the Executory Contracts or Unexpired Leases that are not timely filed shall be disallowed automatically and forever barred, estopped, and enjoined from assertion and shall not be enforceable against any of the Reorganized Debtors, without the need for any objection by the Reorganized Debtors or any further notice to or action, order, or approval of the Court, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a proof of Claim to the contrary. All Allowed Claims arising from the rejection of the Executory Contracts and Unexpired Leases shall be classified as General Unsecured Claims.

**PLEASE TAKE FURTHER NOTICE THAT**, with respect to Executory Contracts and Unexpired Leases assumed pursuant to the Plan, the Debtors shall provide a notice of the proposed cure amount and procedures for objecting thereto in accordance with the procedures set forth in the Plan and the Confirmation Order shall constitute an order of the Court approving such assumptions pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT** prior to the Effective Date, the Debtors may, with the consent of the Plan Sponsor, amend their decision with respect to the assumption or rejection of any Executory Contract or Unexpired Lease.

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

**EXHIBIT 5**

**Solicitation Procedures**

-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - :
                                           :    Chapter 11
In re:                                     :
                                           :    Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                 :
                                           :    Jointly Administered
                        Debtors.[1]         :
                                           x
- - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## SOLICITATION PROCEDURES

On [_____], 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. —[•]] (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Second Amended* Disclosure Statement With Respect to the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. —527] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Second Amended* Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 292526] (as amended from time to time and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable. Copies of the Plan and the Disclosure Statement may be obtained by: (a) accessing the Debtors' restructuring website at http://www.kccllc.net/quiksilver, (b) emailing QuiksilverInfo@kccllc.com; or (c) calling the Debtors' restructuring hotline at (877) 709-4757 within the U.S. or Canada or, outside of the U.S. or Canada, (424) 236-7235.

-

1040996.01 CHISR02A  MSW

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

**A.      The Voting Record Date**

The Court has approved December 1, 2015, as the record date for purposes of determining which Holders of Claims in Classes 4, 5-A, and 5-B are entitled to vote on the Plan (the "Voting Record Date").

**B.      The Voting Deadline**

The Court has approved **January 14, 2016, at 4:00 p.m. Eastern Time,** as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline without further order of the Court.  To be counted as votes to accept or reject the Plan, all Ballots and Master Ballots must be properly executed, completed, and delivered by (a) first class mail; (b) courier; or (c) personal delivery so that they are actually received, in any case, no later than the Voting Deadline by the Debtors' notice, claims, and solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent" or "KCC").

**C.      Form, Content, and Manner of Notices**

1.       The Solicitation Package. The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.       the *Notice of (A) Approval of Adequacy of Disclosure Statement, (B) Solicitation and Notice Procedures, (C) Objection and Voting Deadlines, and (D) the Hearing to Confirm the Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (the "Confirmation Hearing Notice");

b.       the appropriate Ballot(s) and applicable voting instructions, together with a pre-addressed, postage pre-paid return envelope;

c.       a CD-ROM containing the Plan, the Disclosure Statement and the Disclosure Statement Order;[3] and

d.       any supplemental solicitation materials the Debtors may file with the Court.

2.       Distribution of the Solicitation Package.

---

[3]      The Debtors reserve the right to send paper copies of any documents, if preferred.

1040996.01 CHISR02A - MSW

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

Copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan may be accessed through the Debtors' restructuring information website, http://www.kccllc.net/quiksilver.  The applicable Ballots shall be sent in paper form along with a copy of the Confirmation Hearing Notice. Any Holder of a Claim or Interest may obtain a paper copy of the documents by: (a) emailing QuiksilverInfo@kccllc.com or (b) calling the Debtors' restructuring hotline at (877) 709-4757 within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada.  If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.[4]

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding Ballots) on (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; (f) counsel to the official committee of unsecured creditors; (g) the SEC; (h) the Internal Revenue Service; (i) the United States Attorney for the District of Delaware; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

In addition, the Debtors will mail, or cause to be mailed, the Solicitation Package with the appropriate Ballot(s) to any of the Entities listed in subparagraphs a-d below, to the extent they are a member of a Voting Class as of the Voting Record Date (collectively, the "Voting Claimants"):

> a.  All Entities who, on or before the Voting Record Date, have timely filed a proof of claim (or an untimely proof of claim which has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that (i) has not been expunged, disallowed, disqualified, or suspended prior to the Voting Record Date and (ii) is not the subject of an objection pending as of the Voting Record Date, or an objection filed no later than December 31, 2015 (the "Claims Voting Objection Deadline"); provided, however, that the Holder of a Claim that is the subject of a pending objection on a reduce and allow and/or reclassify basis shall receive a Solicitation Package based on such Claim in the amount and/or the classification sought in the objection;

> b.  all Entities listed in the Schedules as holding a noncontingent, liquidated, undisputed Claim as of the Voting Record Date, except to the extent

---

[4]   The Ballots are not available on the Debtors' restructuring website. Holders of Claims must contact the Solicitation Agent directly by telephone or email in order to obtain a Ballot.

1040996.01 CHISR02A - MSW
Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

that such Claim was paid, expunged, disallowed, disqualified, or suspended prior to the Voting Record Date;

c.    all Entities that hold Claims pursuant to an agreement or settlement with the Debtors executed prior to the Voting Record Date, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court, regardless of whether a proof of claim has been filed; and

d.    with respect to any entity described in subparagraphs a-c above who, on or before the Voting Record Date, has transferred such Entity's Claim to another entity, to the assignee of such Claim in lieu of to the assigning entity; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Solicitation Agent's claims register, as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Eastern) on the Voting Record Date.

The Debtors shall make every reasonable effort to ensure that Creditors who have more than one Claim in a single Class receive no more than one set of the Solicitation Package materials.

3.    <u>Form of Notice to Unclassified Claims, Classes Presumed to Accept the Plan, and Classes Deemed to Reject the Plan</u>. Certain Holders of Claims or Interests that are not classified in accordance with Bankruptcy Code section 1123(a)(1) or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under Bankruptcy Code section 1126(f) will receive only: (a) the Confirmation Hearing Notice and (b) the *Non-Voting Status Notice With Respect to Unclassified Claims and Unimpaired Classes Presumed to Accept the Plan,* substantially in the form attached as <u>Exhibit 4-A</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under Bankruptcy Code section 1126(g) will receive only: (a) the Confirmation Hearing Notice and (b) the *Non-Voting Status Notice With Respect to Classes Deemed to Reject the Plan,* substantially in the form attached as <u>Exhibit 4-B</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

4.    <u>Executory Contracts and Unexpired Leases Notice.</u>    To ensure that counterparties to executory contracts and unexpired leases receive notice of the assumption or rejection provisions of the Plan, the Debtors will serve the Confirmation Hearing Notice and the *Notice to Contract and Lease Parties,* substantially in the form attached as <u>Exhibit 4-C</u> to the Disclosure Statement Order (the "<u>Executory Contract and Unexpired Lease Notice</u>"), on all

1040996.01 CHISR02A - MSW

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

known executory contract and unexpired lease counterparties, including parties listed on Schedule G of the Schedules.

5.    <u>Publication of Confirmation Hearing Notice</u>. In addition to the above, the Debtors shall, one time after the Disclosure Statement Hearing, publish the Confirmation Hearing Notice in the following publications in order to provide notification to those Entities who may not receive notice by mail: *The New York Times* (national and international editions), *The Los Angeles Times*, and the *Orange County Register*

**D.    Voting and General Tabulation Procedures**

1.    <u>Holders of Claims Entitled to Vote</u>. Only the Voting Claimants shall be entitled to vote on the Plan in respect of their Claims.

2.    <u>Allowance of Claims for Voting Purposes</u>.  A Holder of a Claim not entitled to vote on the Plan pursuant to the procedures described above (each such claim, a "<u>Disputed Claim</u>") shall be permitted to vote such claim (or to vote such claim in an amount other than the amount set forth in the Schedules) only if one of the following shall have occurred with respect to such claim at least five Business Days prior to the Voting Deadline (the "<u>Voting Resolution Event Deadline</u>"): (a) an order is entered by the Court allowing such Disputed Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) a creditor files with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Disputed Claim in a different amount only for purposes of voting to accept to reject the Plan (a "<u>Rule 3018(a) Motion</u>") that is ultimately approved by the Court after notice and a hearing; (c) a stipulation or other agreement is executed between the Holder of the Disputed Claim and the Debtors resolving such objection and allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; (d) a stipulation or other agreement is executed between the Holder of the Disputed Claim and the Debtors temporarily allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; or (e) the pending objection to the Disputed Claim is voluntarily withdrawn by the Debtors or overruled by the Court (each, a "<u>Resolution Event</u>").

Rule 3018(a) Motions must (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (v) be set for hearing at the Confirmation Hearing and (vi) be served so as to be received by the Notice Parties no later than the Voting Resolution Event Deadline.

No later than two Business Days after a Resolution Event, the Solicitation Agent shall distribute a Ballot and a pre-addressed, postage pre-paid envelope to the relevant Holder of the Disputed Claim, which must be returned to the Solicitation Agent by no later than the Voting Deadline (unless the Debtors extend the deadline, with the consent of the Plan Sponsor, to facilitate a reasonable opportunity for such creditor to vote upon the Plan).  If the Claim is objected to on a reduce and/or reclassify basis, such entity shall receive a Ballot and

be entitled to vote such Claim in the amount and/or classification asserted by the Debtors. If an objection to a Disputed Claim was filed by the Debtors after the Voting Record Date but on or before the Claims Voting Objection Deadline, the Ballot of the Holder of such Disputed Claim will not be counted absent a Resolution Event taking place prior to the Confirmation Hearing.

In the event that the Debtors and the Holder of the Disputed Claim are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, (a) the Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing (without filing a written objection), (b) the Solicitation Agent shall inform the Court at or prior to the Confirmation Hearing whether including such provisional Ballot would affect the outcome of the voting to accept or reject the Plan in the relevant class in which the provisional Ballot was cast and (c) the Court then shall determine whether the provisional Ballot should be counted as vote on the Plan.

3.    <u>Establishing Claim Amounts</u>. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each Creditor's vote:

a.    the Claim amount settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

b.    if paragraph (D)(3)(a) does not apply, then in the Claim amount contained in a proof of claim that has been timely filed by the Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; <u>provided</u>, <u>however</u>, that any Claim amount contained in a proof of claim asserted in a currency other than U.S. dollars shall be automatically converted to the equivalent U.S. dollar value using the exchange rate as of December 1, 2015 as quoted at 4:00 p.m. (EDT), mid-range spot rate of exchange for the applicable currency as published in *The Wall Street Journal* (national edition); <u>provided</u>, <u>further</u>, that Ballots cast by Holders who timely file a proof of claim in respect of a contingent claim or in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a proof of claim is filed as partially liquidated and partially unliquidated, such Claim will be allowed for voting purposes only in the liquidated amount; <u>provided</u>, <u>further</u>, that the Holder of a Claim that is the subject of a pending objection on a reduce and/or reclassify basis shall receive a Solicitation Package based on such Claim in the amount and/or the classification sought in said objection and, accordingly, Claims subject to an objection to expunge shall not be entitled to vote;

c.    if (D)(3)(a) and (D)(3)(b), above, do not apply, then in the Claim amount listed in the Schedules; provided that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid, and, accordingly, if a scheduled Claim as to which no timely proof of claim has been filed is wholly unliquidated or scheduled in a zero or

1040996.01 CHISR02A - MSW

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

unknown amount, then the Claim shall be Disallowed without the need for any objection by the Debtors or Reorganized Debtors or any further notice to or action, order, or approval of the Court and the Holder of such Claim shall not be entitled to vote; and

        d.     notwithstanding anything to the contrary contained herein, the Debtors propose that any Creditor who has filed or purchased duplicate Claims be provided with only one copy of the materials in the Solicitation Package and one Ballot and be permitted to vote only a single Claim, regardless of whether the Debtors have objected to such duplicate Claims.

        The Claim amount established herein shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent are not binding for purposes of allowance and distribution.

        4.     <u>General Ballot Tabulation.</u> The following voting procedures and standard assumptions shall be used in tabulating Ballots:

        a.     each Ballot shall be counted solely with respect to the Debtor or Debtors against which the underlying Claim is asserted or scheduled;

        b.     except as otherwise provided herein, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole and absolute discretion, reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

        c.     the Solicitation Agent will date-stamp all Ballots when received.  The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Court;

        d.     the Solicitation Agent will file with the Court prior to the Confirmation Hearing a signed declaration including a voting report (the "<u>Voting Report</u>").  The Voting Report shall, among other things, delineate every irregular Ballot, including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking original signatures, lacking necessary information, received via facsimile or electronic mail, or damaged.  The Voting Report shall indicate the Debtors' treatment of such irregular Ballots;

        e.     the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent <u>actually receives</u> the original executed Ballot;

        f.     all Ballots must bear the original signature of the submitting party. Delivery of a Ballot to the Solicitation Agent by facsimile, email, or any other electronic means will not be valid;

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM

g.       no Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

h.       if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

i.       Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class held by the same Holder, the Debtors may, in their discretion, aggregate such Claims for the purpose of counting votes;

j.       a person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder;

k.       the Debtors, with the consent of the Plan Sponsor and subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers will be documented in the Voting Report;

l.       neither the Debtors, the Solicitation Agent nor any other agent of the Debtors will be under any duty to provide notification of defects or irregularities with respect to Ballots delivered to the Solicitation Agent, nor will any of them incur any liability for failure to provide such notification.  Rather, the Debtors may either disregard defective Ballots with no further notice, or they may, at their sole discretion, direct the Solicitation Agent to attempt to have defective Ballots cured by contacting the submitting Creditor;

m.       unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.       in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted or rejected;

o.       subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the

8

Debtors, would not be in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules or these Solicitation Procedures; provided, however, that any such rejections will be documented in the Voting Report;

      p.  if a Claim has been estimated or otherwise Allowed for voting purposes only by an order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

      q.  if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

      r.  the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (1) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (2) any Ballot cast by an entity that does not hold a Claim in a Voting Class as of the Voting Record Date; (3) any Ballot cast for a Claim scheduled as wholly unliquidated, contingent, or disputed for which no proof of claim was timely filed; (4) any unsigned Ballot lacking an original signature; (5) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (6) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein; (7) any Ballot submitted by a voter who voted other claims in the same class differently; (8) any Ballot superseded by another timely valid Ballot; and (9) any non pre-validated Class 4 or Class 5-A Beneficial Ballot submitted by the Beneficial Owner directly to the Solicitation Agent; and

      s.  after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors and the Plan Sponsor.

**E.  Procedures for Voting and Tabulation of Ballots from Beneficial Owners**

    The Debtors or the Solicitation Agent (on the Debtors behalf) will transmit Solicitation Packages to Nominees (or their mailing agents) of Beneficial Owners of Class 4 Secured Notes and Class 5-A Unsecured Notes as of the Voting Record Date, or a mailing record date, as applicable.  Nominees shall be provided with a sufficient quantity of Beneficial Owner ballots for distribution to their Beneficial Owners.  The Nominees are authorized and required to  immediately, and, in any event, within five (5) business days after receipt of the Solicitation Packages,  forward Solicitation Packages or otherwise convey the information contained therein through customary means to the Beneficial Owners for voting, and may, if the Nominee does not pre-validate the Ballots, shall provide the Beneficial Owners with a return envelope addressed to the Nominee for the return of the Beneficial Owners' votes.  Each Nominee (or its mailing agent) may distribute the Solicitation Packages to Beneficial Owners, as appropriate, in accordance with its customary practices.  Nominees (or their mailing agents) are authorized to collect votes to accept or to reject the Plan from Beneficial Owners in accordance with their customary practices.  The Nominees will then return the Master Ballots reflecting the votes of the Beneficial Owners to the Voting Agent.  The Nominees are entitled to reimbursement by the Debtors for their reasonable, actual, and necessary out-of-pocket

9

expenses incurred in performing the tasks described in this paragraph E upon written request by such entities without further order or notice (subject to the Court's retaining jurisdiction to resolve any disputes over any request for reimbursement).

**F.      Third Party Release, Exculpation, and Injunction Language in Plan**

The third party release, exculpation, and injunction language in Article X of the Plan is included in the Disclosure Statement.  You are advised to carefully review and consider the Plan and the Disclosure Statement, including the discharge, release, and injunction provisions set forth in Article X of the Plan, as your rights may be affected.

1040996.01 CHISR02A - MSW

Redline Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v1 and Quiksilver- DS and Solicitation - Standalone Order with Exhibits 1040996v4 12/4/2015 12:28:40 PM