IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
: 
Debtors.[1] : Jointly Administered
: 
: **Related Docket No. 396, 397, 477, 527, 528**
------------------------------- x

## ORDER (A) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT, (B) APPROVING SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED PLAN OF REORGANIZATION, (C) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (D) SCHEDULING CERTAIN DATES WITH RESPECT THERETO

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Disclosure Statement Order"): (a) approving the adequacy of the Disclosure Statement, (b) approving solicitation and notice procedures with respect to confirmation of the Debtors' proposed Plan, (c) approving the forms of various Ballots and notices in connection therewith, and (d) scheduling certain dates with respect thereto; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Motion, the Plan (as defined in the Motion), the Disclosure Statement (as defined in the Motion), or the Solicitation Procedures (as defined in the Motion), as applicable.

appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and the Disclosure Statement (as amended at Docket Nos. 477 and 527) and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having overruled any objections to the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED, as provided herein.

**A.    Approval of the Disclosure Statement and the Notice of the Disclosure Statement Hearing**

2. The Disclosure Statement, substantially in the form filed on December 4, 2015 [Docket No. 527], complies with all aspects of section 1125 of the Bankruptcy Code and is hereby approved as containing "adequate information" (as defined by section 1125(a) of the Bankruptcy Code).

3. The Disclosure Statement Hearing Notice, in substantially the form attached hereto as Exhibit 1, filed by the Debtors and served upon parties in interest in these Chapter 11 Cases on November 2, 2015 and published in *The New York Times* (national edition), *The Los Angeles Times*, and the *Orange County Register* on November 4, 2015 and in *The New York Times* (international edition) on November 5, 2015, constitutes adequate and sufficient notice of the time fixed for filing objections and the hearing to consider approval of the

2

Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 3017-1.

**B.      Fixing the Voting Record Date**

4.      December 1, 2015 shall be the record date (the "Voting Record Date") for determining: (a) the Holders of Claims and Interests entitled to receive the Solicitation Package; (b) the Holders of Claims entitled to vote to accept or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim.

5.      With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Solicitation Agent's claims register, as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Eastern) on the Voting Record Date.

**C.      Duties of the Solicitation Agent**

6.      The Solicitation Agent shall assist the Debtors in, among other things, (a) distributing Solicitation Packages, (b) soliciting, receiving, tabulating, and reporting on Ballots cast on the Plan, and certifying to the Court the results of balloting, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Procedures, the procedures for electing to opt-out of the third party release provisions set forth in Article 10.5 of the Plan, and for objecting to the Plan, and (d) if necessary, contacting Creditors and Holders of Claims and Interests regarding the Plan.

**D.    Approval of the Form of Ballots**

7. The Ballots, substantially in the form attached hereto as <u>Exhibits 3-A, 3-B and 3-C</u>, are hereby approved.

**E.    Approval of Solicitation Package and the Procedures for Distribution Thereof**

8. Holders of Claims in the following Voting Classes are the only Creditors entitled to vote to accept or reject the Plan:

| Class | Description |
|---|---|
| 4 | Secured Notes Claims |
| 5A | Unsecured Notes Claims |
| 5B | General Unsecured Claims |

9. On or before December 10, 2015 (the "<u>Solicitation Mailing Deadline</u>"), the Debtors shall transmit, or cause to be transmitted, the Solicitation Package to those Holders of Claims entitled to vote on the Plan as of the applicable Voting Record Date.[3]

10. The Solicitation Package shall consist of the following materials, the form of each of which, to the extent not otherwise approved herein, is hereby approved:

   a. the Confirmation Hearing Notice, substantially in the form attached hereto as <u>Exhibit 2</u>;

   b. the appropriate Ballot(s) and applicable voting instructions, together with a pre-addressed, postage pre-paid return envelope;

   c. a CD-ROM including the Plan, the Disclosure Statement, and this Disclosure Statement Order; and

   d. any supplemental solicitation materials the Debtors may file with this Court.

---

[3] The Solicitation Agent is authorized to send Solicitation Packages for holders of Class 4 and Class 5-A Claims to Master Ballot Agents in paper format and/or via electronic transmission in accordance with the customary requirements of each Master Ballot Agent. Each Master Ballot Agent shall then distribute the Solicitation Packages to Beneficial Owners in accordance with its customary practices immediately, and, in any event, within five (5) business days after receipt of the Solicitation Packages. Master Ballot Agents are authorized to collect votes to accept or to reject the Plan from Beneficial Owners in accordance with their customary practices and the Solicitation Procedures.

11. The Solicitation Package provides Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

12. Any party receiving the Solicitation Package may request a paper copy of the documents either by (a) emailing QuiksilverInfo@kccllc.com or (b) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. or Canada. If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.

13. The Debtors shall also serve, or cause to be served, all of the materials in the Solicitation Package (except for the Ballots) on (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) the SEC; (h) the Internal Revenue Service; (i) the United States Attorney for the District of Delaware; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

14. The Debtors shall be excused from mailing the Solicitation Package to those Entities to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such entity provides the Debtors, through the Solicitation Agent, with an accurate address not less than ten days prior to the Solicitation Mailing Deadline. If an Entity

has changed its mailing address after the Petition Date, the burden is on such Entity, not the Debtors, to advise the Debtors and the Solicitation Agent of the new address. Failure to distribute Solicitation Packages to such Entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, and is not a violation of Bankruptcy Rule 3017(d).

15. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide a copy of the Solicitation Package to Holders of Claims or Interests that are not classified in accordance with Bankruptcy Code section 1123(a)(1), or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under Bankruptcy Code section 1126(f), or who are not entitled to vote because they are deemed to reject the Plan under Bankruptcy Code section 1126(g). Instead, by the Solicitation Mailing Deadline, the Debtors shall mail to such parties, in lieu of the Solicitation Package, (a) a copy of the Confirmation Hearing Notice, and (b) the appropriate Non-Voting Status Notice, the form of each of which is hereby approved:

    i. **Unclassified and Unimpaired Claims—Presumed to Accept:** Holders of Unclassified Claims and Holders of Claims in the Unimpaired Classes are conclusively presumed to have accepted the Plan, and accordingly are not entitled to vote on the Plan. Such Holders will receive the *Notice of Non-Voting Status With Respect to Unclassified Claims and Unimpaired Classes Presumed to Accept the Plan*, substantially in the form attached hereto as Exhibit 4-A.

    ii. **Impaired Claims and Interests—Deemed to Reject:** Holders of Claims and Interests in the Deemed Rejecting Classes are deemed to reject the Plan, and accordingly are not entitled to vote on the Plan. Such Holders will receive the *Notice of Non-Voting Status With Respect to Classes Deemed to Reject the Plan*, substantially in the form attached hereto as Exhibit 4-B.

16. To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of the provisions of the Plan governing assumption or rejection of contracts or leases, the Debtors will provide such parties with the Confirmation Hearing Notice, together with the Executory Contract and Unexpired Lease Notice, substantially in the form attached hereto as

Exhibit 4-C. The Debtors may supplement Executory Contract and Unexpired Lease Notices as necessary to conform with the Plan and any modifications thereto.

**F.    Voting Deadline for Receipt of Ballots**

17.    In order for the votes of Holders of Claims in the Voting Classes to accept or reject the Plan to be counted, each such Holder must properly complete, execute, and deliver its respective Ballot so that it is actually received by the Solicitation Agent on or before 4:00 p.m. (Eastern) on January 14, 2016 (the "Voting Deadline").

18.    The Debtors are authorized, with the consent of the Plan Sponsor, to extend the Voting Deadline.

**G.    Approval of Solicitation Procedures**

19.    The Debtors and the Solicitation Agent are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures, substantially in the form attached hereto as Exhibit 5 and the instructions set forth in each Ballot; provided, however, that the Debtors' right to amend or supplement the Solicitation Procedures, with the consent of the Plan Sponsor, is fully reserved if, in the Debtors' business judgment, doing so would better facilitate the solicitation process.

**H.    Establishing Confirmation Hearing Date, Notice, and Objection Procedures**

20.    The Confirmation Hearing will commence at 9:30 a.m. Eastern Time on January 27, 2016 before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

21.     In addition to mailing the Confirmation Hearing Notice along with the Solicitation Packages, the Non-Voting Status Notices and the Executory Contract and Unexpired Lease Notice, the Debtors shall publish the Confirmation Hearing Notice one time in the following publications in order to provide notification to those Entities who may not receive notice by mail: *The New York Times* (national and international editions), *The Los Angeles Times*, and the *Orange County Register*.

22.     Any objection to Confirmation of the Plan must (a) be in writing; (b) conform to the applicable Bankruptcy Rules and Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity; and (d) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Plan that would resolve such objection. Responses or objections, if any, also must be filed with this Court and served upon each of the following parties so as to be actually received no later than 4:00 p.m. Eastern Time on January 14, 2016 by each of the following parties:

(i)     Quiksilver, Inc., 5600 Argosy Circle, Huntington Beach, California 92649, Attn: Linnsey Caya, Esq. (linnsey.caya@quiksilver.com);

(ii)    Counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Attn: Van C. Durrer, II, Esq. (Van.Durrer@skadden.com), and 155 North Wacker Drive, Chicago, Illinois 60606, Attn: John K. Lyons, Esq. (John.Lyons@skadden.com);

(iii)   Counsel to the agent for the Debtors' postpetition term loan facility, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr. (patrick.nash@kirkland.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Esq. (rdehney@mnat.com);

(iv)    Counsel to the agent for the Debtors' prepetition and postpetition secured ABL facilities, Reimer & Braunstein LLP, Three Center Plaza, Boston,

        Massachusetts 02108, Attn: David S. Berman, Esq. (dberman@riemerlaw.com), <u>and</u> Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Steven E. Fox, Esq. (sfox@riemerlaw.com), <u>and</u> Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Steven K. Kortanek, Esq. (skortanek@wcsr.com);

(v)     Counsel to the indenture trustee for the Debtors' prepetition senior secured notes, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, John R. Ashmead, Esq. (ashmead@sewkis.com);

(vi)     Counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes, Foley & Lardner, LLP, 321 N. Clark Street, Suite 2800, Chicago, Illinois 60654, Mark L. Prager, Esq. (mprager@foley.com) <u>and</u> U.S. Bank National Association, Global Corporate Trust Services, 100 Wall Street, New York, New York 10005, Attn: Justin L. Shearer, Vice President (justin.shearer@usbank.com);

(vii)     Proposed counsel to the official committee of unsecured creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. (mstamer@akingump.com) and Meredith A. Lahaie, Esq. (mlahaie@akingump.com) <u>and</u> Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899, Attn: David B. Stratton, Esq. (strattod@pepperlaw.com); and

(viii)     The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (Mark.Kenney@usdoj.gov) (fax: (302) 573-6497).

23.     Any objection to Confirmation of the Plan not filed and served as set forth herein shall be deemed waived, unless the Court orders otherwise.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion.

25.     Subject to the Plan Sponsor Agreement, the Debtors are authorized to make non-material and conforming changes (including, but not limited to, correcting typographical errors, altering formatting and inserting missing or changed dates) to the Disclosure Statement, Plan, Ballots, Notices, and related documents without further order of the Court; <u>provided, however,</u> that such changes shall be acceptable to the Plan Sponsor.

9

26. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

Dated: Wilmington, Delaware
       Dec 4, 2015

                              THE HONORABLE BRENDAN L. SHANNON
                              CHIEF UNITED STATES BANKRUPTCY JUDGE