# EXHIBIT 2

**Confirmation Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x
: 
In re:                                : Chapter 11
                                      :
QUIKSILVER, INC., et al.,             : Case No. 15-11880 (BLS)
                                      :
                       Debtors.[1]    : Jointly Administered
                                      :
------------------------------------- x

**NOTICE OF (A) APPROVAL OF ADEQUACY OF DISCLOSURE STATEMENT, (B) SOLICITATION AND NOTICE PROCEDURES, (C) OBJECTION AND VOTING DEADLINES, AND (D) THE HEARING TO CONFIRM THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

TO ALL HOLDERS OF CLAIMS AND INTERESTS AND PARTIES IN INTEREST:

1. **Approval of the Disclosure Statement and the Solicitation Procedures.** On December __, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. [•]] (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 527] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 526] (as amended from time to time and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

2. **Classes Entitled to Vote.** Only Holders of Claims in Class 4 (Secured Note Claims), Class 5-A (Unsecured Notes Claims), and Class 5-B (General Unsecured Claims) are

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

entitled to vote to accept or reject the Plan, subject to the solicitation procedures (the "Solicitation Procedures") attached as Exhibit 5 to the Disclosure Statement Order. Holders of unclassified Claims, including Administrative Claims, DIP Claims, Priority Tax Claims and Professional Fee Claims, and of Claims and Interests in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), Class 3 (Euro Notes Guaranty Claims), Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests) are unimpaired and are presumed to have accepted the Plan. Holders of Claims and Interests in Class 8 (Subordinated Claims) and Class 9 (Interests in Quiksilver) will receive no distribution under the Plan and are deemed to have rejected the Plan.

3. **Voting Record Date.** The record date for purposes of determining which Holders of Claims in Classes 4, 5-A and 5-B are entitled to vote on the Plan is December 1, 2015 (the "Voting Record Date").

4. **Voting Deadline.** The voting deadline for the Plan is **January 14, 2016 at 4:00 p.m. Eastern Time** (the "Voting Deadline"). To be counted as votes to accept or reject the Plan, all Ballots must be properly completed, executed, and delivered by: (a) first class mail; (b) courier; or (c) personal delivery so that they are actually received, in any case, no later than the Voting Deadline by the Debtors' notice, claims, and solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent"). Any failure to follow the ballot instructions included with the Ballot may disqualify your Ballot and your vote.

5. **Objections to the Plan.** The Court has established **January 14, 2016 at 4:00 p.m. Eastern Time,** as the deadline for filing and serving objections to the Confirmation of the Plan (the "Plan Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) conform to the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity; and (d) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Plan that would resolve such objection. **Responses or objections, if any, also must be filed with the Court and served upon each of the following parties so as to be ACTUALLY RECEIVED no later than the Plan Objection Deadline**: (i) Quiksilver, Inc., 5600 Argosy Circle, Huntington Beach, California 92649, Attn: Linnsey Caya, Esq. (linnsey.caya@quiksilver.com); (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, Attn: Van C. Durrer, II, Esq. (Van.Durrer@skadden.com), and 155 North Wacker Drive, Chicago, Illinois 60606, Attn: John K. Lyons, Esq. (John.Lyons@skadden.com); (iii) counsel to the agent for the Debtors' postpetition term loan facility, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr. (patrick.nash@kirkland.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Esq. (rdehney@mnat.com); (iv) counsel to the agent for the Debtors' prepetition and postpetition secured ABL facilities, Reimer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq. (dberman@riemerlaw.com), and Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036, Steven E. Fox, Esq. (sfox@riemerlaw.com), and Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Steven K. Kortanek, Esq. (skortanek@wcsr.com); (v) counsel to the indenture trustee for the Debtors' prepetition senior secured notes, Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, John R. Ashmead, Esq. (ashmead@sewkis.com); (vi) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes, Foley & Lardner, LLP, 321 N. Clark Street, Suite 2800, Chicago, Illinois 60654, Mark L. Prager, Esq. (mprager@foley.com) and U.S.

Bank National Association, Global Corporate Trust Services, 100 Wall Street, New York, New York 10005, Attn: Justin L. Shearer, Vice President (justin.shearer@usbank.com); (vii) proposed counsel to the official committee of unsecured creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. (mstamer@akingump.com) and Meredith A. Lahaie, Esq. (mlahaie@akingump.com) and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899, Attn: David B. Stratton, Esq. (strattod@pepperlaw.com); and (viii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (Mark.Kenney@usdoj.gov) (fax: (302) 573-6497)).

6. **Confirmation Hearing.** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on **January 27, 2016 at 9:30 a.m. Eastern Time** before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

7. **Allowance of Claims for Voting Purposes.** A Holder of a claim not entitled to vote on the Plan pursuant to the Solicitation Procedures (each such claim, a "Disputed Claim") shall be permitted to vote such claim (or to vote such claim in an amount other than the amount set forth in the Schedules) only if one of the following shall have occurred with respect to such claim at least five Business Days prior to the Voting Deadline (the "Voting Resolution Event Deadline"): (a) an order is entered by the Court allowing such Disputed Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) a creditor files with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Disputed Claim in a different amount only for purposes of voting to accept to reject the Plan (a "Rule 3018(a) Motion") that is ultimately approved by the Court after notice and a hearing; (c) a stipulation or other agreement is executed between the Holder of the Disputed Claim and the Debtors resolving such objection and allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; (d) a stipulation or other agreement is executed between the Holder of the Disputed Claim and the Debtors temporarily allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; or (e) the pending objection to the Disputed Claim is voluntarily withdrawn by the Debtors or overruled by the Court (each, a "Resolution Event").

Rule 3018(a) Motions must (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (v) be set for hearing at the Confirmation Hearing and (vi) be served so as to be received by the Notice Parties no later than the Voting Resolution Event Deadline.

No later than two Business Days after a Resolution Event, the Solicitation Agent shall distribute a Ballot and a pre-addressed, postage pre-paid envelope to the relevant Holder of the Disputed Claim, which must be returned to the Solicitation Agent by no later than the Voting Deadline (unless the Debtors extend the deadline, with the consent of the Plan Sponsor, to facilitate a reasonable opportunity for such creditor to vote upon the Plan).

In the event that the Debtors and the Holder of the Disputed Claim are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, (a) the

Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing (without filing a written objection), (b) the Solicitation Agent shall inform the Court at or prior to the Confirmation Hearing whether including such provisional Ballot would affect the outcome of the voting to accept or reject the Plan in the relevant class in which the provisional Ballot was cast and (c) the Court then shall determine whether the provisional Ballot should be counted as vote on the Plan.

8. **Discharge, Release, and Injunction Language in the Plan.** YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE X OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED. THE TEXT OF THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS OF THE PLAN ARE SET FORTH BELOW.

(a) <u>Article 10.5. Release by Holders of Claims and Interests.</u> As of the Effective Date, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Debtors, the Reorganized Debtors, their Estates, non-Debtor Affiliates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Chapter 11 Cases, the DIP Facilities (except for the Excluded DIP Obligations), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors provided under any applicable law, rule, or regulation, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the DIP Credit Agreements, the Plan, the Disclosure Statement, the Plan Sponsor Agreement, the Backstop Commitment Letter, the Plan Supplement, the Rights Offerings, the Euro Notes Exchange Offer, the Exit Facility, any other Plan Transaction Document, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

For the avoidance of doubt, except as expressly provided herein, nothing in this Article 10.5 shall in any way affect the operation of Article 10.2 of the Plan, pursuant to section 1141(d) of the Bankruptcy Code.

(b) <u>Article 10.6. Exculpation and Limitation of Liability.</u> The Exculpated Parties shall neither have, nor incur any liability to any Entity for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct.

The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including with regard to the distributions of the New Quiksilver Common Stock pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violations of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

(c) **Article 10.8 Injunction.** The satisfaction, release, and discharge pursuant to this Article X shall act as an injunction, from and after the Effective Date, against any Entity (a) commencing or continuing in any manner or in any place, any action, employment of process, or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article 9.11 or 9.12 of the Plan, in each case with respect to any Claim, Interest, or Cause of Action satisfied, released or to be released, exculpated or to be exculpated, or discharged under this Plan or pursuant to the Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 and 1141 thereof; provided, however, that nothing contained herein shall preclude such Entities from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order; and provided further, however, that nothing contained herein shall preclude the DIP Agents from exercising any appropriate remedies in connection with any Excluded DIP Obligations.

> **You Are Advised To Carefully Review And Consider The Plan As Your Rights Might Be Affected.**

9. **Access to Documents and Inquiries.** Copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan, and all documents filed in the Chapter 11 Cases may be accessed through the Debtors' restructuring information website, http://www.kccllc.net/quiksilver. The applicable Ballots shall be sent to parties entitled to vote in paper form along with this Confirmation Hearing Notice. If you have questions regarding the procedures and requirements for voting on the Plan and/or for objecting to the Plan, or if you would like paper copies of the Disclosure Statement Order, the Disclosure Statement, or the Plan, you may contact the Solicitation Agent by: (a) emailing QuiksilverInfo@kccllc.com or (b) calling the Debtors' restructuring hotline at (877) 709-4757, within the U.S. or Canada, or (424) 236-7235, outside of the U.S. or Canada. If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.