**EXHIBIT 5**

**Solicitation Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### SOLICITATION PROCEDURES

On [_____], 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. [•]] (the "Disclosure Statement Order") that, among other things, (a) approved the adequacy of the *Second Amended Disclosure Statement With Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 527] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 526] (as amended from time to time and including all exhibits thereto, the "Plan") and (b) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable. Copies of the Plan and the Disclosure Statement may be obtained by: (a) accessing the Debtors' restructuring website at http://www.kccllc.net/quiksilver, (b) emailing QuiksilverInfo@kccllc.com; or (c) calling the Debtors' restructuring hotline at (877) 709-4757 within the U.S. or Canada or, outside of the U.S. or Canada, (424) 236-7235.

### A.    The Voting Record Date

The Court has approved December 1, 2015, as the record date for purposes of determining which Holders of Claims in Classes 4, 5-A, and 5-B are entitled to vote on the Plan (the "Voting Record Date").

### B.    The Voting Deadline

The Court has approved **January 14, 2016, at 4:00 p.m. Eastern Time,** as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline without further order of the Court.  To be counted as votes to accept or reject the Plan, all Ballots and Master Ballots must be properly executed, completed, and delivered by (a) first class mail; (b) courier; or (c) personal delivery so that they are actually received, in any case, no later than the Voting Deadline by the Debtors' notice, claims, and solicitation agent, Kurtzman Carson Consultants LLC (the "Solicitation Agent" or "KCC").

### C.    Form, Content, and Manner of Notices

1.    The Solicitation Package. The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.    the *Notice of (A) Approval of Adequacy of Disclosure Statement, (B) Solicitation and Notice Procedures, (C) Objection and Voting Deadlines, and (D) the Hearing to Confirm the Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (the "Confirmation Hearing Notice");

b.    the appropriate Ballot(s) and applicable voting instructions, together with a pre-addressed, postage pre-paid return envelope;

c.    a CD-ROM containing the Plan, the Disclosure Statement and the Disclosure Statement Order;[3] and

d.    any supplemental solicitation materials the Debtors may file with the Court.

2.    Distribution of the Solicitation Package.

Copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan may be accessed through the Debtors' restructuring information website, http://www.kccllc.net/quiksilver.  The applicable Ballots shall be sent in paper form along with a copy of the Confirmation Hearing Notice. Any Holder of a Claim or Interest may obtain a paper copy of the documents by: (a) emailing QuiksilverInfo@kccllc.com or (b) calling the Debtors' restructuring hotline at (877) 709-4757 within the U.S. or Canada, or (424) 236-7235, outside of the U.S. and Canada.  If the Debtors receive such a request for a paper copy of the documents,

---

[3]    The Debtors reserve the right to send paper copies of any documents, if preferred.

the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.[4]

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding Ballots) on (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) the agent for the Debtors' prepetition senior secured notes; (e) the agent for the Debtors' prepetition senior unsecured notes; (f) counsel to the official committee of unsecured creditors; (g) the SEC; (h) the Internal Revenue Service; (i) the United States Attorney for the District of Delaware; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

In addition, the Debtors will mail, or cause to be mailed, the Solicitation Package with the appropriate Ballot(s) to any of the Entities listed in subparagraphs a-d below, to the extent they are a member of a Voting Class as of the Voting Record Date (collectively, the "Voting Claimants"):

  a.  All Entities who, on or before the Voting Record Date, have timely filed a proof of claim (or an untimely proof of claim which has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that (i) has not been expunged, disallowed, disqualified, or suspended prior to the Voting Record Date and (ii) is not the subject of an objection pending as of the Voting Record Date, or an objection filed no later than December 31, 2015 (the "Claims Voting Objection Deadline"); provided, however, that the Holder of a Claim that is the subject of a pending objection on a reduce and allow and/or reclassify basis shall receive a Solicitation Package based on such Claim in the amount and/or the classification sought in the objection;

  b.  all Entities listed in the Schedules as holding a noncontingent, liquidated, undisputed Claim as of the Voting Record Date, except to the extent that such Claim was paid, expunged, disallowed, disqualified, or suspended prior to the Voting Record Date;

  c.  all Entities that hold Claims pursuant to an agreement or settlement with the Debtors executed prior to the Voting Record Date, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court, regardless of whether a proof of claim has been filed; and

  d.  with respect to any entity described in subparagraphs a-c above who, on or before the Voting Record Date, has transferred such Entity's Claim to another entity, to the assignee of such Claim in lieu of to the assigning

---

[4] The Ballots are not available on the Debtors' restructuring website. Holders of Claims must contact the Solicitation Agent directly by telephone or email in order to obtain a Ballot.

entity; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Solicitation Agent's claims register, as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Eastern) on the Voting Record Date.

The Debtors shall make every reasonable effort to ensure that Creditors who have more than one Claim in a single Class receive no more than one set of the Solicitation Package materials.

3.    Form of Notice to Unclassified Claims, Classes Presumed to Accept the Plan, and Classes Deemed to Reject the Plan. Certain Holders of Claims or Interests that are not classified in accordance with Bankruptcy Code section 1123(a)(1) or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under Bankruptcy Code section 1126(f) will receive only: (a) the Confirmation Hearing Notice and (b) the *Non-Voting Status Notice With Respect to Unclassified Claims and Unimpaired Classes Presumed to Accept the Plan,* substantially in the form attached as Exhibit 4-A to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under Bankruptcy Code section 1126(g) will receive only: (a) the Confirmation Hearing Notice and (b) the *Non-Voting Status Notice With Respect to Classes Deemed to Reject the Plan,* substantially in the form attached as Exhibit 4-B to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

4.    Executory Contracts and Unexpired Leases Notice. To ensure that counterparties to executory contracts and unexpired leases receive notice of the assumption or rejection provisions of the Plan, the Debtors will serve the Confirmation Hearing Notice and the *Notice to Contract and Lease Parties*, substantially in the form attached as Exhibit 4-C to the Disclosure Statement Order (the "Executory Contract and Unexpired Lease Notice"), on all known executory contract and unexpired lease counterparties, including parties listed on Schedule G of the Schedules.

5.    Publication of Confirmation Hearing Notice. In addition to the above, the Debtors shall, one time after the Disclosure Statement Hearing, publish the Confirmation Hearing Notice in the following publications in order to provide notification to those Entities who may not receive notice by mail: *The New York Times* (national and international editions), *The Los Angeles Times*, and the *Orange County Register*

**D.    Voting and General Tabulation Procedures**

1.    Holders of Claims Entitled to Vote. Only the Voting Claimants shall be entitled to vote on the Plan in respect of their Claims.

2.    Allowance of Claims for Voting Purposes. A Holder of a Claim not entitled to vote on the Plan pursuant to the procedures described above (each such claim, a "Disputed

Claim") shall be permitted to vote such claim (or to vote such claim in an amount other than the amount set forth in the Schedules) only if one of the following shall have occurred with respect to such claim at least five Business Days prior to the Voting Deadline (the "Voting Resolution Event Deadline"): (a) an order is entered by the Court allowing such Disputed Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) a creditor files with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Disputed Claim in a different amount only for purposes of voting to accept to reject the Plan (a "Rule 3018(a) Motion") that is ultimately approved by the Court after notice and a hearing; (c) a stipulation or other agreement is executed between the Holder of the Disputed Claim and the Debtors resolving such objection and allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; (d) a stipulation or other agreement is executed between the Holder of the Disputed Claim and the Debtors temporarily allowing the Holder of such Disputed Claim to vote its Claim in an agreed upon amount; or (e) the pending objection to the Disputed Claim is voluntarily withdrawn by the Debtors or overruled by the Court (each, a "Resolution Event").

Rule 3018(a) Motions must (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (v) be set for hearing at the Confirmation Hearing and (vi) be served so as to be received by the Notice Parties no later than the Voting Resolution Event Deadline.

No later than two Business Days after a Resolution Event, the Solicitation Agent shall distribute a Ballot and a pre-addressed, postage pre-paid envelope to the relevant Holder of the Disputed Claim, which must be returned to the Solicitation Agent by no later than the Voting Deadline (unless the Debtors extend the deadline, with the consent of the Plan Sponsor, to facilitate a reasonable opportunity for such creditor to vote upon the Plan). If the Claim is objected to on a reduce and/or reclassify basis, such entity shall receive a Ballot and be entitled to vote such Claim in the amount and/or classification asserted by the Debtors. If an objection to a Disputed Claim was filed by the Debtors after the Voting Record Date but on or before the Claims Voting Objection Deadline, the Ballot of the Holder of such Disputed Claim will not be counted absent a Resolution Event taking place prior to the Confirmation Hearing.

In the event that the Debtors and the Holder of the Disputed Claim are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, (a) the Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing (without filing a written objection), (b) the Solicitation Agent shall inform the Court at or prior to the Confirmation Hearing whether including such provisional Ballot would affect the outcome of the voting to accept or reject the Plan in the relevant class in which the provisional Ballot was cast and (c) the Court then shall determine whether the provisional Ballot should be counted as vote on the Plan.

3.    Establishing Claim Amounts. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each Creditor's vote:

a.      the Claim amount settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

b.      if paragraph (D)(3)(a) does not apply, then in the Claim amount contained in a proof of claim that has been timely filed by the Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; provided, however, that any Claim amount contained in a proof of claim asserted in a currency other than U.S. dollars shall be automatically converted to the equivalent U.S. dollar value using the exchange rate as of December 1, 2015 as quoted at 4:00 p.m. (EDT), mid-range spot rate of exchange for the applicable currency as published in *The Wall Street Journal* (national edition); provided, further, that Ballots cast by Holders who timely file a proof of claim in respect of a contingent claim or in a wholly-unliquidated or unknown amount that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a proof of claim is filed as partially liquidated and partially unliquidated, such Claim will be allowed for voting purposes only in the liquidated amount; provided, further, that the Holder of a Claim that is the subject of a pending objection on a reduce and/or reclassify basis shall receive a Solicitation Package based on such Claim in the amount and/or the classification sought in said objection and, accordingly, Claims subject to an objection to expunge shall not be entitled to vote;

c.      if (D)(3)(a) and (D)(3)(b), above, do not apply, then in the Claim amount listed in the Schedules; provided that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid, and, accordingly, if a scheduled Claim as to which no timely proof of claim has been filed is wholly unliquidated or scheduled in a zero or unknown amount, then the Claim shall be Disallowed without the need for any objection by the Debtors or Reorganized Debtors or any further notice to or action, order, or approval of the Court and the Holder of such Claim shall not be entitled to vote; and

d.      notwithstanding anything to the contrary contained herein, the Debtors propose that any Creditor who has filed or purchased duplicate Claims be provided with only one copy of the materials in the Solicitation Package and one Ballot and be permitted to vote only a single Claim, regardless of whether the Debtors have objected to such duplicate Claims.

The Claim amount established herein shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent are not binding for purposes of allowance and distribution.

4.      General Ballot Tabulation. The following voting procedures and standard assumptions shall be used in tabulating Ballots:

a.      each Ballot shall be counted solely with respect to the Debtor or Debtors against which the underlying Claim is asserted or scheduled;

b.       except as otherwise provided herein, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole and absolute discretion, reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

c.       the Solicitation Agent will date-stamp all Ballots when received.   The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Court;

d.       the Solicitation Agent will file with the Court prior to the Confirmation Hearing a signed declaration including a voting report (the "Voting Report").  The Voting Report shall, among other things, delineate every irregular Ballot, including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking original signatures, lacking necessary information, received via facsimile or electronic mail, or damaged. The Voting Report shall indicate the Debtors' treatment of such irregular Ballots;

e.       the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the original executed Ballot;

f.       all Ballots must bear the original signature of the submitting party. Delivery of a Ballot to the Solicitation Agent by facsimile, email, or any other electronic means will not be valid;

g.       no Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

h.       if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

i.       Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class held by the same Holder, the Debtors may, in their discretion, aggregate such Claims for the purpose of counting votes;

j.       a person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder;

k.       the Debtors, with the consent of the Plan Sponsor and subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time,

either before or after the Voting Deadline, and any such waivers will be documented in the Voting Report;

l.      neither the Debtors, the Solicitation Agent nor any other agent of the Debtors will be under any duty to provide notification of defects or irregularities with respect to Ballots delivered to the Solicitation Agent, nor will any of them incur any liability for failure to provide such notification.  Rather, the Debtors may either disregard defective Ballots with no further notice, or they may, at their sole discretion, direct the Solicitation Agent to attempt to have defective Ballots cured by contacting the submitting Creditor;

m.      unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted or rejected;

o.      subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules or these Solicitation Procedures; provided, however, that any such rejections will be documented in the Voting Report;

p.      if a Claim has been estimated or otherwise Allowed for voting purposes only by an order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

q.      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (1) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (2) any Ballot cast by an entity that does not hold a Claim in a Voting Class as of the Voting Record Date; (3) any Ballot cast for a Claim scheduled as wholly unliquidated, contingent, or disputed for which no proof of claim was timely filed; (4) any unsigned Ballot lacking an original signature; (5) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (6) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein; (7) any Ballot submitted by a voter who voted other claims in the same class differently; (8) any Ballot superseded by another timely valid Ballot; and (9) any non pre-validated Class 4 or Class 5-A Beneficial Ballot submitted by the Beneficial Owner directly to the Solicitation Agent; and

s.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors and the Plan Sponsor.

8

**E.      Procedures for Voting and Tabulation of Ballots from Beneficial Owners**

The Debtors or the Solicitation Agent (on the Debtors behalf) will transmit Solicitation Packages to Nominees (or their mailing agents) of Beneficial Owners of Class 4 Secured Notes and Class 5-A Unsecured Notes as of the Voting Record Date, or a mailing record date, as applicable. Nominees shall be provided with a sufficient quantity of Beneficial Owner ballots for distribution to their Beneficial Owners. The Nominees are authorized and required to immediately, and, in any event, within five (5) business days after receipt of the Solicitation Packages, forward Solicitation Packages or otherwise convey the information contained therein through customary means to the Beneficial Owners for voting, and, if the Nominee does not pre-validate the Ballots, shall provide the Beneficial Owners with a return envelope addressed to the Nominee for the return of the Beneficial Owners' votes. Each Nominee (or its mailing agent) may distribute the Solicitation Packages to Beneficial Owners, as appropriate, in accordance with its customary practices. Nominees (or their mailing agents) are authorized to collect votes to accept or to reject the Plan from Beneficial Owners in accordance with their customary practices. The Nominees will then return the Master Ballots reflecting the votes of the Beneficial Owners to the Voting Agent. The Nominees are entitled to reimbursement by the Debtors for their reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described in this paragraph E upon written request by such entities without further order or notice (subject to the Court's retaining jurisdiction to resolve any disputes over any request for reimbursement).

**F.      Third Party Release, Exculpation, and Injunction Language in Plan**

The third party release, exculpation, and injunction language in Article X of the Plan is included in the Disclosure Statement. You are advised to carefully review and consider the Plan and the Disclosure Statement, including the discharge, release, and injunction provisions set forth in Article X of the Plan, as your rights may be affected.

1040996.04-CHISR02A - MSW