IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
    :
In re:    :    Chapter 11
    :
QUIKSILVER, INC., *et al.*,    :    Case No. 15-11880 (BLS)
    :
        Debtors.[1]    :    Jointly Administered
    :
    :    Related Docket No. 398, 474, 525
---------------------------------- x

**ORDER AUTHORIZING AND APPROVING (I) (A) ENTRY INTO A BACKSTOP COMMITMENT LETTER AND (B) PAYMENT OF THE COMMITMENT FEES AND (II) THE RIGHTS OFFERING PROCEDURES AND RELATED FORMS**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order"): pursuant to sections 105(a), 363(b), 502, 1123(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 3003, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors to (a) enter into that certain Backstop Commitment Letter dated as of October 30, 2015 (as may be amended, supplemented, or otherwise modified from time to time, the "Backstop Commitment Letter"), by and among the Debtors and certain funds managed by affiliates of Oaktree Capital Management, L.P. (collectively, "Oaktree" or the "Plan Sponsor") and (b) pay the Commitment Fees and (ii) approving certain procedures and related materials in connection with the Rights Offerings to be consummated pursuant to the Plan; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion, the amended Backstop Commitment Letter, attached hereto as <u>Exhibit 1</u>, and the amended Rights Offering Procedures, attached hereto as <u>Exhibit 2</u>, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized to execute, deliver, and implement the Backstop Commitment Letter, attached hereto as <u>Exhibit 1</u> and as may be amended from time to time in accordance with the terms thereof, the terms of which are hereby approved, and to take all actions necessary to perform their obligations thereunder. The Backstop Commitment Letter and the terms and provisions included therein are approved in their entirety pursuant to sections 105 and 363(b) of the Bankruptcy Code. The Backstop Commitment Letter is binding and enforceable against the Debtors and the Plan Sponsor in accordance with its terms.

3. The Commitment Fees, as set forth in the Backstop Commitment Letter, are approved and allowed on a final basis as an administrative expense under section 503(b) of

the Bankruptcy Code, and the Debtors are authorized and directed to pay the Plan Sponsor the Commitment Fees in accordance with, and subject to, the terms of the Backstop Commitment Letter, without further application to or order of the Court. The Commitment Fees shall be non-refundable, and shall not be subject to any avoidance, disgorgement, reduction, setoff, recoupment, recharacterization, subordination, counterclaims, cross-claims, defenses, disallowance, impairment or any other challenges under any theory at law or in equity by any person or entity. For the avoidance of doubt, the Commitment Fees shall survive any termination of the Backstop Commitment Letter and constitute valid, binding, and enforceable obligations against the Debtors and their estates.

4. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms and provisions of the Backstop Commitment Letter and this Order, including, without limitation, permitting the Plan Sponsor to exercise all rights and remedies under the Backstop Commitment Letter in accordance with its terms, terminate the Backstop Commitment Letter in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

5. The Backstop Commitment Letter and the provisions of this Order shall be effective and binding upon all parties in interest in these Chapter 11 Cases, including, without limitation, all creditors of any of the Debtors, the Creditors' Committee, and the Debtors, and each of their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for any of the Debtors, any examiner appointed pursuant to section 1104 of the Bankruptcy Code, a responsible person, officer, or any other party appointed as a legal representative or designee of any of the Debtors or with respect to the property of the

estate of any of the Debtors) whether in these Chapter 11 Cases, in any successor chapter 11 or chapter 7 cases (the "Successor Cases"), or upon any dismissal of any of these Chapter 11 Cases or Successor Cases, and shall inure to the benefit of the Plan Sponsor and the Debtors and their respective successors and assigns.

6. The Rights Offering Procedures, substantially in the form attached hereto as Exhibit 2, are hereby approved.

7. The Rights Offering Materials, including the Secured Notes Eligibility Certificates, the Subscription Forms and the Certification Period Transfer Notices, annexed to the Rights Offering Procedures are hereby approved.

8. The Debtors are authorized to use Kurtzman Carson Consultants, LLC as Subscription Agent in connection with the Rights Offerings.

9. The Rights Offering Record Date shall be December 1, 2015.

10. The Secured Notes Eligibility Certificate Deadline shall be December 28, 2015.

11. The Subscription Deadline shall be January 14, 2016.

12. Notwithstanding the foregoing, the Debtors, with the consent of the Plan Sponsor, may modify the Rights Offering Procedures and the Rights Offering Materials, or adopt any additional detailed procedures, consistent with the provisions of the Plan and the Backstop Commitment Letter to more efficiently administer the Rights Offering.

13. For the avoidance of doubt, all questions concerning the timeliness, viability, form, and eligibility of any exercise of Rights shall be determined by the Debtors, with the consent of the Plan Sponsor, in accordance with the terms of the Rights Offering Procedures. Pursuant to the Rights Offering Procedures, the Debtors, with the consent of the Plan Sponsor,

may waive any defect or irregularity, or permit a defect or irregularity to be corrected within such times as they may determine, or reject the purported exercise of any Rights. Secured Note Eligibility Certificates and Subscription Forms shall be deemed not to have been received or accepted until all irregularities have been waived or cured within such time as the Debtors determine, with the consent of the Plan Sponsor.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

15. Nothing in this Order is intended to or shall supersede the Backstop Commitment Letter, the Rights Offering Procedures, or the Rights Offering Materials, and any inconsistency with this Order or such documents will be controlled by the terms of the Backstop Commitment Letter, the Rights Offering Procedures, or the Rights Offering Materials, as applicable.

16. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: Wilmington, Delaware
Dec 4, 2015

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

5