IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
In re:                                                        :    Chapter 11
                                                              :
QUIKSILVER, INC., *et al.*,                                   :    Case No. 15-11880 (BLS)
                                                              :
                                    Debtors.[1]               :    Jointly Administered
                                                              :
                                                              :    **Hrg. Date: Jan. 13, 2016 at 11:30 a.m. (Eastern)**
                                                              :    **Obj. Due: Dec. 29, 2015 at 4:00 p.m. (Eastern)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY
CODE SECTION 105(a) AND BANKRUPTCY RULE 9006(b) EXTENDING
TIME PERIOD WITHIN WHICH DEBTORS MAY REMOVE ACTIONS
PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-

Debtor affiliates, "Quiksilver" or the "Company"), hereby move (the "Motion") the Court for

entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), extending the time period within which the Debtors may remove pending

proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. In support of this Motion,

the Debtors, by and through their undersigned counsel, respectfully represent as follows:

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
        Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
        (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
        Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate
        headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and this Motion in this district is proper under 28 U.S.C.  §§ 1408 and 1409.

2.     The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a).  The relief requested is also warranted under Bankruptcy Rules 6006 and 9014.

3.     Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.     On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These Chapter 11 Cases are jointly administered.

5.     The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee.  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7.      Quiksilver is one of the world's leading outdoor sports lifestyle companies.  The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities.  The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8.      Prior to the Petition Date, the Debtors entered into that certain Plan Sponsor Agreement (the "PSA") with certain funds managed by affiliates of Oaktree Capital Management (collectively, the "Plan Sponsor").  In accordance with the PSA, on October 13, 2015, the Debtors filed the Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 292] (as amended, the "Plan").  On October 30, 2015, the Debtors filed their Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 396] (as amended, the "Disclosure Statement") and the Debtors' Motion for Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors'

Proposed Plan of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates With Respect Thereto [Docket No. 397] (the "Solicitation Procedures Motion").

9.     On December 4, 2015, the Debtors filed their second amended Plan [Docket No. 526] (the "Second Amended Plan") and Disclosure Statement [Docket No. 527] (the "Second Amended Disclosure Statement") and the Court entered an order approving the Solicitation Procedures Motion and the Second Amended Disclosure Statement.

10.    Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., In Support Of Chapter 11 Petitions And First Day Pleadings [Docket No. 20] (the "First Day Declaration").

## RELIEF REQUESTED

11.    As of the commencement of the Chapter 11 Cases, the Debtors were a party to certain judicial and/or administrative proceedings in various courts and/or administrative agencies (collectively, the "Actions"). Some of the Actions may be subject to removal pursuant to 28 U.S.C. § 1452, which applies to claims relating to bankruptcy cases. As such, the Debtors may find it appropriate and beneficial to their estates to remove certain of the Actions to federal court; however, the Debtors have not yet completed their analysis with respect to the Actions. The Debtors are in the process of performing such analysis in connection with the preparation of the plan supplement, which is currently scheduled to be filed on January 7, 2016. Accordingly, the Debtors' request additional time to make the necessary determinations regarding removal of the Actions.

12.    Pursuant to Bankruptcy Rule 9027(a)(2), the period during which the

Debtors may remove Actions, if any, pursuant to 28 U.S.C. § 1452 (the "Removal Period")

expires on the later of (i) Tuesday, December 8, 2015, or (ii) 30 days after entry of an order

terminating the automatic stay, if the Action has been stayed under Bankruptcy Code section

362. See Fed. R. Bankr. P. 9027(a)(2).

13.    By the Motion, the Debtors request entry of an order pursuant to

Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) extending the Removal Period

with respect to any Actions pending on the Petition Date through the later of (i) Friday, January

22, 2016,[2] which date is 45 days from the expiration of the current Removal Period, for Actions

that have not been stayed pursuant to Bankruptcy Code section 362, or (ii) 30 days after entry of

an order terminating the automatic stay with respect to any particular Action sought to be

removed, without prejudice to the Debtors' right to seek further extensions.

**BASIS FOR RELIEF**

14.    28 U.S.C. § 1452 governs the removal of pending civil actions. Section

1452(a) provides:

> A party may remove any claim or cause of action in a civil
> action other than a proceeding before the United States Tax Court
> or a civil action by a governmental unit to enforce such
> governmental unit's police or regulatory power, to the district court
> for the district where such civil action is pending, if such district
> court has jurisdiction of such claim or cause of action under
> section 1334 of this title.

28 U.S.C. § 1452(a).

15.    Bankruptcy Rule 9027 further provides, in part, that, for claims or causes

of action pending when a bankruptcy case is commenced, "a notice of removal may be filed only

---

[2]    Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the Removal Period until the
Court acts on this Motion.

within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy]

Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a

civil action has been stayed under § 362 of the [Bankruptcy] Code . . . ." Fed. R. Bankr. P.

9027(a)(2).

16.     Finally, Bankruptcy Rule 9006 provides in pertinent part that "when an act

is required or allowed to be done at or within a specified period by these rules . . . the court for

cause shown may at any time in its discretion . . . order the period enlarged if the request therefor

is made before the expiration of the period originally prescribed . . . ." Fed. R. Bankr. P.

9006(b)(1).

17.     It is well-established that this Court has authority to grant the relief

requested and extend the removal period as requested herein. See, e.g., Caperton v. A.T. Massey

Coal Co., Inc., 251 B.R. 322, 325 (S.D. W. Va. 2000) (reasoning that Bankruptcy Rule 9006

provides authority to enlarge the time period for removing actions arising under the Bankruptcy

Code); Pacor, Inc. v. Higgins (In re Pacor, Inc.), 743 F.2d 984, 996 n.17 (3d Cir. 1984) ("Under

the new Rules of Bankruptcy Procedure, it is clear that the court may grant such an extension."),

overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35

(1995).

18.     Requests by debtors for extensions of the removal period have been

granted routinely by courts in this district. See, e.g., In re Dendreon Corp., Case No. 14-12515

(LSS) (Bankr. D. Del. Feb. 5, 2015) (extending removal deadline by 150 days); In re Savient

Pharm., Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Feb. 5, 2014) (extending removal

deadline by 150 days); In re LCI Holding Co., Inc., Case No. 12-13319 (KG) (Bankr. D. Del.

Mar. 18, 2013) (extending removal deadline by 120 days); In re The PMI Grp., Inc., Case No.

11-13730 (BLS) (Bankr. D. Del. July 12, 2012) (extending removal deadline by 120 days); In re

Blitz U.S.A., Inc., Case No. 11-13603 (PJW) (Bankr. D. Del. June 19, 2012) (extending removal

deadline by 120 days); In re Neenah Enters., Inc., Case No. 10-10360 (MFW) (Bankr. D. Del.

June 3, 2010) (extending removal deadline by 120 days).

<h3 align="center">CAUSE EXISTS TO EXTEND REMOVAL PERIOD</h3>

19.     Since the Petition Date, the Debtors have been focused on administering

the Chapter 11 Cases, meeting the initial requirements of the chapter 11 process, executing a

competitive process to sell all or substantially all of the Debtors' assets, formulating and

negotiating the Plan and corresponding Disclosure Statement with the Debtors' Plan Sponsor and

other key constituencies and amending the same, and commencing solicitation in connection

with  the Second Amended Plan and Disclosure Statement. Given these significant tasks and

their attendant demands on the Debtors' personnel and professionals, the Debtors have a

legitimate need for additional time to review their outstanding litigation matters and to evaluate

whether those matters should properly be removed pursuant to Bankruptcy Rule 9027.

20.     The Debtors submit that the requested extension of time is in the best

interests of their estates and creditors because it will afford the Debtors and their professionals

the opportunity to make fully-informed decisions concerning whether the Actions may and

should be removed, thereby protecting the Debtors' valuable rights to adjudicate lawsuits in

federal court pursuant to 28 U.S.C. § 1452.

21.     Furthermore, nothing herein will prejudice any party to a proceeding that

the Debtors seek to remove from pursuing remand pursuant to 28 U.S.C. § 1452(b). Accordingly,

the proposed extension requested herein will not adversely affect the rights of other parties to the

Actions.

## NOTICE

22.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agents and lenders under the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this Motion has been made to this or any other Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting (a) the relief requested herein and (b) such other relief as is appropriate under the circumstances.

Dated:  Wilmington, Delaware
        December 8, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*