# EXHIBIT 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------x
                                 :
In re:                           :    Chapter 11
                                 :
QUIKSILVER, INC., *et al.*,      :    Case No. 15-11880 (BLS)
                                 :
                    Debtors.[1]  :    Jointly Administered
                                 :
---------------------------------x

## STIPULATION MODIFYING AUTOMATIC STAY TO ALLOW FOR ADVANCEMENT/PAYMENT OF COSTS AND FEES UNDER DIRECTORS AND OFFICERS INSURANCE POLICY

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), and Andrew P. Mooney, Richard Shields, William M. Barnum, Jr., Bernd E. Beetz, Joseph F. Berardino, Michael A. Clarke, Elizabeth Dolan, M. Steven Langman, Robert B. McKnight, Jr., and Andrew W. Sweet (collectively, the "Insured Persons", and together with the Debtors, the "Parties"), respectfully submit this proposed stipulation ("Stipulation") to modify the automatic stay to allow for advancement/payment of costs and fees under the directors and officers insurance policy.

Based on the facts below, the Parties stipulate and agree, to the extent provided below, that the Insured Persons shall be permitted to enforce their rights and/or receive advancement/payment of costs and fees payable under the insurance policy regarding directors

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

and officers (the "Insurance Policy") issued by ACE Insurance Company and its affiliates (the "Insurer").

**RECITALS**

WHEREAS, on September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Since the Petition Date, the Debtors have operated their businesses as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

WHEREAS, on April 2, 2015 and April 16, 2015, some or all of the Insured Persons were named as defendants in putative class-action lawsuits captioned Stevens v. Quiksilver, Inc. et. al., Case No. CV15-00516-JVS-JCG and Stein v. Quiksilver, Inc. et al., Case No. CV15-02810-JVS-JCG (the "Pending Federal Actions"). The Pending Federal Actions are currently pending in the United States District Court for the Central District of California. An order consolidating the Pending Federal Actions was entered on June 26, 2015. On August 25, 2015, some or all of the Insured Persons were named as defendants in the amended class action consolidated complaint captioned Stevens v. Quiksilver, Inc. et al., Case No. CV15-00516-JVS-JCG. On September 21, 2015, the Order Staying Action Pending Bankruptcy Proceedings, Removing Action From Active Caseload And Directing The Parties To File Status Reports was entered.

WHEREAS, on June 2, 2015, some or all of the Insured Persons were named as defendants in a shareholder derivative action captioned Vu v. Mooney et al, Case No. 30-2015-00790891-CU-BT-CJC (together with the Pending Federal Actions, the "Pending Actions").

2

This case is currently pending in the Superior Court of California, County of Orange. On September 14, 2015, a Minute Order was entered, ordering the case suspended due to the Notice of Stay of Proceedings Re: Bankruptcy. A Review Hearing re: Bankruptcy Status is scheduled for January 12, 2016.

WHEREAS, prior to the commencement of the Pending Actions, the Debtors purchased the Insurance Policy for the benefit of the Insured Persons.

WHEREAS, in accordance with the Insurance Policy, the Debtors, on behalf of themselves and the Insured Persons, provided notice of the Pending Actions to the Insurer and sought coverage for the Pending Actions under the Insurance Policy to advance defense costs and fees they have incurred and are continuing to incur in the defense of the Pending Actions.

WHEREAS, the Insurer has agreed to advance the Insured Persons' defense costs and fees incurred in connection with the Pending Actions, subject to its reservation of rights.

WHEREAS, the Insurance Policy includes a Presumptive Indemnification clause as section XI., which provides that the Company agrees to indemnify the Insured Persons to the fullest extent permitted by law.

WHEREAS, the Insurance Policy further provides that the Company's indemnification obligations under section XI shall not apply in the event the Company becomes a debtor-in-possession, as has occurred here.

WHEREAS, to the extent the automatic stay imposed under section 362(a) of the Bankruptcy Code applies, the Parties enter into this Stipulation to lift the Automatic Stay to permit the Insured Persons to enforce their rights and/or receive advancement/payment of costs and fees payable under the Insurance Policy.

NOW THEREFORE, based on the foregoing, it is hereby Stipulated and Agreed to by and between the Parties, subject to the Bankruptcy Court's approval, as follows:

### STIPULATION

1. To the extent applicable, the automatic stay imposed under section 362(a) of the Bankruptcy Code is lifted and modified to permit the Insured Persons to enforce their rights and/or receive advancement/payment of costs and fees payable under the Insurance Policy.

2. The Approved Payments shall reduce the Limits of Liability of the Policy and shall not be considered a violation of the automatic stay, nor shall they be considered property of the Debtors' estate.

3. Nothing in this Stipulation shall modify the terms and conditions of the Insurance Policy or the Insurer's reservation of rights.

4. Nothing in this Stipulation shall preclude any Insured Person from, at any time, by motion or further stipulation, seeking further access to other insurance policies nor shall the Debtors be precluded from opposing such request.

5. This Stipulation, and any disputes that may arise out of this Stipulation, shall be subject to the jurisdiction of the Bankruptcy Court.

6. This Stipulation shall be interpreted in accordance with the laws of Delaware, without regard to any conflicts of laws principles.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

7. This Stipulation may be executed in any number of counterparts and by facsimile or electronic transmission, each of which shall be an original, with the same effect as if the signatures hereto were upon the same document.

By: /s/ Van C. Durrer, II
Van C. Durrer, II (I.D. No. 3827)
Annie Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi (I.D. No. 2855)
Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
*Counsel for Debtors and Debtors in Possession*

By: /s/ Meryl L. Young
Meryl L. Young
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-4229
Fax: (949) 475-4412
MYoung@gibsondunn.com

*Counsel for Andrew P. Mooney, Richard Shields, William M. Barnum, Jr., Bernd E. Beetz, Joseph, F. Berardino, Michael A. Clarke, Elizabeth Dolan, M. Steven Langman, Robert B. McKnight, Jr., and Andrew W. Sweet*