```
                      UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                      .  Chapter 11
IN RE:                                .
                                      .  Case No. 15-11880 (BLS)
QUIKSILVER, INC., et al,              .
                                      .
                                      .  Courtroom No. 1
                                      .  824 Market Street
                  Debtors.            .  Wilmington, Delaware 19801
                                      .
. . . . . . . . . . . . . . . .       .  Thursday, December 17, 2015
```

```
                        TRANSCRIPT OF HEARING
           BEFORE THE HONORABLE BRENDAN L. SHANNON
             CHIEF UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

```
For the Debtors:              Van C. Durrer, II, Esq.
                              SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM, LLP
                              300 South Grand Avenue, Suite 300
                              Los Angeles, California 90071

                              Dain A. DeSouza, Esq.
                              SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM, LLP
                              One Rodney Square
                              920 North King Street
                              Wilmington, Delaware 19801
```

(Appearances Continued)

```
Audio Operator:               Electronically Recorded
                              by Dana Moore, ECRO

Transcription Company:        Reliable
                              1007 N. Orange Street
                              Wilmington, Delaware 19801
                              (302)654-8080
                              Email:  gmatthews@reliable-co.com
```

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

APPEARANCES:  (Continued)

For the Official Committee
of Unsecured Creditors:        John Henry Schanne, III, Esq.
                               PEPPER HAMILTON, LLP
                               Hercules Plaza, Suite 5100
                               1313 Market Street
                               Wilmington, Delaware 19899

For Oaktree:                   Andrew R. Remming, Esq.
                               MORRIS, NICHOLS, ARSHT
                                & TUNNELL, LLP
                               1201 North Market Street
                               Wilmington, Delaware 19899

For E. Gluck Corporation:      Mark Minuti, Esq.
                               SAUL EWING, LLP
                               222 Delaware Avenue, Suite 1200
                               Wilmington, Delaware 19801

APPEARANCES VIA TELEPHONE:

For the Official Committee
of Unsecured Creditors:        Meredith A. Lahaie, Esq.
                               AKIN, GUMP, STRAUSS, HAUER
                                & FELD, LLP

<u>INDEX</u>

                                                                    <u>Page</u>

MOTION TO REJECT LICENSE AGREEMENT                                     4

SCHEDULING/MEDIATION                                                   9

1          (Proceedings commence at 9:08 a.m.)

2          (Call to order of the Court)

3              THE COURT:  Please be seated.  Good morning.

4              Mr. Durrer, good morning.

5              MR. DURRER:  Good morning.  Van Durrer, Skadden, Arps,

6     Slate, Meagher & Flom on behalf of the Quiksilver Debtors.

7     We're here on Docket Number 565, notice of agenda, Your Honor.

8              There's one matter on the agenda.

9              THE COURT:  Yeah.

10             MR. DURRER:  The debtors had moved to reject a license

11    agreement with E. Gluck; they produce watches for the debtors -

12    -

13             THE COURT:  Uh-huh.

14             MR. DURRER:  -- and distribute them worldwide.  There

15    was an objection filed; Mr. Minuti is here on behalf of the

16    objector.  And we spoke, and I did get a communication from

17    your chambers as to whether we needed to do this today, and I

18    think it is appropriate to do.

19             THE COURT:  I have no problem.  I just often like just

20    to check in, especially where something appears to be a -- you

21    know, pretty route or a status conference, I'm generally happy

22    to do them by phone or whatever is more convenient for parties.

23             MR. DURRER:  Yeah.  There were some details that we

24    were working out, you know, late yesterday afternoon, so we

25    apologize for not being able to take it off calendar.  But I

1    think it's appropriate to --

2            THE COURT:  I'm always happy to see you guys.

3            MR. DURRER:  And we're happy to see you, Your Honor.

4            So, basically, the objector intends to serve some

5    discovery.  There will probably be a couple of depositions, our

6    witness and their witness.  And then, in the circumstances of

7    the holidays and the confirmation trial, we have agree to kick

8    this to the February 10 omnibus hearing.

9            THE COURT:  Sure.

10           MR. DURRER:  On the caveat, and on -- and Mr. Minuti

11   will correct me if I get this wrong.  But on the caveat that

12   confirmation itself will not prejudice the positions of the

13   parties.

14           And then, likewise, E. Gluck has agreed that they will

15   not -- provided that we have an appropriate proviso in our

16   confirmation order --

17           THE COURT:  Confirmation order, they won't challenge -

18   -

19           MR. DURRER:  -- if we get there --

20           THE COURT:  -- confirmation.

21           MR. DURRER:  -- that they won't challenge

22   confirmation.  They're just focused on what happens to this

23   particular contract.  And we'll have a very interesting day,

24   talking about Exide and Judge Ambro's concurring opinion.

25           THE COURT:  Or it could settle.

1          MR. DURRER:  Yes, or it could settle.  We tried that -

2    -

3          THE COURT:  Hope springs eternal.

4          MR. DURRER:  -- as well.  Yes, absolutely.

5       (Laughter)

6          MR. DURRER:  So I don't know if you want to --

7          THE COURT:  Mr. Minuti, good morning.  Good to see

8    you.

9          MR. MINUTI:  Good morning, Your Honor.  Good to see

10   you, as well.  Your Honor, Mark Minuti for E. Gluck

11   Corporation.

12         Yeah, what we're going to do, Your Honor, is come up

13   with a scheduling order that we'll send to you that will

14   include the idea that we're going to do discovery.

15         We are going to, likely, if it's going to go forward

16   on a contested basis, we will have evidence on the 10th, Your

17   Honor, of February.  I just want to make sure that that's --

18   Your Honor has enough time to do that.

19         THE COURT:  I have you scheduled for 11:30 on the

20   10th.  Here's what I'd ask:  I have no reservations about

21   whether or not I'd be able to accommodate you either on the

22   10th or around there, it depends on what you see coming.  So,

23   you know, if this is about Exide and the concurrence and the

24   application of 365, most of that is argument.

25         If the facts are stipulated largely, or if they come

1    in by evidence, then, by declaration or otherwise, about

2    watches being made and this is how it's down and this is how

3    you operate your business, that hearing could be relatively

4    brief.

5            If there's more to it -- and I'm just guessing -- but

6    if there's more to it, then I would ask that, as you folks have

7    done in the past, I'd ask that you just keep in touch with

8    chambers.  And if we get closer, and it looks like I'm not

9    going to be able to accommodate, the last thing I want to do is

10    have witnesses or, frankly, you guys come in, and not be able

11    to close the loop on a hearing.  So, if it looks like it's

12    going to be tight and you'll need, you know, a half-day or

13    every bit of a full -- you know, or a full day, if I got a

14    heads-up a little bit in advance, we'd be able to accommodate

15    that.

16            So why don't we have the discovery process play out.

17    We'll keep you on.  I have the balance of the day on the 10th,

18    at least right now.

19            MR. MINUTI:  Okay.

20            THE COURT:  So I think that that ought to be plenty of

21    time.  But again, you guys will know better, come -- you know,

22    come the beginning of February.  And the debtors' posture may

23    change, also, on a post-confirmation basis.

24            MR. MINUTI:  And I think, as Mr. Durrer and I talk

25    about it, I mean, we're probably -- if it's going to go forward

1    on a contested basis, that the main issue, I think, is probably

2    going to be the equities, and we're probably talking a witness

3    on each side on that.

4         THE COURT:  Okay.

5         MR. MINUTI:  So, you know, hopefully we can

6    accommodate.  But we'll be in touch with chambers, as we get

7    closer, as we have a better idea of how long that will be.

8         The idea, Your Honor, is that we'll submit the

9    scheduling order.  The scheduling order is essentially going to

10   provide that, you know, all rights are reserved.  And that what

11   we're going to do is build into the plan and confirmation order

12   the same thing.

13        So we'll sort of -- everybody's positions are going to

14   be preserved, and the plan is not going to affect this issue or

15   my client's claims that may arise out of this.  And then we'll

16   come back, either by way of settlement or a contested hearing -

17   -

18        THE COURT:  I think that's --

19        MR. MINUTI:  -- on February 10th.

20        THE COURT:  -- a very elegant resolution.

21        MR. MINUTI:  Thank you, Your Honor.

22        THE COURT:  At least for purposes of today.  Okay.

23        MR. MINUTI:  And happy holidays to you.

24        THE COURT:  Happy holidays.

25        MR. DURRER:  And that's the only official matter we

1    have on the agenda.

2             I do have the form of scheduling order that we talked

3    about for conformation.

4             THE COURT:  That would be great.

5             MR. DURRER:  So if I can --

6             THE COURT:  And I do have a report for you on that, as

7    well.  Okay.  I am delighted to report that I have heard back

8    from my friend Judge Drain, and he would be available to the

9    parties in the week of the 11th of January, which I think is

10   what you asked for.

11            He's asked that you get in touch with his chambers.

12   And I think you were looking for -- were you looking for

13   something later in the week of the 11th?

14            MR. DURRER:  Because the last report is coming in on

15   the 11th --

16            THE COURT:  On the 8th.

17            MR. DURRER:  -- we, thought --

18            THE COURT:  Oh, the 11th?

19            MR. DURRER:  -- it was appropriate to steer it to the

20   end of the week to give judge -- give whoever the mediator

21   would be an opportunity to spend some time with it.

22            THE COURT:  And I think he'll talk to you about his

23   scheduling.  It may be that he's available earlier in that

24   week, and whether that drives part of the mechanics of this --

25            MR. DURRER:  Sure.

1          THE COURT:  -- scheduling order, but I'll leave that

2     to him and to the parties.  But that sounds fine with me, and I

3     certainly appreciate His Honor's willingness to get together

4     with you guys and hopefully move this ball forward.

5          MR. DURRER:  As do we.

6          THE COURT:  So what I would ask is, if you would

7     circle up with Judge Drain's chambers, I think he's expecting a

8     call from you folks.  And if you would get an order under

9     certification appointing him, and I think we've used a pretty

10    standard form in the past.

11         And I would note again something that, again, for the

12    record, that I think everybody knows.  But I want to be clear

13    that, you know, other than conveying the request, and then

14    ultimately hearing from Judge Drain about whether it settled or

15    it didn't, that's the only visibility I'm going to have into

16    that process, and that is the only visibility I want into that

17    process.  So go forth and resolve.

18         MR. DURRER:  We'll keep the --

19         THE COURT:  But I appreciate --

20         MR. DURRER:  -- sausage-making to ourselves.

21         THE COURT:  Okay.  All right.  Do we have anything

22    further this morning?

23         MR. DURRER:  No, Your Honor.

24         THE COURT:  I'll sign this scheduling order, and we'll

25    have this on the docket today.

1           MR. DURRER:  Terrific.

2           THE COURT:  All right.  Terrific.  Thank you very

3   much, Counsel.

4           MR. DURRER:  Thank you, Your Honor.

5           THE COURT:  Happy holidays to everyone.

6           MR. DURRER:  Happy holidays.  Thank you.

7        (Proceedings concluded at 9:18 p.m.)

8                        *****

1                           CERTIFICATION

2              I certify that the foregoing is a correct transcript

3      from the electronic sound recording of the proceedings in the

4       above-entitled matter to the best of my knowledge and ability.

5

6

7      /s/ Coleen Rand                        December 18, 2015

8      Coleen Rand

9      Certified Court Transcriptionist

10     For Reliable