**EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| QUIKSILVER, INC., *et al.*,[1] | ) ) ) | Case No. 15-11880 (BLS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER (I) DETERMINING THE DIMINUTION IN VALUE OF THE SECURED NOTES PARTIES' COLLATERAL, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of certain funds managed by affiliates of Oaktree Capital Management, L.P. (collectively, "Oaktree") for entry of an order (this "Order"), (a) determining the amount of Diminution in Value of the Secured Notes Collateral, and (b) granting related relief, all as more fully set forth in the Motion; and upon the Houlihan Report; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, CONCLUDED, AND DETERMINED THAT:**

A.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), QS Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  This Court may enter a final order consistent with Article III of the United States Constitution.  Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested in the Motion are sections 105, 361, 362, 363, 506, and 507 of the Bankruptcy Code and Bankruptcy Rule 3012.

B. The relief granted herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

C. The relief granted herein is appropriate under the terms of the Final DIP Order and the Bankruptcy Code.

D. Due, sufficient, and adequate notice of the Motion, Hearing, and the relief requested in this Order has been given in light of the circumstances and nature of the relief requested, and no other or further notice thereof is required.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.  Any objections to the Motion, to the extent not previously withdrawn or resolved, are hereby overruled on the merits.

2. The Diminution in Value of the Secured Notes Collateral—and therefore the value of the Secured Notes Replacement Liens and Secured Notes Superpriority Claims—as of the Valuation Date is not less than $68.5 million; provided, that the Secured Notes Replacement Liens and Secured Notes Superpriority Claims on account of any such diminution shall be waived to the extent that the Plan is consummated and the PSA has not been terminated in accordance with its terms.

3. If the Plan is not consummated, the Secured Notes Parties have the right to seek to

amend the value of their Secured Notes Replacement Liens and Secured Notes Superpriority Claims resulting from the Diminution in Value to account for any additional Diminution in Value that occurs after the Valuation Date.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2016
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE