IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| QUIKSILVER, INC., *et al.*, ) | Case No. 15-11880 (BLS) |
| ) | |
| Debtors.[1] ) | |
| ) | Jointly Administered |

**DECLARATION OF ARMEN EMRIKIAN IN
SUPPORT OF DEBTORS' FIRST OMNIBUS OBJECTION, PURSUANT TO
SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, BANKRUPTCY
RULE 3007, AND LOCAL RULE 3007-1, TO (I) DUPLICATE CLAIMS, (II) AMENDED
AND SUPERSEDED CLAIMS, AND (III) STOCK CLAIMS (NON-SUBSTANTIVE)**

I, Armen Emrikian, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Managing Director with FTI Consulting, Inc., the financial and restructuring advisors retained by the above-captioned debtors (the "Debtors") and a "temporary employee" of the Debtors as contemplated by that retention. I make this declaration (the "Declaration") in support of the *Debtors' First Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) Duplicate Claims, (II) Amended and Superseded Claims, and (III) Stock Claims (Non-Substantive)* (the "First Omnibus Objection"). Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the First Omnibus Objection.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the books and records (the "Books and Records") of the above-captioned Debtors, the Schedules of Assets and Liabilities filed in the Debtors' chapter 11 cases (the "Schedules"), the claims addressed in the First Omnibus Objection, relevant documents and other information prepared or collected by the Debtors' employees or professionals, or my opinion based on my experience with the Debtors' operations and financial condition. In making my statements based on my review of the Books and Records, relevant documents, and other information prepared or collected by the Debtors' employees, I have relied upon these employees accurately recording, preparing, or collecting such documentation and other information.

3. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion. I am authorized to submit this Declaration on behalf of the Debtors.

4. I have access to the Books and Records. The Debtors' practice is to prepare and/or file documents and records at or about the time of the events described in the document or record, which are noted and recorded in the books, records, and/or files of the Debtors and which are maintained and relied upon by the Debtors in the ordinary course of their business.

5. The Debtors object to the Claims listed on Exhibit 1 to the proposed order (the "Proposed Order") filed with the First Omnibus Objection because each of those Claims is

duplicative of another claim filed by the claimant with respect to the same Debtor. If the First Omnibus Objection is granted with respect to the Claims shown on Exhibit 1, the claimant will continue to hold the "Remaining Claim Number," identified on Exhibit 1, that is otherwise duplicative of the disallowed claim, subject to any other objection or disposition of such surviving claim.

6. The Debtors object to the Claims listed on Exhibit 2 to the Proposed Order filed with the First Omnibus Objection because those claims amend and supersede a previously filed claim (such previously filed Claim, the "Amended and Superseded Claims"). The Amended and Superseded Claims are identified under the heading labeled "Amended Claim to Be Disallowed" in Exhibit 2 attached to the Proposed Order. The Debtors have also identified the related, subsequently filed Claim that will remain if the Amended and Superseded Claim is expunged, which is identified under the heading in Exhibit 2 labeled "Remaining Claim Number." The claimant holding the Amended and Superseded Claim will not be prejudiced by having its respective Amended and Superseded Claim disallowed and expunged because its Remaining Claim will remain on the Claims Register after the corresponding Amended and Superseded Claim is expunged.

7. The Debtors object to the Claims listed on Exhibit 3 to the Proposed Order filed with the First Omnibus Objection (the "Equity Claims") because each of those claims assert claims that demand, in whole or in part, secured, priority, or unsecured status. After reconciling the Equity Claims against the Debtors' Books and Records, the Debtors' have determined that each of the Equity Claims asserts a claim by a shareholder in connection with the ownership of

stock and thus constitutes an equity interest and not a secured, priority, or general unsecured claim.

*[remainder of page intentionally left blank]*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of December 2015.

*[signature]*

Armen Emrikian
Managing Director
FTI Consulting, Inc.