IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., et al., | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |
| | ) | |

Objection Deadline: January 15, 2016, at 4:00 p.m.
Deadline to File Rule 3018 Motion: January 6, 2016
Hearing Date: February 10, 2016, at 11:30 a.m.

## DEBTORS' SECOND OMNIBUS OBJECTION, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1, TO (I) DUPLICATE CLAIMS FILED AGAINST DIFFERENT DEBTORS AND (II) DUPLICATE DEBT CLAIMS (SUBSTANTIVE)

Quiksilver, Inc., and certain of its affiliated debtors and debtors in possession in the above-captioned cases (the "Debtors"), hereby submit their second omnibus objection (the "Objection") seeking an order substantially in the form attached hereto (the "Proposed Order"), disallowing and expunging the claims identified on Exhibit 1 and Exhibit 2 to the Proposed Order for the reasons more fully described below and in the Exhibits. In support of this Objection, the Debtors have filed concurrently herewith the *Declaration of Armen Emrikian in Support of Debtors' Second Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) Duplicate Claims Filed Against Different Debtors and (II) Duplicate Debt Claims (Substantive)*, and respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and  Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**ATTENTION:** **Please take notice that, if a claim that you filed against the Debtors is identified on the schedules attached to the Proposed Order as Exhibits 1 and 2, the Debtors have objected to that claim with this Objection. This Objection therefore directly affects your rights, and your claim may be disallowed as a result of the granting of the relief sought in this Objection. Please carefully review the accompanying** *Notice of Debtors' Second Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) Duplicate Claims Filed Against Different Debtors and (II) Duplicate Debt Claims (Substantive)* **(the "**Notice**") for important information regarding both (i) the deadline and procedure for filing any response to the Objection and (ii) the date of the hearing on the Objection. Any response to the Objection should be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), at the address identified in the Notice, and served on the Notice Parties as identified in the Notice. If neither you nor your attorney respond to this Objection by the deadline set forth in the Notice, the Court may decide that you have waived any right to oppose the Objection to your claim.**

### Jurisdiction and Venue

1.      The Bankruptcy Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105 and 502 of chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2

**Background**

3.      On September 9, 2015 (the "Petition Date"), the Debtors each commenced

a voluntary case (together, the "Chapter 11 Cases") by filing a petition for relief under the

Bankruptcy Code in the Bankruptcy Court.

4.      The Debtors continue to operate their businesses and manage their

properties as debtors and debtors in possession pursuant to sections 1107(a) and 1109 of the

Bankruptcy Code.

5.      On September 22, 2015, the Office of the United States Trustee for the

District of Delaware (the "United States Trustee") appointed an official committee of unsecured

creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed

an Amended Notice of Appointment of Creditors' Committee.  No trustee or examiner has been

appointed in the Chapter 11 Cases.

6.      The Debtors are one of the world's leading outdoor sports lifestyle

companies. The Debtors design, develop, and distribute branded apparel, footwear, accessories,

and related products.  The Debtors began operations in 1976 making boardshorts for surfers in

the United States under a license agreement with the *Quiksilver* brand founders in Australia.

Today, the Debtors' business is rooted in the strong heritage and authenticity of its core brands,

*Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with

surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The

Debtors' products are sold in over 115 countries through a wide range of distribution points,

including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores,

discount centers, specialty stores, select department stores, and licensed stores), Debtor-owned

retail stores, and their e-commerce websites. The Debtors comprise each of the Company's U.S.

entities, including parent, Quiksilver, Inc., as well as QS Wholesale, Inc., QS Retail, Inc., DC

Shoes, Inc., and seven inactive entities.

7.    Additional factual background information regarding the Debtors,

including their business operations, their corporate and capital structure, and the events leading

to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas*

*Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day*

*Pleadings* [Docket No. 20].

8.    A hearing to consider confirmation of the Debtors' *Second Amended Joint*

*Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in*

*Possession* (the "Plan") [Docket No. 532] is presently scheduled for January 27, 2016, at 9:30

a.m. before the Bankruptcy Court (the "Confirmation Hearing").

9.    As of the date hereof, more than 800 proofs of claim have been filed in the

Chapter 11 Cases.  The Debtors, together with their claims and administrative agent Kurtzman

Carson Consultants LLC ("KCC"), their financial and restructuring advisors FTI Consulting, Inc.

("FTI"), and their counsel, have commenced a claims reconciliation process that includes

identifying particular categories of claims that may be targeted for disallowance and

expungement, reduction and allowance, or reclassification and allowance.  In addition to the

present Objection, the Debtors anticipate filing further individual and/or omnibus objections.

### Relief Requested

10.    By this Objection, the Debtors object to the claims set forth in Exhibits 1

and 2 attached to the Proposed Order (the "Claims") and, for the reasons described below and on

the Exhibits, seek entry of the Proposed Order, pursuant to sections 105 and 502 of the

4

Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing and expunging

the Claims.  Section 502(b) states in relevant part that:

> [T]he court, after notice and a hearing, shall determine the amount
> of [a] claim in lawful currency of the United States as of the date of
> the filing of the petition, and shall allow such claim in such amount,
> except to the extent that –
>
>    (1)  such claim is unenforceable against the debtor or
> property of the debtor, under any agreement or applicable law for a
> reason other than because such claim is contingent or unmatured
> . . . .

11  U.S.C. § 502(b).

### A.  <u>Duplicate Claims Filed Against Different Debtors</u>

      11.     The Debtors object to the Claims listed on Exhibit 1 attached to the

Proposed Order (the "<u>Duplicate Claims</u>") pursuant to section 502(b)(1) of the Bankruptcy Code

because the Claims are duplicative of other claims filed by the claimant with respect to a

different Debtor.  Rule 3007-1(d) of the Local Rules provides that "a claim filed against two

different debtors is not a duplicate claim unless the cases have been substantively consolidated

by order of the Court."  Local Rule 3007-1(d)(i).  The duplicate claims are identified on

Exhibit 1 as the "Duplicate Claim to Be Disallowed."  The Plan, which is scheduled to be

considered at the Confirmation Hearing, expressly contemplates substantive consolidation.  *See*

Plan Article 6.1.  Provided that substantive consolidation is authorized at the Confirmation

Hearing, failure to grant the requested relief would allow the claimant to collect a windfall upon

two claims rather than the one actually permitted to be asserted against the Debtors collectively

under the Plan.

      12.     Therefore, the Claims listed in Exhibit 1 should be disallowed.  If the

relief sought against a creditor in this Objection is granted, the claimant will continue to hold the

"Remaining Claim Number," identified on Exhibit 1, that is otherwise duplicative of the disallowed claim, subject to any other objection or disposition of such surviving claim.

### B. Duplicate Debt Claims

13.    The Debtors have determined that the Claims listed in Exhibit 2 attached to the Proposed Order (the "Duplicate Debt Claims") assert Claims that are limited exclusively to amounts owed in respect of either the Secured Notes Claims or the Unsecured Notes Claims, as defined under the Plan (each, a "Debt Claim"), and as to which the respective indenture trustees for the obligations (the "Indenture Trustees") timely filed a single master proof of claim (each, a "Master Proof of Claim") on behalf of all holders of such Claims. The Duplicate Debt Claims in Exhibit 2 exclude other claims that may arise out of or relate to the Debt Claims and that assert sums due in addition to the indebtedness owed in respect of the Debt Claims.

14.    A claimant is not entitled to multiple recoveries for a single liability against a single debtor since a claimant is entitled only to a single satisfaction, if at all, of any particular claim of liability against a debtor. *See, e.g.*, *In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill 1998) ("it is axiomatic that one cannot recover for the same debt twice"). Absent seeking disallowance of the Duplicate Debt Claims listed in Exhibit 2, holders of Debt Claims may receive multiple recoveries in respect of a single Claim against the Debtors if such Claimants have asserted a Claim duplicative of the corresponding Master Proof of Claim filed by the relevant Indenture Trustee on the Claimant's behalf.

15.    For each Claimant, the Duplicate Debt Claims in Exhibit 2 appear under the heading labeled "Name of Claimant" and "Claim Number," while  the Claim to remain on file is the Master Proof of Claim timely filed on behalf of all holders of such claims by the respective Indenture Trustees and is identified in the columns labeled "Remaining Claim" and

"Remaining Claimant." Each Duplicate Debt Claim proposed to be expunged asserts a basis for liability that is identical to or duplicative of that asserted in the Master Proof of Claim. Accordingly, the Duplicate Debt Claims do not represent valid claims against the Debtors' estates and should be disallowed.

16.    Accordingly, the Debtors request entry of the Proposed Order disallowing and expunging the Duplicate Debt Claims in their entirety.

### Responses to the Objection

17.    To contest the Debtors' objection to any Claim in Exhibits 1 or 2 attached to the Proposed Order that is proposed to be disallowed and expunged, a claimant must follow the instructions set forth in the Notice accompanying this Objection.

### Replies to Responses

18.    Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a claimant's Response no later than 4:00 p.m. (prevailing Eastern Time), one day prior to the deadline for filing the agenda for any hearing scheduled to consider the Objection.

### Separate Contested Matters

19.    If the Debtors' objection to any Claim asserted herein is not resolved, each such objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Bankruptcy Rules. Any order entered by the Bankruptcy Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim subject thereto. The Debtors request that the Bankruptcy Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in a contested matter by Bankruptcy Rules 7054 and 9014,

7

direct entry of a final judgment with respect to those claims objections as to which relief is

entered by any Order on the Objection.

## Reservation of Rights

20.    The Debtors hereby reserve the right to (i) file subsequent objections to

any Claims listed in Exhibits 1 and 2 attached to the Proposed Order on any ground; (ii) amend,

modify, and/or supplement this Objection, including, without limitation, the filing of objections

to further amended or newly filed claims; (iii) seek expungement or reduction of any Claim to

the extent all or a portion of such Claim has been paid; and (iv) settle any Claim for less than the

asserted amount.  Separate notice and a hearing will be provided in respect of any such

additional objections.

## Notice

21.    Notice of this Motion has been provided by first-class mail to the

following parties:  (a) the Office of the United States Trustee for the District of Delaware;

(b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the

agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for

the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors'

prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) all parties

entitled to notice pursuant to Bankruptcy Rule 2002; and (h) the claimants identified in Exhibits

1 and 2 to the Objection.  The Debtors submit that no other or further notice need be provided.

## Compliance with Local Rule 3007-1

22.    To the best of the Debtors' knowledge and belief, this Objection and

related Exhibits 1 and 2 attached to the Proposed Order, comply with Local Rule 3007-1.  To the

extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1,

8

the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

### **No Previous Request**

23.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the Objection and disallowing and expunging the Claims identified in Exhibit 1-2 attached to the Proposed Order, and granting such other and further relief as this Court deems just and proper.

Dated:  December 2̲0̲, 2015          PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (DE Bar No. 2436)
Michael R. Seidl (DE Bar No. 3889)
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 4662)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:    ljones@pszjlaw.com
              mseidl@pszjlaw.com
              jpomerantz@pszjlaw.com
              jmorris@pszjlaw.com

Co-Counsel for the Debtors and Debtors in Possession

9