**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |
| | | **Re: Docket No. __** |

**ORDER GRANTING DEBTORS'
SECOND OMNIBUS OBJECTION, PURSUANT TO SECTIONS 105
AND 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND
LOCAL RULE 3007-1, TO (I) DUPLICATE CLAIMS FILED AGAINST
DIFFERENT DEBTORS AND (II) DUPLICATE DEBT CLAIMS (SUBSTANTIVE)**

Upon the *Debtors' Second Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) Duplicate Claims Filed Against Different Debtors and (II) Duplicate Debt Claims (Substantive)* (the "Objection"), seeking entry of an order disallowing and expunging certain Claims,[2] as listed in Exhibits 1-2 attached hereto; and the Court having subject matter jurisdiction to consider the Objection and to issue the relief requested therein in accordance with 28 U.S.C. § 1334; and the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, and creditors, and that the legal and factual

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Objection is granted, as may be modified herein; and it is further

ORDERED that each of the Duplicate Claims listed in Exhibit 1 under the heading "Duplicate Claim to Be Disallowed" hereby is disallowed and expunged in its entirety; and it is further

ORDERED that each of the Duplicate Debt Claims listed in Exhibit 2 under the headings "Name of Claimant" and "Claim Number" is hereby is disallowed and expunged in its entirety; and it is further

ORDERED that the rights of the Debtors to (i) file subsequent objections to any Claims listed in Exhibits 1 and 2 attached hereto on any ground; (ii) amend, modify, or supplement the Objection, including, without limitation, the filing of objections to further amended or newly filed claims; (iii) seek expungement or reduction of any Claim to the extent all or a portion of such Claim has been paid; and (iv) settle any Claim for less than the asserted amount are preserved. Additionally, should the grounds of objection stated in the Objection be denied, the rights of the Debtors to object on any other grounds are preserved; and it is further

ORDERED that this Court shall retain jurisdiction over the Debtors and the Claimants whose Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order; and it is further

ORDERED that each Claim and the objections by the Debtors to such Claim, as addressed in the Objection and set forth in Exhibits 1 and 2 hereto, constitute a separate contested matter as contemplated by Rule 9014 of the Bankruptcy Rules and Local Rule 3007-1.

This Order shall be deemed a separate Order with respect to each Claim that is subject to the Objection. Any stay of this Order pending appeal by any claimant whose Claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters addressed in the Objection and this Order; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in a contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to those claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters.

Dated: _____, 2016
       Wilmington, Delaware

                                                                The Honorable Brendan L. Shannon
                                                              United States Bankruptcy Court Judge

# Exhibit 1

## Duplicate Claims

DOCS_DE:204200.4 72779/001

In re: Quiksilver, Inc., et al
Case No. 15-11880

Exhibit 1 - Duplicates Filed Against Multiple Debtors

| Name of Claimant | Remaining Claim Number | Debtor - Remaining Claim | Duplicate Claim to be Disallowed | Debtor - Disallowed Claim | Claim Amount | Nature of Claim | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| Pacific Employers Insurance Company | 527 | Mt. Waimea, Inc. | 523 | QS Retail, Inc. | $ 6,112,371.00 | Secured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Pacific Employers Insurance Company | 527 | Mt. Waimea, Inc. | 521 | Quiksilver, Inc. | $ 6,112,371.00 | Secured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Pacific Employers Insurance Company | 527 | Mt. Waimea, Inc. | 518 | Fidra, Inc. | $ 6,112,371.00 | Secured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| World Marketing, Inc. | 112 | QS Wholesale, Inc. | 111 | Quiksilver, Inc. | $ 2,596,247.92 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| OMelveny & Myers LLP | 548 | Quiksilver, Inc. | 555 | QS Wholesale, Inc. | $ 1,059,399.48 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Cataria International, Inc., a California Corporation | 245 | Quiksilver, Inc. | 244 | DC Shoes, Inc. | $ 230,000.00 | Secured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Walt Disney Parks and Resorts U.S., Inc. | 301 | QS Retail, Inc. | 300 | Quiksilver, Inc. | $ 125,729.51 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Vector Intelligent Solutions, LLC dba Industry Retail Group | 551 | QS Retail, Inc. | 390 | Quiksilver, Inc. | $ 112,598.43 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| WRI Marshalls Plaza, LP | 607 | Quiksilver, Inc. | 606 | QS Retail, Inc. | $ 74,413.50 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Wei-En Chang | 174 | Quiksilver, Inc. | 161 | DC Shoes, Inc. | $ 70,031.41 | Priority | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| 3 Times Square Associates, LLC | 544 | Quiksilver, Inc. | 540 | QS Retail, Inc. | $ 69,319.57 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Beacon Resources, LLC | 539 | QS Wholesale, Inc. | 538 | Quiksilver, Inc. | $ 48,828.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| G&S Realty 1, LLC | 229 | DC Shoes, Inc. | 228 | Quiksilver, Inc. | $ 33,647.29 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| California Rampworks | 94 | DC Shoes, Inc. | 33 | Quiksilver, Inc. | $ 20,156.53 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Jack Putney | 268 | QS Retail, Inc. | 266 | Quiksilver, Inc. | $ 19,351.85 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |

Exhibit 1 - Duplicates Filed Against Multiple Debtors

In re: Quiksilver, Inc., et al
Case No. 15-11880

| Name of Claimant | Remaining Claim Number | Debtor - Remaining Claim | Duplicate Claim to be Disallowed | Debtor - Disallowed Claim | Claim Amount | Nature of Claim | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 572 | QS Retail, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 573 | Q.S. Optics, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 575 | Mt. Waimea, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 576 | Hawk Designs, Inc | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 578 | Fidra, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 579 | DC Direct, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 580 | DC Shoes, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 582 | QS Wholesale, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 583 | Quiksilver, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Ramsey Slim | 594 | Quiksilver Entertainment, Inc. | 593 | Quiksilver Wetsuits, Inc. | $ 17,914.00 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |
| Snohomish County PUD #1 | 114 | QS Retail, Inc. | 113 | DC Shoes, Inc. | $ 440.95 | General Unsecured | Duplicate claims against multiple Debtors; Debtors will be substantively consolidated pursuant to the Plan. |

# Exhibit 2

## Duplicate Debt Claims

In re: Quiksilver, Inc., et al
Case No. 15-11880

Exhibit 2 - Individual Bondholder Claims Duplicative with Indenture Trustee Claim

| Name of Claimant | Claim Number | Claim Amount | Nature of Claim | Remaining Claim | Remaining Claim Amount | Remaining Claimant | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| Gilbert Cox IRA | 39 | $ 10,000.00 | Secured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Allan M. Rose | 150 | $ 8,000.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Mike Pitcher | 158 | $ 850.00 | Admin Priority | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| John C Balzarini | 196 | $ 2,873.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| University of Dayton | 639 | $ 55,545.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| University of Dayton | 639 | $ 30,240.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Govt of Guam Retirement Fund | 647 | $ 72,450.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Govt of Guam Retirement Fund | 647 | $ 42,300.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Texas County and District Retirement System | 648 | $ 60,375.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Texas County and District Retirement System | 648 | $ 41,400.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| National Elevator | 649 | $ 84,525.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| National Elevator | 649 | $ 53,550.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |

Exhibit 2 - Individual Bondholder Claims Duplicative with Indenture Trustee Claim

| Name of Claimant | Claim Number | Claim Amount | Nature of Claim | Remaining Claim | Remaining Claim Amount | Remaining Claimant | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| Santa Barbara County Employees Retirement System (SBCERS) | 651 | $ 36,225.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Santa Barbara County Employees Retirement System (SBCERS) | 651 | $ 24,120.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| San Diego County Employees Retirement (SDCERA) | 652 | $ 366,275.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| San Diego County Employees Retirement (SDCERA) | 652 | $ 217,800.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Hotchkis & Wiley Hedged Value Fund | 653 | $ 442,750.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Hotchkis & Wiley Capital Income Fund | 654 | $ 160,195.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Hotchkis & Wiley Capital Income Fund | 654 | $ 5,760.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Hotchkis & Wiley High Yield Fund | 655 | $ 13,478,920.00 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Hotchkis & Wiley High Yield Fund | 655 | $ 439,740.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Alaska Electrical Pension | 665 | $ 1.58 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Oakmark Equity and Income Fund | 690 | $ 6,138,087.50 | General Unsecured | 210 | UNLIQUIDATED | Delaware Trust Company, as Successor to U.S. Bank National Association, as Indenture Trustee and Collateral Agent | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |
| Donna L. Schulze / Bryan D. Schulze | 793 | $ 10,000.00 | General Unsecured | 216 | UNLIQUIDATED | U.S. Bank National Association | Claim to be disallowed is a bondholder claim that is duplicative of claim filed by indicated claim by Indenture Trustee; claimant is only entitled to one recovery under the Plan. |