IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |

**DECLARATION OF ARMEN EMRIKIAN IN SUPPORT OF DEBTORS'
SECOND OMNIBUS OBJECTION, PURSUANT TO SECTIONS 105
AND 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND
LOCAL RULE 3007-1, TO (I) DUPLICATE CLAIMS FILED AGAINST
DIFFERENT DEBTORS AND (II) DUPLICATE DEBT CLAIMS (SUBSTANTIVE)**

I, Armen Emrikian, hereby declare that the following is true to the best of my

knowledge, information, and belief:

1.      I am a Managing Director with FTI Consulting, Inc., the financial and

restructuring advisors retained by the above-captioned debtors (the "Debtors") and a "temporary

employee" of the Debtors as contemplated by that retention. I make this declaration (the

"Declaration") in support of the *Debtors' Second Omnibus Objection, Pursuant to Sections 105*

*and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) Duplicate*

*Claims Filed Against Different Debtors and (II) Duplicate Debt Claims (Substantive)* (the

"Second Omnibus Objection"). Capitalized terms not otherwise defined herein shall have the

meaning ascribed thereto in the Second Omnibus Objection.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors'
corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the Debtors' books and records (the "Books and Records"), the Schedules of Assets and Liabilities filed in the Debtors' chapter 11 cases (the "Schedules"), the claims addressed in the Second Omnibus Objection, relevant documents and other information prepared or collected by the Debtors' employees or professionals, or my opinion based on my experience with the Debtors' operations and financial condition.  In making my statements based on my review of the Books and Records, relevant documents, and other information prepared or collected by the Debtors' employees, I have relied upon these employees accurately recording, preparing, or collecting such documentation and other information.

3.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion.  I am authorized to submit this Declaration on behalf of the Debtors.

4.      I have access to the Books and Records.  The Debtors' practice is to contemporaneously prepare and/or file documents and records, which are noted and recorded in the books, records, and/or files of the Debtors and which are maintained and relied upon by the Debtors in the ordinary course of their business.

5.      The Debtors object to the Claims listed on Exhibit 1 to the proposed order (the "Proposed Order") filed with the Second Omnibus Objection because the Claims are duplicative of other claims filed by the claimant with respect to a different Debtor.  The duplicate claims are identified on Exhibit 1 as the "Duplicate Claim to Be Disallowed."  The Plan, which

is scheduled to be considered at the Confirmation Hearing, expressly contemplates substantive

consolidation of the Debtors.  *See* Plan Article 6.1.  Provided that substantive consolidation is

authorized at the Confirmation Hearing, failure to grant the requested relief would allow the

claimant to collect a windfall upon two claims rather than the one actually permitted to be

asserted against the Debtors collectively under the Plan.

      6.     The Debtors object to the Claims listed on Exhibit 2 to the Proposed Order

filed with the Second Omnibus Objection (the "Duplicate Debt Claims") because those Claims

assert claims that are limited exclusively to amounts owed in respect of either the Secured Notes

Claims or the Unsecured Notes Claims, as defined under the Plan (each, a "Debt Claim"), and as

to which the respective indenture trustees for the obligations (the "Indenture Trustees") timely

filed a single master proof of claim (each, a "Master Proof of Claim") on behalf of all holders of

such Claims. The Duplicate Debt Claims in Exhibit 2 exclude other claims that may arise out of

or relate to the Debt Claims and that assert sums due in addition to the indebtedness owed in

respect of the Debt Claims.

*[remainder of page intentionally left blank]*

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th day of December 2015.

Armen Emrikian
Managing Director
FTI Consulting, Inc.

4