**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x

In re:                          :      Chapter 11

QUIKSILVER, INC., *et al.*,[1]     :      Case No. 15-11880 (BLS)

                  Debtors.     :      Jointly Administered

                         :      **Hearing Date: Only if an objection is filed**

------------------------------------------------------------ x      **Objection Deadline: January 25, 2016 at 4:00 p.m. (ET)**

**SECOND MONTHLY APPLICATION OF AKIN GUMP
STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC.,
ET AL., FOR INTERIM ALLOWANCE OF COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED
DURING THE PERIOD NOVEMBER 1, 2015 THROUGH NOVEMBER 30, 2015**

This is an  _x_  interim             _____ final application

| | |
|---|---|
| Name of Applicant: | Akin Gump Strauss Hauer & Feld LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Quiksilver, Inc., *et al*. |
| Date of Retention: | November 13, 2015 (*nunc pro tunc* to September 28, 2015) |
| Period for which Compensation and Reimbursement Is Sought: | November 1, 2015 through November 30, 2015 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $464,042.00 |
| Amount of Reimbursement Sought as Actual, Reasonable and Necessary: | $18,580.07 |

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS
RENDERING SERVICES DURING THE PERIOD
NOVEMBER 1, 2015 THROUGH NOVEMBER 30, 2015**

| Name of Professional/ Paraprofessional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation Requested |
|---|---|---|---|---|
| Joseph Sorkin | Partner for 4 years; Admitted in 2001; Litigation Department | $865.00 | 6.30 | $5,449.50 |
| Howard Jacobson | Partner for 17 years; Admitted in 1979; Tax Department | $865.00 | 0.10 | $86.50 |
| Michael Stamer | Partner for 17 years; Admitted in 1989; Financial Restructuring Department | $1,250.00 | 14.30 | $17,875.00 |
| Abid Qureshi | Partner for 7 years; Admitted in 1995; Financial Restructuring Department | $1,095.00 | 15.50 | $16,972.50 |
| Stephen Kuhn | Partner for 15 years; Admitted in 1991; Corporate Department | $975.00 | 6.10 | $5,947.50 |
| Frederick Lee | Partner for 2 years; Admitted in 2005; Corporate Department | $850.00 | 1.80 | $1,530.00 |
| Meredith Lahaie | Partner for 1 year; Admitted in 2007; Financial Restructuring Department | $850.00 | 70.80 | $60,180.00 |
| Carlos Villota | Senior Counsel for 5 years; Admitted in 1997; Corporate Department | $680.00 | 30.10 | $20,468.00 |

| Name of Professional/ Paraprofessional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation Requested |
|---|---|---|---|---|
| Angeline Koo | Senior Counsel for 2 years; Admitted in 2005; Litigation Department | $695.00 | 32.40 | $22,518.00 |
| Michael Cooley | Senior Counsel for 5 years; Admitted in 2000; Financial Restructuring Department | $800.00 | 9.20 | $7,360.00 |
| Manuel Mungia | Counsel for 2 years; Admitted in 2008; Litigation Department | $675.00 | 3.70 | $2,497.50 |
| Ashley Beane | Counsel for 2 years; Admitted in 2008; Financial Restructuring Department | $750.00 | 154.50 | $115,875.00 |
| Lech Wilkiewicz | Associate for 2 years; Admitted in 2013; Corporate Department | $430.00 | 12.20 | $5,246.00 |
| Katie Dinett | Associate for 1 year; Admitted in 2014; Corporate Department | $410.00 | 20.20 | $8,282.00 |
| Lauren Lifland | Associate for 2 years; Admitted in 2012; Financial Restructuring Department | $650.00 | 159.20 | $103,480.00 |
| Rachelle Rubin | Associate for 3 months; Bar Admission Pending; Financial Restructuring Department | $430.00 | 131.30 | $56,459.00 |

| Name of Professional/ Paraprofessional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation Requested |
|---|---|---|---|---|
| Kwan Koehler | Trademark Specialist for 1 year; Intellectual Property Department | $270.00 | 3.50 | $945.00 |
| Brenda Kemp | Legal Assistant for 12 years; Financial Restructuring Department | $255.00 | 0.60 | $153.00 |
| Tracy Southwell | Legal Assistant for 22 years; Financial Restructuring Department | $275.00 | 1.70 | $467.50 |
| Dagmara Krasa-Berstell | Legal Assistant for 25 years; Financial Restructuring Department | $275.00 | 24.20 | $6,655.00 |
| Lynn Hausner | Legal Assistant for 8 years; Corporate Department | $245.00 | 8.10 | $1,984.50 |
| Francisco Alvarez | Legal Assistant for 7 months; Financial Restructuring Department | $195.00 | 8.60 | $1,677.00 |
| Madeline Perez | Legal Assistant for 5 months; Litigation Department | $195.00 | 9.50 | $1,852.50 |
| Refugio Acker-Ramirez | Research Specialist for 5 years | $135.00 | 0.60 | $81.00 |

Total Amount of Fees:            $464,042.00
Total Number of Hours:           724.50
Blended Hourly Rate:             $640.50

**COMPENSATION BY PROJECT CATEGORY**
**NOVEMBER 1, 2015 THROUGH NOVEMBER 30, 2015**

| Project Category | Total Hours Billed This Period | Total Fees Billed This Period |
|---|---|---|
| General Case Administration (0002) | 51.70 | $29,323.50 |
| Akin Gump Fee Application/Monthly Billing Reports (0003) | 55.60 | $36,641.50 |
| Analysis of Other Professional Fee Applications/Reports (0004) | 4.80 | $1,471.00 |
| Retention of Professionals (0006) | 33.10 | $19,073.00 |
| Committee Meetings (0007) | 36.40 | $29,241.00 |
| Court Hearings (0008) | 13.60 | $5,949.00 |
| DIP, Cash Collateral Usage and Exit Financing (0010) | 96.20 | $67,654.50 |
| Executory Contracts/License Agreements (0011) | 0.80 | $408.00 |
| General Claims Analysis/Claims Objections (0012) | 8.60 | $6,277.00 |
| Analysis of Pre-Petition Transactions (0013) | 121.30 | $65,607.50 |
| Analysis of Secured Claims/Adequate Protection Issues (0015) | 0.50 | $122.50 |
| Lift Stay Litigation (0016) | 14.50 | $10,184.00 |
| Labor Issues/Employee Benefits (0019) | 10.70 | $8,275.00 |
| Real Estate Issues/Leases (0020) | 0.60 | $450.00 |
| Plan, Disclosure Statement and Plan-Related Documentation (0022) | 270.90 | $180,171.50 |
| Asset/Stock Transaction/Business Liquidations (0024) | 4.20 | $2,498.00 |
| Intercompany Claims (0033) | 1.00 | $695.00 |
| **TOTAL** | **724.50** | **$464,042.00** |

**DISBURSEMENT SUMMARY**
**NOVEMBER 1, 2015 THROUGH NOVEMBER 30, 2015**

| | |
|---|---:|
| Computerized Legal Research | $5,820.76 |
| Courier Service/Messenger Service – Off Site | $442.50 |
| Document Retrieval | $855.00 |
| Duplication – In House | $2,380.60 |
| Document Production – Off Site | $586.64 |
| Document Production – In House | $3,283.00 |
| Meals – Business | $28.25 |
| Meals (100%) | $563.75 |
| Travel – Ground Transportation | $1,341.32 |
| Travel – Telephone & Fax | $9.95 |
| Travel – Train Fare | $3,268.30 |
| **TOTAL** | **$18,580.07** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x

In re:                                                                    :        Chapter 11

                                                                         :
QUIKSILVER, INC., *et al.*, [1]                                          :        Case No. 15-11880 (BLS)

                                                                         :
                                    Debtors.                             :        Jointly Administered

                                                                         :
                                                                         :        **Hearing Date: Only if an objection is filed**
------------------------------------------------------------------ x        **Objection Deadline: January 25, 2016 at 4:00 p.m.**
                                                                            **(ET)**

**SECOND MONTHLY APPLICATION OF AKIN GUMP**
**STRAUSS HAUER & FELD LLP, CO-COUNSEL FOR THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS OF QUIKSILVER, INC.,**
**ET AL., FOR INTERIM ALLOWANCE OF COMPENSATION AND**
**FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED**
**DURING THE PERIOD NOVEMBER 1, 2015 THROUGH NOVEMBER 30, 2015**

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), co-counsel to the Official

Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. and its affiliated

debtors and debtors in possession (collectively, the "Debtors"), hereby submits its second

monthly application (the "Application") pursuant to (i) sections 330 and 331 of chapter 11 of title

11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") and (iv) the *Order Pursuant to Bankruptcy Code Sections 105(a)*

*and 331 Establishing Interim Compensation Procedures* [Docket No. 379] (the "Interim

Compensation Order"), for interim allowance of compensation for services rendered in the

aggregate amount of $464,042.00 and for reimbursement of expenses incurred in the aggregate

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate
headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

amount of $18,580.07 for the period commencing November 1, 2015 through and including November 30, 2015 (the "Compensation Period"). Pursuant to the Interim Compensation Order, Akin Gump is seeking payment of 80% of its fees in the amount of $371,233.60 and 100% of its expenses in the amount of $18, 580.07 relating to services rendered to the Committee during the Compensation Period. In support of this Application, Akin Gump respectfully states as follows:

## BACKGROUND

1.    On September 9, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 10, 2015, the Court entered an order providing for the joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2.    On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial five members of the Committee [Docket No. 129].[2] On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 163] (the "Amended Notice"), appointing two additional creditors to the Committee.[3] Following the filing of the Amended Notice, the Committee selected Akin Gump to serve as lead counsel to the Committee.

---

[2]    The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

[3]    The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund, Inc. and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

3.      On October 27, 2015, the Committee filed its application to retain and employ Akin Gump as co-counsel to the Committee (the "Akin Gump Retention Application"), which retention was approved *nunc pro tunc* to September 28, 2015 by an order of this Court dated November 13, 2015 [Docket No. 444] (the "Retention Order").[4]  The Retention Order authorized Akin Gump to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

4.      On November 17, 2015, Akin Gump filed its *First Monthly Application of Akin Gump Strauss Hauer & Feld LLP, Co-Counsel for the Official Committee of Unsecured Creditors of Quiksilver, Inc., et al., for Interim Allowance of Compensation and for Reimbursement of Expenses for Services Rendered During the Period September 28, 2015 Through October 31, 2015* [Docket No. 475], seeking approval of fees in the amount of $1,216,120.50 and reimbursement of expenses in the amount of $39,007.73 (the "First Monthly Fee Statement").  No objections were received with respect to the First Monthly Fee Statement, and on December 10, 2015, Akin Gump filed a certificate of no objection with respect thereto [Docket No. 558].  On December 28, 2015, Akin Gump received payment on account of the First Monthly Fee Statement.[5]

## JURISDICTION

5.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[4]      On September 28, 2015, the Committee selected Pepper Hamilton LLP ("Pepper Hamilton") as co-counsel.  On November 13, 2015, the Court entered an order approving the Committee's retention of Pepper Hamilton *nunc pro tunc* to September 28, 2015 [Docket No. 442].  On September 29, 2015, the Committee selected PJT Partners L.P. ("PJT") as its investment banker.  On November 13, 2015, the Court entered an order approving the Committee's retention of PJT *nunc pro tunc* to September 29, 2015 [Docket No. 443].

[5]      As of the date hereof, Akin Gump has received only $37,884.79 of the $39,007.73 in expenses requested to be paid pursuant to the First Monthly Fee Statement.

3

6.      The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Rule 2016-2.

## RELIEF REQUESTED

7.      By this Application, Akin Gump seeks (i) allowance of $464,042.00 as compensation for services rendered by Akin Gump as co-counsel to the Committee during the Compensation Period, representing 724.50 hours in professional and paraprofessional services, (ii) approval of the payment of $371,233.60 (80% of $464,042.00) as compensation for such services during the Compensation Period and (iii) approval of the reimbursement of 100% of the actual and necessary expenses incurred by Akin Gump during the Compensation Period in connection with the rendition of such services in the amount of $18,580.07.

8.      Pursuant to the Interim Compensation Order, if no objections to this Application are filed within 21 days of the date hereof, Akin Gump may be paid 80% of the fees and reimbursed for 100% of the expenses requested in this Application.

9.      Except with respect to anticipated payments pursuant to the Interim Compensation Order, Akin Gump has received no payment and no promises for payment from any source for services rendered in connection with these Chapter 11 Cases.  There is no agreement or understanding between Akin Gump and any other person (other than members of Akin Gump) for the sharing of compensation to be received for the services rendered in the Chapter 11 Cases.

10.      As stated in the Affirmation of Michael S. Stamer, Esq., annexed hereto as Exhibit A, (i) all of the services for which compensation is sought herein were rendered for or on behalf of the Committee solely in connection with the Chapter 11 Cases and (ii) Akin Gump has reviewed the requirements of Local Rule 2016-2 and respectfully submits that this Application complies therewith.

4

**SUMMARY OF SERVICES RENDERED**

11.     Since September 28, 2015, Akin Gump has rendered services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors.  The variety and complexity of the issues in the Chapter 11 Cases and the need to act or respond to issues on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by Akin Gump personnel from several legal disciplines on an as-needed basis.

12.     Akin Gump maintains written records of the time expended by professionals and paraprofessionals in the rendition of their services.  A compilation showing the name of the professional or paraprofessional, the date on which the services were performed, a description of the services rendered and the amount of time spent in performing services for the Committee during the Compensation Period is annexed hereto as Exhibit B.[6]

13.     Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its services to and on behalf of the Committee, all of which are available for inspection.  A schedule of the categories of expenses and amounts for which reimbursement is requested in this Application is annexed hereto as Exhibit C.  A detailed summary of the expenses is annexed hereto as Exhibit D.[7]

14.     Akin Gump respectfully submits that the professional and paraprofessional services that it rendered on behalf of the Committee during the Compensation Period were necessary and appropriate and have directly contributed to the effective administration of the Chapter 11 Cases.

---

[6]     The fees detailed in Exhibit B include certain fees from the previous compensation period that were not included in the First Monthly Fee Statement due to a lag in Akin Gump's accounting system.

[7]     The expenses detailed in Exhibit D include certain expenses from the previous compensation period that were not included in the First Monthly Fee Statement due to a lag in Akin Gump's accounting system.

15.     The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit B.  Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the problems and issues that Akin Gump was required to address during the Compensation Period.

**(a)     General Case Administration**

(Fees: $29,323.50; Hours: 51.70)

16.     A portion of the services rendered during the Compensation Period related to the general administrative needs of the Committee and matters related thereto.  Akin Gump's attention to the Committee's administrative needs during the Compensation Period enabled the Committee to function as a coordinated group and to acquit its statutory and fiduciary duties to the Debtors' unsecured creditors.  These tasks included, among other things: (i) the finalization of the Committee's bylaws; (ii) coordination with the Committee's financial advisors to apprise the Committee of the status of pending matters; and (iii) assisting members of the Committee in complying with their duties in the Chapter 11 Cases.

17.     During the Compensation Period, Akin Gump also reviewed and analyzed all pleadings filed by the Debtors and other parties in interest in the Chapter 11 Cases.  In connection therewith, Akin Gump, in conjunction with the Committee's other professionals, conducted diligence on the subject matter of each motion, application and other pleading in order to, among other things, ascertain the effect the requested relief would have on the Debtors, their businesses and the administration of the Chapter 11 Cases.  Akin Gump's diligence efforts included reviewing all documentation related to the applicable pleading, communicating with the Debtors' representatives and professionals to attempt to resolve any issues amicably, and

6

working with PJT to ensure that the Committee had a complete understanding of the effect the relief requested in each pleading would have on the Chapter 11 Cases.

**(b)**     **Fee and Retention Applications**

(Fees: $57,185.50; Hours: 93.50)

18.     During the Compensation Period, Akin Gump prepared and filed its First Monthly Fee Statement pursuant to the terms of the Interim Compensation Order seeking approval of fees in the amount of $1,216,120.50 and reimbursement of expenses in the amount of $39,007.73. No objections were received with respect to the First Monthly Fee Statement, and on December 10, 2015, Akin Gump filed a certificate of no objection with respect thereto [Docket No. 558].

19.     As set forth in the First Monthly Fee Statement, on October 27, 2015, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Quiksilver, Inc., et al. for Entry of an Order (I) Authorizing the Committee To Retain and Employ PJT Partners Inc. as Its Investment Banker* Nunc Pro Tunc *to September 29, 2015 and (II) Waiving Certain Requirements of Local Rule 2016-2* [Docket No. 369] (the "PJT Retention Application"). During the Compensation Period, Akin Gump worked with the U.S. Trustee to resolve the U.S. Trustee's questions regarding the PJT Retention Application,[8] and following the resolution of such issues, this Court entered an order approving the PJT Retention Application on November 13, 2015 [Docket No. 443].

20.     Also during the Compensation Period, Akin Gump reviewed the professional retention applications for certain of the Debtors' professionals and the declarations and/or affidavits in support of such applications.  Specifically, Akin Gump, in conjunction with the Committee's other professionals, reviewed the Debtors' applications to retain: (i) A&G Realty Partners, LLC as real estate advisor [Docket No. 341] (the "A&G Realty Retention

---

[8]     Akin Gump has reduced its fees by approximately $665.00, which were incurred in negotiating and responding to informal comments from the U.S. Trustee regarding the PJT Retention Application.

Application"); (ii) Deloitte & Touche LLP as independent auditor [Docket No. 342] (the

"Deloitte & Touche Retention Application"); (iii) ICR, LLC as corporate communications and

public relations consultants [Docket No. 343] (the "ICR Retention Application"); and

(iv) Deloitte Tax LLP as tax advisor [Docket No. 371] (the "Deloitte Tax Retention Application"

and, collectively, the "Retention Applications").  On November 16, 2015, this Court entered

orders approving the Retention Applications [Docket Nos. 465, 466, 467 and 469].

      **(c)**    **Committee Meetings**

        (Fees: $29,241.00; Hours: 36.40)

21.     The Committee played an active role in the Chapter 11 Cases during the

Compensation Period.  In connection therewith, Akin Gump, together with the Committee's

other professionals, held weekly telephonic meetings with the full Committee and had additional

telephonic and e-mail communications with the full Committee on an as-needed basis during the

Compensation Period.  In addition, Akin Gump had telephonic conferences and e-mail

communications with individual Committee members.

22.     Prior to each Committee meeting, Akin Gump reviewed each pending matter

requiring the Committee's attention and all underlying documentation in connection therewith,

and discussed each pending matter and a recommended response thereto with the Committee's

other professionals.  Thereafter, Akin Gump discussed each of these matters with the Committee.

During these discussions, Akin Gump assisted the Committee in formulating a position with

respect to each pending matter.  In addition, Akin Gump prepared and/or assisted PJT in

preparing detailed presentations or other materials for the Committee discussing certain legal,

business and financial issues related to the Chapter 11 Cases and the status of other pertinent

matters.  Further, during the Compensation Period, Akin Gump had numerous telephonic

conferences with the Debtors and their professionals to discuss and address pending issues and

proposed actions with the Debtors.  Through telephonic conferences and correspondence, Akin

Gump has assisted the Committee in fulfilling its statutory duties to make informed decisions

regarding the various issues that have arisen in the Chapter 11 Cases, to monitor closely the

Debtors' management of the Chapter 11 Cases and to reach independent conclusions on the

merits of specific matters.

   **(d)**  <u>**Court Hearings**</u>

    (Fees: $5,949.00; Hours: 13.60)

   23.  During the Compensation Period, Akin Gump prepared for a hearing scheduled to

be held on November 17, 2015 to consider, among other things: (i) the *Debtors' Motion for*

*Entry of Order Approving Stipulation Modifying Automatic Stay To Allow for*

*Advancement/Payment of Costs and Fees Under Directors and Officers Insurance Policy*

[Docket No. 340] (the "<u>Director and Officer Insurance Motion</u>"); (ii) the *Debtors' Motion for*

*Order Under Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 6004 (I) Authorizing*

*and Approving the Sale of Certain* De Minimis *Assets Free and Clear of All Liens, Claims,*

*Encumbrances, and Other Interests; (II) Approving the Purchase Agreement; and (III) Granting*

*Other Related Relief* [Docket No. 372] (the "<u>De Minimis Sale Motion</u>"); (iii) the Retention

Applications; and (iv) the *Debtors' Motion for Order Under Bankruptcy Code Sections 105 and*

*365 and Bankruptcy Rule 9006 Extending Time Within Which Debtors May Assume or Reject*

*Unexpired Leases of Nonresidential Real Property* [Docket No. 339] (the "<u>Motion to Extend</u>").

   24.  A limited objection to the Motion to Extend was filed on November 10, 2015

[Docket No. 421], which was resolved prior to the scheduled hearing.  As all concerns regarding

the matters set to be heard were resolved, the hearing was cancelled and the applicable orders

were entered by the Court.

25.     In addition, during the Compensation Period, Akin Gump prepared for the hearing to consider the adequacy of the Disclosure Statement (as defined below), which was held on December 1, 2015.  As set forth in further detail below, Akin Gump negotiated with the Debtors regarding the inclusion of certain additional language in the Disclosure Statement and prepared and filed a statement on behalf of the Committee with respect thereto.  An order approving the adequacy of the Disclosure Statement was entered on December 4, 2015 [Docket No. 529].

**(e)** **DIP, Cash Collateral Usage and Exit Financing**
            (Fees: $67,654.50; Hours: 96.20)

26.     During the Compensation Period, Akin Gump reviewed the terms of the *Debtors' Motion for Entry of an Order Authorizing and Approving (I) (A) Entry Into the Backstop Commitment Letter and (B) Payment of the Commitment Fees and (II) The Rights Offering Procedures and Related Forms* [Docket No. 398], as amended by the *Notice of Filing of Amended Exhibit 2 to the Proposed Order With Respect to the Debtors' Motion for Entry of an Order Authorizing and Approving (I) (A) Entry Into the Backstop Commitment Letter and (B) Payment of the Commitment Fees and (II) The Rights Offering Procedures and Related Forms* [Docket No. 474] (as amended, the "Backstop Motion"), conducted research in connection with the same, and engaged in discussions with the Debtors' professionals regarding the requested relief.

27.     In evaluating the Backstop Motion, Akin Gump identified a number of concerns with the relief requested therein and worked closely with PJT to analyze and to prepare a response to the Backstop Motion.  Akin Gump and PJT continued to engage in discussions with the Debtors' professionals and counsel for the lenders under the Debtors' postpetition financing regarding the issues identified by the Committee with respect to the Backstop Motion and, ultimately, the parties were able to resolve the Committee's concerns.  Shortly after the

Compensation Period, the Court entered an order approving the relief requested in the Backstop

Motion [Docket No. 530].

### (f)        Analysis of Pre-Petition Transactions

(Fees: $65,607.50; Hours: 121.30)

28.        During the Compensation Period, Akin Gump continued to engage with the

Debtors' professionals regarding the Committee's diligence requests, which sought documents

and information relating to the Debtors' corporate organization, business operations and general

corporate matters likely to arise in the Chapter 11 Cases.  In connection therewith, Akin Gump

catalogued and reviewed the materials received in response to such requests and provided

updates to the Committee with respect to such diligence.

29.        In addition, Akin Gump continued its investigation into the validity, extent and

priority of the liens held by the Debtors' prepetition secured lenders and began drafting a

memorandum to the Committee summarizing the results of such diligence and Akin Gump's

recommended course of action.  The Committee's deadline to commence an adversary

proceeding or contested matter challenging the liens of the prepetition secured lenders, to contest

the amount of such lenders' asserted claims, to seek the avoidance, recharacterization or

subordination of such parties' claims or interests, to seek the avoidance of any transfer to such

parties or to otherwise contest the claims, rights and liens of such parties was December 12,

2015, but was extended by agreement of the parties to December 21, 2015 with respect to the

Debtors' U.S. secured notes.

### (g)        Lift Stay Litigation

(Fees: $10,184.00; Hours: 14.50)

30.        As set forth in the First Monthly Fee Statement, on October 22, 2015, the Debtors

filed the Director and Officer Insurance Motion.  During the Compensation Period, Akin Gump,

in conjunction with the Committee's other professionals, reviewed the relief requested in the Director and Officer Insurance Motion and provided comments to the Debtors regarding the proposed order in connection therewith.  The Debtors filed an amended certification of counsel incorporating Akin Gump's comments to a further revised form of order [Docket No. 557] and on December 11, 2015, the Court entered an order approving the relief requested therein [Docket No. 559].

        (h)      **Labor Issues/Employee Benefits**

              (Fees: $8,275.00; Hours: 10.70)

31.     During the Compensation Period, the Debtors provided Akin Gump and the Committee's other professionals with presentation materials relating to the Debtors' proposed key employee incentive and retention plan (the "KEIP/KERP").  Akin Gump reviewed the terms of the proposed KEIP/KERP, conducted diligence with respect to the KEIP/KERP and discussed the same with PJT, and engaged in discussions with the Debtors and their advisors regarding the proposed KEIP/KERP.  On November 10, 2015, the Debtors filed the *Debtors' Motion for Order Approving the Implementation of the Key Employee Incentive and Retention Plan* [Docket No. 418] (the "KEIP/KERP Motion").

32.     Following the filing of the KEIP/KERP Motion, Akin Gump, together with PJT, continued to review and conduct diligence with respect thereto, engaged in further discussions with the Debtors and their professionals regarding the same, and worked closely with PJT to evaluate the propriety of the relief sought therein and to advise the Committee with respect thereto.  Shortly after the Compensation Period, this Court entered an order approving the relief requested in the KEIP/KERP Motion [Docket No. 514].

(i)      **Plan, Disclosure Statement and Plan-Related Documentation**

         (Fees: $180,171.50; Hours: 270.90)

33.      On October 13, 2015, the Debtors filed the *Joint Chapter 11 Plan of*

*Reorganization of Quiksilver, Inc. and Its Affiliated Debtors and Debtors in Possession* [Docket

No. 292] (as amended, the "Plan").  On October 30, 2015, the Debtors filed the *Disclosure*

*Statement with Respect to the Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and Its*

*Affiliated Debtors and Debtors in Possession* [Docket No. 396] (as amended, the "Disclosure

Statement").  On November 17, 2015, the Debtors filed amended versions of the Plan [Docket

No. 476] and Disclosure Statement [Docket No. 477].

34.      During the Compensation Period, Akin Gump reviewed the Plan and the

Disclosure Statement, conducted research in connection with each, and engaged in discussions

with the Debtors' professionals regarding the same.  After evaluating the Disclosure Statement,

Akin Gump identified a number of concerns and worked closely with PJT to prepare inserts to be

included in a further revised version of the Disclosure Statement.

35.      In connection therewith, Akin Gump prepared and filed a statement on behalf of

the Committee [Docket No. 504] stating the agreement reached with the Debtors regarding

additional language to be included in the revised Disclosure Statement at the Committee's

request and explicitly reserving the Committee's rights to object to confirmation of the Plan on

any and all grounds.

## ALLOWANCE OF COMPENSATION

36.      The professional services rendered by Akin Gump during the Compensation

Period required a high degree of professional competence and expertise so that the numerous

issues requiring evaluation and determination by the Committee could be addressed with skill

and expediency and have, therefore, required the expenditure of substantial time and effort.

13

Akin Gump respectfully submits that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited not only the Committee, but also the unsecured creditor body as a whole.

37.     The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in Bankruptcy Code section 331:

> [A]ny professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.  Moreover, this Court has authorized the filing of this Application in the Interim Compensation Order.

38.     With respect to the level of compensation, Bankruptcy Code section 330(a)(1) provides, in pertinent part, that a bankruptcy court may award to a professional person "reasonable compensation for actual, necessary services rendered."  Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

14

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).  The clear congressional intent expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

39.    The total time expended by Akin Gump professionals and paraprofessionals during the Compensation Period was 724.50 hours.  The work involved and, thus, the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  As demonstrated by this Application and supporting documents, Akin Gump spent its time economically and without unnecessary duplication of services.  Annexed hereto as Exhibit E is a schedule of the hours expended by the professionals and paraprofessionals during the Compensation Period, their hourly rates, and the value of their services.

40.    In addition, Akin Gump incurred actual out-of-pocket expenses in connection with the rendition of the services to the Committee in the sum of $18,580.07 for which Akin Gump respectfully requests reimbursement in full.  The expenses have been incurred in accordance with Akin Gump's normal practice of charging clients for expenses clearly related to and required by particular matters.  Akin Gump has endeavored to minimize these expenses to the fullest extent possible.

41.    Akin Gump's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, since the needs of each client for such services differ.  Akin Gump believes that it is fairest to charge each client only for the services actually used in performing services for such clients.  In these cases, Akin Gump charges $0.10 per page for internal duplicating but does not charge for facsimile transmissions.

42.     No prior application has been made in this or in any other court for the relief requested herein for the Compensation Period.

*[Concluded on the following page.]*

**WHEREFORE**, Akin Gump respectfully requests:

(a)      allowance of $464,042.00 as compensation for professional and paraprofessional services rendered by Akin Gump as co-counsel to the Committee during the Compensation Period;

(b)      approval of the payment of $371,233.60 (80% of $464,042.00) as compensation for professional and paraprofessional services rendered by Akin Gump as co-counsel to the Committee during the Compensation Period; and

(c)      approval of the reimbursement of 100% of Akin Gump's out-of-pocket expenses incurred in connection with the rendering of professional and paraprofessional services to the Committee during the Compensation Period in the amount of $18,580.07.

Dated: January 4, 2016
       Wilmington, Delaware

**PEPPER HAMILTON LLP**

/s/ John H. Schanne, II
David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
John H. Schanne II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware  19899-1709
Telephone:    (302) 777-6500
Facsimile:     (302) 421-8390
E-mail:         strattod@pepperlaw.com
                fournierd@pepperlaw.com
                schannej@pepperlaw.com

-AND-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, New York 10036-6745
Telephone:    (212) 872-1000
Facsimile:     (212) 872-1002
E-mail:         mstamer@akingump.com
                mlahaie@akingump.com

17