**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| QUIKSILVER, INC., *et al.*,[1] | : | Case No. 15-11880 (BLS) |
| Debtors. | : | Jointly Administered |
| | : | Hearing Date: Only if an objection is filed<br>Objection Deadline: January 25, 2016 at 4:00 p.m.  (ET) |

## AFFIRMATION

**MICHAEL S. STAMER** respectfully states and affirms:

1. I am a partner of the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), which firm maintains offices for the practice of law at, among other locations, One Bryant Park, New York, New York 10036.  Akin Gump has been acting as co-counsel to and rendering professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") since September 28, 2015.

2. I submit this affirmation pursuant to Bankruptcy Rule 2016(a) in support of Akin Gump's second monthly application (the "Application") for interim allowance of $464,042.00 in fees, approval of payment of $371,233.60 (80% of $464,042.00) in fees, and reimbursement of $18,580.07 of expenses for services rendered on behalf of the Committee during the period November 1, 2015 through and including November 30, 2015.[2]

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2

3.     I have reviewed the requirements of Local Rule 2016-2 and respectfully submit that the Application substantially complies with such Local Rule.

4.     All services for which compensation is requested by Akin Gump were performed for and on behalf of the Committee and not on behalf of any other person.

5.     I have reviewed the Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

6.     In accordance with 18 U.S.C. § 155, neither I nor any member or associate of my firm has entered into any agreement, express or implied, with any other party in interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' estates.

7.     In accordance with Bankruptcy Code section 504, no agreement or understanding exists between me, my firm, or any member or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with the Chapter 11 Cases, nor will any division of fees prohibited by Bankruptcy Code section 504 be made by me or any partner or associate of my firm.

Dated:  January 4, 2016
           New York, New York             /s/ *Michael S. Stamer*
                                          **MICHAEL S. STAMER**