## Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Quiksilver, Inc., *et al.*, | ) Case No. 15-11880 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket Nos. 499 and 548 |
| | ) |

## STIPULATED SCHEDULING ORDER

Upon the request of the above-captioned debtors (the "Debtors") and E. Gluck Corporation ("EGC," collectively with the Debtors as the "Parties"), and the Court finding good cause for granting the relief sought, it is hereby ORDERED as follows:

1. This Order shall govern the schedule for the *Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014 Authorizing Rejection of License Agreement Nunc Pro Tunc to November 25, 2015* [D. I. 499] (the "Motion to Reject") and EGC's objection thereto [D. I. 548] (the "Objection").

2. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 9014 and 7026, is waived.

3. On or before January 15, 2016, the Debtors shall serve and file their Reply to the Objection.

4. Any and all discovery demands, including notices of deposition shall be served by the Parties on or before January 15, 2016 at 4:00 p.m. All depositions and other discovery shall conclude by February 26, 2016. To the extent necessary, the Parties shall cooperate to expedite responses to discovery demands to meet the foregoing deadline.

4. The deadline for the Parties to file a trial brief in support or in opposition to the Motion to Reject shall be no later than March 4, 2016 at 4:00 p.m.

5. An evidentiary hearing to consider the Motion to Reject and the Objection shall be held on March 9, 2016 beginning at 9:30 a.m.

6. If the Debtors confirm or consummate a plan or plans of reorganization (the "Plan") before the Court rules on the Motion to Reject, neither the Plan nor any order confirming the Plan, nor its consummation, nor any claims bar order in connection therewith, shall prejudice EGC's ability to (a) challenge or contest the Motion to Reject; (b) assert pre-petition or post-petition claims resulting from the Motion to Reject or arising under the License Agreement; and (c) obtain relief or exercise rights under 11 U.S.C. § 365(n) or related equitable principles, if and to the extent permitted by applicable law. EGC's foregoing reservation of rights shall not be deemed to be, or interpreted as, a concession or admission by the Debtors that EGC has any such rights. Any order confirming the Plan shall include the foregoing reservations and any order determining the Motion to Reject shall set forth the applicable time for EGC to assert its claims, if any.

7. Any ruling by the Court with respect to other licensees of the Debtor that may be issued in advance of a ruling on the Objection shall be without preclusive effect (by collateral estoppel or otherwise) with respect to EGC or the Debtors. EGC shall have no obligation to participate in any litigation involving such other licensees.

8. Deadlines in this Order may be modified either by agreement of the Parties without further order of the Court or by the Court for good cause shown by a party.

648369.2 099998-00030

9. The Court shall retain jurisdiction over the parties with respect to all matters arising from or related to the implementation of this Order.

Dated: This _____ day of _____, 2016

                                                           Honorable Brendan L. Shannon
                                                           United States Bankruptcy Court Judge

648369.2 099998-00030