IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------x
In re:                                  : Chapter 11
                                        :
QUIKSILVER, INC., *et al.*,             : Case No. 15-11880 (BLS)
                                        :
                                        : Jointly Administered
                    Debtors.[1]         :
                                        :
                                        : Related Docket No. 595, 632
---------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-2 AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP AS THEIR ACCOUNTING AND INTERNAL AUDIT ADVISORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order (the "Order") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014(a) and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing them to employ and retain KPMG LLP ("KPMG") as accounting and internal audit advisors to the Debtors in the Chapter 11 Cases *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letters and the Application, as modified by this Order; and upon the Declaration of Pierre Kahn,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application, the Kahn Declaration, or the Engagement Letters, as applicable.

a CPA and partner at KPMG (the "Kahn Declaration") in support thereof; and the Court having found based on the representations made in the Application and in the Kahn Declaration that (i) KPMG represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged and (ii) that they are a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iii) their employment is necessary and in the best interests of the Debtors, their estates, their creditors, and other parties in interest; the terms of the Engagement Letters are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is granted as modified herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain KPMG, *nunc pro tunc* to the Petition Date, as accounting and internal audit advisors in these Chapter 11 Cases, on the terms set forth in the Application and the Engagement Letters, as modified by this Order.

3. The terms and conditions of the Engagement Letters, as modified by this Order, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

4. KPMG shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, United States Trustee Guidelines, this Order, and any other applicable orders of this Court. Subject to such compliance, KPMG may submit monthly fee applications for services rendered and expenses incurred in these Chapter 11 Cases. After appropriate review, the Debtors are hereby authorized, but not directed, to pay monthly applications in a manner consistent with the payment of other retained professionals in these Chapter 11 Cases and consistent with any orders of this Court, if any, that would apply to such interim payments.

5. To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Bankruptcy Court and serve such engagement letter(s) upon the United States Trustee, counsel to the agents for the Debtors' post-petition secured lenders, and counsel to the Creditors' Committee. To the extent any of such parties object within 10 days of such new engagement letter(s) being served to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order.

6. The following terms apply during the pendency of the Debtors' Chapter 11 Cases:

    (a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letters and the Application, unless such services and indemnification therefor are approved by the Court; provided, that to the extent additional engagement letter(s) are filed with the Court and no parties object to such engagement letter(s) in accordance with the procedures described in the immediately preceding Ordered paragraph, such engagement letter(s) shall be deemed approved by the Court;

3

    (b)    Notwithstanding the terms of KPMG's retention by the Debtors pursuant to the terms of the Engagement Letters and Application, as modified by this Order, to the contrary, the Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) for a contractual dispute in which the Debtors allege the breach of KPMG's contractual obligations unless the Court determined that indemnification, contribution, or reimbursement would be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F. 3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clause (i) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Engagement Letters and Application, as modified by this Order; and

    (c)    If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these Chapter 11 Cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters and Application, as modified by this Order, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify KPMG. All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

7.    During the pendency of the Chapter 11 Cases, paragraph 6 of the Standard Terms and Conditions is deleted.

8.    To the extent there is any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, this Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

13. During the pendency of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
         January 11, 2016

                                                               _____
                                                               HONORABLE BRENDAN L. SHANNON
                                                               CHIEF UNITED STATES BANKRUPTCY JUDGE