**Exhibit A**
**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into between QS Wholesale, Inc. and Quiksilver, Inc. (collectively "Plaintiffs"), on the one hand, and Rox Volleyball, Inc. and First Place Team Sales, Inc. (collectively "Defendants"), on the other hand. Plaintiffs and Defendants are collectively referred to as the "Parties".

WHEREAS Plaintiffs filed a lawsuit against Defendants entitled *QS Wholesale, Inc., et al. v. Rox Volleyball, Inc., et al.*, case no. 8:13-cv-00512-AG-JPR (C.D. Cal.) (the "Lawsuit");

WHEREAS on July 23, 2015, the Court entered a Judgment that awarded Plaintiffs (1) monetary damages in the amount of $204,151.00 (the "Damages Award"); and (2) a permanent injunction enjoining Defendants and their affiliates, directors, officers, employees and agents who receive actual notice of the injunction and who are in concert with Defendants from engaging in certain conduct and requiring Defendants to make certain filings with the Court (the "Permanent Injunction");

WHEREAS on September 12, 2015, Defendants filed the Declaration of Danielle Olson Providing Notice of Compliance with Injunction on Behalf of Defendants Rox Volleyball, Inc. and 1st Place Team Sales, Inc. (the "Compliance Declaration") (Dkt. 334) in the Lawsuit;

WHEREAS Defendants have filed an appeal of the Judgment and other matters in the Lawsuit to the United States Court of Appeals for the Ninth Circuit, case no. 15-56435 (the "Appeal");

WHEREAS on September 9, 2015, Plaintiffs voluntarily petitioned for relief under Chapter Eleven of the Bankruptcy Code (11 U.S.C. sec. 101, et seq.) in the United States Bankruptcy Court for the District of Delaware, in a case now styled and jointly administered as *In re Quiksilver, Inc., et al.*, Case No. 15-11880 (the "Bankruptcy Action");

WHEREAS the Parties desire to resolve, compromise and settle the Appeal and all open matters in the Lawsuit on the terms set forth below;

THEREFORE, the Parties agree as follows:

1. **Bankruptcy Court Approval of the Settlement**

On or before December 15, 2015, Plaintiffs shall file in the Bankruptcy Action a motion seeking authority to enter this Agreement and for approval of the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Approval Motion"). Prior to the filing of the Approval Motion, Plaintiffs shall provide Defendants with a draft of the Approval Motion and any other filings to be made in support of the Approval Motion. The Approval Motion and any other filings made in support of the Approval Motion must be approved by Defendants before they are filed. Plaintiffs shall be responsible for responding to any objections to the Approval Motion and/or any appeal of the Bankruptcy Court's order regarding the Approval Motion. The Parties shall in good faith exercise all best efforts to cooperate with one another in connection with obtaining an order in the Bankruptcy Action in form and substance satisfactory to the Parties approving the Settlement Agreement.

2. **Effectiveness of Settlement Agreement**

Except as otherwise expressly provided in this Agreement, this Agreement shall become fully effective on the date on which any order by the Bankruptcy Court approving this Agreement and the express terms hereof (the "Approval Order") becomes Final and Non-Appealable (the "Effective Date"). For purposes of this Agreement, the term "Final and Non-Appealable" shall mean either (i) the time in which to appeal the Approval Order expires without any appeal having been taken within the time period required by applicable law and rules, or (ii) if an appeal is taken, a disposition affirming the Approval Order from which no further review or appeal is possible, or the expiration of the time in which to seek further review of the Approval Order through an appeal, petition for writ of certiorari, or otherwise, without further review having been sought. The Parties reserve the right to mutually amend the Final and Non-Appealable requirement.

3. **Payment by Defendant' Insurers**

Defendants' insurer Travelers Indemnity Company ("Travelers") shall pay a sum total of four hundred seventy-five thousand dollars ($475,000.00) to Plaintiffs within thirty (30) days after the Effective Date of this Agreement as defined in Paragraph 2 (two) above. Plaintiffs agree and acknowledge that this payment shall satisfy the Damages Award of the Judgment entered in the Lawsuit (Dkt. 330). The Parties agree that this payment will operate as a release from the Parties (including their successor and assigns, as well as the Estate of the Plaintiffs, and its successors and assigns) of Travelers from any and all claims of any kind or nature arising directly or indirectly out of the Lawsuit, the Bankruptcy Action or this Agreement, except that this does not release Travelers from its obligation to pay the costs and attorney fees incurred by Defendants (subject to Travelers' limits on hourly rates) up through the date that Travelers has paid the settlement amount under this paragraph. Further, nothing in the Parties' release of Travelers in this Paragraph shall impair or prejudice the rights of Plaintiffs to enforce the Permanent Injunction.

4. **Satisfaction of Damages Award**

Plaintiffs will notify Defendants immediately upon receiving the payment provided for in Paragraph 3 (three) above. Within 10 (ten) days of Plaintiffs receiving payment, Plaintiffs agree to file an Acknowledgment of Satisfaction of the Damages Award of the Judgment in the form attached as Exhibit A to this Agreement (the "Satisfaction of Judgment").

5. **Dismissal of Civil Claims and Appeal**

Within ten (10) days after Plaintiffs file the Satisfaction of Judgment, Defendants shall file a dismissal of the Appeal in the form attached as Exhibit B to this Agreement.

Page | 2

6. **Release of Defendants of any Claim for Attorneys' Fees, Costs, Interest, or any other Damages**

Plaintiffs hereby fully, finally and forever release, acquit and discharge Defendants and each of their past or present affiliates, related entities, parents, subsidiaries, funds, trusts, and insurers, and collectively, each and all of their past or present successors, assigns, predecessors, owners, shareholders, members, officers, directors, employees, partners, trustees, agents, attorneys, representatives, professionals, experts, and/or any other person or entity acting on behalf of the foregoing (the "Released Parties") from and against any and all claims for attorneys' fees, costs, interest or any other damages or monetary relief in any way related to or arising out of the Lawsuit. For the sake of clarity, this release shall include the Damages Award of the Judgment in the Lawsuit (Dkt. 330, at 3:12) and any potential right to recovery of attorneys' fees, costs or interest in the Lawsuit, but shall not extend to the Permanent Injunction nor to obligations of Defendants provided for therein, which shall remain fully effective and enforceable.

7. **Plaintiffs' Agreement Regarding Defendants' Compliance with Injunction**

Plaintiffs agree that they will not contest the adequacy of the actions taken by Defendants to comply with the Permanent Injunction issued by the Court in the Lawsuit (Dkt. 330, at 3:14-4:20) through the date of filing of the Compliance Declaration (Dkt. 334). However, Plaintiffs reserve all rights to enforce the Permanent Injunction based upon any acts or omissions of Defendants not described in the Compliance Declaration that occurred in the past or that may occur in the future, including without limitation any usage of the "rox" mark by Defendants which is materially different or materially inconsistent with Defendants' usage of the "rox" mark described in the Compliance Declaration. The Parties agree that United States District Court, Central District of California, shall retain exclusive jurisdiction to enforce the Permanent Injunction and this Agreement.

8. **No Admission of Liability**

This Agreement is entered into in conjunction with the settlement of contested claims and defenses. The promises and covenants contained herein are not, and should not be construed as, admissions or acknowledgments by any Party of any liability, non-liability, or merit in connection with any allegations made by any other Party in the Lawsuit or otherwise.

9. **Warranties**

Each of the signatories represents and warrants to the other that it has full power and authority to enter into this Agreement.

10. **Consultation with Attorneys; Negotiated Agreement**

The Parties each represent to the other that they have consulted with attorneys regarding the merits of their claims or defenses and the advisability of settlement, that they have fully disclosed all relevant facts to their attorneys, and that they have been fully advised as to their legal rights and the binding effect of this Agreement and have taken this advice into account in

Page | 3

entering into this Agreement. The Parties further acknowledge that they are not relying on any promise, threat, or representation made by anyone that is not expressly stated herein. This Agreement has been fully negotiated by the Parties. Accordingly, in interpreting this Agreement, the rule of interpretation requiring documents to be construed against the drafter shall not apply.

11. **Fees and Costs**

Each Party will bear its own costs and attorneys' fees in connection with this matter, including the Lawsuit and Appeal. Plaintiffs agree and acknowledge that they are waiving any right they may have to recovery of costs and attorneys' fees incurred in connection with the Lawsuit.

12. **Governing Law**

This Agreement shall be governed by and construed in accordance with the law of the State of California applicable to agreements to be performed wholly within that state.

13. **Severability**

In the event any one or more of the provisions in this Agreement is declared by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, the validity, legality, or enforceability of the remaining provisions of this Agreement, or any application thereof, shall not in any way be affected or impaired, except that, in such event, this Agreement shall be amended in such respects as are necessary to provide the party adversely affected by such declaration with the benefit of its expectation, such expectation being evidenced by the provision(s) affected by such declaration, to the maximum extent legally permitted.

14. **Binding Effect**

The Parties agree that every release, waiver, representation, covenant, warranty, and agreement herein made shall be binding upon and inure to the benefit of their respective successors and assigns, any trustee appointed in the Bankruptcy Action, and the Released Parties.

15. **Execution in Counterparts**

This Agreement may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. Scanned or facsimile signatures shall be valid and effective as original signatures.

16. **Enforcement of Terms**

To the extent either Party shall bring a legal action over this Agreement, the prevailing Party shall have the right to receive from the other Party reasonable attorneys' fees and costs associated with such action.

[signature lines on following page]

**QS WHOLESALE, INC.**

By: _[signature]_

Name: Linnsey Caya

Title: EVP + General Counsel

Date: 12/10/15

**QUIKSILVER, INC.**

By: _[signature]_

Name: Linnsey Caya

Title: EVP + General Counsel

Date: 12/10/15

**ROX VOLLEYBALL, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**FIRST PLACE TEAM SALES, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**AGREE TO THE PAYMENT PROVIDED FOR IN PARAGRAPH 3 ABOVE**

_____
(Travelers Indemnity Company)

By: _____

Name: _____

Title: _____

Date: _____

QS WHOLESALE, INC.

By: _____

Name: _____

Title: _____

Date: _____

QUIKSILVER, INC.

By: _____

Name: _____

Title: _____

Date: _____

ROX VOLLEYBALL, INC.

By: *[signature]*

Name: Danielle Olson

Title: CEO

Date: 12/10/15

FIRST PLACE TEAM SALES, INC.

By: *[signature]*

Name: Danielle Olson

Title: CEO

Date: 12/10/15

AGREE TO THE PAYMENT PROVIDED
FOR IN PARAGRAPH 3 ABOVE

_____
(Travelers Indemnity Company)

By: _____

Name: _____

Title: _____

Date: _____

**QS WHOLESALE, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**QUIKSILVER, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**ROX VOLLEYBALL, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**FIRST PLACE TEAM SALES, INC.**

By: _____

Name: _____

Title: _____

Date: _____

**AGREE TO THE PAYMENT PROVIDED FOR IN PARAGRAPH 3 ABOVE**

(Travelers Indemnity Company)

By: _[signature]_

Name: JAMES J. JENNINGS

Title: 2 VP, Complex Claim Spec.

Date: 12/10/15