## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |
| | : | **Obj. Due: Feb. 1, 2016, at 4:00 p.m. (Eastern)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SECOND MONTHLY FEE APPLICATION OF
## PETER J. SOLOMON COMPANY, L.P., AS INVESTMENT BANKER FOR THE
## DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION FOR
## SERVICES RENDERED AND REIMBURSEMENT
## OF EXPENSES FOR THE PERIOD FROM
## NOVEMBER 1, 2015 THROUGH AND INCLUDING NOVEMBER 30, 2015

| | |
|---|---|
| Name of Applicant: | Peter J. Solomon Company, L.P. |
| Authorized to Provide Professional Services to: | Quiksilver, Inc., et al. |
| Date of Retention: | October 28, 2015 *nunc pro tunc* to September 9, 2015 |
| Period for which compensation and reimbursement is sought: | November 1, 2015 through and including November 30, 2015 |
| Amount of Compensation sought as actual, reasonable and necessary: | $150,000 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary[2]: | $40,192 |

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]  PJSC is seeking reimbursement for expenses incurred during the Fee Period of $40,192, of which $5,672 would be paid in cash by the Debtors and $34,520 would be applied against previously reserved amounts.  See *infra* para. 19.

This is a/an:  _x_ monthly __ interim __ final application.

The total time expended for fee application preparation was approximately 6 hours.

This is the second fee application filed by Peter J. Solomon Company, L.P. in the above-captioned matter.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**SUMMARY OF SECOND MONTHLY APPLICATION
COMPENSATION BY PROFESSIONAL PERSON**

**PETER J. SOLOMON COMPANY, L.P.
NOVEMBER 1, 2015 THROUGH AND INCLUDING NOVEMBER 30, 2015**

| Name of Professional Individual | Position of the Applicant | Total Hours |
|---|---|---|
| **Partner** | | |
| Marc Cooper | Vice Chairman and Managing Director | 6.0 |
| Durc Savini | Managing Director | 62.5 |
| Ajay Bijoor | Director | 113.5 |
| Ben Zinder | Associate Director | 108.5 |
| Chris Moynihan | Senior Analyst | 130.5 |
| Ben Freeberg | Analyst | 105.0 |
| **TOTAL** | | **526** |

**SUMMARY OF SECOND MONTHLY APPLICATION**
**COMPENSATION BY PROJECT CATEGORY**

**PETER J. SOLOMON COMPANY, L.P.**
**NOVEMBER 1, 2015 THROUGH AND INCLUDING NOVEMBER 30, 2015**

| Project Category | Total Hours |
|---|---|
| Interface with Professionals, Official Committees and Other Parties-In-Interest | 95.5 |
| Business Operations Planning, Monitoring, Reporting and Analysis | 16.5 |
| Preparation and/or review of Court Filings | 21.0 |
| Court Testimony/Deposition and Preparation | 8.0 |
| Valuation Analysis | 300.0 |
| Capital Structure Review and Analysis | 46.0 |
| Merger & Acquisition Activity | 28.0 |
| General Corporate Finance, Research and Analysis and Other Due Diligence | 5.0 |
| Fee Application, Engagement | 6.0 |
| **TOTAL** | **526** |

**SUMMARY OF SECOND MONTHLY APPLICATION
EXPENSE SUMMARY**

**PETER J. SOLOMON COMPANY, L.P.
NOVEMBER 1, 2015 THROUGH AND INCLUDING NOVEMBER 30, 2015**

| Expense Category | Expenses |
|---|---|
| Computer Legal Research* | $0 |
| In-House Reproduction** | $6,066 |
| Telecommunications | $2,576 |
| Business Travel, Meals & Lodging | $31,550 |
| Legal Fees | $0 |
| **TOTAL**[1] | **$40,192** |

\* Computer-assisted legal research charges are billed at actual cost.
\*\* The requested rate for copying charges is $0.10 per page.

---

[1]    PJSC is seeking reimbursement for expenses incurred during the Fee Period of $40,192, of which $5,672 would be paid in cash by the Debtors and $34,520 would be applied against previously reserved amounts.  See infra para. 19.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                            :         Chapter 11
:
QUIKSILVER, INC., *et al.*,                        :         Case No. 15-11880 (BLS)
:
                                    Debtors.[1]    :         Jointly Administered
:
                                                   :         **Obj. Due: Feb. 1, 2016, at 4:00 p.m. (Eastern)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SECOND MONTHLY FEE APPLICATION OF
PETER J. SOLOMON COMPANY, L.P., AS INVESTMENT BANKER FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES FOR THE PERIOD FROM
NOVEMBER 1, 2015 THROUGH AND INCLUDING NOVEMBER 30, 2015**

Peter J. Solomon Company, L.P. and its affiliate Peter J. Solomon Securities Company,

LLC (collectively, "PJSC"), investment banker to the debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"), submit this application (the "Application"),

seeking compensation for services rendered and reimbursement of expenses incurred as

investment banker to the Debtors, for the period from November 1, 2015 through and including

November 30, 2015 (the "Application Period") pursuant to sections 328, 330, and 331 of title 11

of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
       Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
       (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
       Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors'
       corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Delaware (the "Local Rules") for the allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by PJSC during the period from November 1, 2015, through November 30, 2015 (the "Fee Period"). PJSC is seeking compensation equal to eighty percent (80%) of the $150,000 in fees for professional services rendered by PJSC during the Application Period, for a total of $120,000, and for reimbursement of actual and necessary expenses incurred in the amount of $40,192[1]. In support of this Application, PJSC respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 328, 330 and 331, Bankruptcy Rule 2016 and Local Rule 2016-2.

3. The Debtors consent to this Court's authority to enter final orders on this matter.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]    PJSC is seeking reimbursement for expenses incurred during the Fee Period of $40,192, of which $5,672 would be paid in cash by the Debtors and $34,520 would be applied against previously reserved amounts. See infra para. 19.

6. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").    On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee.    No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products.    The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the Quiksilver brand founders in Australia.    Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, Quiksilver, Roxy, and DC, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities.    The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.    The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20].

**RETENTION OF PJSC**

9. On September 17, 2015, the Debtors applied to the Court for an order authorizing them to retain PJSC pursuant to an amended and restated engagement letter dated as of September 4, 2015 (the "Engagement Agreement"), as their investment banker, effective *nunc pro tunc* to the Petition Date [Docket No. 117] (the "Retention Application"). On October 28, 2015, the Court entered an order [Docket No. 381] (the "Retention Order") authorizing the Debtors to employ PJSC as their investment banker, effective as of the Petition Date, in accordance with the provisions of the Retention Order and the Engagement Agreement.

**INTERIM COMPENSATION ORDER**

10. On October 28, 2015, the Court entered the Interim Compensation Procedures, which set forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

11. In particular, the Interim Compensation Procedures provide that a Professional will serve a monthly fee request (the "Monthly Fee Application") on or after the fifteenth (15th) day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within twenty one (21) days after the service of a Monthly Fee Application, the Professional may file with the Court a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtors are authorized to pay that Professional an amount equal to 80% of the fees and 100% of the expenses requested in the Monthly Fee Application. If an objection to the Monthly Fee Application is filed by a Notice Party, then the Debtors are authorized to pay 80% of the fees and 100% of the expenses not subject to an objection.

## RELIEF REQUESTED

12. PJSC seeks allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $150,000. PJSC is seeking compensation equal to eighty percent (80%) of the $150,000 in fees for professional services rendered by PJSC during the Application Period, for a total of $120,000. A summary of the charges is attached hereto as Exhibit A. A summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought is attached hereto as Exhibit C.

13. PJSC also requests reimbursement of 100% of its actual and necessary out-of-pocket disbursements and charges incurred during the Application Period for $40,192[1]. An expense detail is attached hereto as Exhibit B.

14. PJSC has attempted to include in this Application all time and expenses relating to the Application Period. However, delays in the processing of time entries and in the receipt of expense invoices do occur. Accordingly, PJSC reserves the right to supplement this Application. This Application is also made without prejudice to PJSC's right to seek a final allowance of compensation in the future.

15. PJSC has received no promise of payment for professional services rendered or to be rendered in the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

---

[1]    PJSC is seeking reimbursement for expenses incurred during the Fee Period of $40,192, of which $5,672 would be paid in cash by the Debtors and $34,520 would be applied against previously reserved amounts. See infra para. 19.

## SUMMARY OF SERVICES RENDERED

16. PJSC's strategic and financial expertise, as well as its capital markets knowledge, financing skills, and restructuring capabilities, played a critical role in the Debtors' successful emergence from chapter 11 protection.   Among other things, PJSC advised the Debtors in the following key areas during the fee period:

a) *Assistance with General Bankruptcy* – PJSC has participated in weekly, if not daily, planning sessions and other periodic meetings with the Debtors and their legal counsel concerning process and strategy issues related to the bankruptcy. PJSC has participated in numerous meetings with the Debtors' management and presented materials regarding bankruptcy process and strategic issues. PJSC professionals also worked with the Debtors to prepare court filings and attended court hearings.

b) *Meetings and Oversight of Diligence with Creditors* – PJSC prepared, reviewed, advised and assisted in the preparation of presentation materials for the Debtors' creditors (including the Unaffiliated Noteholders and the Official Committee of Unsecured Creditors) and their advisors to keep them informed about the Debtors' operations, financial projections, capital structure and other key events. PJSC engaged in weekly conversations with multiple creditors and their advisors. In addition, PJSC, in coordination with the Debtors' management and legal and restructuring advisors, conducted in-person and telephonic diligence sessions.

c) *Financial Analysis and Business Performance* – PJSC professionals assisted the Debtors' management in monitoring the business performance and in preparing various presentations and analyses related to the financial projections and cash flow forecasts.

d) *Sale of Substantially All of the Debtor's Assets* – PJSC professionals assisted the Debtors in contacting various parties in interest in regards to the sales process. PJSC also prepared marketing materials and facilitated the due diligence process for interested parties by participating on due diligence calls, coordinating and attending in-person meetings with management, populating the electronic data room, and providing information about the sale process as outlined in the bidding procedures.

17. Senior level professionals with extensive experience in the area of investment banking and bankruptcy services directed PJSC's team.   The investment banking services set forth above were performed primarily by Marc Cooper (Vice Chairman), Durc Savini (Managing

Director), Ajay Bijoor (Director), Ben Zinder (Associate Director), Chris Moynihan (Senior Analyst) and Ben Freeberg (Analyst).  PJSC's general staffing policy is to assign senior bankers, experienced junior bankers and financial analysts to each restructuring assignment.  The senior bankers were primarily responsible for developing strategy with respect to the case, directing negotiations and interfacing with the other senior professionals involved with the case.  The senior bankers were also responsible for day-to-day coordination of the case and the review of all financial analyses.  The experienced junior bankers assisted in the day to day coordination of the case and guided the financial analyses.  The senior bankers and the experienced junior bankers coordinated their actions so as to not duplicate efforts.  Given that the senior bankers and the experienced junior bankers had different roles in the case but worked on overlapping matters, there were frequent times where it was appropriate for two or more bankers to be present at a meeting.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY PJSC

18.  As set forth in <u>Exhibit B</u> attached hereto, PJSC has incurred a total of $40,192[1] during the Fee Period in expenses on behalf of the Debtors.

19.  At the time of filing, PJSC's records indicated that it was not owed any amounts in respect of prepetition services provided to the Debtors.  However, the PJSC retention application states that

> the Debtors understand that PJSC's prepetition fees and expenses for the billing period preceding the Petition Date may not have been fully accounted for as of the date hereof.  PJSC has informed the Debtors that as promptly as practicable after all fees and charges accrued prior to the Petition Date have finally been posted, PJSC will issue a final prepetition

---

[1]    PJSC is seeking reimbursement for expenses incurred during the Fee Period of $40,192, of which $5,672 would be paid in cash by the Debtors and $34,520 would be applied against previously reserved amounts.  <u>See</u> <u>infra</u> para. 19.

bill statement for any unpaid fees and charges for the period prior to the
Petition Date (the "Final Prepetition Bill Amount").

Retention Application at 17.  PJSC prepetition expenses have been posted and the Final

Prepetition Bill Amount of $34,520 was included in the total expenses provided in the first

month's fee application [Docket No. 497] (the "First Fee Application").  PJSC had indicated that

it would "reconcile the Final Prepetition Bill Amount with any remaining prepetition retainer

amounts for PJSC's prepetition invoices."  See First Fee Application at 8.  In December 2015,

the Debtors erroneously reimbursed PJSC for the Final Prepetition Bill Amount of $34,520 in

cash.  PJSC is holding, and will continue to hold, this erroneously transferred amount in reserve

and will apply this amount against the Fee Period expense reimbursement sought in this

Application.  PJSC will, consistent with its representations in the First Fee Application, reconcile

the Final Prepetition Bill Amount of $34,520 with any remaining prepetition retainer

amounts.  PJSC submits that all such expenses were necessarily incurred, are reasonable in

amount, and represent only its actual costs incurred.

20. PJSC's charges for expenses to the Debtors are determined in the same

manner as for clients in non-bankruptcy matters.  Out-of-pocket expenses incurred by PJSC are

charged to a client if the expenses are incurred for the client or are otherwise necessary in

connection with services rendered for such particular client.  PJSC does not factor general

overhead expenses into disbursements charged to clients in connection with chapter 11 cases.

PJSC has followed its general internal policies with respect to out-of-pocket expenses billed to

the Debtors as set forth below, with any exceptions fully explained:

   a) *Computer Legal Research* – The research/database category consists of the cost
   of using databases (e.g., Capital IQ, ThomsonOne, Factiva, etc.) to which PJSC
   subscribes to search for and obtain information used in PJSC's financial analyses.
   PJSC pays the vendor's standard rate for such database services.  In certain
   instances, PJSC has determined that paying a flat annual or monthly fee for such

services is less costly than contracting for such services on a per use basis.  Such annual or monthly services are allocated to clients based on such clients' use of each service.  The research category also consists of charges from outside services, which supply, for a fee, financial documents from regulatory agencies, which cannot be obtained from databases subscribed to by PJSC.

b) *In-House Reproduction* – PJSC bills photocopying charges at the rate of $0.10 per page for black and white copies and $0.50 per page for color copies.

c) *Telecommunications* – PJSC bills for cost of conference calls with the Debtor, the Debtors' advisors and the creditors' advisors. PJSC uses a conferencing service and bills at its actual cost.

d) *Business Travel* – All airfare and other transportation charges incurred by PJSC's employees directly in connection with services to the client are billed to the client at cost.  With respect to local travel, PJSC's general policy enables employees to travel by taxi or, in certain circumstances, by private car service, to and from meetings while rendering services to a client on a client related matter, for which the client is charged.  This policy is based on PJSC's determination that travel by taxi or private car service is the most efficient use of a professional's time.  PJSC's employees are not permitted to charge personal commuting expenses to a client unless the employee is traveling after 10:00 p.m. and has been required to work late as a result of the time exigencies of that client's matters.

e) *Business Meals* – PJSC's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such mealtime due to extreme time constraints.  PJSC's employees are permitted to order meals in the office if PJSC's employee is required to work after 8:00 p.m. on weekdays or more than five (5) consecutive hours on weekends or holidays.  Meal expenses incurred during meetings which employees and other meeting participants are required to attend are billed at cost.

### PJSC'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

21. The services summarized by this Application and rendered by PJSC to the Debtors during the Fee Period were substantial, highly professional, and instrumental to Debtors in furtherance of their restructuring efforts.  PJSC respectfully submits that the compensation and reimbursement requested by this Application is fair and reasonable in light of the nature and value of such services.

## NO PRIOR REQUEST

22. No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, PJSC respectfully requests approval and payment of (i) compensation for professional services rendered as investment bankers for the Debtors in the sum of $120,000 or 80% of the fees incurred during the Application Period, (ii) reimbursement of actual and necessary expenses incurred in the sum of $40.192[1] and (iii) such other and further relief as may be just and proper.

Dated: Wilmington, Delaware

**January 11, 2016**

PETER J. SOLOMON COMPANY

/s/

Durc A. Savini
Managing Director
Peter J. Solomon Company, L.P. and
Peter J. Solomon Securities Company, LLC
1345 Avenue of the Americas
New York, NY  10105

---

[1]   PJSC is seeking reimbursement for expenses incurred during the Fee Period of $40,192, of which $5,672 would be paid in cash by the Debtors and $34,520 would be applied against previously reserved amounts.  See supra para. 19.

10