**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., et al., | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: January 27, 2016 at 9:30 AM** |
| | ) | **Objection Date: January 14, 2016** |
| | ) | |
| | ) | **Related Docket Nos.  532, 534 & 625** |
| | ) | |

**ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS
REGARDING (I) SECOND AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED
DEBTORS AND DEBTORS-IN-POSSESSION; AND (2) NOTICE OF FILING OF
PLAN SUPPLEMENT FILED WITH RESPECT TO  SECOND AMENDED
JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION**

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-caption jointly administered Chapter 11 cases, submits its Limited Objection and Reservation of Rights (the "Rights Reservation") regarding the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors-in-Possession ("Plan") and Notice of Filing of Plan Supplement Filed with Respect to  Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors-in-Possession ("Plan Supplement") filed by Quiksilver, Inc., et al. ("Debtors").

I.      **INTRODUCTION**

1.      The Debtors filed the Plan Supplement[1] in connection with the Debtors' Plan.

---

[1] Oracle is aware that pursuant to Section 7.1(e) of the Plan the Debtors are to file a Cure Notice fourteen days prior to the Plan hearing (i.e. 1/13/16).  As of the filing of this objection, Oracle has not received a Cure Notice. Therefore, out of an abundance of caution, Oracle is filing its objection to the Plan and Plan Supplement.

2.      By the Plan and Plan Supplement, the Debtors seek Bankruptcy Court authority to, among other things, assume an executory contract between the Debtors and Oracle.

3.      At this time, Oracle does not consent to the proposed assumption, for three primary reasons.

4.      The Plan Supplement does not adequately describe the contract the Debtors seek to assume and omits many additional contracts between Debtors and Oracle, leading to uncertainty about the Debtors' intentions.

5.      Based on the limited information provided by the Plan Supplement, the cure amount identified there appears to be inaccurate, but cannot be confirmed until greater certainty on the contract(s) at issue is obtained.

6.      Finally, the Debtors have failed to provide adequate assurance of future performance.

7.      Accordingly, Oracle requests that the Court deny confirmation of the Plan to the extent it seeks authority for the Debtors to assume any Oracle agreements.

## II.    FACTUAL BACKGROUND

8.      The above captioned case was filed on September 9, 2015 and an order directing joint administration was entered on September 10, 2015.

9.      The Debtors filed their Plan on December 4, 2015.  The Plan sets forth the following procedures for the assumption and rejection of executory contracts.

> Except as otherwise provided herein, each Executory Contract and Unexpired Lease shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory Contract or Unexpired Lease: (i) is listed on the Schedule of Assumed Executory Contracts and Unexpired Leases contained in the Plan Supplement; (ii) has been previously assumed or rejected by the Debtors by Final Order of the Bankruptcy Court or has been assumed by the Debtors by order of the Bankruptcy Court as of the Effective Date, which

2

order becomes a Final Order after the Effective Date; (iii) is the subject of a motion to assume or reject pending as of the Effective Date; or (iv) is otherwise assumed pursuant to the terms herein.

*See* Section 7.1 (a) of the Plan.

10.  On January 7, 2016, the Debtors filed the Plan Supplement.  Exhibit I to the Plan Supplement identifies those contracts which will be assumed through the Plan, including one agreement between the Debtors and Oracle described as follows:

| Debtor Name | Counterparty | Description | Cure Amount |
|---|---|---|---|
| Quiksilver, Inc. | Oracle America, Inc. | Oracle Ordering Document (for recruiting premium cloud service) –Term: 5/01/2016 | 0.00 |

The agreement listed above is referred to herein as the "Oracle Agreement."

## III.  **ARGUMENT**

### A.  **The Debtors Have Not Adequately Identified The Oracle Agreement To Be Assumed And Assigned.**

11.  Although the Debtors have included some identifying characteristics in an effort to describe the contract, the description provided in the Plan Supplement is inadequate for Oracle to ensure that it is evaluating the same agreement the Debtors seek to assume.

12.  In addition, the Debtors are parties to several support contracts and license agreements with Oracle that do not appear to be identified in the Plan Supplement.

13.  Therefore, it is unclear whether this omission was intentional and the Debtors wish to reject these contracts pursuant to the terms of the Plan, or whether the Debtors inadvertently omitted these agreements in the Plan Supplement.

14.  The description only identifies the ordering document, and omits a corresponding reference to the related underlying license agreement.

15.     It is impermissible for the Debtors to attempt to segregate the underlying Oracle license agreement from the corresponding support and any payment agreements, if that is the Debtors' intention. *See In re Interstate Bakeries Corporation*, 751 F.3d 955, 963 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008) (holding that where several agreements are economically interdependent, and the parties' course of dealing demonstrates that the deal was meant to be indivisible, the agreements comprised one integrated agreement that the debtor cannot sever in order to assume, assign, or reject individually.).

16.     Based on the information provided in the Plan Supplement, it is unclear whether the Debtors intend to assume their entire relationship with Oracle or only the contract identified in the Plan Supplement.

17.     To properly identify the Oracle agreements the Debtors wish to assume, Oracle requests that the Debtors provide (a) a specific contract name and date, where one is not provided; (b) a contract identification number; (c) whether the targeted contracts pertain to support or support renewals; and (d) the governing license agreement for each contract.

18.     This information will enable Oracle to evaluate whether the contracts are in default and, if so, the appropriate cure amount.  Oracle reserves its right to be heard on this issue after the contract or contracts the Debtors seek to assume are identified with greater specificity.

**B.      The Debtors Have Not Provided An Adequate Cure Amount And Have Not Provided Adequate Assurance Of Future Performance.**

19.     Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a trustee or debtor in possession can assume an executory contract, including: (a) curing (or providing adequate assurance of a prompt cure) any defaults under the subject contract; and (b) providing adequate assurance of future performance under the contract.  Absent the foregoing, the executory contract may not be assumed.

4

20.     As discussed above, the Debtors have failed to describe the Oracle Agreement they seek to assume with sufficient particularity for Oracle to identify the universe of agreements at issue, and thereby confirm the corresponding cure amount.

21.     Based on Oracle's records the Debtors owe at least $31,500.00, as evidenced by Oracle's proof of claim filed on November 18, 2015.

22.     In addition, due to the evident discrepancy in the Debtors' and Oracle's records regarding the contracts to be assumed, Oracle is not assured that the Debtors will timely perform their obligations with respect to all executory agreements between the Debtors and Oracle.

23.     Therefore, Oracle reserves its right to be heard further regarding the cure amount and the Debtors' obligation to provide adequate assurance of future performance after the contracts the Debtors seek to assume are identified with greater specificity.

**C.     The Oracle Agreement Must Be Assumed, If At All, "As Is," Including Any Change of Control Provisions.**

24.     If the foregoing concerns are addressed, Oracle may not object to the proposed assumption of the Oracle Agreement.

25.     However, the Oracle Agreement must be assumed "as is," without any revisions and/or modifications to the agreements, including any "change in control" provision, as apparently is sought by the Debtors in Section 7.2(a) of the Plan.

## III.     CONCLUSION

26.     For the reasons set forth above, Oracle respectfully requests that the court deny the plan to the extent it seeks to assume any Oracle agreement, and Oracle reserves its right to be heard on all issues set forth herein.

Dated: January 14, 2016
Wilmington, Delaware

Respectfully submitted,
**MARGOLIS EDELSTEIN**

/s/ James E. Huggett
James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware  19801
Telephone: (302) 888-1112
E-mail: jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
E-mail: adoshi@magnozzikye.com

Shawn M. Christianson, Esq.
**BUCHALTER NEMER P.C.**
55 Second Street, Suite 1700
San Francisco, California 94105
Telephone: (415) 227-0900

Deborah Miller, Esq.
Mike Czulada, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California  94065

*Attorneys for Oracle America, Inc.*