**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| QUIKSILVER, INC. | § | Case No. 15-11880-BLS |
| | § | |
| Debtors | § | |

<u>**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS'**</u>
<u>**OBJECTION TO CONFIRMATION**</u>

The Texas Comptroller of Public Accounts ("Texas Comptroller"), appearing through the Texas Attorney General's Office, objects to confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and Its Affiliated Debtors and Debtors in Possession (the "Plan").

1.      The Texas Comptroller timely filed a Priority Proof of Claim No. 821 for sales and use tax on December 14, 2015, in the amount of $31,958.16.   The Texas Comptroller's Claim is entitled to priority under 11 U.S.C. §507(a)(8)(C).   The claim is based on an ongoing sales tax audit.   The Texas Comptroller objects that paragraph 8.7 of the Plan restricts the right of the Texas Comptroller to amend its claim once the audit is complete.

2.      Additionally, paragraph 2.5 of the Plan does not propose to pay interest on the Texas Comptroller's claim.   The Texas Comptroller is entitled to be paid interest at a rate to be determined under applicable nonbankruptcy law.   11 U.S.C. §§ 1129(a)(9)(C); 511(a).   The current rate of interest is 4.5% in accordance with TEX. TAX CODE § 111.060(b).   The Plan should be modified to provide for the payment of interest on the Texas Comptroller's claim.

3.     The Texas Comptroller further objects that the Plan attempts to enjoin the Texas Comptroller from collecting from non-debtor third parties.    The 2nd, 3rd, 5th, and 11th Circuits have held that a bankruptcy court does not have jurisdiction over the tax liabilities of non-debtors.  *See In re Prescription Home Health Care, Inc.*, 316 F.3d 542 (5th Cir. 2002); *Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921 (3d. Cir. 1990); *In re Brandt-Airflex Corp.*, 843 F.2d 90 (2d. Cir. 1988); *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir. 1986).

> The jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws.  It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code.  It is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization. Accordingly, we conclude that the separate tax liabilities of the Huckabees were outside the scope of the bankruptcy court's jurisdiction.

*Huckabee* at 1549.  Bankruptcy courts are not courts of general jurisdiction and only have jurisdiction over actions between non-debtors pursuant to "related to" jurisdiction provided by 28 U.S.C. § 1334(b).  However, 11 U.S.C. § 505 provides a specific grant of jurisdiction regarding tax liabilities, and the specific statute controls.  *See Bulova Watch Co. v. United States*, 365 U.S. 753, 758 (1961).

4.     In the present case, the Debtor is asking this court to enjoin the Texas Comptroller from collecting tax liabilities of non-debtor third parties.  The responsible individuals of the Debtor are personally liable under TEX. TAX CODE §111.016.  The Bankruptcy Court does not have jurisdiction to issue the injunction.

5.     Additionally, the proposed injunction is barred by the Tax Injunction Act:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.  The Texas Comptroller's administrative remedies and Texas state court remedies have repeatedly been held to satisfy the "plain, speedy and efficient remedy" standard of the Tax Injunction Act.  *See McQueen v. Bullock*, 907 F.2d 1544, 1549 (5th Cir. 1990), cert. den., 111 S.Ct. 1308 (1992), and cases cited therein.

6.      An attempt to prevent the Texas Comptroller from pursuing a non-debtor is in violation of the Tax Injunction Act. *McCrory Corp. v. Texas Comptroller of Public Accounts*, 212 B.R. 229, 231 S.D.N.Y. 1997).  The following cases construing the similarly worded federal statute, the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a) are similar. *In re: LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir. 1987); *In re: American Bicycle Association*, 895 F.2d 1277 (9th Cir. 1990); *In re: Heritage Village Church and Missionary Fellowship, Inc.*, 851 F.2d 104 (4th Cir. 1988); *A to Z Welding & Mfg. Co. v. I.R.S.*, 803 F.2d 932 (8th Cir. 1986).  This Court, which hears bankruptcy cases by order of reference from the District Court, therefore lacks the jurisdiction to issue the proposed non-debtor third-party injunction.

7.      The Texas Comptroller further objects to the Plan because it improperly enjoins creditors' rights of setoff.  The Plan should not alter creditors' rights of setoff. Paragraphs 9.11 and 10.8 of the Plan enjoin the Texas Comptroller from asserting any setoff rights it may have as of confirmation unless a separate motion is filed.  Pursuant to 11 U.S.C. § 553, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including § 1141.  *See IRS v. Luongo (In re Luongo)*, 259 F.3d 323 (5th Cir. 2001);  *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1277 (9th Cir.1992), 963 F.2d 1269, 1276-78 (9th Cir. 1992), cert. denied, 506 U.S. 918, 113 S. Ct. 330, 121 L.Ed.2d 249 (1992);  *Davidovich v. Welton* (*In re Davidovich)*, 901 F.2d 1533,

1537 (10th Cir. 1990).  The Plan's prohibitions against setoff therefore do not comply with the provisions of § 553, and the Plan cannot be confirmed, pursuant to 11 U.S.C. § 1129(a)(1).

8.    Furthermore, the Texas Comptroller objects that the Plan fails to provide an adequate remedy in the event of default.  The Texas Comptroller's claims are tax claims, and in the event of default, the Texas Comptroller should be permitted to collect its claims pursuant to Texas tax law.  Thus, the Texas Comptroller submits that Default remedy language similar to the following should be included in the plan.

> A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default.  If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within ten (10) days after service of a written notice of default, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court.  The Debtor can receive up to three (3) notices of default, however, the third default cannot be cured.

Language similar to the above is necessary in order to clarify the Texas Comptroller's default remedies pursuant to 11 U.S.C. § 1123(a)(5)(g), which requires that a plan provide adequate means for the plan's implementation.

WHEREFORE, the Texas Comptroller requests that confirmation be denied and that the Texas Comptroller have such further relief to which it may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jason A. Starks*
JASON A. STARKS
Texas Bar No. 24046903
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone:  (512) 475-4867
Facsimile:  (512) 936-1409
Jason.Starks@texasattorneygeneral.gov

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

## **CERTIFICATE OF SERVICE**

I certify that on January 14, 2016, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

Quiksilver, Inc.
5600 Argosy Circle
Huntington Beach, CA 92649

By Electronic Means as listed on the Court's ECF Noticing System:

- David G. Aelvoet    davida@publicans.com
- Justin R. Alberto    jalberto@bayardlaw.com, bankserve@bayardlaw.com;lmorton@bayardlaw.com;cdavis@bayardlaw.com
- John R. Ashmead    ashmead@sewkis.com
- Elizabeth Banda Calvo    rgleason@pbfcm.com, ebcalvo@pbfcm.com;ebcalvo@ecf.inforuptcy.com
- John Douglas Beck    john.beck@hoganlovells.com, ronald.cappiello@hoganlovells.com
- Reem J Bello    rbello@wgllp.com, kadele@wgllp.com;nlockwood@wgllp.com
- William Pierce Bowden    wbowden@ashby-geddes.com
- Dustin Parker Branch    dustin.branch@kattenlaw.com, donna.carolo@kattenlaw.com;ecf.lax.docket@kattenlaw.com
- Michael G. Busenkell    mbusenkell@gsbblaw.com

- William E. Chipman    chipman@chipmanbrown.com,
  bankruptcyservice@chipmanbrown.com;dero@chipmanbrown.com
- Shawn M. Christianson    schristianson@buchalter.com,
  cmcintire@buchalter.com
- Andrew L. Cole    andrew.cole@leclairryan.com
- Andrew S. Conway    Aconway@taubman.com
- Robert L. Cook    Robert.Cook@tax.ny.gov
- Dain A. De Souza    Dain.DeSouza@skadden.com,
  debank@skadden.com;wendy.lamanna@skadden.com;christopher.heaney@skadden.com
- Andrew P. DeNatale    adenatale@stroock.com
- Robert J. Dehney    rdehney@mnat.com,
  rfusco@mnat.com;aconway@mnat.com;mmaddox@mnat.com;chare@mnat.com
- John D. Demmy    jdd@stevenslee.com
- John P. Dillman    houston_bankruptcy@publicans.com
- Christopher R. Donoho    chris.donoho@hoganlovells.com
- Amish R. Doshi    adoshi@magnozzikye.com
- Van C. Durrer    van.durrer@skadden.com,
  debank@skadden.com;christopher.heaney@skadden.com;wendy.lamanna@skadden.com;annie.li@skadden.com
- David W Dykhouse    dwdykhouse@pbwt.com, mcobankruptcy@pbwt.com
- Joseph A. Eisenberg    jae@jmbm.com;bt@jmbm.com;vr@jmbm.com
- Niclas A. Ferland    niclas.ferland@leclairryan.com
- Daniel A. Fliman    dfliman@kasowitz.com
- Jeffery Steven Flores    jsf@opglaw.com
- David M. Fournier    fournierd@pepperlaw.com,
  wlbank@pepperlaw.com,lanoc@pepperlaw.com,fournierd@ecf.inforuptcy.com,wlbank@ecf.inforuptcy.com;lewisc@pepperlaw.com
- David M. Fournier    flbank@pepperlaw.com,
  fournierd@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com
- Steven E. Fox    sfox@riemerlaw.com, dromanik@riemerlaw.com
- Alan J Friedman    afriedman@wgllp.com,
  nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com
- Jerrold K Guben    jkg@opglaw.com
- Steven T. Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Victoria A. Guilfoyle    guilfoyle@blankrome.com
- Mark F. Hebbeln    mhebbeln@foley.com,
  jsorrels@foley.com,opetukhova@foley.com
- Leslie C. Heilman    heilmanl@ballardspahr.com
- Cathy Hershcopf    chershcopf@cooley.com
- Thomas M. Horan    thoran@wcsr.com,
  hsasso@wcsr.com;jwray@wcsr.com;kdalton@wcsr.com
- James E. Huggett    jhuggett@margolisedelstein.com,
  nvangorder@margolisedelstein.com
- Laura Davis Jones    ljones@pszjlaw.com, efile1@pszyjw.com
- Laura Davis Jones    ljones@pszjlaw.com

- Albert Kass    ECFpleadings@kccllc.com, ecfpleadings@kccllc.com
- Susan E. Kaufman    skaufman@skaufmanlaw.com
- Mark S. Kenney    mark.kenney@usdoj.gov
- Kurtzman Carson Consultants LLC    akass@kccllc.com
- Meredith A. Lahaie    mlahaie@akingump.com
- Sharon L. Levine    slevine@lowenstein.com
- Zi C. Lin    zlin@garrett-tully.com
- Donald K. Ludman    dludman@brownconnery.com
- Borris I. Mankovetskiy    bmankovetskiy@sillscummis.com
- Laura L. McCloud    agbankdelaware@ag.tn.gov
- Dennis A. Meloro    melorod@gtlaw.com,
  bankruptcydel@gtlaw.com;thomase@gtlaw.com;melorod@gtlaw.com;dellitdock@gtlaw.com
- Tamara K. Minott    tminott@mnat.com, aconway@mnat.com
- Mark Minuti    mminuti@saul.com, rwarren@saul.com
- Sheryl L. Moreau    deecf@dor.mo.gov
- John A. Morris    jmorris@pszjlaw.com
- James E. O'Neill    jo'neill@pszjlaw.com, efile1@pszyj.com
- Matthew W. Olsen    matthew.olsen@kattenlaw.com,
  nyc.bknotices@kattenlaw.com
- Kristen N. Pate    ggpbk@ggp.com, ggpbk@ggp.com;
- Morgan L. Patterson    mpatterson@wcsr.com,
  hsasso@wcsr.com;jwray@wcsr.com
- Lars A. Peterson    lapeterson@foley.com, khall@foley.com
- David L. Pollack    pollack@ballardspahr.com, blunt@ballardspahr.com
- Jeffrey N. Pomerantz    jpomerantz@pszjlaw.com
- Patrick J. Reilley    preilley@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;kkarstetter@coleschotz.com;jwhitworth@coleschotz.com
- Andrew R. Remming    aremming@mnat.com,
  rfusco@mnat.com;aconway@mnat.com;mdecarli@mnat.com
- Eric A. Rosen    erosen@fowler-white.com, jmannon@fowler-white.com
- Jeremy William Ryan    jryan@potteranderson.com,
  bankruptcy@potteranderson.com
- John Henry Schanne    schannej@pepperlaw.com,
  wlbank@pepperlaw.com;lanoc@pepperlaw.com;schannej@ecf.inforuptcy.com;wlbank@ecf.inforuptcy.com
- Daren M. Schlecter    daren@schlecterlaw.com
- Peter G. Schwed    gschwed@loeb.com
- Michael Seidl    mseidl@pszjlaw.com, efile1@pszyj.com
- James H. Shenwick    jhs7@att.net
- Andrew H. Sherman    asherman@sillscummis.com
- Jeffrey S. Shinbrot    jeffrey@shinbrotfirm.com
- Owen M. Sonik    osonik@pbfcm.com,
  tpope@pbfcm.com;osonik@ecf.inforuptcy.com

- Howard M. Spector    hmspector@spectorjohnson.com,
  sshank@spectorjohnson.com;hrogers@spectorjohnson.com
- Michael S. Stamer    mstamer@akingump.com
- David B. Stratton    strattond@pepperlaw.com,
  wlbank@pepperlaw.com,lanoc@pepperlaw.com,strattond@ecf.inforuptcy.com,wlbank@ecf.inforuptcy.com
- Aaron H Stulman    AStulman@ashby-geddes.com
- Matthew Summers    summersm@ballardspahr.com
- Ronald Mark Tucker    rtucker@simon.com,
  bankruptcy@simon.com;cmartin@simon.com;antimm@simon.com
- United States Trustee    USTPREGION03.WL.ECF@USDOJ.GOV
- Seth Van Aalten    svanaalten@cooley.com
- Carolyn G. Wade    carolyn.g.wade@doj.state.or.us
- Pamela K. Webster    pwebster@buchalter.com, smartin@buchalter.com
- Helen Elizabeth Weller    dallas.bankruptcy@publicans.com,
  evelyn.palmer@lgbs.com

*/s/ Jason A. Starks*
JASON A. STARKS