**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                                           :   Chapter 11
In re:                                                     :
                                                           :   Case No. 15-11880 (BLS)
QUIKSILVER, INC., et al.                                   :
                                                           :   (Jointly Administered)
                    Debtors.¹                              :
                                                           :   Hrg. Date: January 27, 2016 at 9:30 a.m.
                                                           :   (Eastern)
-----------------------------------------------------------x   Related Docket Nos. 532, 625
```

**DECLARATION OF NICHOLAS DRAKE IN SUPPORT OF LIMITED OBJECTION TO
CONFIRMATION OF SECOND PLAN OF REORGANIZATION OF QUIKSILVER, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

I, Nicholas Drake, hereby declare under penalty of perjury under the Laws of the United States that the following is true to the best of my knowledge, information and belief:

1. On or around 2014, and thereafter, the Debtor terminated me and other similarly situated employees. On or around October of 2014, myself and the Debtor, through Executive Vice President Carol E. Scherman, executed a separation agreement (the "Drake SA"). The Drake SA is attached hereto as Exhibit "A".

2. The Drake SA provides that the Debtor would pay "severance pay in the total amount of $750,000…as follows: Eighteen (18) monthly checks, each in the amount of $41,666.67…." (Drake SA, ¶ 2.A). The Drake SA further provides: "You [Drake] will not be required to perform any duties following the Separation Date [September 30, 2014] or during the Severance Pay Period." (Drake SA, ¶ 2.B). Mr. Drake provided Debtor a "release", a relinquishment of certain stock rights, and other valuable concessions. The Drake SA provides for an arbitration clause in the event of the dispute to be decided by JAMS in Orange County, California. (Drake SA, ¶ 10). The Debtor has not availed itself of arbitration.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).

1

3. The Debtor made payments to Drake through the first half of August 2015. The Debtor has breached the Drake SA by failing to make the first post-petition payment due to Mr. Drake under the Drake SA and by failing to make the second payment in August 2015. The Drake SA does not provide for a liquidated damage clause, or a clause providing for a "total amount due and owing clause" upon breach. Therefore, each missed payment constitutes a separate breach of the Drake SA.

4. Payments under the Drake SA have accrued post petition for the months of September 2015 and will continue to accrue through March 2016, entitling me to an administrative claim in the amount of $291,666.69. I am further entitled to a priority claim pursuant to 11 U.S.C. Section 507(a)(4) in the amount of $12,475.00.

5. Upon information and belief, all Separation Agreements were executed by the affected former employee of Debtor and Debtor, through Executive Vice President Carol E. Scherman. Upon information and belief, each Separation Agreement is substantially similar in form to the Drake SA.

6. Upon information and belief, on or about August of 2015, the Debtor ceased making payments to all Class Claimants under the Separation Agreements, as it did to me.

7. The Debtor has breached each of the Separation Agreements by failing to make the first post-petition payment due under each of the Separation Agreements to the Class Claimants. The Separation Agreements do not provide for a liquidated damage clause, nor a clause indicating that "total amount due and owing clause" upon breach. Therefore, each missed payment constitutes a separate breach of each of the Separation Agreements.

_____
NICHOLAS DRAKE