IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
QUIKSILVER, INC., *et al.*,[1]                               :   Case No. 15-11880 (BLS)
                                                             :
                              Debtors.                       :   Jointly Administered
                                                             :
                                                             :
------------------------------------------------------------ x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER AUTHORIZING THE COMMITTEE TO FILE UNDER
SEAL THE UNREDACTED OBJECTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO SECOND AMENDED JOINT CHAPTER 11
PLAN OF REORGANIZATION OF QUIKSILVER INC. AND ITS AFFILIATED
DEBTORS AND DEBTORS IN POSSESSION**

The Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. ("Quiksilver") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this motion (the "Motion to Seal") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to section 107(b) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file under seal its unredacted *Objection of the Official Committee of Unsecured Creditors to Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

*Debtors and Debtors in Possession* (the "Plan Objection")[2]. In support of this Motion to Seal, the Committee respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b).

### Background

4. On September 9, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 10, 2015, the Court entered an order providing for the joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial five members of the Committee [Docket No. 129].[3] On September 28, 2015, the U.S. Trustee filed

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan Objection.

[3] The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

-2-

the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 163] (the "Amended Notice"), appointing two additional creditors to the Committee.[4]

6. On December 4, 2015, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 532] (the "Oaktree Plan").

7. As more fully set forth in the Plan Objection, the Oaktree Plan, among other things, (i) is premised upon an artificially low valuation of the Debtors' estates, (ii) disguises the true consideration to be distributed to Secured Noteholders on account of their claims and (iii) deprives unsecured creditors of a fair recovery premised on the value of the Unencumbered Foreign Equity.

8. In order to respond to the issues presented by the Oaktree Plan in a comprehensive manner, the Plan Objection includes commercially sensitive and confidential information regarding the Debtors' business operations and assets.

**Relief Requested**

9. By this Motion to Seal, the Committee seeks entry of an order, pursuant to Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1(b), authorizing the Committee to file the unredacted Plan Objection under seal, while publicly filing a redacted version, and directing that the Plan Objection shall remain under seal, confidential, and not made available to anyone, except for the (i) Court, (ii) the Office of the U.S. Trustee, (iii) counsel to the Debtors, (iv) counsel to Oaktree, and (v) others only (a) at the discretion of the Committee upon consent of the Debtors or (b) upon further order of the Court.

---

[4] The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund, Inc. and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

111620410 v2

**Basis for Relief**

10. Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018, 1007(j); *see also Cendant*, 260 F.3d 194 (the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

11. In proceedings under title 11, the limits on the public's right of access are a matter of statute. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." This Court has previously described "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

12.   In addition, Local Rule 9018-1(b) requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b). Nonetheless, a party filing such a motion is not required to demonstrate "good cause" to file the document under seal. Rather, if the material sought to be filed under seal falls within one of the categories identified in Bankruptcy Code section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27.

13.   As noted above, the Plan Objection contains commercially sensitive and confidential information regarding the Debtors' business operations and assets. Such information falls squarely within the ambit of Bankruptcy Code section 107(b)(1). This commercially sensitive and confidential information is necessary to provide a complete response to the issues raised by the Oaktree Plan, as set forth more fully in the Plan Objection. The Committee therefore hereby files this Motion to Seal to comply with its obligations under the Local Rules and to protect any of the Debtors' commercially sensitive information. The Committee intends to file a redacted version of the Plan Objection as soon as practicable.

14.   Distribution of the (i) unredacted and sealed Plan Objection to the parties set forth in paragraph 9 and (ii) redacted version to all parties required to receive service under Local Rule 2002-1(b), will ensure that parties are provided with the information necessary for the hearing on the Oaktree Plan.

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to file the unredacted Plan Objection under seal and granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: January 14, 2016<br>Wilmington, Delaware | **PEPPER HAMILTON LLP**<br><br>/s/ David B. Stratton<br>David B. Stratton (DE No. 960)<br>David M. Fournier (DE No. 2812)<br>John H. Schanne II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware 19899-1709<br>Telephone:     (302) 777-6500<br>Facsimile:      (302) 421-8390<br>E-mail:           strattond@pepperlaw.com<br>                       fournierd@pepperlaw.com<br>                       schannej@pepperlaw.com<br><br>-AND-<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Michael S. Stamer (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>Meredith A. Lahaie (admitted *pro hac vice*)<br>Joseph L. Sorkin (admitted *pro hac vice*)<br>One Bryant Park<br>Bank of America Tower<br>New York, New York 10036-6745<br>Telephone:     (212) 872-1000<br>Facsimile:      (212) 872-1002<br>E-mail:           mstamer@akingump.com<br>                       aqureshi@akingump.com<br>                       mlahaie@akingump.com<br>                       jsorkin@akingump.com<br><br>*Co-Counsel to the Official Committee of Unsecured Creditors* |