IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                    :   Chapter 11
                                                          :
QUIKSILVER, INC., *et al.*,[1]                            :   Case No. 15-11880 (BLS)
                                                          :
                    Debtors.                              :   Jointly Administered
                                                          :
                                                          :   **Related Docket No. 661**
---------------------------------------------------------- x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER AUTHORIZING THE COMMITTEE TO EXCEED THE
PAGE LIMITS WITH RESPECT TO OBJECTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO SECOND AMENDED
JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

The Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. ("Quiksilver") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, (a) pursuant to Rule 7007-2(a)(iv) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to exceed briefing page limitations with respect to the Committee's *Objection of the Official Committee of Unsecured Creditors to Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Dkt. No. 661] (the "Plan Objection")[2]. In support of this Motion, the Committee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan Objection.

#37370263 v2

**Jurisdiction**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The basis for the relief requested herein is Local Rule 7007-2(a)(iv).

**Background**

4.  On the September 9, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On September 10, 2015, the Court entered and order providing for the joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5.  On September 21, 2015, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial five members of the Committee [Dkt. No. 129].[3]  On September 28, 2015, the U.S. Trustee filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket. No. 163] (the "Amended Notice"), appointing two additional creditors to the Committee.[4]

---

[3] The initial Committee was comprised of the following entities: (i) U.S. Bank National Association; (ii) New Generation Advisors, LLC; (iii) Samil Tong Sang, Co.; (iv) Simon Property Group, Inc.; and (v) Global Brands Group.

[4] The U.S. Trustee appointed T. Rowe Price Credit Opportunities Fund, Inc. and Wilfrid Global Opportunity Fund to the Committee on September 28, 2015. Also on September 28, 2015, Global Brands Group resigned from the Committee.

#37370263 v2

6. On December 4, 2015, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 532] (the "Oaktree Plan").

7. As more fully set forth in the Plan Objection, the Oaktree Plan, among other things, (i) is premised upon an artificially low valuation of the Debtors' estates, (ii) disguises the true consideration to be distributed to Secured Noteholders on account of their claims and (iii) deprives unsecured creditors of a fair recovery premised on the value of the Unencumbered Foreign Equity. Through the Plan Objection, the Committee objects to confirmation of the Oaktree Plan.

**Relief Requested**

8. By this Motion, the Committee seeks entry of an order, pursuant to Local Rule 7007-2(a)(iv), authorizing the Committee to exceed page limitations with respect to its Plan Objection.

**Basis for Relief**

9. Local Rule 7007-2, made applicable to the Plan Objection by the General Chambers Procedures for the United States Bankruptcy Court for the District of Delaware, provides that, absent leave of Court, no opening or answering brief shall exceed forty (40) pages, exclusive of any tables of contents and citations. Del. Bankr. L. R. 7007-2(a)(iv); General Chambers Pro. at 2, ¶ 2(a)(vi). The Plan Objection exceeds this page limitation. Through this Motion, the Committee respectfully requests that the Plan Objection be allowed to exceed the page limitations prescribed by Local Rule 7007-2(a)(iv) and the General Chambers Procedures.

10. Cause exists to permit the Committee to exceed this page limitation with respect to the Objection. The Plan Objection addresses numerous and complex issues raised by the Oaktree Plan. The legal analysis and factual citations attendant to these issues cannot adequately

-4-

be dealt with without exceeding the 40-page limit imposed by the Local Rules. The Committee believes that the analysis and discussion in the Plan Objection will benefit the Court in its consideration of confirmation of the Oaktree Plan.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to exceed the page limit with to the Plan Objection, and granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: January 14, 2016<br>Wilmington, Delaware | **PEPPER HAMILTON LLP**<br><br>/s/ David B. Stratton<br>David B. Stratton (DE No. 960)<br>David M. Fournier (DE No. 2812)<br>John H. Schanne II (DE No. 5260)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware  19899-1709<br>Telephone:    (302) 777-6500<br>Facsimile:     (302) 421-8390<br>E-mail:          strattond@pepperlaw.com<br>                     fournierd@pepperlaw.com<br>                     schannej@pepperlaw.com<br><br>-AND-<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Michael S. Stamer (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>Meredith A. Lahaie (admitted *pro hac vice*)<br>Joseph L. Sorkin (admitted *pro hac vice*)<br>One Bryant Park<br>Bank of America Tower<br>New York, New York  10036-6745<br>Telephone:    (212) 872-1000<br>Facsimile:     (212) 872-1002<br>E-mail:          mstamer@akingump.com<br>                     aqureshi@akingump.com<br>                     mlahaie@akingump.com<br>                     jsorkin@akingump.com<br><br>*Co-Counsel to the Official Committee of Unsecured Creditors* |