IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| QUIKSILVER, INC., et al. | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Hearing Date: 1/27/16 at 10:30 a.m. |
| | : | Objection Deadline: 1/14/16 at 4:00 p.m. |
| | : | Extended by Agreement to 1/15/16 |

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF
DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION (D. I. 532)**

In support of his Objection to Confirmation of the Debtors' Second Amended Joint Plan of Reorganization ("Plan"), Andrew R. Vara, Acting United States Trustee for Region 3 ("U.S. Trustee"), by his undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

3. In furtherance of his case supervisory responsibilities, as well as pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise and be heard on this Objection.

**BACKGROUND AND RELEVANT FACTS**

4.     The Debtors filed these jointly administered cases on September 9, 2015.

5.     The U.S. Trustee appointed an official committee of unsecured creditors ("Committee") on September 22, 2015, and added additional members to the Committee on September 28, 2015.

6.     The Debtors filed their first draft plan of reorganization on October 13, 2015. Following certain plan revisions, the Court approved a disclosure statement in support of the current Second Amended Joint Plan of reorganization on December 4, 2015.

7.     Section 10.6 of the Plan provides for exculpation as follows:

> The Exculpated Parties shall neither have, nor incur any liability to any Entity for any Exculpated Claim; <u>provided, however,</u> that the foregoing "exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct.
>
> The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including with regard to the distributions of the New Quiksilver Common Stock pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violations of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

(Emphasis in original).  The exculpation provision appears benign only until considered in the context of the Plan's definitions of Exculpated Parties and Exculpated Claims.

8.     Plan Article IB, Section 1.83 defines Exculpated Parties as

> collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Backstop Parties; (d) the Plan Sponsor; (e) the DIP Lenders; (f) the DIP Agents; (g) the Unsecured Creditors Committee and each of its members; (h) the Secured Notes Agent; and (i) with respect to each of the above-named Entities described in subsections (a) through (h), such Entity's respective predecessors, successors and assigns, and current and

> former stockholders, members, limited partners, general partners, equity holders, Affiliates and its and their subsidiaries, principals, partners, managed funds, parents, equity holders, members, employees, agents, officers, directors, managers, trustees, professionals, representatives, advisors, attorneys, financial advisors, accountants, investment bankers, and consultants.

Other than the Debtors, the Reorganized Debtors, the Committee and it members (acting in such capacity), their respective agents, servants and employees (acting in such capacity) and their respective professionals (acting in such capacity), none of the remaining entities defined as Exculpated Parties is an estate fiduciary or a professional representing an estate fiduciary.

9. Plan Article IB, Section 1.82 defines Exculpated Claim as

> any Claim related to any act or omission in connection with, relating to, or arising out of the Debtors' in or out of court restructuring, the Chapter 11 Cases, formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the settlement of Claims or renegotiation of Executory Contracts or Unexpired Leases, the negotiation of the Plan, the DIP Credit Agreements, the Rights Offerings, the Euro Notes Exchange Offer, the Backstop Commitment Letter, the Plan Sponsor Agreement (including the term sheets attached thereto), the Plan Supplement, the Exit Facility, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation of the Plan, the administration, consummation, and implementation of the Plan, the distribution of property under the Plan, or any transaction contemplated by the Plan or Disclosure Statement, or in furtherance thereof; provided, however, that Claims relating to the Excluded DIP Obligations shall not constitute Exculpated Claims.

## ARGUMENT

10. As stated by the Court in *In re Washington Mutual, Inc.*, 442 B.R. 314 (Bankr. D. Del. 2011 an "exculpation clause must be limited to the *fiduciaries* who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." 442 B.R. at 350-51 (emphasis added). In *In re Tribune Company,* 464 B.R. 126 (Bankr. D. Del. 2011), the Court agreed with the holding in *Washington Mutual* relating to exculpated parties, and held that the exculpation clause "must exclude non-fiduciaries." 464 B.R. at 189, quoting *Washington Mutual,* 422 B.R. at 350 -51. *Accord, In re*

*Indianapolis Downs, 486 B. R. 286, 306 (Bankr. D. Del. 2013)*; *In re PTL Holdings LLC,* 55 Bankr. Ct. Dec 206, 2011 Bankr. LEXIS 4436, *38 (Bankr. D. Del. Nov. 10, 2011)(Shannon, J.)(sustaining U.S. Trustee's objection to exculpation clause, stating that such clause "must be reeled in to include only those parties who have acted as estate fiduciaries and their professionals."), relying on, *inter alia, In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000).

11. The Plan's exculpation provision does not comply with the applicable case law set forth above, as it covers numerous entities who are not estate fiduciaries in these cases. The only parties eligible for exculpation in these cases are the Debtors, the Debtors' officers and directors serving during the Chapter 11 cases in their capacity as such, the Committee, and their respective attorneys, financial advisors and other professionals. *See, e.g., Washington Mutual,* 442 B.R. at 350-51; *Tribune*, 464 B.R. at 190. All other entities, including without limitation the Backstop Parties, the Plan Sponsor, the DIP Lenders, the DIP Agents, the Secured Notes Agent, as well as each such entity's entourage of officers, directors, affiliates, etc., as well as their respective professionals (collectively, the "Non-Fiduciaries"), are not estate fiduciaries and should not be exculpated. Those parties should instead be stricken from the Plan's definition of Exculpated Parties.

12. The U.S. Trustee has been advised that certain Non-Fiduciaries insist on being included in the list of Exculpated parties in order to preserve the exculpation offered by

Bankruptcy Code Section 1125(e).[1]  However, the definition of Exculpated Claim in Plan Article IB, Section 1.82 is far broader than the relatively narrow safe harbor offered by Section 1125(e).  Indeed, the list of Exculpated Claims is not limited to acts or omissions in connection with the solicitation of acceptance or rejection of the Plan and the offer, issuance and sale or purchase of securities under the Plan.  Instead, it extends to any claim related to any act or omission in connection with or relation to the Debtors' restructuring (whether in or out of court), the Chapter 11 cases themselves, and the negotiation of the provisions of the Plan and the DIP Credit Agreements, excepting only acts or omissions that are ultimately determined to have constituted gross negligence or willful misconduct.

13.    The Non-Fiduciaries need not be included in the list of Exculpated Parties in order to be sheltered in the safe harbor of Section 1125(e).  Provided that a factual record supporting such a finding is established, the Court may include a finding in its order confirming the Plan that is consistent with the factual recitation contained in the second paragraph of Plan Section 10.6: that the Non-Fiduciaries have participated in good faith and in compliance with the Bankruptcy Code and applicable non-bankruptcy law and regulations governing the New Quiksilver Common Stock to be distributed under the Plan and governing the solicitation of acceptance or rejection of the Plan.  The Non-Fiduciaries are entitled to no further exculpation.

14.    The U. S. Trustee reserves any and all rights, remedies and obligations found at law, equity or otherwise, to complement, supplement, augment, alter and/or modify this

---

[1] Section 1125(e) provides:

A person that solicits acceptance or rejection of a plan, in good faith and in compliance with the applicable provisions of this title, or that participates, in good faith and in compliance with the applicable provisions of this title, in the offer, issuance, sale, or purchase of a security, offered or sold under the plan, of the debtor, of an affiliate participating in a joint plan with the debtor, or of a newly organized successor to the debtor under the plan, is not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities.