## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| | § | |
| QUICKSILVER, INC., | § | **Case No. 15-11880-BLS** |
| ET AL. | § | |
| | § | |
| *Debtors*. | § | **Jointly Administered** |
| _____ | § | |

## LIMITED OBJECTION OF CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT AND HARRIS COUNTY TO DEBORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION
### (Docket #532)

**To the Honorable Brendan Linehan Shannon,**
**United States Bankruptcy Judge:**

NOW COME, Cypress-Fairbanks Independent School District and Harris County (the "Taxing Authorities"), secured creditors in the above-numbered and styled bankruptcy case, and files this limited objection to *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Quicksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (the "Plan"), and respectfully represent:

1.      The Taxing Authorities are political subdivisions of the State of Texas.

2.      The Taxing Authorities hold pre-petition claims in the amount of $3,256.48 for tax year 2015 on Debtors' property located in the respective jurisdictions. The property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated, secured claims against the Debtors' property entitled to priority over other secured claims.

3.      The laws of the State of Texas, Property Tax Code §32.05(b), give the tax liens securing the property superiority over any other claim or lien against the property.

The Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07.  The taxes are secured by first priority liens on the property of the Debtors pursuant to Tex. Prop. Tax Code §32.05.  The Taxing Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).  The tax lien arises on January 1 of each tax year and "floats" to after acquired property.  See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).  The tax lien is a lien *in solido* and is a lien on all property of the Debtors.  See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).  The tax lien is also unavoidable.  See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).   The tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

    4.      The Taxing Authorities object to the treatment under the Plan for the reasons set forth below:

    a.      The Plan fails to provide for the retention of the Taxing Authorities' pre- and post-petition liens on their collateral.  The Plan should not be confirmed unless and until it specifically provides for the Taxing Authorities' pre- and post-petition liens to remain on their collateral until the claims, including interest thereon, if applicable, are paid in full.

WHEREFORE, PREMISES CONSIDERED, the Taxing Authorities respectfully request the Court deny confirmation of the Plan unless and until all issues raised herein are resolved, and grant the Taxing Authorities such other and further relief, at law or in equity, as is just.

Dated:  January 15, 2016

Respectfully submitted,

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP**

*/s/ John P. Dillman*
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Facsimile*

*Counsel for Cypress-Fairbanks Independent
School District and Harris County*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the entities listed below by either electronic court filing or by placing same, in the United States mail, first class, postage fully prepaid on <u>January 15, 2016:</u>

<u>Debtor</u>
**Quiksilver, Inc.**
5600 Argosy Circle
Huntington Beach, CA 92649

<u>Counsel for Debtor</u>
**Dain A. De Souza**
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, P.O. Box 636
Wilmington, DE 19801

**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

<u>Office of the United State Trustee</u>
**Mark S. Kenney**
Office of the U.S. Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801 002

Counsel for the Official Joint
<u>Committee of Unsecured Creditors</u>
**David M. Fournier**
Pepper Hamilton, LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19899-1709

**Justin R. Alberto**
Bayard, P.A.
222 Delaware Avenue
Suite 900, P.O. Box 25130
Wilmington, DE 198995201

*/s/  Tara L. Grundemeier*
**Tara L. Grundemeier**