IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                            :    Chapter 11
:
QUIKSILVER, INC., *et al.*,                                       :    Case No. 15-11880 (BLS)
:
                          Debtors.[1]   :    Jointly Administered
:
                                              **Related Docket Nos. 26, 252**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF REJECTION OF EXECUTORY CONTRACT**
**AND/OR UNEXPIRED LEASE**

**PLEASE TAKE NOTICE** that, on October 7, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order [Docket No. 252] (the "Order") on the motion, dated September 9, 2015 [Docket No. 26] (the "Motion"),[2] of Quiksilver, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company") for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware authorizing and approving procedures for the Debtors to reject executory contracts (the "Contracts") and unexpired leases (the "Leases").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order, Motion or First Day Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the Bankruptcy Court among other things authorized and approved procedures (the "Rejection Procedures") for the Debtors to reject Contracts and/or Leases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, the Debtors hereby provide notice (this "Rejection Notice") of their intent to reject the Contract(s) and/or Lease(s) as set forth on Exhibit 1 attached hereto, effective as of the date set forth for each such Contract or Lease on Exhibit 1 (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that should you object to the Debtors' rejection of the Contract(s) and/or Lease(s), you must file and serve a written objection (an "Objection") so that such objection is filed with this Court and is actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) calendar days after the date the Debtors filed this Notice Of Rejection Of Executory Contract And/Or Unexpired Lease (the "Objection Deadline"): (i) Quiksilver, 5600 Argosy Circle, Huntington Beach, California 92649; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Ana Lucía Hurtado; (iii) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (iv) counsel to the agent for the Debtors' postpetition secured loan facilities: (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Patrick J. Nash, Jr., Ross M. Kwasteniet, and William A. Guerrieri; (b) Riemer & Braunstein, Three Center Plaza, Boston, Massachusetts 02108, Attn: David S. Berman, Esq.; (v) proposed counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Meredith A. Lahaie, Esq.;

and (vi) any Counterparty to the affected Contract or Lease. Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

**PLEASE TAKE FURTHER NOTICE** that, absent an Objection being filed and served by the Objection Deadline in compliance with the Rejection Procedures, the rejection of such Contract(s) or Lease(s) shall be deemed authorized and approved, with such rejection to be effective as of the Rejection Date, without further notice or hearing, and the Debtors shall be permitted to submit to the Court, under certification of counsel, the proposed Rejection Order attached hereto as <u>Exhibit 2</u>. Upon the Rejection Date, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of a rejected Real Property Lease (the "<u>Remaining Property</u>") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors or any third party claiming by or through the Debtors and without waiver of any claim the Landlords may have against the Debtors and, to the extent applicable, the automatic stay is modified to allow for such disposition.

**PLEASE TAKE FURTHER NOTICE** that, if a timely Objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection (the "<u>Rejection Motion Hearing</u>") and provide at least five (5) business days' notice of such hearing to the objecting party and the other Rejection Notice Parties. If such objection is overruled or withdrawn, such Contract or Lease shall be deemed rejected as of (i) the Rejection Date, (ii) such other date as the Debtors (in consultation with the Creditors' Committee) and the applicable Counterparty have agreed, or (iii) such other date as determined by the Court and as set forth in any order with respect to such Objection.

**PLEASE TAKE FURTHER NOTICE** that each Counterparty to a Contract and/or Lease that is rejected pursuant to the Rejection Procedures must file a proof of claim relating to the rejection of such Contract and/or Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases. If no proof of claim is timely filed with respect to such rejection damages, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions on account of rejection damages that may be made in connection with these Chapter 11 Cases.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: Wilmington, Delaware
January 20, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi, Esq. (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606/
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**EXHIBIT 1**

# Quiksilver, Inc.
*Lease Rejections*

| Landlord or Counterparty | Debtor Counterparty | Street Address of Lease | Address of Landlord or Counterparty | Date Premises Vacated or Will Be Vacated | Effective Date of Rejection |
|---|---|---|---|---|---|
| Regency Centers, L.P. | QS Retail, Inc. | Strawflower Village Shopping Center<br>80 North Cabrillo Highway<br>Suite F<br>Concord, CA 94019 | c/o Regency Centers Corporation<br>One Independent Drive<br>Suite 114<br>Jacksonville, FL 32202 | 7/20/2015 | 1/20/2016 |
| Regency Centers, L.P. | QS Retail, Inc. | Village Center at Dulles<br>Space #11<br>2445 Centreville Road<br>Herndon, VA 20171 | c/o Regency Centers Corporation<br>One Independent Drive<br>Suite 114<br>Jacksonville, FL 32202 | 8/4/2015 | 1/20/2016 |
| Regency Centers, L.P. | QS Retail, Inc. | Festival at Woodholme<br>1809 Reistertown Road<br>Space #7<br>Baltimore, MD 21208 | c/o Regency Centers Corporation<br>One Independent Drive<br>Suite 114<br>Jacksonville, FL 32202 | 8/4/2015 | 1/20/2016 |
| Regency Centers, L.P. | QS Retail, Inc. | Shops at County Center<br>12754 Galveston Court<br>Space #6<br>Manassas, VA 20112 | c/o Regency Centers Corporation<br>One Independent Drive<br>Suite 114<br>Jacksonville, FL 32202 | 8/4/2015 | 1/20/2016 |
| Regency Centers, L.P. | QS Retail, Inc. | Greenbriar Town Center<br>13043 Lee Jackson Memorial Highway<br>Space #26<br>Chantilly, VA 22030 | c/o Regency Centers Corporation<br>One Independent Drive<br>Suite 114<br>Jacksonville, FL 32202 | 8/4/2015 | 1/20/2016 |
| Regency Centers, L.P. | QS Retail, Inc. | Tassajara Crossing<br>3402-3498 Camino Tassajara Road<br>Space #3442<br>Danville, CA 94506 | c/o Regency Centers Corporation<br>One Independent Drive<br>Suite 114<br>Jacksonville, FL 32202 | 8/31/2015 | 1/20/2016 |

# **EXHIBIT 2**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
                  Debtors.[1] : Jointly Administered
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x **Related Docket Nos. 26, 252**

## ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES

Upon the order [Docket No. 252] (the "Rejection Procedures Order")[2] approving the motion [Docket No. 26] (the "Motion") of the Debtors for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing and approving procedures for the Debtors to reject executory contracts (the "Contracts") and unexpired leases (the "Leases"), as more fully set forth in the Rejection Procedures Order; and upon consideration of the Notice Of Rejection Of Executory Contract And/Or Unexpired Lease, dated January 20, 2016 [Docket No. __] (the "Rejection Notice"); and the Court having jurisdiction to consider the Rejection Notice pursuant to 28 U.S.C. § 1334; and consideration of the Rejection Notice being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Rejection Procedures Order, Motion or the First Day Declaration.

and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Rejection Notice having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Rejection Notice is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. In accordance with Bankruptcy Code section 365 and the Rejection Procedures Order, the Leases identified on <u>Exhibit 1</u> to the Rejection Notice (the "<u>Rejected Leases</u>") are deemed rejected effective as of the date set forth in the exhibit for each such Lease (the "<u>Rejection Date</u>").

2. Upon the Rejection Date, pursuant to the Rejection Procedures Order, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of the Rejected Leases (the "<u>Remaining Property</u>") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors or any third party claiming by or through the Debtors and without waiver of any claim the Landlords may have against the Debtors and, to the extent applicable, the automatic stay is modified to allow for such disposition.

3. Pursuant to the Rejection Procedures Order, each Counterparty to a Rejected Lease must file a proof of claim relating to the rejection of such Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases. If no proof of claim is timely filed with respect to such rejection

damages, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions on account of rejection damages that may be made in connection with these Chapter 11 Cases.

4. Pursuant to the Rejection Procedures Order, if the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors (in consultation with the Creditors' Committee); <u>provided</u>, <u>however</u>, that the rights of any Counterparty under a letter of credit established by the Debtors in favor of such Counterparty shall be governed in accordance with the terms thereof and all applicable law, including the Bankruptcy Code.

5. With respect to the Rejected Leases, the Debtors have complied in all respects with the Rejection Procedures Order.

6. The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

7. The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

8. The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Rejected Leases.

9. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular

claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11. This Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. To the extent of any inconsistency between this Order and the Rejection Procedures Order, the Rejection Procedures Order shall govern and be controlling. Nothing in this Order or the Rejection Notice shall be deemed to amend or modify the Rejection Procedures Order, including the Rejection Procedures specified therein.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2016

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

4