IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| QUIKSILVER, INC., *et al.*,[1] | ) ) ) | Case No. 15-11880 (BLS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) ) ) ) ) | **Hearing Date: January 27, 2016 at 9:30 a.m. (ET) [Proposed]**<br>**Objection Deadline: January 26 at 12:00 noon (ET) [Proposed]** |

### MOTION OF OAKTREE CAPITAL MANAGEMENT TO FILE UNDER SEAL THE REPLY IN SUPPORT OF MOTION OF OAKTREE CAPITAL MANAGEMENT FOR ENTRY OF AN ORDER (I) DETERMINING THE DIMINUTION IN VALUE OF THE SECURED NOTES PARTIES' COLLATERAL, AND (II) GRANTING RELATED RELIEF

Certain funds managed by affiliates of Oaktree Capital Management, L.P. (collectively, "Oaktree"),[2] by and through their undersigned counsel, hereby move (the "Motion to Seal") this Court for entry of an order, pursuant to section 107(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing Oaktree to file a redacted version of the *Reply in Support of Motion of Oaktree Capital Management for Entry of an Order (I) Determining the Diminution in Value of the Secured Notes Parties' Collateral, and (II) Granting Related Relief*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), QS Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Reply (defined below).

(the "Reply"), filed contemporaneously herewith, (b) authorizing Oaktree to file under seal (i) an unredacted version of the Reply and (ii) the supplemental expert report (as it may be amended, the "Supplemental Houlihan Report") of David R. Hilty from Houlihan Lokey Capital, Inc. ("Houlihan"), attached as Exhibit A to the Reply, and (c) granting such other and further relief as the Court deems just and proper. In support of this Motion to Seal, Oaktree respectfully represents as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 107(b)(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## FACTS RELEVANT TO THIS MOTION

3. On September 9, 2015 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors cases have been jointly administered under Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial official committee of unsecured creditors (the "Committee") [Docket No. 129]. On September 28, 2015, the U.S. Trustee filed

an *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 163], appointing two additional creditors to the Committee. No trustee or examiner has been appointed in these chapter 11 cases.

5. On December 4, 2015, the Court entered an order (a) approving the adequacy of the Second Amended Disclosure Statement with Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 533] (the "Disclosure Statement") related to the Second Amended Joint Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 532] (as hereafter supplemented, amended, or otherwise modified from time to time, and including all appendices, exhibits, schedules, and supplements thereto, the "Plan"), and (b) authorizing the Debtors to solicit acceptances or rejections of the Plan [Docket No. 529]. The hearing to consider confirmation of the Plan is scheduled to commence on January 27, 2016.

6. On December 17, 2015, the Court entered the *Scheduling Order* [Docket No. 576], which sets certain deadlines relating to the anticipated contested hearing on the confirmation of the Plan. The Scheduling Order provides, in relevant part, that "Oaktree shall serve any expert reports in support of its diminution in value motion . . . on or before 5:00 p.m. EDT on December 29, 2015." Scheduling Order, ¶ 4. The Scheduling Order further provides that "[t]he Plan Confirmation Hearing, including a hearing on Oaktree's diminution in value motion, shall occur between January 27-29, 2016 . . . ." Scheduling Order, ¶¶ 8, 16.

7. On December 29, 2015, Oaktree filed the *Motion of Oaktree Capital Management for Entry of an Order (I) Determining the Diminution in Value of the Secured Notes Parties' Collateral, and (II) Granting Related Relief* [D.I. 599] (the "Motion"), which

3

attached the expert report (the "Houlihan Report") of David R. Hilty from Houlihan Lokey Capital, Inc. ("Houlihan") as Exhibit B to the Motion.

8. The Houlihan Report contains confidential information concerning the Debtors' business operations and assets. The Motion references certain portions of the Houlihan Report. Thus, contemporaneously with its filing of the Motion, Oaktree filed a motion to seal the Motion and Houlihan Report [D.I. 598].

9. As discussed in further detail in the Motion, Oaktree filed the Motion in connection with confirmation of the Plan and, more specifically, by the Motion, Oaktree seeks a determination of the amount of the Diminution in Value Claim under the Final DIP Order.

10. On January 14, 2016, the Official Committee of Unsecured Creditors (the "Committee") filed the *Objection of the Official Committee of Unsecured Creditors to Motion of Oaktree Capital Management for Entry of an Order (I) Determining the Diminution in Value of the Secured Notes Parties' Collateral, and (II) Granting Related Relief* [D.I. 664] (the "Objection").

11. Oaktree is filing the Reply in further support of the Motion and to respond to the arguments raised by the Committee in the Objection. The Supplemental Houlihan Report is attached to the Reply as Exhibit A, and similarly contains confidential information concerning the Debtors' business operations and assets. The Reply references certain portions of the Supplemental Houlihan Report.

**RELIEF REQUESTED**

12. By this Motion to Seal, Oaktree respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing Oaktree to file a redacted version of the Reply, (b) authorizing Oaktree to file under seal (i) an unredacted version

4

of the Reply and (ii) the Supplemental Houlihan Report, and (c) granting such other and further relief as the Court deems just and proper.

13. Oaktree will provide an unredacted copy of the Reply and the Supplemental Houlihan Report on a confidential basis to counsel to the Debtors, the Committee and U.S. Trustee.

## BASIS FOR RELIEF REQUESTED

14. The relief requested by Oaktree is authorized under sections 105(a) and 107(b) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect entities from potential harm that may result from the disclosure of certain confidential, commercial or proprietary information. Section 107(b) reads, in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).

15. Furthermore, Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. This Court has previously described "commercial information" as "information which would result in 'an unfair

advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

16. In addition, Local Rule 9018-1(b) requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b). Nonetheless, a party filing such a motion is not required to demonstrate "good cause" to file the document under seal. Rather, if the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

17. As noted above, the Supplemental Houlihan Report contains confidential information concerning the Debtors' business operations and assets, which the Debtors likely consider commercially sensitive information covered under section 107(b)(1) of the Bankruptcy Code and the Reply references such confidential information. However, this information is essential for Oaktree to be able to fully and fairly present the Reply and its case on its Diminution in Value Claim. Indeed, the Supplemental Houlihan Report represents the findings and opinions of Houlihan, and Oaktree relies upon those findings and opinions in the Reply and intends to rely upon the Supplemental Houlihan Report at the hearing on the Motion.

18. Accordingly, Oaktree seeks to file an unredacted version of the Reply and the Supplemental Houlihan Report under seal to comply with its obligations under the Local Rules and to protect any of the Debtors' commercially sensitive information.

## NOTICE

19. Notice of this Motion to Seal will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to

the Debtors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Oaktree submits that no other or further notice is necessary or need be given.

## CONCLUSION

WHEREFORE, Oaktree respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested in this Motion to Seal and (ii) granting such other and further relief as may be just and proper.

Wilmington, Delaware  
Dated: January 20, 2016

*/s/ Andrew R. Remming*  
Robert J. Dehney (No. 3578)  
Andrew R. Remming (No. 5120)  
**MORRIS NICHOLS ARSHT & TUNNELL LLP**  
1201 North Market Street, 16th Floor  
P.O. Box 1347  
Wilmington, Delaware 19899-1347  
Telephone:   (302) 658-9200  
Facsimile:   (302) 658-3989  
Email:   rdehney@mnat.com  
   aremming@mnat.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)  
Ross M. Kwasteniet (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone:   (312) 862-2000  
Facsimile:   (312) 862-2200  
Email:   patrick.nash@kirkland.com  
   ross.kwasteniet@kirkland.com

*Counsel to Oaktree*

9787258.1