IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| QUIKSILVER, INC., *et al.*,[1] | ) ) ) | Case No. 15-11880 (BLS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) |

**MOTION OF OAKTREE CAPITAL MANAGEMENT FOR AN ORDER
PURSUANT TO 11 U.S.C. §§ 102(1) AND 105(A), FED. R. BANKR. P.
9006 AND DEL. BANKR. L.R. 9006-1(E) SHORTENING NOTICE OF
THE MOTION TO FILE UNDER SEAL THE REPLY IN SUPPORT OF
MOTION OF OAKTREE CAPITAL MANAGEMENT FOR ENTRY OF
AN ORDER (I) DETERMINING THE DIMINUTION IN VALUE OF
THE SECURED NOTES PARTIES' COLLATERAL,
AND (II) GRANTING RELATED RELIEF**

Certain funds managed by affiliates of Oaktree Capital Management, L.P. (collectively, "Oaktree"),[2] by and through their undersigned counsel, hereby move (the "Motion to Shorten") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening the time for notice of and objections to the *Motion of Oaktree Capital*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), QS Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Reply (defined below).

*Management to File Under Seal the Reply in Support of Motion of Oaktree Capital Management for Entry of an Order (I) Determining the Diminution in Value of the Secured Notes Parties' Collateral, and (II) Granting Related Relief* (the "Seal Motion").[3]  In support of this Motion to Shorten, Oaktree respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## BACKGROUND

3. On September 9, 2015 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors cases have been jointly administered under Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the initial official committee of unsecured creditors (the "Committee") [Docket No. 129].  On September 28, 2015, the U.S. Trustee filed an *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 163],

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Seal Motion.

appointing two additional creditors to the Committee. No trustee or examiner has been appointed in these chapter 11 cases.

5. On December 4, 2015, the Court entered an order (a) approving the adequacy of the Second Amended Disclosure Statement with Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 533] (the "Disclosure Statement") related to the Second Amended Joint Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 532] (as hereafter supplemented, amended, or otherwise modified from time to time, and including all appendices, exhibits, schedules, and supplements thereto, the "Plan"), and (b) authorizing the Debtors to solicit acceptances or rejections of the Plan [Docket No. 529]. The hearing to consider confirmation of the Plan is scheduled to commence on January 27, 2016.

6. On December 17, 2015, the Court entered the *Scheduling Order* [Docket No. 576], which sets certain deadlines relating to the anticipated contested hearing on the confirmation of the Plan. The Scheduling Order provides, in relevant part, that "Oaktree shall serve any expert reports in support of its diminution in value motion . . . on or before 5:00 p.m. EDT on December 29, 2015." Scheduling Order, ¶ 4. The Scheduling Order further provides that "[t]he Plan Confirmation Hearing, including a hearing on Oaktree's diminution in value motion, shall occur between January 27-29, 2016 . . . ." Scheduling Order, ¶¶ 8, 16.

7. On December 29, 2015, Oaktree filed the *Motion of Oaktree Capital Management for Entry of an Order (I) Determining the Diminution in Value of the Secured Notes Parties' Collateral, and (II) Granting Related Relief* [D.I. 599] (the "Motion").

3

8. On January 14, 2016, the Official Committee of Unsecured Creditors (the "Committee") filed the *Objection of the Official Committee of Unsecured Creditors to Motion of Oaktree Capital Management for Entry of an Order (I) Determining the Diminution in Value of the Secured Notes Parties' Collateral, and (II) Granting Related Relief* [D.I. 664] (the "Objection").

9. Contemporaneously with the filing of this Motion to Shorten, Oaktree filed the Seal Motion and the *Reply in Support of Motion of Oaktree Capital Management for Entry of an Order (I) Determining the Diminution in Value of the Secured Notes Parties' Collateral, and (II) Granting Related Relief* (the "Reply").

10. A hearing on the Motion is scheduled for January 27, 2016 at 9:30 a.m. (ET) (the "Hearing").

**RELIEF REQUESTED**

11. By this Motion to Shorten, Oaktree respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Seal Motion; (ii) scheduling the Seal Motion to be heard at the Hearing; (iii) requiring objections, if any, to the Seal Motion to be filed by January 26, 2016 at 12:00 noon (ET); and (iv) granting such other relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

12. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1).

13. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9787305.2

14.     Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."  Del. Bankr. L.R. 9006-1(c). According to Local Rule 9006-1(e), however, the notice period may be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

15.     Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

16.     Oaktree respectfully submits that shortening notice of the Seal Motion is appropriate under the circumstances.  The Reply attaches the supplemental expert report (as it may be amended, the "Supplemental Houlihan Report") of David R. Hilty from Houlihan Lokey Capital, Inc. ("Houlihan"), attached as Exhibit A.  Without the Court's consideration of the Seal Motion at the Hearing, Oaktree will be unable to present the Court with the most complete record in support of the Motion and the Reply.  As such, Oaktree will be prejudiced if consideration of the Seal Motion is delayed until a later hearing date.

9787305.2

17.     Additionally, shortened notice will not unduly prejudice any other party in interest. The proposed deadline for objecting to the relief requested in the Seal Motion allows parties to object by 12:00 noon (ET) the day prior to the Hearing, giving any such parties sufficient time and notice to review and formulate a response, if any.

18.     For the foregoing reasons, Oaktree respectfully submits that shortening notice of the Seal Motion is appropriate under the circumstances.

## NOTICE

19.     Notice of this Motion to Shorten has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Oaktree submits that no other or further notice is necessary or need be given.

## CONCLUSION

WHEREFORE, Oaktree respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in this Motion to Shorten; and (ii) granting such other and further relief as may be just and proper.

| | |
|---|---|
| Wilmington, Delaware<br>Dated:  January 20, 2016 | */s/ Andrew R. Remming*<br>Robert J. Dehney (No. 3578)<br>Andrew R. Remming (No. 5120)<br>**MORRIS NICHOLS ARSHT & TUNNELL LLP**<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:   (302) 658-9200<br>Facsimile:    (302) 658-3989<br>Email:          rdehney@mnat.com<br>                      aremming@mnat.com<br><br>- and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                      ross.kwasteniet@kirkland.com<br><br>*Counsel to Oaktree* |

9787305.2