**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

In re:                        :      Chapter 11
                :

QUIKSILVER, INC., *et al.*,      :      Case No. 15-11880 (BLS)
                :

          Debtors.[1]     :      Jointly Administered
                :

                :      **Related Docket No. 711**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x      **Hrg. Date:  1/27/2016 @ 9:30 a.m. (Eastern)**

**DEBTORS' MOTION FOR ORDER AUTHORIZING THE DEBTORS TO**
**EXCEED THE PAGE LIMITATION FOR THE DEBTORS' MEMORANDUM OF LAW**
**(I) IN SUPPORT OF CONFIRMATION OF THE PLAN OF REORGANIZATION OF**
**THE DEBTORS AND (II) IN RESPONSE TO OBJECTIONS THERETO**

        Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-

Debtor affiliates, "Quiksilver" or the "Company"), hereby move (the "Motion") the Court for

entry of an order, pursuant to Rule 7007-2 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Bankruptcy Rules"), authorizing the Debtor to exceed the page limitation for the Debtors'

Memorandum of Law (i) in Support of Confirmation of the Plan of Reorganization of the

Debtors and (ii) in Response to Objections Thereto (the "Confirmation Brief"). filed

contemporaneously herewith.  In support of the Motion, the Debtors respectfully state as follows:

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors'
corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and this Motion in this district is proper under 28 U.S.C.  §§ 1408 and 1409.

2.      The legal predicate for the relief requested herein is Local Bankruptcy Rule 7007-2.

3.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

### A.      The Chapter 11 Cases

1.      On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  These Chapter 11 Cases are jointly administered.

2.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee.  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

5.     Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products.  The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities.  The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites.  The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

B.     **The Plan Process**

6.     Prior to the Petition Date, the Debtors entered into that certain Plan Sponsor Agreement (the "PSA") with certain funds managed by affiliates of Oaktree Capital Management (collectively, the "Plan Sponsor").  In accordance with the PSA, on October 13, 2015, the Debtors filed the Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 292].  On October 30, 2015, the Debtors filed their Disclosure Statement With Respect to the Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 396] (as amended, the "Disclosure Statement") and the Debtors' Motion for Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement, (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Proposed Plan

of Reorganization, (C) Approving the Form of Various Ballots and Notices in Connection

Therewith, and (D) Scheduling Certain Dates With Respect Thereto [Docket No. 397] (the

"Solicitation Procedures Motion").

7.     On December 4, 2015, the Debtors filed their second amended Plan

[Docket No. 526] (the "Second Amended Plan" and, as it may be further modified or amended,

the "Plan") and Disclosure Statement [Docket No. 527] (the "Second Amended Disclosure

Statement"), and the Court entered the Order (A) Approving The Adequacy Of The Debtors

Disclosure Statement; (B) Approving Solicitation And Notice Procedures With Respect To

Confirmation Of The Debtors Proposed Plan Of Reorganization; (C) Approving The Form Of

Various Ballots And Notices In Connection Therewith; And (D) Scheduling Certain Dates With

Respect Thereto [Docket No. 529].

8.     On December 4, 2015, the Debtors filed their Notice Of (A) Approval Of

Adequacy Of Disclosure Statement, (B) Solicitation And Notice Procedures, (C) Objection And

Voting Deadlines, And (D) The Hearing To Confirm The Joint Chapter 11 Plan Of

Reorganization Of Quiksilver, Inc. And Its Affiliated Debtors And Debtors In Possession

[Docket No. 534] (the "Confirmation Hearing Notice").  A hearing to confirm the Plan (the

"Confirmation Hearing") is scheduled to commence on January 27, 2016 at 9:30 a.m. Eastern

Time.

## RELIEF REQUESTED

9.     By this Motion, the Debtors request that the Court enter an order,

substantially in the form attached, authorizing the Debtors to exceed the page limitation for the

Confirmation Brief.

**BASIS FOR RELIEF**

10.    This Court's General Chambers Procedures, dated June 30, 2011 (the "General Chambers Procedures"), provides that no briefs or memoranda in support of confirmation shall exceed 40 pages in length.  General Chambers Proc. at 3, § 2(a)(vi).  A brief or memoranda may, however, exceed 40 pages with leave of the court.  Del. Bankr. L.R. 7007-2. Although Local Bankruptcy Rule 7007-2, on its face, applies only to briefs filed in adversary proceedings, the General Chambers Procedures apply this rule to briefs in the main case and, explicitly, to briefs or memoranda in support of confirmation.  *See* General Chambers Proc. § 2(a)(vi).

11.    The Debtors respectfully submit that authority to exceed the page limitation prescribed by Local Bankruptcy Rule 7007-2 and the General Chambers Procedures in connection with the Confirmation Brief is reasonable and appropriate under the circumstances. The Confirmation Brief, as filed, is 68 pages in length, exclusive of tables of contents and authorities.  The Confirmation Brief (a) presents the Debtors' affirmative confirmation case by explaining the Plan's satisfaction of the numerous elements of sections 1123, 1125, 1126 and 1129 of the Bankruptcy Code; and (b) responds to the objections filed with respect to confirmation of the Plan.  Given the extensive background in these Chapter 11 Cases and the legal analysis required for the Debtors to explain the basis for confirmation of the Plan, along with rebutting the objections filed with respect thereto, it was necessary that the Confirmation Brief exceed the page limitations described above.

12.    Although the Debtors have made the Confirmation Brief as succinct as possible, in light of the complexity of the matters addressed by the Confirmation Brief, the Debtors cannot provide this Court with the information necessary for the full and fair

adjudication of the matters presented within the forty page limit. Accordingly, under the circumstances, the Debtors respectfully submit that there is more than ample justification for the relief requested herein.

## NOTICE

13.      Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agents and lenders under the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

14.      No prior request for the relief sought in this Motion has been made to this or any other Court.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto, granting the relief requested herein and such other relief as is just and proper.

Dated:  Wilmington, Delaware
        January 25, 2016

<div style="margin-left: 40%;">

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

</div>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
QUIKSILVER, INC., *et al.*,                                :    Case No. 15-11880 (BLS)
                                                           :
                               Debtors.[1]                 :    Jointly Administered
                                                           :
                                                           :    **Related Docket Nos. 711**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER AUTHORIZING THE DEBTORS TO EXCEED THE PAGE LIMITATION
FOR THE DEBTORS' MEMORANDUM OF LAW (I) IN SUPPORT OF
CONFIRMATION OF THE PLAN OF REORGANIZATION OF
THE DEBTORS AND (II) IN RESPONSE TO OBJECTIONS THERETO**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for an order (this "<u>Order</u>") authorizing the Debtors to exceed the page limitation for the Confirmation Brief, filed contemporaneously with the Motion; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and it appearing that the Debtors have demonstrated sufficient justification for approval of the relief requested by the Motion; and it appearing that such relief is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or Plan, as applicable.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED.

2.      The Debtors are authorized to exceed the page limit prescribed by Local Bankruptcy Rule 7007-2 and the General Chambers Procedures with respect to the Confirmation Brief.

3.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2016

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

2