IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

QUIKSILVER, INC., *et al.*,

                       Debtors.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 15-11880 (BLS)

Jointly Administered

Hrg. Date: Jan. 27, 2015 at 9:30 a.m. (Eastern)

Related Docket No. 715

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY
CODE SECTION 107(b), BANKRUPTCY RULE 9018, AND LOCAL
BANKRUPTCY RULE 9018-1(B) AUTHORIZING THE DEBTORS TO FILE
UNDER SEAL CERTAIN EXHIBITS TO THE DECLARATION OF DURC A. SAVINI
IN SUPPORT OF CONFIRMATION OF THE PLAN OF
<u>REORGANIZATION OF THE DEBTORS</u>**

Quiksilver, Inc. ("<u>ZQK</u>") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>" and, together with their non-Debtor affiliates, "<u>Quiksilver</u>" or the "<u>Company</u>") hereby move (the "<u>Motion to Seal</u>") this Court for entry of an order, pursuant to section 107(b) of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 9018-1(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9018-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), authorizing the Debtors to file under seal Exhibits A and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

B[2] (collectively, the "Confidential Expert Report Exhibits") to the Declaration of Durc A. Savini In Support of Confirmation of the Plan of Reorganization of the Debtors (the "Savini Confirmation Declaration"), filed concurrently herewith.[3] In support of this Motion to Seal, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion to Seal in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 107(b) of the Bankruptcy Code. The relief is further warranted under Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1(b).

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Seal if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

---

[2] Exhibit A to the Savini Confirmation Declaration (defined below) is the PJSC Report, and Exhibit B is the PJSC Rebuttal Report.

[3] Defined terms used but not otherwise defined herein have the meaning ascribed to them in the Savini Confirmation Declaration.

2

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. On December 4, 2015, the Court entered an order (a) approving the adequacy of the Second Amended Disclosure Statement with Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 533] (the "Disclosure Statement") related to the Second Amended Joint Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 532] (as hereafter supplemented, amended, or otherwise modified from time to time, and including all appendices, exhibits, schedules, and supplements thereto, the "Plan"), and (b) authorizing the Debtors to solicit acceptances or rejections of the Plan [Docket No. 529]. The hearing to consider confirmation of the Plan is scheduled to commence on January 27, 2016.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 20]. Additional background regarding the discovery process that the

Debtors engaged in with Oaktree and the Creditors' Committee in connection with the proposed confirmation of the Plan is set forth in the Savini Confirmation Declaration.

## RELIEF REQUESTED

9. By this Motion to Seal, the Debtors seek entry of an order, substantially in the form attached hereto, authorizing the Debtors to file the Confidential Expert Report Exhibits to the Savini Confirmation Declaration under seal, and directing that the Confidential Expert Report Exhibits remain under seal and confidential and shall not be made available to anyone, except for the Court, the United States Trustee, counsel to any statutory committee appointed in these Chapter 11 Cases, counsel to the agent for the Debtors' postpetition secured loan facilities (the "DIP Lenders"), and others only (a) at the discretion of the Debtors (subject to an appropriate non-disclosure agreement) or (b) upon further order of the Court.

## BASIS FOR RELIEF

9. Contemporaneously with the filing of this Motion to Seal, the Debtors filed the Savini Confirmation Declaration. The Savini Confirmation Declaration attaches the Confidential Expert Report Exhibits, which contain confidential information concerning the Debtors' business operations, assets, financial projections, and go-forward business plan. Such information is commercially sensitive information covered under section 107(b)(1) of the Bankruptcy Code. However, this information is essential for the Debtors to be able to fully and fairly present their case on contested valuation matters relating to the proposed Plan. Indeed, the Confidential Expert Report Exhibits represent the findings and opinions of the Debtors' experts, and the Debtors rely upon those findings and opinions in the Confirmation Brief and in reply to the objection filed by the Creditors' Committee, and also intend to rely upon them at the Confirmation Hearing.

10. For these reasons, among others, disclosure of the Confidential Expert Report Exhibits could adversely affect the Debtors and their estates. Moreover, the Confidential Expert Report Exhibits have already been or will be provided to the United States Trustee, counsel to the Creditors' Committee, and counsel to the DIP Lenders. As a result of the foregoing, the relief requested herein is warranted.

**APPLICABLE AUTHORITY**

10. Although the public has a common law "right of access to judicial proceedings and records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018; see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

11. In proceedings under title 11, the limits on the public's right of access are a matter of statute. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other

5

confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Courts in Delaware define commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the operations of the debtor.'" In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27-28 (2d Cir. 1994)).

13. In addition, Local Bankruptcy Rule 9018-1(b) requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b). Nonetheless, a party filing such a motion is not required to demonstrate "good cause" to file the document under seal. Rather, if the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27.

14. An order sealing commercial information is appropriate where the disclosure of the commercial information could "reasonably be expected to cause [] commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." See Alterra Healthcare, 353 B.R. at 75-76 (citations omitted); In re Mum Servs., Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that § 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (internal citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). See, e.g., Orion Pictures, 21 F.3d at 28 ("courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

6

15. Once a court determines that the information in question falls within one of the enumerated categories in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application. Id. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. See In re Global Crossing Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.")

16. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

17. The Debtors submit that good cause exists for the Court to grant the relief requested herein. The Confidential Expert Report Exhibits contain commercially sensitive and confidential information concerning the Debtors' business operations and assets. If such confidential information were made public, its disclosure would be to the detriment of the Debtors and their estates. In addition, the Confidential Export Report Exhibits have already been or will be provided to the United States Trustee, counsel to the Creditors' Committee, and counsel to the DIP Lenders.

18. Accordingly, based on the foregoing, the Debtors respectfully submit that the relief requested in this Motion to Seal should be granted.

**NOTICE**

19. Notice of this Motion to Seal will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition

secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002. Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief set forth herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
January 25, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Van C. Durrer*
Van C. Durrer, II (I.D. No. 3827)
Annie Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Dain A. De Souza (I.D. No. 5737)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 15-11880 (BLS) |
| QUIKSILVER, INC., *et al.*, | : | |
| | : | Jointly Administered |
| Debtors.[1] | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | Related Docket Nos. 711, 715, |

## ORDER UNDER BANKRUPTCY CODE SECTION 107(b), BANKRUPTCY RULE 9018, AND LOCAL BANKRUPTCY RULE 9018-1(B) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN EXHIBITS TO THE DECLARATION OF DURC A. SAVINI IN SUPPORT OF CONFIRMATION OF THE PLAN OF <u>REORGANIZATION OF THE DEBTORS</u>

Upon the motion (the "<u>Motion to Seal</u>")[2] of the Debtors for entry of an order (this "<u>Order</u>"), under Bankruptcy Code section 107(b), Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1(B), authorizing the Debtors to file under seal Exhibits A and B (the "<u>Confidential Expert Report Exhibits</u>") to the Savini Confirmation Declaration; and the Court having reviewed the Motion to Seal; and due and sufficient notice of the Motion to Seal having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested by the Motion to Seal is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Seal.

2

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1(b), the Debtors are authorized to file the Confidential Expert Report Exhibits under seal.

3. The Confidential Expert Report Exhibits shall remain under seal, confidential, and not made available to anyone, except for the (i) Court, (ii) the Office of the U.S. Trustee for the District of Delaware, (iii) counsel to any statutory committee appointed in these Chapter 11 Cases, (iv) counsel to the DIP Lenders, and (v) others only (a) at the discretion of the Debtors (subject to an appropriate non-disclosure agreement) or (b) upon further order of the Court.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware
_____, 2016

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE