IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                                       :   Chapter 11
                                                             :
QUIKSILVER, INC., et al.                                     :   Case No. 15-11880 (BLS)
                                                             :
                        Debtors.[1]                          :   (Jointly Administered)
                                                             :
                                                             :   Obj. Deadline: March 2, 2016 at 4:00 p.m.
                                                             :   Hearing Date: March 9, 2016 at 9:30 a.m.
------------------------------------------------------------x

## MOTION OF FORMER EMPLOYEES FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

Nicholas Drake, Christina G. Rice, Liam Devoy, Anda Druva, Steve Finney, Scott Fullerton, Pamela Gobright, John Graham, Kelley C. Graham, Brad Holman, Kristina Kastelan, Kelley Ketner, Jennifer Kutsch, Viki Love, Kerstin N. Mazzone, Andrew P. Mooney, Carol Nielsen, Robert Oberschelp, Joe O'Neil, Natalie Rigolet, Chris Schreiber, Lance Stern, Steve Swokowski, Roberta Turchi, Alan Vickers, and Thomas Webster, on their own behalf and on behalf of all similarly-situated terminated former employees ("**Former Employees**") of the above-captioned debtors, Quiksilver, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**"), hereby submit their motion ("**Motion**") for the entry of an order pursuant to 11 U.S.C. § 503(b)(1)(A) allowing their administrative expense priority claim against the Debtors in the amount of at least $7,291,946.65, plus all other amounts class members are entitled to, estimated to be at least an additional $3,000,000 (collectively, the "**503(b)(1)(A) Claim**"). In support hereof, the Former Employees respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).

1

## GENERAL BACKGROUND

1.        On September 9, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "**Bankruptcy Code**"). On September 10, 2015, the Court entered an order providing for the joint administration of the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2.        On December 1, 2015, the Court entered an amended first omnibus order pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014 Authorizing Rejection of Certain Contracts (Docket No. 513) ("**Separation Agreement Order**") establishing February 2, 2016 (60 days after December 1, 2015) as the deadline for Former Employees to file their claim (the "**Employee Bar Date**"). The Separation Agreement Order also established February 2, 2016 as the last day for Former Employees to assert a request for administrative claim.

## BACKGROUND RELATED TO CLAIM

3.        On or about November 23, 2015, Former Employees filed precautionary proofs of claim, asserting amounts owed, and reserving rights, as well as asserting a class proof of claim (collectively, the "**Proof of Claims**") against the Debtors on a precautionary basis.

4.        The 503(b)(1)(A) Claim, is for the value of services provided by Former Employees pre-petition for negotiated separation benefits. The Former Employees 503(b)(1)(A) Claim is entitled to administrative expense priority pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

5.        The separation agreements and demonstrative graphic demonstrating Former Employees' entitlement to an allowed claim under section 503(b)(1)(A) of the Bankruptcy Code, are included in the Declaration of Blake J. Lindemann ("**Lindemann Decl.**"). The represented Former Employees are owed at least $7,291,946.65.

6. The Debtors have not paid the 503(b)(1)(A) Claim. All amounts on account of the 503(b)(1)(A) Claim remain due and owing.

## JURISDICTION AND VENUE

7. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicate for the relief sought herein is section 503(b)(1)(A) of the Bankruptcy Code.

## REQUEST FOR RELIEF

9. Former Employees respectfully request the entry of an order allowing the Former Employees' 503(b)(1)(A) Claim against Debtor in the amount of $48,229.75 as an administrative expense priority claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

## BASIS FOR RELIEF

A. **The Court Should Allow Former Employees An Administrative Claim For Services And Amounts Owed By The Debtors**

10. 11 U.S.C. § 503(b)(1)(A) provides an administrative claim includes the "actual, necessary costs and expenses of preserving the estate including:

> (i) wages, salaries, and commissions for services rendered after the commencement of the case; and
>
> (ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of

nonpayment of domestic support obligations, during the case under this title.

U.S.C. § 503(b)(1)(A) (emphasis added).

11. Courts have ruled that sub-sections (i) and (ii) of Section 503(b)(1)(A) are not disjunctive and that an administrative claimant need *not* meet both subsections. *In re Powermate Holding Corp.*, 394 B.R.765, 776 (Bankr. D. Del. 2008); *In re Philadelphia Newspapers, LLC*, 433 B.R. 164, 173–74 (Bankr. E.D. Pa. 2010).

12. Given the amendment in BAPCPA to add sub-section (ii) and thus, add a species of claims in addition to claims for "services rendered after the commencement of the case," Congress had the intent to expand allowable administrative claims for services rendered prior to the petition date. In addition, the term "includes" in the preamble of Section 503(b)(1)(A) implies that such actual, necessary costs and expense are not the totality of claims that may be deemed an administrative claim under this statute. Third, the inclusion of the term "benefits" in subsection (ii) also implies a broader import and greater scope to the BAPCPA amendments, and additional claims that may be classified as administrative claims.

13. Two Courts (in addition to *Philadelphia Newspapers*) have held that the addition of subsection (ii) "vitiates" the emphasis on a benefit to the estate, "allowing for administrative expense claims when the claimant did not necessarily provide a concrete benefit to the estate." In other words, such claimants are entitled to administrative claims even if their employment services were rendered in the pre-petition period only. *In re Truland*, Adv. Proc. No. 14-01136 (Bankr. E.D. Vir. November 26, 2014); *Long Ridge Operating Co.*, 505 B.R. 163 (Bankr. D.N.J. 2014). *Truland* held that *Powermate's* focus on vesting cannot be squared with the "**without regard to the time**" language of Section 503(b)(1)(A). Thus, *Philadelphia Newspapers, Long Ridge, and Truland* support the proposition that an employment claim can be asserted based on services that were rendered pre-petition.

14. The separation agreements entered pre-petition have not been rejected. (Separation

Agreement Order, Dkt. No. 513). The Separation Agreements cannot be rejected because they are not executory contracts. This Court has held that confidentiality provisions do not arise to the materiality necessary to render such agreements executory contracts, and thus, such contracts are not capable of rejection. *LG Philips Displays U.S.A, Inc.*, 2006 WL 1748671 (Bankr. D. Del. June 21, 2006) (Hon. Brendan Shannon). All amounts that accrue on a contract during the post-petition period are administrative expenses. *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010).

15. Under California law, the law applicable to the Debtors' employment relationship with Former Employees, separation pay is deemed to be a wage. "Any part of a settlement or judgment that is considered compensation for lost income (*i.e.*, backpay, severance, front pay, unpaid overtime compensation constitute **wages**...." *In re Gerbec*, 164 F.3d 1015, 1026 (6th Cir. 1999) (emphasis added); *Chin et al., Cal. Practice Guide: Employment Litigation* (The Rutter Group 2014) ¶ 11:898; *Cifuente v. Costo Wholesale*, B247930 (Cal. App. 2nd Dist. 2015).

16. Simply, the severance payments requested by the Former Employees are "wages or benefits" (severance damages) to be "awarded" (bankruptcy claims proceeding) in a "judicial proceeding" (this bankruptcy Case) as a result of violation of state law (several breaches of contract) by the Debtor without regard to time of occurrence of unlawful conduct (pre or post petition) whether any services were rendered (meaning no other services need be rendered). Finally, the payments to the Former Employees will not lead to the layoff of other employees under that same sub-section. Therefore, under 503(b)(1)(A)(ii), the Former Employees should be afforded an administrative claim in this claims allowance proceeding. Former Employees should be paid the amounts identified in the Lindemann Decl., in addition to any other amounts of those in the class.

B. **The Court Should Compel Immediate Payment Of Former Employees' 503(b)(1)(A) Claim**

17. "Courts have discretion to determine when an administrative expense will be paid." *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005) (*citing HQ Global Holdings, Inc.*, 282 B.R.

169, 173 (Bankr. D. Del. 2002)). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *Id.* at 20. There is no valid reason to defer payment of Former Employees 503(b)(1)(A) Claim.

18. For these reasons, the Court should compel immediate payment of CMS's allowed administrative expense claim.

## RESERVATION OF RIGHTS

19. Nothing herein shall be construed as a waiver or limitation on the rights of Former Employees to pursue any and all claims they hold against the Debtors, including, without limitation, the precautionary proofs of claim. The Former Employees hereby expressly reserve their right to assert additional claims against Debtors and their estates and to amend, modify, and/or supplement this request.

## CONCLUSION

**WHEREFORE**, Former Employees respectfully request that the Court enter an order (i) granting Former Employees an allowed administrative expense priority claim in the amount of $7,291,946.65, which claim is entitled to priority distribution pursuant to section 507(a)(2) of the Bankruptcy Code, and (ii) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 25, 2016

GELLERT SCALI BUSENKELL & BROWN, LLC

Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5812
Email: mbusenkell@gsbblaw.com

-and-

Blake J. Lindemann – Cal. Bar #255747
   (*admitted pro hac vice*)
Lindemann Law Firm
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: 310-279-5269
Facsimile: 310-300-0267
E-mail: blake@lawbl.com

-and-

Daren M. Schlecter – Cal. Bar #259537
   (*admitted pro hac vice*)
Law Office of Daren M. Schlecter, A Prof. Corp.
1925 Century Park East, Suite 830
Los Angeles, CA 90067
Telephone: 310-553-5747
Facsimile: 310-553-5487
E-mail:    daren@schlecterlaw.com

*Attorneys for Nicholas Drake, Christina G. Rice, Liam Devoy, Anda Druva, Steve Finney, Scott Fullerton, Pamela Gobright, John Graham, Kelley C. Graham, Brad Holman, Kristina Kastelan, Kelley Ketner, Jennifer Kutsch, Viki Love, Kerstin N. Mazzone, Andrew P. Mooney, Carol Nielsen, Robert Oberschelp, Joe O'Neil, Natalie Rigolet, Chris Schreiber, Lance Stern, Steve Swokowski, Roberta Turchi, Alan Vickers, and Thomas Webster on behalf of themselves and those similarly situated*