IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
QUIKSILVER, INC., et al.                        :    Case No. 15-11880 (BLS)
                                                :
                      Debtors.                  :    (Jointly Administered)
                                                :
                                                :    Related to Docket No. ____
------------------------------------------------------------x
```

**ORDER GRANTING MOTION OF FORMER EMPLOYEES FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

Upon consideration of the Motion of Nicholas Drake, Christina G. Rice, Liam Devoy, Anda Druva, Steve Finney, Scott Fullerton, Pamela Gobright, John Graham, Kelley C. Graham, Brad Holman, Kristina Kastelan, Kelley Ketner, Jennifer Kutsch, Viki Love, Kerstin N. Mazzone, Andrew P. Mooney, Carol Nielsen, Robert Oberschelp, Joe O'Neil, Natalie Rigolet, Chris Schreiber, Lance Stern, Steve Swokowski, Roberta Turchi, Alan Vickers, and Thomas Webster (the "Motion"); and any responses thereto; and it appearing that due and proper notice of the Motion has been given to all interested parties in this case; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is **GRANTED** in its entirety.

2. The following former employees of the Debtors are hereby granted an allowed administrative expense priority claim in the amounts set forth below pursuant to section 503(b)(1)(A) of the Bankruptcy Code, which claim is entitled to priority distribution pursuant to section 507(a)(2) of the Bankruptcy Code.

3. The Debtors are directed to pay the 503(b)(1)(A) Claim within 10 days entry of

this Order.

4. The administrative expense priority of the claim granted herein shall be binding upon the Debtors, the Debtors' estates, any chapter 7 trustee or chapter 11 trustee, and any successors to any of the foregoing.

5. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated:_____

                                              THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE