**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| QUICKSILVER, INC., *et al.*,[1] | : | Case No. 15-11880 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**Obj. Deadline: 1/27/16 at 4 pm.**

**EP HOLDINGS, INC.'S OBJECTION TO DEBTORS' "NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED, OR ASSUMED AND ASSIGNED, AS APPLICABLE, PURSUANT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUICKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION"**

EP Holdings, Inc. ("Licensee"), by and through its undersigned counsel, hereby submits this objection ("Objection") to the *Notice of Cure Amount With Respect to Executory Contracts or Unexpired Leases to be Assumed, or Assumed and Assigned, as Applicable, Pursuant to the Second Amended Joint Chapter 11 Plan of Reorganization of Quicksilver, Inc. and Its Affiliated Debtors and Debtors in Possession* ("Assumption Notice") and requests a hearing be set if the dispute cannot be resolved. In support of its Objection, Licensee respectfully represents as follows:

**Objection to Proposed Assumption**

1. Licensee and Quicksilver, Inc. ("Debtor") entered into a License Agreement ("Agreement")[2] dated July 3, 2014 relating to Debtor's grant of a license for Licensee's use of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quicksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8495), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quicksilver Entertainment, Inc. (9667), and Quicksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] The License Agreement contains a confidentiality provision and is not attached hereto. The License Agreement will be provided to Debtors' counsel upon request to counsel for Licensee and, if necessary, to the Court for *in camera* review.

Debtor's name and trademark on USB flash drives. On or about January 21, 2016, Licensee received the Assumption Notice which sets forth that the Debtor intends to assume the Agreement.

2. Pursuant to Bankruptcy Code Section 365(b)(1)(A), in order to assume the Agreement, the Debtor must first cure any and all defaults under the Agreement. Licensee believes the Debtor is in default of the terms of the Agreement and is unable to cure such default. As such, Licensee requests the Court order the Agreement be rejected.

3. In particular, Licensee bargained for the value of Debtor's brand name in order to market and sell USB flash drives containing Debtor's name. Licensee believed that given the value in the brand, it would be able to sell the flash drives for a profit. In exchange, Licensee agreed to pay Debtor royalties for the use of the Debtor's name.

4. The events precipitating the Debtor's bankruptcy filing and its overall financial condition which has led to damage to its brand, combined with the Debtor's lack of support for the brand, however, has undermined the purpose and intent of the Agreement, making it impossible (or nearly impossible) to sell the USB flash drives. Licensee does not believe this non-monetary default can be cured and as such, asserts the Agreement must be rejected. In the alternative, Licensee would consent to assumption of the License if the minimum royalty guaranty provisions of the License are removed such that Licensee only is required to pay a royalty on what it actually sells without a fixed minimum.

5. Licensee files this Objection to protect and preserve all applicable rights. Licensee expressly reserves any and all rights and defenses not specifically discussed herein and to supplement this Objection.

**Prayer**

6. It should be noted that Licensee has reached out to Debtor to try to resolve these disputes by eliminating any guaranteed royalty fees owed by Licensee to Debtor under the Agreement. In the event the parties cannot reach a resolution, Licensee files this Objection out of an abundance of caution and respectfully requests the Court order the Agreement rejected and for such other and further relief as the Court deems just and proper.

Dated: January 27, 2016
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Julia Klein*
Frederick B. Rosner (DE #3995)
Scott J. Leonhardt (DE #4885)
Julia B. Klein (DE #5198)
824 N. Market Street, Suite 810
Wilmington, DE  19801
Telephone: (302) 777-1111
klein@teamrosner.com

-and-

**SHULMAN HODGES & BASTIAN LLP**
James C. Bastian, Jr.
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
jbastian@shbllp.com

*Counsel for EP Holdings, Inc.*