Form 210A (10/06)

# United States Bankruptcy Court
# District of Delaware

**In re:** QS Wholesale, Inc.,
**Case No.** 15-11881 Jointly Administered Under Case No. 15-11880

### NOTICE OF *PARTIAL* TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or **deemed filed** under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to **Rule 3001(e)(2)**, Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Name of Transferee:<br>**Fair Harbor Capital, LLC**<br>**As assignee of QPD International Inc.** | Name of Transferor:<br>**QPD International Inc.** |
| | Court Claim # (if known): 305 |
| | **AMOUNT OF CLAIM TRANSFERRED: $31,633.00** |
| | Invoice No(s):<br>(The ADMINISTRATIVE PORTION OF THE<br>$36,445.88 poc filed) |
| Name and Address where notices to transferee should be sent:<br><br>**Fair Harbor Capital, LLC**<br>**Ansonia Finance Station**<br>**PO Box 237037**<br>**New York, NY  10023** | Name and Address of Transferor:<br><br>QPD International Inc.<br>1ST FL. NO. 7, ALY. 8, LN. 117<br>JIANGNAN ST., NEIHU DIST.,<br>Taipei, TAIWAN  11473 |
| Phone:    212 967 4035<br>Last Four Digits of Acct #:      n/a | Phone:<br>Last Four Digits of Acct. #:    n/a |

Name and Address where transferee payments should be sent (if different from above):

Phone:              n/a
Last Four Digits of Acct #:         n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:          /s/*Fredric Glass*                                        Date:      January 27, 2016
           Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## District of Delaware

**In re:** QS Wholesale, Inc.,
**Case No.** 15-11881 Jointly Administered Under Case No. 15-11880

### NOTICE OF *PARTIAL* TRANSFER OF CLAIM OTHER THAN FOR SECURITY

**Claim No. 305 (if known)**
was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on January 27, 2016.

| Name of Transferee: | Name of Alleged Transferor: |
|---|---|
| Fair Harbor Capital, LLC  As assignee of QPD International Inc.] | QPD International Inc. |

**Fair Harbor Capital, LLC**
**Ansonia Finance Station**
**PO Box 237037**
**New York, NY  10023**

Name and Address of Alleged Transferor:

QPD International Inc.
1ST FL. NO. 7, ALY. 8, LN. 117
JIANGNAN ST., NEIHU DIST.,
Taipei, TAIWAN  11473

### DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised the this Notice of Transfer of Claim Other than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objection must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                    _____
                                                                                    Clerk of the Court

United States Bankruptcy Court, District of Delaware
-------------------------------------------------------X
In re:                                                  :   Chapter 11
    QS Wholesale, Inc., et al.,                    :   Case No. 15-11880, et al.
        Debtor.                                  :   Administrative Amount $31,633.00
-------------------------------------------------------X

### TRANSFER OF ADMINISTRATIVE CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE

PLEASE TAKE NOTICE that the ADMINISTRATIVE claim of **QPD INTERNATIONAL** ("Transferor") against the Debtor(s) in the amount of **$31,633.00**, as filed by the Transferor, and all claims (including without limitation the Proof of Claim, if any, identified below and Transferor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim) of Transferor have been transferred and assigned other than for security to Fair Harbor Capital, LLC ("Transferee") in consideration of the sum c.

The signature of the Transferee on this TRANSFER OF ADMINISTRATIVE CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE is evidence of the Transfer of the claims and all rights and benefits of Transferor relating to the Claim. The Claim is based on amounts owed to Transferor by Debtor and this transfer shall be deemed an absolute and unconditional transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Please note that Fair Harbor Capital, LLC is not obligated to file any application, motion, Proof of Claim or other document with the Bankruptcy Court with regard to your claim.

I, the undersigned Transferor of the above-described claims, hereby assign and transfer my ADMINISTRATIVE claims and all rights there under to the Transferee upon terms as set forth in cover letter received. I represent and warrant that the claim is a valid administrative claim as defined by the Bankruptcy Code and not less than $31,633.00 and has not been previously objected to, sold, or satisfied. Upon notification by Transferee, I agree to reimburse Transferee a pro-rata portion of the purchase price if the claim is reduced, reclassified, objected to, or disallowed in whole or part by the Debtor, the Court, or any other party and Transferor represents and warrants that there are no offsets or defenses or preferential payments that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. If Transferor fails to negotiate the distribution check on or before ninety (90) days after issuance of such check, then Transferee shall void the distribution check, the amount of cash attributable to such check shall be deposited in Transferee's bank account, and Transferor shall be automatically deemed to have waived its Claim.

A Proof of Claim Has in the amount of $31,633.00 been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Transferee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Transferor is hereby deemed to sell to Transferee, and, at Transferee's option only, Transferee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Transferee shall remit such payment to Transferor upon Transferee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

I, the undersigned Transferor hereby authorize Transferee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Transferee performs its due diligence on the Claim. Transferee, at its sole option, may subsequently transfer the Claim back to Transferor if due diligence is not satisfactory, in Transferee's sole and absolute discretion pursuant to Rule 3001 (e) of the FRBP. In the event Transferee transfers the Claim back to Transferor or withdraws the transfer, at such time both Transferor and Transferee release each other of all and any obligation or liability regarding this Assignment of Claim. Transferor hereby acknowledges and consents to all of the terms set forth in this Transfer of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. Transferor hereby acknowledges that Transferee may at any time reassign the Claim, together with all right, title and interest of Transferee in and to this Transfer of Claim. All representation and warranties made herein shall survive the execution and delivery of this Transfer of Claim and any such re-assignment. Other than stated above, Transferee assumes all risks associated with debtor's ability to distribute funds. Transferor agrees to deliver to Fair Harbor Capital, LLC any correspondence or payments received subsequent to the date Transferee signs this agreement. The clerk of the court is authorized to change the address regarding the claim of the Transferor to that of the Transferee listed below.

This Transfer of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Transferor consents to and confers personal jurisdiction over Transferor by such court or courts and agrees that service of process may be upon Transferor by mailing a copy of said process to Transferor at the address set forth in this Assignment of Claim, and in any action hereunder Transferor waives the right to demand a trial by jury. Transferor acknowledges that, in the event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Transferee has paid for the Claim, Transferor shall immediately remit to Transferee all monies paid by Transferee in regard to the Claim and ownership of the Claim shall revert back to Transferor.

| TRANSFEROR: | TRANSFEREE: |
|---|---|
| QPD INTERNATIONAL | Fair Harbor Capital, LLC |
| KENNY 3Fl, No. 381 Yangguang St. | 1841 Broadway, 10th Fl, New York, NY 10023 |
| Taipei, TPE 00114 | |
| Taiwan | |
| Print Name: JANE PA   Title: MANAGING DIRECTOR | Signature: [signed] |
| Signature: [signed]   Date: 12/22/2015 | Fred Glass, Member Fair Harbor Capital, LLC |
| Updated Address (If Changed): | Victor [signed] |
| Phone: _____ Fax: _____ | |