IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
QUIKSILVER, INC., *et al.*,               :    Case No. 15-11880 (BLS)
                                          :
                        Debtors.[1]       :    Jointly Administered
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF UNEXPIRED LEASES  TO BE ASSUMED PURSUANT TO THE THIRD
AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER,
INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION
AND CURE AMOUNT WITH RESPECT THERETO**

**PLEASE TAKE NOTICE THAT:**

On January 28, 2016, the Bankruptcy Court for the District of Delaware held a hearing (the "Hearing") in these cases with respect to the proposed confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and Its Affiliated Debtors and Debtors in Possession [Docket No. 731] (the "Plan").[2]

In accordance with the Plan and the procedures discussed with counsel to Boulevard Invest, LLC and Campbell Hawaii Investor LLC at the Hearing, the Debtors hereby provide notice of their intent to assume the Unexpired Leases set forth on Exhibit 1 hereto (the "Assumed Leases").

1.      Notice of Assumption:  The Debtors hereby provide notice (this "Notice") of their intent to assume the unexpired leases, as listed on Exhibit A hereto (the "Assumed Leases"), as of the Effective Date.  Each of the Assumed Leases listed on Exhibit A includes any and all amendments, restatements or revisions thereto.  Assumption of such Assumed Leases includes assumption of such amendments, restatements or revisions.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

2.      <u>Notice of Cure Amount</u>:  Within 30 days following the occurrence of the Effective Date or as soon as reasonably practicable thereafter, the Reorganized Debtors or their assignee, as applicable, shall pay in cash the amount, if any, necessary to cure any defaults of any of the Debtors under the Assumed Leases according to the Debtors' books and records, or on such other terms as may be ordered by the Bankruptcy Court or agreed upon by the parties to the applicable Assumed Leases without any further notice to or action, order, or approval of the Bankruptcy Court.  Such amount is set forth on <u>Exhibit A</u> hereto (the "<u>Cure Amount</u>") as to each Assumed Lease.  The Debtors will continue to pay all postpetition amounts owing under the Assumed Leases until the assumption of the Assumed Leases.  The Debtors' records reflect that, other than the Cure Amounts, there are no other defaults under the Assumed Leases.

3.      <u>Objecting to the Proposed Assumption or Cure Amount</u>:  Each non-Debtor party to an Assumed Lease shall have until **February 11, 2016 at 4:00 p.m. (prevailing Eastern time) (the "<u>Cure Objection Deadline</u>")** to file an objection (a "<u>Cure Objection</u>") to (a) the proposed assumption of the applicable Assumed Lease (and must state in the objection, with specificity, the legal and factual basis of its objection) and/or (b) the Cure Amount (and must state in its objection, with specificity, alleged alternative Cure Amount and include invoices and other appropriate documentation in support thereof).  If no objection is timely received, (x) the non-Debtor parties to the Assumed Leases shall be deemed to have consented to the assumption of the Assumed Leases and shall be forever barred from asserting any objection with regard to such assumption, and (y) the proposed Cure Amount shall be controlling, notwithstanding anything to the contrary in any applicable Assumed Lease or other document as of the date of the filing of the Plan, and the non-Debtor party to an Assumed Lease shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting, collecting, or seeking to collect any additional amounts relating thereto against the Debtors or the Reorganized Debtors, or the property of any of them.  Objections, if any, to the proposed assumption and/or Cure Amount must be in writing, filed with the Bankruptcy Court and served in hard-copy form <u>so that they are actually received</u> by the Cure Objection Deadline by the following parties: (collectively, the "<u>Notice Parties</u>"): (i) Quiksilver, Inc., 5600 Argosy Circle, Huntington Beach, CA 92649, Attn: Linnsey Caya; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, Attn: Van C. Durrer, II and Annie Li and Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, Wilmington, DE 19801, Attn: Dain De Souza and Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Suite 2700, Chicago, IL 60606, Attn: John K. Lyons and Jessica Kumar; (iii) counsel to the Plan Sponsor,[3] Kirkland & Ellis LLP, 300 N. LaSalle Street, Chicago, IL 60654, Attn: Patrick J. Nash, Jr. and Ross M. Kwasteniet and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Robert J. Dehney and Andrew R. Remming; (iv) counsel to the Official Committee of Unsecured Creditors, Akin, Gump, Strauss, Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036, Attn: Michael S. Stamer, Abid Qureshi, and Meredith A. Lahaie and Pepper Hamilton, LLP, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19899, Attn: David B. Stratton, David M. Fournier, and John H. Schanne II; (v) to the extent not

---

[3]     As used herein, "<u>Plan Sponsor</u>" refers to certain funds managed by affiliates of Oaktree Capital Management which are party to the Plan Sponsor Agreement by and among the Debtors and the Plan Sponsor, dated as of September 8, 2015.

included in the foregoing, any party to the applicable Assumed Leases; (vi) any other parties in interest who are required to be given notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and (vii) the Office of the United States Trustee, J. Caleb Boggs Federal Bldg., 844 North King Street, Room 2207, Lockbox 35, Wilmington, DE 19801, Attn: Mark S. Kenney.

4.      Hearing with Respect to Objections:  If an objection to the proposed assumption and/or to the Cure Amount is timely filed and received in accordance with the procedures set forth in the preceding paragraph, and the parties do not reach a consensual resolution of such objection, a hearing with respect to such objection will be held at such time scheduled by the Bankruptcy Court or the Debtors or the Reorganized Debtors.

5.      Reservation of Rights:  Notwithstanding anything to the contrary herein or in the Plan, prior to the Effective Date, the Debtors, with the consent of the Plan Sponsor, may amend their decision with respect to the assumption of any executory contract or unexpired lease and provide a new notice amending the information provided in the applicable notice.  In the case of an executory contract or unexpired lease designated as an Assumed Lease that is the subject of a Cure Objection which has not been resolved prior to the Effective Date, the Debtors may designate such executory contract or unexpired lease for rejection at any time prior to the payment of the Cure Amount.

6.      No Admission. Neither the exclusion nor inclusion of any contract or lease on Exhibit A hereto, nor anything contained in the Plan or the Plan Supplement, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors, or any of their affiliates, have any liability thereunder. If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtors, with the consent of the Plan Sponsor, or the Reorganized Debtors, as applicable, shall have 45 days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

7.      Plan. The treatment of executory contracts and unexpired leases is more fully described in Article VII of the Plan and the Plan Supplement (as each may be amended).

[REMAINDER OF PAGE INTENTIONALLY BLANK]

**COPIES OF DOCUMENTS**

Any party in interest wishing to obtain information about the Plan or any documents filed in the above-captioned chapter 11 cases should (i) contact the Debtors' Voting Agent, Kurtzman Carson Consultants LLC, at **(877) 709-4757,** within the United States or Canada, or at **(424) 236-7235,** outside the United States or Canada, or at quiksilverinfo@kccllc.com or (ii) view such documents at the website maintained by the Debtors' Voting Agent, at **http://www.kccllc.net/quiksilver**.  All documents that are filed with the Court may be reviewed during regular business hours (9:00 a.m. to 4:00 p.m. weekdays, except legal holidays) at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.


Dated:          Wilmington, Delaware
                 January 28, 2016

                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                  /s/  *Van C. Durrer, II*
                                  Van C. Durrer, II (I.D. No. 3827)
                                  Annie Li
                                  300 South Grand Avenue, Suite 3400
                                  Los Angeles, California 90071
                                  Telephone: (213) 687-5000
                                  Fax: (213) 687-5600

                                  - and -

                                  Dain A. De Souza (I.D. No. 5737)
                                  One Rodney Square
                                  P.O. Box 636
                                  Wilmington, Delaware 19899-0636
                                  Telephone: (302) 651-3000
                                  Fax: (302) 651-3001

                                  - and -

                                  John K. Lyons
                                  Jessica Kumar
                                  155 N. Wacker Dr.
                                  Chicago, Illinois 60606
                                  Telephone: (312) 407-0700
                                  Fax: (312) 407-0411

                                  Counsel for Debtors and Debtors in Possession

# EXHIBIT A

**ASSUMED LEASES AND CURE AMOUNTS**

# Schedule of Assumed Contracts: Jan 28 Filing
### *Quiksilver, Inc. et. al.*

*Actual $ amounts*

| Debtor Name | Counterparty | Description | Cure Amount |
|---|---|---|---|
| QS Retail, Inc. | Boulevard Invest, LLC | Miracle Mile Lease | $39,407 |
| QS Retail, Inc. | Campbell Hawaii Investor LLC | Whalers Village Roxy Lease | $7,463 |
| QS Retail, Inc. | Campbell Hawaii Investor LLC | Whalers Village Quiksilver Lease | $0 |