IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| QUIKSILVER, INC., et al., | ) ) ) | Case No. 15-11880 (BLS) Jointly Administered |
| Debtors. | ) ) ) | Re: D.I. 720 |

**OBJECTION OF HP INVESTORS TO DEBTORS' PROPOSED CURE AMOUNT**

HP Investors (the "Landlord"), by and through its counsel, Kelley Drye & Warren LLP, hereby objects (the "Objection") to the Debtors' proposed cure amount for the assumption of the Landlord's lease for Gaslamp Square (the "Lease"). In support of the Objection, the Landlord respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Landlord disputes the Debtors' proposed cure amount (the "Proposed Cure Amount") for the Lease and the leased premises (the "Leased Premises"). The Landlord objects to the Debtors' cure amount listed on Schedule A-1 of the Debtors' Plan Supplement [D.I. 720]. Attached to this Objection as Exhibit A, the Landlord includes revised cure amounts (the "Revised Cure Amount").[1]

---

[1] In certain instances, the amounts reflected on Exhibit A are estimates which may change based on information not currently available. The Landlord reserves its rights to amend and supplement the amounts set forth on Exhibit A.

**BACKGROUND**

2.     The Landlord is the owner or managing agent for the owners of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlord pursuant to the Lease for the store identified in <u>Exhibit A</u>. The Leased Premises are located in a shopping center as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

**OBJECTION**

**I.     <u>THE DEBTORS' PROPOSED CURE AMOUNT IS INCORRECT</u>**

3.     The Landlord disputes the Debtors' Proposed Cure Amount, which the Landlord has included for reference on <u>Exhibit A</u> in the column entitled "Debtors' Cure Amount." The correct cure amounts for the Lease as of the date of the filing of this Objection is set forth on <u>Exhibit A</u> in the column entitled "Landlord's Cure Amount," which includes an estimate of attorneys' fees incurred to date and anticipated to be incurred during the remainder of the Debtors' cases. The Landlord reserves its rights to amend the cure claims to include attorneys' fees which continue to accrue and any other obligations that arise and/or become known to the Landlord prior to assumption of the Lease.

4.     Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, as well as a *pro rata* share of common area maintenance costs, real estate taxes, and insurance. In addition, prior to assumption of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code, to cure all outstanding defaults under the Lease and compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Lease are

compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary losses, the Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

5.     To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserve the right to amend the Revised Cure Amount to reflect such additional amounts or to account for year-end adjustments, including without limitation, adjustments for 2015 and 2016 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease. The Debtors or the Reorganized Debtors must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts were incurred.

6.     Finally, the Landlord requests that the Debtors and Reorganized Debtors be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which may have occurred before assumption but which were not known to either the Landlord or the Debtors as of the date of the assumption, including, but not limited to, claims for personal injury that occurred at the Leased Premises, damage and destruction to the Leased Premises or property by the Debtors or its agents, and environmental damage or environmental clean-up.

**CONCLUSION**

WHEREFORE, the Landlord requests the entry of an order requiring the Debtors to pay the "Landlord's Cure Amount" set forth on <u>Exhibit A</u> and granting such other and further relief as this Court deems just and proper.

Dated: February 8, 2016
      New York, New York

                        KELLEY DRYE & WARREN LLP

                        By: */s/ Gilbert R. Saydah Jr.*
                               Robert L. LeHane
                               Gilbert R. Saydah Jr. (DE Bar No. 4304)
                       101 Park Avenue
                       New York, New York 10178
                       Tel: 212-808-7800
                       Fax: 212-808-7897

                       Attorneys for HP Investors

## EXHIBIT A

## REVISED CURE AMOUNTS

| Property | Landlord | Debtors' Cure Amount | Landlord's Cure Amount |
|---|---|---|---|
| Gaslamp Square | HP Investors | $18,072.00 | $41,442.86 |