IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Quiksilver, Inc., *et al.*, | : Case No. 15-11880 (BLS) |
| | : |
| Debtors.[1] | : Jointly Administered |
| | : |
| | : Hrg. Date: Mar. 31, 2016 at 10:30 a.m. (Eastern) |
| | : Obj. Due: Feb. 22, 2016 at 4:00 p.m. (Eastern) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULES 6006 AND 9014 AUTHORIZING THE DEBTORS TO (I) ASSUME CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AS OF THE EFFECTIVE DATE OF THE DEBTORS' PLAN OF REORGANIZATION AND (II) PAY CERTAIN CURE AMOUNTS DUE THEREUNDER**

**PARTIES TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND ASSUMED CONTRACTS OR LEASES ON EXHIBITS 1 AND 2 TO THE PROPOSED ORDER.**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), hereby move ( the "Motion"),[2] the Court for entry of an order, pursuant to sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to (i) assume the executory contracts and unexpired leases, including any amendments or modifications thereto,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined below).

listed on <u>Exhibit 1</u> and <u>Exhibit 2</u> to the proposed order attached hereto as of the Effective Date of the Plan (as defined below) and (ii) pay certain cure amounts due thereunder. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a). The relief requested is also warranted under Bankruptcy Rules 6006 and 9014.

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On September 9, 2015 (the "<u>Petition Date</u>"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "<u>Chapter 11 Cases</u>"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "<u>United States Trustee</u>") appointed an official committee of unsecured

creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

       7.     Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

       8.     On October 22, 2015, the Debtors filed the Debtors' Motion for an Order Under Bankruptcy Code Sections 105 and 365 And Bankruptcy Rule 9006 Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property [Docket No. 339] (the "Motion to Extend"), which sought a 90-day extension of the initial 120-day deadline for the Debtors to assume or reject unexpired leases of nonresidential real property (the "Assumption / Rejection Deadline"). On November 16, 2015, the Court entered the Order Under Bankruptcy Code Sections 105 and 365 And Bankruptcy Rule 9006 Extending Time

Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property [Docket No. 464], which granted the Motion to Extend and set the Assumption / Rejection Deadline to April 6, 2016.[3]

9. On December 4, 2015, the Debtors filed the Second Amended Joint Chapter 11 Plan Of Reorganization Of Quiksilver, Inc. And Its Affiliated Debtors And Debtors In Possession [Docket No. 532] (the "Second Amended Plan").[4] On the same day, the Debtors filed the Plan Supplement to the Second Amended Plan [Docket No. 625] (as amended, the "Plan Supplement"), which included the Schedule of Assumed Contracts and Unexpired Leases as Exhibit I.

10. On January 25, 2016, the Debtors filed the First Amendment to the Plan Supplement to the Second Amended Plan [Docket No. 720], which included an Amended Schedule of Assumed Contracts and Unexpired Leases as Exhibit A.

11. On January 29, 2016, the Court entered an order [Docket No. 740] (the "Confirmation Order") confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and Its Affiliated Debtors and Debtors in Possession [Docket No. 731] (the "Plan"). Pursuant to Section 11.3 of the Plan, the Debtors shall file with the Court a notice of the occurrence of the date on which the Plan shall take effect (the "Effective Date") within a reasonable period of time after the conditions of Article 11.1 have been satisfied or waived pursuant to Article 11.2 of the Plan. Plan Art. XI, § 11.3.

12. Section 7.1(a) of the Plan provides, in relevant part:

---

[3] The period was not extended with respect to the lease for the premises at store number 726 located in Anastasia Plaza in St. Augustine Beach, Florida.

[4] The Debtors had previously filed the Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession [Docket No. 292] on October 13, 2015, which the Debtors subsequently amended on November 17, 2015 [Docket No. 476].

4

> [E]ach Executory Contract and Unexpired Lease shall be deemed automatically rejected . . . as of the Effective Date, unless any such Executory Contract or Unexpired Lease: (i) is listed on the Schedule of Assumed Executory Contracts and Unexpired Leases contained in the Plan Supplement; (ii) has been previously assumed or rejected by the Debtors by Final Order of the Bankruptcy Court or has been assumed by the Debtors by order of the Bankruptcy Court as of the Effective Date, which order becomes a Final Order after the Effective Date; (iii) <u>is the subject of a motion to assume or reject pending as of the Effective Date</u>; or (iv) is otherwise assumed pursuant to the terms herein.
>
> The Confirmation Order will constitute an order of the Bankruptcy Court approving such rejections pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date. . . .

Plan Art. VII, § 7.1(a) (emphasis added).

13. As of the date hereof, the Debtors are party to a number of unexpired leases of nonresidential real property and executory contracts, including any amendments or modifications thereto. The Debtors have strategically reviewed these agreements in connection with their efforts to maximize the value of their estates in these Chapter 11 Cases. As a result, the Debtors have identified the executory contracts and unexpired leases (the "<u>Assumed Contracts</u>" and "<u>Assumed Leases</u>", respectively, identified on <u>Exhibit 1</u> and <u>Exhibit 2</u> to the proposed order attached hereto, and collectively, the "<u>Assumed Agreements</u>")[5] that will continue to provide meaningful value to their estates and ongoing business operations.

14. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., In Support Of Chapter 11 Petitions And First Day Pleadings [Docket No. 20].

---

[5] Each of the Assumed Agreements listed on <u>Exhibits 1 and 2</u> to the proposed order includes any and all amendments, restatements or revisions thereto. Assumption of such Assumed Agreement includes assumption of such amendments, restatements or revisions.

5

**RELIEF REQUESTED**

15.     By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) authorizing the Debtors to assume the Assumed Agreements (including any amendments or modifications thereto) as of the Effective Date of the Plan, among other things, to preserve certain highly valuable services and store leases. The Debtors also request authority to pay the Cure Amounts (defined below) required to assume the Assumed Agreements under Bankruptcy Code section 365(b)(1)(A) in accordance with the Plan.

16.     The Debtors are currently performing their review and evaluation of other executory contracts, unexpired leases and subleases that are not the subject of this Motion. As this process continues, the Debtors may identify additional executory contracts or leases to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional executory contracts and leases in the future. This Motion should not be construed as a determination that any executory contracts or leases not listed herein are to be assumed or rejected.

**APPLICABLE AUTHORITY**

17.     Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's determination to assume or reject an executory contract or unexpired lease is governed by the "business judgment" standard. In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (debtor's decision to assume or reject executory contract is governed by business judgment standard and can only be overturned if decision was product of bad faith, whim, or caprice); see also In re Market Square Inn, Inc., 978 F.2d 116, 121 (3d Cir. 1992) (assumption or rejection of lease "will be a matter of business judgment by the bankruptcy court"); Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989)

(same).  In applying the "business judgment" standard, courts show great deference to the debtor's decision to assume or reject.  See Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject executory contract "should be granted as a matter of course").

18. Once the Debtors articulate a valid business justification, the business judgment rule creates "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." Gantler v. Stephens, 965 A.2d 695, 705-06 (Del. 2009) (quoting Aronson v. Lewis, 473 A.2d 805, 812 (Del. 1984)).

19. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing.  See Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

20. Here, the Debtors, together with their advisors and the Plan Sponsor, have engaged in a comprehensive analysis of their executory contracts and unexpired leases.  At the time of commencement of the confirmation hearing with respect to the Plan and the filing of the Plan Supplement, that analysis was still ongoing.  Moreover, the Debtors have engaged in negotiations with a number of the counterparties to the Assumed Agreements to modify certain of the Assumed Agreements, for the benefit of the Debtors and the Reorganized Debtors, and/or with respect to cure amounts, in connection with assumption thereof.  Since entry of the Confirmation Order, the Debtors have completed their review to the remaining executory

contracts and unexpired leases and concluded their negotiations and have determined to assume the Assumed Agreements. The Assumed Agreements include (i) unexpired leases for certain of the Debtors' retail stores, which the Debtors believe are profitable and will be beneficial to retain post-Effective Date, (ii) the unexpired lease for the Debtors' distribution center, and (iii) executory contracts for goods and services which are beneficial to the Debtors' business going forward. In each case, the Debtors have determined, as an appropriate exercise of their business judgment, that the Assumed Agreements provide a net benefit to the Debtors' estates and that assumption of the Assumed Agreements is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

21. Bankruptcy Code section 365(b)(1) sets forth the requirements for assuming an unexpired lease or executory contract of a debtor. This subsection provides:

> (b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

22. The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case but should be given "practical, pragmatic construction." EBG Midtown South Corp. v. McLaren/Hart Envtl. Eng'g Corp. (In re Sanshoe Worldwide Corp.), 139 B.R. 585, 592-593 (S.D.N.Y. 1992); see also In re Prime Motor Inns Inc., 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994) (quoting Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes,

Inc.), 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance.")).

23.    Here, the Debtors submit that their financial condition, including cash on hand and the Debtors' ability to use cash collateral in accordance with the terms of the Cash Collateral Order [Docket No. 382], constitutes adequate assurance of the Debtors' ability to perform under the Assumed Agreements in the future.

24.    In accordance with Bankruptcy Code section 365(b)(1)(A), the Debtors also propose to pay the cure amounts listed in Exhibits 1 and 2 to the proposed order attached hereto (the "Cure Amounts") required to assume the Assumed Agreements. The Cure Amounts represent the amount, if any, necessary to cure any defaults of any of the Debtors under the Assumed Agreements according to the Debtors' books and records, or as otherwise agreed to between the Debtors and the counterparty to such Assumed Agreement. The Debtors will continue to pay all postpetition amounts owing under the Assumed Agreements until the assumption of the Assumed Agreements. The Debtors' records reflect that, other than the Cure Amounts, there are no other defaults under the Assumed Agreements.

25.    Accordingly, for the reasons set forth above, the Debtors seek an order authorizing their assumption of the Assumed Agreements, which the Debtors respectfully submit will maximize the value of the Debtors' estates for the benefit of all stakeholders.

### COMPLIANCE WITH BANKRUPTCY RULE 6006

26.    To the extent necessary, the Debtors request authority pursuant to Bankruptcy Rule 6006(e) to assume multiple executory contracts and unexpired leases in one omnibus motion. Given the Debtors' need to ensure continued receipt of valuable services, as well as the voluminous number of Assumed Agreements that must be assumed, the Debtors

require expedited relief and believe an omnibus motion is the most expeditious manner to achieve this relief.  Furthermore, the counterparties to the Assumed Agreements will suffer no prejudice due to the use of an omnibus motion.  The Motion complies with the requirements in Bankruptcy Rule 6006(f) for omnibus assumption motions, as the Motion (a) states in a conspicuous place that parties receiving the Motion should locate their names and their contracts or leases listed in the Motion; (b) lists parties alphabetically and identifies the corresponding contract or lease; (c) specifies the terms, including the curing of defaults, for each requested assumption; (d) is numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases, and (f) is limited to no more than 100 executory contracts or unexpired leases.  See Fed. Bankr. R. 6006(f).  Accordingly, the Debtors respectfully submit that this Motion complies with Bankruptcy Rule 6006(f), and it is appropriate for this Court to grant the Debtors permission to file an omnibus assumption motion under Bankruptcy Rule 6006(e).

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

27.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

28.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agents and lenders under the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) the non-Debtor parties to each Assumed Agreement identified on <u>Exhibits 1 and 2</u>; and (h) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Motion has been made to this or any other Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested herein and such other relief as is just and proper.

Dated: Wilmington, Delaware
February 8, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi, Esq. (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606/
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*