**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| QUIKSILVER, INC., *et al.*, | Case No. 15-11880 (BLS) |
| | |
| Debtors.[1] | Jointly Administered |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket No. 691**

**CERTIFICATION OF COUNSEL REGARDING STIPULATION RESOLVING
MOTION OF GENERAL ELECTRIC CAPITAL CORPORATION TO COMPEL
DEBTORS TO PAY IN FULL POSTPETITION AMOUNTS DUE UNDER PERSONAL
PROPERTY LEASE AND FOR THE ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM**

The undersigned counsel for the debtors and debtors-in-possession in the above-captioned jointly administered bankruptcy cases (collectively, the "Debtors") hereby certifies as follows:[2]

On November 10, 2015, General Electric Capital Corporation ("GECC") filed with the Debtors' claims agent claim number 208 in the amount of $1,957,069.07 (the "GECC Claim") on account of its claim under the Lease.

On January 20, 2016, GECC filed the Motion of General Electric Capital Corporation For The Entry Of An Order, Pursuant To (I) 11 U.S.C. § 365(d)(5) Compelling The Debtor To Immediately Pay In Full Postpetition Amounts Due Under Personal Property Lease

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation (defined below).

And (II) 11 U.S.C. § 503(b)(1) For The Allowance And Payment Of An Administrative Expense (the "GECC Motion") [D.I. 691].

On February 9, 2016, after reaching a mutually agreeable solution fully resolving both the GECC Claim and GECC Motion, the Debtors and GECC entered into the Stipulation Resolving Motion Of General Electric Capital Corporation To Compel Debtors To Pay In Full Postpetition Amounts Due Under Personal Property Lease And For The Allowance And Payment Of Administrative Expense Claim (the "Stipulation").

A copy of the proposed order (the "Proposed Order") approving the Stipulation is attached hereto as Exhibit 1, the form of which has been agreed to by counsel for GECC and the Debtors.  A copy of the Stipulation is appended to the Proposed Order as Exhibit A.  The Stipulation was circulated to, reviewed by, and consented to by counsel for the Debtors and counsel for GECC.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Accordingly, it is respectfully requested that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 1</u>, approving the Stipulation, at its earliest convenience.

Dated:    Wilmington, Delaware
          February 9, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

<u>/s/ Van C. Durrer, II</u>
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi, Esq. (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT 1</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :

In re:                             :       Chapter 11
          :

QUIKSILVER, INC., *et al.*,         :       Case No. 15-11880 (BLS)
          :

                Debtors.[1]  :       Jointly Administered
          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket No. 691**

**ORDER APPROVING STIPULATION RESOLVING MOTION OF GENERAL
ELECTRIC CAPITAL CORPORATION TO COMPEL DEBTORS TO PAY IN FULL
POSTPETITION AMOUNTS DUE UNDER PERSONAL PROPERTY LEASE AND FOR
THE ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-

Debtor affiliates, "Quiksilver" or the "Company"), and CF Equipment Leases, LLC as successor-

in-interest to General Electric Capital Corporation ("GECC", and together with the Debtors, the

"Parties"), having entered into the Stipulation Resolving the Motion of General Electric Capital

Corporation for the Entry of an Order, Pursuant to (I) 11 U.S.C. § 365(d)(5) Compelling the

Debtor to Immediately Pay in Full Postpetition Amounts Due Under Personal Property Lease

and (II) 11 U.S.C. § 503(b)(1) for the Allowance and Payment of an Administrative Expense

[Docket No. 691] (the "Stipulation"); and the Court having reviewed the Stipulation; and the

Court having determined that good cause has been demonstrated for approving the Stipulation; it

is hereby

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate
headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Stipulation, attached hereto as Exhibit A, is APPROVED.

2.      The Debtors and GECC are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

3.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation and enforcement of this Order and the Stipulation.

Dated: Wilmington, Delaware

_____, 2016

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT A

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re:                                   :      Chapter 11
                                  :

QUIKSILVER, INC., *et al.*,           :      Case No. 15-11880 (BLS)
                                  :

               Debtors.[1]      :      Jointly Administered
                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   **Related Docket No. 691**

**STIPULATION RESOLVING MOTION OF GENERAL ELECTRIC CAPITAL
CORPORATION TO COMPEL DEBTORS TO PAY IN FULL POSTPETITION
AMOUNTS DUE UNDER PERSONAL PROPERTY LEASE AND FOR THE
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

       Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-

Debtor affiliates, "Quiksilver" or the "Company"), and CF Equipment Leases, LLC as successor-

in-interest to General Electric Capital Corporation ("GECC", and together with the Debtors, the

"Parties"), respectfully submit this proposed stipulation and agreed order ("Stipulation")

resolving the Motion of General Electric Capital Corporation for the Entry of an Order, Pursuant

to (I) 11 U.S.C. § 365(d)(5) Compelling the Debtor to Immediately Pay in Full Postpetition

Amounts Due under Personal Property Lease and (II) 11 U.S.C. § 503(b)(1) for the Allowance

and Payment of an Administrative Expense (the "GECC Motion") [D.I. 691].

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

## RECITALS

WHEREAS, on September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Since the Petition Date, the Debtors have operated their businesses as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

WHEREAS, in 2006, the ZQK and Quiksilver Americas, Inc., as lessees, and CF Equipment Leases, LLC as successor-in-interest to GECC (as successor in interest to/assignee of Banc of America Leasing & Capital, LLC), as lessor, entered into a certain Lease Agreement (the "Lease"), dated as of April 28, 2006, and in particular, Schedule Number 003 ("Schedule 3") thereto, pursuant to which the Debtors lease from GECC certain warehouse distribution equipment, including certain conveying systems, a pick engine, lift trucks, and certain additional systems, equipment, and accessories (collectively, the "Equipment") as set forth on Schedule 3.

WHEREAS, on November 10, 2015, GECC filed secured proof of claim number 208 with the Debtors' claims agent claim in the amount of $1,888,119.50 (the "Secured GECC Claim").

WHEREAS, on January 20, 2016, GECC filed the GECC Motion, which sought, among other things, to (i) compel the Debtors to immediately pay GECC $291,614.11 for post-petition amounts due under the Lease and to pay the monthly payments accruing under the Lease when due through the time the Lease is rejected pursuant to section 365(d)(5) of the Bankruptcy Code and (ii) provide GECC an immediate allowed administrative expense in the amount of $29,822.88 pursuant to section 503(b)(1) of the Bankruptcy Code.

WHEREAS, the notice of the GECC Motion (D.I. 691-1) provides that the response deadline for the GECC Motion is February 3, 2016, at 4:00 p.m. (Eastern) and the hearing date for the GECC Motion is scheduled for February 10, 2016 at 11:30 a.m.

WHEREAS, on January 28, 2016, GECC filed administrative expense proof of claim number 874 with the Debtors' claims agent claim in the amount of $321,436.99 (the "GECC Administrative Claim" and collectively with the Secured GECC Claim, the "GECC Claims").

WHEREAS, the Debtors and GECC have agreed to resolve the GECC Claims and the GECC Motion in full, on the terms set forth in this stipulation (the "Stipulation").

NOW THEREFORE, based on the foregoing, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree, subject to the Bankruptcy Court's approval, as follows:

## STIPULATION

1.      The Debtors and GECC stipulate and agree that on or before February 16, 2016, (the "Payment Deadline") the Debtors shall pay GECC by federal funds wire pursuant to the wire instructions attached hereto as Exhibit A the amount of $700,000.00 (the "Payment") as payment in full for all of GECC's claims arising under or relating to the Lease, the GECC Motion, the GECC Claims, or the Equipment.

2.      If the Debtors deliver the Payment to GECC on or before the Payment Deadline, within five (5) business days of receipt by GECC of the Payment, GECC shall (a) withdraw the GECC Motion in its entirety and withdraw the GECC Claims as satisfied in full and (b) deliver to the Debtor or the Debtor's counsel (i) a Bill of Sale (the "Bill of Sale") substantially in the form attached hereto as Exhibit B transferring to the Debtors all of GECC's right, title and

interest in and to the Equipment and (ii) UCC-3 termination statement(s) terminating any UCC-1 financing statement filed by GECC with respect to the Equipment.

3.    The Debtors shall submit this Stipulation to the Bankruptcy Court for approval under certification of counsel as related to, and in resolution of, the GECC Motion within one (1) business day of this Stipulation being fully executed.  In the event that the Bankruptcy Court has not entered an Order approving this Stipulation prior to the hearing on the GECC Motion, the approval of this Stipulation shall be listed on the agenda for any such hearing and shall be heard before argument on such matter.

4.    Upon the delivery of the Bill of Sale to the Debtors and withdrawal of the GECC Motion and the GECC Claims in accordance with this Stipulation, any and all claims, rights, entitlements, charges, fees, penalties, expenses, obligations, causes of action and liabilities, including, but not limited to, any claims, of whatever kind or nature, whether arising under chapter 5 of the Bankruptcy Code, comparable provisions of applicable non-bankruptcy law, or the Lease, whether known or unknown, whether foreseen or unforeseen, arising on or before the entry of this Stipulation, which any of the Debtors or their respective estates, successors (including any and all reorganized debtors), assigns, affiliates, and representatives (in their capacities as such), including any current or subsequently appointed committees, trusts, administrators or chapter 11 or 7 trustees or liquidating or plan trustees) (collectively, the "Debtor Releasing Parties") ever had, now have or hereafter can, shall or may have against GECC or its successors, assigns, affiliates, and representatives (in their capacities as such) (collectively the "GECC Parties") for, upon or by reason of any matter, cause or thing whatsoever, which are based upon, arise under or are related to the Lease, the Equipment, the

GECC Motion, or the GECC Claims shall be released, waived, discharged and no longer enforceable without further action being required to effectuate the foregoing.

5.      Upon the delivery of the Payment to GECC in accordance with this Stipulation, any and all claims, rights, entitlements, charges, fees, penalties, expenses, obligations, causes of action and liabilities, whether known or unknown, whether foreseen or unforeseen, arising on or before the entry of this Stipulation, which any of the GECC Parties ever had, now have or hereafter can, shall or may have against the Debtor Releasing Parties for, upon or by reason of any matter, cause or thing whatsoever, which are based upon, arise under or are related to the Lease, Equipment, GECC Motion, or GECC Claims shall be released, waived, discharged and no longer enforceable without further action being required to effectuate the foregoing.

6.      This Stipulation and the provisions contained herein shall be of no force or effect unless the Bankruptcy Court enters an order approving the Stipulation.

7.      This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, and affiliates, and all other entities and individual persons seeking to claim and/or defend through the rights of the Parties.

8.      This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all of the Parties.

9.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to such state's conflicts of laws principles.

10.     The Bankruptcy Court shall retain jurisdiction to hear and determine all disputes that may arise out of the implementation or interpretation of this Stipulation.

11.     The signatories to this Stipulation hereby represent and warrant that they have been authorized to execute this Stipulation and bind the Parties to the terms hereof.

12.    This Stipulation may be executed in any number of counterparts and by facsimile

or electronic transmission, each of which shall be an original, with the same effect as if the

signatures hereto were upon the same document.

February 9, 2016

By:    */s/ Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Li
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi (I.D. No. 2855)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica Kumar
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in*
*Possession*

By:    */s/ Emily K. Devan*
Kurt F. Gwynne (No. 3951)
Emily K. Devan (No. 6104)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com
        edevan@reedsmith.com

- and –

Brian I. Swett, Esquire
Paul J. Catanese, Esquire
MCGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8100
Facsimile: (312) 920-3697
E-mail: bswett@mcguirewoods.com
pcatanese@mcguirewoods.com

*Counsel for CF Equipment Leases, LLC and*
*General Electric Capital Corporation*

## EXHIBIT 1

**Wire Instructions**


Deutsche Bank
60 Wall Street
New York, NY 10005
Account # 50286625
ABA # 021001033

**<u>EXHIBIT 2</u>**

**Bill of Sale**

## BILL OF SALE

**BUYER:**                                    **SELLER:**
**Quiksilver, Inc.**                          CF Equipment Leases, LLC
11310 Cantu Galleano Road
Mira Loma, CA, 91752

  Purchase Price                   $700,000.00

BE IT KNOWN that in consideration of the Purchase Price set forth above and in connection with that certain Stipulation Resolving Motion of General Electric Capital Corporation to Compel Debtor to Pay in Full Postpetition Amounts Due under Personal Property Lease and for the Allowance and Payment of Administrative Expense Claim (the "Stipulation") and for other good and valuable consideration, the receipt, adequacy and legal sufficiency of which are hereby acknowledged, CF Equipment Leases, LLC as successor-in-interest to General Electric Capital Corporation (the "Seller"), hereby sells, transfers and delivers to Quiksilver, Inc. (the "Buyer") and its successors and assigns forever, all of Seller's right, title and interest in and to the property (the "Property") set forth on **Exhibit A** hereto, including without limitation all rights under or with respect to any representations, warranties or similar rights in favor of Seller and given to Seller by any previous seller of the Property, but explicitly excluding any right to use any software which may be embedded in the Property or any part thereof.

**EXCEPT AS EXPRESSLY PROVIDED HEREIN, THE PROPERTY IS BEING SOLD AND DELIVERED BY SELLER TO BUYER AND PURCHASED AND ACCEPTED BY BUYER "AS IS" AND "WHERE IS" AND SUBJECT TO ALL OF THE DISCLAIMERS SET FORTH IN LEASE 58749621-0001 (CONTRACT NUMBER 16419-00400) AND SCHEDULE 3 THERETO (the "CONTRACT") AND HEREIN. SELLER MAKES NO WARRANTIES, EXPRESS OR IMPLIED, OF ANY KIND OR NATURE EXCEPT THAT (1) BUYER WILL ACQUIRE BY THE TERMS OF THIS BILL OF SALE TITLE TO THE PROPERTY FREE FROM ALL ENCUMBRANCES CREATED BY SELLER AND (2) SELLER HAS THE RIGHT TO SELL THE PROPERTY. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, SELLER MAKES NO WARRANTIES WITH RESPECT TO THE QUALITY, CONTENT, CONDITION, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OF THE PROPERTY AND NO WARRANTIES AGAINST PATENT INFRINGEMENT OR THE LIKE. BUYER ACKNOWLEDGES THAT THE ITEMS SOLD HEREUNDER ARE USED AND THAT SELLER IS OR WAS THE LESSOR THEREOF UNDER THE CONTRACT AND DID NOT USE, MAINTAIN OR HAVE OPERATIONAL CONTROL OF THE PROPERTY. BUYER ACKNOWLEDGES THAT IT HAS NOT RELIED AND IS NOT RELYING ON ANY REPRESENTATION OR STATEMENT OF CONDITION OF THE PROPERTY MADE BY SELLER IN CONNECTION WITH BUYER'S PURCHASE OF THE PROPERTY.**

**IN WITNESS WHEREOF,** the Seller has executed this Bill of Sale on [____] day of February, 2016.

**CF EQUIPMENT LEASES, LLC**

By: _____
Name:[_____]
Title: [_____]

2

**Exhibit A to Bill Of Sale**

| LEASE ACCOUNT NUMBER | SCHEDULE | CONTRACT NUMBER | MAKE |
|---|---|---|---|
| 5874962-0001 | 003 | 16419-00400 | WAREHOUSE DISTRIBUTION EQUIPMENT AS SET FORTH IN SCHEDULE 3 TO THE CONTRACT |