IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
: 
Debtors.[1] : Jointly Administered
: 
------------------------------------x  Related Docket Nos. 26, 252, 614, 771

## ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES

Upon the order [Docket No. 252] (the "Rejection Procedures Order")[2] approving the motion [Docket No. 26] (the "Motion") of the Debtors for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing and approving procedures for the Debtors to reject executory contracts (the "Contracts") and unexpired leases (the "Leases"), as more fully set forth in the Rejection Procedures Order; and upon consideration of the Notice Of Rejection Of Executory Contract And/Or Unexpired Lease, dated January 5, 2016 [Docket No. 614] (the "Rejection Notice"); and the Court having jurisdiction to consider the Rejection Notice pursuant to 28 U.S.C. § 1334; and consideration of the Rejection Notice being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Rejection Procedures Order, Motion or the First Day Declaration.

and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Rejection Notice having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Rejection Notice is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. In accordance with Bankruptcy Code section 365 and the Rejection Procedures Order, the Leases identified on Exhibit 1 to the Rejection Notice (the "Rejected Leases") are deemed rejected effective as of the date set forth in the exhibit for each such Lease (the "Rejection Date").

2. Upon the Rejection Date, pursuant to the Rejection Procedures Order, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of the Rejected Leases (the "Remaining Property") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors or any third party claiming by or through the Debtors and without waiver of any claim the Landlords may have against the Debtors and, to the extent applicable, the automatic stay is modified to allow for such disposition.

3. Pursuant to the Rejection Procedures Order, each Counterparty to a Rejected Lease must file a proof of claim relating to the rejection of such Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases. If no proof of claim is timely filed with respect to such rejection

damages, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions on account of rejection damages that may be made in connection with these Chapter 11 Cases.

4. Pursuant to the Rejection Procedures Order, if the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors (in consultation with the Creditors' Committee); provided, however, that the rights of any Counterparty under a letter of credit established by the Debtors in favor of such Counterparty shall be governed in accordance with the terms thereof and all applicable law, including the Bankruptcy Code.

5. With respect to the Rejected Leases, the Debtors have complied in all respects with the Rejection Procedures Order.

6. The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

7. The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

8. The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Rejected Leases.

9. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular

claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11. This Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. To the extent of any inconsistency between this Order and the Rejection Procedures Order, the Rejection Procedures Order shall govern and be controlling. Nothing in this Order or the Rejection Notice shall be deemed to amend or modify the Rejection Procedures Order, including the Rejection Procedures specified therein.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

Feb. 10, 2016

HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE