IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| QUIKSILVER, INC., *et al.*, | Case No. 15-11880 (BLS) |
| Debtors.[1] | Jointly Administered |

**Related Docket Nos. 26, 252, 606, 621, 689**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION OF COUNSEL REGARDING
## PROPOSED REJECTION ORDER

On October 7, 2015, the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court") entered the order [Docket No. 252] (the "Rejection

Procedures Order") on the motion, dated September 9, 2015 [Docket No. 26] (the "Motion"),[2] of

Quiksilver, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates,

"Quiksilver" or the "Company") for entry of an order, pursuant to sections 105, 365 and 554 of

title 11 of the United States Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy

Procedure, and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware authorizing and approving

procedures for the Debtors to reject executory contracts (the "Contracts") and unexpired leases

(the "Leases").

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Rejection Procedures Order, Motion or First Day Declaration.

On December 31, 2015, pursuant to the Rejection Procedures Order, the Debtors filed the Notice Of Rejection Of Executory Contract And/Or Unexpired Lease [Docket No. 606] (the "Rejection Notice"), which provided notice of the Debtors' intent to reject the Contracts and/or Leases included in an exhibit to the Rejection Notice and attached the proposed order authorizing rejection (the "Rejection Order").

On January 7, 2016, the Debtors filed the Notice Of Amendment To Rejection Notice Of Certain Leases Of Federal Realty Investment Trust [Docket No. 621] (the "First Amendment") with respect to the Rejection Notice. As more fully set forth in the First Amendment, the Debtors and Federal Realty (as defined in the First Amendment) agreed to amend the Rejection Date for the Federal Realty Leases (as defined in the First Amendment) from December 31, 2015 to January 31, 2016.

On January 20, 2016, the Debtors filed the Notice Of Amendment To Rejection Notice Of Certain Leases Of Federal Realty Investment Trust [Docket No. 689] (the "Second Amendment" and, together with the First Amendment, the "Amendments")[3] with respect to the Rejection Notice (as previously amended). As set more fully set forth in the Second Amendment, the Debtors and Del Amo (as defined in the Second Amendment) agreed to amend the Rejection Date for the Del Amo Lease (as defined in the Second Amendment) from December 31, 2015 to January 5, 2016.

Pursuant to the Rejection Notice and Rejection Procedures Order, Objections to the Rejection Notice, including the proposed rejection of Contracts and/or Leases thereto, were to be filed and served by a date no later than January 14, 2016. Except with respect to the

---

[3]   Summaries of the First Amendment and Second Amendment are not intended to revise, amend or otherwise alter such Amendments, and, for the avoidance of doubt, each respective Amendment shall govern in the event of any inconsistency between the summaries set forth herein and the Amendments.

Amendments as set forth herein, the undersigned has reviewed the Court's docket in these cases, and no answer, objection or responsive pleading to the Rejection Notice appears thereon.

The undersigned certifies that the proposed Rejection Order to the Rejection Notice has been revised (the "Revised Rejection Order") only to reflect the Amendments with respect to Rejection Dates for the Federal Realty Leases and Del Amo Lease, and the docket number of the Rejection Notice. A copy of the Revised Rejection Order is attached hereto as Exhibit A. The Revised Rejection Order has been circulated to Del Amo and Federal Realty, who did not object, and the Debtors are unaware of any open issues regarding entry of the Revised Rejection Order. For the Court's convenience, a redline showing changes to the proposed Rejection Order is attached hereto as Exhibit B.

Accordingly, pursuant to the Rejection Procedures Order, the Debtors respectfully request that the Court enter the Revised Rejection Order, attached hereto as Exhibit A, at its earliest convenience without further notice or a hearing.

Dated:    Wilmington, Delaware
          February 10, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Van C. Durrer, II*
Van C. Durrer, II (I.D. No. 3827)
Annie Z. Li
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi, Esq. (I.D. No. 2855)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

John K. Lyons
Jessica S. Kumar
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411
*Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Revised Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| QUIKSILVER, INC., *et al.*, | : | Case No. 15-11880 (BLS) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **Related Docket Nos. 26, 252, 606, 621, 689**

## ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES

Upon the order [Docket No. 252] (the "Rejection Procedures Order")[2] approving

the motion [Docket No. 26] (the "Motion") of the Debtors for entry of an order, pursuant to

sections 105, 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the

"Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy

Rules"), authorizing and approving procedures for the Debtors to reject executory contracts (the

"Contracts") and unexpired leases (the "Leases"), as more fully set forth in the Rejection

Procedures Order; and upon consideration of the Notice Of Rejection Of Executory Contract

And/Or Unexpired Lease, dated December 31, 2015 [Docket No. 606] (the "Rejection Notice"),

as amended by the Notice Of Amendment To Rejection Notice Solely With Respect To

Rejection Date Of Certain Leases Of Federal Realty Investment Trust [Docket No. 621] (the

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Rejection Procedures Order, Motion or the First Day Declaration.

"First Amendment") and the Notice Of Amendment To Rejection Notice Solely With Respect

To Rejection Date Of Certain Lease Of Del Amo Fashion Center Operating Company, L.L.C.

[Docket No. 689] (the "Second Amendment"); and the Court having jurisdiction to consider the

Rejection Notice pursuant to 28 U.S.C. § 1334; and consideration of the Rejection Notice being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Rejection Notice having

been given under the particular circumstances; and it appearing that no other or further notice is

necessary; and it appearing that the relief requested in the Rejection Notice is in the best interests

of the Debtors, their estates, their creditors, and other parties in interest; and the Court having

found just cause for the relief granted herein; and upon all the proceedings had before the Court;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      In accordance with Bankruptcy Code section 365 and the Rejection

Procedures Order, the Leases identified on Exhibit 1 to the Rejection Notice (the "Rejected

Leases") are deemed rejected effective as of the date set forth in the exhibit for each such Lease

(the "Rejection Date"), provided, however, that the Rejection Date of the Federal Realty Leases

(as defined in the First Amendment) shall be January 31, 2016, and the Rejection Date of the Del

Amo Lease (as defined in the Second Amendment) shall be January 5, 2016.

2.      Upon the Rejection Date, pursuant to the Rejection Procedures Order, any

personal property or furniture, fixtures and equipment of the Debtors remaining on the premises

of the Rejected Leases (the "Remaining Property") shall be deemed abandoned by the Debtors

and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear

of all liens, claims, encumbrances and interests, and without any liability to the Debtors or any

third party claiming by or through the Debtors and without waiver of any claim the Landlords

may have against the Debtors  and, to the extent applicable, the automatic stay is modified to allow for such disposition.

3.      Pursuant to the Rejection Procedures Order, each Counterparty to a Rejected Lease must file a proof of claim relating to the rejection of such Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases.  If no proof of claim is timely filed with respect to such rejection damages, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions on account of rejection damages that may be made in connection with these Chapter 11 Cases.

4.      Pursuant to the Rejection Procedures Order, if the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors (in consultation with the Creditors' Committee); provided, however, that the rights of any Counterparty under a letter of credit established by the Debtors in favor of such Counterparty shall be governed in accordance with the terms thereof and all applicable law, including the Bankruptcy Code.

5.      With respect to the Rejected Leases, the Debtors have complied in all respects with the Rejection Procedures Order.

6.      The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

7.      The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

3

8.      The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Rejected Leases.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11.      This Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

12.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.      To the extent of any inconsistency between this Order and the Rejection Procedures Order, the Rejection Procedures Order shall govern and be controlling.  Nothing in this Order or the Rejection Notice shall be deemed to amend or modify the Rejection Procedures Order, including the Rejection Procedures specified therein.

       14.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2016

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Redline of Proposed Revised Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - -                                             :
                                                      :   Chapter 11
                                                      :
In re:                                                :
                                                      :   Case No. 15-11880 (BLS)
QUIKSILVER, INC., *et al.*,                           :
                                                      :   Jointly Administered
                                  Debtors.[1]         :
                                                      x   **Related Docket Nos. 26, 252, 606, 621, 689**
- - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - -

## ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES

Upon the order [Docket No. 252] (the "Rejection Procedures Order")[2] approving the motion [Docket No. 26] (the "Motion") of the Debtors for entry of an order, pursuant to sections 105, 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing and approving procedures for the Debtors to reject executory contracts (the "Contracts") and unexpired leases (the "Leases"), as more fully set forth in the Rejection Procedures Order; and upon consideration of the Notice Of Rejection Of Executory Contract And/Or Unexpired Lease, dated December 31, 2015 [Docket No. 606] (the

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599).  The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Rejection Procedures Order, Motion or the First Day Declaration.

"Rejection Notice"), as amended by the Notice Of Amendment To Rejection Notice Solely With Respect To Rejection Date Of Certain Leases Of Federal Realty Investment Trust [Docket No. 621] (the "First Amendment") and the Notice Of Amendment To Rejection Notice Solely With Respect To Rejection Date Of Certain Lease Of Del Amo Fashion Center Operating Company, L.L.C. [Docket No. 689] (the "Second Amendment"); and the Court having jurisdiction to consider the Rejection Notice pursuant to 28 U.S.C. § 1334; and consideration of the Rejection Notice being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Rejection Notice having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Rejection Notice is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      In accordance with Bankruptcy Code section 365 and the Rejection Procedures Order, the Leases identified on Exhibit 1 to the Rejection Notice (the "Rejected Leases") are deemed rejected effective as of the date set forth in the exhibit for each such Lease (the "Rejection Date"), provided, however, that the Rejection Date of the Federal Realty Leases (as defined in the First Amendment) shall be January 31, 2016, and the Rejection Date of the Del Amo Lease (as defined in the Second Amendment) shall be January 5, 2016.

2

2.      Upon the Rejection Date, pursuant to the Rejection Procedures Order, any personal property or furniture, fixtures and equipment of the Debtors remaining on the premises of the Rejected Leases (the "Remaining Property") shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors or any third party claiming by or through the Debtors and without waiver of any claim the Landlords may have against the Debtors  and, to the extent applicable, the automatic stay is modified to allow for such disposition.

3.      Pursuant to the Rejection Procedures Order, each Counterparty to a Rejected Lease must file a proof of claim relating to the rejection of such Lease, if any, by the later of (i) 30 days after the Rejection Date, and (ii) any applicable claims bar date established in this Chapter 11 Cases.  If no proof of claim is timely filed with respect to such rejection damages, such Counterparty shall be barred from asserting a claim for rejection damages and from participating in any distributions on account of rejection damages that may be made in connection with these Chapter 11 Cases.

4.      Pursuant to the Rejection Procedures Order, if the Debtors have deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors (in consultation with the Creditors' Committee); provided, however, that the rights of any Counterparty under a letter of credit established by the Debtors in favor of such Counterparty shall be governed in accordance with the terms thereof and all applicable law, including the Bankruptcy Code.

Redline QS - Revised OrderDec 31Lease Rejection Notice 779473v1 and QS - Revised OrderDec 31Lease Rejection Notice 779473v6 2/10/2016 5:09:30 PM

5.      With respect to the Rejected Leases, the Debtors have complied in all respects with the Rejection Procedures Order.

6.      The Debtors are authorized and empowered to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

7.      The Debtors reserve all rights to contest any rejection claims and/or the characterization of any contract as an executory contract or lease as an unexpired lease.

8.      The Debtors do not waive any claims they may have against Counterparties regardless of whether such claims relate to the Rejected Leases.

9.      Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.     Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11.     This Order is without prejudice to the Debtors' right to seek further, other or different relief regarding any Contract or Lease.

4

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     To the extent of any inconsistency between this Order and the Rejection Procedures Order, the Rejection Procedures Order shall govern and be controlling.  Nothing in this Order or the Rejection Notice shall be deemed to amend or modify the Rejection Procedures Order, including the Rejection Procedures specified therein.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: Wilmington, Delaware

_____, 2016


_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

5

| Summary report:<br>**Litéra® Change-Pro TDC 7.5.0.178 Document comparison done on 2/10/2016 5:09:30 PM** | |
|---|---|
| **Style name:** Option 3a Strikethrough Double Score No Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** dm://WILSR01A/779473/1 | |
| **Description:** QS - Revised OrderDec 31Lease Rejection Notice | |
| **Modified DMS:** dm://WILSR01A/779473/6 | |
| **Description:** QS - Revised OrderDec 31Lease Rejection Notice | |
| **Changes:** | |
| Add | 6 |
| Delete | 3 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 9 |