## EXHIBIT A

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------ x
: 
In re: : Chapter 11
: 
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
: 
Debtors.[1] : Jointly Administered
: 
------------------------------------ x  **Related Docket No. 731, 740**

**STIPULATION BY AND BETWEEN THE DEBTORS AND 55 THOMSON STREET INVESTMENTS, L.P.**

Quiksilver, Inc. ("ZQK") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "Quiksilver" or the "Company"), and 55 Thomson Street Investments, L.P., a Georgia limited partnership (the "Landlord", and together with the Debtors, the "Parties"), respectfully submit this proposed stipulation and agreed order (the "Stipulation").

**RECITALS**

WHEREAS, on September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Since the Petition Date, the Debtors have operated their businesses as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

WHEREAS, the Debtors and Landlord, as successor in title to 740 Associates, Ltd., are parties to that certain Lease Agreement dated July 17, 1998 (as subsequently amended and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

extended, including on May 29, 2012 and December 27, 2012, the "Lease Agreement"), pursuant to which the Debtors lease from the Landlord the real property located at the real property and improvements thereon commonly known as 740 Collins Avenue, Miami Beach, Florida 33139 (the "Property").

WHEREAS, the Court entered an order on January 29, 2016 [Docket No. 740] (the "Confirmation Order") confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and Its Affiliated Debtors and Debtors in Possession [Docket No. 731] (the "Plan").

WHEREAS, Article VII of the Plan provides for Unexpired Leases (as defined in the Plan) to be deemed automatically rejected as of the Effective Date (as defined in the Plan), unless such Unexpired Lease has been assumed or rejected, is assumed under the Plan, or is subject to a motion to assume or reject pending as of the Effective Date, as further set forth in the Plan.

WHEREAS, the Debtors and the Landlord are negotiating potential modifications or amendments to the Lease Agreement and desire to further those negotiations before a final determination on the assumption or rejection of the Lease Agreement occurs.

NOW THEREFORE, based on the foregoing, the Parties hereby stipulate and agree, subject to the approval of the Bankruptcy Court, as follows:

## STIPULATION

1. Notwithstanding Article VII of the Plan, the Lease Agreement shall not be assumed or rejected as of the Effective Date and, instead, the Debtors shall have until 5:00 p.m. (prevailing Eastern Time) on March 9, 2016, or such later date as agreed to by the Debtors and the Landlord in writing (without further Court order) (the period until such date, the "Decision Period"), to decide whether the Lease Agreement shall be assumed or rejected.

2. The Debtors shall not be required to pay rent or any other amounts due under the Lease Agreement from and after February 9, 2016 through the end of the Decision Period. The Landlord waives and releases any and all claims for such amounts.

3. The Landlord shall have an allowed administrative expense claim for rent under the Lease from January 1, 2016 until February 8, 2016 in the amount of $87,684, which shall be paid upon the earlier of (i) the conclusion of the Decision Period or (ii) the date of assumption or rejection of the Lease.

4. If at any time prior to the expiration of the Decision Period, the Debtors file a notice with the Bankruptcy Court indicating that the Debtors have elected to reject the Lease Agreement, the Lease Agreement shall immediately be deemed rejected as of the Effective Date, and the Rejection Damages Bar Date shall be extended as to the Landlord with respect to rejection of the Lease Agreement, until the date that is thirty days from the date such notice is filed with the Court and delivered to Landlord and its counsel.

5. If, at the end of the Decision Period, the Debtors have not filed any motion to assume the Lease or stipulation or other agreement or pleading with respect to assumption of the Lease, the Lease shall be automatically deemed rejected as of the Effective Date and the Rejection Damages Bar Date shall be extended as to the Landlord with respect to rejection of the Lease Agreement, until the date that is thirty days from the end of the Decision Period.

6. This Stipulation and the provisions contained herein shall be of no force or effect unless the Bankruptcy Court enters an order approving this Stipulation.

7. The Bankruptcy Court shall retain jurisdiction over any matters arising out of or related to this Stipulation and the assumption or rejection of the Lease Agreement, including any disputes over the Cure Amount.

8. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, and affiliates, and all other entities and individual persons seeking to claim and/or defend through the rights of the Parties.

9. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all of the Parties.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to such state's conflicts of laws principles.

11. The signatories to this Stipulation hereby represent and warrant that they have been authorized to execute this Stipulation and bind the Parties to the terms hereof.

12. This Stipulation may be executed in any number of counterparts and by facsimile or electronic transmission, each of which shall be an original, with the same effect as if the signatures hereto were upon the same document.

February 10, 2016

By: /s/ Van C. Durrer, II
Van C. Durrer, II (I.D. No. 3827)
Annie Li
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Fax: (213) 687-5600

- and -

Mark S. Chehi (I.D. No. 2855)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

By: /s/ Eric A. Rosen
Eric A. Rosen
FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone: (561) 802-9044
Facsimile: (561) 802-9976

*Counsel for 55 Thomson Street Investments L.P.*

- and -

John K. Lyons
Jessica Kumar
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*