**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                    : Chapter 11
:
QUIKSILVER, INC., *et al.*,               : Case No. 15-11880 (BLS)
:
   Debtors.[1]                            : Jointly Administered
:
                                          : **Obj. Due: March 4, 2016 at 4:00 p.m. (Eastern)**
                                          : **Hearing: March 9, 2016 at 9:30 a.m. (Eastern)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THIRD MONTHLY AND FINAL FEE APPLICATION OF
PETER J. SOLOMON COMPANY, L.P., AS INVESTMENT BANKER FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES FOR THE PERIOD FROM
SEPTEMBER 9, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016**

| | |
|---|---|
| Name of Applicant: | Peter J. Solomon Company, L.P. |
| Authorized to Provide Professional Services to: | Quiksilver, Inc., et al. |
| Date of Retention: | October 28, 2015 *nunc pro tunc* to September 9, 2015 |
| Monthly Period for which compensation and reimbursement is sought: | December 1, 2015 through and including February 11, 2016 |
| Final Period for which compensation and reimbursement is sought: | September 9, 2015 through and including February 11, 2016 |
| Amount of Monthly Compensation sought as actual, reasonable and necessary: | $6,593,165 |
| Amount of Monthly Expense Reimbursement sought as actual, reasonable and necessary: | $18,165 |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

| | |
|---|---|
| Amount of Final Compensation sought as actual, reasonable and necessary: | $8,625,000 |
| Amount of Final Expense Reimbursement sought as actual, reasonable and necessary: | $117,581 |
| Less: Amounts Paid to Date: | $1,739,416 |
| Net Amount of Requested: | $7,003,165 |

This is a/an: X monthly --- interim  X  final application.

The total time expended for fee application preparation was approximately 7 hours.

This is the third and final fee application filed by Peter J. Solomon Company, L.P. in the above-captioned matter.

Previous Applications Filed to Date:

| Date & Docket No. | Period Covered | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Amounts Paid | Balance Due |
|---|---|---|---|---|---|---|---|---|
| 11/25/2015 [497] | 9/09/2015 through 11/01/2015 | $1,900,000 | $59,224 | 12/18/2015 [579] | $1,900,000 | $59,224 | $1,579,224 | $380,000 |
| 01/11/2016 [643] | 11/01/2015 through 11/30/2015 | $150,000 | $40,192[2] | 2/1/2016 [750] | $150,000 | $40,192[2] | $160,192 | $30,000 |
| Current | 12/01/2015 through 2/11/2016 | $6,575,000 | $18,165 | [To Come] | N/A | N/A | N/A | $6,593,165 |
| **TOTAL** | | **$8,625,000** | **$117,581** | | **$2,050,000** | **$99,416** | **$1,739,416** | **$7,003,165** |

---

[2]  PJSC was reimbursed for expenses incurred during the Fee Period of $40,192, of which $5,672 was paid in cash by the Debtors and $34,520 was applied against previously reserved amounts. See Second Monthly Fee Application of Peter J. Solomon Company, L.P., as Investment Banker for the Debtors and Debtors in Possession, for Compensation of Services Rendered and Reimbursement of Expenses for the Period From November 1, 2015 Through and Including November 30, 2015 [Docket No. 643] the "(November Fee Application") at ¶ 19, as approved by Certificate of No Objection to Second Monthly Fee Application of Peter J. Solomon Company, L.P., as Investment Banker for the Debtors and Debtors in Possession, for Compensation of Services Rendered and Reimbursement of Expenses for the Period From November 1, 2015 Through and Including November 30, 2015 [Docket No. 750] for further detail information.

2

**COMPENSATION BY PROFESSIONAL PERSON**

**PETER J. SOLOMON COMPANY, L.P.**
**DECEMBER 1, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016**

| Name of Professional Individual | Position of the Applicant | Total Hours |
|---|---|---|
| Marc Cooper | Vice Chairman and Managing Director | 2.0 |
| Durc Savini | Managing Director | 80.0 |
| Ajay Bijoor | Director | 198.0 |
| Ben Zinder | Associate Director | 112.0 |
| Chris Moynihan | Senior Analyst | 201.0 |
| Ben Freeberg | Analyst | 106.0 |
| **TOTAL** | | **699.0** |

**COMPENSATION BY PROJECT CATEGORY**

**PETER J. SOLOMON COMPANY, L.P.**
**DECEMBER 1, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016**

| Project Category | Total Hours |
|---|---|
| Interface with Professionals, Official Committees and Other Parties-In-Interest | 73.5 |
| Business Operations Planning, Monitoring, Reporting and Analysis | 10.5 |
| Preparation and/or review of Court Filings | 57.5 |
| Court Testimony/Deposition and Preparation | 241.5 |
| Valuation Analysis | 144.5 |
| Capital Structure Review and Analysis | 153.0 |
| Merger & Acquisition Activity | 10.5 |
| General Corporate Finance, Research and Analysis and Other Due Diligence | 1.0 |
| Fee Application, Engagement | 7.0 |
| **TOTAL** | **699.0** |

## COMPENSATION BY PROFESSIONAL PERSON

### PETER J. SOLOMON COMPANY, L.P.
### SEPTEMBER 9, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016

| Name of Professional Individual | Position of the Applicant | Total Hours |
|---|---|---|
| Marc Cooper | Vice Chairman and Managing Director | 34.5 |
| Durc Savini | Managing Director | 247.5 |
| Ajay Bijoor | Director | 480.5 |
| Ben Zinder | Associate Director | 386.5 |
| Chris Moynihan | Senior Analyst | 513.5 |
| Ben Freeberg | Analyst | 379.5 |
| **TOTAL** | | **2,042.0** |

## COMPENSATION BY PROJECT CATEGORY

### PETER J. SOLOMON COMPANY, L.P.
### SEPTEMBER 9, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016

| Project Category | Total Hours |
|---|---|
| Interface with Professionals, Official Committees and Other Parties-In-Interest | 418.5 |
| Business Operations Planning, Monitoring, Reporting and Analysis | 155.0 |
| Preparation and/or review of Court Filings | 173.5 |
| Court Testimony/Deposition and Preparation | 292.0 |
| Valuation Analysis | 577.0 |
| Capital Structure Review and Analysis | 258.0 |
| Merger & Acquisition Activity | 126.5 |
| General Corporate Finance, Research and Analysis and Other Due Diligence | 16.0 |
| Fee Application, Engagement | 25.5 |
| **TOTAL** | **2,042.0** |

## EXPENSE SUMMARY

## PETER J. SOLOMON COMPANY, L.P.
## DECEMBER 1, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016

| Expense Category | Total Expenses |
|---|---:|
| Computer Legal Research* | $3,164 |
| In-House Reproduction** | $0 |
| Telecommunications | $709 |
| Business Travel, Meals & Lodging | $14,292 |
| Legal Fees | $0 |
| **TOTAL** | **$18,165** |

\* Computer-assisted legal research charges are billed at actual cost.
\*\* The requested rate for copying charges is $0.10 per page.

# EXPENSE SUMMARY

## PETER J. SOLOMON COMPANY, L.P.
## SEPTEMBER 9, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016

| **Expense Category** | **Total Expenses** |
|---|---:|
| Computer Legal Research* | $6,443 |
| In-House Reproduction** | $6,227 |
| Telecommunications | $7,394 |
| Business Travel, Meals & Lodging | $83,632 |
| Legal Fees | $13,835 |
| **TOTAL** | **$117,581**[3] |

\* Computer-assisted legal research charges are billed at actual cost.
\*\* The requested rate for copying charges is $0.10 per page.

---

[3] PJSC was reimbursed for expenses incurred during the Fee Period of $40,192, of which $5,672 was paid in cash by the Debtors and $34,520 was applied against previously reserved amounts.  See November Fee Application at ¶ 19.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
Debtors.[4] : Jointly Administered
:
: **Obj. Due: March 4, 2016 at 4:00 p.m. (Eastern)**
: **Hearing: March 9, 2016 at 9:30 a.m. (Eastern)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THIRD MONTHLY AND FINAL FEE APPLICATION OF
PETER J. SOLOMON COMPANY, L.P., AS INVESTMENT BANKER FOR THE
DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES FOR THE PERIOD FROM
SEPTEMBER 9, 2015 THROUGH AND INCLUDING FEBRUARY 11, 2016**

Peter J. Solomon Company, L.P. and its affiliate Peter J. Solomon Securities Company, LLC (collectively, "PJSC"), investment banker to the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), submit this application (the "Application"), seeking compensation for services rendered and reimbursement of expenses incurred as investment banker to the Debtors, for the period from December 1, 2015 through and including February 11, 2016 (the "Monthly Compensation Period") pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[4] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

Delaware (the "Local Rules") for the allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by PJSC during the Monthly Compensation Period and the period from September 9, 2015 through February 11, 2016 (the "Final Compensation Period"). By the Application, PJSC seeks a monthly allowance pursuant to the Interim Compensation Procedures with respect to the sums of $6,575,000 as compensation and $18,165 for reimbursement of actual and necessary expenses, for a total of $6,593,165 for the Monthly Period and a final allowance pursuant to the Interim Compensation Procedures and the Plan with respect to the sums of $8,625,000 as compensation and $117,581 as reimbursement of actual and necessary expenses, for a total of $8,742,581 for the Final Compensation Period. In support of this Application, PJSC respectfully represents as follows:

## BACKGROUND

4. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

7. Quiksilver is one of the world's leading outdoor sports lifestyle companies. The Company designs, develops and distributes branded apparel, footwear, accessories and

related products. The Company began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the Quiksilver brand founders in Australia. Today, the Company's business is rooted in the strong heritage and authenticity of its core brands, Quiksilver, Roxy, and DC, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, and motocross, among other activities. The Company's products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Company-owned retail stores, and its e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, ZQK, as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc. and seven inactive entities.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 20].

## RETENTION OF PJSC

9. On September 17, 2015, the Debtors applied to the Court for an order authorizing them to retain PJSC pursuant to an amended and restated engagement letter dated as of September 4, 2015 (the "Engagement Agreement"), as their investment banker, effective *nunc pro tunc* to the Petition Date [Docket No. 117] (the "Retention Application"). On October 28, 2015, the Court entered an order [Docket No. 381] (the "Retention Order") authorizing the

Debtors to employ PJSC as their investment banker, effective as of the Petition Date, in accordance with the provisions of the Retention Order and the Engagement Agreement.

## COMPENSATION PROCEDURES

10. On October 28, 2015, the Court entered the Order establishing the Interim Compensation Procedures [Docket No. 379] (the "Interim Compensation Procedures"), which set forth the procedures for compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

11. In particular, the Interim Compensation Procedures provide that a Professional will serve a monthly fee request (the "Monthly Fee Application") on or after the fifteenth (15th) day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within twenty one (21) days after the service of a Monthly Fee Application, the Professional may file with the Court a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtors are authorized to pay that Professional an amount equal to 80% of the fees and 100% of the expenses requested in the Monthly Fee Application. If an objection to the Monthly Fee Application is filed by a Notice Party, then the Debtors are authorized to pay 80% of the fees and 100% of the expenses not subject to an objection. The Interim Compensation Procedures further provide that at the close of the Chapter 11 Cases, on or before a date and time to be established by the Court, each Professional shall file with the Court and serve on the requisite notice parties a request for final Court approval and allowance, on a final basis, of compensation of all fees and reimbursement of expenses sought in the Monthly Fee Requests, including all amounts previously withheld (the "Final Fee Application").

12. On January 29, 2016, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Confirmation Order") [Docket No. 740] confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and Its Affiliated Debtors and Debtors in Possession [Docket No. 731] (the "Plan").  Pursuant to Article II of the Plan, Final Fee Applications for services rendered to the Debtors from the Petition Date through and including the Effective Date (as defined in the Plan and which occurred on February 11, 2016) shall be filed with the Bankruptcy Court on or before March 28, 2016, the first business day following the date that is forty-five (45) days after the Effective Date.  Per the Interim Compensation Procedures, parties have 21 days from the date of filing and service to object to such Final Fee Applications.

## COMPENSATION REQUESTED

13. PJSC seeks allowance of compensation for professional services rendered to The Debtors during the Final Compensation Period in the aggregate amount of $8,625,000. PJSC is seeking compensation equal to $6,575,000 in fees for professional services rendered by PJSC during the Monthly Compensation Period.  A summary of the charges is attached hereto as Exhibit A.  A summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought is attached hereto as Exhibit C.

14. PJSC also requests reimbursement of 100% of its actual and necessary out-of-pocket disbursements and charges incurred during the Monthly Compensation Period for $18,165. An expense detail is attached hereto as Exhibit B.

15. PJSC has attempted to include in this Application all time and expenses relating to the Monthly Compensation Period.  However, delays in the processing of time entries and in the receipt of expense invoices do occur.  Accordingly, PJSC reserves the right to

supplement this Application.  This Application is also made without prejudice to PJSC's right to seek a further allowance of compensation in the future.

16. Pursuant to the Retention Order, all compensation set forth in the PJSC Engagement Letter, including, without limitation, the Monthly Advisory Fee, the Restructuring Transaction Fee, the Sale Transaction Fee, and the DIP Financing fees, as such terms are defined in the Retention Application, was approved pursuant to sections 105(a), 327(a), and 328(a) of the Bankruptcy Code, subject to the following:  (a) the Restructuring Transaction Fee was reduced from $7,500,000 to $7,000,000 and (b) the Sale Transaction Fee was reduced from $7,500,000 to $7,000,000. On February 11, 2016, the Debtors' Plan went effective and the exit financing funded the Debtors emergence from bankruptcy. Based on the consummation of the Restructuring and Financings, as defined in the PJSC Engagement Letter, PJSC is seeking compensation equal to $6,575,000 in fees for professional services comprised of the Restructuring Transaction Fee, deferred monthly advisory fees, and Financing Fees.  The Restructuring Transaction Fee is net of crediting of 50% of the Monthly Advisory Fees and 100% of the DIP Financing Fee, for total credits of $2,125,000.

17. PJSC has received no promise of payment for professional services rendered or to be rendered in the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

**SUMMARY OF SERVICES RENDERED**

18. PJSC's strategic and financial expertise, as well as its capital markets knowledge, financing skills, and restructuring capabilities, played a critical role in the Debtors' successful emergence from chapter 11 protection.  Among other things, PJSC advised the Debtors in the following key areas during the fee period:

a) *Assistance with General Bankruptcy* – PJSC has participated in weekly, if not daily, planning sessions and other periodic meetings with the Debtors and their legal counsel concerning process and strategy issues related to the bankruptcy. PJSC has participated in numerous meetings with the Debtors' management and presented materials regarding bankruptcy process and strategic issues. PJSC professionals also worked with the Debtors to prepare court filings and attended court hearings.

b) *Meetings and Oversight of Diligence with Creditors* – PJSC prepared, reviewed, advised and assisted in the preparation of presentation materials for the Debtors' creditors (including the Unaffiliated Noteholders and the Official Committee of Unsecured Creditors) and their advisors to keep them informed about the Debtors' operations, financial projections, capital structure and other key events. PJSC engaged in weekly conversations with multiple creditors and their advisors. In addition, PJSC, in coordination with the Debtors' management and legal and restructuring advisors, conducted in-person and telephonic diligence sessions.

c) *Financial Analysis and Business Performance* – PJSC professionals assisted the Debtors' management in monitoring the business performance and in preparing various presentations and analyses related to the financial projections and cash flow forecasts.

d) *Sale of Substantially All of the Debtor's Assets* – PJSC professionals assisted the Debtors in contacting various parties in interest in regards to the sales process. PJSC also prepared marketing materials and facilitated the due diligence process for interested parties by participating on due diligence calls, coordinating and attending in-person meetings with management, populating the electronic data room, and providing information about the sale process as outlined in the bidding procedures.

19. Senior level professionals with extensive experience in the area of investment banking and bankruptcy services directed PJSC's team. The investment banking services set forth above were performed primarily by Marc Cooper (Vice Chairman), Durc Savini (Managing Director), Ajay Bijoor (Director), Ben Zinder (Associate Director), Chris Moynihan (Senior Analyst) and Ben Freeberg (Analyst). PJSC's general staffing policy is to assign senior bankers, experienced junior bankers and financial analysts to each restructuring assignment. The senior bankers were primarily responsible for developing strategy with respect to the case, directing negotiations and interfacing with the other senior professionals involved with the case. The

senior bankers were also responsible for day-to-day coordination of the case and the review of all financial analyses. The experienced junior bankers assisted in the day to day coordination of the case and guided the financial analyses. The senior bankers and the experienced junior bankers coordinated their actions so as to not duplicate efforts. Given that the senior bankers and the experienced junior bankers had different roles in the case but worked on overlapping matters, there were frequent times where it was appropriate for two or more bankers to be present at a meeting.

**ACTUAL AND NECESSARY EXPENSES INCURRED BY PJSC**

20. As set forth in Exhibit B attached hereto, PJSC has incurred a total of $117,581[5] during the Final Compensation Period.

21. PJSC's charges for expenses to the Debtors are determined in the same manner as for clients in non-bankruptcy matters. Out-of-pocket expenses incurred by PJSC are charged to a client if the expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client. PJSC does not factor general overhead expenses into disbursements charged to clients in connection with chapter 11 cases. PJSC has followed its general internal policies with respect to out-of-pocket expenses billed to the Debtors as set forth below, with any exceptions fully explained:

> a) *Computer Legal Research* – The research/database category consists of the cost of using databases (e.g., Capital IQ, ThomsonOne, Factiva, etc.) to which PJSC subscribes to search for and obtain information used in PJSC's financial analyses. PJSC pays the vendor's standard rate for such database services. In certain instances, PJSC has determined that paying a flat annual or monthly fee for such services is less costly than contracting for such services on a per use basis. Such annual or monthly services are allocated to clients based on such clients' use of

---

[5] PJSC was reimbursed for expenses incurred during the Fee Period of $40,192, of which $5,672 was paid in cash by the Debtors and $34,520 was applied against previously reserved amounts. See November Fee Application at ¶ 19.

each service. The research category also consists of charges from outside services, which supply, for a fee, financial documents from regulatory agencies, which cannot be obtained from databases subscribed to by PJSC.

b) *In-House Reproduction* – PJSC bills photocopying charges at the rate of $0.10 per page for black and white copies and $0.50 per page for color copies.

c) *Telecommunications* – PJSC bills for cost of conference calls with the Debtor, the Debtors' advisors and the creditors' advisors. PJSC uses a conferencing service and bills at its actual cost.

d) *Business Travel* – All airfare and other transportation charges incurred by PJSC's employees directly in connection with services to the client are billed to the client at cost. With respect to local travel, PJSC's general policy enables employees to travel by taxi or, in certain circumstances, by private car service, to and from meetings while rendering services to a client on a client related matter, for which the client is charged. This policy is based on PJSC's determination that travel by taxi or private car service is the most efficient use of a professional's time. PJSC's employees are not permitted to charge personal commuting expenses to a client unless the employee is traveling after 10:00 p.m. and has been required to work late as a result of the time exigencies of that client's matters.

e) *Business Meals* – PJSC's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such mealtime due to extreme time constraints. PJSC's employees are permitted to order meals in the office if PJSC's employee is required to work after 8:00 p.m. on weekdays or more than five (5) consecutive hours on weekends or holidays. Meal expenses incurred during meetings which employees and other meeting participants are required to attend are billed at cost.

### PJSC'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

22. The services summarized by this Application and rendered by PJSC to the Debtors during the Final Compensation Period were substantial, highly professional, and instrumental to Debtors in furtherance of their restructuring efforts. PJSC respectfully submits that the compensation and reimbursement requested by this Application is fair and reasonable in light of the nature and value of such services.

## NO PRIOR REQUEST

23. No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, PJSC respectfully requests that the Court authorize that (i) for the period from December 1, 2015 through February 11, 2016, a monthly allowance be made to PJSC pursuant to the terms of the Interim Compensation Procedures, with respect to the sum of $6,575,000 as compensation for professional services rendered, and the sum of $18,165 as reimbursement of actual and necessary costs and expenses, for a total of $6,593,165, and (ii) for the period from September 9, 2015 through February 11, 2016, a final allowance be made to PJSC pursuant to the terms of the Plan and the Interim Compensation Procedures, with respect to the sum of $8,625,000 as compensation for professional services rendered, and the sum of $117,581 as reimbursement of actual and necessary costs and expenses, for a total of $8,742,581, and that corresponding sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated:   February 12, 2016
         New York, NY

GINA GUTIERREZ
NOTARY PUBLIC, STATE OF NEW YORK
No. 01GU6239126
Qualified in New York
Commission Expires April 18, 20_19_

Peter J. Solomon Company

/s/ _____
Ajay Bijoor
Director
Peter J. Solomon Company, L.P. and
Peter J. Solomon Securities Company, LLC
1345 Avenue of the Americas
New York, NY 10105

**VERIFICATION**

AJAY BIJOOR, being duly sworn, deposes and says:

1. I am a Director of Peter J. Solomon Company, L.P. ("PJSC"), which maintains offices for providing investment banking services at 1345 Avenue of the Americas, New York, New York 10105. PJSC has acted as an investment banker to and rendered professional services on behalf of the Debtors.

2. This affidavit is submitted pursuant to Bankruptcy Rule 2016 in connection with PJSC's application (the "Application") for Allowance of Compensation and Reimbursement of Expenses for the time period from September 9, 2015 through and including February 11, 2016 in the amount of **$8,742,581.**

3. All of the services for which compensation is sought by PJSC were performed for and on behalf of the Debtors and not on behalf of any other person.

4. No agreement or understanding exists between PJSC and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

5. I have reviewed the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and I believe that this application complies with the Local Rule.

Dated:   February 12, 2016
         New York, NY

GINA GUTIERREZ
NOTARY PUBLIC, STATE OF NEW YORK
No. 01GU6239126
Qualified in New York
Commission Expires April 18, 20 /9

Peter J. Solomon Company
/s/
Ajay Bijoor
Director
Peter J. Solomon Company, L.P. and
Peter J. Solomon Securities Company, LLC
1345 Avenue of the Americas
New York, NY 10105

19