```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                    .   Chapter 11
IN RE:                              .
                                    .   Case No. 15-11880 (BLS)
QUIKSILVER, INC., et al,            .
                                    .
                                    .   Courtroom No. 1
                                    .   824 Market Street
              Debtors.              .   Wilmington, Delaware 19801
                                    .
. . . . . . . . . . . . . . . . .   .   Wednesday, February 10, 2016

                        TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE BRENDAN L. SHANNON
                CHIEF UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtors:              Michael R. Seidl, Esq.
                              PACHULSKI, STANG, ZIEHL
                               & JONES, LLP
                              919 North Market Street, 17th Floor
                              Wilmington, Delaware 19899

                              John Henry Schanne, II, Esq.
                              PEPPER HAMILTON, LLP
                              Hercules Plaza, Suite 5100
                              1313 Market Street
                              Wilmington, Delaware 19899

(Appearances Continued)


Audio Operator:               Electronically Recorded
                              by Ginger Mace, ECRO

Transcription Company:        Reliable
                              1007 N. Orange Street
                              Wilmington, Delaware 19801
                              (302)654-8080
                              Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

APPEARANCES VIA TELEPHONE:

For the Debtors:              Van C. Durrer, II, Esq.
                              Jessica Kumar, Esq.
                              Annie Li, Esq.
                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM, LLP

## INDEX

|  | Page |
|---|---|
| GECC MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE | 4 |
| DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS | 4 |
| DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS | 9 |

1         (Proceedings commence at 11:40 a.m.)

2         (Call to order of the Court)

3             THE COURT:  Please be seated.  Good morning, Mr.
4    Seidl, good to see you.

5             MR. SEIDL:  Good morning, Your Honor.  Nice to see
6    you, Your Honor.

7             For the record, Michael Seidl of Pachulski Stang on
8    behalf of the debtors.  And these are the Quiksilver cases.

9             Your Honor, we have three items on calendar this
10   morning.  The first is a General Electric Capital Corporation
11   motion with respect to certain post-petition amounts.  That
12   order, I believe, has been submitted under cert of counsel.

13            THE COURT:  And I think I've signed that order.

14            MR. SEIDL:  Very good, Your Honor.

15            THE COURT:  If you don't see it on the docket by the
16   end of the day, just give us a call, and we'll track it down,
17   but I didn't have any issue with it.

18            MR. SEIDL:  Thank you.

19            The next two items on the agenda are two omnibus
20   objections.

21            THE COURT:  Right.

22            MR. SEIDL:  They're claims that require a little bit
23   of discussion.

24            Item 2 is the debtors' first omnibus objection.
25   That's a non-substantive objection, objects to three categories

1  of claims:  True duplicate claims, that's the same claim

2  entered on the claims register twice.

3           Exhibit 2 on that objection is claims that have been

4  amended or superseded by a later claim.

5           And Exhibit 3 on the objection are equity claims; I

6  mean, that is, claims by shareholders that have --

7           THE COURT:  Right.

8           MR. SEIDL:  -- asserted they're priority, secured, or

9  unsecured claims on what ought to actually be stock claims.

10 We'd note also that, pursuant to class -- pursuant to the now-

11 confirmed plan, hadn't been confirmed yet when this was filed;

12 Class 9 equity interests are extinguished in their entirety.

13          That objection is supported by a declaration of Armen

14 Emrikian, a managing director at FTI, one of the directors'

15 [sic] financing and restructuring advisors.

16          We received three responses to the first omnibus

17 objection:  One informal from C&K Broadway 519, LLC, which

18 appears on Exhibit 1 as a duplicate claim.  They asked that we

19 switch the claims, make Claim 671 remain the claim, rather than

20 Claim 698.

21          THE COURT:  Uh-huh.

22          MR. SEIDL:  No difference, from our point of view.  We

23 agree to that.  That exhibit has been modified; that resolves

24 their objection.

25          Received two filed objections, which are included in

1  the hearing binder:

2              One by Todd Sells, with respect to Claim 440.  That's
3  an equity claim on Exhibit 3.  His response says, basically, my
4  claims should be allowed because it's a validly filed claim.
5  Because this was a procedural objection, Your Honor does not
6  actually have a copy of that objection.  We submitted -- I'm
7  sorry, of that claim.  We submitted claims with respect to the
8  substantive objections.

9              THE COURT:  Right.

10             MR. SEIDL:  I have copies of the claim, if Your Honor
11 would like to see that.

12             THE COURT:  Sure.  That would be great.

13             MR. SEIDL:  If I may approach?

14             THE COURT:  Yep.

15             MR. SEIDL:  At the same time, may I bring you the
16 second responding (indiscernible) --

17             THE COURT:  That would be great.  Thank you.

18             MR. SEIDL:  Your Honor, as you can see from the face
19 of the claim by Mr. Sells, Block 2 says --

20             THE COURT:  Right.  Both of them identify stock or
21 equity security holdings --

22             MR. SEIDL:  Right.  Stock, stock.

23             THE COURT:  -- as the basis.

24             MR. SEIDL:  With respect to the response by Mr.
25 Puglisi, also an equity claim, he says quite correctly that the

1   objection contains more than a hundred claims, which is in

2   violation of Federal Rule 7000(e).  The local provides that,

3   with respect to substantive objections, there should only be

4   150, without leave of the Court, but is silent with respect to

5   procedural.

6          To the extent that we need relief, I would request

7   that the Court permit us to file, to have this objection heard,

8   notwithstanding the fact that it includes more than a hundred

9   claims.

10         THE COURT:  I understand.

11         MR. SEIDL:  Both claims are stock claims.  And unless

12  the Court has any questions, we'd ask that those objections be

13  overruled and the requested relief be granted.

14         THE COURT:  Okay.  I understand.  So I understand the

15  C&K Broadway objection has been resolved.  And I would ask if -

16  - I've got objections from Todd D. Sells and from Mr. Stephen

17  Puglisi.  And I would ask if -- first, if Mr. Sells is on the

18  phone or present in the courtroom.  Mr. Sells?

19     (No verbal response)

20         THE COURT:  Okay.  Is Mr. Puglisi on the phone or

21  present in the courtroom?

22     (No verbal response)

23         THE COURT:  Very well.

24         I've had an opportunity to review the debtors'

25  objection, as well as the underlying claims, which are clearly

1  for equity securities.  I find that the debtors' objection is

2  well founded, and I will sustain the objection and expunge and

3  disallow the claims as filed.

4      The claims themselves, both in Section 2 of each claim

5  form, reflect that these are clearly for equity securities.

6  And the Court is aware that, pursuant to the confirmed plan,

7  equity securities in the debtor have been wiped out.

8      I want to be clear, notwithstanding that the objectors

9  are not present, the Court is certainly sympathetic to the

10 position of equity security holders.  They made an investment,

11 they had hopes of a return.  But the fact of the bankruptcy is

12 a fact of life.  And the Court has confirmed the plan, which

13 wipes out those interests; and, therefore, objections to those

14 claims are well-founded, and the debtors' objection will be

15 sustained.

16      Now do you have a form of order?

17      MR. SEIDL:  I do, Your Honor, if I may approach.

18      THE COURT:  That would be great.  Thank you.

19      MR. SEIDL:  Your Honor, and the form that I've just

20 presented differs form the form filed with the objection,

21 solely with respect to the change with respect to C&K.

22      THE COURT:  Right.  That sounds fine.

23      I would also note that, to the extent that there's an

24 objection with respect to the number of claims, I will overrule

25 that objection, and I will regard any deviation from the rule

1  regarding, again, amount and volume of claims as being
2  technical in nature, and not having done any substantive harm
3  or prejudice to the claimants.
4         So that objection is -- or that opposition is
5  overruled, and the debtors' objection to the claims, as I
6  stated, is granted.
7         MR. SEIDL:  Thank you, Your Honor.  I apologize for
8  having made that request after the fact.  We'll certainly be
9  attentive to the number of claims in the future.
10        THE COURT:  That's fine, I understand.
11        MR. SEIDL:  And thirdly, Your Honor, is the debtors'
12 second omnibus objection.  This is a substantive objection
13 because, although it deals with duplicate claims, they are on
14 Exhibit 1, we object to duplicate claims, the same claim filed
15 against different debtors.
16        Exhibit 2 are duplicate claims, claims filed by
17 individuals that duplicate claims filed as master claims by
18 indentured trustees, not within the ambit of a procedural
19 objection; so, thus, a substantive objection.
20        We received a couple of informal responses here, one
21 with -- from O'Melveny, one with respect to Pacific Employers.
22 Both were concerned that, prior to confirmation of the plan,
23 that the relief requested with respect to the claims on Exhibit
24 1 might be premature.  With respect -- upon confirmation of a
25 plan, O'Melveny's concern was obviated.  Pacific Employers

1  continues to be concerned, pending notice of the plan's

2  effective date, so we've agreed --

3          THE COURT:  So, once the effective date occurs, that

4  will resolve the uncertainty or the issue that Pacific

5  Employers has.

6          MR. SEIDL:  Correct.

7          THE COURT:  Okay.

8          MR. SEIDL:  I believe.  Notwithstanding that fact,

9  we've agreed to carve them out and carry them to the next

10 omnibus hearing in March.  We think, procedurally, there are

11 probably some other claims involved that can be dealt with,

12 without need for an objection, once the parties have an

13 opportunity to reconcile those, so they -- that may just go

14 away, entirely.

15         THE COURT:  Great.

16         MR. SEIDL:  So, with respect to that objection, then

17 based on the Emrikian Declaration and the arguments in the

18 pleading, we've requested that objection be granted.

19         THE COURT:  Okay.  Does anyone else wish to be heard

20 with respect to the debtors' second omnibus objection?

21    (No verbal response)

22         THE COURT:  Very well.

23         Based upon the record before me, I'm satisfied that

24 the debtors have carried their burden with respect to the

25 relief requested.  And so O'Melveny has been resolved and is

1   reflected, I assume, in the form of order.  And the Pacific

2   Employers Insurance issue is going to get kicked to -- March,

3   did you say?

4           MR. SEIDL:  Yes.  The next omnibus date, I believe, is

5   --

6           THE COURT:  Okay.

7           MR. SEIDL:  -- March 21st, at 10:30.

8           THE COURT:  That sounds fine.  And I'll be happy to

9   deal with it then, or at such time as is convenient for the

10  parties.

11          But with respect to the balance of the relief

12  requested, the debtors have carried their burden, the objection

13  is granted, and I would enter the order.

14          MR. SEIDL:  If I may approach --

15          THE COURT:  Yep.

16          MR. SEIDL:  -- with a clean and black-line?

17          THE COURT:  Sure.  Yep.  Thank you.

18          MR. SEIDL:  Thank you.

19          Your Honor, the form presented differs from the form

20  filed with the motion in the elimination of Pacific Employers

21  from Exhibit 1; also adds some language to the order that

22  provides for their adjournment to March 8.

23          THE COURT:  Great.  Okay.  That sounds fine.  We will

24  have this order on the docket shortly.

25          Do we have anything further?

1          MR. SEIDL:  That's everything on the agenda, Your
2    Honor.
3          THE COURT:  Let me ask a question.  And if you don't
4    have a handle on this, that's fine.  I would just then look
5    from some guidance from you at the next omnibus.
6          But with the case having been confirmed, I'm sure that
7    we'll have to deal with final fee applications and other
8    issues, but I'm not certain whether or not there's a ton of
9    claims administration and other stuff.  I know the debtor got
10   that -- got the claims process up and running, and usually,
11   there's a lot of separating wheat from chaff early in these
12   cases.
13         Is it your understanding that there's going to be a
14   lot more process to this case, or are we going to move steadily
15   toward wrapping it up; do you have a sense?
16         MR. SEIDL:  There will be some additional process.
17   There are the employee claims --
18         THE COURT:  Sure.
19         MR. SEIDL:  -- that were addressed at the confirmation
20   hearing, which will have to be addressed in some form.
21         THE COURT:  Okay.
22         MR. SEIDL:  And I have a couple other claims
23   objections in process.  I don't know that we've scoured to the
24   bottom of the barrel to see how many more there are going to be
25   behind that, but there will be at least one more --

1         THE COURT:  Okay.  That's fine.

2         MR. SEIDL:  -- (indiscernible)

3         THE COURT:  And I want to be clear.  I'm not pushing

4    you one way or the other; I'm just trying to have a sense of

5    where the case is headed.

6         Is it your understanding that there will be a

7    significant number of Chapter 5 actions, avoidance actions

8    filed?

9         MR. SEIDL:  I have no information with respect to

10   that, Your Honor.

11        THE COURT:  Okay.  That's fine.  And I'm not trying to

12   sandbag you or anything.  I just want to -- again, with these

13   kind of cases, when we get immediately post-confirmation, we

14   generally look at them as being routine, just as this hearing

15   is.  And then, sometimes, we get surprised, and we've scheduled

16   15 minutes for a particular hearing, and then I come in and I

17   see a whole bunch of people that look like witnesses and

18   everything else.

19        And you guys are very, very good about keeping us

20   posted, and I certainly appreciate that.  But I was just trying

21   to get a sense of where it goes.  And I think I've got as good

22   a handle as I need for the moment.

23        So the orders have been signed, and we'll have them on

24   the docket today, and we'll stand in recess.

25        MR. SEIDL:  Thank you, Your Honor.

```
1                THE COURT:  Thank you very much.
2        (Proceedings concluded at 11:52 a.m.)
3                           *****
```

1                          CERTIFICATION

2          I certify that the foregoing is a correct transcript

3     from the electronic sound recording of the proceedings in the

4      above-entitled matter to the best of my knowledge and ability.

5

6

7     /s/ Coleen Rand                         February 15, 2016

8     Coleen Rand

9     Certified Court Transcriptionist

10    For Reliable