UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 Bankruptcy |
| ) | |
| ) | Case No. 15-11880 (BLS) |
| ) | |
| QUIKSILVER, INC., *et al* ) | (Jointly Administered) |
| ) | Re: Doc. No. 764 |
| ) | Hrg. Date: March 31, 2016, 10:30 a.m. (Eastern) |
| Debtors. ) | |
| ) | |

**LIMITED OBJECTION OF PORT LOGISTICS GROUP, INC. TO DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULES 6006 AND 9014 AUTHORIZING THE DEBTORS TO (I) ASSUME CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AS OF THE EFFECTIVE DATE OF THE DEBTORS' PLAN OF REORGANIZATION AND (II) PAY CERTAIN CURE AMOUNTS DUE THEREUNDER**

Port Logistics Group, Inc. ("PLG"), through its attorneys, hereby submits this limited objection to Debtors' First Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014 Authorizing the Debtors to (I) Assume Certain Executory Contracts and Unexpired Leases as of the Effective Date of the Debtors' Plan of Reorganization and (II) Pay Certain Cure Amounts Due Thereunder (the "Assumption Motion"). While PLG does not oppose the assumption of its executory contract, PLG does dispute the stated $0 cure amount, and in support thereof, states as follows:

1. On or about January 1, 2015, Quiksilver, Inc. and/or one or more of its affiliates (collectively, "Debtors") and PLG entered into a Warehouse Services Agreement whereby PLG agreed to, among other services, provide warehouse services to Debtors (together with its amendment, schedules, attachments and ancillary agreements, the "Warehouse Agreement"). The Warehouse Agreement is an executory contract pursuant to 11 U.S.C. § 365.

2. The Assumption Motion seeks to assume the Warehouse Agreement and asserts that no cure payment is required to assume it. That assertion is incorrect. As evidenced by the Proof of Claim filed by PLG on November 17, 2015 (Claim Number 429) and the attached Declaration of Martin Brogden, Debtors are indebted to PLG under the terms of the Warehouse

Agreement for three unpaid prepetition invoices representing one-month of services, in the aggregate amount of $413,790.05 (the "Prepetition Default"). A copy of the Proof of Claim is attached to the Brogden Declaration as Exhibit A. Debtors have not objected to PLG's Proof of Claim.

3.  "Because executory contracts and unexpired leases involve a continuing relationship between the debtor and other parties, section 365 'gives special treatment to rights and liabilities flowing from these contracts and leases.'" *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.),* 209 F.3d 291, 298 (3d Cir. Del. 2000) (citing 2 *Norton Bankruptcy Law & Practice* 2d § 39:1, at 39-6 (William L. Norton, Jr. ed., 1997)). Section 365 of the Bankruptcy Code prohibits a debtor in possession from assuming an executory contract or unexpired lease unless it cures all monetary defaults in full – including all monetary defaults that arise both pre- and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *accord, Rickel Home Ctrs., supra.* "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 *Collier on Bankruptcy* § 365.06[2] (16th ed. 2015).

4.  Based on the foregoing, PLG requests that the Court require Debtors to cure the Prepetition Default as a condition of assumption of the Warehouse Agreement.

Dated: February 22, 2016

Respectfully submitted,

FINEMAN KREKSTEIN & HARRIS PC

By: /s/ Deirdre M. Richards
    Deirdre M. Richards (#4191)
    1801 Market Street, Suite 1100
    Philadelphia, PA 19103
    Telephone: (215) 893-8703

Attorneys for Port Logistics Group, Inc.