UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUIKSILVER, INC., *et al*<br><br>      Debtors. | Chapter 11 Bankruptcy<br><br>Case No. 15-11880 (BLS)<br><br>(Jointly Administered)<br><br>Hrg. Date: March 31, 2016, 10:30 a.m. (Eastern) |

**DECLARATION OF MARTIN K. BROGDEN IN SUPPORT OF LIMITED OBJECTION OF PORT LOGISTICS GROUP, INC. TO DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULES 6006 AND 9014 AUTHORIZING THE DEBTORS TO (I) ASSUME CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AS OF THE EFFECTIVE DATE OF THE DEBTORS' PLAN OF REORGANIZATION <u>AND (II) PAY CERTAIN CURE AMOUNTS DUE THEREUNDER</u>**

  I, Martin K. Brogden, declare as follows:

  1. I am over the age of 18 and competent to testify. I am the Chief Financial Officer of Port Logistics Group, Inc. ("PLG"). I submit this declaration (this "Declaration") in support of PLG's limited objection to the Debtors' First Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rules 6006 and 9014 Authorizing the Debtors to (I) Assume Certain Executory Contracts and Unexpired Leases as of the Effective Date of the Debtors' Plan of Reorganization and (II) Pay Certain Cure Amounts Due Thereunder.

  2. As to the following facts, except where stated on information and belief, I know them to be true of my own knowledge or I have gained knowledge of them from my review of my records, and if sworn as a witness, I could and would testify competently to the truth thereof.

  3. On or about January 30, 2015, Quiksilver, Inc. and/or one or more of its affiliates (collectively, "Debtors") and PLG entered into a Warehouse Services Agreement whereby PLG agreed to, among other services, provide warehouse services to Debtors (together with its

amendment, schedules, attachments and ancillary agreements, the "Warehouse Agreement").

4. On or about October 20, 2015, Debtors' Chief Financial Officer, Andrew Bernjes, and I agreed to an arrangement whereas Debtors would pay PLG in advance for the post-petition warehouse services provided to Debtors. By doing so, during the pendency of Debtors' bankruptcy cases, PLG's cash flow was not impacted by the failure to pay the unpaid pre-petition invoices. We further agreed that, upon Debtors' emergence from bankruptcy, PLG could offset the proceeds of the advance payment against the three unpaid prepetition invoices in the amount of $413,790.05. If PLG does so, thereby curing the Prepetition Default, and Debtors continue to only make advance payments, not all of the payments required to be paid under the Warehouse Agreement will be paid. If PLG does not offset, the $413,790.05 Prepetition Default will not be cured.

5. A complete and accurate copy of the Proof of Claim is attached hereto as Exhibit A. The Debtors have not objected to PLG's Proof of Claim.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 22nd day of February 2016, at City of Industry, California.

_____
Martin K. Brogden
Declarant

# EXHIBIT A

B 10 Modified (Official Form 10) (04/13)

# UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE | PROOF OF CLAIM

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form**.)

- [x] Quiksilver, Inc. (Case No. 15-11880)
- [ ] QS Wholesale, Inc. (Case No. 15-11881)
- [ ] DC Direct, Inc. (Case No. 15-11882)
- [ ] DC Shoes, Inc. (Case No. 15-11883)
- [ ] Fidra, Inc. (Case No. 15-11884)
- [ ] Hawk Designs, Inc. (Case No. 15-11885)
- [ ] Mt. Waimea, Inc. (Case No. 15-11886)
- [ ] QS Optics, Inc. (Case No. 15-11887)
- [ ] QS Retail, Inc. (Case No. 15-11888)
- [ ] Quiksilver Entertainment, Inc. (Case No. 15-11889)
- [ ] Quiksilver Wetsuits, Inc. (Case No. 15-11890)

NOTE: This form should not be used to make a claim for an administrative expense (*other than a claim asserted under 11 U.S.C. § 503(b)(9)* arising after the commencement of the case. A "request" for payment of an administrative expense (*other than a claim asserted under 11 U.S.C. § 503(b)(9)*) may be filed pursuant to 11 U.S.C § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Port Logistics Group

**Name and address where notices should be sent:**
Port Logistics Group
c/o Martin K. Brogden
288 Mayo Avenue
City of Industry, CA 91789

Copy to:  Pamela Webster, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Telephone number: (909) 839-4111, ext. 4228    email: mbrogden@portlogisticsgroup.com

**Name and address where payment should be sent (if different from above):**
Same as above.

Telephone number:    email:

- [ ] Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

**Filed on:** _____

- [ ] Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ 423,000.00 (not less than)

   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.

   - [ ] Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** See Addendum
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** ___ ___ ___ ___

   3a. Debtor may have scheduled account as: _____ (See instruction #3a)

   3b. Uniform Claim Identifier (optional): _____ (See instruction #3b)

4. **Secured Claim** (See instruction #4)
   Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:
   Value of Property: $_____  Annual Interest Rate _____%  ☐ Fixed  ☐ Variable
   (when case was filed)

   Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

   - [ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   - [ ] Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
   - [ ] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
   - [ ] Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   - [ ] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   - [ ] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**
   $_____

   \* Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
   $_____ (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #8, and the definition of "redacted".)*   See Addendum

   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

9. **Signature:** (See instruction #9)
   Check the appropriate box.

   - [x] I am the creditor.
   - [ ] I am the creditor's authorized agent.
   - [ ] I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
   - [ ] I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

   I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

   Print Name: Martin K. Brogden
   Title: Chief Financial Officer
   Company: Port Logistics Group
   Address and telephone number (if different from notice address above):
   288 Mayo Avenue
   City of Industry, CA 91789

   (Signature) *[signed]*   11/13/15 (Date)

   Telephone number: (909) 839-4111, ext. 4228    Email: mbrogden@portlogisticsgroup.com

**COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ADDENDUM TO PROOF OF CLAIM

**Background**

1. On or about January 1, 2015, Quiksilver, Inc. and/or one or more of its affiliates (collectively "Debtor"), and Port Logistics Group ("PLG"), entered into a Warehouse Services Agreement whereby PLG would, among other services, provide warehouse services to Debtor (together with its amendment, schedules, attachments and ancillary agreements, the "Agreement").

2. The Agreement is an executory contract pursuant to 11 U.S.C. § 365.

3. Debtor filed a petition for relief under chapter 11 of the title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware on September 9, 2015 (the "Petition Date"), thereby commencing the "Bankruptcy Case."

**Pre-Petition Claim**

4. As of the Petition Date, Debtor was and remains obligated to PLG under the Agreement in the amount of not less than $423,000 for services and expenses under the Agreement.

**Post-Petition Claim**

5. No post-Petition Date defaults currently exist under the Agreement. If any such defaults occur, PLG reserves all of its rights and remedies in connection with any such defaults including, but not limited do, amending this Proof of Claim.

**Rejection Damage Claim**

6. As of the date hereof, Debtor has neither assumed nor rejected the Agreement. PLG reserves all of its rights and remedies in connection with any such defaults including, but not limited do, amending this Proof of Claim.

**Documents**.

7. Due to their voluminous nature, as well as to preserve the unnecessary dissemination of contractually confidential information, a copy of the Agreement and other relevant information is not attached to this Proof of Claim. The Agreement and all other relevant information is in the possession of Debtor. In addition, a copy of the Agreement may be obtained by the appropriate parties by written request to counsel for PLG at the address indicated on the first page of this Proof of Claim.

BN 19508408v1

**Reservation of Rights**

8. PLG reserves its right to amend this Proof of Claim from time to time to restate the amount of the Claim or include additional amounts for additional claims that may arise or have arisen based on the obligations of Debtor under the Agreement or by operation of law. In addition, PLG reserves its rights to add to the Claim all amounts that may be due or become due after the Petition Date for post-petition interest, fees, charges and other expenses pursuant to the Agreement, to the extent allowed by law.

9. This Proof of Claim is filed under the compulsion of the bar date established in the Bankruptcy Case and is filed to protect PLG from forfeiture of claims. The filing of this Proof of Claim is not and shall not be deemed or construed as a waiver or release of PLG rights in law or as against any person, entity or property.