**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------------- x
                                                                      :
In re:                                                                : Chapter 11
                                                                      :
QUIKSILVER, INC., *et al.*,[1]                                        : Case No. 15-11880 (BLS)
                                                                      :
                        Debtors.                                      : (Jointly Administered)
                                                                      :
                                                                      : **Hearing Date: Only if an objection is filed**
--------------------------------------------------------------------- x **Objection Deadline: March 14, 2016 at 4:00 p.m. (ET)**

**SECOND MONTHLY APPLICATION OF PJT PARTNERS INC.
AS INVESTMENT BANKER TO THE OFFICIAL OF COMMITTEE
UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION
FOR NECESSARY SERVICES RENDERED AND FOR THE
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY
EXPENSES INCURRED FOR THE PERIOD
NOVEMBER 1, 2015 THROUGH DECEMBER 31, 2015**

## SUMMARY SHEET

Name of Applicant:                              PJT Partners Inc.

Authorized To Provide
Professional Services to:                       Official Committee of Unsecured Creditors

Period for Which Compensation
and Reimbursement Is Sought:                    November 1, 2015 through December 31, 2015

| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | Total Before Holdback | (Holdback @ 20%) |
|---|---|---|
| | $300,000 | ($60,000) |

Amount of Expense Reimbursement
sought as Actual, Reasonable, and Necessary:    $0.00

Amount of Cash Payment Sought:                  $240,000

The total time expended for the preparation of this fee application was 3 hours and the
corresponding compensation requested is $0.00.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington beach, California 92649.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
: 
In re:                                                                  :    Chapter 11
                                                                        :
QUIKSILVER, INC., *et al.*,[1]                                          :    Case No. 15-11880 (BLS)
                                                                        :
                          Debtors.                                      :    (Jointly Administered)
                                                                        :
                                                                        :    **Hearing Date: Only if an objection is filed**
---------------------------------------------------------------------- x    **Objection Deadline: March 14, 2016 at 4:00 p.m. (ET)**

## SECOND MONTHLY APPLICATION OF PJT PARTNERS INC. AS INVESTMENT BANKER TO THE OFFICIAL OF COMMITTEE UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR NECESSARY SERVICES RENDERED AND FOR THE REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2015 THROUGH DECEMBER 31, 2015

PJT Partners Inc. ("PJT") respectfully represents as follows:

## I. Background

1.    During the Second Compensation Period (as defined below), PJT acted as investment banker to the Official Committee of Unsecured Creditors (the "Committee") of Quiksilver, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors").

2.    On September 9, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington beach, California 92649.

3. On September 22, 2015 (the "Formation Date"), the Office of the United States Trustee for the District of Delaware appointed five of the Debtors' unsecured creditors to serve as members of the Committee. On September 28, 2015, the Committee was expanded to include two additional members.[2]

4. On October 27, 2015, the Committee applied to the Court for an order authorizing the Committee to retain PJT as its investment banker *nunc pro tunc* to September 29, 2015 [Docket No. 369] pursuant to that certain engagement agreement (the "Agreement") dated October 20, 2015. A copy of the Agreement is attached hereto as Appendix A.

5. On October 28, 2015, this Court entered an order (the "Compensation Procedures Order") establishing procedures for interim compensation and reimbursement of expenses of professionals [Docket No. 379].

6. On November 13, 2015, this Court entered an order (the "Retention Order") authorizing the Committee to employ PJT as their investment banker *nunc pro tunc* to September 29, 2015 [Docket No. 443]. A copy of the Retention Order is attached hereto as Appendix B.

7. PJT submits this second monthly application (the "Monthly Application") requesting the allowance of compensation for actual and necessary professional services rendered by it as investment banker to the Committee for the period of November 1, 2015 through December 31, 2015 (the "Second Compensation Period"), and for the reimbursement of all actual and necessary out-of-pocket expenses incurred during the Second Compensation Period.

8. Professional services and out-of-pocket expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Committee pursuant to chapter 11 of the Bankruptcy Code.

---

[2] On September 28, 2015, Global Brands Group resigned from the Committee, New Generation Advisors, LLC resigned from the Committee on January 28, 2016, and T. Rowe Price Credit Opportunities Fund Inc., and Wilfrid Global Opportunity Fund resigned from the Committee on January 29, 2016.

## II. **The Committee's Engagement of PJT**

9.  Pursuant to the Agreement, PJT was retained to provide the following services to the Committee:

    (a) assist in the evaluation of the Debtors' businesses and prospects;

    (b) assist in the evaluation of the Debtors' long-term business plan and related financial projections;

    (c) assist in the development of financial data, analyses and presentations to the Committee;

    (d) analyze the Debtors' financial liquidity and evaluate alternatives to improve such liquidity;

    (e) analyze various restructuring scenarios and the potential impact of these scenarios on the recoveries of unsecured creditors;

    (f) evaluate the Debtors' debt capacity and alternative capital structures;

    (g) participate in negotiations among the Committee, the Debtors and their other creditors, suppliers, lessors, and other interested parties;

    (h) value consideration offered by the Debtors to the unsecured creditors in connection with a Restructuring (as defined in the Agreement);

    (i) provide expert witness testimony concerning any of the subjects encompassed by the investment banking services; and

    (j) provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a Restructuring as requested and mutually agreed.

10. Pursuant to the Agreement, as approved by the Retention Order, the Debtors will pay PJT as follows in consideration for the services to be rendered:[3]

    (a) a monthly advisory fee (the "<u>Monthly Fee</u>") in the amount of $150,000 in cash;

    (b) an additional fee (the "<u>Restructuring Fee</u>") equal to $2,000,000. Fifty percent (50%) of all Monthly Fees beginning after the fourth Monthly Fee paid shall be credited against the Restructuring Fee. Except as otherwise provided in the Agreement, the Restructuring Fee shall be earned and payable, in cash, either (a) upon emergence from chapter 11 pursuant to a plan of reorganization confirmed in connection with any case or cases commenced by the Debtors under the Bankruptcy Code, or (b) in the case of a sale, upon the closing date of such sale; and

---

[3] This description of PJT's compensation structure is for summary and illustrative purposes only. The terms of the Agreement and the Retention Order shall apply to any such compensation awarded to PJT.

(c) reimbursement of all reasonable out-of-pocket expenses incurred during PJT's engagement, including, but not limited to, travel and lodging, direct identifiable data processing, document production, publishing services and communication charges, courier services, working meals, reasonable fees and expenses of PJT's counsel and other necessary expenditures, payable upon rendition of invoices setting forth in reasonable detail the nature and amount of such expenses in accordance with the terms of the Compensation Procedures Order.

### III. Services Provided by PJT During the Second Compensation Period

11. The nature of the work performed by PJT during the Second Compensation Period included the following:

(a) reviewing and performing diligence on financial projections and the business plan prepared by the Debtors and their advisors;

(b) performing valuation work on the Debtors and their foreign subsidiaries, including the preparation of an expert report;

(c) performing analysis related to diminution in value of the collateral of the Debtors' pre-petition secured creditors;

(d) supporting litigation efforts of the Committee in connection with confirmation of the Debtors' plan of reorganization;

(e) preparing for mediation between the Debtors, Oaktree Capital Management LP ("Oaktree"), and the Committee;

(f) conducting diligence and providing input on all motions filed by the Debtors and preparing related analyses;

(g) participating on teleconferences with the Committee to facilitate review of each motion filed by the Debtors;

(h) monitoring the sale process conducted by the Debtors and their advisors;

(i) identifying and contacting potential investors in the reorganized Debtors;

(j) attending diligence sessions with the Debtors and their advisors;

(k) monitoring the Debtors' financial results and liquidity position; and

(l) preparing other financial diligence and analyses at the request of the Committee.

### IV. The PJT Team

12. The financial services set forth above were performed primarily by: Michael Genereux, Partner; Jamie Baird, Partner; Josh Abramson, Vice President; and Samuel Rappaport,

Analyst. Details of the background and experience of these professionals are provided in Appendix C.

### V. PJT's Request for Compensation and Reimbursement of Expenses

13. For the Second Compensation Period, PJT seeks (a) interim allowance of compensation in the amount of $300,000, (b) payment of compensation in the amount of $240,000 (representing 80% of $300,000), and (c) the reimbursement of out-of-pocket expenses incurred in the amount of $0.00. Additional out-of-pocket expenses that PJT has incurred but not yet processed due to timing will be submitted at a later date.

14. A summary of all fees earned and out-of-pocket expenses recognized during the Second Compensation Period is outlined below:

| Second Compensation Period | Fees | Holdbacks @ 20% | Fees, Less Holdbacks | Out-Of-Pocket Expenses | Amount(s) Due |
|---|---|---|---|---|---|
| November 1 – 30, 2015 | $150,000.00 | ($30,000.00) | $120,000.00 | $-- | **$120,000.00** |
| December 1 – 31, 2015 | 150,000.00 | (30,000.00) | 120,000.00 | -- | 120,000.00 |
| **Totals** | **$300,000.00** | **($60,000.00)** | **$240,000.00** | **$--** | **$240,000.00** |

15. PJT respectfully submits that the compensation requested for the services rendered by PJT to the Committee during the Second Compensation Period is fully justified and reasonable based upon (a) the complexity of the issues presented, (b) the skill necessary to perform the financial advisory services properly, (c) the preclusion of other employment, (d) the customary fees charged to clients in non-bankruptcy situations for similar services rendered, (e) time constraints required by the exigencies of the case, and (f) the experience, reputation and ability of the professionals rendering services.

16. PJT respectfully submits that the services it has rendered to the Committee have been necessary and in the best interests of the Committee and the Debtors' estates. PJT respectfully submits that under the criteria normally examined in chapter 11 reorganization cases, the

compensation requested by PJT is reasonable in light of the work performed by PJT to date in this case.

17. The amount of the fees sought in this application and PJT's billing practices are consistent with market practices in a bankruptcy context. PJT has never billed its clients based on the number of hours expended by its professionals. Accordingly, PJT does not have hourly rates for its professionals, and PJT's professionals generally do not maintain detailed time records of the work performed for its clients. However, PJT has maintained contemporaneous time records in the Debtors' cases in one-half hour increments. Time records of the 414.5 hours expended by PJT professionals in providing financial advisory services to the Debtors during the Second Compensation Period are provided in Appendix D.

18. Out-of-pocket expenses incurred by PJT are charged to a client if out-of-pocket expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client. PJT does not factor general overhead expenses into any disbursements charged to its clients in connection with chapter 11 cases. PJT has followed its general internal policies with respect to out-of-pocket expenses billed to the Debtors as set forth below, with any exceptions specifically explained.

    (a) All cross-country airfare charges are based upon coach class rates.

    (b) With respect to local travel, PJT's general policy enables employees to travel by taxi or, in certain circumstances, private car service to and from meetings while rendering services to a client on a client related matter, for which the client is charged. Further, and primarily for safety reasons, employees are permitted to charge to a client the cost of transportation home if an employee is required to work past 9:00 p.m. on client-specific matters.

    (c) PJT's general policy permits its professionals to charge in-office dinner meals 3 hours beyond their regularly scheduled workday if an employee is required to provide services to the client during such dinnertime, and to charge in-office meals on the weekend if an employee is required to provide services to a client on the weekend.

    (d) The Document Production category of expenses includes charges from outside service companies that provide, for a fee, high volume photocopying services on an

expedited basis to PJT; and charges for internal photocopying services provided by PJT. PJT bills internal Document Production charges at the rate of $0.10 per page for black and white, and color photocopies.

(e) The External Research category of expenses includes charges from outside computer/electronic service companies that supply, for a fee, research and/or financial documents to PJT.  The services provided by these companies primarily consist of the retrieval of financial documents from regulatory agencies and/or the retrieval of research that would not otherwise be available to PJT. The Internal Research category of expenses are the charges for time spent by PJT research staff in operating the computer/electronic terminals related to these computer/electronic service companies.

(f) The Publishing Services category of expenses includes charges for the production of text-based publications such as research reports and presentations, and printing and binding services.

19. An invoice detailing the Monthly Fees earned and out-of-pocket expenses incurred during the Second Compensation Period is attached hereto as Appendix E.

20. No prior application for the relief requested herein has been made.

21. All services for which PJT requests compensation were performed for and on behalf of the Committee and not on behalf of any other person or stakeholder.

22. No agreement or understanding exists between PJT and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

## VI. Requested Relief

**WHEREFORE**, PJT respectfully requests that the Court:

(a) allow, on an interim basis, $300,000 as compensation for professional services rendered by PJT as investment banker to the Committee during the Second Compensation Period;

(b) allow the payment of $240,000 (80% of $300,000) as compensation for professional services rendered by PJT as investment banker to the Committee during the Second Compensation Period; and

(c) grant such other and further relief as this Court deems just and proper.

Dated: February _22_, 2016

<div style="margin-left:50%">

PJT Partners Inc., Investment Banker to the Official Committee of Unsecured Creditors

By:_____

    Michael Genereux
    Partner
    280 Park Avenue
    New York, NY 10017
    (212) 364-7800

</div>

8

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x
:
In re:                                                                                    :    Chapter 11
:
QUIKSILVER, INC., *et al.*,                                                      :    Case No. 15-11880 (BLS)
:
Debtors.                              :    (Jointly Administered)
:
:
---------------------------------------------------------------------- x

**<u>CERTIFICATION OF MICHAEL GENEREUX</u>**

Michael Genereux, certifies as follows:

1.  I am a Partner of PJT Partners Inc. ("<u>PJT</u>"), a financial advisory firm whose principal address is 280 Park Avenue, New York, New York 10017. I make this certification in accordance with Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") regarding the contents of applications for compensation and expenses.

2.  I have read PJT's monthly application for allowance of compensation for services rendered and reimbursement of expenses as investment banker to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Quiksilver, Inc. and its affiliated debtors and debtors-in-possession (collectively the "<u>Debtors</u>") for the period of November 1, 2015 through December 31, 2015 (the "<u>Monthly Application</u>").

3.  I have reviewed the requirements of the Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "<u>Guidelines</u>") and the Local Rules, and I believe that the Monthly Application complies with the Guidelines and the Local Rules, except as specifically noted in the Monthly Application.

Dated: February 2̲2̲, 2016            By:_____

                                                     Michael Genereux
                                                     Partner

2