IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |

Objection Deadline: March 24, 2016, at 4:00 p.m.
Hearing Date: March 31, 2016, at 10:30 a.m.

**DEBTORS'**
**THIRD OMNIBUS OBJECTION, PURSUANT TO SECTIONS 105 AND 502**
**OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL**
**RULE 3007-1, TO (I) DUPLICATE CLAIMS FILED AGAINST DIFFERENT**
**DEBTORS, (II) DUPLICATE CLAIMS, (III) AMENDED AND SUPERSEDED**
**CLAIMS, (IV) STOCK CLAIMS, (V) LATE CLAIMS (NON-SUBSTANTIVE)**

Quiksilver, Inc., and certain of its affiliated entities, post-confirmation debtors in

the above-captioned cases (the "Debtors") hereby submit their third omnibus objection (the

"Objection") seeking an order substantially in the form attached hereto (the "Proposed Order"),

disallowing and expunging the claims identified on Exhibit A, Exhibit B, and Exhibit C,

Exhibit D, and Exhibit E to the Proposed Order for the reasons more fully described below and

in the Exhibits. In support of this Objection, the Debtors have filed concurrently herewith the

*Declaration of Armen Emrikian in Support of Debtors' Third Omnibus Objection, Pursuant to*

*Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to*

*(I) Duplicate Claims Filed Against Different Debtors, (II) Duplicate Claims, (III) Amended and*

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc.
(8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505),
Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors'
corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

*Superseded Claims, (IV) Stock Claims, and (V) Late Claims (Non-Substantive)*, and respectfully represent as follows:

**ATTENTION:  Please take notice that, if a claim that you filed against the Debtors is identified on the schedules attached to the Proposed Order as <u>Exhibit A-E</u>, the Debtors have objected to that claim with this Objection.  This Objection therefore directly affects your rights, and your claim may be disallowed as a result of the granting of the relief sought in this Objection.  Please carefully review the accompanying *Notice of Debtors' Third Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) Duplicate Claims Filed Against Different Debtors, (II) Duplicate Claims, (III) Amended and Superseded Claims, (IV) Stock Claims, and (V) Late Claims (Non-Substantive)* (the "<u>Notice</u>") for important information regarding both (i) the deadline and procedure for filing any response to the Objection and (ii) the date of the hearing on the Objection.  Any response to the Objection should be filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), at the address identified in the Notice, and served on the Notice Parties as identified in the Notice.  If neither you nor your attorney respond to this Objection by the deadline set forth in the Notice, the Court may decide that you have waived any right to oppose the Objection to your claim.**

<u>Jurisdiction and Venue</u>

1.      The Bankruptcy Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105 and 502 of chapter 11 of Title 11, United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal

2

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules

for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

3.       On September 9, 2015 (the "Petition Date"), the Debtors each commenced

a voluntary case (the "Chapter 11 Cases") by filing a petition for relief under the Bankruptcy

Code in the Bankruptcy Court.

4.       The Debtors continued to operate their businesses and manage their

properties as debtors and debtors in possession pursuant to section 1107(a) and 1109 of the

Bankruptcy Code through the Effective Date (as defined below).

5.       On September 22, 2015, the Office of the United States Trustee for the

District of Delaware (the "United States Trustee") appointed an official committee of unsecured

creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed

an Amended Notice of Appointment of Creditors' Committee.  No trustee or examiner has been

appointed in the Chapter 11 Cases.

6.       On October 6, 2015, the Court entered an order (the "Bar Date Order")

[Docket No. 247] fixing the general deadline to file a proof of claim as November 18, 2015, at

5:00 p.m. Eastern Time (the "General Bar Date").  *See also* Docket No. 345.

7.       The Debtors are one of the world's leading outdoor sports lifestyle

companies. The Debtors design, develop, and distribute branded apparel, footwear, accessories,

and related products.  The Debtors began operations in 1976 making boardshorts for surfers in

the United States under a license agreement with the *Quiksilver* brand founders in Australia.

Today, the Debtors' business is rooted in the strong heritage and authenticity of its core brands,

*Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with

surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The

Debtors' products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Debtor-owned retail stores, and their e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, Quiksilver, Inc., as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

8.    Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 20].

9.    On January 29, 2016, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Plan of Reorganization of the Debtors* (the "Confirmation Order") [Docket No. 740], confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (as appended to the Confirmation Order, and including all supplements and amendments, the "Plan"). The Plan became effective on February 11, 2016 (the "Effective Date") [Docket No. 789].

10.    As of the date hereof, more than 800 proofs of claim have been filed in the Chapter 11 Cases. The Debtors, together with their claims and administrative agent Kurtzman Carson Consultants LLC ("KCC"), their financial and restructuring advisors FTI Consulting, Inc. ("FTI"), and their counsel, have commenced a claims reconciliation process that includes identifying particular categories of claims that may be targeted for disallowance and

4

expungement, reduction and allowance, or reclassification and allowance.  In addition to the

present Objection, the Debtors anticipate filing further omnibus and individual claims objections.

### Relief Requested

11.    By this Objection, the Debtors object to the claims set forth in Exhibits A

through E attached to the Proposed Order (the "Claims") and, for the reasons described below

and on the Exhibits, seek entry of the Proposed Order, pursuant to sections 105 and 502 of the

Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing and expunging

the Claims.  Section 502(b) states in relevant part that:

> [T]he court, after notice and a hearing, shall determine the amount
> of [a] claim in lawful currency of the United States as of the date of
> the filing of the petition, and shall allow such claim in such amount,
> except to the extent that –
>
> (1)  such claim is unenforceable against the debtor or
> property of the debtor, under any agreement or applicable law for a
> reason other than because such claim is contingent or unmatured
> . . . .

11  U.S.C. § 502(b).

### A.  Duplicate Claims Filed Against Different Debtors

12.    The Debtors object to the Claims listed on Exhibit A attached to the

Proposed Order (the "Duplicate Claims") pursuant to section 502(b)(1) of the Bankruptcy Code

because the Claims are duplicative of other claims filed by the claimant with respect to a

different Debtor.  Rule 3007-1(d) of the Local Rules provides that "a claim filed against two

different debtors is not a duplicate claim unless the cases have been substantively consolidated

by order of the Court."  Local Rule 3007-1(d)(i).  The duplicate claims are identified on

Exhibit A as the "Duplicate Claim to Be Disallowed."  The Plan, which has been confirmed and

as to which the Effective Date has occurred, effectuated the substantive consolidation of the

Debtors. *See* Confirmation Order ¶ 8; Plan Article 6.1. Insofar as substantive consolidation has

been authorized, failure to grant the requested relief would allow the claimant to collect a

windfall upon two claims rather than the one actually permitted to be asserted against the

Debtors collectively under the Plan.

       13.    Therefore, the Claims listed in Exhibit A should be disallowed. If the

relief sought against a creditor in this Objection is granted, the claimant will continue to hold the

"Remaining Claim Number," identified on Exhibit A, that is otherwise duplicative of the

disallowed claim, subject to any other objection or disposition of such surviving claim.

**B.  Duplicate Claims**

       14.    The Debtors object to the Claims listed on Exhibit B attached to the

Proposed Order pursuant to section 502(b)(1) of the Bankruptcy Code because the Claims are

duplicative of other claims filed by the claimant with respect to the same Debtor. Furthermore,

Bankruptcy Rule 3007(d) allows the Debtors to object to multiple objections in an omnibus

objection if the objections are based solely on the grounds that the claims should be

disallowed, in whole or in part, because, *inter alia*, ". . . they duplicate other claims . . . ."

Fed. R. Bankr. P. 3007(d)(1). *See also* Local Rule 3007-1(d). Each of the duplicate claims is

identified on Exhibit B as the "Duplicate Claim to be Disallowed." Failure to grant the requested

relief would allow the claimant to collect a windfall upon two claims rather than the one actually

asserted against a particular Debtor.

       15.    Therefore, the Claims listed in Exhibit B should be disallowed. If the

relief sought against a creditor in this Objection is granted, the claimant will continue to hold the

"Remaining Claim Number," identified on Exhibit B, that is otherwise duplicative of the

disallowed claim, subject to any other objection or disposition of such surviving claim.

DOCS_DE:205517.1 72779/002

### C. **Amended and Superseded Claims**

16.     As a result of their review of the claims filed to date, the Debtors have identified certain claims that appear to amend and supersede a previously filed claim (such previously filed Claim, the "Amended and Superseded Claims"). The Amended and Superseded Claims are identified under the heading labeled "Amended Claim to Be Disallowed" in Exhibit C attached to the Proposed Order. The Debtors have also identified the related, subsequently filed Claim that will remain if the Amended and Superseded Claim is expunged, which is identified under the heading in Exhibit C labeled "Remaining Claim Number."

17.     The Debtors believe the claimant holding the Amended and Superseded Claim will not be prejudiced by having its respective Amended and Superseded Claim disallowed and expunged because its Remaining Claim will remain on the Claims Register after the corresponding Amended and Superseded Claim is expunged. Accordingly, the Debtors (i) object to the Amended and Superseded Claims and (ii) request entry of the Proposed Order disallowing and expunging in its entirety the Amended and Superseded Claims identified in Exhibit C thereto.

18.     If a Remaining Claim is not otherwise further amended or superseded by an additional Claim subsequently filed by the claimant, or subject to a further objection or settlement that may be subsequently filed by the Debtors, such Remaining Claim ultimately shall be allowed in accordance with the Plan.

### D. **Stockholder/Equity Claims**

19.     The Debtors object equity claims identified on Exhibit D to the Proposed Order (the "Equity Claims"). The Equity Claims assert claims that demand, in whole or in part, secured, priority, or unsecured status. After reconciling the Equity Claims against the Debtors'

7

books and records, the Debtors' have determined that each of the Equity Claims asserts a claim by a shareholder in connection with the ownership of stock and thus constitutes an equity interest and not a secured, priority, or general unsecured claim. No basis for secured, priority, or unsecured status exists under the Bankruptcy Code. Consequently, the Debtors object to the Equity Claims and believe that such claims should be disallowed. Moreover, the Debtors observe that, pursuant to the Plan, Class 9 claims, Interests in Quiksilver, were extinguished and no recovery shall be had by stockholders on account of such interest. Accordingly, the Debtors seek entry of an order disallowing in full each of the Equity Claims identified on Exhibit D to the Proposed Order.

### E. Late Filed Claims

20.    As a result of their review of the Claims Register, the Debtors have determined the Claims listed on Exhibit E the Proposed Order were filed after the General Bar Date (the "Late Filed Claims"). Pursuant to the Bar Date Order, subject to certain exceptions not relevant here, all holders of claims were required to file a proof of claim with appropriate supporting documentation on or before the General Bar Date. The Late Filed Claims identified in Exhibit E attached to the Proposed Order (i) represent Claims filed after the General Bar Date, (ii) do not fall within one of the specified exceptions set forth in the Bar Date Order, and (iii) are not identified by the claimants to be specific amendments to timely filed Claims.

21.    Failure to disallow the Late Filed Claims will result in the applicable claimants receiving an unwarranted recovery under the Plan to the detriment of other similarly situated creditors who filed timely claims in these chapter 11 cases. Accordingly, the Debtors hereby (i) object to the Late Filed Claims and (ii) request entry of the Proposed Order

8

disallowing and expunging in its entirety each of the Late Filed Claims identified in Exhibit E to the Proposed Order.

**Responses to the Objection**

22.     To contest the Debtors' objection to any Claim in Exhibits A through E attached to the Proposed Order that is proposed to be disallowed and expunged, a claimant must follow the instructions set forth in the Notice accompanying this Objection.

**Replies to Responses**

23.     Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a claimant's Response no later than 4:00 p.m. (prevailing Eastern Time), one day prior to the deadline for filing the agenda for any hearing scheduled to consider the Objection.

**Separate Contested Matters**

24.     If the Debtors' objection to any Claim asserted herein is not resolved, each such objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Bankruptcy Rules.  Any order entered by the Bankruptcy Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim subject thereto. The Debtors request that the Bankruptcy Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in a contested matter by Bankruptcy Rules 7054 and 9014, direct entry of a final judgment with respect to those claims objections as to which relief is entered by any Order on the Objection.

**Reservation of Rights**

25.     The Debtors hereby reserve the right to (i) file subsequent objections to any Claims listed in Exhibits A through E attached to the Proposed Order on any ground;

9

(ii) amend, modify, and/or supplement this Objection, including, without limitation, the filing of objections to further amended or newly filed claims; (iii) seek expungement or reduction of any Claim to the extent all or a portion of such Claim has been paid; and (iv) settle any Claim for less than the asserted amount. Separate notice and a hearing will be provided in respect of any such additional objections.

## Notice

26.    Notice of this Motion has been provided by first-class mail to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002; and (h) the claimants identified in Exhibits A through E to the Objection. The Debtors submit that no other or further notice need be provided.

## Compliance with Local Rule 3007-1

27.    To the best of the Debtors' knowledge and belief, this Objection and related Exhibits A through E attached to the Proposed Order, comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

10

**No Previous Request**

28.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the

Objection and disallowing and expunging the Claims identified in Exhibits A through E attached

to the Proposed Order, and granting such other and further relief as this Court deems just and

proper.

Dated: February 26, 2016                    PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (DE Bar No. 2436)
Michael R. Seidl (DE Bar No. 3889)
John A. Morris (NY Bar No. 4662)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:    ljones@pszjlaw.com
          mseidl@pszjlaw.com
          jmorris@pszjlaw.com

Co-Counsel for the Post-Confirmation Debtors