# Exhibit H

**Certification Regarding Interim Fee Application**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Quicksilver Resources Inc., et al.,[1] | ) ) ) | Case No. 15-10585 (LSS) |
| Debtors. | ) ) ) ) | Jointly Administered |

## CERTIFICATION REGARDING SECOND INTERIM FEE APPLICATION REQUEST OF RICHARDS, LAYTON & FINGER, P.A., CO-COUNSEL TO THE DEBTORS

1.  I am an attorney admitted to practice in the State of Delaware and before this Court, and an associate of the law firm of Richards, Layton & Finger, P.A. ("RL&F"). RL&F is a Delaware law firm with an office at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801.

2.  I make this certification regarding the Second Interim Fee Application Request of RL&F (the "Interim Fee Application") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 195] (the "Interim Compensation Order").[2]

3.  Specifically, I have reviewed the Interim Fee Application, including each Monthly Fee Application relating to the Interim Fee Period covered by the Interim Fee Application, and I hereby certify that such applications comply with the Interim Compensation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  In addition, I hereby certify that, in accordance with the Interim Compensation Order, and in connection with preparing the Interim Fee Application, RL&F has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "U.S. Trustee Guidelines").  To that end, RL&F specifically responds to certain questions identified in the U.S. Trustee Guidelines as follows:

> Question 1:   Did RL&F agree to any variations from, or alternatives to, RL&F's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Answer:   No.
>
> Question 2:   If the fees sought in the Interim Fee Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did RL&F discuss the reasons for the variation with the client?
>
> Answer:   The fees sought in the Interim Fee Application are less than the fees budgeted for the time period covered by such application.
>
> Question 3:   Have any of the professionals included in the Interim Fee Application varied their hourly rate based on geographic location of the bankruptcy case?
>
> Answer:   No.
>
> Question 4:   Does the Interim Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?
>
> Answer:   The Interim Fee Application includes time and fees related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of Monthly Fee Applications relating to the Interim Fee Period covered by the Interim Fee Application.  RL&F is seeking compensation for

RLF1 13291247v.2

approximately 4 hours and $950 in fees with respect to reviewing and revising time records with respect to the preparation of such fee applications.

Question 5:   Does the Interim Fee Application include time for fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify hours and fees.

    Answer:   No.

Question 6:   Does the Interim Fee Application include any rate increases since retention in these cases:

    Answer:   The Interim Fee Application does not include any rate increases since retention in these cases.

    i.   Did the client agree when retaining RL&F to accept all future rate increases?  If not, did RL&F inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

    Answer:   The client was notified at the outset of the engagement that RL&F's hourly rates are reviewed and revised from time to time.  There were no rate increases during the applicable period.

                                               /s/ Amanda R. Steele
                                               Amanda R. Steele (No. 5530)