IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                        :
In Re                                   : Chapter 11
                                        : Case No. 15-10585 (LSS)
Quicksilver Resources Inc. et al.,[1]   : Jointly Administered
                                        :
            Debtors                     : <u>Objection Deadline</u>: Dec. 7, 2015 at 4:00 p.m. (ET)
                                        : <u>Hearing Date</u>: Scheduled only if necessary
---------------------------------------------------------X

**SECOND MONTHLY APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD FROM AUGUST 1, 2015 THROUGH SEPTEMBER 30, 2015**

| | |
|---|---|
| Name of Applicant: | Berkeley Research Group LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | July 6, 2015 *nunc pro tunc* to June 1, 2015 |
| Period for which Compensation and reimbursement is sought: | August 1, 2015 through September 30, 2015 |
| Amount of compensation sought as actual, reasonable and necessary: | $230,594.76 (80% of $288,243.45) [2] |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Quicksilver Resources, Inc. (6163); Barnett Shale Operating LLC (0257); Cowtown Drilling, Inc. (8899); Cowtown Gas Processing L.P. (1404); Cowtown Pipeline Funding, Inc. (9774); Cowtown Pipeline L.P. (9769); Cowtown Pipeline Management, Inc. (9771); Makarios Resources International Holdings LLC (1765); Makarios Resources International Inc. (7612); QPP Holdings LLC (0057); Qpp Parent LLC (8748); Quicksilver Production Partners GP LLC (2701); Quicksilver Production Partners LP (9129); and Silver Stream Pipeline Company LLC (9384).

[2] Pursuant to the *Application of the Official Committee of Unsecured Creditors Pursuant to Sections 328(a), 330 and 1103 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2014(a) and 2016 and Local Rule 2014-1 for Authorization to Retain and Employ Berkeley Research Group, LLC as Substitute Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to June 1, 2015,* BRG's fees are based on fees for actual hours expended, less a 10% discount, charged at BRG's standard hourly rates which are in effect when the services are rendered. Accordingly, we have reduced our fees for the Fee Period by $32,027.05 as indicated on <u>Attachment B</u>.

Amount of expense reimbursement sought as actual, reasonable and necessary:    $102.00[3]

This is an:   __x__ monthly   ___ interim   ___ final application

The total time expended for fee application preparation is approximately 27.2 hours, of which 6.5 hours was expended on the first interim application for Capstone Advisory Group, LLC, the predecessor financial advisor to the Committee.[4] The corresponding compensation requested for the total time expended (before the agreed upon 10% discount) is approximately $7,076.50.

**Attachment A - Prior Monthly Applications Filed:**

| Application | | Requested | | Approved | | CNO |
|---|---|---|---|---|---|---|
| *Date Filed/ Docket No.* | *Period Covered* | 100% Total Fees | 100% Expenses | 80% Fees | 100% Expenses | *Date Filed/ Docket No.* |
| 11/11/2015 Dkt # 840 | 6/1/2015- 7/31/2015 | $489,298.50 | $5,225.07 | N/A | N/A | N/A |

---

[3] The date listed for expenses contained in Exhibit B does not necessarily reflect the date on which the expense was actually incurred by Applicant.

[4] Effective as of June 1, 2015, many of Capstone's members and employees, including the Capstone personnel involved in these chapter 11 cases (the "Capstone Personnel"), joined BRG.

2

**Quicksilver Resources, Inc. et al.**

**Berkeley Research Group, LLC**

Attachment B: Fees By Professional

For the Period 8/1/2015 through 9/30/2015



| Professional | Title | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| C. Kearns | Managing Director | $895.00 | 29.8 | $26,671.00 |
| C. Ringer | Case Assistant | $120.00 | 0.5 | $60.00 |
| D. Demko | Consultant | $275.00 | 311.4 | $85,635.00 |
| J. Song | Director | $595.00 | 120.7 | $71,816.50 |
| M. Haverkamp | Case Assistant | $120.00 | 18.8 | $2,256.00 |
| M. Lau | Case Assistant | $125.00 | 2.5 | $312.50 |
| M. Shankweiler | Managing Director | $825.00 | 60.8 | $50,160.00 |
| R. Wright | Director | $595.00 | 140.1 | $83,359.50 |
| **Total** | | | **684.6** | **$320,270.50** |
| Agreed Upon Discount | 10 % | | | ($32,027.05) |
| **Total Requested Fees** | | | | **$288,243.45** |
| **Blended Rate** | | | | **$421.04** |

Berkeley Research Group, LLC
Invoice for the 8/1/2015 - 9/30/2015 Period

Quicksilver Resources, Inc. et al. 

**Berkeley Research Group, LLC**

Attachment C: Fees By Task Code

For the Period 8/1/2015 through 9/30/2015

| Task Code | Hours | Fees |
|---|---|---|
| 01. Asset Acquisition/Disposition | 31.3 | $18,467.50 |
| 05. Professional Retention Fee Application Preparation | 27.2 | $7,076.50 |
| 07. Interaction/Meetings with Debtors/Counsel | 10.2 | $5,235.00 |
| 08. Interaction/Meetings with Creditors | 21.5 | $16,560.50 |
| 10. Recovery/SubCon/Lien Analysis | 47.1 | $28,632.50 |
| 11. Claim Analysis/Accounting | 7.4 | $3,627.00 |
| 12. Statements and Schedules | 0.9 | $535.50 |
| 13. Intercompany Transactions/Balances | 8.2 | $3,151.00 |
| 14. Executory Contracts/Leases | 15.6 | $8,198.00 |
| 17. Analysis of Historical Results | 53.3 | $19,921.50 |
| 18. Operating and Other Reports | 68.4 | $25,434.00 |
| 19. Cash Flow/Cash Management Liquidity | 308.5 | $134,320.50 |
| 20. Projections/Business Plan/Other | 85.0 | $49,111.00 |
| **Total** | **684.6** | **$320,270.50** |
| Agreed Upon Discount  10 % | | ($32,027.05) |
| **Total Requested Fees** | | **$288,243.45** |
| **Blended Rate** | | **$421.04** |

Berkeley Research Group, LLC
Invoice for the 8/1/2015 - 9/30/2015 Period

**Quicksilver Resources, Inc. et al.**

**Berkeley Research Group, LLC**

Attachment D: Expenses By Category

For the Period 8/1/2015 through 9/30/2015



| Expense Category | Amount |
| --- | --- |
| 02. Travel - Train and Bus | $92.00 |
| 10. Meals | $10.00 |
| **Total Expenses for the Period 8/1/2015 through 9/30/2015** | **$102.00** |

Berkeley Research Group, LLC
Invoice for the 8/1/2015 - 9/30/2015 Period

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In Re                                               : Chapter 11
                                                    : Case No. 15-10585 (LSS)
Quicksilver Resources Inc. et al.,[1]               : Jointly Administered
                                                    :
            Debtors                                 : <u>Objection Deadline</u>: Dec. 7, 2015 at 4:00 p.m. (ET)
                                                    : <u>Hearing Date</u>: Scheduled only if necessary
------------------------------------------------------------X

**SECOND MONTHLY APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD FROM AUGUST 1, 2015 THROUGH SEPTEMBER 30, 2015**

Berkeley Research Group, LLC ("<u>BRG</u>") financial advisor to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), hereby submits its second monthly fee application (the "<u>Application</u>") for an order pursuant to sections 105(a), 330 and 331 chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "<u>Local Rules</u>"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "<u>Interim Compensation Order</u>"), entered April 14, 2015, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Quicksilver Resources, Inc. (6163); Barnett Shale Operating LLC (0257); Cowtown Drilling, Inc. (8899); Cowtown Gas Processing L.P. (1404); Cowtown Pipeline Funding, Inc. (9774); Cowtown Pipeline L.P. (9769); Cowtown Pipeline Management, Inc. (9771); Makarios Resources International Holdings LLC (1765); Makarios Resources International Inc. (7612); QPP Holdings LLC (0057); Qpp Parent LLC (8748); Quicksilver Production Partners GP LLC (2701); Quicksilver Production Partners LP (9129); and Silver Stream Pipeline Company LLC (9384).

1

Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") seeking (a) the allowance of reasonable compensation for professional services rendered by BRG to the Committee during the period August 1, 2015 through September 30, 2015 (the "Fee Period") and (b) reimbursement of actual and necessary charges and disbursements incurred by BRG during the Fee Period in the rendition of required professional services on behalf of the Committee. In support of this Application, BRG represents as follows:

## JURISDICTION

1.   The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.   The statutory bases for the relief requested herein are sections 105(a), 330, 331, and 503(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

## BACKGROUND

3.   On March 17, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4.   On March 25, 2015 (the "Formation Date"), the Office of the United States Trustee for the District of Delaware appointed five of the Debtors' largest unsecured creditors to serve as members of the Committee. The Committee is presently comprised of the

following five members: (i) Ares Special Situations Fund IV, L.P., (ii) Trunkline Gas Company LLC, (iii) Wilmington Trust, National Association, (iv) Delaware Trust Company, as Indenture Trustee, and (v) U.S. Bank National Association, as Indenture Trustee.

5.  On the Formation Date, the Committee selected Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Counsel") to serve as its lead counsel. On March 30, 2015, Landis, Rath & Cobb LLP was chosen to serve as Delaware counsel, Moelis & Company LLC ("Moelis") was engaged to serve as the Committee's investment banker, and Capstone Advisory Group, LLC ("Capstone") to serve as its financial advisor. On May 8, 2015, this Court entered an order authorizing the retention of Capstone as financial advisor to the Committee, *nunc pro tunc* to March 30, 2015.

6.  Effective as of June 1, 2015, many of Capstone's members and employees, including the Capstone personnel involved in these chapter 11 cases (the "Capstone Personnel"), joined BRG. To ensure continuity of representation, the Committee requested that BRG substitute for Capstone as their financial advisor in these chapter 11 cases, effective as of June 1, 2015. On July 6, 2015, the Court approved this substitution.

### FEE PROCEDURES ORDER

7.  On April 14, 2015, this Court signed the Interim Compensation Order. Pursuant to the Interim Compensation Order, no earlier than the twentieth (20) day of each full calendar month (the "Fee Filing Period") following the month for which compensation and reimbursement is sought (the "Compensation Period"), each Professional seeking interim compensation may file with the Court a monthly application (each a "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses during the Compensation Period. Each Notice Party shall have twenty-one (21) days after service of a Monthly Fee

Application to review the Monthly Fee Application and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized and directed to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Interim Payment") or (ii) if an objection to a Monthly Fee Application has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Actual Interim Payment") not subject to that objection.

## SUMMARY OF SERVICES RENDERED

8. BRG is a global strategic advisory and expert consulting firm that provides independent expert testimony, litigation and regulatory support, authoritative studies, strategic advice, and document and data analytics to major law firms, Fortune 500 corporations, government agencies, and regulatory bodies around the world. As a result of the addition of former Capstone personnel, its services have been expanded to include restructuring and turnaround, due diligence, valuation, and capital markets advisory services.

9. Since being retained by the Committee, BRG has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. BRG respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

10. BRG submits that the interim fees applied for herein for professional services rendered in performing services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors'

capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained. BRG's fees typically are based on the actual hours charged at BRG's standard hourly rates, which are in effect when the services are rendered. As discussed and agreed to with the Committee, for purposes of this engagement, BRG has agreed to a 10% discount from BRG's customary standard hourly rates in effect when services are performed by BRG professionals and paraprofessionals who provide services to the Committee.

11. BRG expended an aggregate of 684.6 hours, substantially all of which was expended by the professional staff of BRG. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. A small staff was utilized to optimize efficiencies and avoid redundant efforts. The staff of the Debtors or their advisors has been utilized where practical and prudent.

12. BRG believes that there has been no duplication of services between BRG and any other consultants or accountants to the bankruptcy estate.

13. BRG's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost. In addition, BRG's per diem rates for professionals of comparable experience, before the 10% discount BRG agreed to in this proceeding, are 10% to 20% lower than its competitors, the "Big-Four" accounting firms and certain other nationally-recognized specialty firms. We believe that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

14. Because BRG's core staff consists of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of BRG's

professionals, in many instances only three or fewer BRG representatives attended meetings, hearings, or conference calls or performed specific functions.

15. No agreement or understanding exists between BRG and any other person for the sharing of compensation received or to be received for services rendered in connection with the chapter 11 cases, except for internal agreements among members and employees of BRG regarding the sharing of revenue or compensation. Neither BRG nor any of its members or employees has entered into an agreement or understanding to share compensation with any entity as described in Bankruptcy Rule 2016.

16. BRG's travel time policy is to not charge such time to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtors.

17. BRG's time records for the Fee Period are attached hereto as **Exhibit A**. These records include daily time logs describing the time spent by each BRG professional and administrative-level person in these cases.

18. BRG also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. An itemized schedule of expenses within each category, including description, incurred in connection with the insolvency proceedings and the amounts for which reimbursement is requested is annexed hereto as **Exhibit B**.

19. The general summary of the services rendered by BRG during the Fee Period based on tasks and number of hours is set forth below.

### Asset Acquisition/ Disposition – Task Code 01

20. Time charged to this task code relates to review of the Debtors' bidding procedures with respect to a 363 sale of the Debtors' assets and the proposed asset purchase agreement.

21. BRG has expended 31.3 hours on this category for a fee of $18,467.50.

### Professional Retention/ Fee Application Preparation – Task Code 05

22. Time charged to this task code relates to BRG's preparation of the first interim fee application and the June and July monthly fee applications.

23. BRG has expended 27.2 hours on this category for a fee of $7,076.50.

### Interaction/ Meetings with Debtors/ Counsel – Task Code 07

24. Time charged to this task code relates to BRG's communications, conference calls and meetings with the Debtors, Debtors' Counsel, and the Debtors' financial advisor (including preparation for meetings/calls), review of correspondence, and preparation of and follow-up on information requests regarding a variety of case issues and broad case matters.

25. BRG has expended 10.2 hours on this category for a fee of $5,235.00.

### Interaction/ Meetings with Creditors – Task Code 08

26. Time charged to this task code relates to BRG's communications, conference calls and meetings with the Committee, individual creditors, Counsel and Moelis including preparation for and attendance at meetings/calls and review of correspondence in order to update the Committee on the status of the case and case issues.

27. BRG has expended 21.5 hours on this category for a fee of $16,560.50.

### Recovery/ SubCon/ Lien Analysis – Task Code 10

28. Time charged to this task code relates to BRG's efforts in connection with identifying and analyzing unencumbered assets and participating in the review of the liens of the secured lenders.

29. Specific tasks performed in this category included (i) participating (along with Counsel and other Committee professionals) in a detailed review of the Debtors' assets to determine the validity of the secured lenders liens, (ii) reviewing recovery analysis prepared by Committee professionals, and (iii) analyzing recoveries with respect to the Debtors' Canadian subsidiary.

30. BRG has expended 47.1 hours on this category for a fee of $28,632.50.

### Claim Analysis/ Accounting – Task Code 11

31. Time charged to this task code relates to BRG's review and analysis of claims and potential claims including secured, unsecured, contract rejection, and deficiency claims and reporting to Counsel and the Committee thereon.

32. BRG has expended 7.4 hours on this category for a fee of $3,627.00.

### Statements and Schedules– Task Code 12

33. Time charged to this task code relates to BRG's review of the Debtors' statements of financial affairs ("Statements" or "SOFAs").

34. BRG has expended 0.9 hours on this category for a fee of $535.50.

### Intercompany Transactions/ Balances – Task Code 13

35. Time charged to this task code relates to BRG's review and analysis of the Debtors' intercompany accounts, allocations and agreements and reporting to Counsel and the Committee thereon.

36. BRG has expended 8.2 hours on this category for a fee of $3,151.00.

### Executory Contracts/ Leases – Task Code 14

37. This task code relates to time spent by BRG analyzing the Debtors' contractual relationships and monitoring of the Debtors' negotiations with key contract counterparties.

38. BRG has expended 15.6 hours on this category for a fee of $8,198.00.

### Analysis of Historical Results – Task Code 17

39. Time charged to this task code relates to time spent by BRG analyzing the Debtors' historical financial information and preparing various analyses thereon.

40. Specific tasks performed in this category included (i) analyzing the Debtors' June 30, 2015 form 10-Q including preparing a report for the Committee, (ii) analyzing the impact of changes in natural gas prices on the Debtors' operations, (iii) analyzing the trend in monthly expenses, and (iv) reporting to Counsel and the Committee thereon.

41. BRG has expended 53.3 hours on this category for a fee of $19,921.50.

### Operating and Other Reports – Task Code 18

42. Time charged to this task code relates to time spent by BRG in analyzing the Debtors' July 2015 and August 2015 operating reports and reporting to Counsel and the Committee thereon.

43. Specific tasks performed in this category included (i) reviewing the monthly operating reports and discussing key operating metrics with the Debtors' financial advisor, (ii) comparing the monthly balance sheets to prior balance sheets received and investigating significant variances, and (iii) reporting to Counsel and the Committee thereon.

44. BRG has expended 68.4 hours on this category for a fee of $25,434.00.

### Cash Flow/ Cash Management Liquidity – Task Code 19

45. Time charged to this task code relates to BRG's efforts in monitoring the Debtors' weekly cash collections and disbursements, including payments of prepetition obligations and analyzing the Debtors' rolling cash flow forecast.

46. Specific tasks performed in this category included (i) analyzing and monitoring the Debtors' payments of prepetition obligations to critical vendors, shippers and lienholders, and prepetition royalties and taxes, (ii) reviewing the Debtors' weekly liquidity reporting package including calls with the Debtors thereon, (iii) analyzing projected CapEx spending, (iv) analyzing the Debtors' monthly lease operating statements which bifurcate the cash flows into encumbered and unencumbered amounts, (v) monitoring the transfer of cash between unencumbered and encumbered accounts, (vi) analyzing the liquidity forecast of the Debtors' Canadian subsidiary, and (vii) participating in discussions with Counsel, the Committee, and individual Committee members, including weekly reporting with respect to liquidity issues.

47. BRG has expended 308.5 hours on this category for a fee of $134,320.50.

### Projections/ Business Plan/ Other – Task Code 20

48. Time charged to this task code relates to time spent by BRG reviewing the Debtors' business plan received in August and communicating, with the Debtors, Debtors'

Counsel, and the Debtors' financial advisor to understand, analyze and sensitize the Debtors' projections, and reporting to Counsel and the Committee thereon.

49. Specific tasks performed in this category included (i) analyzing the key assumptions underlying the business plan and preparing sensitivities based on alternative commodity price forecasts, (ii) analyzing the business plan of the Debtors' Canadian subsidiary, including its key assumptions with respect to KKR, and (iii) reporting to Counsel and the Committee thereon.

50. BRG has expended 85.0 hours on this category for a fee of $49,111.00.

## ACTUAL AND NECESSARY EXPENSES

51. BRG incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, in the sum of $102.00, for which BRG respectfully requests reimbursement in full.

52. The disbursements and expenses have been incurred in accordance with BRG's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable BRG to devote time beyond normal office hours to matters, which imposed extraordinary time demands. BRG has endeavored to minimize these expenses to the fullest extent possible.

53. BRG's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, because the needs of each client for such services differ. BRG believes that it is fairest to charge each client only for the services actually used in performing services for such client. BRG has endeavored to minimize these expenses to the fullest extent possible.

54. In providing a reimbursable service such as copying or telephone, BRG does not make a profit on that service. In charging for a particular service, BRG does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for service which BRG justifiably purchased or contracted for from a third party, BRG requests reimbursement only for the amount billed to BRG by such third party vendor and paid by BRG to that vendor.

## NOTICE AND NO PRIOR APPLICATION

55. Notice of this application has been given to (a) the Debtors; (b) counsel to the Debtors; (c) Delaware counsel to the Debtors; (d) counsel to the global administrative agent for the first lien lenders; (e) counsel to the second lien agent; (f) counsel to the ad hoc group of second lienholders; (g) the Office of the United States Trustee for the District of Delaware; and (h) Counsel to the Committee. In light of the nature of the relief requested herein, BRG submits that no further or other notice is required.

56. With respect to these amounts, as of the date of the Application, BRG has received no payments, and no previous application for the relief sought herein has been made to this or any other Court.

*[Remainder of this Page Intentionally Left Blank]*

**WHEREFORE**, BRG respectfully requests: (a) that it be allowed on an interim basis (i) fees in the amount of $288,243.45 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Fee Period and (ii) reimbursement of $102.00 for reasonable, actual and necessary expenses incurred during the Fee Period; (b) that the Debtors be authorized and directed to immediately pay to BRG the amount of $230,696.76 which is equal to the sum of 80% of BRG's fees and 100% of BRG's expenses incurred during the Fee Period, and (c) and granting such other and further relief as the Court may deem just and proper.

Dated: November 16, 2015
New York, NY

BERKELEY RESEARCH GROUP, LLC

_____
Christopher J. Kearns
Managing Director
104 West 40th Street
16th Floor
New York, NY 10018
212-782-1409

Financial Advisor to the Official Committee
of Unsecured Creditors