IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Quicksilver Resources Inc., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10585 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: N/A**<br>**Objection Deadline: December 14, 2015 at 4:00 p.m. (ET)** |

**SEVENTH MONTHLY APPLICATION OF LANDIS RATH & COBB LLP AS
DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
PURSUANT TO 11 U.S.C. §§ 330 AND 331**

| | |
|---|---|
| Name of Applicant: | Landis Rath & Cobb LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* to March 30, 2015 |
| Period for which compensation and reimbursement sought: | October 1, 2015 through October 31, 2015 |
| Amount of monthly fees to be approved as actual, reasonable and necessary: | $ 216,768.00 (80% = $173,414.40) |
| Amount of monthly expenses sought as actual, reasonable and necessary: | $ 3,783.46 |

This is a __X__ monthly ____ interim ____ final application

This application includes time incurred related to the preparation of LRC's Sixth Monthly Fee Application of 5.6 hours representing $1,519.00 in fees.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

{1053.001-W0039298.}

Prior Applications:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| **Dated Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 5/20/15 | 3/30/15 – 4/30/15 | $189,122.50 | $15,418.54 | $151,250.80 | $15,338.54 |
| 6/23/15 | 5/1/15 – 5/31/15 | $90,251.50 | $4,299.45 | $72,201.20 | $4,299.45 |
| 7/22/15 | 6/1/15 – 6/30/15 | $92,141.50 | $15,313.10 | $73,713.20 | $15,313.10 |
| 8/21/15 | 7/1/15 – 7/31/15 | $98,077.00 | $1,404.12 | $78,461.60 | $1,404.12 |
| 9/21/15 | 8/1/15 – 8/31/15 | $127,959.00 | $1,370.14 | $102,367.20 | $1,370.14 |
| 10/20/15 | 9/1/15 – 9/30/15 | $139,605.00 | $4,044.62 | $111,684.00 | $4,044.62 |

## MONTHLY COMPENSATION BY INDIVIDUAL

| Name of Professional | Position w/LRC and Year of Admission | Year of Law School Graduation | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Richard S. Cobb | Partner; admitted DE 1993, PA 1994 | May 1992 | $675.00 | 85.1 | $57,442.50 |
| Richard S. Cobb | Partner; admitted DE 1993, PA 1994 | May 1992 | $337.50 | 3.4 | $1,147.50 |
| Rebecca L. Butcher | Partner; admitted DE 1999 | May 1999 | $540.00 | 1.1 | $594.00 |
| Matthew B. McGuire | Partner; admitted PA 2001; DE 2003 | May 2000 | $530.00 | 149.4 | $79,182.00 |
| Matthew B. McGuire | Partner; admitted PA 2001; DE 2003 | May 2000 | $265.00 | 4.0 | $1,060.00 |
| Joseph D. Wright | Associate; admitted DE 2011; PA 2011 | Dec. 2010 | $330.00 | 168.6 | $55,638.00 |
| Travis J. Ferguson | Associate; Admitted DE 2014; NJ 2014 | May 2014 | $295.00 | 38.2 | $11,269.00 |
| Frances A. Panchak | Paralegal | N/A | $240.00 | 40.7 | $9,768.00 |
| Cathy A. Adams | Paralegal | N/A | $230.00 | 2.9 | $667.00 |
| | | | Total | 493.4 | **$216,768.00** |

**Blended Hourly Rate: $439.34**

---

[1] LRC's billing rates have not changed during the Application Period (defined below).

{1053.001-W0039298.}

## MONTHLY COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| B110 – Asset Analysis and Recovery | 33.5 | $16,515.00 |
| B112 – Asset Disposition | .2 | $48.00 |
| B120 – Business Operations | .5 | $294.00 |
| B122 – Case Administration | 4.9 | $1,185.00 |
| B124 – Claims Administration & Objections | .5 | $120.00 |
| B126 – Employee Benefits/Pensions | 2.4 | $1,301.00 |
| B130 – Financing/Cash Collateral | 17.0 | $6,947.50 |
| B134 – Hearings | 11.5 | $4,702.50 |
| B135 – Litigation | 336.9 | $149,773.50 |
| B136 – LRC Retention & Fee Matters | 14.4 | $4,054.00 |
| B138 – Committee Meetings/Communications | 15.1 | $8,702.50 |
| B140 – Creditor Inquiries | 11.7 | $6,411.50 |
| B141 – Lien Investigation | 18.0 | $7,760.50 |
| B142 – Non-working Travel | 7.4 | $2,207.50 |
| B144 – Non-LRC Retention & Fee Matters | 13.6 | 3,650.00 |
| B146 – Plan and Disclosure Statement | 5.2 | $2,915.50 |
| B151 – Schedules/Operating Reports | .6 | $180.00 |
| **TOTAL** | **493.4** | **$216,768.00** |

## MONTHLY EXPENSE SUMMARY

| Expenses Category | Total Expenses |
|---|---|
| Postage | $10.36 |
| Copying | $709.00 |
| Courier Fees | $30.00 |
| Online Research | $181.29 |
| Outside Duplication Services | $2,033.56 |
| Document Retrieval | $209.20 |
| Travel | $447.00 |
| Telephonic Court Appearance | $44.00 |
| Overnight Delivery | $65.14 |
| Conference Call Service | $8.31 |
| Hearing Transcript | $45.60 |
| **TOTAL** | **$3,783.46** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Quicksilver Resources Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10585 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: N/A**<br>**Objection Deadline: December 14, 2015 at 4:00 p.m. (ET)** |

## SEVENTH MONTHLY APPLICATION OF LANDIS RATH & COBB LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331

Landis Rath & Cobb LLP ("LRC"), Delaware counsel to Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this *Seventh Monthly Application of Landis Rath & Cobb LLP, as Delaware Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331* (the "Application") for legal services performed during the period commencing October 1, 2015 through and including October 31, 2015 (the "Application Period"). In support of the Application, LRC respectfully represents as follows:

## BACKGROUND

1. On March 17, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), in the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

District of Delaware (the "Court") commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2. The Debtors have continued in the possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On March 25, 2015, the Office of the United States Trustee (the "UST") appointed the Committee in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1). No examiner or trustee has been appointed in the Debtors' Chapter 11 Cases.

4. On March 25, 2015, the Committee met with and selected Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") as lead counsel. On March 30, 2015, the Committee selected LRC as its Delaware counsel.

5. On April 14, 2015, the Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [D.I. 195].

6. On April 21, 2015, the Committee filed the *Application to Employ and Retain Landis Rath & Cobb LLP as Delaware Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to the Retention Date, Pursuant to Bankruptcy Code Sections 328 and 1103(a)* (the "LRC Retention Application") [D.I. 243].

7. On May 8, 2015, this Court entered the *Order Granting Application to Employ and Retain Landis Rath & Cobb LLP as Delaware Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to the Retention Date, Pursuant to Bankruptcy Code Sections 328 and 1103(a)* [D.I. 330] authorizing the employment and retention of LRC as Delaware counsel to the Committee *nunc pro tunc* to March 30, 2015.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

9.  The statutory bases for relief requested herein are Bankruptcy Code sections 105(a), 330 and 331.

## TERMS AND CONDITIONS OF COMPENSATION OF LRC

10. Subject to Court approval, LRC seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by LRC during the Application Period. With the exception of copy charges (which are charged at a lower rate), the rates charged by LRC in this case do not differ from the rates charged to LRC's non-bankruptcy clients.

11. A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Committee during the Application Period, the regular customary billing rates and the total value of time incurred by each of the LRC attorneys rendering services to the Committee is attached hereto as Exhibit "A." A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the UST's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), is attached hereto as Exhibit "B." A statement of expenses incurred by LRC during the Application Period is attached hereto as Exhibit "C." For the convenience of the Court and all parties in interest, attached hereto as Exhibit "D" is a summary of the blended hourly rates for timekeepers

who billed to the Debtors during the Application Period and LRC's firm-wide range of billing rates for its various positions. LRC has also prepared a staffing plan attached hereto as Exhibit "E". All time entries and requested expenses are in compliance with Local Rule 2016-2.[2]

12. Pursuant to the Interim Compensation Order, LRC and other professionals retained in this case are authorized to file and to serve upon the parties identified in the Interim Compensation Order monthly fee applications (a "Monthly Fee Application") of their fees and expenses. After the expiration of a twenty-one (21) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection has been lodged against specific fees and/or expenses, or the Court orders otherwise.

13. In accordance with the Interim Compensation Order, LRC has filed and served upon the parties identified in the Interim Compensation Order this Application with respect to fees and expenses incurred during the Application Period; to wit, fees in the amount of $216,768.00 and expenses in the amount of $3,783.46.

14. All services and costs for which compensation is requested by LRC in this Application were reasonable and necessary and were performed for and on behalf of the Committee during the Application Period.

## CASE STATUS

15. To the best of LRC's knowledge, the Debtors monthly operating reports contain up-to-date information regarding the amount of cash on hand or on deposit in the Debtors'

---

[2] LRC has also made reasonable efforts to submit this Application in a manner consistent with the Revised UST Guidelines, as set forth in Schedule 1 of the Interim Compensation Order. To the extent that the Revised UST Guidelines conflict with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in particular, Local Rule 2016-2, LRC has chosen to comply with such Local Rule. LRC will supplement this Application with additional detail or information upon request.

estates, the amount and nature of accrued unpaid administrative expenses, the Debtors' operating profits or losses, or the amount of unencumbered funds in the Debtors' estate.

16. To the best of LRC's knowledge, the Debtors have paid to the UST their initial quarterly fees and have filed their monthly operating reports.

## NARRATIVE SUMMARY OF SERVICES RENDERED ON A PROJECT SUMMARY BASIS

17. All of the professional services that LRC rendered to the Committee during the Application Period are set forth in detail in Exhibit "B," segregated according to project billing categories in accordance with the Revised UST Guidelines. A brief description of certain services deserving specific mention are highlighted below, by project category:

**A.   Asset Analysis and Recovery:   (Total Hours: 33.5; Total Fees: $16,515.00)**

18. Among other services provided in this category during the Application Period, LRC analyzed, reviewed and considered various issues in connection with the Debtors' assets. Specifically, LRC analyzed and provided advice to the Committee with respect to issues related to the Debtors' real property, including leasehold and surface interests. LRC also reviewed and analyzed the waterfall analysis prepared by Moelis & Company.

**B.   Case Administration:   (Total Hours: 4.9; Total Fees: $1,185.00)**

19. Among other services provided in this category during the Application Period, LRC monitored the docket and status of these Chapter 11 Cases. In its role as "clearinghouse" for information and communications to and from the Committee and the Court, LRC has kept the Committee informed, on a regular basis, as to the important developments in these Chapter 11 Cases. In connection therewith, LRC organized records, pleadings and other papers pertaining to the bankruptcy case and maintained, updated and reviewed a calendar of deadlines and other critical dates.

C. <u>Financing/Cash Collateral</u>: (Total Hours: 17.0; Total Fees: $6,947.50)

20. Among other services provided in this category during the Application Period, LRC addressed several issues with respect to the *Motion of Official Committee of Unsecured Creditors to Extend the Challenge Period Deadline* (the "<u>Extension Motion</u>") [D.I. 626], in which the Committee sought to extend the expiration of the Challenge Period (as defined in the Final Cash Collateral Order [D.I. 307]). LRC communicated with the Committee and its professionals regarding several lender groups' opposition to the Extension Motion and drafted, revised and filed the *Reply in Support of the Motion of Official Committee of Unsecured Creditors to Extend the Challenge Period Deadline With Respect to the Second Lien Parties* [D.I. 665]. On October 6, 2015, the Court entered an order [D.I. 680] extending the Challenge Period.

D. <u>Hearings</u>: (Total Hours: 11.5; Total Fees: $4,702.50)

21. Among other services provided in this category during the Application Period, LRC prepared for and attended the hearing on October 6, 2015. Additionally, LRC began preparations for the November 3, 2015 hearing on the Committee's Standing Motion (defined below) during the Application Period. As part of such preparation, LRC and Paul, Weiss coordinated efforts for presentation of the Committee's Standing Motion.

E. <u>Litigation</u>: (Total Hours: 336.9; Total Fees: $149,773.50)

22. Among other services provided in this category during the Application Period, LRC addressed several issues identified during its Challenge Period investigation of the Debtors' secured lenders. The Committee identified material assets that are either not part of the Second Lien Parties' collateral or that are not subject to perfected liens of the Second Lien Parties. The Committee and the Second Lien Parties were not able to consensually resolve these issues, and as a result, LRC prepared for litigation of claims to preserve the value of the Debtors'

unencumbered property for the benefit of the unsecured creditors. In this regard, LRC drafted, revised and filed the *Motion of the Official Committee of Unsecured Creditors for Leave, Standing and Authority to Prosecute Claims on Behalf of the Debtors' Estates and for Related Relief* [D.I. 676] (the "Standing Motion") and the *Complaint for Declaratory Judgment and for Related Relief and Objection to Claims* [D.I. 676-2] (the "Complaint"). LRC was required to perform significant research and participated in numerous conferences with the Committee members and the Committee's other professionals regarding the Standing Motion and Complaint.

23. After filing the Standing Motion and Complaint, LRC engaged in numerous discussions and exchanged information with the Debtors and the Second Lien Parties to attempt to narrow the disputes and consensually resolve the issues raised by the Committee. Although these discussions were constructive, the parties were not able to resolve the Standing Motion and the Second Lien Parties and Debtors filed limited objections to the relief sought therein. As such, the Committee filed the *Reply in Support of the Motion of the Official Committee of Unsecured Creditors for Leave, Standing and Authority to Prosecute Claims on Behalf of the Debtors' Estates and for Related Relief* [D.I. 753] (the "Reply"). Additionally, LRC communicated with the Committee's experts, provided advice with respect to declarations in support of the Standing Motion, including the *Declaration of Kevin Voelte in Support of the Official Committee of Unsecured Creditors Motion for Leave, Standing and Authority to Prosecute Claims on Behalf of the Debtors Estates and for Related Relief* [D.I. 754] and the *Declaration of Christopher J. Kearns, Managing Director of Berkeley Research Group* [D.I. 759]. LRC also drafted, revised and filed a motion to seal [D.I. 760] and motion to shorten notice [D.I. 761] regarding the Reply and declarations.

F. **LRC Retention/Fee Matters:** (Total Hours: 14.4; Total Fees: $4,054.00)

24. Among other services provided in this category during the Application Period, LRC drafted, revised and filed its *Sixth Monthly Application of Landis Rath & Cobb LLP, as Delaware Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331* [D.I. 716]. Additionally, LRC drafted and filed a *Certificate of No Objection* [D.I. 706] in connection with its fifth monthly fee application.

G. **Creditor's Committee Meetings and Communications:** (Total Hours: 15.1; Total Fees: $8,702.50)

25. Among other services provided in this category during the Application Period, LRC prepared for, attended and participated in several Committee meetings to keep the Committee informed on the status of various matters related to the Debtors' Chapter 11 Cases.

H. **Creditor Inquiries:** (Total Hours: 11.7; Total Fees: $6,411.50)

26. Among other services provided in this category during the Application Period, LRC communicated with Paul, Weiss and provided advice regarding creditors' requests for information. In this regard, LRC also drafted and revised a common interest agreement to facilitate the sharing of certain information between professionals for certain unsecured creditors and the Committee's professionals.

I. **Lien Investigation:** (Total Hours: 18.0; Total Fees: $7,760.50)

27. Among other services provided in this category during the Application Period, LRC continued its efforts reviewing and analyzing the nature, extent, validity and priority of the claims and liens asserted by, and potential claims against, the Debtors' prepetition secured lenders. Included in these efforts, LRC communicated with the Committee's professionals, the

Debtors' professionals and counsel to the Debtors' second lien secured lenders in connection with several specific issues identified during the Challenge Period.

J.    **Non-LRC Retention/Fee Matters:** (Total Hours: 13.6; Total Fees: $3,650.00)

28.    Among other services provided in this category during the Application Period, LRC assisted in finalizing, and filing and serving several monthly fee applications and related documents of professionals to the Committee, including the following: *Fifth Monthly Application of Moelis & Company LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses as Investment Banker to the Official Committee of Unsecured Creditors from August 1, 2015 through August 31, 2015* [D.I. 687], *Certification of Counsel Regarding Fourth Monthly Application of Moelis & Company LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses as Investment Banker to the Official Committee of Unsecured Creditors from July 1, 2015 through July 31, 2015* [D.I. 691], *Certificate of No Objection* [D.I. 715] regarding Paul, Weiss's fifth monthly fee application and *Sixth Monthly Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Counsel to the Official Committee of Unsecured Creditors of Quicksilver Resources Inc., for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 for the Period of September 1, 2015 through September 30, 2015* [D.I. 724].

K.    **Plan and Disclosure Statement:** (Total Hours: 5.2; Total Fees: $2,915.50)

29.    Among other services provided in this category during the Application Period, LRC reviewed, analyzed and revised a draft term sheet regarding a potential plan of reorganization.

## COMPENSATION REQUESTED

30. LRC expended 493.4 hours during the Application Period in furtherance of its efforts on behalf of the Committee. LRC requests allowance of compensation in the amount of $216,768.00 for legal services rendered during the Application Period at a blended hourly rate of $439.34. Pursuant to the Interim Compensation Order, LRC requests payment of 80% of the total fees requested, or $173,414.40. None of the requested fees detailed herein have been paid.

## REIMBURSEMENT OF EXPENSES

31. During the Application Period, LRC incurred certain necessary expenses in rendering legal services to the Committee as set forth in Exhibit "C."[3] LRC represents that its rate for duplication is $0.10 per page, consistent with the Local Rules and Revised UST Guidelines. In order to more efficiently handle the voluminous copying of pleadings served and filed in this case, LRC on occasion retained third-party duplication service providers. LRC seeks reimbursement only for the actual expenses charged by such third-party service providers. Finally, LRC seeks reimbursement for computer assisted research, which is the actual cost of such charges.

32. LRC seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period for the total amount of $3,783.46.

## LEGAL STANDARD

33. Bankruptcy Code section 330(a)(1) allows the payment of:

>    (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
>    (B) reimbursement for actual, necessary expenses.

---

[3] Exhibit C sets forth in summary detail the expenses incurred during the Application Period. Due to its voluminous nature, actual copies of invoices from LRC's vendors are not attached, but are available for inspection upon request.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is informed by the "market-driven approach," which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.*, 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

34. In accordance with its practices in non-bankruptcy matters, LRC has calculated its compensation requested in this Application by applying its standard hourly rates. LRC's calculation is based upon hourly rates that are well within the range of rates that are charged by comparable firms in similar bankruptcy cases. Accordingly, LRC's rates should be determined to be reasonable under Bankruptcy Code section 330.

35. LRC's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity, size and the extraordinary amount of work required during this stage of the Debtors' Chapter 11 Cases. LRC's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, LRC's fees are reasonable pursuant to Bankruptcy Code section 330.

36. Bankruptcy Code section 330(a)(1)(B) permits reimbursement for actual and necessary expenses. LRC's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Committee. LRC has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

37. Except as permitted by Bankruptcy Rule 2016, no agreement or understanding exists between LRC and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

38. Pursuant to the standards set forth in Bankruptcy Code sections 330 and 331, LRC submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

39. The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints under which LRC actually rendered these services. The considerable challenges of this case have been attended to and managed by LRC at all levels, promptly, expertly, and often to the exclusion of other matters in LRC's office. LRC submits, therefore, that its fees and expenses were actually necessary, reasonable and justified, and should be allowed in full.

## NOTICE AND NO PRIOR REQUEST

40. No trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Application has been given to the following parties, or their counsel, if known: (a) the Debtors; (b) the UST; (c) the global administrative agent for the first lien lenders; (d) the second lien agent; (e) the ad hoc group of second lienholders and (f) all parties required to be given notice in the Interim Compensation Order. LRC submits that no other or further notice is necessary.

41. No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, LRC respectfully requests that the Court (i) grant the Application and (ii) grant such further relief as is just and proper.

Dated: November 23, 2015  
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Richard S. Cobb

Richard S. Cobb (No. 3157)  
Matthew B. McGuire (No. 4366)  
Joseph D. Wright (No. 5669)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
Email: cobb@lrclaw.com  
       mcguire@lrclaw.com  
       wright@lrclaw.com

*Delaware Counsel to the Official Committee of Unsecured Creditors*

{1053.001-W0039298.}