# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Quicksilver Resources Inc., et al.,[1] | ) Case No. 15-10585 (LSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the Debtors' estates, | ) Adv. Pro. No. 15-51896 (LSS) |
| | ) **Requested Hearing Date: December 14, 2015 at 10:00 a.m. (ET)** |
| | ) **Requested Obj. Deadline: December 10, 2015 at 12:00 p.m. (ET)** |
| Plaintiff, | ) |
| vs. | ) |
| THE BANK OF NEW YORK MELLON TRUST COMPANY N.A., as indenture trustee under that certain Indenture dated June 21, 2013 and as Second Lien Agent under that certain Mortgage, Deed of Trust, Assignment of As-Extracted Collateral, Security Agreement, Fixture Filing and Financing Statement dated June 21, 2013; CREDIT SUISSE AG, as administrative agent under that certain Second Lien Credit Agreement dated June 21, 2013; and LINDA DAUGHERTY, as trustee under that certain Mortgage, Deed of Trust, Assignment of As-Extracted Collateral, Security Agreement, Fixture Filing and Financing Statement dated June 21, 2013; and JOHN DOES 1 – 1,000, | ) |
| Defendants. | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. ("QRI") [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SEALING THE COURTROOM DURING ANY PRESENTATION OF CONFIDENTIAL INFORMATION AT THE TRIAL SCHEDULED TO BEGIN ON DECEMBER 14, 2015; (II) SEALING UNREDACTED PORTIONS OF ANY TRANSCRIPT OF THE TRIAL CONTAINING SUCH INFORMATION; AND (III) DIRECTING THAT THIS INFORMATION BE REDACTED PRIOR TO BECOMING PUBLICLY AVAILABLE**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) sealing the courtroom during any presentation of confidential information at the trial scheduled to begin on December 14, 2015, at 10:00 a.m. (prevailing Eastern Time) (the "Trial"); (ii) sealing unredacted portions of any transcript of the Trial containing such information (the "Trial Transcript"); and (iii) requiring the redaction of that information prior to the filing of any such transcript with the Court or otherwise in the public domain. In support of this motion, the Debtors respectfully state:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).[2]

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9018, and Local Rule 9018-1(b).

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

2

**BACKGROUND**

A.  **General Background**

4.  On March 17, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On March 25, 2015, the Acting United States Trustee, Region 3 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Committee") [D.I. 119].

5.  A description of the Debtors and their business is set forth in greater detail in the *Declaration of Vanessa Gomez LaGatta in Support of First Day Pleadings* [D.I. 19] (the "First Day Declaration") filed on the Petition Date.

B.  **Specific Background**

6.  On October 5, 2015, the Committee filed its *Motion for Leave, Standing and Authority to Prosecute Claims on Behalf of the Debtors' Estates and for Related Relief* [D.I. 676] (the "Standing Motion").[3] The Standing Motion sought authority for the Committee to pursue and, if appropriate, settle certain Claims against the Second Lien Parties on behalf of the Debtors' estates.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Standing Motion.

7.      The Court held a hearing regarding the Standing Motion (the "Hearing") on November 3.[4] At the Hearing, the parties agreed to grant the Committee standing with respect to certain of the Claims and that litigation of the same must progress on an expedited basis according to a schedule to be submitted by the parties (the "Litigation Schedule"). *See* Hearing Transcript, p. 26.

8.      On November 9, the Court entered the *Order Granting in Part and Denying in Part Motion of Official Committee of Unsecured Creditors for Leave, Standing and Authority to Prosecute Claims on Behalf of the Debtor's Estates and For Related Relief* [D.I. 831], which granted standing to the Committee and approved the Litigation Schedule annexed thereto as Exhibit A.

9.      In accordance with the Litigation Schedule, (i) on November 10, the Committee filed its *Complaint*, *see* [D.I. 835]; Adv. Proc. No. 15-51896 [D.I. 1], (ii) the Debtors have

---

[4] As the Court is aware, at the Hearing, Debtors' counsel noted that certain commercial information of the Debtors could be disclosed at the Hearing that "could be harmful to the Debtors' efforts to maximize value in connection with the sale," and the Debtors were "in a little bit of a tenuous situation," because the Standing Motion was not theirs, they were not objecting to the Committee obtaining standing, and, therefore, the Debtors were "somewhat relying on the UCC and the Ad Hoc Second Lienholders to walk a very careful line as it relates to the confidential information of the Debtors." Transcript of Oral Argument at 5-6, *In re Quicksilver Resources Inc.*, No. 15-10585 (Bankr. D. Del. Nov. 3, 2015) [hereinafter, the "Hearing Transcript"]. Counsel for the Committee and for the Second Lien Parties supported this request. *See id.* at 7 (Committee counsel: "If the Court feels that she does need to hear evidence, then we would agree with the Debtors' position that it should be sealed"); *id.* (Second Lien Parties counsel: "We agree with the Debtors and the Committee that the best approach would be to seal the Courtroom for that testimony"). While the Court declined to seal the courtroom "especially since there's been no motion ahead of time," *id.*, the Court directed all parties to not disclose the confidential information at the Hearing, *see id.* at 11 ("I understand the Debtors' concern and I think it's a valid concern. And I think that counsel will have to . . . walk this line."). Unfortunately, despite the parties' best efforts, less than 90 minutes after the Hearing began, there were at least two inadvertent disclosures of the Debtors' confidential information on the record. *See id.* at 16; *id.* at 21; *id.* at 25; *id.* (Court directing the parties to chambers following these disclosures at approximately 11:09 a.m.).

In light of these disclosures at the Hearing, shortly thereafter the Debtors filed an emergency motion to seal the corresponding transcript. *See Debtors' Emergency Motion for Entry of An Order (I) Sealing Unredacted Transcript of November 3, 2015 Hearing and (II) Directing That Only Redacted Version of the Transcript of November 3, 2015 Hearing Be Filed on the Court's Docket and Made Publically Available* [D.I. 799], ¶ 16. Specifically, the Debtors requested that the Court order that the unredacted transcript of the Hearing be filed under seal and unsealed only if appropriately redacted. *Id.*, ¶ 17. The Court granted this request. *See Order (I) Sealing Unredacted Transcript of November 3, 2015 Hearing and (II) Directing That Only Redacted Version of the Transcript of November 3, 2015 Hearing Be Filed on the Court's Docket and Made Publically Available* [D.I. 848]; *see also* Notice of Filing of Transcript and of Deadlines Related to Restriction and Redaction [D.I. 864].

produced confidential valuation and other sensitive business information to the parties in response to document requests and interrogatories propounded by the Committee and Second Lien Parties (together, the "Parties"),[5] and (iii) the Parties have informed the Debtors of their intent to use such information at the Trial. As a result, and in accordance with the Litigation Schedule, the Debtors—with the support of the Parties—have filed this motion to protect against the disclosure of their confidential information at a time when any such disclosure could critically undermine the Debtors' ongoing, Court-approved sale process. In view of the fact that the Parties have not yet finalized the evidence and briefing they will submit in connection with the trial, the Debtors and the Parties have not specifically identified the Debtors' confidential information that might be used. The Debtors intend to work with the Parties before the Trial to ensure that any sealing of the courtroom or Trial Transcripts is as narrowly tailored as possible.[6]

## RELIEF REQUESTED

10. By this motion, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors seek entry of the Proposed Order (i) sealing the Courtroom during any presentation of confidential information at the Trial,[7] (ii) sealing unredacted portions of any Trial Transcript containing such information, and (iii) requiring the redaction of that information prior to the filing of any Trial Transcript with the Court or otherwise in the public domain.

---

[5] For the avoidance of doubt, "Parties" shall include the Ad Hoc Group of Second Lienholders (as defined in the Final Cash Collateral Order) and its advisors.

[6] To the extent the Parties ultimately determine not to use the Debtors' confidential information, the Debtors will withdraw or modify this motion accordingly.

[7] For the avoidance of doubt, the sealing will not exclude the Parties from the courtroom; *provided*, *however*, that (i) only those members of the Ad Hoc Group of Second Lienholders who have executed confidentiality agreements with the Debtors that are satisfactory in form and substance to the Debtors shall be permitted to remain in the Courtroom during presentation of confidential information and receive unredacted copies of any Trial Transcript and (ii) any such members of the Ad Hoc Group of Second Lienholders and the Parties shall comply with and remain subject to any and all applicable confidentiality agreements with the Debtors, including any confidentiality provisions in applicable debt documents and the bylaws entered into by the Committee, with respect to the confidential information disclosed in connection with and during the Trial.

**SUPPORTING AUTHORITY**

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities[8] from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part, that on the "request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 sets forth the procedures for application of section 107 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 9018, the Court, on a motion:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . .

Fed. R. Bankr. P. 9018.

13. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)* (citation omitted), 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b)(1) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the

---

[8] Section 101(15) of the Bankruptcy Code defines "entity" to include any "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

latter to reflect the same level of confidentiality as the former"). Rather, a party seeking the protection of section 107(b)(1) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"); *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005) ("Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose.") (citation omitted).

14. As acknowledged by the Parties, the Trial will include disclosures of confidential commercial information of the Debtors. While the exact universe of such information is not yet defined, because Trial briefs and other evidence have not yet been submitted to the Court, the Debtors have produced valuation and other sensitive commercial business information to the Parties, and additional such information may be disclosed to the Parties in connection with the scheduled deposition of the Chief Financial Officer of QRI and any other deposition that may be held in response to the *Notice of Deposition of Debtors Pursuant to Federal Rule of Civil Procedure 30(b)(6)* that was recently served upon Debtors' counsel, *see* Adv. Proc. No. 15-51896 [D.I. 12]. The Debtors therefore submit that information will be disclosed at the Trial that satisfies Bankruptcy Code section 107(b). For this reason, sealing the courtroom and Trial Transcripts to limit such disclosures is warranted.

15. The decision to close the courtroom is vested in the discretion of the trial court, and "the court must balance the public's common law right of access against the interests favoring non-disclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citation omitted). The common law right of public access to judicial proceedings is not a

7

constitutional right and is "not absolute." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 432 (5th Cir. 1981) ("The common law right of access certainly antedates the Constitution's free press guarantee, but it does not rise to that level of importance or merit the same degree of protection."). The common law provides only a presumption of public access, which is just one of the interests to be weighed in favor of disclosure. *See* Belo, 654 F. 2d at 434; *Van Waeyeberghe*, 990 F.2d at 848 n. 4 ("[W]e have refused to assign a particular weight to the right."). Where, as here, only private commercial interests—as opposed to questions of public policy—are involved, the interest in public access is diminished. *See In re Iowa Freedom of Info.Council*, 724 F.2d 658, 664 (8th Cir. 1984) ("Where only private commercial interests or damage are involved, we think the law justifies the steps taken by the District Court to [prevent public disclosure].").

16. In stark contrast to the diminished interests in public access to the Trial, there are strong interests in favor of sealing the courtroom to protect the Debtors' confidential commercial and financial information from unfettered public disclosure.[9] As acknowledged by the Committee and the Second Lien Parties in connection with the Standing Motion, resolution of the Claims entails the review of "confidential information related to the potential value of certain of the assets," which "is confidential, especially given that the Debtors are engaged in an ongoing sale process." Committee Declaration Sealing Motion,[10] ¶ 13; *see also* Second Lien

---

[9] At the Hearing, the Court declined to seal the courtroom, because a motion requesting such relief had not been previously filed. Here, that is not the case. The motion has been filed on the Court's docket. Additionally, the motion will be served on the notice parties listed *infra*, will be made publicly available on the Debtors' case information website at http://cases.gcginc.com/kwk, and has been filed by the deadline set forth in the Litigation Schedule. *See Debtors' Motion for Entry of an Order Shortening Notice and Objection Periods Regarding Debtors' Motion for Entry of An Order (I) Sealing the Courtroom During Any Presentation of Confidential Information at The Trial Scheduled to Begin on December 14, 2015; (II) Sealing Unredacted Portions of Any Transcript of The Trial Containing Such Information; and (III) Directing That This Information Be Redacted Prior to Becoming Publicly Available.*

[10] *Motion of the Official Committee of Unsecured Creditors to File Under Seal the Revised Declaration of Kevin Voelte in Support of the Official Committee of Unsecured Creditors' Motion for Leave, Standing and Authority to*

Parties' Declaration Sealing Motion,[11] ¶ 10 ("The Limited Objection and the Renenger Declaration, as well as the exhibits annexed thereto, reference confidential information pertaining to the projected value of certain of the Debtors' assets. This information is strictly confidential and, the Second Lien Parties submit, should not be subjected to public disclosure, especially as the Debtors are currently engaged in a sale process."). The Court accordingly permitted a number of pleadings related to the Standing Motion to be filed under seal in recognition of the fact that they contained the Debtors' confidential, business information. *See* [D.I. 793 and 794]. As such, the Court has already entered orders protecting similar confidential information of the Debtors to be disclosed at the Trial, thus making entry of the Proposed Order providing for the sealing of the Courtroom and redaction of any Trial Transcript consistent with this Court's prior sealing orders.

17. Furthermore, the Debtors intend to work with the Parties to ensure that this request for relief will be narrowly tailored so as to maximize public access to the proceedings while balancing the critical importance of avoiding disclosure of the Debtors' confidential information. Specifically, this motion seeks to seal the Courtroom during only presentations of confidential information. To this end, the Debtors propose to work with the Parties to ensure the Courtroom is sealed for the minimum amount of time and in an efficient manner. *See* Transcript of Oral Argument pp. 123-124, *In re Spansion Japan Limited*, No. 09-11480 (KJC) (Bankr. D.

---

*Prosecute Claims on Behalf of the Debtors' Estates and for Related Relief* [D.I. 729] (the "Committee Declaration Sealing Motion").

[11] *Motion for Entry of an Order, Pursuant to Section 107(B) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(B), Authorizing the Ad Hoc Group of Second Lien Holders and the Second Lien Agent to File Under Seal (I) an Unredacted Version of the Limited Objection of the Ad Hoc Group of Second Lien Holders And The Second Lien Agent to the Motion of the Official Committee of Unsecured Creditors for Leave, Standing and Authority to Prosecute Claims, and (II) an Unredacted Version of the Declaration Related Thereto* [D.I. 729] (the "Second Lien Parties' Declaration Sealing Motion").

RLF1 13454191v.1

Del. Jan. 29, 2010) (Court agreeing to sealing that was conducted "in an efficient way" with the "open part [first] and then finish[ing] with the closed part").[12]

18.     Finally, Courts in this jurisdiction have sealed their Courtrooms under comparable circumstances. *See, e.g.*, *In re Wash. Mutual Inc.*, No. 08-12229 (MFW) (Bankr. D. Del. Dec. 10, 2010) [D.I. 6298] (granting equity committee's request to seal the courtroom to limit disclosure of the Debtors' work product that was otherwise subject to a confidentiality agreement); *In re Spansion Inc.*, No. 09-10690 (KJC) (Bankr. D. Del. Jan. 29, 2010) [D.I. 2549] (granting patent-infringement-claimant's request to seal the courtroom to limit disclosure of details of claimant's license agreements and highly sensitive financial information). For these reasons and those enumerated above, the Court should grant the motion.

## NOTICE

19.     No trustee or examiner has been appointed in the Debtors' chapter 11 cases. The Debtors have provided notice of this motion to (a) the U.S. Trustee, Attn: Jane Leamy, Esq.; (b) counsel to the Committee; (c) counsel to the agents under the Debtors' pre-petition credit facilities; (d) counsel to the Ad Hoc Group of Second Lienholders; (e) counsel to the Ad Hoc Group of Senior Noteholders; (f) counsel to the indenture trustees under the Debtors' pre-petition indentures; (g) the SEC; (h) the Internal Revenue Service; and (i) any parties entitled to notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice is necessary.

(Remainder of page intentionally left blank).

---

[12] This transcript was filed on the main case docket as well where it is publicly available as of November 30, 2015. *See In re Spansion Inc., et al.*, Case No. 09-10690 (KJC) (Banrk. D. Del. Jan. 29, 2010) [D.I. 2996]

RLF1 13454191v.1

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in the motion and (b) grant such other and further relief as may be just and proper.

Wilmington, Delaware
Date: November 30, 2015

/s/ Amanda R. Steele

**RICHARDS, LAYTON & FINGER, P.A.**
Paul N. Heath (DE 3704)
Amanda R. Steele (DE 5530)
Rachel L. Biblo (DE 6012)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Sarah Link Schultz (admitted *pro hac vice*)
Travis A. McRoberts (DE 5274)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

Ashleigh L. Blaylock (admitted *pro hac vice*)
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

RLF1 13454191v.1