**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Quicksilver Resources Inc., <u>et al.</u>,[1] | ) | Case No. 15-10585 (LSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF | ) | Adv. Pro. No. 15-51896 (LSS) |
| UNSECURED CREDITORS, on behalf of the | ) | |
| Debtors' estates, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| TRUST COMPANY N.A., as indenture trustee | ) | |
| under that certain Indenture dated June 21, 2013 | ) | |
| and as Second Lien Agent under that certain | ) | |
| Mortgage, Deed of Trust, Assignment of As- | ) | |
| Extracted Collateral, Security Agreement, | ) | |
| Fixture Filing and Financing Statement dated | ) | |
| June 21, 2013; CREDIT SUISSE AG, as | ) | |
| administrative agent under that certain Second | ) | |
| Lien Credit Agreement dated June 21, 2013; and | ) | |
| LINDA DAUGHERTY, as trustee under that | ) | |
| certain Mortgage, Deed of Trust, Assignment of | ) | |
| As-Extracted Collateral, Security Agreement, | ) | |
| Fixture Filing and Financing Statement dated | ) | |
| June 21, 2013; and JOHN DOES 1 – 1,000, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. ("QRI") [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

RLF1 13454191v.1

**ORDER (I) SEALING THE COURTROOM DURING ANY PRESENTATION OF CONFIDENTIAL INFORMATION AT THE TRIAL SCHEDULED TO BEGIN ON DECEMBER 14, 2015; (II) SEALING UNREDACTED PORTIONS OF ANY TRANSCRIPT OF THE TRIAL CONTAINING SUCH INFORMATION; AND (III) DIRECTING THAT THIS INFORMATION BE REDACTED PRIOR TO BECOMING PUBLICLY AVAILABLE**

Upon consideration of the motion[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of this order, (i) sealing the Courtroom during any presentation of confidential information at the Trial, (ii) sealing unredacted portions of any Trial Transcript containing such information, and (iii) requiring the redaction of that information prior to the filing of any Trial Transcript with the Court or otherwise in the public domain, all as more fully set forth in the motion; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ !57 and 1334; and it appearing that the motion is a core proceeding pursuant to 28 U.S.C. § !57; and adequate notice of the motion and opportunity for objection having been given, with no objections having been filed, or all objections having been resolved or overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor:

**IT IS HEREBY ORDERED THAT:**

1. The motion is GRANTED to the extent set forth herein.

2. During the Trial, the Courtroom will be sealed with respect to all persons other than the Parties during any presentation including confidential information conveyed by testimony, demonstrative, or any other medium; *provided*, *however*, that (i) only those members of the Ad Hoc Group of Second Lienholders who have executed confidentiality agreements with the Debtors that are satisfactory in form and substance to the Debtors shall be permitted to

---

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the motion.

2

remain in the Courtroom during presentation of confidential information and receive unredacted copies of any Trial Transcript and (ii) any such members of the Ad Hoc Group of Second Lienholders and the Parties shall comply with and remain subject to any and all applicable confidentiality agreements with the Debtors, including any confidentiality provisions in applicable debt documents and the bylaws entered into by the Committee, with respect to the confidential information disclosed in connection with and during the Trial and included in any unredacted copies of any Trial Transcript.

3. Any unredacted Trial Transcript shall be placed under seal and only versions in which confidential information is redacted shall be filed with the Court or otherwise made publicly available solely except as provided in paragraph 2 hereof.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Wilmington, Delaware
Date: [_____], 2015

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE