IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Quicksilver Resources Inc., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10585 (LSS)<br><br>Jointly Administered<br><br>**Objection Deadline: December 28, 2015, at 4:00 p.m. (prevailing Eastern time)**<br><br>**Hearing: Scheduled only if necessary** |

### COVER SHEETS FOR SEVENTH MONTHLY APPLICATION OF MOELIS & COMPANY LLC FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FROM OCTOBER 1, 2015 THROUGH OCTOBER 31, 2015

| | |
|---|---|
| Name of applicant: | Moelis & Company LLC |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of retention order: | May 8, 2015, *nunc pro tunc* to March 30, 2015 |
| Period for which compensation and reimbursement are sought: | October 1, 2015 through October 31, 2015 |
| Amount of compensation sought as actual, reasonable, and necessary: | $125,000.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $2,684.20[2] |
| This is a(n): | Monthly application |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

[2] Please note that certain vendor invoices may not come in until after the end of the month for which such service was provided. Accordingly, Moelis reserves the right to include such unbilled expenses in subsequent fee applications.

## SUMMARY OF PROFESSIONALS' TIME DURING THE COMPENSATION PERIOD

Moelis & Company
Summary of Hours Worked
October 1, 2015 - October 31, 2015

| Robert Flachs | Bryan Lastrapes | Barak Klein | Kevin Voelte |
|---|---|---|---|
| Managing Director | Managing Director | Managing Director | Senior Vice President |
| 23.0 | 19.0 | 33.0 | 33.0 |

| Adam Waldman | Rachel Murray | Anton Pismenyuk | Vaibhav Goel | Aaron Cohen | Nicholas Kurtenbach | Total |
|---|---|---|---|---|---|---|
| Vice President | Associate | Associate | Analyst | Analyst | Associate | |
| 31.5 | 36.0 | 22 | 62.0 | 36.0 | 22.0 | 317.5 |

## **SUMMARY OF EXPENSES**

Moelis & Company
Summary of Expenses
October 1, 2015 - October 31, 2015

| | |
|---|---|
| Legal Fees | $1,460.00 |
| Airfare | $1,224.20 |
| **Total Expenses** | **$2,684.20** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Quicksilver Resources Inc., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 15-10585 (LSS)<br>)<br>) Jointly Administered<br>)<br>) Objection Deadline: December 28, 2015, at<br>) 4:00 p.m. (prevailing Eastern time)<br>) Hearing: Scheduled only if necessary |

### SEVENTH MONTHLY APPLICATION OF MOELIS & COMPANY LLC FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FROM OCTOBER 1, 2015 THROUGH OCTOBER 31, 2015

Pursuant to sections 328 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "*Bankruptcy Code*") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "*Local Bankruptcy Rules*"), this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 195] (the "*Interim Compensation Order*") and *Order Authorizing the Employment and Retention of Moelis & Company LLC as Investment Banker to the Committee, Effective* Nunc Pro Tunc, *to March 30, 2015, and Waiving Certain Information Requirements Imposed by Local Rule 2016-2* [Docket No. 332] (the "*Moelis Retention Order*"), Moelis & Company LLC ("*Moelis*"), the retained

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

investment banker to the official committee of unsecured creditors (the "*Committee*") in the chapter 11 cases of above-captioned debtors and debtors-in-possession (the "*Debtors*"), hereby submits this seventh monthly application (this "*Application*") for the allowance of compensation for professional services performed by Moelis for the period from October 1, 2015 through October 31, 2015 (the "*Compensation Period*"), and reimbursement of its actual and necessary expenses incurred during the Compensation Period. By this Application, Moelis seeks allowance of compensation for services rendered in the amount of $125,000.00 and payment in the amount of $100,000.00 (which is 80% of the compensation sought herein). Moelis also seeks allowance and reimbursement of actual and necessary expenses in the amount of $2,684.20.

In support of this Application, Moelis respectfully represents as follows:

## BACKGROUND

1. On March 17, 2015 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "*Court*"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On March 25, 2015 (the "*Formation Date*"), the Office of the United States Trustee for the District of Delaware appointed five of the Debtors' largest unsecured creditors to serve as members of the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. The Committee is presently comprised of the following five members: (i) Ares Special Situations Fund IV, L.P.; (ii) Trunkline Gas Company LLC; (iii) Wilmington Trust, National Association; (iv) Delaware Trust Company, as Indenture Trustee; and (v) U.S. Bank National Association, as Indenture Trustee.

3.    Moelis was retained by the Committee under section 328 of the Bankruptcy Code, effective as of March 30, 2015, by the Moelis Retention Order. The Moelis Retention Order is annexed hereto as **Exhibit D**, and the engagement letter between Moelis and the Committee is annexed to the Moelis Retention Order as **Exhibit 1** thereto (the "*Engagement Letter*").

## COMPENSATION REQUESTED FOR
## SERVICES RENDERED DURING THE COMPENSATION PERIOD

4.    Moelis' requested compensation for the Compensation Period includes Moelis' Monthly Fee for October 2015 in the amount of $125,000.00.

5.    During the Compensation Period, Moelis' financial advisor professionals rendered approximately 317.5 hours of services to the Debtors, based on the time records those professionals maintained pursuant to the Moelis Retention Order. As stated in the Moelis Retention Application,[2] (a) it is not the general practice of financial advisory firms such as Moelis to keep detailed time records similar to those customarily kept by attorneys; and (b) Moelis does not ordinarily keep time records on a "project category" basis. Additionally, pursuant to the Moelis Retention Order, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) are not required to maintain time records.

6.    Moelis' work on behalf of the Debtors involved tasks that are briefly summarized below. The summary is not intended to be a detailed description of the work Moelis has performed during the Compensation Period, but rather is a guideline offered to the Court and other interested parties with respect to the services performed by Moelis.

(a)    **Due Diligence.** Moelis has performed substantial due diligence on the Debtors' business and materials disclosed by the debtors, including a lien review and business plan review.

---

[2] "*Moelis Retention Application*" means the *Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Moelis & Company LLC as Investment Banker to the Committee, Effective* Nunc Pro Tunc *to March 30, 2015, and Waiving Certain Information Requirements Imposed by Local Rule 2016-2* [Docket No. 246].

(b) **Valuation Work.** Moelis performed analysis around valuation including modeling and financial analyses.

(c) **Committee Communications.** Moelis communicated with and presented to the Committee on material updates, business developments, diligence findings and analysis as well as business plan reviews.

(d) **Third Party Communications.** Moelis communicated with the Debtors, the Debtors' advisors, and certain other parties.

(e) **Business Review.** Moelis performed analysis around Company's business projections, ongoing performance and other potential options available to the Company and Debtors.

(f) **Administrative Matters.** Moelis conducted general administrative services, including, but not limited to, services related to these chapter 11 cases generally, retention matters, addressing questions of individual members of the Committee, chapter 11 procedures, and communications, administrative functions, and other matters not falling into any of the service categories listed above.

7.   Annexed hereto as **Exhibit A** are the summary time records of Moelis' investment banking professionals during the Compensation Period, which have been maintained in accordance with the Moelis Retention Order. Pursuant to the Moelis Retention Order, the requirements of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and Local Rule 2016-2 have been modified such that Moelis' restructuring professionals are required only to keep summary time records in half-hour increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) are not required to maintain time records, Moelis' restructuring professionals are not required to keep time records on a project category basis, and Moelis is not required to provide or conform to any schedules of hourly rates.

8.   To the extent this Application does not comply in every applicable respect with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines and Local Rule 2016-2 (as modified by the Moelis Retention Order), Moelis respectfully requests a waiver for any such technical non-compliance.

## REQUEST FOR REIMBURSEMENT OF EXPENSES
## INCURRED DURING THE COMPENSATION PERIOD

9. A detailed description of the expenses Moelis incurred during the Compensation Period is annexed hereto as **Exhibit B**. Such expenses incurred by Moelis include long distance telephone calls, overnight delivery, travel expenses, local messenger service, meals, facsimiles, postage, and duplicating and presentations charges, which are reimbursable pursuant to the Moelis Retention Order. In addition, the invoices and supporting time records for the attorneys' fees and expenses for which Moelis seeks reimbursement are attached hereto as **Exhibit C**. Such attorneys' fees and expenses are also reimbursable pursuant to the Moelis Retention Order. All of the fees and expenses for which allowance and payment is requested by Moelis in this Application are reasonable and necessary. In seeking reimbursement of an expenditure, Moelis is requesting reimbursement "at cost" and does not make a profit on that expenditure.

*[Remainder of page intentionally left blank.]*

**WHEREFORE,** Moelis respectfully requests that an allowance be made to Moelis for 100% of its fees of $125,000.00 and 100% of its expenses of $2,684.20 incurred during the Compensation Period. Moelis also respectfully requests payment by the Debtors of $102,684.20 representing the sum of 80% of its fees requested herein plus 100% of the expense reimbursement requested herein.

Dated: December 7, 2015

                                       **MOELIS & COMPANY LLC**

                                       By: */s/ Barak Klein*
                                       Name:    Barak Klein
                                       Title:     Managing Director