# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Quicksilver Resources Inc., <u>et al.</u>,[1] | ) Case No. 15-10585 (LSS) |
| Debtors. | ) Jointly Administered |

**DECLARATION OF JOHN-PAUL HANSON
IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING
THE TERMS, AS MODIFIED, OF THE "FINAL ORDER UNDER 11 U.S.C. §§ 105, 361,
362, 363 AND 507, AND BANKRUPTCY RULES 2002, 4001 AND 9014
(I) AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND (II) GRANTING
<u>ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES</u>"**

I, John-Paul Hanson, declare as follows under penalty of perjury:

1. I am a Managing Director at Houlihan Lokey Capital, Inc. ("<u>Houlihan Lokey</u>"), where I am a senior banker in the firm's Financial Restructuring Group, Head of Houlihan Lokey's Oil and Gas E&P Group, and Co-Head of the firm's Energy Group. Houlihan Lokey has its principal office at 245 Park Avenue, New York, New York 10167.

2. I submit this declaration in support of the *Debtors' Motion for Entry of An Order Extending The Terms, As Modified, of The "Final Order Under 11 U.S.C. §§ 105, 361, 362, 363 and 507, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral and (II) Granting Adequate Protection to Prepetition Secured Parties"* [D.I. 890] (the "<u>Motion</u>").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

[2] Capitalized terms used herein, but not otherwise defined have the meaning ascribed to them in the Motion.

3.     In forming the opinions set forth herein, I have relied upon and/or considered, among other things, the following: (a) my experience in chapter 11 cases, including with use of cash collateral and issues attendant to diminution in value; (b) the Motion; (c) the *Declaration of Vanessa Gomez LaGatta in Support of First Day Pleadings* [D.I. 19]; (d) the *Declaration of John-Paul Hanson in Support of Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Granting Prepetition Secured Parties Adequate Protection, (C) Scheduling a Final Hearing, and (G) Granting Related Relief* [D.I. 252] (the "First Hanson Declaration"); (e) discussions with the Debtors' management concerning the Debtors' business and finances; (f) discussions with certain other professionals at Deloitte and other advisors to the Debtors; and (g) my experience in the oil and gas industry.

4.     I am not being compensated specifically for this testimony other than through payments received by Houlihan Lokey as a professional proposed to be retained by the Debtors in these chapter 11 cases. If called upon to testify, I would testify competently to the facts set forth in this declaration.

**A.     Qualifications**

5.     Houlihan Lokey is an internationally recognized investment banking and financial advisory firm, with nineteen offices worldwide and more than 1,100 professionals. Houlihan Lokey's Financial Restructuring Group, which has more than 170 professionals, is one of the leading advisors and investment bankers to unsecured and secured creditors, debtors, acquirers, and other parties-in-interest involved with financially troubled companies both in and outside of bankruptcy. Houlihan Lokey has been, and is, involved in some of the largest restructuring cases in the United States, including representing debtors in *Mark IV Industries*; *Buffets Holdings, Inc.*; *Bally Total Fitness Holding Corp.*; *XO Communications, Inc.*; *Six Flags, Inc.*; *Granite Broadcasting Corp.*; and *MS Resorts* and official committees in *Lehman Brothers Holdings Inc.*;

*Arcapita Bank B.S.C(c).*; *Enron Corp.*; *WorldCom, Inc.*; *Delta Air Lines, Inc.*; *General Growth Properties*; and *Capmark*. In addition, Houlihan Lokey has represented debtors or creditors in numerous oil and gas restructuring cases, including, among others, with respect to the pre-petition first lien lenders and debtor in possession lenders in *ATP Oil & Gas Corporation*; the first and second priority noteholders in *Endeavour International Corporation*; the first lien lenders in *Southern Pacific Resources Corp.*; the second lien lenders in *Samson Resources Corporation*; the second lien lenders in *Sabine Oil and Gas Corporation*; and the debtors and debtors in possession in *BPZ Resources, Inc.*

6. I specialize in advising public and private companies and creditor groups in complex financial restructurings. Before joining Houlihan Lokey in 2001, I was a manager of alternative lending at Commonfund Mortgage Corp., where I structured whole loan and portfolio fundings, sales, and securitizations involving a variety of asset-backed lending transactions. Earlier in my career, I held a similar position at MoneyLine Lending. I began my career in finance, trading fixed income securities at NNJ, a private family wealth fund formerly based in San Francisco, California. I have an M.B.A., with a concentration in Finance, from the University of Maryland's Robert H. Smith School of Business and a dual B.A. degree, cum laude, in Italian and International Finance from Brigham Young University. I am FINRA certified with Series 7 and 63 licenses.

7. I have extensive experience as an advisor and investor in corporate restructurings, public and private debt and equity offerings, and mergers and acquisitions. I have advised companies, creditors, and investors in connection with numerous in-court and out-of-court restructurings and recapitalizations, including *ATP Oil & Gas Corp.*; *Bennu Oil & Gas, LLC*; *Endeavour International Corporation*; *Samson Resources Corporation; Sabine Oil and Gas*

*Corporation; BPZ Resources, Inc.; Trident Resources Corp.*; *Trident Exploration Corp.*; *Blue Mountain Energy, LLC*; *Beacon Power, LLC*; *U.S. Department of Energy Loan Program Office*; *U.S. Energy Corp.*; *GBGH Ltd.*; *Big West Oil, LLC*; *Solutia, Inc.*; *National Energy & Gas Transmission, Inc.* (formerly PG&E NEG); and *Gas Transmission Northeast*, among others within the energy industry and a variety of other sectors. I have previously submitted declarations and/or affidavits and proffered testimony in multiple cases, including most recently in *BPZ Resources, Inc*. I have authored, co-authored, and spoken on various topics, including: Trends in Oil and Gas Finance, Trends in Financial Restructuring, Financing Markets in a Distressed Environment, Valuation Dynamics in Financial Restructuring, and Valuing Net Operating Losses, among others. I currently serve on the Board of Directors of Bennu Oil & Gas, LLC, an entity established for the purpose of acquiring and operating oil and gas properties in the Gulf of Mexico.

8.      I have been one of the principal engagement personnel working on Houlihan Lokey's engagement with the Debtors and their non-debtor affiliates and subsidiaries (collectively, the "Company") since January 2014. In connection with the Amended Final Order, I participated directly in discussions, due diligence, and negotiations with the Company's management, outside counsel, and other advisors.

**B.     Commodities Prices and the Adequate Protection Package**

9.      I understand that the Debtors propose to continue to provide adequate protection to the Prepetition Secured Parties (collectively, the "Adequate Protection Package"), including, among other things, cash payments intended to serve as a proxy for the diminution in value of the Prepetition Collateral calculated in an amount equal to current pay interest on the Second Lien debt and the Second Lien Parties' professional fees and expenses, in exchange for their consent to use Cash Collateral and in protection against the diminution in value of their

4

respective interests in the Prepetition Collateral. I further understand that the Barnett Shale, one of the Debtors' core natural gas production and development areas, comprises the substantial majority of the Prepetition Collateral.

10. As with any asset within the oil and gas industry, the value of the Barnett Shale is, in large part, dependent on commodities prices and underlying hydrocarbon volumes. The hydrocarbon volumes are a finite, depleting resource and therefore, in isolation, result in a natural limit to the value available to secured creditors.

11. Natural gas and oil are commodities that are traded on commodity exchanges, the prices for which are fundamentally driven by available supply and demand. As demonstrated by Exhibit A attached hereto, current prices have declined since the Final Order was entered on May 1, 2015. Although current prices are very low, they have not yet reached the historical low point. As demonstrated on Exhibit A, price declines in natural gas since peaks in 2005 and 2008, are a result of supply outstripping demand by a significant margin, which is largely the result of shale drilling, completion and production technologies that have been applied in recent years, including in the Barnett Shale, among other North American oil and gas basins. Absent either significant discoveries and/or extensions/increases in hydrocarbon volumes associated with the Debtors' oil and gas reserves, or significant operating cost reductions, if natural gas prices experience further declines, the value of the Barnett Shale and the Debtors' assets located therein will suffer a corresponding decrease. Natural gas supply is approaching all-time highs, which results in an imbalance versus demand, thus causing ongoing downward volatile pressure on trading prices.

12. Accordingly, I believe that there is a risk of further diminution of the value of the Barnett Shale due to the daily production of the finite natural gas reserves and unknowable, unpredictable volatility in fluctuation of natural gas prices.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 9th day of December, 2015.

By: _____
John-Paul Hanson
Managing Director
Houlihan Lokey Capital, Inc.