IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
:
In re: : Chapter 11
:
QUIKSILVER, INC., *et al.*, : Case No. 15-11880 (BLS)
:
Debtors.[1] : Jointly Administered
:
------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Stephanie Delgado, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors in the above-captioned cases.

On March 3, 2016, at my direction and under my supervision, employees of KCC caused to be served per postal forwarding address the following document via First Class mail on the service list attached hereto as **Exhibit A**:

*[Space Intentionally Left Blank]*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

- **[Customized] Notice of Cure Amount with Respect to Executory Contracts or Unexpired Leases to be Assumed, or Assumed and Assigned, as Applicable, Pursuant to the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and Its Affiliated Debtors and Debtors in Possession** (attached hereto as **Exhibit B**)

Dated: March 4, 2016

_____
Stephanie Delgado

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 4th day of March, 2016, by Stephanie Delgado, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature: _____

CASEY MICHAEL SULLIVAN
Commission # 2130532
Notary Public - California
Los Angeles County
My Comm. Expires Oct 16, 2019

2

# Exhibit A

**Exhibit A**
**Counterparties First Class Service List**

| CreditorName | Address | City | State | Zip |
|---|---|---|---|---|
| Neece, Stormie N. | Address Redacted | | | |

Quiksilver, Inc., et al.
Case No.: 15-11880                                      Page 1 of 1

# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
In re:                        :   Chapter 11
                              :
QUIKSILVER, INC., *et al.*,   :   Case No. 15-11880 (BLS)
                              :
                   Debtors.¹  :   Jointly Administered
                              :
------------------------------x

**NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES TO BE ASSUMED, OR ASSUMED AND ASSIGNED, AS APPLICABLE, PURSUANT TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF QUIKSILVER, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

**THIS NOTICE IS BEING PROVIDED TO EACH NON-DEBTOR PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED, OR ASSUMED AND ASSIGNED, PURSUANT TO THE PLAN (AS DEFINED BELOW).**

**PLEASE TAKE NOTICE THAT:**

On December 4, 2015, the United States Bankruptcy Court for the District of Delaware entered an order [Docket No. 534] (the "Disclosure Statement and Solicitation Procedures Order") approving, among other things: (i) the Disclosure Statement With Respect to Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession, dated November 17, 2015 [Docket No. 533] (as amended, modified, or supplemented from time to time, the "Disclosure Statement"), as providing adequate information for holders of claims against and interests in the Debtors to make a decision as to whether to accept or reject the Second Amended Joint Chapter 11 Plan of Reorganization Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession, dated November 17, 2015 [Docket No. 532] (as amended, modified, or supplemented from time to time, the "Plan"), and (ii) the procedures for the solicitation and notice procedures with respect to the Plan and approving the form of various ballots and notices in connection therewith (the "Solicitation Procedures").

---

¹ The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

On January 7, 2016, the Debtors filed the Notice of Filing of Plan Supplement for the Second Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession (as amended, modified, or supplemented from time to time, the "Plan Supplement"), which includes the schedule of certain executory contracts and unexpired Leases to be assumed by the Debtors pursuant to the Plan [Docket No. 625] (as amended, modified or supplemented from time to time, the "Schedule of Assumed Executory Contracts and Unexpired Leases"). The documents contained in the Plan Supplement are integral to and part of the Debtors' Plan.

In the Disclosure Statement and Solicitation Procedures Order, the Bankruptcy Court scheduled a hearing (the "Confirmation Hearing") on confirmation of the Plan. The Confirmation Hearing will commence at **9:30 a.m. (prevailing Eastern time) on January 27, 2016**, before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by written notice or by announcing such continuance in open court. The Plan, including the Plan Supplement, may be further modified or amended, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

## ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER THE PLAN

The order confirming the Plan (the "Confirmation Order") will constitute an order under Bankruptcy Code section 365 approving the rejection of all prepetition executory contracts and unexpired leases to which any Debtor is a party, to the extent such contracts or leases are executory contracts or unexpired leases, on and subject to the occurrence of the Effective Date, unless such contract or lease (a) is identified in the Schedule of Assumed Executory Contracts and Unexpired Leases, as an assumed agreement; provided, however, that the Debtors may amend such Schedule of Assumed Executory Contracts and Unexpired Leases at any time prior to the date the Plan is confirmed; (b) previously shall have been assumed or rejected by the Debtors by Final Order of the Bankruptcy Court or has been assumed by the Debtors by order of the Bankruptcy Court as of the Effective Date, which order becomes a Final Order after the Effective Date; (c) is the subject of a pending motion to assume or reject on the Effective Date; or (d) is otherwise assumed pursuant to the terms of the Plan.

1. <u>Notice of Assumption</u>: The Debtors hereby provide notice (this "Notice") of their intent to assume, or assume and assign, as applicable, the executory contract or unexpired lease, as listed on Exhibit A hereto (the "Assumed Contract"), as of the Effective Date. The Assumed Contract listed on Exhibit A has been or will be included in the Schedule of Assumed Executory Contracts and Unexpired Leases. Each Assumed Contract listed on Exhibit A includes any and all amendments, restatements or revisions thereto. Assumption of such Assumed Contract includes assumption of such amendments, restatements or revisions. The Debtors are authorized to supplement, modify or amend the Schedule of Assumed Executory Contracts and Unexpired Leases (including adding or removing contracts or leases therefrom) as necessary prior to the Confirmation Hearing.

2. <u>Notice of Cure Amount</u>: Within 30 days following the occurrence of the Effective Date or as soon as reasonably practicable thereafter, the Reorganized Debtors or their assignee, as applicable, shall pay in cash the amount, if any, necessary to cure any defaults of any of the Debtors under the Assumed Contract according to the Debtors' books and records, or on such other terms as may be ordered by the Bankruptcy Court or agreed upon by the parties to the applicable Assumed Contract without any further notice to or action, order, or approval of the Bankruptcy Court. Such amount is set forth on Exhibit A hereto (the "<u>Cure Amount</u>"). Except as otherwise set forth on <u>Exhibit A</u>, the cure amount with respect to the Assumed Contract is designated by the Debtors as zero dollars ($0), subject to the determination of a different cure amount pursuant to the procedures set forth in the Plan and herein. The Debtors will continue to pay all postpetition amounts owing under the Assumed Contract until the assumption of the Assumed Contract. The Debtors' records reflect that, other than the Cure Amount, there are no other defaults under the Assumed Contract.

3. <u>Objecting to the Proposed Assumption or Cure Amount</u>: Each non-Debtor party to an Assumed Contract shall have until **February 8, 2016 at 4:00 p.m. (prevailing Eastern time) (the "Cure Objection Deadline")** to file an objection (a "<u>Cure Objection</u>") to (a) the proposed assumption of the applicable Assumed Contract (and must state in the objection, with specificity, the legal and factual basis of its objection) and/or (b) the Cure Amount (and must state in its objection, with specificity, alleged alternative Cure Amount and include invoices and other appropriate documentation in support thereof). If no objection is timely received, (x) the non-Debtor party to the Assumed Contract shall be deemed to have consented to the assumption of the applicable Assumed Contract and shall be forever barred from asserting any objection with regard to such assumption, and (y) the proposed Cure Amount shall be controlling, notwithstanding anything to the contrary in any applicable Assumed Contract or other document as of the date of the filing of the Plan, and the non-Debtor party to an Assumed Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting, collecting, or seeking to collect any additional amounts relating thereto against the Debtors or the Reorganized Debtors, or the property of any of them. Objections, if any, to the proposed assumption and/or Cure Amount must be in writing, filed with the Bankruptcy Court and served in hard-copy form <u>so that they are actually received</u> by the Cure Objection Deadline by the following parties: (collectively, the "<u>Notice Parties</u>"): (i) Quiksilver, Inc., 5600 Argosy Circle, Huntington Beach, CA 92649, Attn: Linnsey Caya; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, Attn: Van C. Durrer, II and Annie Li and Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, Wilmington, DE 19801, Attn: Dain De Souza and Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Suite 2700, Chicago, IL 60606, Attn: John K. Lyons and Jessica Kumar; (iii) counsel to the Plan Sponsor,[2] Kirkland & Ellis LLP, 300 N. LaSalle Street, Chicago, IL 60654, Attn: Patrick J. Nash, Jr. and Ross M. Kwasteniet and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Robert J. Dehney and Andrew R. Remming; (iv) counsel to the Official Committee of Unsecured Creditors, Akin, Gump, Strauss, Hauer & Feld LLP, One

---

[2] As used herein, "<u>Plan Sponsor</u>" refers to certain funds managed by affiliates of Oaktree Capital Management which are party to the Plan Sponsor Agreement by and among the Debtors and the Plan Sponsor, dated as of September 8, 2015.

Bryant Park, Bank of America Tower, New York, NY 10036, Attn: Michael S. Stamer, Abid Qureshi, and Meredith A. Lahaie and Pepper Hamilton, LLP, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19899, Attn: David B. Stratton, David M. Fournier, and John H. Schanne II; (v) to the extent not included in the foregoing, any party to the applicable Assumed Contract; (vi) any other parties in interest who are required to be given notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and (vii) the Office of the United States Trustee, J. Caleb Boggs Federal Bldg., 844 North King Street, Room 2207, Lockbox 35, Wilmington, DE 19801, Attn: Mark S. Kenney.

4. <u>Hearing with Respect to Objections</u>: If an objection to the proposed assumption and/or to the Cure Amount is timely filed and received in accordance with the procedures set forth in the preceding paragraph, and the parties do not reach a consensual resolution of such objection, a hearing with respect to such objection will be held at such time scheduled by the Bankruptcy Court or the Debtors or the Reorganized Debtors. Objections to the proposed Cure Amount or assumption of an executory contract or unexpired lease will not be treated as objections to confirmation of the Plan.

5. <u>Reservation of Rights</u>: Notwithstanding anything to the contrary herein or in the Plan, prior to the Effective Date, the Debtors, with the consent of the Plan Sponsor, may amend their decision with respect to the assumption of any executory contract or unexpired lease and provide a new notice amending the information provided in the applicable notice. In the case of an executory contract or unexpired lease designated as an Assumed Contract that is the subject of a Cure Objection which has not been resolved prior to the Effective Date, the Debtors may designate such executory contract or unexpired lease for rejection at any time prior to the payment of the Cure Amount.

6. <u>No Admission</u>. Neither the exclusion nor inclusion of any contract or lease on <u>Exhibit A</u> hereto, nor anything contained in the Plan or the Plan Supplement, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors, or any of their affiliates, have any liability thereunder. If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtors, with the consent of the Plan Sponsor, or the Reorganized Debtors, as applicable, shall have 45 days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

7. <u>Plan</u>. The treatment of executory contracts and unexpired leases is more fully described in Article VII of the Plan and Exhibit I of the Plan Supplement (as each may be amended).

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## COPIES OF DOCUMENTS

      Any party in interest wishing to obtain information about the Solicitation Procedures or copies of the Disclosure Statement, the Plan or the Solicitation Procedures should (i) contact the Debtors' Voting Agent, Kurtzman Carson Consultants LLC, at **(877) 709-4757**, within the United States or Canada, or at **(424) 236-7235**, outside the United States or Canada, or at quiksilverinfo@kccllc.com or (ii) view such documents at the website maintained by the Debtors' Voting Agent, at **http://www.kccllc.net/quiksilver**. All documents that are filed with the Court may be reviewed during regular business hours (9:00 a.m. to 4:00 p.m. weekdays, except legal holidays) at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801.

Dated:        Wilmington, Delaware
                 January 25, 2016

                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                  */s/ Van C. Durrer, II*
                                  Van C. Durrer, II (I.D. No. 3827)
                                  Annie Li
                                  300 South Grand Avenue, Suite 3400
                                  Los Angeles, California 90071
                                  Telephone: (213) 687-5000
                                  Fax: (213) 687-5600

                                  - and -

                                  Dain A. De Souza (I.D. No. 5737)
                                  One Rodney Square
                                  P.O. Box 636
                                  Wilmington, Delaware 19899-0636
                                  Telephone: (302) 651-3000
                                  Fax: (302) 651-3001

                                  - and -

                                  John K. Lyons
                                  Jessica Kumar
                                  155 N. Wacker Dr.
                                  Chicago, Illinois 60606
                                  Telephone: (312) 407-0700
                                  Fax: (312) 407-0411

                                  Counsel for Debtors and Debtors in Possession

## EXHIBIT A

## ASSUMED CONTRACT(S) AND CURE AMOUNT(S)

| Debtor Name | Counterparty | Description | Cure Amount |
|---|---|---|---|
|  |  |  |  |