```
 1                      UNITED STATES BANKRUPTCY COURT
                            DISTRICT OF DELAWARE
 2

 3   IN RE:                           )   Case No. 15-11880 (BLS)
                                      )   Chapter 11
 4   QUIKSILVER, Inc., et al.,        )
                                      )
 5              Debtors.              )   Courtroom No. 1
                                      )   824 Market Street
 6                                    )   Wilmington, Delaware 19801
                                      )
 7                                    )   Thursday, April 28, 2016
                                      )   11:00 A.M.
 8
                             TRANSCRIPT OF HEARING
 9                   BEFORE HONORABLE BRENDAN L. SHANNON
                        UNITED STATES BANKRUPTCY JUDGE
10
     APPEARANCES:
11
     For the Debtors:         Michael Seidl, Esquire
12                            PACHULSKI STANG ZIEHL & JONES, LLP
                              919 N. Market Street, Suite 1700
13                            Wilmington, Delaware 19801

14   For Nicholas Drake, et al.:
                              Michael Busenkell, Esquire
15                            GELLERT SCALI BUSENKELL & BROWN, LLC
                              1201 N. Orange Street, Suite 300
16                            Wilmington, Delaware 19801

17                            Blake Lindemann, Esquire
                              LINDEMANN LAW FIRM
18                            433 N. Camden Drive
                              Beverly Hills, California 90210
19
     Audio Operator:          Brandon McCarthy, ECRO
20
     Transcription Service:   Reliable
21                            1007 N. Orange Street
                              Wilmington, Delaware 19801
22                            Telephone:  (302) 654-8080
                              E-Mail:  gmatthews@reliable-co.com
23


24   Proceedings recorded by electronic sound recording:
     transcript produced by transcription service.
25
```

1                                 INDEX

2                                                                    Page

3  NOTICE OF AGENDA MATTERS:

4  For the Debtors, by Mr. Seidl                                        4
   For Drake, *et al.*, by Mr. Busenkell                                6
5  For Drake, *et al.*, by Mr. Lindemann                                7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      (Call to order of the Court)
2           THE COURT:  Please be seated.  Good morning.
3           Mr. Seidl, good to see you.
4           MR. SEIDL:  Good morning.  For the record Michael
5  Seidl, Pachulski Stang, on behalf of the Reorganized Debtors
6  in these Quiksilver cases.
7           Your Honor, we reached out to Chambers early this
8  morning to report --
9           THE COURT:  And I certainly appreciate the phone
10 call.
11          MR. SEIDL:  Great.  So I think this will be a very
12 straight forward agenda this morning.
13          THE COURT:  Great.
14          MR. SEIDL:  Items 1 and 2 are adjourned.  Item 3,
15 Your Honor already entered the order on that objection to
16 claim.  That takes us to Item 4, which is the motion of the
17 former employees for allowance of payment of diminution and
18 expense priority claim.
19          THE COURT:  Right.
20          MR. SEIDL:  Which was contested until basically this
21 morning.  Counsel for the Claimants is present in the
22 Courtroom today.  I think our goal here this morning is to
23 report the general substance of the terms of the resolution.
24 There are still some Claimants in the Group that have not
25 signed on and there are still some open issues.

1           THE COURT:  Okay.
2           MR. SEIDL:  But let me put the kind of general
3  parameters on the record and then I'll let Mr. Lindemann add
4  anything to that.
5           THE COURT:  That sounds good.  What do you got?
6           MR. SEIDL:  With respect to the pull of creditors at
7  issue, the ones on behalf of which a proof of claim was filed
8  by counsel in this matter, a $20,000 dollar allowed
9  administrative claim plus an allowed priority claim of
10 $112,275 dollars, plus allowed agreed unsecured claims in an
11 amount to be determined.  We're still in the process of
12 reconciling those.  I understand from counsel that we're
13 going to proceed in good faith.  I don't expect that to be a
14 barrier to agreements, especially in the context of the
15 expected recovery for unsecured creditors in these cases.
16          THE COURT:  Okay.
17          MR. SEIDL:  This would be in full resolution of the
18 admin claim motion and the claims filed by these creditors.
19          THE COURT:  And full releases then?
20          MR. SEIDL:  Coming to that in a moment.
21          THE COURT:  Okay.  Sure.
22          MR. SEIDL:  It would also involve a dismissal with
23 prejudice of the appeal of the confirmation order.  Mutual
24 general releases contemplated.  I heard this morning that
25 there may be some litigation that one or more of the

1  Claimants wants to reserve.  Until we have investigated that,
2  the Debtors aren't offering mutual releases to that Claimant.
3          THE COURT:  Sure.
4          MR. SEIDL:  Or those Claimants.  So we still need to
5  work with that.  Each side to bear its own cost and expenses.
6  I would expect, although we haven't had this conversation
7  entirely, that notwithstanding the fact that we're post-
8  confirmation this would probably be the subject of a 9019
9  motion or settlement agreement and an order of the Court just
10 to be sure that we've dotted all the I's and crossed all the
11 T's.
12         THE COURT:  That would be fine.
13         MR. SEIDL:  I think those are the principal points,
14 but I'll leave anything else to Mr. Lindemann.
15         THE COURT:  Sure thing.
16         Mr. Busenkell, good morning.
17         MR. BUSENKELL:  Good morning, Your Honor; Michael
18 Busenkell of Gellert Scali Busenkell & Brown on behalf of
19 Nicholas Drake, *et al.*, the former employees that Mr. Seidl
20 referenced.  With me in the Courtroom today is Blake
21 Lindemann who's out from California.
22         THE COURT:  Great.
23         MR. BUSENKELL:  Lead counsel.  His *pro hac* has
24 already been entered.  I will cede the podium to him so he
25 can address any further points on the agenda.

1          THE COURT:  Terrific.

2          Mr. Lindemann, good morning.  Welcome.

3          MR. LINDEMANN:  Good morning, Your Honor.  Thank
4 you.

5          We have nothing further to add.  I would just thank
6 the Court for its time in considering it and allowing us to
7 be here.

8          THE COURT:  That sounds fine with me.  I guess I
9 just want to confirm.  I think I understood Mr. Seidl to say
10 that the parties will close the loop on what sounds like a
11 couple little odds and ends and then move forward,
12 presumably, with motion practice to have an order that
13 captures all of this and provides for absolute certainty.
14 Given the number of parties involved and the nature of the
15 issues, it seems to me that closure is of particular value,
16 frankly, to both sides; the estate and the Claimants.

17          So I'm certainly fine with that.  I am not trying to
18 burden the estate with motion practice.  If that's the path
19 that you want to go, if there are no objections, and I really
20 wouldn't expect that there would be any, I would certainly
21 entertain it under certification of counsel.

22          MR. SEIDL:  Thank you, Your Honor.

23          MR. LINDEMANN:  Thank you, Your Honor.

24          THE COURT:  Okay.  I think I'll look for that motion
25 practice as you close the process out.  If issues arise I'd

1  invite you to get me on the phone and we can try to square
2  away any problems that we have, but it sounds like its well
3  under control.
4          MR. LINDEMANN:  Very well.  Thank you.
5          THE COURT:  Great.  Thank you.
6          All right.  Mr. Seidl.
7          MR. SEIDL:  Thank you, Your Honor.  So that's the
8  status with respect to Item 4.
9          Two more items on the agenda for today.  Item 5, the
10 third omnibus objection to claims.  The relief requested
11 there was previously granted except with respect to Claimant
12 Ante Galic, which made an informal response.  This was a
13 claim objected to as late.
14         THE COURT:  Right.
15         MR. SEIDL:  Claimant raised some issues with respect
16 to foreign service and inability to timely receive the notice
17 of the bar date.  We thought that was a fairly sympathetic
18 case.  We also determined the claim was filed as a priority
19 claim when it was probably not properly a priority claim.  So
20 *quid pro quo* the parties agreed to withdrawal the objection
21 that the claim is late.
22         THE COURT:  But treat it as a general --
23         MR. SEIDL:  Treat it as a general unsecured claim.
24         THE COURT:  Okay.  That's a good result.
25         MR. SEIDL:  We though so as well.  So I have an

1  agreed order to present, unless Your Honor has any questions.
2        THE COURT: No, I don't think I have any questions.
3  I'd ask if anyone wishes to be heard with respect to the
4  relief requested. Very well.
5        Based upon the record before me I am satisfied that
6  the Debtors have carried their burden with respect to the
7  relief requested and specifically with respect to the claim
8  objection. As to the resolution that's been described by
9  counsel at the podium, I certainly have no issue or concerns
10 with that resolution. I'd be happy to enter the order.
11       MR. SEIDL: If I may approach.
12       THE COURT: Sure.
13       MR. SEIDL: Your Honor, that would be the last open
14 claim on that objection. So that objection is now done.
15       THE COURT: Terrific. Okay.
16       MR. SEIDL: Next item is Item 6, the Debtors fourth
17 omnibus objection. This is a procedural objection to claims,
18 certain duplicate claims, amended claims, equity claims and
19 late claims. It's supported by the declaration of Armen
20 Enrikian of FTI, filed and served on March 29th with an April
21 21st objection deadline. No formal responses were filed. We
22 received informal responses from Hunt Jacobson and C&K
23 Broadway. With respect to both those claims it's agreed to
24 withdrawal without prejudice. With respect to Hunt Jacobson
25 the objection had been on the grounds that those claims were

1  duplicate.  After closer review we determined they were not.
2           THE COURT:  Okay.
3           MR. SEIDL:  And then with respect to C&K Broadway
4  the objection had been on the grounds that one claim was
5  amended by the other.  After review we determined that it
6  established, in fact, that while they weren't amended claims,
7  one of the claims had already been disallowed in any event.
8  So agreed to a revised form of order with respect to those
9  parties, withdrawing those objections without prejudice.
10          In light of the absence of any other objection and
11 based upon the objection and supporting declaration, we
12 request that the relief requested by motion be granted.
13          THE COURT:  Okay.  I'd ask if anyone else wishes to
14 be heard with respect to the relief requested.  Very well.
15          Based upon the record before me, again, I am
16 satisfied that the relief requested is appropriate and
17 warranted.  The Court has previously obtained copies of the
18 proofs of claim in accordance with our local rules.  I have
19 listened carefully to counsel's recitation of some particular
20 claims in the resolutions related thereto and I am satisfied
21 that the relief requested is warranted.  That order will
22 issue.  Do you have an order for me?
23          MR. SEIDL:  I do, Your Honor, if I may approach with
24 a clean and blackline.
25          THE COURT:  Sure.  Thank you.

1    MR. SEIDL: Your Honor, the blackline on page 2
2 shows the withdrawal of the objections with respect to the
3 Claimants and they have also been removed from the exhibits
4 of the clean copy of the order.
5    THE COURT: Great. Okay. I've signed that. We'll
6 have that on the docket today.
7    MR. SEIDL: Thank you, Your Honor.
8    Last item on the agenda was final fee applications,
9 but I understand that order has been entered. So I think
10 that's everything on the agenda.
11    THE COURT: Terrific. Okay. Anything further?
12    MR. SEIDL: No.
13    THE COURT: Very well. We'll stand in recess.
14 Thanks very much.
15   (Court Adjourned)
16
17
18                          CERTIFICATE
19
20 I certify that the foregoing is a correct transcript from the
21 electronic sound recording of the proceedings in the above-
22 entitled matter.
23
24 /s/Mary Zajaczkowski                        May 6, 2016
   Mary Zajaczkowski, CET**D-531                  Date
25