**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:

QUIKSILVER, INC., *et al.*,[1]

                Debtors.

---------------------------------------------------------------- x

Chapter 11

Case No. 15-11880 (BLS)

Jointly Administered

<u>Hearing Date</u>: May 26, 2016 at 10:00 a.m. (ET)

**Related Docket Nos.: 883, 973**

**JOINDER TO APPLICATION OF CERTAIN UNSECURED
NOTEHOLDERS PURSUANT TO 11 U.S.C. §§ 503(b)(3) AND 503(b)(4)
FOR ALLOWANCE OF FEES AND EXPENSES INCURRED IN MAKING
A SUBSTANTIAL CONTRIBUTION AS AN ADMINISTRATIVE EXPENSE CLAIM**

Akin Gump Strauss Hauer & Feld LLP ("<u>Akin Gump</u>"), as counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] of Quiksilver, Inc. and its affiliated debtors and debtors in possession, hereby submits this joinder (the "<u>Joinder</u>") in support of the *Application of Certain Unsecured Noteholders Pursuant to 11 U.S.C. §§ 503(b)(3) and 503(b)(4) for Allowance of Fees and Expenses Incurred in Making a Substantial Contribution as an Administrative Expense Claim* [Docket No. 883] (the "<u>Application</u>") and the *Reply to Objection of the Reorganized Debtors to Application of Certain Unsecured Noteholders Pursuant to 11 U.S.C. §§ 503(b)(3) and 503(b)(4) for Allowance of Fees and Expenses Incurred in Making a*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Pursuant to Section 13.8 of the Confirmed Plan, the Committee remains in existence for matters related to professional fee applications.

*Substantial Contribution as an Administrative Expense Claim* [Docket No. 973].[3] In support of this Joinder, Akin Gump respectfully represents as follows:

## JOINDER

1.     In order to encourage active and meaningful creditor participation in chapter 11 proceedings, the Bankruptcy Code provides that creditors who have contributed substantially to a debtor's chapter 11 case may be compensated by the estate.  With the support of the Committee and through their counsel, Brigade Capital Management, LP ("Brigade"), as investment manager for certain holders of the 10.000% senior unsecured notes due August 1, 2020 (the "Unsecured Notes"), CVI Opportunities Fund I, LLLP, a holder of the Unsecured Notes (together with Brigade, the "Applicants"), and their counsel, Ropes & Gray LLP ("Ropes & Gray"), undertook actions that directly and materially benefitted the Debtors' unsecured creditors.  Specifically, as detailed in the Application, through Ropes & Gray, the Applicants engaged in significant efforts within a very short time period to develop, negotiate and propose an alternative, fully-committed postpetition financing facility (the "Alternative DIP Facility"), which proposed materially superior financial terms to those of the Debtors' original proposed financing facility (the "Oaktree DIP Facility").

2.     The existence of the Alternative DIP Facility unquestionably served to bolster negotiations between Oaktree, the Debtors and the Committee, and enabled the Debtors and the Committee to obtain material improvements to the terms of the proposed Oaktree DIP Facility. These valuable improvements to the Oaktree DIP Facility directly inured to the benefit of the Debtors' unsecured creditors and included, among other things: (i) eliminating the $20 million break-up fee payable to Oaktree; (ii) providing the Debtors with more time in which to market

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

their assets and (iii) preventing Oaktree from obtaining a lien on the Debtors' Unencumbered Foreign Stock, except to the extent of any diminution in value. Moreover, due in large part to the proposed Alternative DIP Facility, recoveries for unsecured creditors increased from $7.5 million in value to approximately $25 million in value under the Confirmed Plan, representing an increase of 233%.

[*Concluded on the following page*.]

3

3. By proposing a viable financing alternative, the Applicants provided a direct and significant benefit to the Debtors' unsecured creditors, for which they deserve to be compensated pursuant to Bankruptcy Code section 503(b). Accordingly, the Applicants' request for compensation and reimbursement of their expenses is warranted in exchange for their significant and substantial contribution to these Chapter 11 Cases, and the Committee joins in the relief sought by the Application.

Dated: May 16, 2016
Wilmington, Delaware

**PEPPER HAMILTON LLP**

/s/ David B. Stratton
David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
John H. Schanne II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: strattod@pepperlaw.com
fournierd@pepperlaw.com
schannej@pepperlaw.com

-AND-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Michael S. Stamer (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, New York 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
E-mail: mstamer@akingump.com
mlahaie@akingump.com

#39320032 v1