IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Reorganized Debtors.[1] | ) | |
| | ) | Jointly Administered |

**DECLARATION OF ARMEN EMRIKIAN
IN SUPPORT OF REORGANIZED DEBTORS' FIFTH OMNIBUS OBJECTION,
PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1, TO (I) AMENDED AND
SUPERSEDED CLAIMS, (II) STOCK CLAIMS, (III) LATE CLAIMS, AND
(IV) CLAIMS WITH NO BASIS IN THE DEBTORS' BOOKS AND RECORDS
AND INSUFFICIENT SUPPORTING DOCUMENTATION (NON-SUBSTANTIVE)**

I, Armen Emrikian, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a Managing Director with FTI Consulting, Inc., the financial and restructuring advisors retained by the above-captioned debtors (the "Debtors"). I make this declaration (the "Declaration") in support of the *Reorganized Debtors' Fifth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) Amended and Superseded Claims, (II) Stock Claims, (III) Late Claims, and (IV) Claims with No Basis in the Debtors' Books and Records and Insufficient Supporting Documentation (Non-Substantive)* (the "Fifth Omnibus Objection"). Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Fifth Omnibus Objection.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

2.       Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the books and records (the "Books and Records") of the above-captioned Debtors, the Schedules of Assets and Liabilities filed in the Debtors' chapter 11 cases (the "Schedules"), the claims addressed in the Fifth Omnibus Objection, relevant documents and other information prepared or collected by the Debtors' employees or professionals, or my opinion based on my experience with the Debtors' operations and financial condition. In making my statements based on my review of the Books and Records, relevant documents, and other information prepared or collected by the Debtors' employees, I have relied upon these employees accurately recording, preparing, or collecting such documentation and other information.

3.       If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion. I am authorized to submit this Declaration on behalf of the Debtors.

4.       I have access to the Books and Records. The Debtors' practice is to prepare and/or file documents and records at or about the time of the events described in the document or record, which are noted and recorded in the books, records, and/or files of the Debtors and which are maintained and relied upon by the Debtors in the ordinary course of their business.

5.       The Debtors object to the Claims listed on Exhibit A to the Proposed Order filed with the Fifth Omnibus Objection because those claims amend and supersede a

2

previously filed claim (such previously filed Claim, the "Amended and Superseded Claims").

The Amended and Superseded Claims are identified under the heading labeled "Amended Claim

to Be Disallowed" in Exhibit A attached to the Proposed Order.  The Debtors have also

identified the related, subsequently filed Claim that will remain if the Amended and Superseded

Claim is expunged, which is identified under the heading in Exhibit A labeled "Remaining Claim

Number." The claimant holding the Amended and Superseded Claim will not be prejudiced by

having its respective Amended and Superseded Claim disallowed and expunged because its

Remaining Claim will remain on the Claims Register after the corresponding Amended and

Superseded Claim is expunged.

6.      The Debtors object to the Claims listed on Exhibit B to the Proposed

Order filed with the Fifth Omnibus Objection because each of those claims assert claims that

demand, in whole or in part, secured, priority, or unsecured status.  After reconciling the Equity

Claims against the Debtors' Books and Records, the Debtors' have determined that each of the

Equity Claims asserts a claim by a shareholder in connection with the ownership of stock and

thus constitutes an equity interest and not a secured, priority, or general unsecured claim,

7.      The Debtors object to each of the Claims listed on Exhibit C to the

Proposed Order filed with the Fifth Omnibus Objection because each of those Claims

(i) represents a Claim filed after the General Bar Date, (ii) does not fall within one of the

specified exceptions set forth in the Bar Date Order, and (iii) is not identified by the claimant to

be specific amendments to timely filed Claims.

3

8.    The Debtors object to each of the Claims listed on Exhibit D to the

Proposed Order filed with the Fifth Omnibus Objection because each of those Claims (i) fails to

attach any supporting documentation or evidence and (ii) is unsupported by the Debtors' Books

and Records.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this
26th day of May 2016.

Armen Emrikian
Managing Director
FTI Consulting, Inc.

4

DOCS_DE:207468.1 72779/002