IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.,* | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Reorganized Debtors.[1] | ) | |
| | ) | Jointly Administered |

Objection Deadline: August 4, 2016, at 4:00 p.m.
Hearing Date: August 11, 2016, at 10:00 a.m.

**REORGANIZED DEBTORS'**
**OBJECTION TO CLAIM OF 212 DESIGN, INC.**

The above-captioned reorganized debtors (collectively, the "Reorganized

Debtors" and before the date of the Plan (as defined below), the "Debtors"), by and through their

undersigned counsel, hereby submit the *Reorganized Debtors' Objection to Claim of 212 Design,*

*Inc.* (the "Objection"). Pursuant to the Objection, the Reorganized Debtors seek to reclassify

from an asserted secured claim to a general unsecured claim that claim  assigned claim

number 41 ("Claim 41") and filed by 212 Design, Inc. ("212 Design"), because Claim 41 states

no basis for a secured claim against the Debtors.  A true and correct copy of Claim 41 is attached

hereto as Exhibit A.

As described more fully below, and for the reasons stated below, Claim 41 should

be fixed as an allowed general unsecured claim in the amount of $65,791.26.  The facts and

circumstances supporting the Objection are set forth below and in the *Declaration of Armen*

*Emrikian in Support of the Reorganized Debtors' Objection to Claim of 212 Design, Inc.* (the

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and  Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

"Emrikian Declaration"). In further support of the Objection, the Reorganized Debtors state as follows:

## Jurisdiction

1.      This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 362(a), 502(b), 506(a), 1106(a), and 1107(a) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## General Background

3.      On September 9, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court" or the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") initially were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015 (b) and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4.      On January 29, 2016, the Court entered an order (the "Confirmation Order") [Docket No. 740] confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (the "Plan"). On February 11, 2016 (the "Effective Date"), the Debtors successfully consummated the Plan and emerged from Chapter 11 as the Reorganized Debtors

## The Claim

5.      212 Design filed Claim 41 on October 14, 2015.  It asserts a total claim of

$65,880.82 for "services performed," of which $63,791.26 is asserted as a secured claim and

$2,089.56 is asserted as an unsecured claim.  Upon information and belief, the services involved

architectural work in connection with certain of the Debtors' leased facilities.

6.      Claim 41 attaches certain invoices in connection with the services

performed, all of which occurred prior to the Petition Date, and the Debtors do not dispute the

amount of Claim 41.

7.      Claim 41 also attaches records of mechanics liens (the "Asserted Liens"),

each of which was placed after the Petition Date.  Moreover, each of the Asserted Liens claims

an interest in property belonging to the Debtors' former landlords rather than in property of the

Debtors.

## OBJECTION AND BASES FOR RELIEF

8.      A creditor has a claim against a debtor's estate only to the extent such

creditor has a "right to payment" for the asserted liability as of the Petition Date and such claim

is otherwise allowable. 11 U.S.C. §§ 101(5), 101(10), and 502(a).

9.      Section 502 of the Bankruptcy Code, and other applicable case law set

forth below, provide the bases for the relief sought in this Objection.  Section 502(b) states in

relevant part that:

> [T]he court, after notice and a hearing, shall determine the amount
> of [a] claim in lawful currency of the United States as of the date
> of the filing of the petition, and shall allow such claim in such
> amount, except to the extent that –
>
> (1)  such claim is unenforceable against the debtor or property of
> the debtor, under any agreement or applicable law for a reason
> other than because such claim is contingent or unmatured . . . .

U.S.C. § 502(b)(1). In addition, pursuant to 11 U.S.C. § 506(a), an "allowed claim of a creditor secured by a lien on property *in which the estate has an interest* . . . is a secured claim to the extent of the value of such creditor's interest *in the estate's interest in such property* . . . ." (emphasis added).

10.     Moreover, pursuant to 11 U.S.C. § 362(a), the Debtors' filing of their voluntary petitions operated as a stay, through the Effective Date, applicable to all entities, of, among other things "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4).

11.     Even if the Asserted Liens filed by 212 Design are not void *ab initio* insofar as they were filed in violation of the automatic stay under Section 362(a), the liens are asserted, as demonstrated in Claim 41, against property owned by (a) "55 Thompson St Investments," (b) "404 West LLC," (c) "Craig Realty Group," and (d) "Villa San Clemente LLC." Consequently, the asserted liens are not against property in which the Debtors' have an interest. In addition, nothing else in Claim 41 or the Debtors' books and records supports the position that Claim 41 is secured by liens on any property in which the Debtors' estates have an interest.

12.     As stated above, the Reorganized Debtors agree with the amount of Claim 41, and, based on the foregoing, the Emrikian Declaration, and Claim 41, request that Claim 41 be fixed as an allowed general unsecured claim under the Plan (Class 5-B) in the amount of $65,880.82.

### Reservation of Rights

13.     The Reorganized Debtors hereby reserve the right to object in the future to the Claim on any additional ground and to amend, modify and/or supplement the Objection as may be necessary. Should the grounds of the Objection be overruled or withdrawn, wholly or in

DOCS_DE:208348.2 72779/002

part, the Reorganized Debtors reserve the right to object to the Claim 41 on any other grounds that the Reorganized Debtors may discover or deem appropriate.

### Notice

14.     The Reorganized Debtors have served the Objection on: (a) the Office of the United States Trustee for the District of Delaware; (b) 212 Design; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors submit that notice of the Peschke Objection is sufficient under Bankruptcy Rule 3007 and the Local Rules and that no further or other notice is necessary.

WHEREFORE, for the reasons set forth above, the Reorganized Debtors request the entry of an order (i) fixing Claim 41 as an allowed unsecured claim in the amount of $65,880.82; and (ii) granting such other or further relief as the Court deems just and proper.


Dated: July 11, 2016

PACHULSKI STANG ZIEHL & JONES LLP

Láura Davis Jones (DE Bar No. 2436)
Michael R. Seidl (DE Bar No. 3889)
John A. Morris (admitted *pro hac vice*)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
           mseidl@pszjlaw.com
           jmorris@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

DOCS_DE:208348.2 72779/002