IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |

**DECLARATION OF ARMEN EMRIKIAN IN SUPPORT OF
REORGANIZED DEBTORS' OBJECTION TO CLAIM OF 212 DESIGN, INC.**

I, Armen Emrikian, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Managing Director with FTI Consulting, Inc., the financial and restructuring advisors retained by the above-captioned debtors (the "Debtors") and a "temporary employee" of the Debtors as contemplated by that retention. I make this declaration (the "Declaration") in support of the *Reorganized Debtors' Objection to Claim of 212 Design, Inc.* (the "Objection"). Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Objection.

2. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the books and records (the "Books and Records") of the above-captioned Debtors, the Schedules of Assets and Liabilities filed in the Debtors' chapter 11 cases (the "Schedules"), Claim 41,[2] relevant documents and other information prepared or

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

collected by the Debtors' employees or professionals, or my opinion based on my experience with the Debtors' operations and financial condition. In making my statements based on my review of the Books and Records, the Schedules, Claim 41, relevant documents, and other information prepared or collected by the Debtors' employees, I have relied upon these employees accurately recording, preparing, or collecting such documentation and other information.

3. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion. I am authorized to submit this Declaration on behalf of the Debtors.

4. I have access to the Books and Records. The Debtors' practice is to prepare and/or file documents and records at or about the time of the events described in the document or record, which are noted and recorded in the books, records, and/or files of the Debtors and which are maintained and relied upon by the Debtors in the ordinary course of their business.

5. Claim 41 attaches certain invoices in connection with the services performed, all of which occurred prior to the Petition Date. The Debtors do not dispute the amount of Claim 41.

6. Claim 41 also attaches records of Asserted Liens. Each of the Asserted Liens was placed after the Petition Date. Moreover, each of the Asserted Liens claims an interest in property belonging to the Debtors' former landlords rather than in property of the Debtors.

7. Nothing else in Claim 41 or the Debtors' books and records supports the position that Claim 41 is secured by liens on any property in which the Debtors' estates have an interest.

8th I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of July 2016.

_____
Armen Emrikian
Managing Director
FTI Consulting, Inc.