IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Reorganized Debtors.[1] | ) | |
| | ) | Jointly Administered |

Objection Deadline: August 4, 2016, at 4:00 p.m.
Hearing Date: August 11, 2016, at 10:00 a.m.

**REORGANIZED DEBTORS' SIXTH OMNIBUS
OBJECTION, PURSUANT TO SECTIONS 105 AND 502 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1, TO
(I) NO LIABILITY CLAIMS, (II) OVERSTATED CLAIMS, (III) MISCLASSIFIED
CLAIMS, AND (IV) OVERSTATED AND MISCLASSIFIED CLAIMS (SUBSTANTIVE)**

Quiksilver, Inc., and certain of its affiliated entities, post-confirmation debtors in the above-captioned cases (the "Debtors"), hereby submit their sixth omnibus objection (the "Objection") seeking an order substantially in the form attached hereto (the "Proposed Order"), disallowing, reducing, and/or reclassifying those claims identified on Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4 to the Proposed Order for the reasons more fully described below and in the Exhibits. In support of this Objection, the Debtors have filed concurrently herewith the *Declaration of Armen Emrikian in Support of Reorganized Debtors' Sixth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) No Liability Claims, (II) Overstated Claims, (III) Misclassified Claims, and (IV) Overstated and Misclassified Claims (Substantive)*, and respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**ATTENTION:** Please take notice that, if a claim that you filed against the Debtors is identified on the schedules attached to the Proposed Order as Exhibits 1, Exhibit 2, Exhibit 3, or Exhibit 4, the Debtors have objected to that claim with this Objection. This Objection therefore directly affects your rights, and your claim may be disallowed, reduced, or reclassified as a result of the granting of the relief sought in this Objection. Please carefully review the accompanying *Notice of Reorganized Debtors' Sixth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) No Liability Claims, (II) Overstated Claims, (III) Misclassified Claims, and (IV) Overstated and Misclassified Claims (Substantive)* (the "**Notice**") for important information regarding both (i) the deadline and procedure for filing any response to the Objection and (ii) the date of the hearing on the Objection. Any response to the Objection should be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), at the address identified in the Notice, and served on the Notice Parties as identified in the Notice. If neither you nor your attorney respond to this Objection by the deadline set forth in the Notice, the Court may decide that you have waived any right to oppose the Objection to your claim.

## Jurisdiction and Venue

1. The Bankruptcy Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105 and 502 of chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

**Background**

3. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a voluntary case (together, the "Chapter 11 Cases") by filing a petition for relief under the Bankruptcy Code in the Bankruptcy Court.

4. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1109 of the Bankruptcy Code.

5. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. The Debtors are one of the world's leading outdoor sports lifestyle companies. The Debtors design, develop, and distribute branded apparel, footwear, accessories, and related products. The Debtors began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Debtors' business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The Debtors' products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Debtor-owned retail stores, and their e-commerce websites. The Debtors comprise each of the Company's U.S.

3

entities, including parent, Quiksilver, Inc., as well as QS Wholesale, Inc., QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

7. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 20].

8. On January 29, 2016, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Plan of Reorganization of the Debtors* (the "Confirmation Order") [Docket No. 740], confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (as appended to the Confirmation Order, and including all supplements and amendments, the "Plan"). The Plan became effective on February 11, 2016 (the "Effective Date") [Docket No. 789].

9. As of the date hereof, more than 800 proofs of claim have been filed in the Chapter 11 Cases. The Debtors, together with their claims and administrative agent Kurtzman Carson Consultants LLC ("KCC"), their financial and restructuring advisors FTI Consulting, Inc. ("FTI"), and their counsel, have commenced a claims reconciliation process that includes identifying particular categories of claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. In addition to the present Objection, the Debtors may have occasion to file further individual and/or omnibus objections.

## Relief Requested

10. By this Objection, the Debtors object to the claims set forth in Exhibits 1 through 4 attached to the Proposed Order (the "Claims") and, for the reasons described below and on the Exhibits, seek entry of the Proposed Order, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, (a) disallowing the proofs of claim shown on Exhibit 1 (the "No Liability Claims"), (b) reducing the allowed amount of the proofs of claim shown on Exhibit 2 (the "Overstated Claims"), (c) reclassifying the proofs of claim shown on Exhibit 3 (the "Misclassified Claims"), and (d) both reducing and reclassifying the proofs of claim shown on Exhibit 4 (the "Overstated and Misclassified Claims"). disallowing and expunging the Claims.

## Basis for Relief

11. A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a); *see also Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991). Pursuant to section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) states in relevant part that:

> [T]he court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (1) such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured
> . . . .

11 U.S.C. § 502(b).

12. The Debtors, with the assistance of their advisors, have conducted a review of the proofs of claim filed in the Chapter 11 Cases to determine the validity of such claims. The Debtors and their advisors also compared the claims with their books and records to determine the validity of the asserted claims. For the reasons set forth in more detail below and in the attached Exhibits, the Debtors have determined that the claims identified on Exhibit 1 through Exhibit 4 to the Proposed Order attached hereto are objectionable.

**A.    No Liability Claims**

13. The Reorganized Debtors have identified the proofs of claim, listed on Exhibit 1, that constitute No Liability Claims. These are claims that assert a liability that is not reflected in the Debtors' books and records. The Debtors have reviewed each respective No Liability Claim and all supporting information and documentation provided therewith, have made reasonable efforts to research each such claim in the Debtors' books and records, and, for this reason as well as any supplemental explanation shown in the "Reason for Disallowance" column on Exhibit 1, have determined that there is no liability for the No Liability Claims. Accordingly, the Reorganized Debtors request that the No Liability Claims identified on Exhibit 1 be disallowed in its entirety.

**B.    Overstated Claims**

14. The Debtors have identified the proofs of claim, listed on Exhibit 2, that constitute Overstated Claims. These are claims that assert an incorrect amount according to the Debtors' books and records. The Debtors have reviewed each respective Overstated Claim and all supporting information and documentation provided therewith, have made reasonable efforts to research each such claim in the Debtors' books and records, and, for this reason as well as any supplemental explanation shown in the "Reason for Reduction" column on Exhibit 2, have

determined that the Overstated Claims should be reduced as shown on Exhibit 2. Accordingly, the Debtors request that the Overstated Claims identified on Exhibit 2 be reduced as shown on Exhibit 2.

### C.  Misclassified Claims

15. The Debtors have identified the proofs of claim, listed on Exhibit 3, that constitute Misclassified Claims. These claims assert an incorrect classification or priority status according to the Debtors' books and records. In addition, the Debtors have reviewed each respective Misclassified Claim and all supporting information and documentation provided therewith, have made reasonable efforts to research each such claim in the Debtors' books and records, and find no basis for the priority status asserted in the Misclassified Claims. For this reason as well as any supplemental explanation shown in the "Reason for Reclassification" column on Exhibit 3, the Debtors have determined that the Misclassified Claims should be reclassified as shown on Exhibit 3. Accordingly, the Debtors request that the Misclassified Claims identified on Exhibit 3 be reclassified as shown on Exhibit 3.

### D.  Overstated and Misclassified Claims

16. The Debtors have identified the proofs of claim, listed on Exhibit 4, that constitute Overstated and Misclassified Claims. These claims assert an incorrect amount as well as an incorrect classification or priority status according to the Debtors' books and records. In addition, the Debtors have reviewed each respective Overstated and Misclassified Claim and all supporting information and documentation provided therewith, have made reasonable efforts to research each such claim in the Debtors' books and records, and find no basis for the amount and priority status asserted in the Overstated and Misclassified Claims. For this reason as well as any supplemental explanation shown in the "Reason for Reduction and Reclassification" column on

Exhibit 4, the Debtors have determined that the Overstated and Misclassified Claims should be reduced and reclassified as shown on Exhibit 4. Accordingly, the Debtors request that the Overstated and Misclassified Claims identified on Exhibit 4 be reduced and reclassified as shown on Exhibit 4.

### Responses to the Objection

17. To contest the Debtors' objection to any Claim in Exhibits 1 through 4 attached to the Proposed Order that are proposed to be disallowed, reduced, and/or reclassified, a claimant must follow the instructions set forth in the Notice accompanying this Objection.

### Replies to Responses

18. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a claimant's Response no later than 4:00 p.m. (prevailing Eastern Time), one day prior to the deadline for filing the agenda for any hearing scheduled to consider the Objection.

### Separate Contested Matters

19. If the Debtors' objection to any claim asserted herein is not resolved, each such objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Bankruptcy Rules. Any order entered by the Bankruptcy Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim subject thereto. The Debtors request that the Bankruptcy Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in a contested matter by Bankruptcy Rules 7054 and 9014, direct entry of a final judgment with respect to those claims objections as to which relief is entered by any Order on the Objection.

### Reservation of Rights

20.     The Debtors hereby reserve the right to (i) file subsequent objections to any Claims listed in Exhibits 1 through 4 attached to the Proposed Order on any ground; (ii) amend, modify, and/or supplement this Objection, including, without limitation, the filing of objections to further amended or newly filed claims; (iii) seek disallowance, reclassification, or reduction of any Claim to the extent all or a portion of such Claim has been paid; and (iv) settle any Claim for less than the asserted amount. Separate notice and a hearing will be provided in respect of any such additional objections.

### Notice

21.     Notice of this Motion has been provided by first-class mail to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' postpetition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002; and (h) the claimants identified in Exhibits 1 through 4 to the Objection. The Debtors submit that no other or further notice need be provided.

### Compliance with Local Rule 3007-1

22.     To the best of the Debtors' knowledge and belief, this Objection and related Exhibits 1 through 4 attached to the Proposed Order, comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule

3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

### No Previous Request

23.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the Objection and disallowing, reducing, and/or reclassifying the claims as indicated in Exhibits 1 through 4 attached to the Proposed Order, and granting such other and further relief as this Court deems just and proper.

Dated: July 12, 2016

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (DE Bar No. 2436)
Michael R. Seidl (DE Bar No. 3889)
John A. Morris (NY Bar No. 4662)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:    ljones@pszjlaw.com
          mseidl@pszjlaw.com
          jmorris@pszjlaw.com

Co-Counsel for the Post-Confirmation Debtors