**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| QUICKSILVER, INC., *et al.*, | Case No. 15-11880 (BLS) |
| Reorganized Debtors.[1] | Jointly Administered |
| | Hearing: August 11, 2016 at 10:00 a.m. |
| | Ref Docket No. 1034 |

**DISPLAY IT, INC.'S OBJECTION TO THE REORGANIZED**
**DEBTOR'S SIXTH OMNIBUS CLAIM OBJECTION RE CLAIM NO. 841**

Claimant DisplayIt, Inc. ("DisplayIt"), by and through its undersigned counsel, respectfully submits this objection to the *Reorganized Debtors' Sixth Omnibus Objection, Pursuant to Sections 105 and 50s of the Bankruptcy Code* [D.I. 1034] (the "Claim Objection") filed by Quiksilver, Inc., and certain of its affiliated entities, the reorganized debtors in the above-captioned chapter 11 bankruptcy case ("Quiksilver"), as follows:

**INTRODUCTION**

DisplayIt designed and built custom retail displays and fixtures for Quiksilver's various retail locations. At the time of Quiksilver's bankruptcy filing, Quiksilver owed DisplayIt $1,098,672.83 consisting of (i) a claim for $559,408.67 for display units that were completed and shipped to Quiksilver's designated locations, and (ii) a claim for $539,264.16 for display units that were in the middle of production and had not yet been either completed or shipped to Quiksilver. Of the $559,408.67 in total claims related to shipped units, $420,839.39 of that

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

{ }
BN 21381485v1

1

amount related to units shipped and received by Quiksilver within 20 days of its September 9, 2015 petition date (the "Petition Date").

DisplayIt timely filed Claim No. 841 asserting an administrative expense claim under Section 503(b)(9) of the Bankruptcy Code[2] in the amount of $420,839.39 and a general unsecured claim in the amount of $677,833.44 (the "DisplayIt Claim").  In response, Quiksilver filed its Claim Objection contending that the DisplayIt Claim is an overstated claim and sought to reduce such claim to an administrative expense claim of $7,942,46 and a general unsecured claim of $664,391.41.  The Claim Objection simply stated that Quiksilver's books and records indicate that the amounts owed are less than the amount claimed.

The DisplayIt Claim included an accounting report that provided prima facie evidence of the validity of amounts claimed, and 192 pages of supporting invoices.  Yet, Quiksilver provided not one shred of evidence to support their allegations that the DisplayIt Claim should be reduced.  No documentary evidence was submitted in connection with the Claim Objection.  And the only declaration submitted in support of the Claim Objection stated in a conclusory manner that the DisplayIt Claim should be reduced because it is overstated based on a "review" of Quiksilver's books and records.  Quiksilver has failed to controvert the DisplayIt Claim, and therefore, DisplayIt respectfully requests that the Court enter an order overruling the Claim Objection and allowing the DisplayIt Claim in full.  Alternatively, DisplayIt requests that the Court set a continued hearing and allow sufficient time for the parties to conduct discovery.

### STATEMENT OF FACTS

DisplayIt designs and manufactures for its clients custom-made structural branding solutions, including retail storefronts, displays, fixtures, furniture, wall sections, cash wraps, tables, gondolas, point of purchase displays, branding aesthetics, signs, cabinets, merchandise

---

[2]  All statutory references are to title 11 of the United States Code (the "Bankruptcy Code") unless otherwise noted.

hardware, interactive audio-visual displays, company branding & logo design. Quiksilver was one of DisplayIt's retail clients. Declaration of Bill Jackson, ¶5, concurrently filed herewith (herein, "Jackson Decl.").

Periodically, Quiksilver would order a custom-designed retail display from DisplayIt for one of Quiksilver's retail locations. Upon receipt of an order from Quiksilver for a new display for a particular location, DisplayIt would begin designing and fabricating the display unit. Prior to the completion of the display unit, DisplayIt would send an invoice to Quicksilver, specifically QS Retail, Inc. Upon completion of the display unit, Quiksilver would arrange for the unit to be transported via a bulk item shipping carrier to the location selected by Quiksilver. Jackson Decl. ¶6.

At the time of Quiksilver's Petition Date, Quiksilver owed DisplayIt the total amount of $1,098,672.83 consisting of (i) a claim for $559,408.67 for display units that were completed and shipped to Quiksilver's designated locations, and (ii) a claim for $539,264.16 for display units that were in the middle of production and had not yet been either completed or shipped to Quiksilver. Of the $559,408.67 in total claims related to shipped units, $420,839.39 of that amount related to units shipped and received by Quiksilver within 20 days of its Petition Date. Jackson Decl. ¶8; *id* Ex. 1; *see also* Proof of Claim No. 841-1.

DisplayIt has submitted copious evidence to substantiate the DisplayIt Claim. In addition to the account report and 192 pages of invoices submitted with the DisplayIt Claim, DisplayIt has submitted with this objection an accounting report substantially similar to the report attached to the DisplayIt Claim. Jackson Decl., Ex. 1. DisplayIt has submitted a schedule of delivery dates for each of Quiksilver's respective locations prepared by DisplayIt's Vice President of Finance. Jackson Decl., Ex. 2. Furthermore, DisplayIt has submitted copies of shipping

documents and a summary report of such documents further substantiating $205,828.84 of the $420,839.39 of the section 503(b)(9) administrative claim. Jackson Decl., Exs. 3 & 4. Finally, DisplayIt submits a letter from Quiksilver's former Vice President of Retail Design and Construction stating that DisplayIt had delivered store fixtures to various Quiksilver retail locations during the 20-day period prior to the Petition Date. Jackson Decl., Ex. 5.

## ARGUMENT

Quiksilver has failed to rebut the prima facie validity of the DisplayIt Claim. DisplayIt timely filed its proof of claim in compliance with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's claims bar date order (D.I. 247). Federal Rule of Bankruptcy Procedure 3001(f) states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." "With the claimant's initial burden met, the burden to go forward shifts to the objector to negate the prima facie validity of the filed claim. An objector can meet this burden of production by producing evidence equal in force to the prima facie case which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re F-Squared Inv. Mgmt., LLC, 546 B.R. 538, 544 (Bankr. D. Del. 2016) (citations, quotations, and alterations omitted). "The objector must produce actual evidence; mere allegations, unsupported by evidence, are insufficient to rebut the movant's prima facie case. If an objector fails to meet its burden of production, its objection should be dismissed." Id. (citations, quotations, and alterations omitted).

Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting King, 3 Collier on Bankruptcy §

502.02, at 502-22 (15th ed. 1991)); *see also Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); *In re Hemingway Transp.*, 993 F.2d 915, (1st Cir. 1993) (an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence); *In re Fullmer*, 962 F.2d 1463, (10th Cir. 1992) (prepetition claims are presumed to be prima facie valid and the presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal).

The DisplayIt Claim had included a comprehensive accounting report and over 190 invoices setting forth the prima facie validity of the DisplayIt Claim. Quiksilver responded with nothing more than a self-serving, conclusory objection stating that the DisplayIt Claim was overstated and should be reduced. Quiksilver provided no documentary evidence whatsoever to support such a reduction. And the sole declaration relied upon by Quiksilver contained nothing more than a conclusory statement that:

> The Debtors have reviewed each respective Overstated Claim and all supporting information and documentation provided therewith, have made reasonable efforts to research each such claim in the Books and Records, and for this reason as well as any supplemental explanation shown in the "Reason for Reduction" column on Exhibit 2, have determined that the Overstated Claims should be reduced as shown on Exhibit 2.

Claim Objection Decl., D.I. 1034-3, at p. 3 of 4. And the "Reason for Reduction" in Exhibit 2 simply stated "Company books and records indicate 503(b)(9) and General Unsecured Amounts are less than the amount claimed. The amounts indicated in the "Proposed Amount and Priority" are consistent with the Company's books and records." Claim Objection Exh. 2, D.I. 1034-2 at p. 8 of 12. This evidentiary showing is not sufficient to overcome the validity of the DisplayIt Claim.

## **CONCLUSION**

Quiksilver has not provided sufficient evidence to controvert the prima facie validity of the DisplayIt Claim. The Claim Objection should be overruled, and the DisplayIt Claim should be allowed in its entirety. If the Court is not willing to overrule the Claim Objection, DisplayIt respectfully requests that the Court permit the parties to conduct discovery and to set this matter for a continued hearing in 90 to 120 days.

Dated:  August 3, 2016

Respectfully submitted,

BAIRD MANDALAS BROCKSTEDT, LLC

*/s/ Stephen W. Spence*
Stephen W. Spence, Esquire (#2033)
Stephen A. Spence, Esquire (#5392)
1413 Savannah Road, Suite 1
Lewes, Delaware 19958
sws@bmbde.com
sas@bmbde.com
Telephone:  (302) 645-2262
Facsimile:   (302) 644-0306

and

BUCHALTER NEMER, P.C.
Anthony J. Napolitano (Cal. Bar No. 227691)
1000 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017-2457
Telephone:  (213) 891-0700
Facsimile:   (213) 896-0400

Attorneys for DisplayIt, Inc.