IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUIKSILVER, INC., *et al.*, | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Reorganized Debtors.[1] | ) | Jointly Administered |
| | ) | Re: Docket No. 1034 |

## ORDER GRANTING REORGANIZED DEBTORS' SIXTH OMNIBUS OBJECTION, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1, TO (I) NO LIABILITY CLAIMS, (II) OVERSTATED CLAIMS, (III) MISCLASSIFIED CLAIMS, AND (IV) OVERSTATED AND MISCLASSIFIED CLAIMS (SUBSTANTIVE)

Upon the *Reorganized Debtors' Sixth Omnibus Objection, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to (I) No Liability Claims, (II) Overstated Claims, (III) Misclassified Claims, and (IV) Overstated and Misclassified Claims (Substantive)* (the "Objection"), seeking entry of an order disallowing, reducing, and/or reclassifying certain claims, as listed in Exhibits 1 through 4 attached hereto; and the Court having subject matter jurisdiction to consider the Objection and to issue the relief requested therein in accordance with 28 U.S.C. § 1334; and the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and due and proper notice of the Objection having been provided; and upon *DisplayIt, Inc.'s Objection to the Reorganized Debtor's Sixth Omnibus Objection Re Claim No. 841* (the "Response") [Docket No. 1043]; and it appearing that no other or further notice need be provided; and the Court

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

having determined that the relief sought in the Objection is in the best interests of the Debtors,[2] their estates, and creditors, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Objection is granted, as may be modified herein; and it is further

ORDERED that each of the No Liability Claims listed in Exhibit 1 hereby is disallowed and expunged in its entirety; and it is further

ORDERED that hearing upon the Objection and the Response as they pertain to claim number 841 of DisplayIt, Inc., listed in Exhibit 2 hereto is continued to a date and time to be determined by agreement of the parties or further instruction or order of the Court; and it is further

ORDERED that each of the Misclassified Claims listed in Exhibit 3 hereby is reclassified as to priority in the manner indicated in the column captioned "Modified Priority;" and it is further

ORDERED that the Overstated and Misclassified Claims listed in Exhibit 4 hereby is reduced and fixed as shown in the column captioned "Modified Amount" and reclassified as to priority in the manner indicated in the column captioned "Modified Priority;" and it is further

ORDERED that the rights of the Debtors to (i) file subsequent objections to any claims listed in Exhibits 1 through 4 attached hereto on any ground; (ii) amend, modify, or supplement the Objection, including, without limitation, the filing of objections to further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

amended or newly filed claims; (iii) seek disallowance, reclassification, or reduction of any claim to the extent all or a portion of such c;aim has been paid; and (iv) settle any claim for less than the asserted amount are preserved.  Additionally, should the grounds of objection stated in the Objection be denied, the rights of the Debtors to object on any other grounds are preserved; and it is further

ORDERED that this Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order; and it is further

ORDERED that each claim and the objections by the Debtors to such claim, as addressed in the Objection and set forth in Exhibits 1 through 4 hereto, constitute a separate contested matter as contemplated by Rule 9014 of the Bankruptcy Rules and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each claim that is subject to the Objection.  Any stay of this Order pending appeal by any claimant whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters addressed in the Objection and this Order; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in a contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to those

claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters.

Dated: August 9, 2016
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Court Judge