IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOARDRIDERS, INC., f/k/a QUIKSILVER, INC., *et al.*[1] | ) ) ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Hearing Date: August 1, 2017, at 9:30 a.m. prevailing Eastern time
Objection Deadline: July 25, 2017, at 4:00 p.m. prevailing Eastern time

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME PERIOD TO FILE AND SERVE OBJECTIONS TO CLAIMS

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and before the Effective Date of the Plan (as defined below), the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion") for entry of an order, substantially in the form appended hereto, (a) extending the Claims Objection Deadline (as defined in the Plan) by a further 60 days, through and including September 8, 2017, without prejudice to the rights of the Reorganized Debtors to request further extension of the Claims Objection Deadline to the extent provided by the Plan, and (b) granting related relief. In support of the Motion, the Reorganized Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Boardriders, Inc., f/k/a Quiksilver, Inc. (9426), QS Wholesale, LLC (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedures, and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Relief Requested**

4. By this Motion, the Reorganized Debtors respectfully request entry of an order, (a) extending the Claims Objection Deadline by a further 60 days, through and including September 8, 2017, without prejudice to the rights of the Reorganized Debtors to request further extension of the Claims Objection Deadline to the extent provided by the Plan, and (b) granting related relief.[2]

**General Background**

5. On September 9, 2015 (the "Petition Date"), the Debtors each commenced a voluntary case (together, the "Chapter 11 Cases") by filing a petition for relief under the Bankruptcy Code in the Bankruptcy Court.

---

[2] The Reorganized Debtors note that they have filed this Motion prior to the expiration of the current Claims Objection Deadline. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, Local Rule 9006-2 automatically extends the Claims Objection Deadline pending the Court's hearing to consider the relief requested by this Motion.

6. The Debtors continued to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1109 of the Bankruptcy Code.

7. On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an Amended Notice of Appointment of Creditors' Committee. No trustee or examiner has been appointed in the Chapter 11 Cases.

8. The Debtors are one of the world's leading outdoor sports lifestyle companies. The Debtors design, develop, and distribute branded apparel, footwear, accessories, and related products. The Debtors began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Debtors' business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The Debtors' products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Debtor-owned retail stores, and their e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, Boardriders, Inc., f/k/a Quiksilver, Inc., as well as QS Wholesale, LLC, QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

9. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading

3

to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 20].

10. On October 6, 2015, the Bankruptcy Court entered an order (the "Bar Date Order") [Docket No. 247] fixing the deadline to file proofs of claim in the Chapter 11 Cases. Pursuant to the Bar Date Order, November 18, 2015, was the general deadline for filing claims arising before the Petition Date except as set forth in the Bar Date Order.

11. On January 29, 2016, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Plan of Reorganization of the Debtors* (the "Confirmation Order") [Docket No. 740], confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (as appended to the Confirmation Order, and including all supplements and amendments, the "Plan"). The Plan became effective on February 11, 2016 (the "Effective Date") [Docket No. 789].

12. Pursuant to the Plan, the initial Claims Objection Deadline is generally "the first Business Day that is at least one (1) year after the Effective Date," Plan § 1.24, or February 13, 2017.[3] The Reorganized Debtors previously requested and were granted (a) a 90-day extension of the Claims Objection Deadline to May 12, 2017, by order entered March 3, 2017 [Docket No. 1096], which relief was granted without prejudice to the rights of the Reorganized Debtors to request further extension of the Claims Objection Deadline, and (b) a 60-day extension of the Claims Objection Deadline to July 11, 2017, by order entered June 1,

---

[3] In addition, the Plan and Confirmation Order set the deadlines for filing administrative claims and claims arising from rejection of executory contracts and unexpired leases (30 days after the Effective Date) and for certain proofs of claim filed after the deadline fixed by the Bar Date Order.

2017 [Docket No. 1121], which relief was granted without prejudice to the rights of the Reorganized Debtors to request further extension of the Claims Objection Deadline.

14. 13. As of the date hereof, more than 800 proofs of claim have been filed in the Chapter 11 Cases. The Debtors, together with their claims and administrative agent Kurtzman Carson Consultants LLC, their financial and restructuring advisors FTI Consulting, Inc., and their counsel, have completed a claims reconciliation process that includes identifying particular categories of claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. In connection therewith, the Reorganized Debtors have filed six omnibus objections to claims and several individual objections, all of which have now been resolved except with respect to one remaining-objected to claim.

14. In addition, the Reorganized Debtors have been negotiating resolutions to certain other disputed claims. The Reorganized Debtors expect those remaining disputed claims to result in consensual resolutions, without need for further formal claims objections. However, not all of the agreements with respect to those remaining disputed claims have, as the date of this Motion, been fully documented.

15. Consequently, a few claims remain that, in the event that consensual resolution and documentation of same fails, could conceivably require further formal objection. Thus, in an abundance of caution, the Reorganized Debtors request more time to complete and document any resolution, and, where necessary, interpose formal objections to claims not otherwise amenable to other resolution.

**Basis for Relief**

16. The Plan expressly provides that the Bankruptcy Court may extend the Claims Objection Deadline "upon request of the Reorganized Debtors without further notice to

5

parties-in-interest." *See* Plan §§ 1.24 & 8.3. In addition, Bankruptcy Rule 9006(b) provides that the Court may extend time periods, such as the Claims Objection Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(l). Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

17. The Reorganized Debtors and their professionals have analyzed and, in many cases, resolved or satisfied the proofs of claim filed against the Debtors during these Chapter 11 Cases. However, the Reorganized Debtors wish to pursue claims objections only in a cost-efficient manner, which requires further efforts at informal resolution to minimize the administrative expenses associated with pursuing formal objections. Consequently, the Reorganized Debtors request sufficient additional time to engage in a process of further review, reconciliation, and settlement discussions to minimize the number of claims that will be the subject of any further filed objections. The Reorganized Debtors believe that the benefit to the post-confirmation estate from such a process far outweighs the associated delay and cost in doing so.

18. The Reorganized Debtors submit that this request to extend the Claims Objection Deadline is reasonable and practical in light of the present posture of the Chapter 11 Cases. The requested extension of time will provide the Reorganized Debtors and their advisors the opportunity to conduct a more fulsome claims analysis, object to those claims that are

6

factually and legally unsupportable where and as necessary, and negotiate the resolution of certain outstanding claims thereby avoiding the necessity of filing further objections in order to preserve the Reorganized Debtors' rights. As such, an extension serves to conserve judicial resources and minimize the burden on the Bankruptcy Court that would accompany unnecessary claims litigation, minimize the related expenses that would otherwise be incurred by the post-confirmation estate with respect to those claims that may be consensually resolved, and preserve assets of the post-confirmation estate by ensuring that claims that should be subject to objection are objected to so as not to result in unwarranted distributions on such claims. Accordingly, the Reorganized Debtors respectfully submit that the relief sought is in the best interest of the Debtors, their estates, and their creditors.

## No Prior Request

19. No prior motion for the relief requested herein has been made to this or any other Court, although, as noted above, the Reorganized Debtors previously requested and were granted a two extensions of the Claims Objection Deadline.

## Notice

20. Notice of this Motion has been provided by first-class mail to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' post-petition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior unsecured notes; (f) counsel to the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

**Conclusion**

WHEREFORE, the Reorganized Debtors respectfully request that this court enter the attached Order granting the Motion and extending the Claims Objection Deadline through and including September 8, 2017, without prejudice to the rights of the Reorganized Debtors to request further extension of the Claims Objection Deadline to the extent provided by the Plan.

Dated:  July 10, 2017                            PACHULSKI STANG ZIEHL & JONES LLP


                                         */s/ Michael R. Seidl*
                                         Laura Davis Jones (DE Bar No. 2436)
                                         Michael R. Seidl (DE Bar No. 3889)
                                         John A. Morris (NY Bar No. 4662)
                                         919 North Market Street, 17th Floor
                                         Wilmington, DE  19801
                                         Telephone:  (302) 652-4100
                                         Facsimile:   (302) 652-4400
                                         Email:    ljones@pszjlaw.com
                                                      mseidl@pszjlaw.com
                                                      jmorris@pszjlaw.com

                                         Co-Counsel for the Post-Confirmation Debtors