# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOARDRIDERS, INC., f/k/a QUIKSILVER, INC., *et al.*[1] | ) | Case No. 15-11880 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Hearing Date:  September 28, 2017, at 9:30 a.m. prevailing Eastern time**
**Objection Deadline:  September 21, 2017, at 4:00 p.m. prevailing Eastern time**

## REORGANIZED DEBTORS' MOTION FOR
## ENTRY OF AN ORDER AND FINAL DECREE CLOSING CHAPTER 11 CASES

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date of the Plan (as defined below), the "Debtors") hereby move this Court for the entry of a final decree closing each of the Debtors' chapter 11 cases (the "Chapter 11 Cases") pursuant to section 350 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of this motion (the "Motion"), the Reorganized Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Boardriders, Inc., f/k/a Quiksilver, Inc. (9426), QS Wholesale, LLC (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and  Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.      Venue of this matter in this district is proper pursuant to 28 U.S.C. § 1409.

3.      The statutory bases for the relief requested herein are sections 105 and 350(a) of the Bankruptcy Code, Rule 3022 of the Bankruptcy Rules, and Rule 3022-1 of the Local Rules.

**General Background**

4.      On September 9, 2015 (the "Petition Date"), the Debtors each commenced a voluntary case (together, the "Chapter 11 Cases") by filing a petition for relief under the Bankruptcy Code in the Bankruptcy Court.

5.      The Debtors continued to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1109 of the Bankruptcy Code.

6.      On September 22, 2015, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On September 28, 2015, the United States Trustee filed an

Amended Notice of Appointment of Creditors' Committee.  No trustee or examiner has been appointed in the Chapter 11 Cases.

7.       The Debtors are one of the world's leading outdoor sports lifestyle companies. The Debtors design, develop, and distribute branded apparel, footwear, accessories, and related products.  The Debtors began operations in 1976 making boardshorts for surfers in the United States under a license agreement with the *Quiksilver* brand founders in Australia. Today, the Debtors' business is rooted in the strong heritage and authenticity of its core brands, *Quiksilver*, *Roxy*, and *DC*, each of which caters to the casual, outdoor lifestyle associated with surfing, skateboarding, snowboarding, BMX, and motocross, among other activities. The Debtors' products are sold in over 115 countries through a wide range of distribution points, including wholesale accounts (surf shops, skate shops, snow shops, sporting goods stores, discount centers, specialty stores, select department stores, and licensed stores), Debtor-owned retail stores, and their e-commerce websites. The Debtors comprise each of the Company's U.S. entities, including parent, Boardriders, Inc., f/k/a Quiksilver, Inc., as well as QS Wholesale, LLC, QS Retail, Inc., DC Shoes, Inc., and seven inactive entities.

8.       Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew Bruenjes, Americas Chief Financial Officer of Quiksilver, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 20].

9.       On January 29, 2016, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Plan of Reorganization of the Debtors* (the "Confirmation Order")

[Docket No. 740], confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Quiksilver, Inc. and its Affiliated Debtors and Debtors in Possession* (as appended to the Confirmation Order, and including all supplements and amendments, the "Plan").  The Plan became effective on February 11, 2016 (the "Effective Date") [Docket No. 789].

10.     More than 800 proofs of claim were filed in the Chapter 11 Cases.  The Debtors, together with their claims and administrative agent Kurtzman Carson Consultants LLC ("KCC"), their financial and restructuring advisors FTI Consulting, Inc., and their counsel, have completed a claims reconciliation process that included identifying particular categories of claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance.  In connection therewith, the Reorganized Debtors filed six omnibus objections to claims and several individual objections, all of which have now been resolved.

11.     In addition, the Reorganized Debtors have been negotiating resolutions to certain other disputed claims, all of which have been fully documented or, in a limited number of cases, are expected to be documented before hearing upon this Motion.

12.     Following the Effective Date, the Reorganized Debtors disposed of substantially all open issues in the Chapter 11 Cases, and distributions to creditors in all classes entitled to recoveries under the Plan have been made in accordance with the terms of the Plan or, as described more fully below, will be made in the ordinary course under the terms of the Plan.  In particular, on or about October 21, 2016, the Reorganized Debtors effectuated a distribution to holders of claims in Class 5-B under the Plan of approximately 5.69% and to Class 5-A under the Plan of approximately 4.25%.  Certain amounts were reserved to address claims still under dispute,

which claims were subsequently resolved.  Prior to hearing upon this Motion, the Reorganized

Debtors will effectuate their distribution on account of reserved claims and their final distribution,

which they expect to be approximately 0.18%.

13.     All pending motions, all objections to claims, and all adversary proceedings

have been resolved.

14.     The Reorganized Debtors have filed reports and paid quarterly fees through

and including the second quarter of 2017.  The Reorganized Debtors will pay estimated quarterly

fees for the third quarter of 2017 prior to the hearing upon this Motion.  The Reorganized Debtors

will submit to the U.S. Trustee a (final) quarterly report for the third quarter of 2015 promptly

upon completion of such report and pay further quarterly fees (if any) due to the U.S. Trustee.

15.     In accordance with Rule 3022-1(c) of the Local Rules, the Debtors' final

report will be filed not later than September 14, 2017.

## Relief Requested

16.     The Reorganized Debtors seek entry of an order and final decree closing the

Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code, Rule 3022 of the Bankruptcy

Rules, and Rule 3022-1(a) of the Local Rules.  The Reorganized Debtors further request that such

case-closing order be without prejudice to or otherwise affect the provisions of the Plan and the

Confirmation Order that will survive the closing of the Chapter 11 Cases and authorize and direct

all actions by the Debtors, their employees, professionals, and representatives necessary or

appropriate in connection with the closing.

17.     In addition to the foregoing, the Debtors also request that the order and final

decree provide for the termination of the claims agent and noticing services performed by KCC

pursuant to the *Order Granting Debtors' Application for Entry of Order Pursuant to Section 156(c) of Title 28 of the United States Code, Bankruptcy Code Section 105(a), Bankruptcy Rule 2002, and Local Bankruptcy Rule 2002-1(f) Authorizing Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* (the "<u>KCC Order</u>")  [Docket No. 69] and the underlying services agreement.  Upon termination, and except as otherwise provided in the order, KCC shall have no further obligations (arising out of the services agreement, the KCC Order, or otherwise) to the Court, the Debtors, or any party in interest with respect to the official claims agent and noticing services in the cases.  In accordance with Local Rule 2002-1(f)(ix), within thirty days of the entry of such an order, KCC shall forward to the Clerk of the Court, in the prescribed form and format those materials required by that Rule.

## <u>Basis for Relief</u>

18.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case."  11 U.S.C. § 350(a).  Rule 3022 of the Bankruptcy Rules similarly provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed.R.Bankr.P. 3022.  In this District, section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 are effectuated by Local Rule 3022-1(a), which states that:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid.  Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption the case name and the case number of each case to be closed under the order.

Del.Bankr.L.R. 3022-1(a).

19.     The above-noted provisions evidence a long-standing policy in favor of terminating bankruptcy court supervision over a debtor after its plan has been confirmed.  *See North Amer. Car Corp. v. Peerless Weighing & Vending Machine Corp.*, 143 F.2d 938, 940 (2d Cir. 1944).  The Advisory Committee note to Bankruptcy Rule 3022 sets forth six factors a court should consider in determining whether a case is fully administered:

    a.   Whether the order confirming the plan has become final;

    b.   Whether deposits required by the plan have been distributed;

    c.   Whether the property proposed by the plan to be transferred has been transferred;

    d.   Whether the debtor has assumed the business or the management of the property dealt with by the plan;

    e.   Whether payments under the plan have commenced; and

    f.   Whether all motions, contested matters and adversary proceedings have finally been resolved.

20.     Not all of these factors need to exist before the court may enter a final decree.  *See, e.g., In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).  Moreover, the factors listed in the Advisory Committee note are not exclusive.  *See, e.g., In re Jordan Mfg. Co.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992).  Rather, courts use these factors "as a guide in assisting the . . . decision to close the case."  *Mold Makers*, 124 B.R. at 768.  "The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future."  *In re Ground Systems, Inc.*, 213 Bankr. 1016, 1019 (B.A.P. 9th Cir. 1997).

21.     Thus, in the context of the Chapter 11 Cases, the factors articulated in the Advisory Committee note have been satisfied, because: (a) the Confirmation Order has become

final; (b) substantially all deposits, distributions, and transfers of property contemplated by the Plan have been completed; (c) all property proposed to be disposed of under the Plan has been transferred; (d) payments under the Plan have not only commenced but have been substantially completed, and will be entirely completed prior to hearing upon this Motion; and (e) all motions and contested matters have been finally resolved.  The Reorganized Debtors' remaining tasks in the Chapter 11 Cases are limited to the submission of their final quarterly report and payment of quarterly fees and certain other miscellaneous activities.

22.     Thus, the Reorganized Debtors submit that the Chapter 11 Cases are now fully administered as contemplated by the Plan, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and that the Chapter 11 Cases should now be closed.

23.     The Bankruptcy Court would still possess and retain jurisdiction and authority to reopen the Debtors' cases for further administration pursuant to section 350(b) of the Bankruptcy Code in the event that the need to do so would arise.  The relief sought herein will not prejudice any other party in interest.

24.     Accordingly, it is appropriate for the Bankruptcy Court to enter a final decree closing the Chapter 11 Cases.

### Notice

25.     Notice of this Motion has been provided by first-class mail to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' post-petition secured loan facilities; (c) counsel to the agent for the Debtors' prepetition revolving loan facility; (d) counsel to the indenture trustee for the Debtors' prepetition senior secured notes; (e) counsel to the indenture trustee for the Debtors' prepetition senior

unsecured notes; (f) counsel to the Creditors' Committee; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

### No Prior Request

26.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Reorganized Debtors respectfully request entry of a final decree closing each of the Chapter 11 Cases pursuant to section 350 of Bankruptcy Code and Rule 3022 of the Bankruptcy Rules and granting such other and further relief as this Court deems just and proper.

Dated:  September 7, 2017                PACHULSKI STANG ZIEHL & JONES LLP


                                         _/s/ Michael R. Seidl_____
                                         Laura Davis Jones (DE Bar No. 2436)
                                         Michael R. Seidl (DE Bar No. 3889)
                                         John A. Morris (NY Bar No. 4662)
                                         919 North Market Street, 17th Floor
                                         Wilmington, DE  19801
                                         Telephone:  (302) 652-4100
                                         Facsimile:   (302) 652-4400
                                         Email:    ljones@pszjlaw.com
                                                    mseidl@pszjlaw.com
                                                    jmorris@pszjlaw.com

                                         Co-Counsel for the Post-Confirmation Debtors