# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOARDRIDERS, INC., f/k/a QUIKSILVER, INC., *et al.*[1] | ) ) ) | Case No. 15-11880 (BLS) Jointly Administered |
| Debtors. | ) ) | **Ref. Docket No.** _____ |
| In re: | ) | Chapter 11 |
| | ) | |
| QS WHOLESALE, LLC, | ) ) | Case No. 15-11881 (BLS) |
| Debtors. | ) ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DC SHOES, INC., | ) ) | Case No. 15-11883 (BLS) |
| Debtors. | ) ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAWK DESIGNS, INC., | ) ) | Case No. 15-11885 (BLS) |
| Debtors. | ) ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Q.S. OPTICS, INC., | ) ) | Case No. 15-11887 (BLS) |
| Debtors. | ) ) | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Boardriders, Inc., f/k/a Quiksilver, Inc. (9426), QS Wholesale, LLC (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), and Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

1

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| QS RETAIL, INC., ) | Case No. 15-11888 (BLS) |
| ) | |
| Debtors. ) | |
| ) | |

## ORDER GRANTING REORGANIZED DEBTORS' MOTION
## FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING CHAPTER 11 CASES

The above-captioned post-confirmation debtors (the "Reorganized Debtors") having filed a motion (the "Motion")[2] seeking the entry of a final decree closing their Chapter 11 Cases pursuant to section 350 of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules; and the Court having previously entered an order closing the cases of (a) DC Direct, Inc., (b) Fidra, Inc., (c) Mt. Waimea, Inc., (d) Quiksilver Entertainment, Inc., and (e) Quiksilver Wetsuits, Inc. [Docket No. 815]; and it appearing that the Chapter 11 Cases have been fully administered as required by section 350(a) of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules, making no further administration necessary; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that each of the Chapter 11 Cases are closed, effective as of the entry of this order, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, and, specifically the following cases are closed effective as of entry of this order:

| **Debtor Name** | **Chapter 11 Case Number** |
|---|---|
| Boardriders, Inc., f/k/a Quiksilver, Inc. | 15-11880(BLS) |
| QS Wholesale, Inc. | 15-11881(BLS) |
| DC Shoes, Inc. | 15-11883(BLS) |
| Hawk Designs, Inc. | 15-11885(BLS) |
| Q.S. Optics, Inc. | 15-11887(BLS) |
| QS Retail, Inc. | 15-11888(BLS) |

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

; and it is further

ORDERED that this order is without prejudice to and does not otherwise affect the continuing effect of the Plan and applicable provisions of the Confirmation Order that will survive the closing of the Debtors' cases; and it is further

ORDERED that the Reorganized Debtors, and their employees, professionals, and representatives are authorized and directed to take any and all actions necessary or appropriate in connection with the closing authorized by this order; and it is further

ORDERED that, effective as of the entry of this order, the claims agent and noticing services performed by Kurtzman Carson Consultants LLC ("KCC"), pursuant to the *Order Granting Debtors' Application for Entry of Order Pursuant to Section 156(c) of Title 28 of the United States Code, Bankruptcy Code Section 105(a), Bankruptcy Rule 2002, and Local Bankruptcy Rule 2002-1(f) Authorizing Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* (the "KCC Order") [Docket No. 69] and the underlying services agreement are terminated. Except as otherwise provided in this Order, KCC shall have no further obligations (arising out of the services agreement, the KCC Order, or otherwise) to the Court, the Debtors, or any party in interest with respect to the official claims agent and noticing services in the cases. In accordance with Local Rule 2002-1(f)(ix), within thirty days of the entry of this order, KCC shall forward to the Clerk of the Court, in the prescribed form and format those documents required by that Rule; and it is further

ORDERED that the Court shall retain jurisdiction pursuant to Bankruptcy Code section 350(b) to reopen the case to administer assets, to accord relief to the Debtors, or for other

cause, and to the extent necessary to enforce the provisions of the Plan, the Confirmation Order, and this order; and it is further

ORDERED that the Clerk of the United States Bankruptcy Court for the District of Delaware shall forthwith enter a final decree closing the cases of the Debtors.

Dated: _____, 2017
Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge